William N. Lobel (CA Bar No. 93202)
PACHULSKI STANG ZIEHL & JONES LLP
650 Town Center Drive, Suite 1500
Costa Mesa, CA 92626
Telephone: (714) 384-4740
Facsimile: (714) 384-4741
E-mail: wlobel@pszjlaw.com

[Proposed] Attorneys for Ruby's Diners, Inc., a California corporation, *et al.,* Debtors and Debtors-in-Possession

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

| | |
|---|---|
| In re:<br><br>RUBY'S DINERS, INC., a California corporation, *et al.,*[1]<br><br>    Debtors and Debtors-in-Possession,<br><br>Affects:<br><br>☒ All Debtors<br><br>☐ RUBY'S DINERS, INC., ONLY<br><br>☐ RUBY'S SOCAL DINERS, LLC, ONLY<br><br>☐ RUBY'S QUALITY DINERS, LLC, ONLY<br><br>☐ RUBY'S HUNTINGTON BEACH, LTD., ONLY<br><br>☐ RUBY'S LAGUNA HILLS, LTD. ONLY<br><br>☐ RUBY'S OCEANSIDE, LTD., ONLY<br><br>☐ RUBY'S PALM SPRINGS, LTD., ONLY | Case No. 8:18-bk-13311-CB<br><br>Chapter 11<br><br>(Jointly Administered With Case Nos. 8:18-bk-13197-CB; 8:18-bk-13198-CB; 8:18-bk-13199-CB; 8:18-bk-13200-CB; 8:18-bk-13201-CB; 8:18-bk-13202-CB)<br><br>**NOTICE OF EMERGENCY MOTION AND EMERGENCY MOTION OF DEBTOR FOR ORDER LIMITING SCOPE OF NOTICE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[Declaration of Douglas S. Cavanaugh in Support of First Day Motions filed concurrently herewith]<br><br>Date: September 6, 2018<br>Time: 2:00 p.m.<br>Courtroom: 5A<br>Address: 411 West Fourth Street<br>           Santa Ana, CA 92701 |

---

[1] The last four digits of the Debtors' federal tax identification numbers are as follows: Ruby's Diners, Inc. (8143); Ruby's SoCal Diners, LLC (9782); Ruby's Quality Diners, LLC 1539); Ruby's Huntington Beach, Ltd. (1331); Ruby's Laguna Hills, Ltd. (6603); Ruby's Oceanside, Ltd. (9104); and Ruby Palm Springs, Ltd. (9627).

DOCS_LA:314049.6 76135/001

# TABLE OF CONTENTS

I.   STATEMENT OF FACTS ................................................................................................... 5

II.  ARGUMENT ....................................................................................................................... 6

   A. Proposed Limited Notice ............................................................................................... 6

   B. The Court Has Authority to Limit the Scope of Notice ............................................... 7

   C. Proposed Notice Procedures .......................................................................................... 7

      1. Service of Limited Notice Matters That Are Not Emergency or Expedited Motions .......... 8

      2. Service of Limited Notice Matters That Require Emergency or Expedited Relief .............. 8

   D. The Limited Notice Procedures are Necessary and Appropriate ............................... 8

   E. Service of this Motion ..................................................................................................... 9

III. CONCLUSION ................................................................................................................. 10

i

DOCS_LA:314049.6 76135/001

**Statutes**
11 U.S.C. § 1102............................................................................................................................. 6, 7
11 U.S.C. § 1104................................................................................................................................. 6
11 U.S.C. § 1121................................................................................................................................. 6
11 U.S.C. § 327................................................................................................................................... 6
11 U.S.C. § 328................................................................................................................................... 6
11 U.S.C. § 329................................................................................................................................... 6
11 U.S.C. § 330................................................................................................................................... 6
11 U.S.C. § 331................................................................................................................................... 6
11 U.S.C. § 363.............................................................................................................................. 5, 6
11 U.S.C. § 365................................................................................................................................... 6
11 U.S.C. § 554................................................................................................................................... 6

