William N. Lobel (CA Bar No. 93202)
PACHULSKI STANG ZIEHL & JONES LLP
650 Town Center Drive, Suite 1500
Costa Mesa, CA 92626
Telephone: (714) 384-4740
Facsimile: (714) 384-4741
E-mail: wlobel@pszjlaw.com

[Proposed] Attorneys for Ruby's Diner, Inc., *et al.*,
Debtors and Debtors-in-Possession

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>RUBY'S DINER, INC., a California corporation, *et al.*,[1]<br><br>Debtors and Debtors-in-Possession,<br><br>Affects:<br><br>☒ All Debtors<br>☐ RUBY'S DINER, INC., ONLY<br>☐ RUBY'S SOCAL DINERS, LLC, ONLY<br>☐ RUBY'S QUALITY DINERS, LLC, ONLY<br>☐ RUBY'S HUNTINGTON BEACH, LTD., ONLY<br>☐ RUBY'S LAGUNA HILLS, LTD. ONLY<br>☐ RUBY'S OCEANSIDE, LTD., ONLY<br>☐ RUBY'S PALM SPRINGS, LTD., ONLY | Case Nos.: 8:18-bk-13311-CB<br><br>Chapter 11<br><br>**NOTICE OF EX PARTE MOTION AND EX PARTE MOTION FOR AN ORDER EXTENDING TIME WITHIN WHICH DEBTORS MUST FILE SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS AND OTHER REQUIRED DOCUMENTS AS LISTED IN THE COURT'S DEFICIENCY NOTICE PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 1007(c) AND LOCAL BANKRUPTCY RULE 1007 – 1(b); MEMORANDUM OF POINTS AND AUTHORITIES ATTACHED HERETO; DECLARATION OF DOUGLAS S. CAVANAUGH IN SUPPORT ATTACHED HERETO**<br><br>[No Hearing Required Pursuant to FRBP 1015 and LBR 9013-1(q)] |

---

[1] The last four digits of the Debtors' federal tax identification numbers are as follows: Ruby's Diner, Inc. (8143); Ruby's SoCal Diners, LLC (9782); Ruby's Quality Diners, LLC (1539); Ruby's Huntington Beach, Ltd. (1331); Ruby's Laguna Hills, Ltd. (6603); Ruby's Oceanside, Ltd. (9104); and Ruby Palm Springs, Ltd. (9627).

DOCS_LA#316743.1 76135/001      1
MOTION FOR EXTENSION OF TIME TO FILE SCHEDULES

**TO THE HONORABLE ERITHE A. SMITH, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, THE 20 LARGEST UNSECURED CREDITORS, SECURED CREDITORS, AND OTHER PARTIES IN INTEREST:**

**PLEASE TAKE NOTICE** that Ruby's Diner, Inc., a California corporation ("RDI"); Ruby's SoCal Diners, LLC, a Delaware limited liability company ("SoCal Diners"); Ruby's Quality Diners, LLC, a Delaware limited liability company ("Quality"); Ruby's Huntington Beach, Ltd., a California limited partnership ("Ruby's Huntington Beach"); Ruby's Laguna Hills, Ltd., a California limited partnership ("Ruby's Laguna Hills"); Ruby's Oceanside, Ltd., a California limited partnership ("Ruby's Oceanside"); and Ruby's Palm Springs, Ltd., a California limited partnership ("Ruby's Palm Springs") (collectively, SoCal Diners, Quality, Ruby's Huntington Beach, Ruby's Laguna Hills, Ruby's Oceanside and Ruby's Palm Springs are referred to herein as the "SoCal Debtors" and, together with RDI, the "Debtors"), hereby move (the "Motion") ex parte for an order extending the time within which the Debtors must file their schedules of assets and liabilities (the "Schedules"), statement of financial affairs (the "SOFAS"), and any other documents required to be filed pursuant to any Case Commencement Deficiency Notices or other similar notice issued by the Court (collectively, with the Schedules and SOFAs, the "Documents"), pursuant to Rule 1007(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 1007-1(b) of the Local Bankruptcy Rules (the "Local Rules").

