1   GARRICK A. HOLLANDER – State Bar No. 166316
    ghollander@wcghlaw.com
2   RICHARD H. GOLUBOW – State Bar No. 160434
    rgolubow@wcghlaw.com
3   **WINTHROP COUCHOT**
    **GOLUBOW HOLLANDER, LLP**
4   1301 Dove Street, Suite 500
    Newport Beach, CA 92660
5   Telephone:   (949) 720-4100
    Facsimile:    (949) 720-4111
6

7   [Proposed] General Insolvency Counsel for
    Official Committee of Creditors Holding Unsecured Claims
8

9

10              **UNITED STATES BANKRUPTCY COURT**

11              **CENTRAL DISTRICT OF CALIFORNIA**

12                   **SANTA ANA DIVISION**

13

14  In re:                                Case No. 8:18-bk-13311-CB

15  RUBY'S DINER, INC., a California        Chapter 11
    corporation,
16                                         Jointly administered with Case No. 8:18-bk-
                                           13197-CB; Case No. 8:18-bk-13198-CB; Case No.
17              Debtor(s).                 8:18-bk-13199-CB
                                           Case No. 8:18-bk-13200-CB; Case No. 8:18-bk-
18  Affects:                               13201-CB; Case No. 8:18-bk-13202-CB

19  ☒  Ruby's Diner, Inc.                  **NOTICE OF APPLICATION AND**
                                           **APPLICATION OF OFFICIAL**
20  ☐  Ruby's SoCal Diners, LLC            **COMMITTEE OF UNSECURED**
                                           **CREDITORS TO EMPLOY WINTHROP**
21  ☐  Ruby's Quality Diners, LLC          **COUCHOT GOLUBOW HOLLANDER, LLP**
                                           **AS GENERAL INSOLVENCY COUNSEL**
22  ☐  Ruby's Huntington Beach, Ltd.       **FOR THE COMMITTEE; MEMORANDUM**
                                           **OF POINTS AND AUTHORITIES AND**
23  ☐  Ruby's Laguna Hills, Ltd.           **DECLARATION OF GARRICK A.**
                                           **HOLLANDER IN SUPPORT THEREOF**
24  ☐  Ruby's Oceanside, Ltd.
                                           [No Hearing Requested Pursuant to LBR 9013-
25  ☐  Ruby's Palm Springs, Ltd.           1(o)]

26  ☐  AFFECTS ALL DEBTORS.

27

28

1    **TO THE HONORABLE CATHERINE E. BAUER, UNITED STATES**

2    **BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND**

3    **OTHER PARTIES-IN-INTEREST:**

4      **NOTICE IS HEREBY GIVEN** that the Official Committee of Creditors Holding

5    Unsecured Claims ("Committee") for the estate of Ruby's Diner, Inc., debtor and debtor in

6    possession ("Debtor"), hereby applies ("Application") to this Court for an order authorizing it to

7    employ on behalf of the Debtor's estate Winthrop Couchot Golubow Hollander, LLP ("Firm") as

8    the Committee's general insolvency counsel.  This Application is made and based upon the attached

9    Memorandum of Points and Authorities, the Declaration of Garrick A. Hollander ("Hollander

10   Declaration") and upon any additional evidence, both oral and documentary, that may be presented

11   to the Court at or before the time of the hearing on this Application, if any should be held on this

