William N. Lobel – State Bar No. 93202
PACHULSKI STANG ZIEHL & JONES LLP
650 Town Center Drive, Suite 1500
Costa Mesa, CA  92626
Telephone: (714) 384-4740
Facsimile:  (714) 384-4741
E-mail:    wlobel@pszjlaw.com

[Proposed] Attorneys for Ruby's Diners, Inc., *et al.*
Debtors and Debtors-in-Possession

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>RUBY'S DINER, INC., a California corporation, *et al.*,[1]<br><br>     Debtors and Debtors-in Possession,<br><br>Affects:<br><br>☐ All Debtors<br>☒ RUBY'S DINER, INC., ONLY<br>☐ RUBY'S SOCAL DINERS, LLC, ONLY<br>☐ RUBY'S QUALITY DINERS, LLC, ONLY<br>☐ RUBY'S HUNTINGTON BEACH, LTD., ONLY<br>☐ RUBY'S LAGUNA HILLS, LTD. ONLY<br>☐ RUBY'S OCEANSIDE, LTD., ONLY<br>☐ RUBY'S PALM SPRINGS, LTD., ONLY | Case No. 8:18-bk-13311-CB<br><br>Chapter 11<br><br>(Jointly Administered With Case Nos. 8:18-bk-13197-CB; 8:18-bk-13198-CB; 8:18-bk-13199-CB; 8:18-bk-13200-CB; 8:18-bk-13201-CB; 8:18-bk-13202-CB)<br><br>Chapter 11<br><br>**STIPULATION BETWEEN GLASSRATNER ADVISORY & CAPITAL GROUP LLC AND THE OFFICE OF THE UNITED STATES TRUSTEE RESOLVING OBJECTION OF U.S. TRUSTEE TO APPLICATION TO EMPLOY GLASSRATNER ADVISORY & CAPITAL GROUP LLC**<br><br>**[Relates to Docket Nos. 100 and 111]**<br><br>[No Hearing Set] |

---

[1] The last four digits of the Debtors' federal tax identification numbers are as follows: Ruby's Diner, Inc. (8143); Ruby's SoCal Diners, LLC (9782); Ruby's Quality Diners, LLC (1539); Ruby's Huntington Beach, Ltd. (1331); Ruby's Laguna Hills, Ltd. (6603); Ruby's Oceanside, Ltd. (9104); and Ruby Palm Springs, Ltd. (9627).

DOCS_LA:317269.2 76135/003                1

**TO THE HONORABLE CATHERINE E. BAUER, UNITED STATES BANKRUPTCY JUDGE FOR THE CENTRAL DISTRICT OF CALIFORNIA, THE OFFICE OF THE UNITED STATES TRUSTEE AND OTHER PARTIES-IN-INTEREST:**

This stipulation (the "Stipulation") is made between the Office of the United States Trustee (the "UST") and GlassRatner Advisory & Capital Group LLC ("GlassRatner" or the "Firm") (together, the UST and GlassRatner are referred to as the "Parties"), by and through their respective counsel, represent and stipulate as follows:

## **RECITALS**

1. On August 29, 2018, Ruby's SoCal Diners, LLC, Ruby's Quality Diners, LLC, Ruby's Huntington Beach, Ltd., Ruby's Laguna Hills, Ltd., Ruby's Oceanside, Ltd. and Ruby Palm Springs, Ltd. (the "SoCal Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  On September 5, 2018, Ruby's Diner, Inc. ("RDI") filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code.  On September 5, 2018, the Court entered an order jointly administering the SoCal Debtors' cases with RDI's case, with the RDI Case designated as the "Lead Case."  [Docket No. 6].

2. On October 2, 2018, RDI filed its *Application of Ruby's Diner, Inc., Debtor and Debtor in Possession, to Employ GlassRatner Advisory & Capital Group, LLC  as Financial Advisor to Ruby's Diner, Inc., Only* (the "Application") [Docket No. 100].

