William N. Lobel, State Bar No. 93202
PACHULSKI STANG ZIEHL & JONES LLP
650 Town Center Drive, Suite 1500
Costa Mesa, California 92626
Telephone:  (714) 384-4740
Facsimile:  (714) 384-4741
E-mail:  wlobel@pszjlaw.com

Attorneys for Ruby's Diner, Inc., a California corporation,
*et al.,* Debtors and Debtors-in-Possession

### UNITED STATES BANKRUPTCY COURT

### CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| | |
|---|---|
| In re: | Case No. 8:18-bk-13311-CB |
| RUBY'S DINER, INC., a California corporation, *et al.,*[1] | Chapter 11 |
| Debtors and Debtors-in-Possession. | (Jointly Administered With Case Nos. 8:18-bk-13197-CB; 8:18-bk-13198-CB; 8:18-bk-13199-CB; 8:18-bk-13200-CB; 8:18-bk-13201-CB; 8:18-bk-13202-CB) |
| Affects: | Chapter 11 |
| ☒  All Debtors | |
| ☐  RUBY'S DINER, INC., ONLY | **DEBTORS' NOTICE OF MOTION AND MOTION FOR ENTRY OF AN ORDER (A) ESTABLISHING THE PROCEDURES AND DEADLINES FOR FILING PROOFS OF CLAIM; (B) APPROVING FORM AND MANNER OF NOTICE OF BAR DATE; AND (C) GRANTING RELATED RELIEF; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF WILLIAM N. LOBEL IN SUPPORT** |
| ☐  RUBY'S SOCAL DINERS, LLC, ONLY | |
| ☐  RUBY'S QUALITY DINERS, LLC, ONLY | |
| ☐  RUBY'S HUNTINGTON BEACH, LTD., ONLY | |
| ☐  RUBY'S LAGUNA HILLS, LTD. ONLY | |
| ☐  RUBY'S OCEANSIDE, LTD., ONLY | |
| ☐  RUBY'S PALM SPRINGS, LTD., ONLY | Date:  February 27, 2019<br>Time:  10:00 a.m.<br>Courtroom:  411 W. Fourth Street<br>Santa Ana, CA  92701 |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
COSTA MESA, CALIFORNIA

---

[1] The last four digits of RDI'S federal tax identification numbers are as follows: Ruby's Diner, Inc. (8143); Ruby's SoCal Diners, LLC (9782); Ruby's Quality Diners, LLC (1539); Ruby's Huntington Beach, Ltd. (1331); Ruby's Laguna Hills, Ltd. (6603); Ruby's Oceanside, Ltd. (9104); and Ruby Palm Springs, Ltd. (9627).

DOCS_LA:318786.5 76135/003

**TO THE HONORABLE CATHERINE E. BAUER, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND PARTIES IN INTEREST:**

**PLEASE TAKE NOTICE** that Ruby's Diner, Inc., a California corporation ("RDI"); Ruby's SoCal Diners, LLC, a Delaware limited liability company ("SoCal Diners"); Ruby's Quality Diners, LLC, a Delaware limited liability company ("Quality"); Ruby's Huntington Beach, Ltd., a California limited partnership ("Ruby's Huntington Beach"); Ruby's Laguna Hills, Ltd., a California limited partnership ("Ruby's Laguna Hills"); Ruby's Oceanside, Ltd., a California limited partnership ("Ruby's Oceanside"); and Ruby's Palm Springs, Ltd., a California limited partnership ("Ruby's Palm Springs") (collectively, without RDI, the "SoCal Debtors" and, with RDI, the "Debtors"), hereby move this Court (the "Motion") for entry of an order: (a) establishing the procedures and, pursuant to Rules 2002(a)(7) and 3003(c)(3) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the deadlines for filing (the "Bar Date") proofs of claim pursuant to section 501 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 3003 of the Bankruptcy Rules; and (b) approving the form and manner of notice to creditors and other interested parties of the established procedures and deadlines.

By the Motion, the Debtors request, pursuant to Bankruptcy Rule 3003(c)(3), that the Court approve a general Bar Date (defined below) of thirty (30) days following service of notice of the last date and time by which all creditors of the Debtors must file proofs of claim (the "General Bar Date") as the deadline by which any person or other entity (except for governmental entities) that wishes to assert a prepetition claim (including, without limitation, an administrative expense claim under section 503(b)(a) of the Bankruptcy Code) pursuant to section 501 of the Bankruptcy Code (collectively, a "Prepetition Claim") against any of the Debtors, must file and serve a proof of claim (a "Proof of Claim") or forever be barred from asserting such Prepetition Claim.

Pursuant to section 502(b)(9) of the Bankruptcy Code, the deadlines for a governmental unit (as that term is defined in section 101(27) of the Bankruptcy Code) to file a proof of claim is February 25, 2019 (for Prepetition Claims against the SoCal Debtors who filed petitions on August 29, 2018) and March 4, 2019 (for Prepetition Claims against RDI who filed its petition on September

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
COSTA MESA, CALIFORNIA

5, 2018), which is 180 days after the dates of the Orders for Relief in the cases as the "Governmental Units Bar Date."[2]

Claims arising from the rejection of executory contracts or the avoidance of claims under chapter 5 of the Bankruptcy Code be subject to the deadline of the General Bar Date or thirty (30) days after the claim arose.

As described below, setting the Bar Date is necessary for the Debtors to determine the total amount, number, and types of claims that are asserted against the Debtors' estates so that they can assess the claims against the estates and obtain confirmation of a Plan. Setting the Bar Date will facilitate the administration of the estates as efficiently and promptly as possible.

Further, pursuant to Local Rule 3003-1 and the mandatory form of order, the Debtors seek the Court's approval of the order setting such Bar Date (the "Order Setting Bar Date") to be mailed by first class mail to all of the Debtors' creditors, along with the notice of Bar Date (the "Bar Date Notice"). A copy of the proposed Bar Date Notice is attached hereto as Exhibit A; and a blank Proof of Claim form is attached as Exhibit B.

**PLEASE TAKE FURTHER NOTICE** that, any objection to the Motion and request for a hearing must be in the form prescribed by Local Bankruptcy Rule 9013-1(o)(1) and must be filed with the Clerk of the Bankruptcy Court located at the Ronald Reagan Federal Building and U.S. Courthouse, 411 West Fourth Street, Santa Ana, CA 92701 and served on counsel for the Debtors, at the address indicated in the upper left-hand corner of the first page of the Motion, and the Office of the United States Trustee, 411 West Fourth Street, Suite 7160, Santa Ana, CA 92701, within fourteen (14) days after the date of the service of the notice. If a timely response and request for hearing is filed and served, then the Debtors will schedule and give not less than fourteen (14) days' notice of a hearing to those responding and to the Office of the United States Trustee.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Rule 9013-1(o) of the Local Bankruptcy Rules, failure to timely file and serve a response or objection may be deemed to

---

[2] The Governmental Units Bar Date is subject to any dates authorizing an extension of the deadline pursuant to the *Order Granting the United States' Omnibus Motion for Enlargement of Deadlines and a Stay of Proceeding with which the United States Government is a Party in Light of Lapse of Appropriations*, entered on January 23, 2019, as Docket No. 3, Misc. No. 1:19-mp-00101 MT.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
COSTA MESA, CALIFORNIA

3

constitute consent to the relief requested by the Debtors in this Motion.  If the objection period

expires without the filing of a response and request for hearing, then the Debtors will submit to this

Court an order for entry without a hearing.

**PLEASE TAKE FURTHER NOTICE** that this Motion is based upon the attached

Memorandum of Points and Authorities and Declaration of William N. Lobel, the record in these

cases, and such additional arguments and evidence that may be properly presented to this Court, at,

or prior to, any hearing or ruling on this Motion.

