1  William N. Lobel – State Bar No. 93202
   PACHULSKI STANG ZIEHL & JONES LLP
2  650 Town Center Drive, Suite 1500
   Costa Mesa, CA  92626
3  Telephone: (714) 384-4740
   Facsimile:  (714) 384-4741
4  E-mail:  wlobel@pszjlaw.com

5  Attorneys for Ruby's Diners, Inc., *et al.*
   Debtors and Debtors-in-Possession

6

7                **UNITED STATES BANKRUPTCY COURT**

8        **CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

9  In re:                                      Case No. 8:18-bk-13311-CB

10 RUBY'S DINER, INC., a California            Chapter 11
   corporation, *et al.*,[1]

11                                             (Jointly Administered With Case Nos.
              Debtors and Debtors-in-Possession,   8:18-bk-13197-CB; 8:18-bk-13198-CB;
12 Affects:                                    8:18-bk-13199-CB; 8:18-bk-13200-CB;
                                               8:18-bk-13201-CB; 8:18-bk-13202-CB)
13 ☐  All Debtors

14 ☐  RUBY'S DINER, INC., ONLY                 **NOTICE OF MOTION AND MOTION
                                               TO APPROVE STIPULATION
15 ☐  RUBY'S SOCAL DINERS, LLC, ONLY           BETWEEN RUBY'S HUNTINGTON
                                               BEACH, LTD. AND THE CITY OF
16 ☐  RUBY'S QUALITY DINERS, LLC, ONLY         HUNTINGTON BEACH AUTHORIZING
                                               THE ASSUMPTION OF NON-
17 ☒  RUBY'S HUNTINGTON BEACH, LTD., ONLY      RESIDENTIAL REAL PROPERTY
                                               LEASE AND CURING OF DEFAULTS;
18                                             DECLARATION OF DOUGLAS S.
   ☐  RUBY'S LAGUNA HILLS, LTD., ONLY          CAVANAUGH IN SUPPORT THEREOF
19
   ☐  RUBY'S OCEANSIDE, LTD., ONLY             Date:      February 27, 2019
20                                             Time:      10:00 a.m.
   ☐  RUBY'S PALM  SPRINGS, LTD., ONLY         Courtroom: 5D
21                                             Address:   411 West Fourth Street
                                                          Santa Ana, CA  92701
22

23

24

25

26

27
   ---
28 [1] The last four digits of the Debtors' federal tax identification numbers are as follows: Ruby's Diner, Inc. (8143); Ruby's
   SoCal Diners, LLC (9782); Ruby's Quality Diners, LLC (1539); Ruby's Huntington Beach, Ltd. (1331); Ruby's Laguna
   Hills, Ltd. (6603); Ruby's Oceanside, Ltd. (9104); and Ruby Palm Springs, Ltd. (9627).

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
COSTA MESA, CALIFORNIA

**TO THE HONORABLE CATHERINE E. BAUER, UNITED STATES BANKRUPTCY JUDGE FOR THE CENTRAL DISTRICT OF CALIFORNIA, CERTAIN CREDITORS AND PARTIES-IN-INTEREST:**

**PLEASE TAKE NOTICE** that Ruby's Huntington Beach, Ltd., a California limited partnership ("Ruby's Huntington Beach" or the "Debtor"), hereby moves the Court (the "Motion") for an order (the "Order") approving the stipulation entered into between Ruby's Huntington Beach and the City of Huntington Beach (the "City") authorizing the assumption of non-residential real property lease and curing defaults attached to the Motion as Exhibit "A" (the "Stipulation").

**PLEASE TAKE FURTHER NOTICE** that the Debtor is a party to a nonresidential real property lease with the City for the operation of a Ruby's restaurant located on the Huntington Beach Pier, 1 Main Street, Huntington Beach, California 92648 (the "Lease"). The Debtor has entered into the Stipulation with the City authorizing the assumption of the Lease and curing defaults. The Debtor has determined in its sound business judgment that it is in the best interest of its estate and its creditors to assume the Lease pursuant to the terms of the Stipulation.

**PLEASE TAKE FURTHER NOTICE** that the Motion is based on and supported by this Notice of Motion and Motion, the attached Memorandum Points and Authorities, the Declaration of Douglas S. Cavanaugh (the "Cavanaugh Declaration") in support of the Motion, and the facts set forth in the Stipulation.

**PLEASE TAKE FURTHER NOTICE** that the Debtor will serve this Notice and Motion, the attached Memorandum of Points and Authorities and the Cavanaugh Declaration on: (1) the Office of the United States Trustee, (2) counsel to the Committee, (3) 20 largest unsecured creditors in the Huntington Beach Debtor case, (4) parties that have filed with the Court and served upon the Debtor a request for notice of all matters in accordance with Bankruptcy Rule 2002(i), (5) the United States of America, (6) the State of California, and (7) the City of Huntington Beach.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to local Bankruptcy Rule 9013-1(f), if you wish to oppose the Motion, you must file a written response with the Court and serve a copy of it upon the undersigned counsel no later than fourteen (14) days prior to the hearing on the Motion. The failure to properly file and serve an opposition may be deemed consent to the relief requested in the Motion or a waiver of any right to oppose the Motion.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
COSTA MESA, CALIFORNIA

