GARRICK A. HOLLANDER – State Bar No. 166316
ghollander@wcghlaw.com
**WINTHROP COUCHOT**
**GOLUBOW HOLLANDER, LLP**
1301 Dove Street, Suite 500
Newport Beach, CA 92660
Telephone: (949) 720-4100
Facsimile: (949) 720-4111

Counsel to the Official Committee of Creditors Holding
Unsecured Claims for Ruby's Diner, Inc.

### UNITED STATES BANKRUPTCY COURT

### CENTRAL DISTRICT OF CALIFORNIA

### SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>RUBY'S DINER, INC., a California corporation,<br><br>　　　　Debtors and<br>　　　　Debtors in Possession.<br><br>☐ Ruby's Diner, Inc.<br>☐ Ruby's SoCal Diners, LLC<br>☐ Ruby's Quality Diners, LLC<br>☐ Ruby's Huntington Beach, Ltd.<br>☐ Ruby's Laguna Hills, Ltd.<br>☐ Ruby's Oceanside, Ltd.<br>☐ Ruby's Palm Springs, Ltd.<br>☒ All Debtors | Case No. 8:18-bk-13311-CB<br><br>Chapter 11<br><br>(Jointly administered with Case Nos. 8:18-bk-13197-CB; 8:18-bk-13198-CB; 8:18-bk-13199-CB; 8:18-bk-13200-CB; 8:18-bk-13201-CB; and 8:18-bk-13202-CB)<br><br>**CREDITOR COMMITTEE'S JOINDER IN SUPPORT OF DEBTORS' MOTION FOR EXTENSION OF PLAN EXCLUSIVITY DEADLINES**<br><br>Date:　February 20, 2019<br>Time:　10:00 a.m.<br>Place:　Courtroom 5D |

　　　　The Official Committee of Creditors Holding Unsecured Claims in the Chapter 11 case of Debtor Ruby's Diner, Inc. (the "Committee") hereby joins in support of the granting of the plan exclusivity deadlines in favor of the above-referenced Chapter 11 debtors (collectively, the "Debtors") for the reasons stated herein.

　　　　The Committee believes that granting plan exclusivity to the Debtor at this time, without prejudice to parties being able to come in and seek termination of plan exclusivity, if appropriate, will not prejudice, but actually serve the best interests of creditors. The Committee is aware of Opus Bank's concerns, however, denying the Debtors plan exclusivity will not resolve its concern,

but rather heighten it.  As everyone is aware, the Committee has been marketing the Debtors' assets for months and continues to do so, and is fully aware of those parties who represent potential purchasers.  If the Committee receives a better offer than the current proposal, it has multiple avenues to seek approval of such an offer.  Counsel for the Committee continues to advise counsel for the Debtors about the possible overbid scenario, and the Debtors recognize their fiduciary duty to maximize value for creditors.  While the Committee is hopeful that a party will step up and pay more for the Debtors' assets than the deal the Debtors have reached with Mr. Craig, there is no such party at this point in time.

The Committee is confident about two things relative to plan exclusivity: (i) that the Court would be amenable to terminating plan exclusivity or take such other actions as appropriate at the time that a buyer offers to purchase the Debtors' assets for a price that provides greater or better value to creditors; and (ii) opening up the playing field for multiple plans at this time could only potentially increase unnecessarily the administrative expense in these cases.

Based on the foregoing, the Committee submits that plan exclusivity has no restrictive effect on any party seeking to terminate plan exclusivity or take such other action to consummate a deal that provides greater value for creditors…at such time it is appropriate.  Denying plan exclusivity could, however, create chaos and increased administrative expense.  Accordingly, the Committee respectfully requests that the Court grant the extension of plan exclusivity.

DATED: February 21, 2019

**WINTHROP COUCHOT
GOLUBOW HOLLANDER, LLP**


By: */s/ Garrick A. Hollander*
     Garrick A. Hollander
Counsel to the Committee of Creditors
Holding Unsecured Claims for Ruby's Diner, Inc.

-2-

238196

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 1301 Dove Street, Suite 500, Newport Beach, CA 92660.

A true and correct copy of the foregoing document entitled: **CREDITOR COMMITTEE'S JOINDER IN SUPPORT OF DEBTORS' MOTION FOR EXTENSION OF PLAN EXCLUSIVITY DEADLINES** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **February 21, 2019**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

2. **SERVED BY FIRST CLASS MAIL**:  On **February 21, 2019**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

| **Croudace & Dietrich LLP**<br>2151 Michelson Drive Suite 162<br>Irvine, CA 92612 | **Kate Napoli**<br>19512 Pompano Lane #108<br>Huntington Beach, CA 92648 |
|---|---|
| **Pachulski Stang Ziehl & Jones LLP**<br>650 Town Center Drive Suite 1500<br>Costa Mesa, CA 92626 | |

☐ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **, 2019**. I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| **February 21, 2019** | Jeannie Martinez | */s/ Jeannie Martinez* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

**NEF SERVICE LIST**

- **George B Blackmar**   gblackmar@bpslaw.net
- **Dustin P Branch**   branchd@ballardspahr.com, carolod@ballardspahr.com;hubenb@ballardspahr.com;Pollack@ballardspahr.com
- **Meghan Canty**   mcanty@tocounsel.com, lhyska@tocounsel.com
- **Aaron Davis**   aaron.davis@bryancave.com, kat.flaherty@bryancave.com
- **Alan J Friedman**   afriedman@shbllp.com, lgauthier@shbllp.com
- **Eric J Fromme**   efromme@tocounsel.com, lchapman@tocounsel.com;sschuster@tocounsel.com
- **Richard H Golubow**   rgolubow@wcghlaw.com, pj@wcghlaw.com;jmartinez@wcghlaw.com;Meir@virtualparalegalservices.com
- **Michael J Hauser**   michael.hauser@usdoj.gov
- **Garrick A Hollander**   ghollander@wcghlaw.com, pj@wcghlaw.com;jmartinez@wcghlaw.com;Meir@virtualparalegalservices.com
- **Lillian Jordan**   ENOTICES@DONLINRECANO.COM, RMAPA@DONLINRECANO.COM
- **David S Kupetz**   dkupetz@sulmeyerlaw.com, dperez@sulmeyerlaw.com;dperez@ecf.courtdrive.com;dkupetz@ecf.courtdrive.com
- **William N Lobel**   wlobel@pszjlaw.com, nlockwood@pszjlaw.com;jokeefe@pszjlaw.com;banavim@pszjlaw.com
- **Robert S Marticello**   Rmarticello@swelawfirm.com, csheets@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- **Jessica G McKinlay**   mckinlay.jessica@dorsey.com
- **Malcolm D Minnick**   dminnick@pillsburylaw.com, m.minnick@comcast.net
- **Ernie Zachary Park**   ernie.park@bewleylaw.com
- **Valerie Smith**   claims@recoverycorp.com
- **United States Trustee (SA)**   ustpregion16.sa.ecf@usdoj.gov
- **Matthew S Walker**   matthew.walker@pillsburylaw.com, candy.kleiner@pillsburylaw.com
- **Sharon Z. Weiss**   sharon.weiss@bclplaw.com, raul.morales@bclplaw.com

238196