William N. Lobel (CA Bar No. 93202)
PACHULSKI STANG ZIEHL & JONES LLP
650 Town Center Drive, Suite 1500
Costa Mesa, CA 92626
Telephone: (714) 384-4740
Facsimile: (714) 384-4741
E-mail: wlobel@pszjlaw.com

Attorneys for Ruby's Diner, Inc., *et al.*,
Debtors and Debtors-in-Possession

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>RUBY'S DINER, INC., a California corporation, *et al.*,[1]<br><br>    Debtors and Debtors-in-Possession.<br><br>Affects:<br><br>☐ All Debtors<br>☒ RUBY'S DINER, INC., ONLY<br>☒ RUBY'S SOCAL DINERS, LLC, ONLY<br>☐ RUBY'S QUALITY DINERS, LLC, ONLY<br>☐ RUBY'S HUNTINGTON BEACH, LTD., ONLY<br>☒ RUBY'S LAGUNA HILLS, LTD. ONLY<br>☐ RUBY'S OCEANSIDE, LTD., ONLY<br>☐ RUBY'S PALM SPRINGS, LTD., ONLY | Case Nos.: 8:18-bk-13311-CB<br><br>Chapter 11<br><br>**APPLICATION FOR ORDER SHORTENING TIME FOR HEARING ON MOTION FOR AN ORDER AUTHORIZING THE DEBTORS TO: (1) ASSUME AND ASSIGN NON-RESIDENTIAL REAL PROPERTY LEASE AND RESOLVE CLAIMS BY THE LANDLORD AGAINST THE DEBTORS IN CONNECTION THEREWITH; AND (2) ENTER INTO ASSET PURCHASE AGREEMENT WITH ASSIGNEE FOR THE SALE OF FF&E; DECLARATION OF DOUGLAS S. CAVANAUGH IN SUPPORT**<br><br>[Related to Docket No. 300]<br><br>[No Hearing Required]<br><br>[Local Rule 9075-1(b)] |

---

[1] The last four digits of the Debtors' federal tax identification numbers are as follows: Ruby's Diner, Inc. (8143); Ruby's SoCal Diners, LLC (9782); Ruby's Quality Diners, LLC (1539); Ruby's Huntington Beach, Ltd. (1331); Ruby's Laguna Hills, Ltd. (6603); Ruby's Oceanside, Ltd. (9104); and Ruby Palm Springs, Ltd. (9627).

**TO THE HONORABLE CATHERINE E. BAUER, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE AND OTHER PARTIES IN INTEREST:**

Ruby's Laguna Hills, Ltd., a California limited partnership ("Ruby's Laguna Hills"), Ruby's Diner, Inc., a California corporation ("RDI") and Ruby's SoCal Diners, LLC ("SoCal Diners") (collectively, the "Debtors") hereby apply to this Court under Local Bankruptcy Rule 9075-1(b) (the "Application to Shorten Time") for an order shortening the notice period for the hearing on the *Motion for an Order Authorizing the Debtors to: (1) Assume and Assign Nonresidential Real Property Lease and Resolve Claims by the Landlord Against the Debtors in Connection Therewith; and (2) Enter Into Asset Purchase Agreement with Assignee for the Sale of FF&E* (the "Motion"),[2] filed concurrently herewith.

By the Motion, the Debtors seek an order authorizing the Debtors (1) to assume and assign the nonresidential real property lease (the "Laguna Hills Lease") for the Ruby's restaurant located in Laguna Hills, California (the "Laguna Hills Restaurant") to Maria Land, Inc., an entity owned by existing franchisees, Michael Youssef and Rania Youssef (the "Assignee") and resolve all claims against the Debtors by the landlord, MGP Fund X Laguna Hills, LLC ("MGP"), in connection with the Laguna Hills Lease, in accordance with an Assignment and Assumption of and Second Amendment to Shopping Center Lease by and between Ruby's Laguna Hills, the Assignee and MGP (the "Assignment Agreement"), a true and correct copy of which is attached to the Motion as Exhibit "1," pursuant 11 U.S.C. §§ 365(a), (b)(1) and (f) and Rule 6006 of the Federal Rules of Bankruptcy Procedure; and (2) to enter into an asset purchase agreement (the "APA"), a true and correct copy of which is attached to the Motion as Exhibit "2," with the Assignee for the purchase of a limited amount of furniture, fixtures and equipment owned by the Debtors located at the Laguna Hills Restaurant (the "FF&E"), which FF&E (consisting of a limited amount of "small goods") will be of no further use to the Debtors following the assignment) for a purchase price of Fourteen Thousand Dollars ($14,000) pursuant to 11 U.S.C. § 11 U.S.C. §§ 363(b), (f), and (m), Rule 6004 of the

