| Attorney or Party Name, Address, Telephone & Fax Nos., State Bar No. & Email Address<br><br>PACHULSKI STANG ZIEHL & JONES LLP<br>William N. Lobel, SBN 93202<br>650 Town Center Drive, Suite 1500<br>Costa Mesa, CA 92626<br>Tel: (714) 384-4740; Fax: (714) 384-4741<br>Email: wlobel@pszjlaw.com<br><br>[ ] Individual appearing without attorney<br>[ X ] Attorney for: Debtors and Debtors-in-Possession | FOR COURT USE ONLY |
|---|---|

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| In re:<br><br>RUBY'S DINER, INC., a California corporation, *et al.*,<br><br>        Debtors and Debtors-in-Possession.<br><br>Affects:<br><br>☒ All Debtors<br>☐ RUBY'S DINER, INC., ONLY<br>☐ RUBY'S SOCAL DINERS, LLC, ONLY<br>☐ RUBY'S QUALITY DINERS, LLC, ONLY<br>☐ RUBY'S HUNTINGTON BEACH, LTD., ONLY<br>☐ RUBY'S LAGUNA HILLS, LTD. ONLY<br>☐ RUBY'S OCEANSIDE, LTD., ONLY<br>☐ RUBY'S PALM SPRINGS, LTD., ONLY<br><br>        Debtors(s) | Case No. 8:15-bk-15311-MW<br><br>Chapter 11<br><br>(Jointly Administered With Case Nos. 8:18-bk-13197-CB; 8:18-bk-13198-CB; 8:18-bk-13199-CB; 8:18-bk-13200-CB; 8:18-bk-13201-CB; 8:18-bk-13202-CB)<br><br>**NOTICE OF BAR DATE FOR FILING PROOFS OF CLAIM IN A CHAPTER 11 CASE [LBR 3003-1]**<br><br>[ ] No hearing: LBR 9013-1(q)<br>[ X ] Hearing Information<br><br>DATE: April 3, 2019<br>TIME: 10:00 a.m.<br>COURTROOM: 5D<br>ADDRESS: 411 W. Fourth St.<br>          Santa Ana, CA 92701 |
|---|---|

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California

December 2015    Page 1    F 3003-1.NOTICE.BARDATE
(Serve) DOCS_LA:318857.7

1. Bar Date. The court has set a deadline of **June 3, 2019** (the "Bar Date"), for creditors in the above-referenced cases to file proofs of claim against the Debtors' estates. ON OR BEFORE THE BAR DATE, PROOFS OF CLAIM AGAINST A DEBTOR(S)' ESTATE MUST BE **RECEIVED BY DONLIN RECANO & COMPANY, INC.** AS FOLLOWS**:**

   | **By Mail:** | **By Courier, Hand Delivery, or Overnight Delivery:** |
   |---|---|
   | **Donlin Recano & Company, Inc.**<br>**Re: Ruby's Diner, Inc., et al.**<br>**P.O. Box 199043**<br>**Blythebourne Station**<br>**Brooklyn, NY 11219** | **Donlin Recano & Company, Inc.**<br>**Re: Ruby's Diner, Inc., et al.**<br>**6201 15th Avenue**<br>**Brooklyn, NY 11219** |

   **PROOFS OF CLAIM SENT BY FACSIMILE, TELECOPY, OR ELECTRONIC MAIL WILL NOT BE ACCEPTED.**

2. Form. You may obtain a Proof of Claim form (Official Form 410) on the Bankruptcy Court's website at http://www.cacb.uscourts.gov, or visit the intake area at any division of the Court, **or from Donlin Recano's website established for these cases at https://www.donlinrecano.com/Clients/rh/Index**.

