William N. Lobel (CA Bar No. 93202)
PACHULSKI STANG ZIEHL & JONES LLP
650 Town Center Drive, Suite 1500
Costa Mesa, CA  92626
Telephone:  (714) 384-4740
Facsimile:  (714) 384-4741
E-mail:     wlobel@pszjlaw.com

Attorneys for Ruby's Diner, Inc., *et al.,*
Debtors and Debtors-in-Possession

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>RUBY'S DINER, INC., a California corporation, *et al.,*<br><br>      Debtors and Debtors-in-Possession.<br><br>Affects:<br><br>☒ All Debtors<br><br>☐ RUBY'S DINER, INC., ONLY<br><br>☐ RUBY'S SOCAL DINERS, LLC, ONLY<br><br>☐ RUBY'S QUALITY DINERS, LLC, ONLY<br><br>☐ RUBY'S HUNTINGTON BEACH, LTD., ONLY<br><br>☐ RUBY'S LAGUNA HILLS, LTD. ONLY<br><br>☐ RUBY'S OCEANSIDE, LTD., ONLY<br><br>☐ RUBY'S PALM SPRINGS, LTD., ONLY | Case No. 8:18-bk-13311-CB<br><br>Chapter 11<br><br>(Jointly Administered With Case Nos. 8:18-bk-13197-CB; 8:18-bk-13198-CB; 8:18-bk-13199-CB; 8:18-bk-13200-CB; 8:18-bk-13201-CB; 8:18-bk-13202-CB)<br><br>**UPDATED CHAPTER 11 STATUS REPORT DATED MAY 28, 2019; DECLARATION OF DOUGLAS S. CAVANAUGH IN SUPPORT THEREOF**<br><br>DATE:     June 5, 2019<br>TIME:     10:00 a.m.<br>CTRM:    5D<br>PLACE:   411 West Fourth Street<br>             Santa Ana, CA 92701 |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
COSTA MESA, CALIFORNIA

**TO THE HONORABLE CATHERINE E. BAUER, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, AND OTHER PARTIES IN INTEREST:**

On August 29, 2018, Ruby's SoCal Diners, LLC, a Delaware limited liability company ("SoCal Diners"); Ruby's Quality Diners, LLC, a Delaware limited liability company ("Quality"); Ruby's Huntington Beach, Ltd., a California limited partnership ("Ruby's Huntington Beach"); Ruby's Laguna Hills, Ltd., a California limited partnership ("Ruby's Laguna Hills"); Ruby's Oceanside, Ltd., a California limited partnership ("Ruby's Oceanside"); and Ruby's Palm Springs, Ltd., a California limited partnership ("Ruby's Palm Springs") (collectively, the "SoCal Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. On September 5, 2018, Ruby's Diner, Inc., a California corporation ("RDI") filed a related chapter 11 case.   RDI and the SoCal Debtors are referred to herein as the "Debtors."   On September 5, 2018, the Court entered an order jointly administering the Debtors' cases, with RDI designated as the lead debtor.

No party has requested the appointment of a trustee or examiner in the Debtors' cases. On September 19, 2018, the Office of the United States Trustee (the "UST") appointed an official committee of unsecured creditors in the RDI case (the "Committee").

On September 5, 2018, Ruby's Franchise Systems, Inc., a California corporation ("RFS"), an entity affiliated with the Debtors through common ownership and control, commenced a separate chapter 11 proceeding.

## A.    PRIOR STATUS REPORTS

This Status Report is an update to the Debtors' Status Reports filed with the Court on September 19, 2018 [Docket No. 65], October 15, 2018 [Docket No. 114], December 7, 2018 [Docket No. 151], February 12, 2019 [Docket No. 244] and April 11, 2019 [Docket No. 334] (collectively, the "Prior Status Reports"), covering matters subsequent to the filing of the Prior Status Reports, which Prior Status Reports are incorporated herein by this reference.[1]   In support of this Status Report, attached hereto is the Declaration of Douglas S. Cavanaugh (the "Cavanaugh Declaration").

