William N. Lobel, State Bar No. 93202
PACHULSKI STANG ZIEHL & JONES LLP
650 Town Center Drive, Suite 1500
Costa Mesa, California 92626
Telephone:  (714) 384-4740
Facsimile:  (714) 384-4741
E-mail:  wlobel@pszjlaw.com

Attorneys for Ruby's Diner, Inc., a California corporation,
*et al.,* Debtors and Debtors-in-Possession

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

| | |
|---|---|
| In re: | Case No. 8:18-bk-13311-CB |
| RUBY'S DINER, INC., a California corporation, *et al.,* | Chapter 11 |
| Debtors and Debtors-in-Possession. | (Jointly Administered With Case Nos. 8:18-bk-13197-CB; 8:18-bk-13198-CB; 8:18-bk-13199-CB; 8:18-bk-13200-CB; 8:18-bk-13201-CB; 8:18-bk-13202-CB) |

Affects:

Chapter 11

☒  All Debtors

☐  RUBY'S DINER, INC., ONLY

☐  RUBY'S SOCAL DINERS, LLC, ONLY

☐  RUBY'S QUALITY DINERS, LLC, ONLY

☐  RUBY'S HUNTINGTON BEACH, LTD., ONLY

☐  RUBY'S LAGUNA HILLS, LTD. ONLY

☐  RUBY'S OCEANSIDE, LTD., ONLY

☐  RUBY'S PALM SPRINGS, LTD., ONLY

**DEBTORS' NOTICE OF MOTION AND MOTION FOR AN ORDER, PURSUANT TO BANKRUPTCY CODE SECTION 1121(d), FURTHER EXTENDING THE EXCLUSIVE PERIOD FOR THE SOLICITATION OF ACCEPTANCES OF CHAPTER 11 PLAN; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF DOUGLAS S. CAVANAUGH IN SUPPORT THEREOF**

Date:         November 6, 2019
Time:         10:00 a.m.
Courtroom:  5D
Address:      411 West Fourth Street
                 Santa Ana, CA  92701

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
COSTA MESA, CALIFORNIA

**TO ALL INTERESTED PARTIES:**

     **PLEASE TAKE NOTICE** that Ruby's Diner, Inc., a California corporation ("RDI"); Ruby's SoCal Diners, LLC, a Delaware limited liability company ("SoCal Diners"); Ruby's Quality Diners, LLC, a Delaware limited liability company ("Quality"); Ruby's Huntington Beach, Ltd., a California limited partnership ("Ruby's Huntington Beach"); Ruby's Laguna Hills, Ltd., a California limited partnership ("Ruby's Laguna Hills"); Ruby's Oceanside, Ltd., a California limited partnership ("Ruby's Oceanside"); and Ruby's Palm Springs, Ltd., a California limited partnership ("Ruby's Palm Springs") (collectively, without RDI, the "SoCal Debtors" and, with RDI, the "Debtors") hereby move this Court (the "Motion") pursuant to section 1121(d) of title 11 of the United States Code (the "Bankruptcy Code") for an order further extending the Debtors' exclusive period for the solicitation of acceptances of a chapter 11 plan from October 7, 2019 for a period of approximately sixty-four (64) days, to and including December 10, 2019, the proposed hearing date on confirmation of the Debtors' Amended Plan or, if such other date is scheduled by the Court for confirmation of the Amended Plan, until such date.

     The Motion is based on the attached Memorandum of Points and Authorities and the Declaration of Douglas S. Cavanaugh (the "Cavanaugh Declaration"), the arguments of counsel, and other admissible evidence properly brought before the Court at or before the hearing on this Motion.

     **PLEASE TAKE FURTHER NOTICE** that a hearing to consider approval of the Motion will take place on ***November 6, 2019, at 10:00 a.m.*** before the Honorable Catherine E. Bauer, in Courtroom 5D of the United States Bankruptcy Court, located at 411 W. Fourth Street, Santa Ana, California 92701.  The hearing may be continued from time to time by announcing such continuance in open court or otherwise, without further notice to parties in interest.

     **PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Bankruptcy Rules 9013-1(c)(2) and (f)(1), any objection or response of a party regarding the approval of the Motion must be filed with the United States Bankruptcy Court, located at 411 West Fourth Street, Santa Ana, California 92701 and served **at least fourteen (14) days before the hearing**, unless otherwise ordered by the Court.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
COSTA MESA, CALIFORNIA

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Bankruptcy Rule 9013-1(f), the failure to timely file and serve written opposition may be deemed by the Court to be consent to the granting of the relief requested in the Motion.

Dated: October 3, 2019

PACHULSKI STANG ZIEHL & JONES LLP

By      */s/ William N. Lobel*

William N. Lobel
Attorneys for Ruby's Diner, Inc., *et al.,*
Debtors and Debtors-in-Possession

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
COSTA MESA, CALIFORNIA

# I.

## STATEMENT OF FACTS

**A.**    **Jurisdiction and Venue**

This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

**B.**    **Background**

On August 29, 2018, the SoCal Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  On September 5, 2018, RDI filed a related chapter 11 case.  On September 5, 2018, the Court entered an order jointly administering the Debtors' cases, with RDI designated as the lead debtor.  On September 6, 2018, Ruby's Franchise Systems, Inc. ("RFS"), an entity affiliated with the Debtors through common ownership and control, commenced a separate chapter 11 proceeding.  The RFS chapter 11 case is not jointly administered with the Debtors' cases.

No party has requested the appointment of a trustee or examiner in the Debtors' cases.  On September 19, 2018, the Office of the United States Trustee appointed the Committee in the RDI case.

