William N. Lobel (CA Bar No. 93202)
PACHULSKI STANG ZIEHL & JONES LLP
650 Town Center Drive, Suite 1500
Costa Mesa, CA 92626
Telephone: (714) 384-4740
Facsimile: (714) 384-4741
E-mail: wlobel@pszjlaw.com

Attorneys for Ruby's Diner, Inc., *et al.*,
Debtors and Debtors-in-Possession

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>RUBY'S DINER, INC., a California corporation, *et al.*,<br><br>    Debtors and Debtors-in-Possession.<br><br>Affects:<br><br>☒ All Debtors<br><br>☐ RUBY'S DINER, INC., ONLY<br><br>☐ RUBY'S SOCAL DINERS, LLC, ONLY<br><br>☐ RUBY'S QUALITY DINERS, LLC, ONLY<br><br>☐ RUBY'S HUNTINGTON BEACH, LTD., ONLY<br><br>☐ RUBY'S LAGUNA HILLS, LTD. ONLY<br><br>☐ RUBY'S OCEANSIDE, LTD., ONLY<br><br>☐ RUBY'S PALM SPRINGS, LTD., ONLY | Case No. 8:18-bk-13311-CB<br><br>Chapter 11<br><br>(Jointly Administered With Case Nos. 8:18-bk-13197-CB; 8:18-bk-13198-CB; 8:18-bk-13199-CB; 8:18-bk-13200-CB; 8:18-bk-13201-CB; 8:18-bk-13202-CB)<br><br>**UPDATED CHAPTER 11 STATUS REPORT DATED OCTOBER 15, 2019; DECLARATION OF DOUGLAS S. CAVANAUGH IN SUPPORT THEREOF**<br><br>DATE:    October 23, 2019<br>TIME:    10:00 a.m.<br>CTRM:    5D<br>PLACE:    411 West Fourth Street<br>              Santa Ana, CA 92701 |

**TO THE HONORABLE CATHERINE E. BAUER, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, AND OTHER PARTIES IN INTEREST:**

On August 29, 2018, Ruby's SoCal Diners, LLC, a Delaware limited liability company ("SoCal Diners"); Ruby's Quality Diners, LLC, a Delaware limited liability company ("Quality"); Ruby's Huntington Beach, Ltd., a California limited partnership ("Ruby's Huntington Beach"); Ruby's Laguna Hills, Ltd., a California limited partnership ("Ruby's Laguna Hills"); Ruby's Oceanside, Ltd., a California limited partnership ("Ruby's Oceanside"); and Ruby's Palm Springs, Ltd., a California limited partnership ("Ruby's Palm Springs") (collectively, the "SoCal Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. On September 5, 2018, Ruby's Diner, Inc., a California corporation ("RDI") filed a related chapter 11 case. RDI and the SoCal Debtors are referred to herein as the "Debtors." On September 5, 2018, the Court entered an order jointly administering the Debtors' cases, with RDI designated as the lead debtor.

No party has requested the appointment of a trustee or examiner in the Debtors' cases. On September 19, 2018, the Office of the United States Trustee (the "UST") appointed an Official Committee of Unsecured Creditors in the RDI case (the "Committee").

On September 5, 2018, Ruby's Franchise Systems, Inc., a California corporation ("RFS"), an entity affiliated with the Debtors through common ownership and control, commenced a separate chapter 11 proceeding.

A.  **PRIOR STATUS REPORTS**

This Status Report is an update of the Debtors' Status Reports filed with the Court on September 19, 2018 [Docket No. 65], October 15, 2018 [Docket No. 114], December 7, 2018 [Docket No. 151], February 12, 2019 [Docket No. 244], April 11, 2019 [Docket No. 334], May 28, 2019 [Docket No. 369], July 10, 2019 [Docket No. 394] and August 28, 2019 [Docket No. 417], (collectively, the "Prior Status Reports"), covering matters subsequent to the filing of the Prior Status Reports, which Prior Status Reports are incorporated herein by this reference.[1] In support of this Status Report, attached hereto is the Declaration of Douglas S. Cavanaugh (the "Cavanaugh Declaration").

---

[1] Capitalized terms not defined herein have the meanings ascribed to them in the Prior Status Reports.