**Rules**
Fed. R. Bankr. P. 2019....................................................................................................................... 6
Fed. R. Bankr. P. 1103....................................................................................................................... 6
Fed. R. Bankr. P. 2002................................................................................................................ 5, 6, 7
Fed. R. Bankr. P. 2014....................................................................................................................... 6
Fed. R. Bankr. P. 2016....................................................................................................................... 6
Fed. R. Bankr. P. 2017....................................................................................................................... 6
Fed. R. Bankr. P. 3002....................................................................................................................... 6
Fed. R. Bankr. P. 3003....................................................................................................................... 6
Fed. R. Bankr. P. 3007....................................................................................................................... 6
Fed. R. Bankr. P. 3016....................................................................................................................... 6
Fed. R. Bankr. P. 4001................................................................................................................ 5, 6, 7
Fed. R. Bankr. P. 6004....................................................................................................................... 7
Fed. R. Bankr. P. 6005....................................................................................................................... 6
Fed. R. Bankr. P. 6006....................................................................................................................... 7
Fed. R. Bankr. P. 6007.................................................................................................................... 6, 7
Fed. R. Bankr. P. 9006....................................................................................................................... 7
Fed. R. Bankr. P. 9007....................................................................................................................... 7
Fed. R. Bankr. P. 9013....................................................................................................................... 7
Fed. R. Bankr. P. 9014.................................................................................................................... 6, 7
Fed. R. Bankr. P. 9019.................................................................................................................... 6, 7
L.B.R. 2081-1 .................................................................................................................................... 7
L.B.R. 9075-1 ................................................................................................................................. 8, 9

DOCS_LA:314049.6 76135/001

**TO THE HONORABLE ERITHE SMITH, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, THE 20 LARGEST UNSECURED CREDITORS, SECURED CREDITORS AND OTHER PARTIES IN INTEREST:**

**PLEASE TAKE NOTICE** that Ruby's Diner, Inc., a California corporation ("RDI" or the "Debtor"), hereby moves (the "Motion") pursuant to Rules 2002(i), 2002(m), 4001, 6004, 6006, 6007, 9006, 9007, 9013, 9014, and 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order authorizing the Debtor to limit notice of the Limited Notice Matters (as defined in the Memorandum of Points and Authorities) in this chapter 11 case (the "Case") to the following parties: (1) the Office of the United States Trustee, (2) the creditors appearing on the list filed in accordance with Fed. R. Bankr. P. 1007(d) by the Debtor unless and until an official committee of unsecured creditors (the "Committee") is appointed, then in that event, to counsel to the Committee, (3) parties that file with the Court and serve upon the Debtor request for notice of all matters in accordance with Bankruptcy Rule 2002(i), (4) the United States of America, (5) the State of California, (6) the Debtor's secured creditors; (7) the Steering Committee on behalf of the Debtor's unsecured noteholders; (8) counsel to the Debtor's postpetition lender and (10) any party with a pecuniary interest in the subject matter of the particular Limited Notice Matter or its counsel. If the relief requested herein is granted, the burden, complication, delay and cost to the Debtor's estate that is associated with administering the Case and providing notice of the proceedings in these Case to hundreds of parties would be dramatically reduced.[2]

**PLEASE TAKE FURTHER NOTICE** that, because the Debtor is concurrently with this Motion filing other motions seeking relief in connection with other matters and may file various other motions during the first days of this Case, the Debtor, pursuant to Local Bankruptcy Rule