**PLEASE TAKE FURTHER NOTICE** that the Debtors request that this Motion be considered on an ex parte basis. The SoCal Debtors' Documents are currently due on September 12, 2018 and RDI's Documents are currently due on October 5, 2018. For ease of administering these cases, the Debtors are requesting that RDI's Documents be due on the same extended date as the SoCal Debtors' Documents. Therefore, by the Motion, the Debtors request an extension of an sixteen (16) days for the SoCal Debtors and an nine (9) days for RDI, in addition to the fourteen (14) days allowed by the Bankruptcy Rules, to and including September 28, 2018. If the Debtors were to set this matter on regular notice, the deadline for filing the Documents will have passed prior to the Court's consideration of the relief requested by the Debtors. The Debtors would then either have to file incomplete or insufficient Documents by September 12, 2018 and September 19, 2018,

respectively, or violate the Bankruptcy Rules and Local Rules by failing to file the Documents. Pursuant to Local Rules 1007-1(b) and 9013-1(p), the Court may grant the Motion without a hearing upon notice to certain parties-in-interest. The Debtors have discussed the relief sought by way of this Motion with the Office of the United States Trustee, which has indicated its consent to the relief requested herein.

**PLEASE TAKE FURTHER NOTICE** that the Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities and the Declaration of Douglas S. Cavanaugh (the "Cavanaugh Declaration") attached hereto, and any other admissible evidence properly brought before the Court. In addition, the Debtors request that the Court take judicial notice of all documents filed with the Court in the Debtors' cases.

**PLEASE TAKE FURTHER NOTICE** that, in accordance with the Court's orders limiting notice in the Debtors' cases, the Debtors will serve this Notice of Motion and Motion, the attached Memorandum of Points and Authorities and the Cavanaugh Declaration, on: (1) the Office of the United States Trustee; (2) the twenty (20) largest unsecured creditors in each of the Debtors' cases; (3) the parties that file with the Court and serve upon the Debtors request for notice of all matters in accordance with Bankruptcy Rule 2002(i) in the Debtors' cases; (4) the United States of America; (5) the State of California; (6) the Debtors' secured creditors, and counsel for the secured creditors, if any, in each of the Debtors' case; (7) the Steering Committee on behalf of RDI's unsecured noteholders; (8) Credit Managers Association on behalf of RDI's secured noteholders; and (9) counsel to the Debtors' postpetition lender.

**PLEASE TAKE FURTHER NOTICE** that, to the extent necessary, the Debtors request that the Court waive compliance with Local Bankruptcy Rule 9075-1(a)(1) and approve service (in addition to the means of service set forth in such Local Bankruptcy Rule) by overnight delivery or email. In the event that the Court grants the relief requested by the Motion, the Debtors shall provide notice of the entry of the order granting such relief upon each of the foregoing parties and any other parties in interest as the Court directs. The Debtors submit that such notice is sufficient and that no other or further notice be given.

**WHEREFORE**, for all the foregoing reasons, the Debtors respectfully request that this Court enter an order, on an ex parte basis, authorizing an extension of time to and including September 28, 2018 to file their Documents.

Dated: September 12, 2018

PACHULSKI STANG ZIEHL & JONES LLP

By: /s/ William N. Lobel
William N. Lobel
[Proposed] Attorneys for Ruby's Diner, Inc., *et al.,* Debtors and Debtors-in-Possession

# I.

## STATEMENT OF FACTS

**A.   Introduction**

The Debtors in these chapter 11 cases (the "Cases") are required to file complete and accurate Schedules, SOFAs, and other Documents. Because of the complexity of the Cases, and the obligations placed on new debtors and debtors-in-possession, the Debtors require and request an extension of sixteen (16) days for the SoCal Debtors and nine (9) days for RDI, in addition to the fourteen (14) days allowed by the Bankruptcy Rules, to and including September 28, 2018.

Prior to the filing of this Motion, counsel for the Debtors spoke with the Office of the United States Trust ("OUST") regarding the requested extension. The OUST does not object to the requested relief so long as the Documents are filed no less than 72 hours prior to the 341(a) meetings of creditors, scheduled for October 3, 2018 for the SoCal Debtors and October 15, 2018 for RDI, which would be the requested extension date of September 28, 2018. Based thereon, the OUST has indicated it has no objection to the relief sought by way of this Motion.

**B.   Jurisdiction and Venue**

This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent it is later determined that the Court, absent consent of the parties, cannot enter final order or judgments consistent with Article III of the United States Constitution. Venue of these Cases and this Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

**C.   Background**

On August 29, 2018, SoCal Diners, LLC ("SoCal Diners"), Ruby's Quality Diners, LLC ("Quality"), Ruby's Huntington Beach, Ltd. ("Ruby's Huntington Beach"), Ruby's Laguna Hills, Ltd. ("Ruby's Laguna Hills"), Ruby's Oceanside, Ltd. ("Ruby's Oceanside"), and Ruby Palm Springs, Ltd. ("Ruby's Palm Springs" and, collectively, the "SoCal Debtors"), filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

On September 5, 2018, Ruby's Diner, Inc., a California corporation ("RDI" and, together with the SoCal Debtors, the "Debtors"), filed its chapter 11 case, which is pending in this Court.