12   Application.

13      **IF YOU DO NOT OPPOSE THE RELIEF REQUESTED BY THE APPLICATION,**

14   **YOU NEED TAKE NO FURTHER ACTION. HOWEVER, IF YOU OBJECT TO THE**

15   **RELIEF REQUESTED BY THE APPLICATION, PURSUANT TO LOCAL**

16   **BANKRUPTCY RULE 9013-1, OBJECTIONS AND A REQUEST FOR A HEARING MUST**

17   **BE FILED WITH THE COURT WITHIN FOURTEEN (14) DAYS OF THE DATE OF**

18   **SERVICE OF THIS NOTICE, PLUS THREE ADDITIONAL DAYS AS SERVICE IS**

19   **BEING MADE BY MAIL. YOU MUST FILE YOUR OBJECTION AND REQUEST FOR A**

20   **HEARING WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT,**

21   **LOCATED AT 411 WEST FOURTH STREET, SANTA ANA, CA 92701.  YOU MUST**

22   **SERVE A COPY OF YOUR OBJECTION TO THE APPLICATION, AND REQUEST FOR**

23   **A HEARING, UPON THE COMMITTEE'S COUNSEL AT THE MAILING ADDRESS**

24   **INDICATED IN THE UPPER LEFT CORNER OF THIS NOTICE, AND UPON THE**

25   **OFFICE OF THE UNITED STATES TRUSTEE LOCATED AT 411 WEST FOURTH**

26   **STREET, SUITE 7160, SANTA ANA, CA 92701.  UPON ANY RECEIPT OF A WRITTEN**

27   **OBJECTION AND REQUEST FOR A HEARING, THE COMMITTEE'S GENERAL**

28   **INSOLVENCY COUNSEL WILL OBTAIN A HEARING DATE ON THE APPLICATION**

1  **AND GIVE APPROPRIATE NOTICE THEREOF. ANY FAILURE TO TIMELY FILE**

2  **AND SERVE AN OBJECTION TO THE APPLICATION MAY RESULT IN ANY SUCH**

3  **OBJECTION BEING WAIVED.**

4    **WHEREFORE**, the Committee respectfully requests that the Court enter an order:

5    1.    Authorizing the Firm to be employed by the Committee, on behalf of the

6  estate pursuant to 11 U.S.C. §§ 328, 330 and 1103 and Bankruptcy Rule 2014(a), as the

7  Committee's general insolvency counsel, effective as of September 22, 2018, with

8  compensation of the Firm to be in accordance with the terms set forth herein;

9    2.    Authorizing the Firm to obtain and the Debtor to pay the Firm's 80% of the

10  Firm's fees and 100% of its costs, on a monthly basis, to the extent funds exist to make

11  such payment, pursuant to the terms, conditions and procedures set forth herein;

12    3.    Authorizing the Firm's employment pursuant to the terms of this

13  Application; and

14    4.    Granting to the Firm such other and further relief as the Court deems just

15  and appropriate.

16

17  DATED:  October 19, 2018        **OFFICIAL COMMITTEE OF CREDITORS
                              HOLDING UNSECURED CLAIMS**

18

19                  By: _____

20                        William E. Pope
                        Its:  Chairperson

21  **PRESENTED BY:**

22
    **WINTHROP COUCHOT**
23  **GOLUBOW HOLLANDER, LLP**

24

25  By: _/s/ Garrick A. Hollander_____
        Garrick A. Hollander
26  [Proposed] General Insolvency Counsel for
27  Official Committee of Creditors Holding Unsecured Claims

28

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## STATEMENT OF FACTS

### A.    Case Background.

Ruby's Diner, Inc., debtor and debtor-in-possession (the "Debtor"), owns, operates and manages restaurants, and is known as a purveyor of popular burgers, fries and shakes.  On September 5, 2018 ("Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code ("Bankruptcy Code").  The Debtor is operating and managing its business as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.  On or about September 18, 2018, the Office of the United States Trustee appointed the Committee for the Debtor's estate.

### B.    Need for the Firm's Employment.

The Committee requires the Firm to serve as its general insolvency counsel in this case.  As a result, the Committee seeks to employ the Firm, effective as of September 22, 2018, in accordance with the terms set forth herein, at the Debtor's expense.

### C.    The Firm's Qualifications and Services to Be Rendered.

The Firm is a boutique law firm specializing in the areas of insolvency, corporate reorganization, commercial litigation and out-of-court workouts and is well-qualified to represent the Committee in this case.  All attorneys comprising or associated with the Firm who will render services in the Debtor's case are duly admitted to practice law in the courts of the state of California and in the United States District Court for the Central District of California.  A copy of the Firm's résumé is attached as Exhibit "1" to the Hollander Declaration.

The Committee requires the Firm to render to the Committee the following types of professional services:

1.    To advise and assist the Committee with respect to the Committee's duties, responsibilities and powers in the Debtor's bankruptcy case;

2.    To advise and assist the Committee in investigating the acts, conduct, assets, liabilities and financial condition of the Debtor;

1           3.       To advise and assist the Committee with respect to the administration of the

2    Debtor's case, the distribution of the Debtor's assets, the prosecution of claims against

3    third parties, and any other matters relevant to the Debtor's case;

4           4.       To advise and assist the Committee with respect to the disposition and

5    allowance of claims asserted against the Debtor's estate;

6           5.       To advise and assist the Committee with respect to the negotiation,

7    confirmation and implementation of a Chapter 11 plan; and

8           6.       To advise and assist the Committee in any legal proceeding, whether

9    adversary or otherwise, involving the interests represented by the Committee, and the

10   performance of such other legal services as may be required by the Committee in

11   furtherance of the interests of general unsecured creditors in the Debtor's case.