3. On October 5, 2018, the UST filed an *Objection of U.S. Trustee to Application of Ruby's Diner, Inc., Debtor and Debtor in Possession, to Employ GlassRatner Advisory & Capital Group, LLC  as Financial Advisor to Ruby's Diner, Inc., Only* (the "Objection") [Docket No. 111].

4. GlassRatner desires to resolve any conflicts with respect to its representation of RDI, and desires to seek authorization for monthly payments under Local Bankruptcy Rule 2016-1(b); *provided, however*, that such payments will only be made once funds are available to the estate to pay such professional fees, and and seeks by way of this Stipulation to resolve the Objection, as set forth below:

## STIPULATION

1. The Recitals set forth above are each incorporated into and made a part of this Stipulation.

2. GlassRatner will be employed to represent only RDI in connection with its chapter 11 case, and will not be employed by the SoCal Debtors. The Parties understand, however, that certain matters that pertain to RDI will necessarily involve matters pertaining also to the SoCal Debtors due to the interrelated nature of the affiliated debtors' finances. GlassRatner will, however, provide services only to and on behalf of RDI that are necessary and appropriate to such representation.

3. GlassRatner waives any pre-petition claims that it may hold against RDI and may not assert such claim in the RDI chapter 11 case.

4. GlassRatner does not waive any pre-petition claims that it may hold against the SoCal Debtors and may assert such claims in the SoCal Debtors' chapter 11 cases.

5. Professional fees will not be paid in the RDI or SoCal Debtors' chapter 11 cases until there are funds sufficient to pay such professional fees pursuant to an approved cash collateral budget (the "Budget").

2. Once funds are available to pay such professional fees, the Firm requests that it be authorized to be paid fees and expenses on a monthly basis, in accordance with the Budget, and as set forth herein.

3. In compliance with the Guide to Applications for Employment of Professionals and Treatment of Retainers promulgated by the Office of the United States Trustee (the "Employment Guide"), the Firm will serve a monthly fee statement upon RDI, the United States Trustee, the Committee, and Committee's counsel and on those parties that have requested special notice. If no written objection is filed with respect to the Firm's monthly statement within ten (10) days after the service of such invoice on the various parties referenced above, the Firm will be paid the amount of its monthly statement in accordance with the Budget less a 20% holdback of the fees incurred. However, if a written objection to the Firm's monthly statement is filed, the Firm will not be paid the disputed amount until the objection has been resolved.

4. It is contemplated that the Firm will seek interim compensation during the RDI case

Case 8:18-bk-13311-CB    Doc 148    Filed 11/28/18    Entered 11/28/18 10:43:23    Desc
Main Document    Page 4 of 4

as permitted by sections 327, 330 and 331 of the Bankruptcy Code and Bankruptcy Rule 2016. The Firm understands that its compensation in the RDI case will be subject to the approval of the Court. No funds paid pursuant to the Budget in accordance with the proposed monthly payment procedure will be deemed to be allowed by the Court until approval is obtained through the fee application process, and the fees and costs are allowed.

5. Not more frequently than every four (4) months, the Firm will file an application with the Court seeking allowance of its fees and costs to be paid from property of the estate. At the hearing on such an application, the Firm will also seek to be paid the holdback to date. At the conclusion of the case, the Firm will file an appropriate application seeking final allowance of all fees and costs, regardless of whether interim compensation has been paid to the Firm. Upon allowance of such fees and costs, the Firm will seek compensation from RDI for the difference between the interim compensation paid to the Firm and the amounts allowed.

IT IS SO STIPULATED.

Dated: November 28, 2018

GLASSRATNER ADVISORY
& CAPITAL GROUP

By: _____
J. Michael Issa
[Proposed] Financial Advisor for Ruby's Diner, Inc.

Dated: November 26, 2018

PETER C. ANDERSON
UNITED STATES TRUSTEE

By: _____
Michael Hauser
Attorney for the United States. Trustee

DOCS_LA:317269.2 76135/003

4