**WHEREFORE** the Debtors respectfully request that the Court enter an order (a) approving

a General Bar Date of thirty (30) days following service of notice of the last date and time by which

all creditors of the Debtors must file proofs of claim as the General Bar Date; (b) precluding any

party that fails to file and serve a Proof of Claim in the manner described in the Bar Date Notice,

from asserting a right to payment of that claim anytime thereafter; (d) approving the form and

manner of service of the Bar Date Notice; and (e) granting such other and further relief as the Court

deems just and proper.

Dated: January 29, 2019                     PACHULSKI STANG ZIEHL & JONES LLP


                                            By      */s/ William N. Lobel*
                                                    _____
                                                    William N. Lobel
                                                    Attorneys for Ruby's Diner, Inc., *et al.,*
                                                    Debtors and Debtors-in-Possession

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
COSTA MESA, CALIFORNIA

## MEMORANDUM OF POINTS AND AUTHORITIES

By the Motion, the Debtors request that the Court establish a deadline by which all persons must file and serve proofs of claim, or forever be barred from asserting any such claims against the Debtors. Provided the Motion is approved, creditors will receive approximately thirty (30) days' notice of the bar date sought by the Motion. Establishing the bar date promptly, therefore, will not prejudice any creditor and will greatly assist the Debtors in facilitating the administration of these estates as efficiently and promptly as possible.

### I.

### JURISDICTION

The Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334. This proceeding is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(A) and (O). Venue of these proceedings and this Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are sections 501, 502(b)(9) and 503(b)(9) of the Bankruptcy Code, Bankruptcy Rules 2002(a)(7) and 3003, and Local Rules 3003-1 and 9013-1(q).

### II.

### STATEMENT OF FACTS

**A.    Jurisdiction and Venue**

This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

**B.    Background**

On August 29, 2018, the SoCal Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. On September 5, 2018, RDI filed a related chapter 11 case. On September 5, 2018, the Court entered an order jointly administering the Debtors' cases, with RDI designated as the lead debtor.

No party has requested the appointment of a trustee or examiner in the Debtors' cases. On September 19, 2018, the Office of the United States Trustee appointed an official committee of unsecured creditors in the RDI case (the "Committee").

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
COSTA MESA, CALIFORNIA

5

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
COSTA MESA, CALIFORNIA

### C.    Description of the Debtors' Business

RDI was incorporated on February 13, 1985.  Its principal business address is 4100 MacArthur Blvd., Suite 310, Newport Beach, California 92660.  RDI owns varying percentages of and operates diners in Southern California through its subsidiaries, including through its wholly-owned subsidiary, SoCal Diners.  RDI and its affiliates own, operate and manage restaurants under the trade names such as "Ruby's®," "Ruby's® Diner," and "The Ruby Restaurant Group."  RDI and its affiliates have operated Ruby's® Diner restaurants since prior to 1985 and are known as purveyors of very popular burgers, fries and shakes.  RDI is owned 60% by Douglas Cavanaugh and 40% by Ralph Kosmides, and they are the founders of Ruby's.  RDI is the owner of the Ruby's® trademarks, system and intellectual property and is the employer of the more than 800 employees of RDI and its affiliates.

RDI is the 100% owner and sole and managing member of SoCal Diners.  SoCal Diners is the 100% owner and sole and managing member of Quality.  SoCal Diners is the general partner and 50% owner, and Quality is the limited partner and 50% owner, of the following California limited partnerships: (1) Ruby's Huntington Beach, which owns and operates a Ruby's® restaurant on the pier in Huntington Beach, California and is one of the SoCal Debtors; (2) Ruby's Oceanside, which owns and operates a Ruby's® restaurant in Oceanside, California and is one of the SoCal Debtors; (3) Ruby's Palm Springs, which owns and operates a Ruby's® restaurant in Palm Springs, California and is one of the SoCal Debtors; (4) Ruby's Laguna Hills, which owns and operates a Ruby's® restaurant in the Laguna Hill Mall in Laguna Hills, California and is one of the SoCal Debtors; and (5) Ruby's Mission Valley, Ltd., which until a few months prior to the Petition Date, owned and operated a Ruby's® restaurant in the Westfield Mission Valley Mall in San Diego, California.[1]

In addition, RDI holds ownership interests in, and management roles in connection with, the following joint venture entities:  (1) RDI is the managing member and 70% owner of Ruby's Beach

---

[1] The Mission Valley restaurant was closed prior to the Petition Date, in April 2018.  Ruby's Mission Valley, Ltd., while owned by SoCal Diners and Quality, is not operating and is thus not a debtor entity.

DOCS_LA:318786.5 76135/003

1  Ventures LLC, which owns and operates a Ruby's® restaurant in Long Beach, California;[2] (2) RDI is

2  the general partner and 50% owner of Ruby's Diner South Coast Plaza LP, which owns and operates

3  a Ruby's® restaurant at South Coast Plaza Mall in Costa Mesa, California;[3] (3) RDI is the managing

4  member and sole owner of Ruby's Woodbridge LLC, which owns and operates a Ruby's® restaurant

5  in Woodbridge in Irvine, California; and (4) RDI is the managing member and 50% owner of Ruby's

6  Spectrum LLC, which until a few months prior to the Petition Date, owned and operated a Ruby's®

7  restaurant at the Irvine Spectrum in Irvine, California.[4]  These entities have not filed chapter 11

8  cases.

9         As of the Petition Dates, there also were twenty-four (24) Ruby's® Diner franchises (or

10  licensed units) located in Southern California, Arizona, Pennsylvania, New Jersey, Nevada and

11  Texas that are owned and, with certain limited exceptions, operated by independent third parties.

**III.**

**RELIEF REQUESTED**

**A.     Establishment of Bar Date**

15         Rule 3003(c)(3) of the Federal Rules of Bankruptcy Procedure ("<u>Bankruptcy Rules</u>")

16  provides that the court shall fix and for cause shown may extend the time within which proofs of

17  claim or interest may be filed.  Pursuant to Bankruptcy Rule 3003(c)(2), any creditor or equity

18  security holder who assets a claim against the debtor that arose prior to the petition date, and whose

19  claim is not scheduled in the debtor's respective schedules of assets and liabilities or, if scheduled, is

20  listed as disputed, contingent or unliquidated, shall file a proof of claim within the time prescribed

21  by subdivision (c)(3) and that any creditor who fails to do so shall not be treated as a creditor with

22  respect to such claim for the purposes of voting and distribution.  Section 502(b)(9) of the

23  Bankruptcy Code provides that the claim of a governmental unit shall be timely filed if it is filed

---

[2] The other 30% of Ruby's Beach Ventures LLC is held by various third-party investors.

[3] The other 50% of Ruby's Diner South Coast Plaza LP is owned by South Coast Plaza Expansion, a California general partnership, as the limited partner.

[4] The other 50% of Ruby's Spectrum LLC is held by William C. Taormina, Trustee of the Taormina Revocable Inter Vivos Trust u/d/t dated July 26, 1983.  The Irvine Spectrum restaurant was closed prior to the Petition Date, in April 2018.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
COSTA MESA, CALIFORNIA

DOCS_LA:318786.5 76135/003

before one hundred eighty (180) days after the order for relief.  Section 502(g) of the Bankruptcy

Code provides that a claim arising from the rejection of an executory contracts or unexpired leases

pursuant to 11 U.S.C. § 365, that has not been assumed shall be determined, and is allowed under

subsection (a), (b), or (c) of this section or disallowed under subsection (d) or (e) of this section, the

same as if such <u>claim</u> had arisen before the date of the filing of the petition.