1

2    Dated:    February 6, 2019                    PACHULSKI STANG ZIEHL & JONES LLP

3

4                                                By:    */s/ William N. Lobel*
                                                      William N. Lobel
5                                                      Attorneys for Ruby's Diner, Inc., *et al.,*
                                                      Debtors and Debtors-in-Possession

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
COSTA MESA, CALIFORNIA

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## STATEMENT OF FACTS

### A.    Jurisdiction and Venue

This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

### B.    Background

On August 29, 2018 and September 5, 2018, Ruby's Huntington Beach and certain of its affiliates (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  On September 5, 2018, the Court entered an order jointly administering the Debtors' cases, with the case of Ruby's Diner, Inc. designated as the "Lead Case."  [Docket No. 6].

The Debtors continue to operate their businesses and manage their assets as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

The Debtor is a party to a nonresidential lease with the City of Huntington Beach (the "City") for the operation of a Ruby's restaurant located on the Huntington Beach Pier, 1 Main Street, Huntington Beach, California 92648 (the "Lease").  The Debtor has entered into a stipulation with the City authorizing the assumption of the Lease and curing defaults (the "Stipulation").  A copy of the Stipulation is attached to the Cavanaugh Declaration as Exhibit "A."

## II.

## ARGUMENT

### A.    Assumption of the Lease is Beneficial to the Debtor's Estate

Section 365(a) of the Bankruptcy Code provides that, "subject to the court's approval [a debtor in possession] may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a).  A debtor's decision to assume an executory contract or unexpired lease is subject to review under the "business judgment standard."  *Group of Institutional Investors v. Chicago, M., S. P. & P. R. Co.*, 318 U.S. 523, 550 (1943) ("[T]he question whether a lease should be

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
COSTA MESA, CALIFORNIA

1  rejected and, if not, on what terms it should be assumed is one of business judgment."); *see Orion*

2  *Pictures Corp. v. Showtime Networks (In re Orion Pictures Corp).,* 4 F.3d 1095, 1099 (2d Cir.

3  1993); *In re Gardiner, Inc.*, 831 F.2d 974, 975 n.2 (11th Cir. 1987); *In re America Suzuki Motor*

4  *Corp.*, 494 B.R. 466, 475 n.4 (Bankr. C.D. Cal. 2013) ("Whether to assume or reject an executory

5  contract is generally left to the business judgment of the trustee or debtor in possession.") (citing *In*

6  *re G.I. Indus.*, 204 F. 3d 1276, 282 (9th Cir. 2000)); *In re Cook*, 2015 Bankr . LEXIS 1900, at *1-2

7  (Bankr. C.D. Cal. June 8, 2015) ("motions to assume or reject executory contracts under 11 U.S.C.

8  § 365 should be summary proceedings focusing on whether the decision of the trustee, or debtor-in-

9  possession, to assume or reject an executory contract is a good business decision or bad one.").

10      Bankruptcy courts should approve a debtor's decision to assume or reject an executory

11  contract "unless there is bad faith or a gross abuse of discretion."  In other words, the court must

12  decide "whether the decision of the debtor is so manifestly unreasonable that it could not be based

13  on sound business judgment, but only on bad faith, whim, or caprice." *In re Health Science*

14  *Products,* 191 B.R. 895, 909 n.15 (Bankr. N.D. Ala. 1995).  The business judgment rule can be

15  simply stated: in making a business decision, the directors are presumed to have acted

16  independently, on an informed basis, in good faith, and in the honest belief that the decision is in the

17  best interests of the corporation.

18      Thus, a business decision will normally be sustained unless the presumption is rebutted in

19  either of two ways: (i) the process, independence, or good faith of the directors is compromised; or

20  (ii) the decision cannot be attributed to a rational business purpose.  E. Norman Veasey, *The*

21  *Defining Tension in Corporate Governance in America*, 52 Bus Law 393, 394 (Feb.

22  1997). In *Summit Land Co. v. Allen (In re Summit Land Co.)*, 13 B.R. 310 (Bankr. D. Utah

23  1981), the court concluded that a debtor's decision regarding the assumption or rejection of a lease

24  should be granted as a matter of course:

25      [C]ourt approval under Section 365(a), if required, except in extraordinary
26      situations, should be granted as a matter of course.  To begin, this rule places
       responsibility for administering the estate with the trustee, not the court, and
27      therefore furthers the policy of judicial independence considered vital by the
       authors of the Code.  Second, this rule expedites the administration of estates,
28      another goal of the Bankruptcy Reform Act.  Third, the rule encourages

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
COSTA MESA, CALIFORNIA

rehabilitation by permitting the replacement of marginal with profitable business arrangements.

*Summit Land Co.*, 13 B.R. at 315; *see also In re Waldron*, 36 B.R. 633, 640 (Bankr. S.D. Fla. 1984).