---

[2] MGP has required that the Debtors seek Court approval to have the Motion filed under seal, thus, the Debtors have filed a request with the Court to have the Motion filed under seal.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
COSTA MESA, CALIFORNIA

Federal Rules of Bankruptcy Procedure, and Local Bankruptcy Rule 6004-1(c), free and clear of any liens, claims, interests and encumbrances, with any liens, claims, interests and encumbrances on the FF&E to attach to the proceeds of the sale.

By this Application to Shorten Time, the Debtors request that the Court set a hearing on the Motion, in accordance with the Court's calendar, on or before March 20, 2019, on the grounds that the terms of the Assignment Agreement between MGP, the Assignee and the Debtors was just executed on March 15, 2019. By the Assignment Agreement, the Laguna Hills Lease will be assumed by the Debtors and assigned to the Assignee (which will also purchase the FF&E by way of the related Sale Agreement), and MGP's claims against the Debtors will be resolved. The statutory deadline for an entry of an order approving the assumption and assignment of the Laguna Hills Lease, however, expires on ***March 27, 2019***, or the Laguna Hills Lease will be deemed rejected. By virtue of the timing, there is not sufficient time before the expiration of this deadline to set the hearing on regular notice. Resolution of the issues with respect to the Laguna Hills Lease by way of the Assignment Agreement and APA is in the best interests of the estates, as such agreements resolve the landlord's claims, provide for the continuing operation of the Laguna Hills Restaurant by the Assignee (which will also result in having franchise fees paid to Ruby's Franchise Systems, Inc. and a license fee based thereon to RDI) and will bring in a modest amount of proceeds from the sale of the FF&E which would otherwise not be of any use to the Debtors. A deemed rejection of the Laguna Hills Lease, on the other hand, would have a detrimental impact the estates. Therefore, it is imperative that Court approval of the integrated agreements requested by way of the Motion be obtained in advance of such deadline to provide the Court with ample opportunity to consider and enter an order approving the Motion.

For the reasons stated herein and in the Declaration of Douglas S. Cavanaugh filed in support of the Motion and this Application to Shorten Time, the Debtors submit that setting the hearing on the Motion on shortened time is in the best interests of the estates and should be granted by the Court.

In accordance with Local Rule 9075-1(b), this Application to Shorten Time, filed with a copy of the Motion, will be served contemporaneously, via facsimile, email, or overnight/Express Mail

delivery on (1) the Office of the United States Trustee; (2) the Official Committee of Unsecured Creditors in RDI's case; (3) MGP; (4) the Assignee; (5) the Debtors' secured creditors; and (6) all parties that file with the Court and serve upon the Debtors request for notice of all matters in accordance with Bankruptcy Rule 2002(i) in the Debtors' cases. The Debtors submit that such notice is sufficient under the circumstances.

As soon as the Court notifies the Debtors' counsel that the Application to Shorten Time has been granted, the Debtors will give notice thereof, by overnight mail, facsimile and/or email, to the parties referenced in the foregoing paragraph.

**WHEREFORE**, the Debtors respectfully request that the Court issue and enter the Order filed currently herewith granting the Application to Shorten Time setting a hearing on the Motion, in accordance with the Court's calendar, on or before March 20, 2019, so that the order approving the Motion may be entered prior to the March 27, 2019 deadline.

Respectfully submitted,

Dated:   March 15, 2019        PACHULSKI STANG ZIEHL & JONES LLP

By:   /s/ William N. Lobel
William N. Lobel
Attorneys for Ruby's Diner, Inc., *et al.*,
Debtors and Debtors-in-Possession

# **DECLARATION OF DOUGLAS S. CAVANAUGH**

I, Douglas S. Cavanaugh, hereby declare that the following is true and correct to the best of my knowledge, information and belief:

1. I am a founder and the Chief Executive Officer of Ruby's Laguna Hills, Ltd., a California limited partnership ("Ruby's Laguna Hills"), Ruby's Diner, Inc., a California corporation ("RDI") and Ruby's SoCal Diners, LLC ("SoCal Diners") (collectively, the "Debtors").