3. Exceptions to the Bar Date. Exceptions to the Bar Date include, but are not limited to, the following:

   (a) Executory Contracts/Unexpired Leases. For claims arising from rejection of any executory contract or unexpired lease, the last day to file a Proof of Claim is the later of (a) the Bar Date or (b) 30 days after the date of entry of an order authorizing the rejection of such contract or lease or after any automatic rejection of such contract or lease. *See* 11 U.S.C. §§ 365(d)(4) and 502(g). **A party to an executory contract or unexpired lease that asserts a claim (other than a claim arising from rejection of any executory contract or unexpired lease) must file a Proof of Claim for such amounts by the Bar Date.**

   (b) Governmental Units. For claims of governmental units, the last day to file a Proof of Claim is the later of (a) the Bar Date or (b) before 180 days after the date of the Order for Relief in these cases. The person signing this form has determined that the Order for Relief was entered on **August 29, 2019** for **Ruby's SoCal Diners, LLC, Ruby's Quality Diners, LLC, Ruby's Huntington Beach, Ltd., Ruby's Laguna Hills, Ltd., Ruby's Oceanside, Ltd., and Ruby's Palm Springs (collectively, the "SoCal Debtors")**, and therefor calculates that the deadline based on entry of the Order for Relief in the SoCal Debtors' cases was **February 25, 2019**; and that the Order for Relief was entered on **September 5, 2018** for **Ruby's Diner, Inc. ("RDI")**, therefor calculates that the deadline based on entry of the Order for Relief in the RDI case was **March 4, 2019**. *See* 11 U.S. C. §§ 101(27) and 502(b)(9).[1]

   (c) Avoidance of Transfer. For claims arising from the avoidance of a transfer under chapter 5 of the Bankruptcy Code (*e.g.,* 11 U.S.C. § 544), the last day to file a Proof of Claim is the later of (a) the Bar Date or (b) 30 days after the entry of judgment avoiding the transfer. *See* 11 U.S.C. § 502(h).

   (d) Agreed Claims. If your claim is listed on a Debtor's official bankruptcy schedules of assets and liabilities (the "Schedules") and it is not listed as disputed, contingent, unliquidated or unknown, then your claim is deemed filed in the amount set forth in those Schedules. *See* 11 U.S.C. § 1111(a).

---

[1] The Governmental Units Bar Date is subject to any dates authorizing an extension of the deadline pursuant to the *Order Granting the United States' Omnibus Motion for Enlargement of Deadlines and a Stay of Proceeding with which the United States Government is a Party in Light of Lapse of Appropriations,* entered on January 23, 2019, as Docket No. 3, Misc. No. 1:19-mp-00101 MT.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California

December 2015                                  Page 2                          F 3003-1.NOTICE.BARDATE
    (Serve) DOCS_LA:318857.7

But, if your claim is not listed on the Schedules, <u>or</u> is listed as disputed, contingent, unliquidated or unknown, <u>or</u> if you disagree with the amount or description of your claim (*e.g.,* its description as unsecured or non-priority), then you <u>must</u> timely file a Proof of Claim as set forth in this Notice.

4. <u>11 U.S.C. § 503(b)(9) Claims.</u>  Claims arising from unpaid goods received by a Debtor in the ordinary course of business within 20 days prepetition are subject to an administrative expense priority pursuant to 11 U.S.C. §§ 507(a)(2) and 503(b)(9).  Any creditor who wishes to assert such a claim must file a Proof of Claim by the Bar Date, modified as follows:  (a) *Section 2 of Proof of Claim.*  Identifying the following:  (i) the goods for which a Debtor has not paid; (ii) the method(s) of shipment; (iii) the actual date(s) when those goods were *received* by the Debtor (or state that an estimated date has been used); and (iv) the place of delivery (use a continuation sheet if necessary); (b) *Section 5 of Proof of Claim.*  Check the box for "Other" priority and specify that priority is under 11 U.S.C. §§ 507(a)(2) <u>and</u> 503(b)(9).

**FAILURE OF A CREDITOR TO FILE A PROOF OF CLAIM ON OR BEFORE THE DEADLINE MAY RESULT IN DISALLOWNACE OF THE CLAIM OR SUBORDINATION UNDER THE TERMS OF A PLAN OF REORGANIZATION WITHOUT FURTHER NOTICE OR HEARING.**  *See* **11 U.S.C. § 502(b)(9).  CREDITORS MAY WISH TO CONSULT AN ATTORNEY TO PROTECT THEIR RIGHTS.**

Date:  April 9, 2019                                By:   /s/ William N. Lobel_____
                                                                 William N. Lobel
                                                                 PACHULSKI STANG ZIEHL & JONES LLP

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California

December 2015                                Page 3                                **F 3003-1.NOTICE.BARDATE**
   (Serve) DOCS_LA:318857.7