---

[1] Capitalized terms not defined herein have the meanings ascribed to them in the Prior Status Reports.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
COSTA MESA, CALIFORNIA

1  **B.    REQUIREMENTS OF THE CHAPTER 11 DEBTORS-IN-POSSESSION**

2      The Debtors are in compliance with their duties under sections 521, 1106 and 1107 of the

3  Bankruptcy Code, and the requirements of Rule 2015(2)(a) and (b) of the Local Bankruptcy Rules

4  (the "Local Rules").  The Debtors are also in compliance with the UST requirements.

5      On April 11, 2019, the Debtors filed their monthly operating reports for the accounting

6  period ending March 24, 2019.

7      On May 10, 2019, the Debtors filed their monthly operating reports for the accounting period

8  ending April 21, 2019.

9      The UST quarterly fees for the quarter ending June 30, 2019 will be paid on or before July

10  31, 2019.

11  **C.    EMPLOYMENT OF PROFESSIONALS**

12      Pachulski Stang Ziehl & Jones LLP ("PSZJ"):  On December 12, 2018, the Court entered its

13  order approving the employment of PSZJ [Docket No. 170].

14      GlassRatner Advisory Group:  A hearing on the approval of the GlassRatner employment

15  application (the "GlassRatner Application") was held on February 27, 2019.  At that hearing, the

16  Court requested that GlassRatner provide certain additional information, and, on March 19, 2019,

17  GlassRatner filed a supplemental declaration in support of the GlassRatner Application providing

18  such information (the "Supplemental GlassRatner Declaration") [Docket No. 308].  On May 21,

19  2019, the Committee filed a reply to the Supplemental GlassRatner Declaration [Docket No. 363].

20  The Debtor is in the process of setting a hearing on the GlassRatner Application.

21      Donlin Recano & Company ("DRC"):  A hearing on the approval of the DRC employment

22  application (the "DRC Application") was held on April 3, 2019, pursuant to which the Court granted

23  in part and denied in part the DRC Application, and on April 9, 2019, the Court entered its order

24  regarding the DRC Application [Docket No. 331].

25      AFP Saddington LLP:  The Debtors have retained AFP Saddington LLP ("AFP Saddington")

26  as their accountants for the purpose of preparing the Debtors' 2017 Federal and State tax returns.

27  The Debtors are working with AFP Saddington to finalize its employment application.

28      The Verdon Law Group:  The Debtors have retained The Verdon Law Group ("VLG") as

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
COSTA MESA, CALIFORNIA

1  their tax advisors with respect to the structuring of the Plan and, *inter alia*, the merger of RDI and

2  RFS thereunder.  The Debtors are working VLG to finalize the terms of its retention and its

3  employment applications.

4  **D.  USE OF CASH COLLATERAL, RDI DIP FINANCING MOTON, AND NETDOWN**

5  **MOTION**

6      Since the Petition Dates, the Debtors have continued to operate their business in the ordinary

7  course without material change from their pre-petition operations.  The Debtors' major assets and

8  liabilities remain substantially the same as described in the Prior Status Reports.

9      Use of Cash Collateral:

10      On March 29, 2019, Opus Bank, Pillsbury Winthrop Shaw Pittman LLP, Family Tree

11  Produce, Inc., US Foods and the Debtors into a fourth stipulation for use of cash collateral (the

12  "Fourth Cash Collateral Stipulation") [Docket No. 323], and on April 4, 2019 the Court entered its

13  order granting the Court Cash Collateral Stipulation [Docket No. 328].

14      Post-Petition Financing:

15      On January 8, 2019, the Debtors filed a motion seeking approval of, among other things,

16  debtor-in-possession financing from Steven L. Craig (the "DIP Lender") in the amount of $2 million

17  (which was to be utilized not only to support operations of certain of the Debtors during the

18  pendency of their chapter 11 cases, but also amounts necessary to make effective date payments

19  under a chapter 11 plan) (the "Initial DIP Motion") [Docket No. 185].  In addition to seeking

20  approval of the $2 million loan, the Initial DIP Motion also requested approval of RDI's assumption

21  of and entry into a pre-petition plan support agreement, approval of a break-up fee and approval of a

22  "post-petition netdown" process pursuant to which the amounts due among RDI, RFS and the

23  Ruby's franchisees could be "trued-up" and funds could flow into the estates (defined herein as the

24  "Post-Petition Netdown").  The Initial DIP Motion was supported by the Committee, but was

25  opposed by Opus Bank and Pillsbury Winthrop Shaw Pittman LLP.