**C.**    **The Exclusivity Period**

Section 1121(b) of the Bankruptcy Code provides for an initial period of 120 days after the commencement of a chapter 11 case during which a debtor has the exclusive right to propose and file a chapter 11 plan (the "Exclusive Filing Period").  Section 1121(c)(3) of the Bankruptcy Code provides that if the debtor files a plan within the 120-day Exclusive Filing Period, it has a period of 180 days after the commencement of the chapter 11 case to obtain acceptances of such plan, during which time competing plans may not be filed (the "Exclusive Solicitation Period").

By Order entered August 1, 2019, the Court, pursuant to section 1121(d) of the Bankruptcy Code, extended the Exclusive Solicitation Period until October 7, 2019, without prejudice to the Debtors' rights to seek additional extensions thereof.  By way of this Motion, the Debtors are seeking an additional approximately sixty-four (64) days, to and including December 10, 2019, the proposed hearing date on confirmation of the Debtors' Amended Plan or, if such other date is

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
COSTA MESA, CALIFORNIA

scheduled by the Court for confirmation of the Amended Plan, until such date.

D.    **The Debtors' Joint Plan and Disclosure Statement**

On April 24, 2019 the Debtors, together with RFS, filed their Joint Chapter 11 Plan of Reorganization (the "Plan") [Docket No. 344] and their Disclosure Statement Describing Joint Chapter 11 Plan of Reorganization (the "Disclosure Statement") [Docket No. 345].   Objections to the Disclosure Statement were filed by the UST [Docket No. 361], Pillsbury Winthrop Shaw Pittman LLP ("Pillsbury") [Docket No. 364] and Opus Bank, Inc. ("Opus Bank") [Docket No. 367].

In an effort to resolve objections of various parties to the Disclosure Statement and Plan, the Debtors, RFS, the Committee, Opus Bank, Pillsbury[1] and U.S. Foods participated in multiple mediations (the "Mediations") with the Honorable Scott C. Clarkson serving as mediator.  While the Mediations were helpful and brought the Parties closer to a resolution, including resolutions with Opus Bank and U.S. Foods, negotiations continued following the Mediations and, to that end, on September 30, 2019, the Debtors filed their *First Amended Joint Chapter 11 Plan of Reorganization* (the "Amended Plan") [Docket No. 437], and their *First Amended Joint Disclosure Statement Describing First Amended Joint Chapter 11 Plan of Reorganization* (the "Amended Disclosure Statement") [Docket No. 438].

A hearing on the Debtors' *Motion for (A) Approval of First Amended Joint Disclosure Statement; (II) Scheduling of Confirmation Hearing; (III) Approving Form and Manner of Notice of Confirmation Hearing; (IV) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject Plan; and Procedures for Filing Objection to Confirmation of the Plan* is currently scheduled for October 23, 2019.

The Debtors believe the Amended Plan is feasible and confirmable.  However, since the hearing on the approval of the Disclosure Statement is not scheduled until October 23, 2019, this does not provide the Debtors with sufficient time to solicit and obtain votes in connection with the Amended Plan by the current Exclusive Solicitation Deadline of October 7, 2019.  The Debtors have created a projected confirmation timeline, and based upon that timeline, the Debtors project that the hearing on confirmation will occur on or about December 10, 2019 and that the effective date of the

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
COSTA MESA, CALIFORNIA

---

[1] Pillsbury did not participate in all mediation sessions.

Amended Plan would occur on or about December 26, 2019.  Based on this timeline, the Debtors

seek an additional approximately sixty-four (64) days, to and including December 10, 2019, the

proposed hearing date on confirmation of the Debtors' Amended Plan or, if such other date is

scheduled by the Court for confirmation of the Amended Plan, until such date, to solicit and obtain

acceptances to the Amended Plan, without prejudice to the Debtors' right to seek further extension

of that period as may be appropriate under the circumstances.  The requested extension will to allow

the Debtors to seek approval of the Amended Disclosure Statement at the scheduled hearing on

October 23, 2019, at which time the Debtors will request that the Court schedule dates and deadlines

relating to confirmation of the Plan and solicitation of votes with respect thereto, as follows:

| Event | Date |
|---|---|
| Last Day to Mail Solicitation Packages and Notices | Two (2) business days after the order approving the Disclosure Statement is entered – October 25, 2019 |
| Last Day for Creditors to Deliver Ballots to Balloting Agent | Twenty-five (25) calendar days after the Solicitation Packages are mailed – November 12, 2019 |
| Last Day to Submit Objections to Plan Confirmation | Twenty-five (25) calendar days after the Solicitation Packages are mailed – November 12, 2019 |
| Last Day to Submit Confirmation Brief | Ten (10) calendar days after the Plan objection deadline – November  22, 2019 |
| Last Day to Submit Ballot Summary Report | Ten (10) calendar days after the Plan objection deadline – November  22, 2019 |
| Confirmation Hearing | December 10, 2019 |

This is the Debtors' third request to extend the Exclusive Solicitation Period.

## II.

## CAUSE EXISTS TO GRANT AN EXTENSION OF THE

## DEBTORS' EXCLUSIVE SOLICITATION PERIOD

A.    **The Bankruptcy Code Specifically Provides for an Extension of the Exclusive Solicitation Period**

Section 1121(d)(1) and (2) of the Bankruptcy Code allows the Court, on request of a party

in interest made within the exclusive period and after notice and a hearing, to increase the 180-day

Exclusive Solicitation Period for cause, up to a maximum of 20 months after the date of the order for

relief.[2]   In this regard, Section 1121(d) provides in relevant part as follows:

---

[2]  The requested extension of the Exclusive Solicitation Period in the Debtors' cases is well within the 20-month maximum.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
COSTA MESA, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
COSTA MESA, CALIFORNIA

(1) Subject to paragraph (2), on request of a party in interest made within the respective periods specified in subsections (b) and (c) of this section and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section….