B. **MOTION TO ENTER INTO INSURANCE PREMIUM FINANCE AGREEMENT**

On September 20, 2019, RDI, SoCal Diners, Quality, Ruby's Huntington Beach, Ruby's Oceanside and Ruby's Palm Springs (collectively the "Affected Debtors") filed a Motion to Enter into Insurance Premium Finance Agreement and to Provide Adequate Protection (the "Insurance Motion") [Docket No. 429].[2] On September 26, 2019, the Affected Debtors filed a supplemental declaration of Douglas Cavanaugh [Docket No. 432].

The issue of financing the premiums on insurance purchased by the Debtors has reached the critical stage. On September 27, 2019, at the hearing on the Insurance Motion, the Court required that, in the event of a default under the Premium Finance Agreement, the lender would have to obtain from the Court relief from the automatic stay before enforcing its rights under the Premium Finance Agreement. Based thereon, following the hearing, based on the Court's requirement, the contemplated lender refused to provide the Debtors with insurance financing.

Since September 27, 2019, the Debtors and their insurance broker have been diligently searching for a lender that would be willing to make the loan to finance the insurance premiums in light of the Court's requirement, but they have not found any lender that will make the loan unless the automatic stay is modified to allow enforcement of the lender's rights in the event of a default without being required to apply to the Court for a modification of the stay after a default has occurred.

To the knowledge of Debtors' counsel, Courts in the Central District of California and in Delaware (the venues for the majority of cases in which counsel is involved), routinely grant a modification of the automatic stay to allow enforcement of the lender's rights in the event of a default, and all of the lenders approached by the Debtors have required such modification as a condition to lending.

Unless the situation changes, as of November 1, 2019, the Debtors will be without insurance. The Debtors intend to file a motion asking the Court to reconsider its position on the automatic stay in order to allow the Debtors to obtain insurance premium financing.

---

[2] Capitalized terms not defined herein have the meanings ascribed to them in the Insurance Motion.

C.  **REQUIREMENTS OF THE CHAPTER 11 DEBTORS-IN-POSSESSION**

The Debtors are in compliance with their duties under sections 521, 1106 and 1107 of the Bankruptcy Code, and the requirements of Rule 2015(2)(a) and (b) of the Local Bankruptcy Rules (the "Local Rules").  The Debtors are also in compliance with the UST requirements.[3]

On September 5, 2019, the Debtors filed their monthly operating reports for the accounting period ending August 11, 2019.

On October 4, 2019, the Debtors filed their monthly operating reports for the accounting period ending September 8, 2019.

The UST quarterly fees for the quarter ending September 30, 2019 will be paid on or before October 31, 2019.

D.  **EMPLOYMENT OF PROFESSIONALS**

The Debtors have employed the following professionals:

1.  Pachulski Stang Ziehl & Jones LLP ("PSZJ") as the RDI Debtors' general insolvency counsel, which employment was approved by the Court by order entered December 12, 2018 [Docket No. 170].

2.  GlassRatner Advisory & Capital Group LLC ("GlassRatner") as its financial advisor, which employment was approved by the Court by order entered July 30, 2019 [Docket No. 399].

3.  Donlin Recano & Company, Inc. ("DRC") as their claims, noticing and balloting agent, which employment was approved by the Court by order entered April 9, 2019 [Docket No. 331].

E.  **CONTINUED USE OF CASH COLLATERAL**

Since the Petition Dates, the Debtors have continued to operate their businesses in the ordinary course without material change from their pre-petition operations.  The Debtors' major assets and liabilities remain substantially the same as described in the Prior Status Reports.

The Debtors' continue their use of cash collateral pursuant to the Debtor's fifth stipulation for use of cash collateral approved by the Court on August 19, 2019 [Docket No. 413].

---

[3] See paragraph B of this Status Report.

**F.     MOTION TO EXTEND EXCLUSIVITY PERIODS**

Pursuant to an order entered by the Court on August 1, 2019, the Debtors' solicitation deadline was October 7, 2019. On October 3, 2019, the Debtors filed a motion to further extend the Debtors solicitation deadline (the "Solicitation Motion") to and including December 10, 2019 [Docket No. 44]. A hearing on the Solicitation Motion is scheduled for November 6, 2019.

**G.     DEADLINE FOR FILING OF CLAIMS AND OBJECTIONS TO CLAIMS**

Pursuant to an order entered by the Court on April 9, 2019 [Docket No. 333], June 3, 2019 was set as the general bar date by which parties who asserted a pre-petition claim against the Debtors were required to file a Proof of Claim. The Debtors are in the process of reviewing and analyzing the claims asserted against their estates.

**H.     LITIGATION**

The Debtors are currently involved in pending litigation in multiple courts in Southern California. The Debtors have filed notices of stay in those cases, and will continue to monitor their status.