---

[2] On August 28, 2018, the Debtor's affiliates, Ruby's SoCal Diners, LLC, a Delaware limited liability company ("SoCal Diners"); Ruby's Quality Diners, LLC, a Delaware limited liability company ("Quality"); Ruby's Huntington Beach, Ltd., a California limited partnership ("Ruby's Huntington Beach"); Ruby's Laguna Hills, Ltd., a California limited partnership ("Ruby's Laguna Hills"); Ruby's Oceanside, Ltd., a California limited partnership ("Ruby's Oceanside"); and Ruby's Palm Springs, Ltd., a California limited partnership ("Ruby's Palm Springs") (collectively, the "SoCal Debtors"), filed chapter 11 cases, which are pending in this Court. In connection with the filing of the SoCal Debtors' cases, the debtors therein requested a similar limit notice order, which request was approved by the Court. In addition, the Debtor has filed an ex parte motion seeking joint administration of this Case with the chapter 11 cases of the SoCal Debtors.

2

DOCS_LA:314049.6 76135/001

2081-1(a)(1),[3] request that this Motion be heard on an emergency basis. In fact, Local Bankruptcy Rule 2081(a)(1) specifically authorizes the Court to hear this Motion on an emergency basis. Granting the relief requested in this Motion on an emergency basis will benefit the estate immediately by saving the estate the substantial costs of serving the various notices and motions that will be filed in the beginning of these Case.

**PLEASE TAKE FURTHER NOTICE** that the Motion is based on this Notice and Motion, the Notice of Emergency Motions that will be filed and served upon obtaining a hearing date for the Debtor's "First Day Motions," the attached Memorandum of Points and Authorities, and the *Declaration of Douglas S. Cavanaugh in Support of First Day Motions* (the "Cavanaugh Declaration") filed concurrently herewith, the arguments of counsel, and other admissible evidence properly brought before the Court at or before the hearing on this Motion. In addition, the Debtor requests that the Court take judicial notice of all documents filed with the Court in this case and in the cases of the SoCal Debtors.

**PLEASE TAKE FURTHER NOTICE** that any opposition or objection to the Motion must be filed with the Court and served on proposed counsel for the Debtor at the above address any time before the hearing or may be presented at the hearing on the Motion at the time and place set forth above. Failure to timely object may be deemed by the Court to constitute consent to the relief requested herein.

**PLEASE TAKE FURTHER NOTICE** that the Debtor will serve this Notice and Motion and the attached Memorandum of Points and Authorities, and the Cavanaugh Declaration, on the Limited Service List (as defined in the Memorandum of Points and Authorities) in the manner forth in the Memorandum of Points and Authorities. To the extent necessary, the Debtor requests that the Court waive compliance with Local Bankruptcy Rule 9075-1(a)(1) and approve service (in addition to the means of service set forth in such Local Bankruptcy Rule) by overnight delivery or email. In the event that the Court grants the relief requested by the Motion, the Debtor shall provide notice of the entry of the order granting such relief upon each of the foregoing parties and any other parties in

---

[3] Pursuant to Local Bankruptcy Rule 9075-1(a)(3), no separate motion for an expedited hearing is required.

3

DOCS_LA:314049.6 76135/001

interest as the Court directs. The Debtor submits that such notice is sufficient and that no other or further notice be given.

**WHEREFORE**, for all the foregoing reasons, and such additional reasons as may be advanced at or prior to the hearing on this Motion, the Debtor respectfully requests that this Court enter an order (1) limiting the scope and manner of notice as set forth herein and in the Memorandum of Points and Authorities attached hereto, (2) finding that notice of the Motion is sufficient under the circumstances, and (3) granting such other and further relief as is just and proper under the circumstances.

Dated:   September 5, 2018            PACHULSKI STANG ZIEHL & JONES LLP


By:   */s/ William N. Lobel*
William N. Lobel
[Proposed] Attorneys for Ruby's Diner,
Inc., a California corporation, *et al.*,
Debtors and Debtors-in-Possession

4

DOCS_LA:314049.6 76135/001

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. STATEMENT OF FACTS

### A. Jurisdiction and Venue

This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

### B. Background

On September 5, 2018 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  The Debtor continues to operate its business and manage its affairs as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee, examiner, or committee has been appointed in this chapter 11 case (the "Case").