On September 5, 2018, the Court entered an order jointly administering the Debtors' Cases, with RDI designated as the lead debtor.

The Debtors continue to operate their businesses and manage their affairs as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No party has requested the appointment of a trustee or examiner and no committee has yet been appointed or designated in the Cases, although the Debtors anticipate that an official committee of unsecured creditors may be appointed.

### D. Overview of the Debtor and Its Affiliates' Business Operations

The Debtors and their affiliates (the "Company") owns, operates and manages restaurants under the trade names "Ruby's®," "Ruby's® Diner," "The Ruby Restaurant Group," "Ruby's® Dinette" and "Ruby's® Shake Shop." The Company has operated Ruby's® Diner restaurants since its incorporation in 1985 and is known as a purveyor of very popular burgers, fries and shakes.

## II.
## THE DEBTORS REQUIRE MORE THAN FOURTEEN DAYS TO FILE COMPLETE AND ACCURATE DOCUMENTS

Section 521 of the Bankruptcy Code requires that the Debtors "file a list of creditors, and unless the court orders otherwise, a schedule of assets and liabilities, a schedule of schedule of current income and current expenditures, and a statement of the debtor's financial affairs . . ." *See* 11 U.S.C. § 521(a). Pursuant to Bankruptcy Rule 1007(c) and Local Rule 1007-1, if no extension of time has been granted, the Debtors must file the Documents within fourteen (14) days from the date of the filing of their respective bankruptcy petitions. However, Bankruptcy Rule 1007(c) also provides that an extension of time for the filing of the Documents may be granted "on motion for cause shown and on notice to the United States trustee . . . ." Fed. R. Bankr. P. 1007(c).

The SoCal Debtors' fourteen-day period to file their Documents expires on September 12, 2018. RDI's fourteen-day period to file its Documents expires on September 19, 2018. Due to the demands on the Debtors created by, among other things: (i) filing the Cases and the financial

difficulties giving rise thereto, (ii) the need to maintain continuity in the Debtors' businesses, (iii) the need to prepare and file a number "First Day Motions," and (iv) the immediate need to comply with the filing requirements as set forth in the *"Guidelines for Fulfilling the Requirements of the United States Trustee,"* the Debtors will not be able to complete the Documents within their respective fourteen (14) day statutory periods. Given the foregoing, the Debtors require a modest extension to compile the requisite information necessary to ensure that accurate and complete Documents will be filed.

Pursuant to Bankruptcy Rule 1007(c) and Local Rule 1007-1(b), the Debtors request of an additional sixteen (16) days for the SoCal Debtors and an extension of nine (9) days for RDI, in addition to the fourteen (14) days allowed by the Bankruptcy Rules, to and including September 28, 2018, within which to file the Documents. Because the requested extension of time: (i) is reasonable, (ii) will allow the Debtors to file more complete and accurate Documents, (iii) will not prejudice creditors, and (iv) is an accordance with the timing parameters requested by the OUST, the Debtors believe that cause has been shown for the requested extension from the current September 12, 2018 and September 19, 2018 deadlines to and including September 28, 2018. The Debtors reserve the right to seek further extensions.

### III.

### NOTICE OF THE MOTION IS PROPER

Notice of the Motion and the Motion have been provided to: (1) the Office of the United States Trustee; (2) the twenty (20) largest unsecured creditors in each of the Debtors' cases; (3) the parties that file with the Court and serve upon the Debtors request for notice of all matters in accordance with Bankruptcy Rule 2002(i) in the Debtors' cases; (4) the United States of America; (5) the State of California; (6) the Debtors' secured creditors, and counsel for the secured creditors, if any, in each of the Debtors' case; (7) the Steering Committee on behalf of RDI's unsecured noteholders; (8) Credit Managers Association on behalf of RDI's secured noteholders; and (9) counsel to the Debtors' postpetition lender. Service of the Motion is in accordance with this Court's orders limiting notice in the Debtors' Cases [Docket Nos. 32 and 33]. In addition, while Local Rule 1007-1(b)(2) provides that service of the Motion must be upon all creditors, the Debtors collectively

have approximately 2,000 creditors, and requiring service on all creditors would impose an undue administrative cost to the estates. The Debtors submit that notice to the parties listed above is sufficient and that no other or further notice is necessary.