12   **D.**       **<u>Terms of the Proposed Employment</u>.**

13   The Firm will render services to the Committee at the Firm's regular hourly rates, which

14   may be subject to adjustment from time to time, which will be paid for by the Debtor's estate.

15   The current hourly rates are set forth in the Hollander Declaration.  The Committee and Firm have

16   agreed, subject to the Court's approval, to the terms of the Firm's employment in the case.

17   The Firm intends to apply to this Court for compensation in conformity with the

18   requirements of Bankruptcy Code Sections 330 and 331.  The Firm understands that its

19   compensation in the Debtor's case will be subject to the approval of the Court.

20   The Committee proposes the following procedures, which mirror the provisions of the

21   Guide to Application for Employment of Professionals and Treatment of Retainer promulgated by

22   the Office of the United States Trustee (the "Fee Guide"), for the Firm to receive payments of the

23   Firm's accruing fees and costs on a monthly basis:

24          1.       The Firm will file a copy of the Firm's monthly billing statements itemizing

25   the fees and costs incurred by the Firm on behalf of the Committee during the preceding

26   month ("Professional Fee Statement"), and will serve copies of the Professional Fee

27   Statement upon the Debtor, Debtor's counsel, the Committee, the U.S. Trustee, and those

28   parties who request special notice in the Debtor's case.

2.      If no objection to the Professional Fee Statement is filed and served within ten (10) days after the service of the Professional Fee Statement, the Debtor may pay to the Firm 80% of its fees and 100% of its costs, without further notice, hearing or order of the Court, to the extent funds exist to make such payment.  If a written objection to the Professional Fee Statement is filed by a party-in-interest, the Debtor will not pay to the Firm the amount of the disputed funds, until the objection has been resolved by the Court.  Notwithstanding any objection to a Professional Fee Statement, the Firm may be paid any undisputed amount of fees and costs represented by a Professional Fee Statement.

3.      No fees or costs paid to the Firm pursuant to the proposed monthly payment procedures will be deemed to be allowed by the Court.  No failure by any creditor or party-in-interest to object to any Professional Fee Statement will be deemed to be a waiver of any objection to the Firm's fees and costs represented by such Professional Fee Statement.  Any such objection will be reserved and may be asserted by any creditor or other party-in-interest in connection with the filing of any fee application by the Firm.

**E.      Fee Application.**

The Firm intends to apply to this Court for compensation in conformity with the requirements of Bankruptcy Code Sections 330 and 331.  The Firm understands that its compensation in the Debtor's case will be subject to the approval of the Court.  All funds paid to the Firm pursuant to the proposed monthly payment procedure will be subject to allowance by the Court, upon appropriate application and noticed hearing.

At the conclusion of this case, the Firm will file an appropriate application seeking final allowance of all fees and costs, regardless of whether interim compensation has been paid to the Firm.  Upon allowance of such fees and costs, the Debtor will pay to the Firm the difference between the amounts allowed to the Firm and any interim compensation paid to the Firm.  The Firm understands and agrees that, if aggregate interim payments made to the Firm exceed the amount that is ultimately allowed to the Firm, the Firm will be required to, and will, promptly repay to the Debtor such difference.

F.    **Disclosure of Relationship with the Firm.**

As set forth in the Hollander Declaration, the Firm has conducted a conflicts check with respect to the Debtor and the Debtor's creditors.  Based upon such conflicts check, the Firm believes that the Firm does not hold or represent any interest adverse to the Debtor or the Debtor's estate that would impair the Firm's ability to perform objectively professional services for the Committee, in accordance with Section 1103 of the Bankruptcy Code.

To the best of the Firm's knowledge, neither the Firm nor any of its professionals:  (i) is a creditor, an equity security holder, or an insider of the Debtor as of the Petition Date; (ii) is or was, within two years before the Petition Date, a director, officer or employee of the Debtor; or (iii) has an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with or interest in the Debtor or for any other reason.

None of the attorneys comprising or employed by the Firm is related to any judge of the United States Bankruptcy Court for the Central District of California, the U.S. Trustee, or to any person employed by the U.S. Trustee.  The Firm has not agreed to share with any person or entity any compensation received by the Firm in this case, except as among the members of the Firm.

**II.**

**THE BANKRUPTCY CODE AUTHORIZES THE COMMITTEE**

**TO EMPLOY PROFESSIONALS AT THE EXPENSE OF THE ESTATE**

Section 1103 of the Bankruptcy Code, which governs the powers and duties of committees appointed pursuant to 1102 of the Bankruptcy Code, provides committees with the authority to employ attorneys to represent or perform serviced for the committee, subject to court approval. See, 11 U.S.C. § 1103.