### 1.    General Bar Date

By this Motion, the Debtors request that the Court enter an order establishing thirty (30)

days following service of Bar Date Notice as the last date and time by which all creditors of the

Debtors must file proofs of claim as the deadline for a holder of a prepetition claim ("<u>Claimant</u>"), as

that term is defined in section 101(f) of the Bankruptcy Code (each, a "<u>Claim</u>," and collectively,

"<u>Claims</u>"), including, without limitation, any Claims under section 503(b)(9) of the Bankruptcy

Code (each, a "<u>503(b)(9) Claim</u>") secured Claims, and priority Claims, against the Debtors and their

estates (the "<u>General Bar Date</u>").  Because the proposed General Bar Date affords approximately

thirty (30) days' notice, the proposed General Bar Date affords claimants sufficient time to review

the Schedules and their own records, determine if they must file a proof of claim, and file a proof of

claim, if required.

Within seven (7) days from the entry of the order granting this Motion and fixing the bar date

(the "<u>Bar Date Order</u>"), the Debtors, through Donlin Recano or otherwise, will serve all known

entities holding potential Claims and other parties in interest as required by Bankruptcy Rule

2002(a)(7) with (i) notice of the bar date (the "<u>Bar Date Notice</u>"), in the form attached to this Motion

as <u>Exhibit A</u>, and (ii) Proof of claim Form (the "<u>Proof of Claim Form</u>"), in the form attached to this

Motion as <u>Exhibit B</u>.  The Bar Date Notice together with the Proof of Claim Form will be referred to

as the "<u>Bar Date Package</u>."  The date upon which the Debtors commence service of the Bar Date

Package is referred to herein as the "<u>Service Date</u>."

The Debtors further request that the Court establish deadlines for filing claims held by

(a) non-debtor parties to rejected leases and executory contracts, and (b) parties against which the

Debtors have obtained a judgment avoiding a transfer pursuant to the avoidance powers set forth in

chapter 5 of the Bankruptcy Code.

DOCS_LA:318786.5 76135/003

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
COSTA MESA, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
COSTA MESA, CALIFORNIA

### 2.    Rejection Bar Date

For claims arising from the rejection of executory contracts or unexpired leases pursuant to 11 U.S.C. § 365, the last day to file a Proof of Claim will be the later of the General Bar Date or thirty (30) days after the date of entry of the order authorizing the rejection.

### 3.    Avoidance Bar Date

For claims arising from the avoidance of a transfer under chapter 5 of the Bankruptcy Code, the last day to file a Proof of Claim will be the later of the General Bar Date or thirty (30) days after the entry of judgment avoiding the transfer.

### 4.    Governmental Units Bar Date

For claims of governmental units that arose before the Petition Dates, the last day to file a Proof of Claim is February 25, 2019 (for Claims against the SoCal Debtors who filed petitions on August 29, 2018) and March 4, 2019 (for Claims against RDI who filed its petition on September 5, 2018) which is 180 days after the dates of the Orders for Relief in these cases.[5]

### 5.    Supplemental Bar Date

The Debtors further request that in the event the Debtors amend their Schedules, the Court establish, in accordance with Local Bankruptcy Rule 1009-2, the later of (1) the General Bar Date, or (ii) thirty (30) days after the Debtors provide notice to the holder of the amendment, as the bar date for filing a Proof of Claim for any such entity.

**B.    The Proposed Procedures for Filing Proofs of Claim**

The Debtors propose the following procedure for filing Proofs of Claim:

(a)    A Proof of Claim must:  (i) be written in English language; (ii) be denominated in lawful currency of the United States as of the Petition Date; (iii) conform substantially to the Proof of Claim Form or Official Bankruptcy Form No. 410

---

[5] The Governmental Units Bar Date is subject to any dates authorizing an extension of the deadline pursuant to the *Order Granting the United States' Omnibus Motion for Enlargement of Deadlines and a Stay of Proceeding with which the United States Government is a Party in Light of Lapse of Appropriations*, entered on January 23, 2019, as Docket No. 3, Misc. No. 1:19-mp-00101 MT.

("<u>Official Form 410</u>");[6] (iv) set forth with specificity the legal factual basis for the alleged Claim; (v) include supporting documentation (or, if such documentation is voluminous, include a summary of such documentation) or an explanation as to why such documentation is not available; and (vi) be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant.

(b) A Proof of Claim shall be deemed timely filed only if the Proof of Claim is **<u>actually received</u>** by Donlin Recano on or before the applicable Bar Date (i) by mail at the following address:

> Donlin, Recano & Company, Inc.
> Re: Ruby's Diner, Inc., et al.
> P.O. Box 199043
> Blythebourne Station
> Brooklyn, NY 11219

Or, (ii) by courier, hand delivery, or overnight delivery at the following address:

> Donlin, Recano & Company, Inc.
> Re: Ruby's Diner, Inc., et al.
> 6201 15th Avenue
> Brooklyn NY 11219

(c) Proofs of Claim sent by facsimile and other electronic delivery methods are not acceptable. You must file an originally executed proof of claim.

(d) If you would like a copy of your Proof of Claim returned to you as proof of receipt, please enclose an additional copy of the proof(s) of claim and a self-addressed postage-paid envelope.

## C. <u>Parties Required to File Proofs of Claim by the Bar Date</u>

The Debtors propose that each of the following entities that fails to file a Proof of Claim by the applicable Bar Date with respect to a Claim shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution under any plan confirmed in the Debtors' cases and shall not be entitled to receive further notices regarding such Claim:

---

[6] Official Form 410 can be found at http://www.cacb.uscourts.gov, the Official Website for the United States Bankruptcy Courts.

DOCS_LA:318786.5 76135/003

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
COSTA MESA, CALIFORNIA

(a) any entity whose Claim against the Debtors is not listed in the Schedules or any amended Schedules, or whose claim is listed in the Schedules or any Amended Schedules, or whose Claim is listed in the Schedules or any Amended Schedules but is listed therein as disputed, contingent and/or unliquidated;

(b) any entity that believes that is Claim is improperly classified in the Schedules or any Amended Schedules or is listed in an incorrect amount that desires to have its claim allowed in a classification or amount other than that identified in the Schedules or any Amended Schedules; and

(c) any entity that believes that its Claim as listed in the Schedules or any Amended Schedules is not an obligation of the specific Debtor against which the Claim is listed and that desires to have its Claim allowed against a Debtor other than that identified in the Schedules or any Amended Schedules.

**D.    Parties Not Required to File Proofs of Claim by the Bar Date**

The following persons or entities whose Claims would otherwise be subject to a bar date need **not** file a Proof of Claim on or before the applicable Bar Date with respect to the Claims described below:

(a) any person or entity that has properly filed with (i) the Clerk of the United States Bankruptcy Court for the Central District of California, Santa Ana Division or (ii) with Donlin Recano a Proof of Claim against the Debtors using a form that substantially conforms to the Proof of Claim Form or Official Form 410;

(b) any person or entity whose Claim is listed on the Schedules or any Amended Schedules and (1) whose Claim is **not** described therein as "disputed," "contingent" or "unliquidated," and (ii) who does **not** dispute the amount or nature of the claim as set forth in the Schedules or any Amended Schedules;

(c) any person or entity whose claim has been paid in full by the Debtors;

(d) any person or entity holding a claim for which a separate deadline has been previously fixed by this Court;

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
COSTA MESA, CALIFORNIA

(e)  any person or entity seeks to assert a Claim based on an interest in an equity security of the Debtors; provided, however, that any claimant who wishes to assert a Claim against the Debtors based on, without limitation, Claims for damages or rescission based on the purchase or sale of any equity security, must file a Proof of Claim on or before the General Bar Date.  The Debtors reserve all rights with respect to any such Claims including, inter alia, to assert that such Claims are subject to subordination pursuant to section 510(b) of the Bankruptcy Code;

(f)  any person or entity that holds a Claim that has been fixed and allowed by an order of this Court entered on or before the General Bar Date or the Governmental Bar Date, as applicable; and

(g)  any Claims allowed under sections 503(b)(9) and 507(a)(1) of the Bankruptcy Code as administrative expenses of the Debtors' cases, with the exception of Claims allowable under section 503(b)(9) of the Bankruptcy Code, which are subject to the General Bar Date as provided above.