Under the business judgment test, if assumption or rejection would benefit the debtor's estate, the court should approve the debtor's proposed assumption or rejection. *Agarwal v. Pomona Valley Med. Group (In re Pomona Valley Medical Group)*, 476 F.3d 665, 670-71 (9th Cir. 2006) ("[The court] should approve the rejection of an executory contract under § 365(a) unless it finds that the debtor-in-possession's conclusion that rejection would be 'advantageous is so manifestly unreasonable that it could not be based on sound business judgment, but only on bad faith, or whim or caprice.'" (quoting *In re Lubrizol*, 756 F.2d 1043, 1047 (4th Cir. 1985)); *see also In re FCX, Inc.*, 60 B.R. 405, 411 (Bankr. E.D.N.Y. 1986) ("the debtor must have a good business judgment reason for asking the Bankruptcy Court to permit it to assume the executory contract").

In this case, the Debtor has determined in its sound business judgment that it is in the best interest of its estate and its creditors to assume the Lease.  Assumption of the Lease will allow the Debtor to continue to operate the Huntington Beach restaurant, which is a profitable location that generates between $1,000,000 and $1,400,000 in unit level EBITDA annually, employs approximately 60-90 employees throughout the year, and is instrumental in overall brand awareness. Absent assumption of the Lease in accordance with the terms of the Stipulation, the City has indicated it would seek to terminate the Lease, which would result in the closure of the Huntington Beach restaurant to the detriment of the Debtor and its affiliates.   The Debtor, therefore, believes that the assumption of the Lease, in accordance with the Payment Plan and terms agreed to between the City and the Debtor as set forth in the Stipulation - which will provide for a cure of all defaults under the Lease - is in the best interests of the estate and is supported by the Debtor's reasonable business judgment.

**B.**    **The Requirements for Assumption Have Been Met**

Section 365(b)(1) of the Bankruptcy Code sets forth the requirements that must be met in order for a debtor to assume an executory contract or unexpired lease, if there has been a default under such contract or lease.  Those requirements are as follows:

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
COSTA MESA, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
COSTA MESA, CALIFORNIA

> If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee—
>
> (A) cures, or provides adequate assurance that the trustee will promptly cure, such default . . .;
>
> (B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and
>
> (C) provides adequate assurance of future performance under such contract or lease.

11 U.S.C. § 365(b)(1).

As stated in the Cavanaugh Declaration, prior to the Petition Date, Ruby's Huntington Beach and the City entered into an agreement pursuant to which the defaults existing under the Lease would be cured (the "Agreement").  The Agreement provided for the following payment plan with respect to all past due amounts under the Lease, as follows:

a. **Percentage Rent**:  The City is due **$287,920.03** in percentage rent.

b. **Penalties**:  In accordance with Section 11 of the (2016) Lease, **$11,516** in penalties have accrued.  This brings the total due to the City to: **$299,436.83**.

c. **Principal and Interest**:  A principal balance of **$299,436.83** (outstanding percentage rent and penalties) and **$4,888.12** in interest based on 3% simple interest.

d. **Payment Plan**:  Twelve (12) monthly payments of $25,360.41 consisting of principal and interest.  The principal and interest portions are shown in detail in the payment plan attached to the Stipulation as Exhibit "1" (the "Payment Plan").  The payments pursuant to the Payment Plan are in addition to the base monthly rent due under the Lease (which base rent is in the amount of $10,455.43 (subject to a 2% increase on January 1, 2017, and additional 3% increases every third year on January 1, 2020, January 1, 2023, January 1, 2026 and January 1, 2029)).

As of the date of the Stipulation, the Debtor was delinquent on the payments to the City for the months of September, October and November, and with respect to the base rent, delinquent to the City for August 2018.

1    Following approval of the Stipulation, the Debtor will pay the 2017 percentage rent payments

2    timely on or before the 27th of each month per the Payment Plan.  As to the payments under the

3    Payment Plan that are due prior to approval of the Stipulation which, as of the date thereof, were for

4    September, October and November totaling $76,081.23, and as to the August base rent in the amount

5    of $10,664.54, said amounts will be paid within ten (10) days of the entry of the order granting the

6    Stipulation, in the total amount, as of the date thereof, of $86,745.77.

7    The Debtor and the City have agreed that (i) payment by the Debtor to the City in accordance

8    with the Payment Plan shall cure all defaults existing under the Lease as of the date thereof pursuant

9    to section 365(b)(1)(A) of the Bankruptcy Code, and (ii) the Debtor has provided adequate assurance

10   of future performance under the Lease pursuant to section 365(b)(1)(C) of the Bankruptcy Code.

11   Based on the foregoing, the Debtor's assumption of the Lease meets the requirements of

12   Section 365 and should be approved.

### II.

### <u>CONCLUSION</u>

15   **WHEREFORE** the Debtor respectfully requests that the Court enter an Order (i) granting

16   the Motion, (ii) approving the Debtor's assumption of the Lease pursuant to section 365(a) of the

17   Bankruptcy Code; (iii) determining that payment of the amounts due pursuant to the Stipulation

18   cures all defaults under the Lease pursuant to section 365(b) of the Bankruptcy Code, and

19   (iv) granting such other and further relief as is necessary and appropriate.