2. I submit this declaration in support of the Application for Order Shortening Time by which the Debtors seek an order of this Court scheduling on shortened time the Debtors' concurrently filed *Motion for an Order Authorizing the Debtors to: (1) Assume and Assign Nonresidential Real Property Lease and Resolve Claims by the Landlord Against the Debtors in Connection Therewith; and (2) Enter Into Asset Purchase Agreement with Assignee for the Sale of FF&F* (the "Motion").[3] Except as otherwise indicated, all facts set forth in this Declaration are based on my personal knowledge, information supplied by employees under my supervision, or my opinion based on experience, knowledge, and information concerning the operations of the Debtors.

3. The Motion seeks an order authorizing the Debtors (1) to assume and assign the nonresidential real property lease (the "Laguna Hills Lease") for the Ruby's restaurant located in Laguna Hills, California (the "Laguna Hills Restaurant") to Maria Land, Inc., an entity owned by existing franchisees, Michael Youssef and Rania Youssef (the "Assignee") and resolve all claims against the Debtors by the landlord, MGP Fund X Laguna Hills, LLC ("MGP"), in connection with the Laguna Hills Lease, in accordance with an Assignment and Assumption of and Second Amendment to Shopping Center Lease by and between Ruby's Laguna Hills, the Assignee and MGP (the "Assignment Agreement"), a true and correct copy of which is attached to the Motion as Exhibit "1," pursuant 11 U.S.C. §§ 365(a), (b)(1) and (f) and Rule 6006 of the Federal Rules of Bankruptcy Procedure; and (2) to enter into an asset purchase agreement (the "APA"), a true and correct copy of which is attached to the Motion as Exhibit "2," with the Assignee for the purchase of a limited amount of furniture, fixtures and equipment owned by the Debtors located at the Laguna Hills Restaurant (the "FF&E") (which FF&E (consisting of a limited amount of "small goods") will be of

---

[3] Capitalized terms not otherwise defined have the same meaning ascribed to such terms in the Motion.

no further use to the Debtors following the assignment) for a purchase price of Fourteen Thousand Dollars ($14,000) pursuant to 11 U.S.C. § 11 U.S.C. §§ 363(b), (f), and (m), Rule 6004 of the Federal Rules of Bankruptcy Procedure, and Local Bankruptcy Rule 6004-1(c), free and clear of any liens, claims, interests and encumbrances, with any liens, claims, interests and encumbrances on the FF&E to attach to the proceeds of the sale.

4.    The Debtors request that the Court set a hearing on the Motion, in accordance with the Court's calendar, on or before March 20, 2019.  The terms of the Assignment Agreement between MGP, the Assignee and the Debtors was just executed on March 15, 2019.  By the Assignment Agreement, the Laguna Hills Lease will be assumed by the Debtors and assigned to the Assignee (which will also purchase the FF&E by way of the related APA), and MGP's claims against the Debtors will be resolved.  The Debtors have been advised that the statutory deadline for an entry of an order approving the assumption and assignment of the Laguna Hills Lease, however, expires on ***March 27, 2019***, or the Laguna Hills Lease will be deemed rejected.  By virtue of the timing, there is not sufficient time before the expiration of this deadline to set the hearing on regular notice.  Resolution of the issues with respect to the Laguna Hills Lease by way of the Assignment Agreement and Sale Agreement is in the best interests of the estates, as such agreements resolve the landlord's claims, provide for the continuing operation of the Laguna Hills Restaurant by the Assignee (which will also result in having franchise fees paid to Ruby's Franchise Systems, Inc. and a license fee based thereon to RDI) and will bring in a modest amount of proceeds from the sale of the FF&E which would otherwise not be of any use to the Debtors.  A deemed rejection of the Laguna Hills Lease, on the other hand, would have a detrimental impact the estates.  Therefore, it is imperative that Court approval of the integrated agreements requested by way of the Motion be obtained in advance of such deadline to provide the Court with ample opportunity to consider and enter an order approving the Motion.

5.    For the reasons stated herein and in the Application to Shorten Time, I believe that expediting the hearing on the Motion is in the best interests of the Debtors' estates and creditors, and other parties in interest.

1   I declare under penalty of perjury that the foregoing is true and correct.

2   Executed on this 14th day of March, 2019, at Newport Beach, California.

*[signature]*

Douglas S. Cavanaugh