26      Following discussion among the parties, and in an attempt to address the objections to the

27  Initial DIP Motion which threatened to derail the forward movement of the Debtors' chapter 11

28  cases, RDI determined to enter into a more limited debtor in possession loan (with RDI as the only

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
COSTA MESA, CALIFORNIA

UPDATED CHAPTER 11 STATUS REPORT

borrowing entity) reflecting only the minimum amount necessary to fund RDI's operations pending confirmation of a plan – with the additional amounts necessary to fund the Effective Date payments to be provided, not in the form of a DIP loan, but by way of plan funding.  The SoCal Debtors are not parties to the more limited DIP loan, nor do their assets serve as collateral for the DIP Loan.

On February 6, 2019, RDI filed a motion seeking approval of a DIP loan in the amount of $200,000 (the "RDI DIP Motion") [Docket No. 235].  Concurrently therewith, the Debtors filed a withdrawal of the Initial DIP Motion and its more expansive relief (*i.e.,* the Debtors no longer sought approval of the $2 million loan, the plan support agreement or the break-up fee).  On February 20, 2019, following discussions among the various parties, RDI filed a supplement to the RDI DIP Motion requesting an increase in the DIP Loan from $200,000 to $300,000 [Docket No. 252] and, thereafter, on March 13, 2019, filed a motion seeking approval of the $300,000 DIP loan from the DIP Lender (the "RDI DIP Loan") [Docket No. 235], which was approved by the Court by order entered March 21, 2019 (the "RDI DIP Financing Order") [Docket No. 314].  As required by the DIP Lender, the Founders personally guaranteed the RDI DIP Loan.  The proceeds of the RDI DIP Loan will be utilized to fund RDI's operations pending the Effective Date, at which time additional funding, in the form of the Plan Funding from the Steve Craig, as the plan sponsor (the "Plan Sponsor"), will be provided to fund the Debtors' operations and obligations under the Plan. Pursuant to the Plan, the Plan Sponsor will convert the amounts due on account of the RDI DIP Loan to equity in New Ruby's.

Post-Petition Netdown Motion:

RDI has significant obligations to reimburse its franchisees (the "Franchisees") in connection with the redemption of the gift cards by customers at the Ruby's® restaurants (primarily in connection with the Costco gift cards), both on a pre- and a post-petition basis (the "Gift Card Reimbursement Obligations").  Prior to its chapter 11 filing, RDI lacked the funding to make the payments on account of its Gift Card Reimbursement Obligations.  The Franchisees, in turn, ceased making payments to RFS under the franchise agreements (*i.e.,* the Franchisees were not paying their franchise-related obligations – the franchise royalties and ad fund obligations – because RDI was not paying the Gift Card Reimbursement Obligations to the Franchisees).  Without the payment of the

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
COSTA MESA, CALIFORNIA

UPDATED CHAPTER 11 STATUS REPORT

1   franchise royalties by the Franchisees, RFS was no longer in a position to pay 25% of the royalties to

2   RDI as a license fee.  In other words, the cycle of payments between and among RDI, RFS and the

3   Franchisees significantly diminished.

4       On February 6, 2019, RDI filed its motion (the "Post-Petition Netdown Motion") [Docket

5   No. 234], seeking an order authorizing it to honor post-petition obligations between and among RDI,

6   RFS and the Franchisees in accordance with a "Post-Petition Netdown" process described therein.

7       On March 11, 2019, the Court entered its order granting the Post-Petition Netdown Motion

8   [Docket No. 283].  Similar relief was sought and obtained by RFS in its case [Docket Nos. 134 and

9   156].  Under the Plan, following the Effective Date, a similar "Netdown Process" will be

10  implemented with respect to the pre-petition amounts owed among RDI, RFS and the Franchisees.