(2)(B) the 180-day specified in paragraph (1) may not be extended beyond a date that is 20 months after the date of the order for relief under this chapter.

11 U.S.C. § 1121(d)(1) and (2).

The Bankruptcy Code does not define the term "cause." However, the legislative history of section 1121(d) indicates that Congress intended to create a flexible standard pursuant to which a court balances the competing interests of a debtor and its creditors. *See* H.R. Rep. No. 95-595, at 231–32 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 6191 (noting that Congress intended to give bankruptcy courts flexibility to protect a debtor's interests by allowing an unimpeded opportunity to negotiate the settlement of debts without interference from other parties in interest). The flexibility of section 1121 of the Bankruptcy Code is intended to give a debtor an adequate opportunity to stabilize its business operations at the outset of its chapter 11 case and to negotiate an effective and consensual plan of reorganization with its creditors. *In re Newark Airport/Hotel L.P.*, 156 B.R. 444, 451 (Bankr. D.N.J.), *aff'd*, 155 B.R. 93 (D.N.J. 1993); *Gaines v. Perkins (In re Perkins),* 71 B.R. 294, 297-98 (W.D. Tenn. 1987). The decision to extend the exclusive periods for cause is within the sound discretion of the Court, which discretion should be exercised in light of the facts and circumstances of each particular case, and after considering a variety of factors. *See, e.g.*, *First Am. Bank of N.Y. v. Sw. Gloves & Safety Equip., Inc.*, 64 B.R. 963, 965 (D. Del. 1986). In making the determination to grant or deny a request to extend the exclusive periods, courts have considered, *inter alia*, the following factors: (a) the size and complexity of the debtor's case; (b) the necessity of sufficient time to negotiate and prepare adequate information; (c) the existence of good faith progress toward reorganization; (d) whether the debtor is paying its postpetition debts as they become due; (e) whether the debtor has made progress negotiating with creditors; (f) the length of time a case has been pending; (g) whether the debtor is seeking an extension to pressure creditors; and (h) whether or not unresolved contingencies exist. *See e.g.*, *In re Express One Int'l,* 194 B.R. 98

1   (Bankr. E.D. Tex. 1996); *In re Cent. Jersey Airport Servs., LLC*, 282 B.R. 176, 184 (Bankr. D.N.J.

2   2002) (granting extension based upon progress in negotiations).

3       The Debtors submit that "cause" exists in these cases, and that the requested extension of the

4   Exclusive Solicitation Period is both appropriate and necessary under the circumstances.

5       On September 30, 2019, the Debtors filed their Amended Plan and Amended Disclosure

6   Statement.  A hearing on the approval of the Amended Disclosure Statement is scheduled for

7   October 23, 2019.

8       The Debtors believe that Amended Plan is feasible and confirmable.  However, since the

9   hearing on the approval of the Disclosure Statement will not be heard until October 23, 2019, there

10  is not sufficient time to solicit the Amended Plan by the current Exclusive Solicitation Deadline of

11  October 7, 2019.  Based on the Debtors' projected confirmation timeline, the Debtors anticipate that

12  the hearing on confirmation of the Amended Plan will be scheduled on or about December 10, 2019

13  and that the effective date of the Amended Plan would therefore be on or about December 26, 2019.

14  Based thereon, the Debtors seek an extension of approximately sixty-four (64) days, to and including

15  December 10, 2019, the proposed hearing date on confirmation of the Debtors' Amended Plan or, if

16  such other date is scheduled by the Court for confirmation of the Amended Plan, until such date.

17  The requested extension will to allow the Debtors to seek approval of the Amended Disclosure

18  Statement at the scheduled continued hearing on October 23, 2019, and the scheduling of dates and

19  deadlines relating to confirmation of the Plan and solicitation of votes with respect thereto.

20      In addition, termination of the Exclusive Solicitation Period at this juncture could adversely

21  impact these cases.  If the Court were to deny the Debtors' request for an extension of the Exclusive

22  Solicitation Period, any party in interest would be free to propose a chapter 11 plan(s) for the

23  Debtors at the same time as the Debtors are actively moving forward with confirmation of the

24  Amended Plan and Disclosure Statement, a process which has the support of the major

25  constituencies and the U.S Trustee.  A denial of this Motion could foster a disorderly environment,

26  confuse creditors and other parties in interest, and cause substantial harm to the Debtors' efforts to

27  preserve and maximize the value of their estates.  The requested extension of the Exclusive

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
COSTA MESA, CALIFORNIA

Solicitation Period is thus necessary to provide the Debtors with an unimpeded opportunity to obtain approval of the Amended Disclosure Statement and confirm the Amended Plan.

Moreover, the Debtors are not seeking an extension of the Exclusive Solicitation Period to pressure creditors or other parties in interest.  The requested extension is reasonably limited insofar as it provides a window in which votes can be solicited and the Amended Plan could be confirmed by the Court in light of the currently scheduled October 23, 2019 hearing on approval of Disclosure Statement.

Taking into account these considerations, there is ample cause to support the requested extension of the Exclusive Solicitation Period for a period of approximately sixty-four (64) days, to and including December 10, 2019, the proposed hearing date on confirmation of the Debtors' Amended Plan or, if such other date is scheduled by the Court for confirmation of the Amended Plan, until such date.