**I.     AVOIDANCE ACTIONS**

The Debtors are in the process of reviewing potential avoidance actions and do not seek a deadline to file such actions at this time.

**J.     UNEXPIRED LEASES AND EXECUTORY CONTRACTS**

Pursuant to an order entered by the Court on March 11, 2019 [Docket No. 282], Ruby's Huntington Beach assumed the lease for the Ruby's Diner located in Huntington Beach.

Pursuant to an order entered by the Court on March 11, 2019 [Docket No. 281], Ruby's Oceanside and Ruby's Palm Springs assumed the leases for the Ruby's Diners located in Oceanside and Palm Springs.

Pursuant to an order entered by the Court on March 21, 2019 [Docket No. 315], Ruby's Laguna Hills assumed and assigned the lease for the Ruby's Diner located in Laguna Hills and entered into an asset purchase agreement with the assignee for the sale of the furniture, fixtures and equipment.

The Debtors is seeking to assume and/or reject other leases and contracts in the context of the

Plan.

K. **STATUS OF SETTLEMENT NEGOTIATIONS, AMENDED PLAN AND DISCLOSURE STATEMENT**

On October 1, 2019, the Debtors, together with RFS, filed their First Amended Joint Chapter 11 Plan of Reorganization (the "Plan") [Docket No. 437] and their First Amended Disclosure Statement Describing Joint Chapter 11 Plan of Reorganization (the "Disclosure Statement") [Docket No. 438]. The Debtors have continued to negotiate potential settlements with certain parties, and have revised to the Plan and Disclosure Statement to address the majority of the issues raised.

1. Pillsbury Winthrop Shaw Pittman LLP ("Pillsbury"). Requested and was granted no less than 14-days to file a response to the Disclosure Statement after the filing thereof.

2. U.S. Foods, Inc. ("US Foods"). Pursuant to a stipulation with the Court filed on October 9, 2019 [Docket No. 444], and approved on October 10, 2019 [Docket No. 445], US Foods was granted an extension to October 14, 2019 to respond to the Disclosure Statement.

3. Opus Bank requested and was provided an extension to October 14, 2019 to respond to the Disclosure Statement.

4. The Debtors believe they have reached agreements with the United States Trustee, US Foods and Opus Bank and do not anticipate receiving objections to the Disclosure Statement from any of these parties.

5. On October 11, 2019, the Committee filed an objection (the "Committee Objection") [Docket No. 447], however, the Debtors are hopeful that an agreement with the Committee will ultimately be reached.

The hearing on the Debtors' *Motion for (A) Approval of Amended Joint Disclosure Statement; (II) Scheduling of Confirmation Hearing; (III) Approving Form and Manner of Notice of Confirmation Hearing; (IV) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject Plan; and Procedures for Filing Objection to Confirmation of the Plan* is currently scheduled for October 23, 2019.

Dated: October 15, 2019    PACHULSKI STANG ZIEHL & JONES LLP

By:    */s/ William N. Lobel*
William N. Lobel
Attorneys for Ruby's Diner, Inc., *et al.*,
Debtors and Debtors-in-Possession

# DECLARATION OF DOUGLAS S. CAVANAUGH

I, Douglas S. Cavanaugh, hereby declare that the following is true and correct to the best of my knowledge, information and belief:

1. I am a founder and the Chief Executive Officer ("CEO") of Ruby's Diner, Inc., a California corporation, the above-captioned debtor and debtor-in-possession ("RDI"). I have served in the capacity of CEO since RDI's incorporation in 1985. I am also a 60% shareholder of RDI.

2. On August 28, 2018, Ruby's SoCal Diners, LLC, a Delaware limited liability company ("SoCal Diners"); Ruby's Quality Diners, LLC, a Delaware limited liability company ("Quality"); Ruby's Huntington Beach, Ltd., a California limited partnership ("Ruby's Huntington Beach"); Ruby's Laguna Hills, Ltd., a California limited partnership ("Ruby's Laguna Hills"); Ruby's Oceanside, Ltd., a California limited partnership ("Ruby's Oceanside"); and Ruby's Palm Springs, Ltd., a California limited partnership ("Ruby's Palm Springs") (collectively, the "SoCal Debtors"), filed chapter 11 cases.

3. On September 5, 2018, RDI filed a related chapter 11 case. RDI and the SoCal Debtors are referred to herein as the "Debtors."