On August 29, 2018, the Debtor's affiliates, SoCal Diners, LLC ("SoCal Diners"), Ruby's Quality Diners, LLC ("Quality"), Ruby's Huntington Beach, Ltd. ("Ruby's Huntington Beach"), Ruby's Laguna Hills, Ltd. ("Ruby's Laguna Hills"), Ruby's Oceanside, Ltd. ("Ruby's Oceanside"), and Ruby Palm Springs, Ltd. ("Ruby's Palm Springs"), filed chapter 11 cases, which are pending in this Court (the "SoCal Debtors").  Concurrently with the filing of the Debtor's chapter 11 Case, another affiliate of the Debtor (through common ownership), Ruby's Franchise Systems, Inc., a California corporation ("RFS"), intends to file for relief under chapter 11.

### C. General Description of the Debtor

A detailed description of the Debtor's background, structure, operations and recent financial history is detailed in the concurrently filed Declaration of Douglas S. Cavanaugh in Support of First Day Motions (the "Cavanaugh Declaration").

### D. Overview of the Debtor and Its Affiliates' Business Operations

The Debtor owns varying percentages of and operates diners in Southern California through its subsidiaries, including through its wholly-owned subsidiary, SoCal Diners.  The Debtor and its affiliates (referred to from time to time herein as the "Company") own, operate and manage restaurants under the trade names "Ruby's®," "Ruby's® Diner," "The Ruby Restaurant Group,"

- 5 -

"Ruby's® Dinette" and "Ruby's® Shake Shop." The Company has operated Ruby's® Diner restaurants since its incorporation in 1985 and is known as a purveyor of very popular burgers, fries and shakes.

## II.

## **ARGUMENT**

A. **Proposed Limited Notice**

The Debtor request that the Court limit the scope of service of the following notices, motions, or applications:

- any proposed use, sale, or lease of property of the estate pursuant to section 363 of the Bankruptcy Code and Bankruptcy Rules 2002(a)(2), 4001(b), and 6004 (except a sale of substantially all assets of the Debtor);
- any proposed debtor in possession financing or use of cash collateral;
- any proposed extension of the Debtor's exclusive time to file a plan of reorganization and solicit acceptance thereof (including, without limitation, the time to file a disclosure statement) pursuant to section 1121 of the Bankruptcy Code and Bankruptcy Rule 3016;
- any proposed approval of a compromise or settlement of a controversy pursuant to Bankruptcy Rules 2002(a)(3) and 9019 and/or section 363 of the Bankruptcy Code;
- any proposed abandonment or disposition of property of the estates pursuant to section 554 of the Bankruptcy Code and Bankruptcy Rules 6007(a) or (c);
- any proposed assumption, assumption and assignment or rejection of contracts or leases under section 365 of the Bankruptcy Code and Bankruptcy Rule 6006(a) or (c);
- any proposal to prohibit or condition the use, sale or lease of property pursuant to section 363 of the Bankruptcy Code or Bankruptcy Rule 4001(a);
- any proposed objections to claims pursuant to section 502 of the Bankruptcy Code or Bankruptcy Rules 3002, 3003 or 3007;
- any verified statement filed by any entity or committee (other than those appointed pursuant to section 1102 or 1104 of the Bankruptcy Code) representing more than one creditor pursuant to Bankruptcy Rule 2019(a) and any motion filed in respect thereof pursuant to Bankruptcy Rule 2019(b);
- any proposed application for employment of professionals pursuant to sections 327, 1103 or 1104 of the Bankruptcy Code or Bankruptcy Rule 2014;
- any proposed application for compensation or reimbursement of expenses of professionals, pursuant to sections 328, 329, 330, or 331 of the Bankruptcy Code and Bankruptcy Rules 2002(a)(6), 2016, 2017, and 6005; except as provided by other orders of this Court;
- a hearing on any other contested matter in this Case that requires notice to all creditors or equity holders pursuant to the Bankruptcy Code, Bankruptcy Rule 9014, or the Local Bankruptcy Rules; and

- 6 -

DOCS_LA:314049.6 76135/001

- all other pleadings, papers, and requests for relief or other order of the Court, except as limited below.