## IV.

## **CONCLUSION**

WHEREFORE, to facilitate the efficient administration of the Cases, and allow the Debtors adequate time to file complete and accurate Documents, the Debtors request that the Court enter an order granting the Debtors' requested extension of time to file their Documents for a period of sixteen (16) days for the SoCal Debtors and nine (9) days for RDI, in addition to the fourteen (14) days allowed by the Bankruptcy Rules, to and including September 28, 2018.

Dated:    September 12, 2018            PACHULSKI STANG ZIEHL & JONES LLP

By:    /s/ William N. Lobel
William N. Lobel
[Proposed] Attorneys for Ruby's Diner,
Inc., *et al.,* Debtors and Debtors-in-
Possession

## DECLARATION OF DOUGLAS S. CAVANAUGH

I, Douglas S. Cavanaugh, hereby declare that the following is true and correct to the best of my knowledge, information and belief:

1. I am a founder and the Chief Executive Officer of Ruby's Diner, Inc., a California corporation, the above-captioned (lead) debtor and debtor-in possession ("RDI"). I am also the authorized signatory for Ruby's SoCal Diners, LLC, a Delaware limited liability company ("SoCal Diners"); Ruby's Quality Diners, LLC, a Delaware limited liability company ("Quality"); Ruby's Huntington Beach, Ltd., a California limited partnership ("Ruby's Huntington Beach"); Ruby's Laguna Hills, Ltd., a California limited partnership ("Ruby's Laguna Hills"); Ruby's Oceanside, Ltd., a California limited partnership ("Ruby's Oceanside"); and Ruby's Palm Springs, Ltd., a California limited partnership ("Ruby's Palm Springs") (collectively, SoCal Diners, Quality, Ruby's Huntington Beach, Ruby's Laguna Hills, Ruby's Oceanside and Ruby's Palm Springs are referred to herein as the "SoCal Debtors" and, together with RDI, the "Debtors").

2. I submit this declaration in support of the Debtors' *Ex Parte Motion for an Order Extending Time Within Which Debtors Must File Schedules of Assets and Liabilities and Statements of Financial Affairs and other Required Documents as Listed in the Court's Deficiency Notice Pursuant to Federal Rule of Bankruptcy Procedure 1007(c) and Local Bankruptcy Rule 1007-1(b)* (the "Motion").[2]

3. The Debtors and their affiliates (the "Company") owns, operates and manages restaurants under the trade names "Ruby's®," "Ruby's® Diner," "The Ruby Restaurant Group," "Ruby's® Dinette" and "Ruby's® Shake Shop." The Company has operated Ruby's® Diner restaurants since its incorporation in 1985 and is known as a purveyor of very popular burgers, fries and shakes.

4. On August 29, 2018, the SoCal Debtors filed their chapter 11 cases and, on September 5, 2018, RDI filed its chapter 11 case (together, the "Cases").

5. The SoCal Debtors' fourteen-day period to file their schedules of assets and liabilities (the "Schedules"), statement of financial affairs (the "SOFAS"), and any other documents required

---

[2] Capitalized terms not otherwise defined have the same meaning ascribed to such terms in the Motion.

DOCS_LA#316743.1 76135/001    9
MOTION FOR EXTENSION OF TIME TO FILE SCHEDULES

to be filed pursuant to any Case Commencement Deficiency Notices or other similar notice issued by the Court (collectively, with the Schedules and SOFAs, the "<u>Documents</u>") expires on September 12, 2018. RDI's fourteen-day period to file its Documents expires on September 19, 2018.

6. Due to the demands on the Debtors created by, among other things: (i) filing the Cases and the financial difficulties giving rise thereto, (ii) the need to maintain continuity in the Debtors' businesses, (iii) the need to prepare and file a number "First Day Motions," and (iv) the immediate need to comply with the filing requirements as set forth in the *"Guidelines for Fulfilling the Requirements of the United States Trustee,"* the Debtors will not be able to complete the Documents within their respective fourteen (14) day statutory periods. Given the foregoing, the Debtors require a modest extension to compile the requisite information necessary to ensure that accurate and complete Documents will be filed.

7. The Debtors request an extension of sixteen (16) days for the SoCal Debtors and nine (9) days for RDI, in addition to the fourteen (14) days allowed by the Bankruptcy Rules, to and including September 28, 2018, within which to file the Documents. I believe the requested extension of time is reasonable as it would allow the Debtors to file more complete and accurate Documents and will not prejudice creditors.

8. I believe that cause has been shown for the requested extension of time to file the Documents from the current deadlines of September 12, 2018 and September 19, 2018, to and including September 28, 2018.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 12th day of September, 2018, at __Newport Beach__, California.

_____
Douglas S. Cavanaugh