Counsel for a duly appointed and acting committee in a Chapter 11 case may receive compensation at the expense of the debtor's estate.  In this regard, Section 328(a) of the Bankruptcy Code, provides, in pertinent part, as follows:

> The trustee, or a committee appointed under section 1102 of this title, with the court's approval, may employ or authorize the employment of a professional

person under sections 327 or 1103 of this title, as the case may be, on any
reasonable terms and conditions of employment, including . . . on an hourly
basis…

Rule 2014 of the Federal Rules of Bankruptcy Procedure ("Rule 2014") mandates that a professional seeking approval of its employment by the bankruptcy estate disclose "any proposed arrangement for compensation" and "all of the person's connections with the Debtor, creditors, any other party in interest, its respective attorneys and accountants, [and] the United States Trustee." All facts pertinent to a court's determination of whether the professional is disinterested or holds an interest adverse to the estate must be disclosed. The professional is required to make a full, candid and complete disclosure in its application for employment. See In re Lotus Props. LP, 200 B.R. 388, 391 (Bankr. C.D. Cal. 1996) (citing In re Park Helena Corp., 63 F.3d 877, 880-82 (9th Cir. 1995)); In re Gire, 107 B.R. 739, 746 (Bankr. E.D. Cal. 1989); Fed. R. Bankr. P. 2014.

## A.    The Firm Does Not Hold an Interest Adverse to the Estate.

The phrase "adverse interest" is not statutorily defined. However, courts have stated that a party will be deemed to hold or represent an "adverse interest" to the estate when it: (1) possesses or asserts any economic interest that would tend to lessen the value of the bankruptcy estate or that would create an actual or potential dispute in which the estate is a rival claimant; or (2) possesses a predisposition under circumstances that render such a bias against the estate. Tevis v. Wilke, Fleury, Hoffelt, Gould & Birney (In re Tevis), 347 B.R. 647, 688 (B.A.P. 9th Cir. 2006); In re Lee, 94 B.R. 172, 177 (Bankr. C.D. Cal. 1989). Here, neither the Firm nor any professionals who are members of the Firm possess or assert an economic interest that would tend to lessen the value of the estate or that would create an actual or potential dispute against the estate or has a predisposition that will create a bias against the estate. Accordingly, the Firm does not hold an interest adverse to the estate.

## B.    The Firm Is Disinterested.

"Disinterested persons" are defined in Section 101(14) as follows:

"disinterested person" means [a] person that -
    (A) is not a creditor, an equity security holder, or an insider;
    (B) is not and was not, within 2 years before the date of the filing of the
petition, a director, officer, or employee of the debtor; and

(C) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor . . . or for any other reason . . .

11 U.S.C. § 101(14).

Based on the disclosure made herein, the Firm is disinterested.

## C.    The Firm's Employment Should Be Approved.

Based on the foregoing and the disclosure made in the Application, which satisfies the disclosure requirements imposed by the Bankruptcy Code, Rule 2014 and Local Bankruptcy Rule 2014-1, the Firm has met the required standards for employment in this case. Accordingly, this Court may authorize the proposed employment of the Firm as general insolvency counsel to the Committee pursuant to Bankruptcy Code Section 328.

## III.

## THE MONTHLY PAYMENT PROCEDURE PROPOSED BY THE
## FIRM IS APPROPRIATE AND SHOULD BE APPROVED BY THIS COURT

Professionals may be compensated in accordance with monthly payment procedures without a bankruptcy court's prior allowance of the professional's fees and costs. In re Knudsen, 84 B.R. 668 (B.A.P. 9th Cir. 1988); In re Lotus Props. LP, 200 B.R. at 396-98. In Knudsen, the Ninth Circuit Bankruptcy Appellate Panel (the "BAP") reasoned that, since Section 328(a) of the Bankruptcy Code allows a bankruptcy court to authorize professionals to receive as compensation a retainer, which contemplates payment of a lump sum at the beginning of a case or periodically thereafter, "[i]t makes little sense that the court could allow payment of a lump sum or periodic retainer before fees are earned, but not after." Id. at 671. The circumstances under which such arrangements may be approved, as articulated by the BAP in Knudsen, are as follows: (1) the case is unusually large; (2) an extended waiting period for payment would place an undue hardship on counsel; (3) counsel can respond to any reassessment; and (4) the payment procedure itself is subject to a noticed hearing. Id. at 672-73. The Firm believes that the proposed monthly payment procedure in this case is appropriate under Sections 330 and 331 of the Bankruptcy Code, and is consistent with the BAP's decision in the Knudsen case.