**E.**    **Consequences of Failure to File a Proof of Claim**

Pursuant to Bankruptcy Rule 3003(c)(2), the Debtors request that if any holder of a Claim against the Debtors is required to file a Proof of Claim in respect of such Claim on or before the General Bar Date, the Governmental Units Bar Date, the Rejection Damages Bar Date, the Avoidance Bar Date, or the Supplemental Bar Date, as applicable, in accordance with the procedures set forth in the Bar Date Order, but fails to do so, such claim holder shall be forever barred, estopped and enjoined from asserting such Claim against the Debtors or their estates (or filing a proof of claim with respect thereto), and the Debtors and their property shall be forever discharged from any and all indebtedness or liability with respect to such Claim.  In addition, the Debtors request that the Bar Date Order provide that such holder not be permitted to vote to accept or reject any plan in the cases, or participate in any distribution on account of such claim or receive further notices regarding such clam in the cases.

**F.**    **Notice of Bar Date and Modifications Thereto**

Pursuant to Local Rule 3003-1, notice of a claims bar date in a chapter 11 case must be made

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
COSTA MESA, CALIFORNIA

using the mandatory court-approved form.  Rule 3003-1 provides:

> No later than 7 days after the court orders a bar date for the filing of proofs
> of claim in a chapter 11 case, whether on its own initiative or on a motion
> filed pursuant to LBR 9013-1(q), the debtor in possession or the chapter 11
> trustee must file and serve on all creditors, and all other parties entitled to
> notice, a notice of the claims bar date using mandatory court approved form
> F 3003-1.NOTICE.BARDATE.

The Debtors submit a proposed Bar Date Notice as <u>Exhibit A</u> hereto, using the mandatory court-approved form, which they propose to serve along with a blank Proof of Claim form, attached hereto as <u>Exhibit B</u>.  Pursuant to Local Rule 3003-1, within seven days after entry of the Bar Date Order, the Debtors will serve the bar date package by first class mail on all known creditors and all parties requesting special notice.  The Bar Date Notice will give the known creditors and parties in interest approximately thirty (30) days' notice of the Bar Date.  The Debtors believe that the proposed form and manner of service of the Bar Date Notice gives all known creditors and other parties in interest good and sufficient notice of the applicable Bar Date required to properly file a Proof of Claim and is tailored to meet the needs of the Debtors.

**C.    <u>Service of Notice of the Bar Date and the Bar Date Order</u>**

Pursuant to the Bar Date Order and Bankruptcy Rule 2002(a)(7), the Debtors propose to serve, through Donlin Recano (or otherwise), the Bar Date Package by first-class mail upon the following parties (collectively, the "<u>Notice Parties</u>"):  (i) The Office of the United States Trustee; (ii) all known holders of claims listed on the Debtors' respective Schedules or any Amended Schedules at the addresses stated therein; (iii) all parties known to the Debtors as having potential claims against the Debtors' estates, and their counsel (if known); (iv) all known equity security holders of the Debtors; (v) all parties to executory contracts and unexpired leases of the Debtors listed on the Schedules or any Amended Schedules at the addresses stated therein; (vi) all parties to litigation with the Debtors, and their counsel (if known); (vii) all parties who have requested notice pursuant to Bankruptcy Rule 2002 (as of the date of the entry of the Bar Date Order); (viii) the Internal Revenue Service and all taxing and regulatory authorities for the jurisdiction in which the

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
COSTA MESA, CALIFORNIA

1   Debtors do business; (ix) all parties (not named above) listed on the Debtors' master mailing matrix

2   (and any amendments thereto); and (x) the Ruby's franchisees.

3                                          **IV.**

4                                    <u>**ARGUMENT**</u>

5       Bankruptcy Rule 3003(c)(3) provides that the Court "shall fix . . . the time within which

6   proofs of claim or interest may be filed."

7       Furthermore, Bankruptcy Rule 3002(a) provides that an unsecured creditor or an equity

8   security holder must file a proof of claim, except as provided in Bankruptcy Rule 3003.  Bankruptcy

9   Rule 3003(b), which applies in chapter 11 cases, provides that the schedules of assets and liabilities

10  filed by a debtor shall constitute *prima facie* evidence of the validity and the amount of the claims of

11  creditors, unless they are scheduled as disputed, contingent, unliquidated or unknown.  In other

12  words, no filing of a claim is necessary by a creditor for a claim that appears on the schedules and

13  which is not scheduled as disputed, contingent, unliquidated or unknown by the debtor and to which

14  the debtor is in agreement.

15      Bankruptcy Rule 3003(c)(2), in turn, provides that any creditor or equity security holder

16  whose claim or interest is not listed in the schedules, or is listed as disputed, contingent, unliquidated

17  or unknown, shall file a Proof of Claim within the time prescribed by subsection (c)(3) of that

18  Bankruptcy Rule, and any such creditor who fails to file such a proof of claim shall not be treated as

19  a creditor with respect to such claim or interest for the purpose of receiving any distribution from the

20  estate.

21      Prior to the date hereof, creditors may have filed Proofs of Claim with the Court Clerk in

22  these cases.  In order to avoid the result that creditors file duplicative claims in response to the Bar

23  Date Notice to be served by the Debtors, the Debtors hereby propose that creditors who have already

24  filed Proofs of Claim with the Court not be required to file a Proof of Claim a second time.

25      Upon information and belief, the list of creditors that is contained in the Debtors' Schedules

26  (or as listed in any supplements or amendments thereto) and the original and amended matrices of

27  creditors includes the names and addresses of all known creditors and potential creditors of the

28  Debtors.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
COSTA MESA, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
COSTA MESA, CALIFORNIA

## IV.

## <u>CONCLUSION</u>

Based upon the foregoing, the Debtors respectfully request that the Court enter an order:

1.     Granting the Motion;

2.     Setting the applicable Bar Date for all claimants to file proofs of claim against the Debtors' estates;

3.     Approving the procedures and requirements for filing proofs of claim as described herein;

4.     Approving the form and service of the Bar Date Notice; and

5.     Granting such other and further relief as the Court deems to be just and proper.

Dated: January 29, 2019                    PACHULSKI STANG ZIEHL & JONES LLP

By    /s/ William N. Lobel
      _____
      William N. Lobel
      Attorneys for Ruby's Diner, Inc., *et al.*
      Debtors and Debtors-in-Possession

15

1

## DECLARATION OF WILLIAM N. LOBEL

2        I, William N. Lobel, declare and state as follows:

3        1.        I am an attorney duly admitted to practice by the State of California and before this

4   Court.

5        2.        I make this declaration in support of the *Debtors' Notice of Motion and Motion for*

6   *Entry of an Order (A) Establishing the Procedures and Deadlines for filing Proofs of Claim;*

7   *(B) Approving Form and Manner of Notice of Bar Date; and (C) Granting Related Relief* (the

8   "Motion").[1]

9        3.        Except as otherwise indicated, all facts set forth in this declaration are based upon by

10  personal knowledge, my review of relevant documents, or my opinions based upon my experience

11  and knowledge of the Debtors' chapter 11 proceedings.  If called to testify, I could and would testify

12  competently to the facts set forth in this Declaration.