21   Dated:    February 6, 2019              PACHULSKI STANG ZIEHL & JONES LLP

23                                          By:    /s/ William N. Lobel
                                                   _____
24                                                 William N. Lobel
                                                   Attorneys for Ruby's Diner, Inc., *et al.,*
                                                   Debtors and Debtors-in-Possession

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
COSTA MESA, CALIFORNIA

## DECLARATION OF DOUGLAS S. CAVANAUGH

I, Douglas S. Cavanaugh, hereby declare that the following is true and correct to the best of my knowledge, information and belief:

1.       I am a founder and the Chief Executive Officer ("CEO") of Ruby's Diner, Inc., a California corporation ("RDI"), one of the debtors and debtors-in-possession in the above-captioned bankruptcy cases.  I have served in the capacity of CEO since RDI's incorporation in 1985.  I am also a 60% shareholder of RDI.  I am the authorized signatory for Ruby's Huntington Beach, Ltd., a California limited partnership, the debtor and debtor-in-possession herein ("Ruby's Huntington Beach" or the "Debtor").

2.       I make this Declaration in support of the *Debtor's Motion to Approve Stipulation Between Ruby's Huntington Beach, Ltd. and the City of Huntington Beach Authorizing the Assumption of Non-Residential Real Property Lease and Curing of Defaults* (the "Motion"). Capitalized terms not otherwise defined herein have the same meaning ascribed to them in the Motion.

3.       On August 29, 2018 and September 5, 2018, Ruby's Huntington Beach and certain of its affiliates (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  On September 5, 2018, the Court entered an order jointly administering the Debtors' cases, with the RDI case designated as the "Lead Case."  [Docket No. 6].

4.       The Debtors continue to operate their businesses and manage their assets as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

5.       The Debtor is a party to a lease with the City of Huntington Beach (the "City") for the operation of a Ruby's restaurant located on the Huntington Beach Pier, 1 Main Street, Huntington Beach, California 92648 (the "Lease").  The Debtor has entered into a stipulation with the City of Huntington Beach authorizing the assumption of the Lease and curing defaults (the "Stipulation"). A copy of the Stipulation is attached hereto as Exhibit "A."

6.       The Debtor has determined in its sound business judgment that it is in the best interests of its estate and its creditors for it to assume the Lease.  Assumption of the Lease will allow

the Debtor to continue to operate the Huntington Beach restaurant, which is a profitable location that generates between $1,000,000 and $1,400,000 in unit level EBITDA annually, employs approximately 60-90 employees throughout the year, and is instrumental in overall brand awareness. Absent assumption of the Lease in accordance with the terms of the Stipulation, the City has indicated it would seek to terminate the Lease, which would result in the closure of the Huntington Beach restaurant to the detriment of the Debtor and its affiliates.  The Debtor, therefore, believes that the assumption of the Lease, in accordance with the Payment Plan and terms agreed to between the City and the Debtor as set forth in the Stipulation - which will provide for a cure of all defaults under the Lease - is in the best interests of the estate and is supported by the Debtor's reasonable business judgment.

7.    The Debtor and the and the City entered into an agreement pursuant to which the defaults existing under the Lease would be cured (the "Agreement").  The Agreement provided for the following payment plan with respect to all past due amounts under the Lease, as follows:

a.  **Percentage Rent**:  The City is due **$287,920.03** in percentage rent.

b.  **Penalties**:  In accordance with Section 11 of the (2016) Lease, **$11,516** in penalties have accrued.  This brings the total due to the City to: **$299,436.83**.

c.  **Principal and Interest**:  A principal balance of **$299,436.83** (outstanding percentage rent and penalties) and **$4,888.12** in interest based on 3% simple interest.

d.  **Payment Plan**:  Twelve (12) monthly payments of $25,360.41 consisting of principal and interest.  The principal and interest portions are shown in detail in the payment plan attached to the Stipulation as Exhibit "1" (the "Payment Plan").  The payments pursuant to the Payment Plan are in addition to the base monthly rent due under the Lease (which base rent is in the amount of $10,455.43 (subject to a 2% increase on January 1, 2017, and additional 3% increases every third year on January 1, 2020, January 1, 2023, January 1, 2026 and January 1, 2029)).

8.    The Debtor is delinquent on the payments to the City for the months of September, October and November, and with respect to the base rent, is delinquent to the City for August 2018.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
COSTA MESA, CALIFORNIA

9.     Following approval of the Stipulation, the Debtor will pay the 2017 percentage rent payments timely on or before the 27th of each month per the Payment Plan. As to the payments under the Payment Plan that are due prior to approval of the Stipulation which, as of the date thereof, were for September, October and November totaling $76,081.23, and as to the August base rent in the amount of $10,664.54, said amounts will be paid within ten (10) days of the entry of the order granting the Stipulation, in the total amount, as of the date thereof, of $86,745.77.

10.     The Debtor and the City have agreed that (i) payment by the Debtor to the City in accordance with the Payment Plan shall cure all defaults existing under the Lease as of the date thereof pursuant to section 365(b)(1)(A) of the Bankruptcy Code, and (ii) the Debtor has provided adequate assurance of future performance under the Lease pursuant to section 365(b)(1)(C) of the Bankruptcy Code.