11  **E.    MOTION TO EXTEND EXCLUSIVITY PERIODS**

12      Pursuant to an order entered by the Court on March 11, 2019 [Docket No. 280], the Debtors'

13  exclusivity periods were extended to April 25, 2019 and June 24, 2019, respectively.  The Debtors

14  filed their Plan within the exclusivity period.  The Debtors intend to seek an extension of the

15  solicitation period prior to June 24, 2019.

16  **F.    DEADLINE FOR FILING OF CLAIMS AND OBJECTIONS TO CLAIMS**

17      Pursuant to an order entered by the Court on April 9, 2019 [Docket No. 333], June 3, 2019

18  has been set as the general bar date by which parties who wish to assert a pre-petition claim against

19  the Debtors must file a Proof of Claim.

20  **G.    LITIGATION**

21      The Debtors are currently involved in pending litigation in multiple courts in Southern

22  California.  The Debtors have filed notices of stay in those cases, and will continue to monitor their

23  status.

24  **H.    AVOIDANCE ACTIONS**

25      The Debtors are in the process of reviewing potential avoidance actions and do not seek a

26  deadline to file such actions at this time.

27  **I.    UNEXPIRED LEASES AND EXECUTORY CONTRACTS**

28      Pursuant to an order entered by the Court on March 11, 2019 [Docket No. 282], Ruby's

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
COSTA MESA, CALIFORNIA

1    Huntington Beach assumed the lease for the Ruby's Diner located in Huntington Beach.

2    Pursuant to an order entered by the Court on March 11, 2019 [Docket No. 281], Ruby's

3    Oceanside and Ruby's Palm Springs assumed the leases for the Ruby's Diners located in Oceanside

4    and Palm Springs.

5    Pursuant to an order entered by the Court on March 21, 2019 [Docket No. 315], Ruby's

6    Laguna Hills assumed and assigned the lease for the Ruby's Diner located in Laguna Hills and

7    entered into an asset purchase agreement with assignee for the sale of the furniture, fixtures and

8    equipment.

9    **J.    PLAN AND DISCLOSURE STATEMENT**

10    On April 24, 2019 the Debtors, together with RFS, filed their Joint Chapter 11 Plan of

11    Reorganization (the "Plan") [Docket No. 344] and their Disclosure Statement Describing Joint

12    Chapter 11 Plan of Reorganization joint Plan and Disclosure Statement (the "Disclosure Statement")

13    [Docket No. 345].

14    Objections to the Disclosure Statement were filed by the UST [Docket No. 361], Pillsbury

15    Winthrop Shaw Pittman LLP [Docket No. 364] and Opus Bank [Docket No. 367].

16    The Debtors. RFS and the Committee have agreed to enter mediation in an effort to resolve

17    plan issues between the parties, and to that end, on May 22, 2019, the Debtors filed their Request for

18    Assignment to Mediation Program (the "Request for Mediation") [Docket No. 365].  The order

19    assigning the Debtors to mediation is currently pending with the Court.

20    On May 21, 2019, the Debtors entered into a Stipulation to Continue the hearing on Debtors'

21    Motion for an Order (A) Approving Disclosure Statement; (II) Scheduling Confirmation Hearing;

22    (III) Approving Form and Manner of Notice of Confirmation Hearing; (IV) Establishing Procedures

23    for Solicitation and Tabulation of Votes to Accept or Reject Plan; and Procedures for Filing

24    Objection to Confirmation of the Plan to August 7, 2019 (the "Stipulation to Continue DS Hearing"),

25    and, on May 22, 2019, the Debtors filed the Stipulation to Continue DS Hearing [Docket No. 366].

26    The order granting the Stipulation to Continue DS Hearing is currently pending with the Court.

27    The Debtors will be negotiating with the parties that have filed objections to the Disclosure

28    Statement and with the Committee, in an attempt to resolve the parties' objections to the Disclosure

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
COSTA MESA, CALIFORNIA

UPDATED CHAPTER 11 STATUS REPORT

1   Statement and Plan.  The Debtors believe that the requested mediation will assist in the resolution of

2   pending issues.