## III.

## NOTICE

Notice of this Motion has been given to (i) the Office of the United States Trustee, (ii) the Committee; (iii) Opus Bank; (iv) Pillsbury; (v) U.S Foods; (vi) the twenty (20) largest unsecured creditors in each of the SoCal Debtors' cases; (vii) the Debtors' secured creditors, and counsel for the secured creditors, if any, in each of the Debtors' cases; (viii) the parties that file with the Court and serve upon the Debtors request for notice of all matters in accordance with Bankruptcy Rule 2002(i) in the Debtors' cases; (ix) the United States of America; and (x) the State of California.  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

## IV.

## CONCLUSION

Based on the foregoing, the Debtors respectfully submit that cause exists to further extend the Exclusive Solicitation Period pursuant to section 1121(d) of the Bankruptcy Code.  The Debtors request an extension of the Exclusive Solicitation Period for a period of approximately sixty-four

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
COSTA MESA, CALIFORNIA

1   (64) days, to and including December 10, 2019, the proposed hearing date on confirmation of the

2   Debtors' Amended Plan or, if such other date is scheduled by the Court for confirmation of the

3   Amended Plan, until such date, without prejudice to the Debtors' right to seek further extension of

4   that period as may be appropriate under the circumstances.

5

6   Dated:    October 3, 2018                    PACHULSKI STANG ZIEHL & JONES LLP

7

8                                      By:    */s/ William N. Lobel*

9                                              William N. Lobel
                                               Attorneys for Ruby's Diner, Inc., *et al.,*
10                                             Debtors and Debtors-in-Possession

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
COSTA MESA, CALIFORNIA

DOCS_LA:324582.2 76135/003                         10

## DECLARATION OF DOUGLAS S. CAVANAUGH

1.        I am a founder and the Chief Executive Officer ("CEO") of Ruby's Diners, Inc., a California corporation ("RDI"), the lead debtor in the above-captioned jointly administered chapter 11 cases of the above-captioned debtors and debtors-in-possession (Ruby's SoCal Diners, LLC, a Delaware limited liability company ("SoCal Diners"); Ruby's Quality Diners, LLC, a Delaware limited liability company ("Quality"); Ruby's Huntington Beach, Ltd., a California limited partnership ("Ruby's Huntington Beach"); Ruby's Laguna Hills, Ltd., a California limited partnership ("Ruby's Laguna Hills"); Ruby's Oceanside, Ltd., a California limited partnership ("Ruby's Oceanside"); and Ruby's Palm Springs, Ltd., a California limited partnership ("Ruby's Palm Springs") (collectively, without RDI, the "SoCal Debtors" and, with RDI , the "Debtors")).  I have served in the capacity of CEO of RDI since its incorporation in 1985.  I am also a 60% shareholder of RDI.  Ralph Kosmides owns the other 40% of RDI.   Mr. Kosmides and I also own, in the same percentages, Ruby's Franchise Systems, Inc., a California corporation ("RFS"), an entity affiliated with the Debtors through common ownership and control which is a debtor in a separate chapter 11 proceeding pending in front of this Court.  Together, Mr. Kosmides and I are referred to herein as the "Founders").

2.        I submit this declaration (the "Declaration") in support of the Debtors' *Motion for an Order, Pursuant to Bankruptcy Code Section 1121(d), Further Extending the Exclusive Period for the Solicitation of Acceptances of Chapter 11 Plan* (the "Motion").[3]

3.        On August 29, 2018, the SoCal Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  On September 5, 2018, RDI filed a related chapter 11 case.  On September 5, 2018, the Court entered an order jointly administering the Debtors' cases, with RDI designated as the lead debtor.  On September 6, 2018, RFS, an entity affiliated with the Debtors through common ownership and control, commenced a separate chapter 11 proceeding.  The RFS chapter 11 case is not jointly administered with the Debtors' cases.

4.        No party has requested the appointment of a trustee or examiner in the Debtors'

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
COSTA MESA, CALIFORNIA

---

[3] Capitalized terms not defined herein have the meanings ascribed to them in the Motion, as applicable.

1    cases.  On September 19, 2018, the Office of the United States Trustee appointed an Official

2    Committee of Unsecured Creditors in the RDI case (the "Committee").

3    6.    By Order entered August 1, 2019, the Court pursuant to section 1121(d) of the

4    Bankruptcy Code, extended the Exclusive Solicitation Period until October 7, 2019, without

5    prejudice to the Debtors' rights to seek additional extensions thereof.  By way of this Motion, the

6    Debtors are seeking an extension of the Exclusive Solicitation Period for a period of approximately

7    sixty-four (64) days, to and including December 10, 2019, the proposed hearing date on

8    confirmation of the Debtors' Amended Plan or, if such other date is scheduled by the Court for

9    confirmation of the Amended Plan, until such date, without prejudice to the Debtors' right to seek

10   further extension of that period as may be appropriate under the circumstances.

11   7.    On September 30, 2019 the Debtors filed their *First Amended Joint Chapter 11 Plan*

12   *of Reorganization* (the "Amended Plan") and their *First Amended Joint Disclosure Statement*

13   *Describing First Amended Joint Chapter 11 Plan of Reorganization* (the "Amended Disclosure

14   Statement").

15   8.    A hearing on approval of the Disclosure Statement has been scheduled for October

16   23, 2019.