4. On September 5, 2018, the Court entered an order jointly administering the Debtors' Cases, with RDI designated as the lead debtor.

5. No party has requested the appointment of a trustee or examiner in the Debtors' cases. On September 19, 2018, the Office of the United States Trustee (the "UST") appointed an Official Committee of Unsecured Creditors in the RDI case (the "Committee"). On September 5, 2018, Ruby's Franchise Systems, Inc., a California corporation ("RFS"), an entity affiliated with the Debtors through common ownership and control, commenced a separate chapter 11 proceeding.

6. I submit this declaration (the "Declaration") in support of the Debtors' updated chapter 11 status report (the "Status Report") to which this Declaration is appended.[4] Except as otherwise indicated, all statements in this Declaration are based upon my review of the Debtors' books and records, relevant documents and other information prepared or collected by the Debtors'

---

[4] Capitalized terms not defined herein have the meanings ascribed to them in the Status Report.

employees, or my opinion based on my experience with the Debtors' operations and financial condition.

7. I believe that the Debtors are in compliance with their duties under sections 521, 1106 and 1107 of the Bankruptcy Code, and the requirements of Rule 2015(2)(a) and (b) of the Local Bankruptcy Rules (the "Local Rules"). I further believe that the Debtors are also in compliance with the UST requirements.

8. On September 5, 2019, the Debtors filed their monthly operating reports for the accounting period ending August 11, 2019.

9. On October 4, 2019, the Debtors filed their monthly operating reports for the accounting period ending September 8, 2019.

10. The UST quarterly fees for the quarter ending September 30, 2019 will be paid on or before October 31, 2019.

11. Since the Petition Dates, the Debtors have continued to operate their businesses in the ordinary course without material change from their pre-petition operations. The Debtors' major assets and liabilities remain substantially the same as described in the Prior Status Reports.

12. On September 20, 2019, RDI, SoCal, Quality, Ruby's Huntington Beach, Ruby's Oceanside and Ruby's Palm Springs (collectively the "Affected Debtors") filed a Motion to Enter into Insurance Premium Finance Agreement and to Provide Adequate Protection (the "Insurance Motion") [Docket No. 429][5]. On September 26, 2019, the Affected Debtors filed a supplemental declaration of Douglas Cavanaugh (the "Declaration") [Docket No. 432].

13. The issue of financing the premiums on insurance purchased by the Debtors has reached the critical stage. On September 27, 2019, at the hearing on the Insurance Motion, the Court insisted that in the event of a default under the Premium Finance Agreement the lender would have to obtain from the Court relief from the automatic stay before enforcing its rights under the Premium Finance Agreement.

---

[5] Capitalized terms not defined herein have the meanings ascribed to them in the Insurance Motion.

14. In accordance the Court's ruling, since September 27, 2019, the Debtors and their insurance broker have been diligently searching for a lender that would be willing to make the loan to finance the insurance premiums, but they have not found any lender that will make the loan unless the automatic stay is modified to allow enforcement of the lender's rights in the event of a default without being required to apply to the court for a modification of the stay after a default has occurred.

15. Unless the situation changes, as of November 1, 2019, the Debtors will be without insurance.

16. On August 9, 2019, Opus Bank, Pillsbury Winthrop Shaw Pittman LLP, US Foods and the Debtors into a fifth stipulation for use of cash collateral (the "Fifth Cash Collateral Stipulation") [Docket No. 407], and on August 19, 2019, the Court entered its order granting the Fifth Cash Collateral Stipulation [Docket No. 413].

17. Pursuant to an order entered by the Court on August 1, 2019, the Debtors' solicitation deadline was October 7, 2019. On October 3, 2019, the Debtors filed a motion to further extend the Debtors solicitation deadline (the "Solicitation Motion") to and including December 10, 2019 [Docket No. 44]. A hearing on the Solicitation Motion is scheduled for October 23, 2019.

18. Pursuant to an order entered by the Court on April 9, 2019, June 3, 2019 was set as the general bar date by which parties who asserted a pre-petition claim against the Debtors were required to file a Proof of Claim. The Debtors are in the process of reviewing and analyzing the claims asserted against their estates.

19. The Debtors are currently involved in pending litigation in multiple courts in Southern California. The Debtors have filed notices of stay in those cases, and will continue to monitor their status.

20. The Debtors are in the process of reviewing potential avoidance actions and do not seek a deadline to file such actions at this time.