(The notices, motions and applications for which the Debtor is seeking to limit notice are hereinafter referred to as the "Limited Notice Matters").

Notwithstanding the foregoing, the relief requested in this Motion does not affect the rights of all creditors to receive notice of the following matters or proceedings: (i) the date fixed for filing proofs of claim; (ii) the time fixed for filing objections to any disclosure statement and any hearing to consider approval of any disclosure statement; (iii) the time fixed for accepting, rejecting, or objecting to confirmation of a plan or any modification thereof and the hearing thereon; (iv) the entry of an order confirming a plan; and (v) a hearing on the dismissal or conversion of the Case.

**B.    The Court Has Authority to Limit the Scope of Notice**

Bankruptcy Rule 2002(i) provides, in pertinent part, as follows:

> [T]he Court may order that notices required by subdivision (a)(2), (3) and (6) of this rule be transmitted to the United States Trustee and be mailed only to the committees . . . appointed under § 1102 of the Code or to their authorized agents and to the creditors and equity security holders who serve on the trustee or debtor in possession and file a request that all notices be mailed to them.

Fed. R. Bankr. P. 2002(i). In addition, Bankruptcy Rules 4001, 6004, 6006, 9006, 9007, 9013, 9014, and 9019 each allow this Court to determine those parties to whom the Debtor must provide notice. Given the number of parties in interest in this Cases, it would be impractical and would impose a large administrative and economic burden upon the Debtor's estate if the Debtor was required to mail notice of every matter in this Case to all parties listed on the creditor matrix.

**C.    Proposed Notice Procedures**

As permitted by Bankruptcy Rules 2002(i) and (m), the Debtor proposes that the Court enter an order that, to the extent allowed, limits the parties upon whom the Debtor must serve the Limited Notice Matters in this Case. This Order should also designate the manner of service as set forth below regarding all matters for which the Bankruptcy Code and the Bankruptcy Rules authorize the Court to designate the manner of service, including matters subject to Bankruptcy Rules 2002(i), 4001, 6004, 6006 or 6007 and Local Bankruptcy Rule 2081-1. It is well within the Court's authority

- 7 -

DOCS_LA:314049.6 76135/001

to regulate notices and to approve the notice procedures proposed by the Debtor. Furthermore, these notice procedures will minimize administrative burdens in this Case without diminishing creditor participation.

1. <u>Service of Limited Notice Matters That Are Not Emergency or Expedited Motions</u>

Specifically, the Debtor proposes that notices regarding the Limited Notice Matters that will be heard on regular notice be served by first class mail upon only: (1) the Office of the United States Trustee, (2) the creditors appearing on the list filed in accordance with Fed. R. Bankr. P. 1007(d) by the Debtor unless and until an official committee of unsecured creditors (the "<u>Committee</u>") is appointed, then in that event, to counsel to the Committee, (3) parties that file with the Court and serve upon the Debtor request for notice of all matters in accordance with Bankruptcy Rule 2002(i), (4) the United States of America, (5) the State of California, (6) the Debtor's secured creditors; (7) the Steering Committee on behalf of the Debtor's unsecured noteholders; (8) counsel to the Debtor's postpetition lender and (10) any party with a pecuniary interest in the subject matter of the particular Limited Notice Matter or its counsel (collectively, the "<u>Limited Service List</u>").