1    The fact that the Debtor's case may not be as large as the <u>Knudsen</u> case should not

2  preclude the Firm from being able to obtain monthly payment of its fees and costs in the case.

3  <u>See</u> <u>Lotus Props.</u>, 200 B.R. 388 at 397-398 (the "message" behind <u>Knudsen</u> and the intent of the

4  U.S. Trustee Guidelines are satisfied by allowing counsel to obtain monthly post-petition

5  payments, notwithstanding the fact that the size of Chapter 11 case is smaller than <u>Knudsen</u>).

6  Similarly, in <u>In re Jefferson Business Center Associates</u>, the bankruptcy court stated as follows:

7
8
9
10
11
> "While it is often the case that post-petition retainer and the ability to draw against such retainer are granted in large bankruptcy case, and usually to large law firms, this Court sees no reason to treat smaller law firms any differently where the facts and circumstances of the case warrant the payment of a post-petition retainer.  A smaller law firm can and often does face the same, or perhaps greater, burdens, costs, inconvenience, and financial strain, as does a larger firm if it is unable to receive a retainer.  A small firm should not be treated any differently, as long as it meets all of the criteria referenced above."

12  <u>Jefferson Bus. Ctr. Assocs.</u>, 135 B.R. 676, 680 (Bankr. D. Colo. 1992).

13
14  **A.**    **<u>Requiring the Firm to Wait an Extended Period of Time for Payment of Its Fees in the Debtor's Case May Cause Undue Hardship to the Firm</u>**

15    Without a monthly payment procedure in this case, the Firm may suffer undue hardship.

16  As set forth in the Hollander Declaration, while the Firm does not necessarily anticipate that it will

17  be required to devote significant time in this case, it is not clear how long the Debtor will remain

18  in Chapter 11.

19    Due to the size of the Firm and the nature of the potentially required commitment of the

20  Firm's resources to the Debtor's case, requiring the Firm to wait for periods of at least 120 days to

21  obtain payment of its fees pursuant to Section 331 of the Bankruptcy Code may place undue

22  hardship on the Firm.  It would be burdensome for the Firm if it were effectively required to

23  "finance" the Debtor's reorganization efforts in this case, at the Firm's financial risk.  A monthly

24  payment arrangement is necessary to ameliorate the financial hardships that otherwise would be

25  imposed upon the Firm in this case.

26
27
28

**B.    The Firm Will Be Able to Respond to Any Reassessment of Fees Ordered by This Court.**

As set forth in the Hollander Declaration, the Firm will be able to respond to any order entered by this Court reassessing fees paid to the Firm pursuant to the requested monthly payment procedure. The Firm and its partners have the ability to respond to any such reassessment of fees paid to the Firm. The Firm is one of the preeminent bankruptcy law firms in Southern California, whose lawyers have extensive experience in the local bankruptcy community. The Firm has always been and remains in a position to respond to a court-ordered reassessment of its fees, to the extent such reassessment was ever ordered. The Firm understands that its ultimate compensation in this case is subject to the provisions of Sections 330 and 331 of the Bankruptcy Code, and is prepared to respond to any such reassessment. In short, the Firm's longevity and financial stability attest to the fact that it will be able to respond to any Court-ordered reassessment of fees in this case.

**C.    The Fee Procedures Will Be the Subject of Notice to Creditors.**

As is evidenced by the proof of service submitted concurrently with the Notice to Creditors of this Application, notice of the monthly payment procedures requested by this Application was provided to the Debtor, its counsel, all of its secured creditors, the Debtor's twenty largest creditors holding unsecured claims, and all parties who requested special notice and the U.S. Trustee. Such parties have been provided with an opportunity to obtain a hearing on this Application if they object to the relief requested hereby.

The monthly payment procedure provided for by this Application is very similar to the monthly payment procedure approved by the BAP in the <u>Knudsen</u> case and meets the requirements established by the BAP in the <u>Knudsen</u> case for authorizing monthly payment procedures. <u>First</u>, the monthly payment procedure provided for by this Application allows for ample scrutiny of the Firm's fees and costs by creditors and by this Court. The fees and costs paid to the Firm on a monthly basis are not automatically deemed allowed by this Court. Instead, the Firm is required to apply for allowance of its fees and costs in accordance with the requirements of the Bankruptcy Code. The scrutiny of the Firm's fees by creditors and this

1   Court, therefore, remains undiminished by the monthly payment procedure proposed herein.

2   <u>Second</u>, in the event that any fees and costs paid on a monthly basis to the Firm are not

3   ultimately allowed by this Court, the Firm can and will repay to the Debtor the amount thereof.