13       4.        The SoCal Debtors filed voluntary petitions for relief under chapter 11 of the

14  Bankruptcy Code on August 29, 2019.  On September 5, 2018, RDI filed a related chapter 11 case.

15       5.        On September 5, 2018, the Court entered an order jointly administering the Debtors'

16  cases, with RDI designated as the lead debtor.

17       6.        No party has requested the appointment of a trustee or examiner in the Debtors'

18  cases.  On September 19, 2018, the Office of the United States Trustee appointed an official

19  committee of unsecured creditors in the RDI case (the "Committee").

20       7.        On September 28, 2018, the Debtors filed their respective Schedules and Statements

21  of Financial Affairs.

22       9.        The Court has yet to set a date by which all proofs of claim must be filed.  Setting the

23  Bar Date is necessary for the Debtors to determine the total amount, number, and types of claims

24  that are asserted against the Debtors' estates so that they can assess the claims against the estates and

25  obtain confirmation of a Plan.  Setting the Bar Date will facilitate the administration of the estates as

26  efficiently and promptly as possible.  Accordingly, by the Motion, the Debtors request that the Court

27

28
---
[1] Capitalized terms used in this Declaration that are not otherwise defined, shall have the meanings ascribed to such terms in the Motion.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
COSTA MESA, CALIFORNIA

16

1    fix a deadline for filing Proofs of Claim against their estates.

2         10.    I believe that the relief sought by way of the Motion is in the best interests of the

3    Debtors and their estates.

4         I declare under penalty of perjury under the laws of the United States of America, that the

5    foregoing is true and correct.

6         Executed this 29th day of January 2019, at Costa Mesa, California.

7

8

9                                    */s/ William N. Lobel*
                                    William N. Lobel

10

11

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DOCS_LA:318786.5 76135/003

**EXHIBIT A**

**(Form of Notice)**

DOCS_LA:318786.5 76135/003

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| PACHULSKI STANG ZIEHL & JONES LLP<br>William N. Lobel, SBN 93202<br>Email: wlobel@pszjlaw.com<br>650 Town Center Drive, Suite 1500<br>Costa Mesa, CA 92626<br>Tel: (714) 384-4740; Fax: (714) 384-4741<br><br>[   ] Individual appearing without attorney<br>[ X ] Attorney for:  Debtors and Debtors-in-Possession | |

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>RUBY'S DINER, INC., a California corporation, *et al.*,<br><br>         Debtors and Debtors-in-Possession.<br><br>Affects:<br><br>☒  All Debtors<br><br>☐  RUBY'S DINER, INC., ONLY<br><br>☐  RUBY'S SOCAL DINERS, LLC, ONLY<br><br>☐  RUBY'S QUALITY DINERS, LLC, ONLY<br><br>☐  RUBY'S HUNTINGTON BEACH, LTD., ONLY<br><br>☐  RUBY'S LAGUNA HILLS, LTD. ONLY<br><br>☐  RUBY'S OCEANSIDE, LTD., ONLY<br><br>☐  RUBY'S PALM SPRINGS, LTD., ONLY<br><br><br>             Debtors(s) | CASE NO. 8:15-bk-15311-MW<br><br>CHAPTER: 11<br><br>(Jointly Administered With Case Nos. 8:18-bk-13197-CB; 8:18-bk-13198-CB; 8:18-bk-13199-CB; 8:18-bk-13200-CB; 8:18-bk-13201-CB; 8:18-bk-13202-CB)<br><br><br>**NOTICE OF BAR DATE FOR FILING PROOFS OF CLAIM IN A CHAPTER 11 CASE [LBR 3003-1]**<br><br><br>[   ]  **No hearing:  LBR 9013-1(q)**<br>[   ]  **Hearing Information**<br><br>DATE:          February 27, 2019<br>TIME:         10:00 a.m.<br>COURTROOM:   5D<br>ADDRESS:    411 W. Fourth St.<br>                  Santa Ana, CA 92701 |

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California

1. <u>Bar Date</u>. The court has set a deadline of (*date*) **THIRTY (30) DAYS FROM THE DATE THIS NOTICE IS SERVED (_____, 2019)** (Bar Date), for creditors in the above-referenced cases to file proofs of claim against the Debtors' estates.  ON OR BEFORE THE BAR DATES, PROOFS OF CLAIM AGAINST A DEBTOR(S)' ESTATE MUST BE **RECEIVED BY DONLIN RECANO & COMPANY, INC.**:

**By Mail:**                                              **By Courier, Hand Delivery, or Overnight Delivery:**

**Donlin Recano & Company, Inc.**              **Donlin Recano & Company, Inc.**
**Re: Ruby's Diner, Inc., et al.**                  **Re: Ruby's Diner, Inc., et al.**
**P.O. Box 199043**                                    **6201 15th Avenue**
**Blythebourne Station**                            **Brooklyn, NY 11219**
**Brooklyn, NY 11219**

**PROOFS OF CLAIM SENT BY FACSIMILE, TELECOPY, OR ELECTRONIC MAIL WILL NOT BE ACCEPTED.**

2. <u>Form</u>.  You may obtain a Proof of Claim form (Official Form 410) on the Bankruptcy Court's website at http://www.cacb.uscourts.gov, or visit the intake area at any division of the Court, **or from Donlin Recano's website established for these cases at https://www.donlinrecano.com/Clients/rh/Index**.

3. <u>Exceptions to the Bar Date</u>.  Exceptions to the Bar Date include, but are not limited to, the following:

   (a)    <u>Executory Contracts/Unexpired Leases</u>.  For claims arising from rejection of any executory contract or unexpired lease, the last day to file a Proof of Claim is the later of (a) the Bar Date or (b) 30 days after the date of entry of an order authorizing the rejection of such contract or lease or after any automatic rejection of such contract or lease.  *See* 11 U.S.C. §§ 365(d)(4) and 502(g).  **A party to an executory contract or unexpired lease that asserts a claim (other than a claim arising from rejection of any executory contract or unexpired lease) must file a Proof of Claim for such amounts by the Bar Date.**

   (b)    <u>Governmental Units</u>.  For claims of governmental units, the last day to file a Proof of Claim is the later of (a) the Bar Date or (b) before 180 days after the date of the Order for Relief in these cases.  The person signing this form has determined that the Order for Relief was entered on **August 29, 2019** for **Ruby's SoCal Diners, LLC, Ruby's Quality Diners, LLC, Ruby's Huntington Beach, Ltd., Ruby's Laguna Hills, Ltd., Ruby's Oceanside, Ltd., and Ruby's Palm Springs (collectively, the "SoCal Debtors")**, and therefor calculates that the deadline in the SoCal Debtors' cases is **February 25, 2019**; and that the Order for Relief was entered on **September 5, 2018** for **Ruby's Diner, Inc. ("RDI")**, therefor calculates that the deadline in the RDI case is **March 4, 2019**.  *See* 11 U.S.C. §§ 101(27) and 502(b)(9).[1]

   (c)    <u>Avoidance of Transfer</u>.  For claims arising from the avoidance of a transfer under chapter 5 of the Bankruptcy Code (11 U.S.C. § 544 and following), the last day to file a Proof of Claim is the later of (a) the Bar Date or (b) 30 days after the entry of judgment avoiding the transfer.  *See* 11 U.S.C. § 502(h).

   (d)    <u>Agreed Claims</u>.  If your claim is listed on a Debtor's official bankruptcy schedules of assets and liabilities (the "<u>Schedules</u>") <u>and</u> it is not listed as disputed, contingent, unliquidated or unknown, then your claim is deemed filed in the amount set forth in those Schedules.  11 U.S.C. § 1111(a).