11.     For the reasons stated herein, and in the Motion, I, on behalf of the Debtor, submit that the relief sought in the Motion is in the best interest of the Debtor's estate and should be approved.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 6th day of February, 2019, at Costa Mesa, California.

_____

Douglas S. Cavanaugh

EXHIBIT "A"

William N. Lobel – State Bar No. 93202
PACHULSKI STANG ZIEHL & JONES LLP
650 Town Center Drive, Suite 1500
Costa Mesa, CA 92626
Telephone: (714) 384-4740
Facsimile:  (714) 384-4741
E-mail:  wlobel@pszjlaw.com

[Proposed] Attorneys for Ruby's Diners, Inc., *et al.*
Debtors and Debtors-in-Possession

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| | |
|---|---|
| In re: | Case No. 8:18-bk-13311-CB |
| RUBY'S DINER, INC., a California corporation, *et al.*,[1] | Chapter 11 |
| Debtors and Debtors-in-Possession, | (Jointly Administered With Case Nos. 8:18-bk-13197-CB; 8:18-bk-13198-CB; 8:18-bk-13199-CB; 8:18-bk-13200-CB; 8:18-bk-13201-CB; 8:18-bk-13202-CB) |
| Affects: | |
| ☐ All Debtors | |
| ☐ RUBY'S DINER, INC., ONLY | **STIPULATION BETWEEN RUBY'S HUNTINGTON BEACH, LTD. AND THE CITY OF HUNTINGTON BEACH AUTHORIZING THE ASSUMPTION OF NON-RESIDENTIAL REAL PROPERTY LEASE AND CURING OF DEFAULTS** |
| ☐ RUBY'S SOCAL DINERS, LLC, ONLY | |
| ☐ RUBY'S QUALITY DINERS, LLC, ONLY | |
| ☒ RUBY'S HUNTINGTON BEACH, LTD., ONLY | |
| ☐ RUBY'S LAGUNA HILLS, LTD. ONLY | |
| ☐ RUBY'S OCEANSIDE, LTD., ONLY | |
| ☐ RUBY'S PALM SPRINGS, LTD., ONLY | |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
COSTA MESA, CALIFORNIA

[1] The last four digits of the Debtors' federal tax identification numbers are as follows: Ruby's Diner, Inc. (8143); Ruby's SoCal Diners, LLC (9782); Ruby's Quality Diners, LLC (1539); Ruby's Huntington Beach, Ltd. (1331); Ruby's Laguna Hills, Ltd. (6603); Ruby's Oceanside, Ltd. (9104); and Ruby Palm Springs, Ltd. (9627).

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
COSTA MESA, CALIFORNIA

1  **TO THE HONORABLE CATHERINE E. BAUER, UNITED STATES BANKRUPTCY**

2  **JUDGE FOR THE CENTRAL DISTRICT OF CALIFORNIA, CERTAIN CREDITORS AND**

3  **PARTIES-IN-INTEREST:**

4          This Stipulation ("Stipulation") is made and entered into by and between Ruby's Huntington

5  Beach, Ltd., a California limited partnership, a debtor and debtor-in-possession in the above-

6  captioned cases ("Ruby's Huntington Beach"), on the one hand, and the City of Huntington Beach, a

7  municipal corporation of the State of California (the "City" and, together with Ruby's Huntington

8  Beach, the "Parties"), on the other hand, and is made in reference to the following facts:

9                                                **RECITALS**

10          1.      On August 29, 2018 and September 5, 2018, Ruby's Huntington Beach and certain of

11  its affiliates (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of the

12  Bankruptcy Code.  On September 5, 2018, the Court entered an order jointly administering the

13  Debtors' cases (these "Cases"), with the case of Ruby's Diner, Inc. designated as the "Lead Case."

14  [Docket No. 6].

15          2.      The Debtors continue to operate their businesses and manage their assets as debtors in

16  possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

17          3.      Ruby's Huntington Beach and the City are parties to that certain Lease made and

18  entered into effective September 19, 2016 for the operation of a restaurant on the Huntington Beach

19  Pier (the "Lease").

20          4.      Prior to the Petition Date, Ruby's Huntington Beach and the City entered into an

21  agreement pursuant to which the defaults existing under the Lease would be cured (the

22  "Agreement").  The Agreement provided for the following payment plan with respect to all past due

23  amounts under the Lease, as follows:

24          a.  **Percentage Rent:**  The City is due **$287,920.03** in percentage rent.

25          b.  **Penalties:**  In accordance with Section 11 of the (2016) Lease, **$11,516** in

26              penalties have accrued.  This brings the total due to the City to: **$299,436.83**.

27          c.  **Principal and Interest:**  A principal balance of **$299,436.83** (outstanding

28              percentage rent and penalties) and **$4,888.12** in interest based on 3% simple

1    interest.