3                                          Respectfully submitted,

4

5   Dated:    May 28, 2019              PACHULSKI STANG ZIEHL & JONES LLP

6

7                                  By:    ___/s/ William N. Lobel_____

8                                         William N. Lobel
                                          Attorneys for Ruby's Diner, Inc., *et al.,*
                                          Debtors and Debtors-in-Possession

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
COSTA MESA, CALIFORNIA

DOCS_LA#321081.1 76135/001                        8

UPDATED CHAPTER 11 STATUS REPORT

# DECLARATION OF DOUGLAS S. CAVANAUGH

I, Douglas S. Cavanaugh, hereby declare that the following is true and correct to the best of my knowledge, information and belief:

1. I am a founder and the Chief Executive Officer ("CEO") of Ruby's Diner, Inc., a California corporation, the above-captioned debtor and debtor-in-possession ("RDI"). I have served in the capacity of CEO since RDI's incorporation in 1985. I am also a 60% shareholder of RDI.

2. On August 28, 2018, Ruby's SoCal Diners, LLC, a Delaware limited liability company ("SoCal Diners"); Ruby's Quality Diners, LLC, a Delaware limited liability company ("Quality"); Ruby's Huntington Beach, Ltd., a California limited partnership ("Ruby's Huntington Beach"); Ruby's Laguna Hills, Ltd., a California limited partnership ("Ruby's Laguna Hills"); Ruby's Oceanside, Ltd., a California limited partnership ("Ruby's Oceanside"); and Ruby's Palm Springs, Ltd., a California limited partnership ("Ruby's Palm Springs") (collectively, the "SoCal Debtors"), filed chapter 11 cases.

3. On September 5, 2018, RDI filed a related chapter 11 case. RDI and the SoCal Debtors are referred to herein as the "Debtors."

4. On September 5, 2018, the Court entered an order jointly administering the Debtors' Cases, with RDI designated as the lead debtor.

5. No party has requested the appointment of a trustee or examiner in the Debtors' cases. On September 19, 2018, the Office of the United States Trustee (the "UST") appointed an official committee of unsecured creditors in the RDI case (the "Committee").

6. On September 5, 2018, Ruby's Franchise Systems, Inc., a California corporation ("RFS"), an entity affiliated with the Debtors through common ownership and control, commenced a separate chapter 11 proceeding.

7. I submit this declaration (the "Declaration") in support of the Debtors' updated chapter 11 status report (the "Status Report") to which this Declaration is appended.[2] Except as otherwise indicated, all statements in this Declaration are based upon my review of the Debtors' books and records, relevant documents and other information prepared or collected by the Debtors'

---

[2] Capitalized terms not defined herein have the meanings ascribed to them in the Status Report, as applicable.

UPDATED CHAPTER 11 STATUS REPORT

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
COSTA MESA, CALIFORNIA

employees, or my opinion based on my experience with the Debtors' operations and financial condition.

8.     The Debtors are in compliance with their duties under sections 521, 1106 and 1107 of the Bankruptcy Code, and the requirements of Rule 2015(2)(a) and (b) of the Local Bankruptcy Rules (the "Local Rules").  The Debtors are also in compliance with the UST requirements.

9.     On April 11, 2019, the Debtors filed their monthly operating reports for the accounting period ending March 24, 2019.

10.     On May 10, 2019, the Debtors filed their monthly operating reports for the accounting period ending April 21, 2019.

11.     The UST quarterly fees for the quarter ending June 30, 2019 will be paid on or before July 31, 2019.

12.     On December 12, 2018, the Court entered its order approving the employment of Pachulski Stang Ziehl & Jones LLP.

13.     A hearing on the approval of the GlassRatner Application was held on February 27, 2019.  At that hearing, the Court requested that GlassRatner provide certain additional information, and, on March 19, 2019, GlassRatner filed a supplemental declaration in support of the GlassRatner Application providing such information (the "Supplemental GlassRatner Declaration").  On May 21, 2019 the Committee filed a reply to the Supplemental GlassRatner Declaration.  The Debtor is in the process of setting a hearing on the GlassRatner Application.

14.     A hearing on the approval of the DRC Application was held on April 3, 2019, pursuant to which the Court granted in part and denied in part the DRC Application, and on April 9, 2019, the Court entered its order regarding the DRC Application.  .