17   9.    The Debtors believe that Amended Plan is feasible and confirmable.  However, since

18   the hearing on the approval of the Disclosure Statement will not be heard until October 23, 2019,

19   there is not sufficient time to solicit the Amended Plan by the current Exclusive Solicitation

20   Deadline of October 7, 2019.  Based on the Debtors' projected confirmation timeline, the Debtors

21   anticipate that the hearing on confirmation of the Amended Plan will be scheduled on or about

22   December 10, 2019 and that the effective date of the Amended Plan would therefore be on or about

23   December 26, 2019.  Based thereon, the Debtors seek an extension of approximately sixty-four (64)

24   days, to and including December 10, 2019, the proposed hearing date on confirmation of the

25   Debtors' Amended Plan or, if such other date is scheduled by the Court for confirmation of the

26   Amended Plan, until such date.  The requested extension will to allow the Debtors to seek approval

27   of the Amended Disclosure Statement at the scheduled continued hearing on October 23, 2019, and

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
COSTA MESA, CALIFORNIA

the scheduling of dates and deadlines relating to confirmation of the Plan and solicitation of votes with respect thereto.

10.    I believe that termination of the Exclusive Solicitation Period at this juncture could adversely impact these cases.  If the Court were to deny the Debtors' request for an extension of the Exclusive Solicitation Period, any party in interest would be free to propose a chapter 11 plan(s) for the Debtors at the same time as the Debtors are actively moving forward with confirmation of the Amended Plan and Disclosure Statement, a process which has the support of the major constituencies and the U.S Trustee.  A denial of this Motion could foster a disorderly environment, confuse creditors and other parties in interest, and cause substantial harm to the Debtors' efforts to preserve and maximize the value of their estates.  The requested extension of the Exclusive Solicitation Period is thus necessary to provide the Debtors with an unimpeded opportunity to obtain approval of the Amended Disclosure Statement and confirm the Amended Plan.

11.    The Debtors are not seeking an extension of the Exclusive Solicitation Period to pressure creditors or other parties in interest.  The requested extension is reasonably limited insofar as it provides a window in which votes can be solicited and the Amended Plan could be confirmed by the Court in light of the currently scheduled October 23, 2019 hearing on approval of Disclosure Statement.

12.    Taking into account these considerations, I believe there is there is ample cause to support the requested extension of the Exclusive Solicitation Period for a period of approximately sixty-four (64) days, to and including December 10, 2019, the proposed hearing date on confirmation of the Debtors' Amended Plan or, if such other date is scheduled by the Court for confirmation of the Amended Plan, until such date.

13.    No previous motion for the relief sought herein has been made to this or any other Court except as requested in the Debtors' first and second motions to extend the exclusive periods.

14.    I believe that the extension of the Exclusive Solicitation Period sought by the Motion is in the best interests of the Debtors' estates, stakeholders, and other parties in interest.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
COSTA MESA, CALIFORNIA

1        I declare under penalty of perjury under the laws of the United States of America that the

2  foregoing is true and correct.

3        Executed on this 2nd day of October, 2019 at Costa Mesa, California.

Douglas S. Cavanaugh

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
COSTA MESA, CALIFORNIA

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**650 Town Center Drive, Suite 1500, Costa Mesa, CA  92626**

A true and correct copy of the foregoing document entitled:  **DEBTORS' NOTICE OF MOTION AND MOTION FOR AN ORDER, PURSUANT TO BANKRUPTCY CODE SECTION 1121(d), FURTHER EXTENDING THE EXCLUSIVE PERIOD FOR THE SOLICITATION OF ACCEPTANCES OF CHAPTER 11 PLAN; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF DOUGLAS S. CAVANAUGH IN SUPPORT THEREOF** thereof will be served or was served (a) on the judge in chamber in the form and manner required by LBR 5005-2(d); and the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **10/3/2019**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On **10/3/2019** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**:  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **10/3/2019**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 10/3/2019 | Nancy Lockwood | /s/ Nancy Lockwood |
|-----------|----------------|--------------------|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*
DOCS_LA:316841.1 76135/001

**F 9013-3.1.PROOF.SERVICE**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

- **George B Blackmar**    gblackmar@bpslaw.net
- **Dustin P Branch**    branchd@ballardspahr.com, carolod@ballardspahr.com;hubenb@ballardspahr.com
- **Aaron Davis**    aaron.davis@bryancave.com, kat.flaherty@bryancave.com
- **Alan J Friedman**    afriedman@shbllp.com, lgauthier@shbllp.com
- **Eric J Fromme**    efromme@tocounsel.com, lchapman@tocounsel.com;sschuster@tocounsel.com
- **Alastair M Gesmundo**    agesmundo@wcghlaw.com, jmartinez@wcghlaw.com
- **Richard H Golubow**    rgolubow@wcghlaw.com,
  pj@wcghlaw.com;jmartinez@wcghlaw.com;Meir@virtualparalegalservices.com
- **Steven T Gubner**    sgubner@bg.law, ecf@bg.law
- **Michael J Hauser**    michael.hauser@usdoj.gov
- **Garrick A Hollander**    ghollander@wcghlaw.com,
  pj@wcghlaw.com;jmartinez@wcghlaw.com;Meir@virtualparalegalservices.com
- **Lillian Jordan**    ENOTICES@DONLINRECANO.COM, RMAPA@DONLINRECANO.COM
- **David S Kupetz**    dkupetz@sulmeyerlaw.com,
  dperez@sulmeyerlaw.com;dperez@ecf.courtdrive.com;dkupetz@ecf.courtdrive.com
- **William N Lobel**    wlobel@pszjlaw.com, nlockwood@pszjlaw.com;jokeefe@pszjlaw.com;banavim@pszjlaw.com
- **Robert S Marticello**    Rmarticello@swelawfirm.com,
  gcruz@swelawfirm.com;lgarrett@swelawfirm.com;jchung@swelawfirm.com
- **Jessica G McKinlay**    mckinlay.jessica@dorsey.com
- **Malcolm D Minnick**    dminnick@pillsburylaw.com, m.minnick@comcast.net
- **Ernie Zachary Park**    ernie.park@bewleylaw.com
- **Valerie Smith**    claims@recoverycorp.com
- **United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov
- **Matthew S Walker**    matthew.walker@pillsburylaw.com,
  renee.evans@pillsburylaw.com,docket@pillsburylaw.com
- **Corey R Weber**    ecf@bg.law, cweber@bg.law
- **Sharon Z. Weiss**    sharon.weiss@bclplaw.com, raul.morales@bclplaw.com
- **Christopher K.S. Wong**    christopher.wong@arentfox.com, yvonne.li@arentfox.com

2. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**

Via Overnight Mail
The Honorable Catherine E. Bauer
United States Bankruptcy Court
Central District of California
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5165 / Courtesy Bin
Santa Ana, CA 92701-4593

SEE ATTACHED SERVICE LIST

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

## 20 Largest Unsecured –
## SoCal Diners

| | | |
|---|---|---|
| MGP FUND X LAGUNA HILLS LLC | MISSION VALLEY SHOPPINGTOWN LLC | STAR-WEST PARKWAY MALL, LP |
| MANAGER MEMBER AGENT | MANAGER MEMBER AGENT | DANIAL TOSCANO, ESQ. |
| 425 CALIFORNIA STREET | 2049 CENTURY PARK EAST | PO BOX 844767 |
| 10TH FLOOR | 41ST FLOOR | 10TH FLOOR |
| SAN FRANCISCO, CA 94101 | LOS ANGELES, CA 90067 | SAN FRANCISCO, CA 94104 |

# 20 Largest Unsecured – Huntington Beach

CITY OF HUNTINGTON BEACH
ATTN.:  DEPUTY DIRECTOR, OFFICE OF
PO BOX 190
HUNTINGTON BEACH, CA 92648

US FOODS - LA MIRADA
BRIAN SONDHEIM
540 NORTHEAST LANDON ROAD
BELFAIR, WA 98528

CROUDACE & DIETRICH LLP
ATTN: VIRGINIA CROUDACE
2151 MICHAELSON DRIVE, SUITE 162
IRVINE, CA  92612

FAMILY TREE PRODUCE
FIDEL GUZMAN
5510 E LA PALMA AVE.
ANAHEIM, CA 92807

MICHAEL ROBERT WILSON, DBA WILSON
CONSTRUCTION
MICHAEL WILSON
14302 YORBA ST.
TUSTIN, CA 92780

~~INTERIOR RESOURCES INC~~
~~OFFICER, DIRECTOR, MANAGER, AGENT~~
~~489-20 JOHNSON AVENUE~~
~~BOHEMIA, NY 11716~~
**REMOVED PER REQUEST 2/12/19**

PURITAN BAKERY
JIM STONE
1624 E CARSON ST
CARSON, CA 90745

SOUTHERN CALIFORNIA EDISON
OFFICER, DIRECTOR, MANAGER, AGENT
PO BOX 300
ROSEMEAD, CA 91771

ECOTECH REFRIGERATION & HVAC INC
OFFICER, DIRECTOR, MANAGER, AGENT
1630 SUNKIST STREETR, SUITE R
ANAHEIM, CA 92806

CALIFORNIA RESTAURANT MUTUAL
DAVID JOHNSON/TRAVIS HARPER COO
PO BOX 45783
SAN FRANCISCO, CA 94145-0783

FIRST INSURANCE FUNDING CORP
OFFICER, DIRECTOR, MANAGER, AGENT
PO BOX 7000
CAROL STREAM, IL 60197-7000

MINUTEMAN INDUSTRIES INC
LINDY OFFICER DIR MGR AGENT
PO BOX 4983
GARDEN GROVE CA 92842

G & G BOOKKEEPING INC
GLYNIS RAMIREZ OFFICER DIR MGR AGENT
19602 COUNTRY LAKE DR
MAGNOLIA TX 77355

HARBOR DISTRIBUTING LLC
DBA GATE CITY BEVERAGE DISTRIBUTION
OFFICER, DIRECTOR, MANAGER, AGENT
PO BOX 842685
LOS ANGELES CA 90084

~~MAINTENANCE BUILDING SVC~~
~~VICTOR SANTANAOFFICER DIR MGR AGENT~~
~~1665 E 4TH ST, STE 104B~~
~~SANTA ANA CA 92701~~
**Invalid address 1.10.19 no FWD Address**