21. On October 1, 2019, the Debtors, together with RFS, filed their First Amended Joint Chapter 11 Plan of Reorganization (the "Plan") [Docket No. 437] and their First Amended Disclosure Statement Describing Joint Chapter 11 Plan of Reorganization (the "Disclosure

Statement") [Docket No. 438].  The Debtors have continued to negotiate potential settlements with certain parties.

22.     On October 11, 2019, the Committee filed an objection [Docket No. 447], however, the Debtors are hopeful that an agreement with the Committee will ultimately be reached.

23.     A hearing on the Debtors' Motion for (A) Approval of Amended Joint Disclosure Statement; (II) Scheduling of Confirmation Hearing; (III) Approving Form and Manner of Notice of Confirmation Hearing; (IV) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject Plan; and Procedures for Filing Objection to Confirmation of the Plan is currently scheduled for to October 23, 2019.

I declare under penalty of perjury pursuant to the laws of the United States of America that the foregoing is true and correct.

Executed October 15, 2019, at Newport Beach, California.

_____
Douglas S. Cavanaugh

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

**650 Town Center Drive, Suite 1500, Costa Mesa, CA  92626**

A true and correct copy of the foregoing document entitled:  **UPDATED CHAPTER 11 STATUS REPORT DATED OCTOBER 15, 2019; DECLARATION OF DOUGLAS S. CAVANAUGH IN SUPPORT THEREOF** thereof will be served or was served (a) on the judge in chamber in the form and manner required by LBR 5005-2(d); and the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **10/15/2019**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On _____ I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **10/15/2019**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| **10/15/2019** | Nancy Lockwood | /s/ Nancy Lockwood |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*  
DOCS_LA:325086.1 76135/003

**F 9013-3.1.PROOF.SERVICE**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

- **George B Blackmar**    gblackmar@bpslaw.net
- **Dustin P Branch**    branchd@ballardspahr.com, carolod@ballardspahr.com;hubenb@ballardspahr.com
- **Aaron Davis**    aaron.davis@bryancave.com, kat.flaherty@bryancave.com
- **Alan J Friedman**    afriedman@shbllp.com, lgauthier@shbllp.com
- **Eric J Fromme**    efromme@tocounsel.com, lchapman@tocounsel.com;sschuster@tocounsel.com
- **Alastair M Gesmundo**    agesmundo@wcghlaw.com, jmartinez@wcghlaw.com
- **Richard H Golubow**    rgolubow@wcghlaw.com, pj@wcghlaw.com;jmartinez@wcghlaw.com;Meir@virtualparalegalservices.com
- **Steven T Gubner**    sgubner@bg.law, ecf@bg.law
- **Michael J Hauser**    michael.hauser@usdoj.gov
- **Garrick A Hollander**    ghollander@wcghlaw.com, pj@wcghlaw.com;jmartinez@wcghlaw.com;Meir@virtualparalegalservices.com
- **Lillian Jordan**    ENOTICES@DONLINRECANO.COM, RMAPA@DONLINRECANO.COM
- **David S Kupetz**    dkupetz@sulmeyerlaw.com, dperez@sulmeyerlaw.com;dperez@ecf.courtdrive.com;dkupetz@ecf.courtdrive.com
- **William N Lobel**    wlobel@pszjlaw.com, nlockwood@pszjlaw.com;jokeefe@pszjlaw.com;banavim@pszjlaw.com
- **Robert S Marticello**    Rmarticello@swelawfirm.com, gcruz@swelawfirm.com;lgarrett@swelawfirm.com;jchung@swelawfirm.com
- **Jessica G McKinlay**    mckinlay.jessica@dorsey.com
- **Malcolm D Minnick**    dminnick@pillsburylaw.com, m.minnick@comcast.net
- **Ernie Zachary Park**    ernie.park@bewleylaw.com
- **Valerie Smith**    claims@recoverycorp.com
- **United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov
- **Matthew S Walker**    matthew.walker@pillsburylaw.com, renee.evans@pillsburylaw.com,docket@pillsburylaw.com
- **Corey R Weber**    ecf@bg.law, cweber@bg.law
- **Sharon Z. Weiss**    sharon.weiss@bclplaw.com, raul.morales@bclplaw.com
- **Christopher K.S. Wong**    christopher.wong@arentfox.com, yvonne.li@arentfox.com

2. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**

<u>Via Overnight Mail</u>
The Honorable Catherine E. Bauer
United States Bankruptcy Court
Central District of California
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5165 / Courtesy Bin
Santa Ana, CA 92701-4593

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**
DOCS_LA:325086.1 76135/003