2. <u>Service of Limited Notice Matters That Require Emergency or Expedited Relief</u>

Pursuant to Local Bankruptcy Rule 9075-1(a)(5), motions filed in chapter 11 cases that require emergency or expedited relief must be served by email, fax or personal service. In some instances, service by one of the means listed is not possible within the time frame available or is not practical (*e.g.*, service on a very large group for which the Debtor has no fax or email addresses readily available). The Debtor proposes that service of emergency or expedited Limited Notice Matters be upon only the Limited Service List and that, in addition to the service methods authorized by Local Bankruptcy Rule 9075-1, service of emergency or expedited Limited Notice Matters by overnight delivery be authorized if such notice will be delivered prior to the scheduled hearing time.

D. **The Limited Notice Procedures are Necessary and Appropriate**

The above proposed limited notice procedures are necessary and appropriate given that the creditor body is large and many of the creditors would not be interested in receiving copies of all the Limited Notice Matters but would find service of all these motions and other documents wasteful. Requiring notice to, and service upon, so many parties, therefore, would substantially augment the

- 8 -

DOCS_LA:314049.6 76135/001

cost and administrative burden on the Debtor, without conferring any meaningful benefit to the Debtor's estate, and thus would diminish the assets ultimately available for the operations of the Debtor, distributions to creditors, and reorganization of the Debtor's financial affairs.  Further, allowing service of an emergency motion by overnight delivery in the instances outlined above provides parties on the Limited Service List with adequate notice and preserves the Debtor's ability to bring such matters on a timely and efficient basis.  The Debtor submits that such notice constitutes due and sufficient notice of the Limited Notice Matters.

If this Motion is granted, the Debtor will provide a copy of the Limited Service List to any creditor or party in interest that requests it.  The Debtor will also send a copy of any order granting this Motion to all known creditors.

**E.**   **Service of this Motion**

The Debtor is serving this Motion by email, overnight delivery or facsimile on the Limited Service List prior to the day of the hearing.  The Debtor submits such notice is appropriate under the circumstances.

The Debtor notes that Local Bankruptcy Rule 9075-1(a)(4) and (5) could plausibly be interpreted to require that the Debtor serve all parties on the creditor matrix by personal delivery, messenger, telephone, fax or email with this Motion because the Motion affects their right to receive service of certain notices, motions and applications.  There are approximately 1,500 parties on the mailing matrix.  The Debtor does not have fax numbers or email addresses for many of these parties.  Serving the Motion by telephone, messenger or personal delivery on each of the parties would clearly be cost and time prohibitive, if not impossible.

Further, serving the Motion by overnight delivery on the entire creditor body would be cost prohibitive, defeat the very purpose for which this Motion is filed and would accomplish very little.  The vast majority of parties will not be interested in receiving the Limited Notice Matters or this Motion and will likely simply dispose of the material upon receipt.  Also, the Debtor is serving the Limited Service List, which contains the names of the creditors holding the largest claims against the Debtor (or their counsel or representatives) as well as the United States Government, the State of California and the U.S. Trustee.  The Debtor submits that service of this Motion as set forth above is

- 9 -

sufficient under the circumstances and, in the event that Local Bankruptcy Rule 9075-1(a)(4) and (5) actually requires personal delivery, messenger, telephone, fax or email on the entire creditor body, the Debtor hereby requests that the Court waive compliance with said Rule and find that notice of this Motion to the Limited Service List is sufficient and appropriate notice.

### III.

### CONCLUSION

**WHEREFORE**, to facilitate the efficient administration of this Case, and to reduce the significant costs, delays, and burdens that would be associated with providing notice of all matters in this Case to all creditors, the Debtor hereby respectfully requests that the Court enter the order granting (a) the relief requested herein; (b) finding that notice of the Motion is sufficient under the circumstances; and (c) granting such other and further relief as is just and proper under the circumstances.

Dated:   September 5, 2018          PACHULSKI STANG ZIEHL & JONES LLP

By:   */s/ William N. Lobel*

William N. Lobel
[Proposed] Attorneys for Ruby's Diner,
Inc., a California corporation, *et al.*,
Debtors and Debtors-in-Possession

- 10 -

DOCS_LA:314049.6 76135/001