4   <u>See</u> the Hollander Declaration.

5           By virtue of the foregoing, the Committee believes that the monthly payment procedure

6   provided for by this Application satisfies the requirements articulated by the <u>Knudsen</u> decision.

7                                              **IV.**

8   **<u>NOTICE OF THE APPLICATION IS APPROPRIATE, AND NO FURTHER</u>**

9   **<u>HEARING IN RESPECT OF THE APPLICATION IS REQUIRED, UNLESS SUCH</u>**

10  **<u>HEARING IS ORDERED BY THIS COURT OR SPECIFICALLY REQUESTED</u>**

11                      **<u>BY A PARTY-IN-INTEREST</u>**

12          Notice of the relief requested by this Application has been provided to the U.S. Trustee

13  and any other party-in-interest entitled to notice under Rule 2002 of the Federal Rules of

14  Bankruptcy Procedure and Local Bankruptcy Rule 2014-1(b)(2)(B) and will be provided to the

15  Debtor, its counsel, the Committee and all secured creditors.  The U.S. Trustee and the Debtor will

16  be afforded an opportunity to object to the Application and request a hearing on this Application,

17  should they object to the relief requested herein.  Consequently, the Firm has complied fully with

18  the applicable federal and local rules.

19          / / /

20          / / /

21          / / /

22

23

24

25

26

27

28

## V.

## <u>CONCLUSION</u>

Based upon the foregoing, the Committee respectfully submits that good cause exists for this Court to enter an order granting the Application and such other and further relief as the Court deems just and appropriate.

DATED:  October 19, 2018

**OFFICIAL COMMITTEE OF CREDITORS
HOLDING UNSECURED CLAIMS**

By:  _____

       William E. Pope
     Committee Chairperson

**PRESENTED BY:
WINTHROP COUCHOT
GOLUBOW HOLLANDER, LLP**

By:  _/s/ Garrick A. Hollander_
     Garrick A. Hollander
[Proposed] General Insolvency Counsel
for Official Committee of Unsecured Creditors

## DECLARATION OF GARRICK A. HOLLANDER

I, Garrick A. Hollander, declare and state as follows:

1.      I am an attorney and a partner of the law firm of Winthrop Couchot Golubow Hollander, LLP (the "Firm") and am authorized to make this declaration on behalf of the Firm.  I have personal knowledge of the facts set forth herein and, if called upon to testify, I could and would do so competently and truthfully.

2.      I make this declaration in support of the Application of Official Committee of Creditors Holding Unsecured Claims to Employ Winthrop Couchot Golubow Hollander, LLP as General Insolvency Counsel ("Application") filed by the Official Committee of Creditors Holding Unsecured Claims ("Committee") for the estate of Ruby's Diner, Inc., debtor and debtor in possession ("Debtor").  I have reviewed the Application and, to the best of my knowledge, the factual representations contained therein regarding the Firm's representation of the Committee are materially true and correct.

3.      On September 5, 2018 ("Petition Date"), the Debtor filed a petition for relief under Chapter 11 of Title 11 of the United States Code ("Bankruptcy Code").  Since the Petition Date, the Debtor has managed its financial affairs as a debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

4.      On or about September 18, 2018, the Office of the United States Trustee appointed the Committee, and the Firm commenced rendering services on September 22, 2018.

5.      By the Application, the Committee seeks to employ the Firm to serve as its general insolvency counsel in the Debtor's case, at the expense of the Debtor's estate.

6.      The Firm is a boutique law firm specializing in the areas of insolvency, corporate reorganization, commercial litigation and out-of-court workouts and is well-qualified to represent the Committee in this case.  All attorneys comprising or associated with the Firm who will render services in the Debtor's case are duly admitted to practice law in the courts of the state of California and in the United States District Court for the Central District of California.  A copy of the Firm's résumé is attached hereto as Exhibit "1."