---

[1]  The Governmental Units Bar Date is subject to any dates authorizing an extension of the deadline pursuant to the *Order Granting the United States' Omnibus Motion for Enlargement of Deadlines and a Stay of Proceeding with which the United States Government is a Party in Light of Lapse of Appropriations,* entered on January 23, 2019, as Docket No. 3, Misc. No. 1:19-mp-00101 MT.

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California

But, if your claim is not listed on the Schedules, <u>or</u> is listed as disputed, contingent, unliquidated or unknown, <u>or</u> if you disagree with the amount or description of your claim (*e.g.,* its description as unsecured or non-priority), then you <u>must</u> timely file a Proof of Claim as set forth in this Notice.

4.  <u>11 U.S.C. § 503(b)(9) Claims.</u>  Claims arising from unpaid goods received by a Debtor in the ordinary course of business within 20 days prepetition are subject to an administrative expense priority pursuant to 11 U.S.C. §§ 507(a)(2) and 503(b)(9).  Any creditor who wishes to assert such a claim must file a Proof of Claim by the Bar Date, modified as follows:  (a) *Section 2 of Proof of Claim.*  Identifying the following: (i) the goods for which a Debtor has not paid; (ii) the method(s) of shipment; (iii) the actual date(s) when those goods were *received* by the Debtor (or state that an estimated date has been used); and (iv) the place of delivery (use a continuation sheet if necessary); (b) *Section 5 of Proof of Claim.*  Check the box for "Other" priority and specify that priority is under **11 U.S.C. §§ 507(a)(2) and 503(b)(9).**

**FAILURE OF A CREDITOR TO FILE A PROOF OF CLAIM ON OR BEFORE THE DEADLINE MAY RESULT IN DISALLOWNACE OF THE CLAIM OR SUBORDINATION UNDER THE TERMS OF A PLAN OF RECORGANIZATION WITHOUT FURTHER NOTICE OR HEARING. 11 U.S.C. § 502((b)(9). CREDITORS MAY WISH TO CONSULT AN ATTORNEY TO PROTECT THEIR RIGHTS.**

Date:  February __, 2019                By: _____
  Signature of Debtors' attorney

                       Name:  William N. Lobel
                       PACHULSKI STANG ZIEHL & JONES LLP

  Printed name of Debtors' attorney

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California

December 2015                                Page 3                        **F 3003-1.NOTICE.BARDATE**
  DOCS_LA:318857.3 76135/003

EXHIBIT "A"
Page 21

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT B**

**(Proof of Claim Form**

DOCS_LA:318786.5 76135/003

**Fill in this information to identify the case:**

Debtor 1 _____

Debtor 2 _____
(Spouse, if filing)

United States Bankruptcy Court for the: _____ District of _____

Case number _____

## Official Form 410

# Proof of Claim

**04/16**

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

| Part 1: | Identify the Claim |
| --- | --- |

**1. Who is the current creditor?**

Name of the current creditor (the person or entity to be paid for this claim) _____

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☐ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
| --- | --- |
| Name _____ | Name _____ |
| Number      Street | Number      Street |
| City          State          ZIP Code | City          State          ZIP Code |
| Contact phone _____ | Contact phone _____ |
| Contact email _____ | Contact email _____ |

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

__ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __

**4. Does this claim amend one already filed?**

☐ No
☐ Yes. Claim number on court claims registry (if known) _____

Filed on _____
        MM  /  DD  / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☐ No
☐ Yes. Who made the earlier filing? _____

EXHIBIT "B"
Page 23

| **Part 2:** | **Give Information About the Claim as of the Date the Case Was Filed** |

---

**6. Do you have any number you use to identify the debtor?**

❑ No

❑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____

---

**7. How much is the claim?**

$_____. **Does this amount include interest or other charges?**

❑ No

❑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

---

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

_____

---

**9. Is all or part of the claim secured?**

❑ No

❑ Yes. The claim is secured by a lien on property.

**Nature of property:**

❑ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

❑ Motor vehicle

❑ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:** $_____

**Amount of the claim that is secured:** $_____

**Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $_____

**Annual Interest Rate** (when case was filed) _____%

❑ Fixed

❑ Variable

---

**10. Is this claim based on a lease?**

❑ No

❑ Yes. **Amount necessary to cure any default as of the date of the petition.** $_____

---

**11. Is this claim subject to a right of setoff?**

❑ No

❑ Yes. Identify the property: _____

---

EXHIBIT "B"
Page 24

| 12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?** | ☐ No | |
|---|---|---|
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Yes. *Check one:* | **Amount entitled to priority** |
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment. | |

| **Part 3:** | **Sign Below** |
|---|---|

| **The person completing this proof of claim must sign and date it. FRBP 9011(b).** | *Check the appropriate box:* |
|---|---|
| If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is. | ☐ I am the creditor. |
| | ☐ I am the creditor's attorney or authorized agent. |
| | ☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004. |
| | ☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005. |
| **A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.** | I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt. |
| | I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct. |
| | I declare under penalty of perjury that the foregoing is true and correct. |
| | Executed on date _____ <br> MM / DD / YYYY |
| | _____ <br> Signature |
| | **Print the name of the person who is completing and signing this claim:** |
| | Name _____ <br> First name          Middle name          Last name |
| | Title _____ |
| | Company _____ <br> Identify the corporate servicer as the company if the authorized agent is a servicer. |
| | Address _____ <br> Number    Street |
| | _____ <br> City                        State    ZIP Code |
| | Contact phone _____    Email _____ |

Official Form 410

# Instructions for Proof of Claim

United States Bankruptcy Court                                                                                    12/15

**These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.**

> **A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**
> 18 U.S.C. §§ 152, 157 and 3571.

## How to fill out this form

- **Fill in all of the information about the claim as of the date the case was filed.**

- **Fill in the caption at the top of the form.**

- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

- **Attach any supporting documents to this form.**
  Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of *redaction* on the next page.)

  Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure  (called "Bankruptcy Rule") 3001(c) and (d).

- **Do not attach original documents because attachments may be destroyed after scanning.**

- **If the claim is based on delivering health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.**

- **A** *Proof of Claim* **form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.** See Bankruptcy Rule 9037.

- **For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian.** For example, write *A.B., a minor child* (*John Doe, parent, 123 Main St., City, State*). See Bankruptcy Rule 9037.

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, either enclose a stamped self-addressed envelope and a copy of this form or go to the court's PACER system (www.pacer.psc.uscourts.gov) to view the filed form.

## Understand the terms used in this form

**Administrative expense:** Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate. 11 U.S.C. § 503.

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. §101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Evidence of perfection:** Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim:** A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. §507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

**Secured claim under 11 U.S.C. §506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Setoff:** Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Uniform claim identifier:** An optional 24-character identifier that some creditors use to facilitate electronic payment.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

**Do not file these instructions with your form.**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**650 Town Center Drive, Suite 1500, Costa Mesa, CA  92626**

A true and correct copy of the foregoing document entitled:  **DEBTORS' NOTICE OF MOTION AND MOTION FOR ENTRY OF AN ORDER (A) ESTABLISHING THE PROCEDURES AND DEADLINES FOR FILING PROOFS OF CLAIM; (B) APPROVING FORM AND MANNER OF NOTICE OF BAR DATE; AND (C) GRANTING RELATED RELIEF; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF WILLIAM N. LOBEL IN SUPPORT** thereof will be served or was served (a) on the judge in chamber in the form and manner required by LBR 5005-2(d); and the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **1/29/2019**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On **1/29/2019** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**:  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **1/29/2019**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 1/29/2019 | Nancy Lockwood | /s/ Nancy Lockwood |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*
DOCS_LA:316841.1 76135/001