2        d.  **Payment Plan**:  Twelve (12) monthly payments of $25,360.41 consisting of

3    principal and interest.  The principal and interest portions are shown in detail in

4    the payment plan attached hereto as Exhibit "1" (the "Payment Plan").  The

5    payments pursuant to the Payment Plan are in addition to the base monthly rent

6    due under the Lease (which base rent is in the amount of $10,455.43 (subject to a

7    2% increase on January 1, 2017, and additional 3% increases every third year on

8    January 1, 2020, January 1, 2023, January 1, 2026 and January 1, 2029)).

9        5.    Pursuant to the Payment Plan set forth in Exhibit "1," as of the date hereof, Ruby's

10    Huntington Beach is delinquent on the payments to the City for the months of September, October

11    and November, and with respect to the base rent, Ruby's Huntington Beach is delinquent to the City

12    for August 2018.

13        6.    Following approval of this Stipulation, Ruby's Huntington Beach will pay the 2017

14    percentage rent payments timely on or before the 27th of each month per the Payment Plan.  As to

15    the payments under the Payment Plan that are due prior to approval of this Stipulation which, as of

16    the date hereof, are for September, October and November totaling $76,081.23, and as to the August

17    base rent in the amount of $10,664.54, said amounts will be paid within ten (10) days of the entry of

18    the order granting this Stipulation, in the total amount, as of the date herein, of $86,745.77.

19        7.    As of date hereof, Ruby's Huntington Beach has failed to complete the construction

20    of exterior improvements to the building comprising of roof signage and trivoli lighting in

21    accordance with the Lease in violation of Section 25 of the Lease and is subject to material default.

22        8.    Ruby's Huntington Beach and the City have agreed that (i) payment by Ruby's

23    Huntington Beach to the City in accordance with the Payment Plan and this Stipulation shall cure all

24    defaults existing under the Lease as of the date hereof pursuant to section 365(b)(1)(A) of the

25    Bankruptcy Code, and (ii) Ruby's Huntington Beach has provided adequate assurance of future

26    performance under the Lease pursuant to section 365(b)(1)(C) of the Bankruptcy Code.

27        **NOW, THEREFORE**, upon the mutual promises, covenants and agreements set forth

28    herein, and for other good and valuable consideration, the receipt and sufficiency of which are

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
COSTA MESA, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
COSTA MESA, CALIFORNIA

1    hereby acknowledged, the Parties hereto, intending to be legally bound hereby, agree as follows:

2    <u>**AGREEMENT**</u>

3        A.    Ruby's Huntington Beach hereby assumes the Lease pursuant to section 365(a) of the

4    Bankruptcy Code, and the Lease is deemed assumed effective as of the date hereof (the "<u>Assumption</u>

5    <u>Effective Date</u>").

6        B.    Upon entry of an order of the Bankruptcy Court approving this Stipulation, Ruby's

7    Huntington Beach shall make the payments to the City as provided under the Payment Plan (Exhibit

8    "1" hereto) and this Stipulation, which shall cure all defaults existing as of the Assumption Effective

9    Date under the Lease pursuant to section 365(b) of the Bankruptcy Code.

10        C.    Beginning immediately, Ruby's Huntington Beach shall pay in the ordinary course of

11    business the Minimum Base Rent amount as defined under the Lease on a monthly basis, on the first

12    day of each month.  If the Minimum Base Rent is not received after ten (10) calendar days from the

13    first day of each month, Ruby's Huntington Beach will pay penalties as defined under the Lease.  If

14    there are any conflicts between this provision and the Lease, this provision shall govern.

15        D.    The Percentage Rent for 2018 due under the Lease shall be paid on or before

16    February 1, 2019, with each subsequent annual payment for Percentage Rent thereafter called for

17    under the Lease to be paid on or before February 1st of the applicable year.  This provision and the

18    performance thereof is a material condition to this Stipulation.

19        E.    Ruby's Huntington Beach shall complete the construction of all capital improvements

20    described in Exhibit "D" of the Lease within a period of six (6) months following approval of the

21    City on the signage and lighting, which approval shall not be unreasonably withheld.

22        F.    If Ruby's Huntington Beach fails to comply with any of the provisions set forth in

23    this Stipulation, within thirty (30) days after delivery of written notice by the City specifying the

24    non-compliance and indicating the intention of City to terminate the Lease by reason thereof, the

25    City may terminate Lease.  If Ruby's Huntington Beach fails to pay rent when due and the default

26    continues for five (5) days thereafter, the City, in its sole and absolute discretion may, recover as

27    damages, unpaid rent as set forth in Section 36(A)(2) of the Lease including the termination of the

28    Lease and all other remedies afforded to it by law.

1    G.    This Stipulation may be executed in multiple counterparts, any of which may be

2   transmitted by facsimile and each of which shall be deemed an original, but all of which together

3   shall constitute one and the same instrument.

4    H.    The Court shall retain jurisdiction with respect to any disputes arising from or other

5   actions to interpret, administer or enforce the terms and provisions of this Stipulation.