15.     The Debtors have retained AFP Saddington as their accountants for the purpose of preparing the Debtors' 2017 Federal and State tax returns.  The Debtors are working with AFP Saddington to finalize its employment application.

16.     The Debtors have retained The Verdon Law Group ("VLG") as their tax advisors with respect to the structuring of the Plan and, *inter alia*, the merger of RDI and RFS thereunder. The Debtors are working VLG to finalize the terms of its retention and its employment applications.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
COSTA MESA, CALIFORNIA

UPDATED CHAPTER 11 STATUS REPORT

17.    Since the Petition Dates, the Debtors have continued to operate their business in the ordinary course without material change from their pre-petition operations. The Debtors' major assets and liabilities remain substantially the same as described in the Prior Status Reports.

18.    On March 29, 2019, Opus Bank, Pillsbury Winthrop Shaw Pittman LLP, Family Tree Produce, Inc., US Foods and the Debtors into a fourth stipulation for use of cash collateral.

19.    On January 8, 2019, the Debtors filed a motion seeking approval of, among other things, debtor-in-possession financing from Steven L. Craig (the "DIP Lender") in the amount of $2 million (which was to be utilized not only to support operations of certain of the Debtors during the pendency of their chapter 11 cases, but also amounts necessary to make effective date payments under a chapter 11 plan) (the "Initial DIP Motion").  In addition to seeking approval of the $2 million loan, the Initial DIP Motion also requested approval of RDI's assumption of and entry into a pre-petition plan support agreement, approval of a break-up fee and approval of a "post-petition netdown" process pursuant to which the amounts due among RDI, RFS and the Ruby's franchisees could be "trued-up" and funds could flow into the estates (defined herein as the "Post-Petition Netdown").  The Initial DIP Motion was supported by the Committee, but was opposed by Opus Bank and Pillsbury Winthrop Shaw Pittman LLP.

20.    Following discussion among the parties, and in an attempt to address the objections to the Initial DIP Motion which threatened to derail the forward movement of the Debtors' chapter 11 cases, RDI determined to enter into a more limited debtor in possession loan (with RDI as the only borrowing entity) reflecting only the minimum amount necessary to fund RDI's operations pending confirmation of a plan – with the additional amounts necessary to fund the Effective Date payments to be provided, not in the form of a DIP loan, but by way of plan funding.  The SoCal Debtors are not parties to the more limited DIP loan, nor do their assets serve as collateral for the DIP Loan.

21.    On February 6, 2019, RDI filed a motion seeking approval of a DIP loan in the amount of $200,000 (the "RDI DIP Motion").  Concurrently therewith, the Debtors filed a withdrawal of the Initial DIP Motion and its more expansive relief (*i.e.,* the Debtors no longer sought approval of the $2 million loan, the plan support agreement or the break-up fee).  On February 20, 2019, following discussions among the various parties, RDI filed a supplement to the RDI DIP

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
COSTA MESA, CALIFORNIA

Motion requesting an increase in the DIP Loan from $200,000 to $300,000 [Docket No. 252] and, thereafter, on March 13, 2019, filed a motion seeking approval of the $300,000 DIP loan from the DIP Lender (the "RDI DIP Loan"), which was approved by the Court by order entered March 21, 2019 (the "RDI DIP Financing Order").  As required by the DIP Lender, the Founders personally guaranteed the RDI DIP Loan.  The proceeds of the RDI DIP Loan will be utilized to fund RDI's operations pending the Effective Date, at which time additional funding, in the form of the Plan Funding from the Steve Craig, as the plan sponsor (the "Plan Sponsor"), will be provided to fund the Debtors' operations and obligations under the Plan.  Pursuant to the Plan, the Plan Sponsor will convert the amounts due on account of the RDI DIP Loan to equity in New Ruby's.