GARDA CL WEST INC
SUSAN LOETELL OFFICER DIR MGR AGENT
LOCKBOX 233209
3209 MOMENTUM PL
CHICAGO IL 60689

3 WIRE GROUP INC
OFFICER DIRECTOR MANAGER AGENT
NW 79PO BOX 1450
MINNEAPOLIS MN 55485-7964

UNION BANK NA
OFFICER DIRECTOR MANAGER AGENT
PO BOX 650349
DALLAS TX 75265

KLM MANAGEMENT CO
DBA AMCOM FOOD SVC
OFFICER, DIRECTOR, MANAGER, AGENT
14120 E VALLEY BLVD
LA PUENTE CA 91746

REEF SYSTEMS INC
OFFICER DIRECTOR MANAGNER AGENT
2931 GRACE LANE, UNIT G
COSTA MESA CA  92626

# 20 Largest Unsecured – Oceanside

US FOODS - LA MIRADA
BRIAN SONDHEIM
540 NORTHEAST LANDON ROAD
BELFAIR, WA 98528

FAMILY TREE PRODUCE
FIDEL GUZMAN
5510 E LA PALMA AVE.
ANAHEIM, CA 92807

ASAP DRAIN GUYS AND PLUMBING
OFFICER DIRECTOR MEMBER AGENT
999 RANCHEROS DR, STE B
SAN MARCOS CA 92069

FIRST INSURANCE FUNDING CORP
OFFICER, DIRECTOR, MANAGER, AGENT
PO BOX 7000
CAROL STREAM, IL 60197-7000

OPTIMAL BIOFUELS INC
DONOVAN SAFAEL OFFICER DIR MGR
AGENT
PO BOX 10986
NEWPORT BCH. CA 92658

~~JANI-KING OF CALIFORNIA INC~~
~~OFFICER DIRECTOR MANAGER AGENT~~
~~FILE 749318~~
~~LOS ANGELES CA 90074-9318~~
**FED EX RETURNED 01.10.19**