7.     The Committee requires the Firm to render to the Debtor the following types of professional services:

      a.     To advise and assist the Committee with respect to the Committee's duties, responsibilities and powers in the Debtor's bankruptcy case;

      b.     To advise and assist the Committee in investigating the acts, conduct, assets, liabilities and financial condition of the Debtor;

      c.     To advise and assist the Committee with respect to the administration of the Debtor's case, the distribution of the Debtor's assets, the prosecution of claims against third parties, and any other matters relevant to the Debtor's case;

      d.     To advise and assist the Committee with respect to the disposition and allowance of claims asserted against the Debtor's estate;

      e.     To advise and assist the Committee with respect to the negotiation, confirmation and implementation of a Chapter 11 plan; and

      f.     To advise and assist the Committee in any legal proceeding, whether adversary or otherwise, involving the interests represented by the Committee, and the performance of such other legal services as may be required by the Committee in furtherance of the interests of general unsecured creditors in the Debtor's case.

8.     The Firm will render services to the Debtor at the Firm's regular hourly rates, which may be subject to adjustment from time to time.  Immediately below is a list of the Firm's current hourly rates:

| **Attorneys** | **Hourly Rates** |
| --- | --- |
| Marc J. Winthrop | $795.00 |
| Robert E. Opera | $795.00 |
| Sean A. O'Keefe, *Of Counsel* | $750.00 |
| Paul J. Couchot, *Of Counsel* | $750.00 |
| Richard H. Golubow | $595.00 |

| | |
|---|---|
| Peter W. Lianides | $595.00 |
| Garrick A. Hollander | $595.00 |
| Andrew B. Levin | $435.00 |
| Alastair Gesmundo | $325.00 |
| **Legal Assistants** | |
| Meir Weinberg, Esq.[1] | $295.00 |
| P.J. Marksbury | $270.00 |
| Legal Assistant Associates | $150.00 |

9.     I anticipate that my partner Richard H. Golubow and I will be the primary lawyers working on this matter. The Firm may also use such other attorneys and legal assistants to assist on matters, as appropriate.

10.     The Committee and the Firm have agreed, subject to the Court's approval, to the terms of the Firm's employment in this case.

11.     The Firm intends to apply to this Court for compensation in conformity with the requirements of Bankruptcy Code Sections 330 and 331.  The Firm understands that its compensation in the Debtor's case will be subject to the approval of the Court.

12.     At the conclusion of this case, the Firm will file an appropriate application seeking final allowance of all fees and costs, regardless of whether interim compensation has been paid to the Firm.  Upon allowance of such fees and costs, the Debtor will pay to the Firm the difference between the amounts allowed to the Firm and any interim compensation paid to the Firm.  The Firm understands and agrees that, if aggregate interim payments made to the Firm exceed the amount that is ultimately allowed to the Firm, the Firm will be required to, and will, promptly repay to the Debtor such difference.

13.     By way of disclosure, on or about June 1, 2018, I met with Douglas Cavanaugh, the Debtor's president.  During the meeting Mr. Cavanaugh inquired about my willingness to

---

[1] Licensed to practice law in Massachusetts.

1   represent him personally relative to the Ruby's anticipated bankruptcy filing, which I respectfully

2   declined.  I do not believe that any confidential information was provided to me during that

3   meeting (as I was already aware, through rumors in the community, of the anticipated Ruby's

4   bankruptcy filing), nor do I believe that the meeting resulted in any conflicts for me or the Firm to

5   represent the Committee.

6       14.    Furthermore, the Firm has conducted a conflicts check on the Debtor and the

7   Debtor's creditors.  Based on the foregoing, I believe that the Firm does not, insofar as the Firm

8   has been able to ascertain:  (i) hold or represent any interest adverse to the Debtor or this Chapter

9   11 case that would impair the Firm's ability to perform objectively professional services for the

10   Debtor, in accordance with Section 1103 of the Bankruptcy Code; or (ii) have any connection with

11   creditors and other parties-in-interest relating to the Debtor or this Chapter 11 case.

12       15.    To the best of the Firm's knowledge, neither the Firm nor any of its professionals:

13   (i) is a creditor, an equity security holder, or an insider of the Debtor as of the Petition Date; (ii) is

14   or was, within two years before the Petition Date, a director, officer or employee of the Debtor; or

15   (iii) has an interest materially adverse to the interest of the estate or of any class of creditors or

16   equity security holders, by reason of any direct or indirect relationship to, connection with or

17   interest in the Debtor or for any other reason.