**F 9013-3.1.PROOF.SERVICE**

1. <u>**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**</u>:

- **George B Blackmar**    gblackmar@bpslaw.net
- **Dustin P Branch**    branchd@ballardspahr.com,
  carolod@ballardspahr.com;hubenb@ballardspahr.com;Pollack@ballardspahr.com
- **Meghan Canty**    mcanty@tocounsel.com, lhyska@tocounsel.com
- **Aaron Davis**    aaron.davis@bryancave.com, kat.flaherty@bryancave.com
- **Alan J Friedman**    afriedman@shbllp.com, lgauthier@shbllp.com
- **Eric J Fromme**    efromme@tocounsel.com, lchapman@tocounsel.com;sschuster@tocounsel.com
- **Richard H Golubow**    rgolubow@wcghlaw.com,
  pj@wcghlaw.com;jmartinez@wcghlaw.com;Meir@virtualparalegalservices.com
- **Michael J Hauser**    michael.hauser@usdoj.gov
- **Garrick A Hollander**    ghollander@wcghlaw.com,
  pj@wcghlaw.com;jmartinez@wcghlaw.com;Meir@virtualparalegalservices.com
- **Lillian Jordan**    ENOTICES@DONLINRECANO.COM, RMAPA@DONLINRECANO.COM
- **David S Kupetz**    dkupetz@sulmeyerlaw.com,
  dperez@sulmeyerlaw.com;dperez@ecf.inforuptcy.com;dkupetz@ecf.inforuptcy.com
- **William N Lobel**    wlobel@pszjlaw.com, nlockwood@pszjlaw.com;jokeefe@pszjlaw.com;banavim@pszjlaw.com
- **Robert S Marticello**    Rmarticello@swelawfirm.com,
  csheets@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- **Jessica G McKinlay**    mckinlay.jessica@dorsey.com
- **Malcolm D Minnick**    dminnick@pillsburylaw.com, m.minnick@comcast.net
- **Ernie Zachary Park**    ernie.park@bewleylaw.com
- **Valerie Smith**    claims@recoverycorp.com
- **United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov
- **Matthew S Walker**    matthew.walker@pillsburylaw.com, candy.kleiner@pillsburylaw.com
- **Sharon Z. Weiss**    sharon.weiss@bclplaw.com, raul.morales@bclplaw.com

2. <u>**SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**</u>

<u>Via Overnight Mail</u>
The Honorable Catherine E. Bauer
United States Bankruptcy Court
Central District of California
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5165 / Courtesy Bin
Santa Ana, CA 92701-4593

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*
DOCS_LA:316841.1 76135/001

**F 9013-3.1.PROOF.SERVICE**

MGP FUND X LAGUNA HILLS, LLC, A
DELAWARE LIMITED LIABILITY COMPANY
OFFICER DIRECTOR MANAGER AGENT
425 CALIFORNIA STREET, 10TH FLOOR
SAN FRANCISCO, CA  94104

GRIT DEVELOPMENT
OFFICER DIRECTOR MANAGER AGENT
201 NORTH PALM CANYON DRIVE,
SUITE 200
PALM SPRINGS, CA  92262

CITY OF HUNTINGTON BEACH
ATTN:  KELLEE FRITZAL, DEPUTY DIRECTOR,
OFFICE OF BUSINESS DEVELOPMENT
PO BOX 190
HUNTINGTON BEACH, CA  92648

ASAP DRAIN GUYS AND PLUMBING
OFFICER DIRECTOR MEMBER AGENT
999 RANCHEROS DR, STE B
SAN MARCOS CA 92069

CALIFORNIA NEWSPAPERS PARTNERSHP
ORANGE COUNTY REGISTER RIVERSIDE
OFFICER DIR MGR AGENT
2190 S TOWNE CENTRE PL
ANAHEIM CA 92806