6

7   Dated: December ___, 2018                     RUBY'S HUNTINGTON BEACH, LTD.

8

9

10                                               By: _____
                                                     Douglas S. Cavanaugh
11                                                   Its:  Authorized Signatory

12

13   Dated: December 26, 2018                      CITY OF HUNTINGTON BEACH

14

15                                               By: _____
                                                     Name: Fred Wilson
16                                                   Its:  City Manager

17

18                                               APPROVED AS TO FORM:

19

20                                               _____
                                                 City Attorney  MV

21                                               Date  12/26/2018

22

23

24

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
COSTA MESA, CALIFORNIA



# City of Huntington Beach

2000 MAIN STREET              CALIFORNIA 92648-2702

OFFICE OF BUSINESS DEVELOPMENT
714.536.5582  www.huntingtonbeachca.gov  fax – 714.375.5087

June 21, 2018

Ruby's Huntington Beach, Ltd.,
Attention:  Tad Belshe
4100 MacArthur Boulevard Suite 310
Newport Beach, CA 92660

Re:    RUBY'S HUNTINGTON BEACH PERCENTAGE RENT PAYMENT PLAN

Dear Mr. Belshe,

This letter is to confirm the payment plan that was set forth in the letter sent to your attention dated April 27, 2018. In that letter, the following terms were tentatively set forth:

1) **Percentage Rent:** The City is due **$287,920.03** in percentage rent.

2) **Penalties:**   In accordance with Section 11 of the (2016) Lease, **$11,516** in penalties have accrued. This brings the total due to the City to: **$299,436.83**.

3) **Principal and Interest:**  A principal balance of **$299,436.83** (outstanding percentage rent and penalties) and **$4,888.12** in interest based on 3% simple interest.

4) **Payment Plan:**  Twelve (12) monthly payments of **$25,360.41** consisting of principal and interest. The principal and interest portions are shown in detail in the attached payment plan spreadsheet. Be advised that these payments are in addition to the base monthly rent due.

This letter serves as confirmation that the deal points set forth previously in the aforementioned letter are final. In addition, the City has received the first payment of $25,360.41 of the payment plan. If you have questions, feel free to reach out to Carlos Marquez, Real Estate and Project Manager at (714) 536-5544.

Sincerely,

Kellee Fritzal
Deputy Director of Economic Development

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**650 Town Center Drive, Suite 1500, Costa Mesa, CA  92626**

A true and correct copy of the foregoing document entitled:  **NOTICE OF MOTION AND MOTION TO APPROVE STIPULATION BETWEEN RUBY'S HUNTINGTON BEACH, LTD. AND THE CITY OF HUNTINGTON BEACH AUTHORIZING THE ASSUMPTION OF NONRESIDENTIAL REAL PROPERTY LEASE AND CURING OF DEFAULTS; DECLARATION OF DOUGLAS S. CAVANAUGH IN SUPPORT THEREOF** thereof will be served or was served (a) on the judge in chamber in the form and manner required by LBR 5005-2(d); and the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **2/6/2019**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On **2/6/2019** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**:  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **2/6/2019**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 2/6/2019 | Nancy Lockwood | /s/ Nancy Lockwood |
|----------|----------------|--------------------|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*
DOCS_LA:316841.1 76135/001

**F 9013-3.1.PROOF.SERVICE**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

- **George B Blackmar**    gblackmar@bpslaw.net
- **Dustin P Branch**    branchd@ballardspahr.com,
  carolod@ballardspahr.com;hubenb@ballardspahr.com;Pollack@ballardspahr.com
- **Meghan Canty**    mcanty@tocounsel.com, lhyska@tocounsel.com
- **Aaron Davis**    aaron.davis@bryancave.com, kat.flaherty@bryancave.com
- **Alan J Friedman**    afriedman@shbllp.com, lgauthier@shbllp.com
- **Eric J Fromme**    efromme@tocounsel.com, lchapman@tocounsel.com;sschuster@tocounsel.com
- **Richard H Golubow**    rgolubow@wcghlaw.com,
  pj@wcghlaw.com;jmartinez@wcghlaw.com;Meir@virtualparalegalservices.com
- **Michael J Hauser**    michael.hauser@usdoj.gov
- **Garrick A Hollander**    ghollander@wcghlaw.com,
  pj@wcghlaw.com;jmartinez@wcghlaw.com;Meir@virtualparalegalservices.com
- **Lillian Jordan**    ENOTICES@DONLINRECANO.COM, RMAPA@DONLINRECANO.COM
- **David S Kupetz**    dkupetz@sulmeyerlaw.com,
  dperez@sulmeyerlaw.com;dperez@ecf.courtdrive.com;dkupetz@ecf.courtdrive.com
- **William N Lobel**    wlobel@pszjlaw.com, nlockwood@pszjlaw.com;jokeefe@pszjlaw.com;banavim@pszjlaw.com
- **Robert S Marticello**    Rmarticello@swelawfirm.com,
  csheets@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- **Jessica G McKinlay**    mckinlay.jessica@dorsey.com
- **Malcolm D Minnick**    dminnick@pillsburylaw.com, m.minnick@comcast.net
- **Ernie Zachary Park**    ernie.park@bewleylaw.com
- **Valerie Smith**    claims@recoverycorp.com
- **United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov
- **Matthew S Walker**    matthew.walker@pillsburylaw.com, candy.kleiner@pillsburylaw.com
- **Sharon Z. Weiss**    sharon.weiss@bclplaw.com, raul.morales@bclplaw.com

2. **SERVED BY UNITED STATES MAIL**:

SEE SERVICE LIST ATTACHED.