22.    RDI has significant obligations to reimburse its franchisees (the "Franchisees") in connection with the redemption of the gift cards by customers at the Ruby's® restaurants (primarily in connection with the Costco gift cards), both on a pre- and a post-petition basis (the "Gift Card Reimbursement Obligations").  Prior to its chapter 11 filing, RDI lacked the funding to make the payments on account of its Gift Card Reimbursement Obligations.  The Franchisees, in turn, ceased making payments to RFS under the franchise agreements (*i.e.,* the Franchisees were not paying their franchise-related obligations – the franchise royalties and ad fund obligations – because RDI was not paying the Gift Card Reimbursement Obligations to the Franchisees).  Without the payment of the franchise royalties by the Franchisees, RFS was no longer in a position to pay 25% of the royalties to RDI as a license fee.  In other words, the cycle of payments between and among RDI, RFS and the Franchisees significantly diminished.

23.    On February 6, 2019, RDI filed its motion (the "Post-Petition Netdown Motion") seeking an order authorizing it to honor post-petition obligations between and among RDI, RFS and the Franchisees in accordance with a "Post-Petition Netdown" process described therein.

24.    On March 11, 2019, the Court entered its order granting the Post-Petition Netdown Motion.  Similar relief was sought and obtained by RFS in its case.  Under the Plan, following the Effective Date, a similar "Netdown Process" will be implemented with respect to the pre-petition amounts owed among RDI, RFS and the Franchisees.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
COSTA MESA, CALIFORNIA

UPDATED CHAPTER 11 STATUS REPORT

25.    Pursuant to an order entered by the Court on March 11, 2019, the Debtors' exclusivity periods were extended to April 25, 2019 and June 24, 2019, respectively.  The Debtors filed their Plan within the exclusivity period.  The Debtors intend to seek an extension of the solicitation period prior to June 24, 2019.

26.    Pursuant to an order entered by the Court on April 9, 2019, June 3, 2019 has been set as the general bar date by which parties who wish to assert a pre-petition claim against the Debtors must file a Proof of Claim.

27.    The Debtors are currently involved in pending litigation in multiple courts in Southern California.  The Debtors have filed notices of stay in those cases, and will continue to monitor their status.

28.    The Debtors are in the process of reviewing potential avoidance actions and do not seek a deadline to file such actions at this time.

29.    Pursuant to an order entered by the Court on March 11, 2019, Ruby's Huntington Beach assumed the lease for the Ruby's Diner located in Huntington Beach.

30.    Pursuant to an order entered by the Court on March 11, 2019, Ruby's Oceanside and Ruby's Palm Springs assumed the leases for the Ruby's Diners located in Oceanside and Palm Springs.

31.    Pursuant to an order entered by the Court on March 21, 2019, Ruby's Laguna Hills assumed and assigned the lease for the Ruby's Diner located in Laguna Hills and entered into an asset purchase agreement with assignee for the sale of the furniture, fixtures and equipment.

32.     On April 24, 2019 the Debtors, together with RFS, filed their Joint Chapter 11 Plan of Reorganization (the "Plan"), and their Disclosure Statement Describing Joint Chapter 11 Plan of Reorganization joint Plan and Disclosure Statement (the "Disclosure Statement").

33.    Objections to the Disclosure Statement were filed by the UST [Docket No. 361], Pillsbury Winthrop Shaw Pittman LLP [Docket No. 364] and Opus Bank [Docket No. 367].

34.    The Debtors, RFS and the Committee, have agreed to enter mediation in an effort to resolve plan issues between the parties, and to that end, on May 22, 2019, the Debtors filed their Request for Assignment to Mediation Program (the "Request for Mediation").

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
COSTA MESA, CALIFORNIA

1    35.    On May 21, 2019, the Debtors entered into a Stipulation to Continue the hearing on

2  Debtors' Motion for an Order (A) Approving Disclosure Statement; (II) Scheduling Confirmation

3  Hearing; (III) Approving Form and Manner of Notice of Confirmation Hearing; (IV) Establishing

4  Procedures for Solicitation and Tabulation of Votes to Accept or Reject Plan; and Procedures for

5  Filing Objection to Confirmation of the Plan to August 7, 2019 (the "Stipulation to Continue DS

6  Hearing"), and on May 22, 2019, the Debtors filed the Stipulation to Continue DS Hearing.

7    36.    The Debtors will be negotiating with the parties that have filed objections to the

8  Disclosure Statement, and with the Committee in an attempt to resolve Objections to the Disclosure

9  Statement and Plan.  The Debtors believe that the mediation will assist in the resolution of pending

10  issues.