NUC02 LLC
OFFICER DIRECTOR MANAGER AGENT
PO BOX 417902
BOSTON MA 02241-7902

SOUTH CITY MECHANICAL INC
OFFICER DIRECTOR MANAGER AGENT
8822 TROY ST
SPRING VALLEY CA 91977

RESCUE ROOTER
T NELSON OFFICER DIR MGR AGENT
9895 OLSON DR
STE A
SAN DIEGO CA 92121

CUSTOM BUSINESS SOLUTIONS INC
ANTHONY GARTUNG OFFICER DIR MGR
AGENT
12 MORGAN
IRVINE CA B 92618

AIRE RITE AIR CONDITIONING
DAVE LANGSTON OFFICER DIR MGR AGENT
15122 BOLSA CHICA ST
HUNTINGTON BCH. CA 92649

PRUDENTIAL OVERALL SUPPLY INC
OFFICER DIRECTOR MANAGER AGENT
1661 ALTON PKWY
IRVINE CA 92606

MIGUEL CANTU SOLANO (**Ntc of Move
1/31/19**)
DBA MCPAINTING HANDYMAN
2015 CATALINA AVE
VISTA CA 92084-4803

CITY OF OCEANSIDE
FINANCIAL SERVICES DEPARTMENT
300 N COAST HWY
OCEANSIDE, CA 92054

MICHAEL ROBERT WILSON, DBA WILSON
CONSTRUCTION
MICHAEL WILSON
14302 YORBA ST.
TUSTIN, CA 92780

PURITAN BAKERY
JIM STONE
1624 E CARSON ST
CARSON, CA 90745

CALIFORNIA RESTAURANT MUTUAL
DAVID JOHNSON/TRAVIS HARPER COO
PO BOX 45783
SAN FRANCISCO, CA 94145-0783

G & G BOOKKEEPING INC
GLYNIS RAMIREZ OFFICER DIR MGR AGENT
19602 COUNTRY LAKE DR
MAGNOLIA TX 77355

EDISON FIRE PROTECTION
OFFICER DIRECTOR MANAGER AGENT
3621 EAGLE ROCK BLVD
LOS ANGELES CA 90065

GARDA CL WEST INC
SUSAN LOETELL OFFICER DIR MGR AGENT
LOCKBOX 233209
3209 MOMENTUM PL
CHICAGO IL 60689

# 20 Largest Unsecured –
# Palm Springs

GRIT DEVELOPMENT
OFFICER DIRECTOR MANAGER AGENT
201 NORTH PALM CANYON DRIVE,
SUITE 200
PALM SPRINGS, CA  92262

FAMILY TREE PRODUCE
FIDEL GUZMAN
5510 E LA PALMA AVE.
ANAHEIM, CA 92807

PURITAN BAKERY
JIM STONE
1624 E CARSON ST
CARSON, CA 90745

CALIFORNIA RESTAURANT MUTUAL
DAVID JOHNSON/TRAVIS HARPER COO
PO BOX 45783
SAN FRANCISCO, CA 94145-0783

G & G BOOKKEEPING INC
GLYNIS RAMIREZ OFFICER DIR MGR AGENT
19602 COUNTRY LAKE DR
MAGNOLIA TX 77355

BERKELEY INSURANCE CO
OFFICER DIRECTOR MANAGER AGENT
475 STEAMBOAT RD
FL 1
GREENWICH CT 06830

CINTAS CORP
OFFICER DIRECTOR MANAGER AGENT
PO BOX 29059
PHOENIX AZ 85038-9059

US FOODS - LA MIRADA
BRIAN SONDHEIM
540 NORTHEAST LANDON ROAD
BELFAIR, WA 98528

STACEY'S REFRIGERATION AND AIR
CONDITIONING
OFFICER DIRECTOR MANAGER AGENT
PO BOX 232
DESERT HOT SPRINGS CA 92240

SOUTHERN CALIFORNIA EDISON
OFFICER, DIRECTOR, MANAGER, AGENT
PO BOX 300
ROSEMEAD, CA 91771

FIRST INSURANCE FUNDING CORP
OFFICER, DIRECTOR, MANAGER, AGENT
PO BOX 7000
CAROL STREAM, IL 60197-7000

SOUTHWEST PLUMBING
OFFICER DIRECTOR MANAGER AGENT
31410 RESERVE DR
THOUSAND PALMS CA 92276

MICROCOOL INC
OFFICER DIRECTOR MANAGER AGENT
72216 NORTHSORE ST, #103-104
THOUSAND PALMS CA 92276

SPECIALTY COOLING INC
OFFICER DIRECTOR MANAGER AGENT
1661 MARTENS RIVER CIR
UNIT M
FOUNTAIN VALLEY CA 92708

LAKE AIR
OFFICER DIRECTOR MANAGER AGENT
583 OLEANDER RD
PALM SPRINGS CA 92264

GENE PHELPS DBA US AIR CONDITIONING
OFFICER DIRECTOR MANAGER AGENT
4517 BIRCHWOOD AVE
SEAL BEACH CA 90740

CUSTOM BUSINESS SOLUTIONS INC
ANTHONY GARTUNG OFFICER DIR MGR
AGENT
12 MORGAN
IRVINE CA B 92618

DM DOBKIN INC DBA MR ROOTER
PLUMBER
OFFICER DIRECTOR MANAGER AGENT
PO BOX 338
PALM DESERT CA 92261

PRUDENTIAL OVERALL SUPPLY INC
OFFICER DIRECTOR MANAGER AGENT
1661 ALTON PKWY
IRVINE CA 92606

COOLAIRTEK AIR CONDITIONING AND REFRI
OFFICER DIRECTOR MANAGER AGENT
1540 LELAND ST
BEAUMONT CA 92223

# US Trustee, USA, State of California, Special Ntc

OFFICE OF THE US TRUSTEE
MICHAEL HAUSER
411 WEST FOURTH STREET, SUITE 7160
SANTA ANA CA 92701

UNITED STATES DEPT. OF JUSTICE
BEN FRANKLIN STATION
PO BOX 683
WASHINGTON DC 20044

FRANCHISE TAX BOARD CHIEF COUNSEL
C/O GENERAL COUNSEL SECTION
PO BOX 1720, MS: A-260
RANCHO CORDOVA, CA 95741-1720

FRANCHISE TAX BOARD BANKRUPTCY
SECTION MS: A-340
PO BOX 2952
SACRAMENTO, CA 95812-2952

EMPLOYMENT DEVELOPMENT DEPT.
BANKRUPTCY GROUP MIC 92 E
PO BOX 826880
SACRAMENTO, CA 94280-0001

UNITED STATES ATTORNEY'S OFFICE
300 NORTH LOS ANGELES ST
FEDERAL BUILDING, ROOM 7516
LOS ANGELES CA 90012

INTERNAL REVENUE SVC
CENTRALIZED INSOLVENCY OPERATION
PO BOX 7346
PHILADELPHIA, PA 19101-7346

INTERNAL REVENUE SVC
INSOLVENCY STOP 5022
300 N LOS ANGELES ST, RM 406
LOS ANGELES, CA 90012

INTERNAL REVENUE SVC
OFFICE OF CHIEF COUNSEL
10TH ST AND PENNSYLVANIA AVE NW
WASHINGTON DC 20530

INTERNAL REVENUE SVC
AGENT
2970 MARKET ST
MAIL STOP 5-Q30133
PHILADELPHIA, PA 19104-5016

INTERNAL REVENUE SVC
GJ CARTER LOUIS OR OTHER AGENT
PO BOX 145595
STOP 8420G
CINCINNATI, OH 45250-5585

INTERNAL REVENUE SVC
PO BOX 21126
PHILADELPHIA, PA 19114

INTERNAL REVENUE SVC
PO BOX 21126
DPN 781
PHILADELPHIA, PA 19114

INTERNAL REVENUE SVC
BEN FRANKLIN STATION
PO BOX 683
WASHINGTON DC 20044

CALIFORNIA DEPT. OF TAX AND FEE
ADMINISTRATION
450 N STREET
PO BOX 942879
SACRAMENTO, CA 94279-0055

DAN MCALLISTER
TREASURER-TAX COLLECTOR
ATTENTION: BANKRUPTCY DESK
1600 PACIFIC HIGHWAY, ROOM 162
SAN DIEGO, CA 92101

CROUDACE & DIETRICH LLP
ATTN: VIRGINIA CROUDACE
2151 MICHAELSON DRIVE, SUITE 162
IRVINE, CA  92612

U.S. SECURITIES & EXCHANGE
COMMISSION
ATTN: BANKRUPTCY COUNSEL
444 SOUTH FLOWER STREET, SUITE 900
LOS ANGELES, CA 90071

## Secured Creditors

~~JULIET CHURCHILL AS CALIFORNIA REGISTERED~~
~~AGENT FOR CREDIT MANAGEMENT ASSOCIATION~~
~~DBA CREDIT MANAGERS ASSOCIATION~~
~~111 N. MARYLAND AVE., SUITE 200~~
~~GLENDALE, CA 91206~~
**RTS ON 5/7/19 – NOT AT THIS ADDRESS**

KIMBERLY A. LAMBERTY AS PRESIDENT AND AS
NEVADA REGISTERED AGENT FOR CREDIT
MANAGEMENT ASSOCIATION DBA CREDIT
MANAGERS ASSOCIATION
3110 W CHEYENNE AVE, SUITE 100
N. LAS VEGAS, NV 89032

CREDIT MANAGERS ASSOCIATION
KIMBERLY LAMBERTY, PRESIDENT
303 NORTH GLEN OAK BLVD., SUITE 200
BURBANK, CA 91502

C AND C PARTNERSHIP
RONAL CLEAR
56 TESLA
IRVINE, CA 92618