18       16.    None of the attorneys comprising or employed by the Firm is related to any judge

19   of the United States Bankruptcy Court for the Central District of California, the U.S. Trustee, or to

20   any person employed by the U.S. Trustee.  The Firm has not agreed to share with any person or

21   entity any compensation received by the Firm in this case, except as among the members of the

22   Firm.

23       17.    Without a monthly payment procedure in this case, the Firm may suffer undue

24   hardship.  While the Firm does not necessarily anticipate that it will be required to devote

25   significant time in this case, it is not clear how long the Debtor will remain in Chapter 11.

26       18.    The Firm will be able to respond to any order entered by this Court reassessing fees

27   paid to the Firm pursuant to the requested monthly payment procedure.  The Firm and its partners

28   have the ability to respond to any such reassessment of fees paid to the Firm.  The Firm is one of

1   the preeminent bankruptcy law firms in Southern California, whose lawyers have extensive

2   experience in the local bankruptcy community.  The Firm has always been and remains in a

3   position to respond to a court-ordered reassessment of its fees, to the extent such reassessment was

4   ever ordered.  The Firm understands that its ultimate compensation in this case is subject to the

5   provisions of Sections 330 and 331 of the Bankruptcy Code, and is prepared to respond to any

6   such reassessment.  In short, the Firm's longevity and financial stability attest to the fact that it

7   will be able to respond to any Court-ordered reassessment of fees in this case.

8          19.     As is evidenced by the proof of service submitted concurrently with the Notice to

9   Creditors of this Application, notice of the monthly payment procedures requested by this

10  Application was provided to the Debtor, its counsel, all of its secured creditors, the Debtor's

11  twenty largest creditors holding unsecured claims, and all parties who requested special notice and

12  the U.S. Trustee.  Such parties have been provided with an opportunity to obtain a hearing on this

13  Application if they object to the relief requested hereby.

14         20.     The monthly payment procedure provided for by this Application is very similar to

15  the monthly payment procedure approved by the BAP in the Knudsen case and meets the

16  requirements established by the BAP in the Knudsen case for authorizing monthly payment

17  procedures.  First, the monthly payment procedure provided for by this Application allows for

18  ample scrutiny of the Firm's fees and costs by creditors and by this Court.  The fees and costs paid

19  to the Firm on a monthly basis are not automatically deemed allowed by this Court.  Instead, the

20  Firm is required to apply for allowance of its fees and costs in accordance with the requirements

21  of the Bankruptcy Code.  The scrutiny of the Firm's fees by creditors and this Court, therefore,

22  remains undiminished by the monthly payment procedure proposed herein.  Second, in the event

23  that any fees and costs paid on a monthly basis to the Firm are not ultimately allowed by this

24  Court, the Firm can and will repay to the Debtor the amount thereof.

25         I declare under penalty of perjury that the foregoing is true and correct.

26         Executed on this 19th day of October 2018, at Newport Beach, California.

27

28                                          _____/s/ Garrick A. Hollander_____
                                            Garrick A. Hollander

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:  1301 Dove Street, Suite 500, Newport Beach, CA 92660

A true and correct copy of the foregoing document entitled: **APPLICATION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO EMPLOY WINTHROP COUCHOT GOLUBOW HOLLANDER, LLP AS GENERAL INSOLVENCY COUNSEL FOR THE COMMITTEE; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF GARRICK A. HOLLANDER IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:
Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **October 19, 2018**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____. I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| October 19, 2018 | Jeannie Martinez | /s/  Jeannie Martinez |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

**NEF SERVICE LIST**

- **George B Blackmar** gblackmar@bpslaw.net
- **Aaron Davis** aaron.davis@bryancave.com, kat.flaherty@bryancave.com
- **Alan J Friedman** afriedman@shbllp.com, lgauthier@shbllp.com
- **Michael J Hauser** michael.hauser@usdoj.gov
- **David S Kupetz** dkupetz@sulmeyerlaw.com,
dperez@sulmeyerlaw.com;dperez@ecf.inforuptcy.com;dkupetz@ecf.inforuptcy.com
- **William N Lobel** wlobel@pszjlaw.com,
nlockwood@pszjlaw.com;jokeefe@pszjlaw.com;banavim@pszjlaw.com
- **Robert S Marticello** Rmarticello@swelawfirm.com,
csheets@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- **Jessica G McKinlay** mckinlay.jessica@dorsey.com
- **Malcolm D Minnick** dminnick@pillsburylaw.com, m.minnick@comcast.net
- **Valerie Smith** claims@recoverycorp.com
- **United States Trustee (SA)** ustpregion16.sa.ecf@usdoj.gov
- **Matthew S Walker** matthew.walker@pillsburylaw.com, candy.kleiner@pillsburylaw.com