CROUDACE AND DIETRICH LLP
VIRGINIA CROUDACE OFFICER DIR MGR
AGENT
2151 MICHAELSON DRIVE, SUITE 162
IRVINE, CA  92612

CUSTOM BUSINESS SOLUTIONS INC
ANTHONY GARTUNG OFFICER DIR MGR
AGENT
12 MORGAN IRVINE CA B 92618

DM DOBKIN INC DBA MR ROOTER PLUMBER
OFFICER DIRECTOR MANAGER AGENT
PO BOX 338PALM DESERT CA 92261

DORSEY & WHITNEY LLP
JOHN S BAKER
600 ANTON BLVD STE 2000
COSTA MESA CA 92626

ECOTECH REFRIGERATION AND HVAC INC
OFFICER DIRECTOR MANAGER AGENT
1630 SUNKIST ST, STR R
ANAHEIM CA 92806

EDISON FIRE PROTECTION
OFFICER DIRECTOR MANAGER AGENT
3621 EAGLE ROCK BLVD
LOS ANGELES CA 90065

FACILITEC WEST
MARIAN BECHTOL OFFICER DIR MGR AGENT
PO BOX 6008
SAN PEDRO CA 90734

G & G BOOKKEEPING INC
GLYNIS RAMIREZ OFFICER DIR MGR AGENT
19602 COUNTRY LAKE DR
MAGNOLIA TX 77355

GARDA CL WEST INC
SUSAN LOETELLOFFICER DIR MGR AGENT
LOCKBOX 233209
3209 MOMENTUM PL
CHICAGO IL 60689

HARBOR DISTRIBUTING LLC
DBA GATE CITY BEVERAGE DISTRIBUTION
PO BOX 842685
LOS ANGELES CA 90084

LAKE AIR
OFFICER DIRECTOR MANAGER AGENT
583 OLEANDER RD
PALM SPRINGS CA 92264

MICHAEL ROBERT WILSON
DBA WILSON CONSTRUCTION
14302 YORBA ST
TUSTIN CA 92780

MICROCOOL INC
OFFICER DIRECTOR MANAGER AGENT
72216 NORTHSORE ST, #103-104
THOUSAND PALMS CA 92276

MINUTEMAN INDUSTRIES INC
LINDY OFFICER DIR MGR AGENT
PO BOX 4983
GARDEN GROVE CA 92842

NATIONAL PLASTIC CO INC
BRYAN CARR OFFICER DIR MGR AGENT
15505 CORNET AVE
SANTA FE SPRINGS CA 90670

OFFICE OF THE US TRUSTEE
MICHAEL HAUSER
411 WEST FOURTH STREET, SUITE 7160
SANTA ANA CA 92701

OPTIMAL BIOFUELS INC
DONOVAN SAFAEL OFFICER DIR MGR AGENT
PO BOX 10986
NEWPORT BCH. CA 92658

PRECISION AIR COOLING AND HEATING SVC
LLC
SCOTT DEN HARTOG
247 PLUMBERS RD
COLUMBIA SC 29203

PRUDENTIAL OVERALL SUPPLY INC
OFFICER DIRECTOR MANAGER AGENT
1661 ALTON PKWY
IRVINE CA 92606

SOUTHWEST PLUMBING
OFFICER DIRECTOR MANAGER AGENT
31410 RESERVE DR
THOUSAND PALMS CA 92276

SPECIALTY COOLING INC
OFFICER DIRECTOR MANAGER AGENT
1661 MARTENS RIVER CIR
UNIT M
FOUNTAIN VALLEY CA 92708

STACEY'S REFRIGERATION AND AIR
CONDITIONING
OFFICER DIRECTOR MANAGER AGENT
PO BOX 232
DESERT HOT SPRINGS CA 92240

STARWEST PARKWAY MALL LP
DANIAL TOSCANO ESQ
PO BOX 844767
LOS ANGELES CA 90084-4767

THE PAPER CO
OFFICER DIRECTOR MANAGER AGENT
PO BOX 17807
IRVINE CA 92623

UNION BANK N
OFFICER DIRECTOR MANAGER AGENT
PO BOX 650349
DALLAS TX 75265

US FOODS - LA MIRADA
BRIAN SONDHEIM OFFICER DIR MGR AGENT
540 NORTHEAST LANDON RD
BELFAIR WA 98528

3 WIRE GROUP INC
OFFICER DIRECTOR MANAGER AGENT
NW 7964
PO BOX 1450
MINNEAPOLIS MN 55485-7964

AIRE RITE AIR CONDITIONING
DAVE LANGSTON OFFICER DIR MGR AGENT
15122 BOLSA CHICA ST
HUNTINGTON BCH. CA 92649

BERKELEY INSURANCE CO
OFFICER DIRECTOR MANAGER AGENT
475 STEAMBOAT RD
FL 1
GREENWICH CT 06830

C & C PARTNERSHIP
RONALD CLEAR
56 TESLA
IRVINE CA 92618

CALIFORNIA RESTAURANT MUTUAL BENEFIT
CORP.
DAVID JOHNSON
430 N VINEYARD AVE, SUITE 102
ONTARIO, CA  91764

CINTAS CORP
OFFICER DIRECTOR MANAGER AGENT
PO BOX 29059
PHOENIX AZ 85038-9059

COMPEAT INC *Moved per FEDEX 1-10-19*
OFFICER DIRECTOR MANAGER AGENT
773 SAN MARIN DR
STE 2320
NOVATO CA 94945

COOLAIRTEK AIR CONDITIONING AND REFRI
OFFICER DIRECTOR MANAGER AGENT
1540 LELAND ST
BEAUMONT CA 92223

CREDIT MANAGERS ASSOC.
ATTN: ADJUSTMENTS
303 NORTH GLEN OAK BLVD., SUITE 200
BURBANK CA 91502

EMPLOYMENT DEVELOPMENT DEPT.
BANKRUPTCY GROUP MIC 92 E
PO BOX 826880
SACRAMENTO CA 94280-0001

FIRST INSURANCE FUNDING CORP
OFFICER DIRECTOR MANAGER AGENT
PO BOX 7000
CAROL STREAM IL 60197-7000

FRANCHISE TAX BOARD BANKRUPTCY
SECTION
MS: A-340
PO BOX 2952
SACRAMENTO CA 95812-2952

FRANCHISE TAX BOARD CHIEF COUNSEL
C/O GENERAL COUNSEL SECTION
PO BOX 1720, MS: A-260
RANCHO CORDOVA CA 95741-1720

GASKETS USA LLC
OFFICER DIRECTOR MANAGER AGENT
10741 SHERMAN WAY
#3
SUN VALLEY CA 91352

GENE PHELPS DBA US AIR CONDITIONING
OFFICER DIRECTOR MANAGER AGENT
4517 BIRCHWOOD AVE
SEAL BEACH CA 90740

INDUSTRIAL ELECTRIC SEVICE INC
OFFICER DIRECTOR MANAGER AGENT
5662 ENGINEER DR
HUNTINGTON BCH. CA 92649

KATE NAPOLI
19512 POMPANO LANE # 108
HUNTINGTON BEACH CA 92648

INTERIOR RESOURCES INC
OFFICER DIRECTOR MANAGER AGENT
489-20 JOHNSON AVENUE
BOHEMIA NY 11716

INTERNAL REVENUE SVC
CENTRALIZED INSOLVENCY OPERATION
PO BOX 7346
PHILADELPHIA PA 19101-7346

INTERNAL REVENUE SVC
INSOLVENCY STOP 5022
300 N LOS ANGELES ST
RM 406
LOS ANGELES CA 90012

INTERNAL REVENUE SVC
OFFICE OF CHIEF COUNSEL
10TH ST AND PENNSYLVANIA AVE NW
WASHINGTON DC 20530

INTERNAL REVENUE SVC
AGENT
2970 MARKET ST
MAIL STOP 5-Q30133
PHILADELPHIA PA 19104-5016

JANI-KING OF CALIFORNIA INC
OFFICER DIRECTOR MANAGER AGENT
FILE 749318
LOS ANGELES CA 90074-9318

KLM MANAGEMENT CO
DBA AMCOM FOOD SVC
14120 E VLY BLVD
LA PUENTE CA 91746

~~MAINTENANCE BUILDING SVC~~
~~VICTOR SANTANAOFFICER DIR MGR AGENT~~
~~1665 E 4TH ST~~
~~STE 104B~~
~~SANTA ANA CA 92701~~ Retrn'd Mail 1/9/18

MIGUEL CANTU SOLANO
DBA MCPAINTING HANDYMAN
2356 CATALINA AVE
VISTA CA 92084

NUC02 LLC
OFFICER DIRECTOR MANAGER AGENT
PO BOX 417902
BOSTON MA 02241-7902

OAK GROVE PTA
OAK GROVE ELEMENTARY PTA PRESIDENT
22705 SANBORN
ALISO VIEJO CA 92656

RESCUE ROOTER
T NELSON OFFICER DIR MGR AGENT
9895 OLSON DR
STE A
SAN DIEGO CA 92121

SAN DIEGO COUNTY
TREASURER TAX COLLECTOR
1600 PACIFIC HIGHWAY
RM 162
SAN DIEGO CA 92101

SHOES FOR CREWS LLC
OFFICER DIRECTOR MANAGER AGENT
PO BOX 504634
SAINT LOUIS MO 63150

SOUTH CITY MECHANICAL INC
OFFICER DIRECTOR MANAGER AGENT
8822 TROY ST
SPRING VALLEY CA 91977

SOUTHERN CALIFORNIA EDISON
OFFICER MANAGER DIRECTOR AGENT
PO BOX 300
ROSEMEAD CA 91771

UNITED STATES ATTORNEY'S OFFICE
300 NORTH LOS ANGELES ST
FEDERAL BUILDING, ROOM 7516
LOS ANGELES CA 90012

UNITED STATES DEPT. OF JUSTICE
BEN FRANKLIN STATION
PO BOX 683
WASHINGTON DC 20044

WASSERTROM CO INC
OFFICER DIRECTOR MANAGER AGENT
477 S FRONT ST
COLUMBUS OH 43215

CITY OF OCEANSIDE
ATTN PROPERTY MANAGEMENT
300 NORTH COAST HIGHWAY
OCEANSIDE CA  90254

ANETTE W JARVIS
DORSEY & WHITNEY LLP
111 SOUTH MAIN STREET, 21 FL
SALT LAKE CITY UT  84111

MISSION VALLEY SHOPPINGTOWN LLC
OFFICER DIRECTOR MANAGER AGENT
2049 CENTURY PARK EAST, 41ST FLOOR
LOS ANGELES, CA  90067

REEF SYSTEMS INC
OFFICER DIRECTOR MANAGNER AGENT
2931 GRACE LANE, UNIT G
COSTA MESA CA  92626

PURITAN BAKERY
JIM STONE OFFICER DIR MGR AGENT
1624 E CARSON ST
CARSON CA 90745

DAN MCALLISTER
TREASURER-TAX COLLECTOR
ATTENTION: BANKRUPTCY DESK
1600 PACIFIC HIGHWAY, ROOM 162
SAN DIEGO, CA 92101

CREDIT MANGEMENT ASSOCIATIONS
KIMBERLY A. LAMBERTY, PRESIDENT
3110 W. CHEYENNE AVENUE
STE 100
NORTH LAS VEGAS, CA 89032

CREDIT MAMANGMENT ASSOCIATIONS
MIKE JONICH
40 EAST VERDUGO AVENUE
BURBANK CA 91502