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**

Via Overnight Mail
The Honorable Catherine E. Bauer
United States Bankruptcy Court
Central District of California
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5165 / Courtesy Bin
Santa Ana, CA 92701-4593

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*
DOCS_LA:316841.1 76135/001

**F 9013-3.1.PROOF.SERVICE**

CITY OF HUNTINGTON BEACH
ATTN.:  DEPUTY DIRECTOR, OFFICE OF
PO BOX 190
HUNTINGTON BEACH, CA 92648

US FOODS - LA MIRADA
BRIAN SONDHEIM
540 NORTHEAST LANDON ROAD
BELFAIR, WA 98528

CROUDACE & DIETRICH LLP
VIRGINIA CROUDACE
4750 VON KARMAN AVE
NEWPORT BEACH, CA 92660

FAMILY TREE PRODUCE
FIDEL GUZMAN
5510 E LA PALMA AVE.
ANAHEIM, CA 92807

MICHAEL ROBERT WILSON, DBA WILSON
CONSTRUCTION
MICHAEL WILSON
14302 YORBA ST.
TUSTIN, CA 92780

INTERIOR RESOURCES INC
OFFICER, DIRECTOR, MANAGER, AGENT
489-20 JOHNSON AVENUE
BOHEMIA, NY 11716

PURITAN BAKERY
JIM STONE
1624 E CARSON ST
CARSON, CA 90745

SOUTHERN CALIFORNIA EDISON
OFFICER, DIRECTOR, MANAGER, AGENT
PO BOX 300
ROSEMEAD, CA 91771

ECOTECH REFRIGERATION & HVAC INC
OFFICER, DIRECTOR, MANAGER, AGENT
1630 SUNKIST STREETR, SUITE R
ANAHEIM, CA 92806

CALIFORNIA RESTAURANT MUTUAL
DAVID JOHNSON/TRAVIS HARPER COO
PO BOX 45783
SAN FRANCISCO, CA 94145-0783

FIRST INSURANCE FUNDING CORP
OFFICER, DIRECTOR, MANAGER, AGENT
PO BOX 7000
CAROL STREAM, IL 60197-7000

MINUTEMAN INDUSTRIES INC
LINDY OFFICER DIR MGR AGENT
PO BOX 4983
GARDEN GROVE CA 92842

G & G BOOKKEEPING INC
GLYNIS RAMIREZ OFFICER DIR MGR AGENT
19602 COUNTRY LAKE DR
MAGNOLIA TX 77355

HARBOR DISTRIBUTING LLC
DBA GATE CITY BEVERAGE DISTRIBUTION
OFFICER, DIRECTOR, MANAGER, AGENT
PO BOX 842685
LOS ANGELES CA 90084

~~MAINTENANCE BUILDING SVC~~
~~VICTOR SANTANAOFFICER DIR MGR AGENT~~
~~1665 E 4TH ST, STE 104B~~
~~SANTA ANA CA 92701~~
**Invalid address 1.10.19 no FWD Address**

GARDA CL WEST INC
SUSAN LOETELL OFFICER DIR MGR AGENT
LOCKBOX 233209
3209 MOMENTUM PL
CHICAGO IL 60689

3 WIRE GROUP INC
OFFICER DIRECTOR MANAGER AGENT
NW 79PO BOX 1450
MINNEAPOLIS MN 55485-7964

UNION BANK NA
OFFICER DIRECTOR MANAGER AGENT
PO BOX 650349
DALLAS TX 75265

KLM MANAGEMENT CO
DBA AMCOM FOOD SVC
OFFICER, DIRECTOR, MANAGER, AGENT
14120 E VALLEY BLVD
LA PUENTE CA 91746

REEF SYSTEMS INC
OFFICER DIRECTOR MANAGNER AGENT
2931 GRACE LANE, UNIT G
COSTA MESA CA  92626

UNITED STATES ATTORNEY'S OFFICE
300 NORTH LOS ANGELES ST
FEDERAL BUILDING, ROOM 7516
LOS ANGELES CA 90012

UNITED STATES DEPT. OF JUSTICE
BEN FRANKLIN STATION
PO BOX 683
WASHINGTON DC 20044

FRANCHISE TAX BOARD CHIEF COUNSEL
C/O GENERAL COUNSEL SECTION
PO BOX 1720, MS: A-260
RANCHO CORDOVA, CA 95741-1720

FRANCHISE TAX BOARD BANKRUPTCY
SECTION MS: A-340
PO BOX 2952
SACRAMENTO, CA 95812-2952

EMPLOYMENT DEVELOPMENT DEPT.
BANKRUPTCY GROUP MIC 92 E
PO BOX 826880
SACRAMENTO, CA 94280-0001

KATE NAPOLI
19512 POMPANO LANE # 108
HUNTINGTON BEACH CA 92648

DAN MCALLISTER
TREASURER-TAX COLLECTOR
ATTENTION: BANKRUPTCY DESK
1600 PACIFIC HIGHWAY, ROOM 162
SAN DIEGO, CA 92101

OFFICE OF THE US TRUSTEE
MICHAEL HAUSER
411 WEST FOURTH STREET, SUITE 7160
SANTA ANA CA 92701