11    I declare under penalty of perjury pursuant to the laws of the United States of America that

12  the foregoing is true and correct.

13    Executed May 28, at Newport Beach, California

14

15    Douglas S. Cavanaugh

16

17

18

19

20

21

22

23

24

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
COSTA MESA, CALIFORNIA

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**650 Town Center Drive, Suite 1500, Costa Mesa, CA  92626**

A true and correct copy of the foregoing document entitled:  <u>**UPDATED CHAPTER 11 STATUS REPORT DATED MAY 28, 2019; DECLARATION OF DOUGLAS S. CAVANAUGH IN SUPPORT THEREOF**</u> will be served or was served (a) on the judge in chamber in the form and manner required by LBR 5005-2(d); and the manner stated below:

**1.  <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) <u>**5/28/2019**</u>, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒  Service information continued on attached page

**2.  <u>SERVED BY UNITED STATES MAIL</u>**:
On _____  I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐  Service information continued on attached page

**3.  <u>SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL</u>**:  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on <u>**5/28/2019**</u>, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 5/28/2019 | Nancy Lockwood | /s/ Nancy Lockwood |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                    **F 9013-3.1.PROOF.SERVICE**
DOCS_LA:321156.1 76135/003

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

- **George B Blackmar**    gblackmar@bpslaw.net
- **Dustin P Branch**    branchd@ballardspahr.com, carolod@ballardspahr.com;hubenb@ballardspahr.com
- **Aaron Davis**    aaron.davis@bryancave.com, kat.flaherty@bryancave.com
- **Alan J Friedman**    afriedman@shbllp.com, lgauthier@shbllp.com
- **Eric J Fromme**    efromme@tocounsel.com, lchapman@tocounsel.com;sschuster@tocounsel.com
- **Alastair M Gesmundo**    agesmundo@wcghlaw.com, jmartinez@wcghlaw.com
- **Richard H Golubow**    rgolubow@wcghlaw.com,
  pj@wcghlaw.com;jmartinez@wcghlaw.com;Meir@virtualparalegalservices.com
- **Steven T Gubner**    sgubner@bg.law, ecf@bg.law
- **Michael J Hauser**    michael.hauser@usdoj.gov
- **Garrick A Hollander**    ghollander@wcghlaw.com,
  pj@wcghlaw.com;jmartinez@wcghlaw.com;Meir@virtualparalegalservices.com
- **Lillian Jordan**    ENOTICES@DONLINRECANO.COM, RMAPA@DONLINRECANO.COM
- **David S Kupetz**    dkupetz@sulmeyerlaw.com,
  dperez@sulmeyerlaw.com;dperez@ecf.courtdrive.com;dkupetz@ecf.courtdrive.com
- **William N Lobel**    wlobel@pszjlaw.com, nlockwood@pszjlaw.com;jokeefe@pszjlaw.com;banavim@pszjlaw.com
- **Robert S Marticello**    Rmarticello@swelawfirm.com,
  gcruz@swelawfirm.com;1garrett@swelawfirm.com;jchung@swelawfirm.com
- **Jessica G McKinlay**    mckinlay.jessica@dorsey.com
- **Malcolm D Minnick**    dminnick@pillsburylaw.com, m.minnick@comcast.net
- **Ernie Zachary Park**    ernie.park@bewleylaw.com
- **Valerie Smith**    claims@recoverycorp.com
- **United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov
- **Matthew S Walker**    matthew.walker@pillsburylaw.com, renee.evans@pillsburylaw.com
- **Corey R Weber**    ecf@bg.law, cweber@bg.law
- **Sharon Z. Weiss**    sharon.weiss@bclplaw.com, raul.morales@bclplaw.com
- **Christopher K.S. Wong**    christopher.wong@arentfox.com, yvonne.li@arentfox.com

2. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**:

Via Overnight Mail
The Honorable Catherine E. Bauer
United States Bankruptcy Court
Central District of California/Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5165 / Courtesy Bin
Santa Ana, CA 92701-4593

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.