Annette W. Jarvis (*admitted pro hac vice*)
GREENBERG TRAURIG, LLP
222 South Main Street, 5th Floor
Salt Lake City, UT 84101
Telephone: 303-572-6500
Facsimile: 303-572-6540

David M. Guess (State Bar No. 238241)
GREENBERG TRAURIG, LLP
18565 Jamboree Road, Suite 500
Irvine, CA 92612
Telephone: 949-732-6500
Facsimile: 949-732-6501

*Attorneys for Pacific Premier Bank,*
*fka Opus Bank, Secured Creditor*

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

| | |
|---|---|
| In re:<br><br>RUBY'S DINER, INC., a California corporation, *et al.*,<br><br>　　　Debtors and Debtors-in-Possession<br><br>Affects:<br><br>☒ ALL DEBTORS<br><br>☐ RUBY'S DINER, INC.<br><br>☐ RUBY'S SOCAL DINERS, LLC<br><br>☐ RUBY'S QUALITY DINERS, LLC<br><br>☐ RUBY'S HUNTINGTON BEACH, LTD.<br><br>☐ RUBY'S LAGUNA HILLS, LTD.<br><br>☐ RUBY'S OCEANSIDE, LTD.<br><br>☐ RUBY'S PALM SPRINGS, LTD. | Case No.: 8:18-bk-13311-SC<br><br>Chapter 7<br><br>(Jointly Administered with Case Nos. 8:18-bk-13197-SC; 8:18-bk-13198-SC; 8:18-bk-13199-SC; 8:18-bk-13200-SC; 8:18-bk-13201-SC; 8:18-bk-13202-SC)<br><br>**OBJECTION OF PACIFIC PREMIER BANK TO THE FIRST INTERIM APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF GLASSRATNER ADVISORY & CAPITAL GROUP LLC AS FINANCIAL ADVISOR FOR THE DEBTOR AND DEBTOR IN POSSESSION FOR THE PERIOD APRIL 15, 2020 THROUGH DECEMBER 31, 2020**<br><br>Hearing<br>Date:　　　February 17, 2021<br>Time:　　　11:00 a.m.<br>Ctrm:　　　5C<br>Place:　　　ZoomGov |

　　　Pacific Premier Bank, fka Opus Bank (the "Bank"), by and through counsel, files this

objection (the "Objection") to the *First Interim Application for Compensation and Reimbursement of*

*Expenses of GlassRatner Advisory & Capital Group, LLC as Financial Advisor for the Debtor and*

*Debtor in Possession for the Period April 15, 2020 through December 31, 2020* [Dkt. No. 992] (the "Fee Application") filed by GlassRatner Advisory & Capital Group LLC ("GlassRatner") in above-captioned jointly-administered cases. In further support hereof, the Bank states as follows:

## I.    BACKGROUND

### A.    Procedural Background

On August 29, 2018, the "SoCal Debtors"—Ruby's SoCal Diners, LLC ("SoCal Diners"), Ruby's Quality Diners, LLC ("Quality Diners"), Ruby's Huntington Beach, Ltd. ("Huntington Beach"), Ruby's Laguna Hills, Ltd. ("Laguna Hills"), Ruby's Oceanside, Ltd. ("Oceanside"), and Ruby's Palm Springs, Ltd. ("Palm Springs")—each filed in this Court petitions for relief under Chapter 11 of the "Bankruptcy Code," title 11 of the United States Code, commencing Case Nos. 8:18-13197 through 8:18-13202 (the "SoCal Debtor Cases").

On September 5, 2018, Ruby's Diner, Inc. ("RDI"; together with the SoCal Debtors, the "Debtors"), filed in this Court a petition for relief under Chapter 11 of the Bankruptcy Code, commencing Case No. 8:18-13311 (the "RDI Case"). Also on September 5, 2018, the Court entered an *Order* under LBR 1015-1 to jointly administer the SoCal Debtor Cases and the RDI Case, with the RDI Case as the lead case. Dkt. No. 6.

The Bank is the senior secured creditor of the SoCal Debtors. The Bank is not a creditor of RDI.

On July 30, 2019, the Court approved GlassRatner's employment by RDI—not by the SoCal Debtors—as financial advisor in RDI's Chapter 11 bankruptcy case. Dkt. Nos. 388 and 399.

On April 15, 2020, the RDI Case and the SoCal Debtor Cases were converted to cases under Chapter 7 of the Bankruptcy Code and Richard A. Marshack was appointed Chapter 7 Trustee (the "Trustee") of the jointly-administered bankruptcy estates of RDI and the SoCal Debtors.

On June 8, 2020, the Trustee filed the *Trustee's Application to Employ GlassRatner Advisory & Capital Group LLC as Financial Advisor* [Dkt. No. 633] (the "Employment Application").[1] The

---

[1] The Employment Application included an unsigned engagement letter between the Trustee and GlassRatner, dated May 7, 2020 (the "Engagement Letter"). Neither the Employment Application nor the Engagement Letter state that GlassRatner's employment by the Trustee became effective on April 15, 2020.

Bank filed a *Reservation of Rights* [Dkt. No. 698] in response to the Employment Application, in which the Bank did not oppose the employment of GlassRatner, but reserved the right to object to any actions or conduct by GlassRatner that may affect the SoCal Debtors adversely in favor of RDI.

On July 7, 2020, the Court entered an *Order* [Dkt. No. 739] approving the Employment Application, which provides that "compensation is subject to further application, determination and approval of this Court pursuant to 11 U.S.C. §330 or §331."[2]

On October 9, 2020, the Trustee filed the *Trustee's Motion for Authority to Sell Substantially All Assets of All Estates and to Extend Use of Cash Collateral* [Dkt. No. 886] (the "Sale Motion"). In the Sale Motion, the Trustee sought authority to sell, among other assets, the following three groups of assets relevant here:

- Substantially all assets of Huntington Beach (the "Huntington Beach Assets");
- Substantially all assets of Oceanside (the "Oceanside Assets"); and
- RDI's interest in Ruby's Diner South Coast Plaza LP ("South Coast Plaza" and the "South Coast Plaza Interest"; with the Huntington Beach Assets and the Oceanside Assets, the "Relevant Assets").

On October 30, 2020, the Court held a hearing on the Sale Motion at which the Relevant Assets were auctioned and the Court approved the sales of the Relevant Assets to the winning bidders.

On December 16, 2020, the Court entered an *Order* [Dkt. No. 964] (the "South Coast Plaza Sale Order") approving the sale of the South Coast Plaza Interest for the $350,000.00 (the "South Coast Plaza Sale Proceeds").

On January 21, 2021, GlassRatner filed the Fee Application.

On January 22, 2021, the Court entered an *Order* [Dkt. No. 998] (the "HB/OS Sale Order") approving the sale of the Huntington Beach Assets and Oceanside Assets for $4,300,000.00 (the "HB/OS Sale Proceeds"). The HB/OS Sale Order states that the HB/OS Sale Proceeds shall be allocated between the Huntington Beach and Oceanside estates by agreement between the relevant

---

[2] This Order does not state that GlassRatner's employment by the Trustee became effective as of April 15, 2020.

parties, but Huntington Beach shall receive at least $3,200,000.00 and Oceanside shall receive at least $950,000.00. *Id.* at ¶ 3. The sale of the Huntington Beach Assets and Oceanside Assets has not yet closed, but must close by February 26, 2021, pursuant to the terms of the HB/OS Sale Order.

On February 2, 2021—the day before the deadline to object to the Fee Application—GlassRatner filed the *Declaration of J. Michael Issa to Supplement the First Interim Application for Compensation and Reimbursement of Expenses of GlassRatner Advisory & Capital Group, LLC as Financial Advisor for the Debtor and Debtor in Possession for the Period April 15, 2020 through December 31, 2020* [Dkt. No. 1016] (the "Supplemental Declaration").

### B.  The Fee Application and the Supplemental Declaration

In the Fee Application, GlassRatner seeks **$469,040.20**, comprised of **$143,507.50** in professionals' hourly fees (the "Hourly Fees"), **$325,500.00** as an aggregate commission (the "Commission") for the sale of the Relevant Assets, and **$32.70** in expenses. Fee Application, pg. 2. The Fee Application describes twelve categories of tasks to which GlassRatner billed time and a thirteenth category for the Commission. Attached as Exhibit A to the Fee Application is the "Report of Time and Tasks" (the "Report") with time entries from Mike Issa, Wen Tan, and Asalan Kayhanfar. The time entries on the Report are listed in chronological order and not grouped by task. The Fee Application does not allocate payment of the Hourly Fees between the Debtors. Further, the Fee Application explicitly states that the Commission is calculated as 7%[3] of the South Coast Plaza Sale Proceeds and the HB/OS Sale Proceeds *combined*: "The calculation is 7% of the total proceeds of sales of Huntington Beach, Oceanside, and the South Coast Plaza 50% partnership interest. These sales proceeds totaled $4,650,000." Fee Application, pg. 8. In other words, the Fee Application suggests that the Commission be paid as follows:

---

[3] The Employment Application and the Engagement Letter, both attached to the Fee Application, do not specify how any commission paid to GlassRatner for the sale of assets is to be calculated. Both state that GlassRatner will be entitled to a "success fee" which "will be negotiated between the Trustee and [GlassRatner] . . . and be included in connection with any motion to sell." *See* Fee Application, pgs. 34 and 62. No such disclosure was included in the Trustee's motion seeking authorization for the sales of the Relevant Assets [Dkt. No. 886], the Trustee's reply in support of the sale motion [Dkt. No. 908], or the *Order Granting Motion for Authority to Sell Substantially All Assets of Ruby's Huntington Beach, Ltd. and Ruby's Oceanside Ltd.* [Dkt. No. 998]. The formula for the Commission was never before approved by the Court. In fact, the Fee Application is the first filing to state the Commission should be 7% of the proceeds of the sale of the Relevant Assets. There has been no showing as to the reasonableness of that rate.

- 7% of the $350,000.00 South Coast Plaza Sale Proceeds, which comes to $24,500.00 (the "South Coast Plaza Commission"); and
- 7% of the $4,300,000.00 HB/OS Sale Proceeds, which comes to $301,000.00 (the "HB/OS Commission").

However, in the Supplemental Declaration, contrary to the statements made in the Fee Application, Mr. Issa states that the entire $325,500.00 Commission is to be paid from the HB/OS Sale Proceeds (which belong to Huntington Beach and Oceanside), and none of the Commission is to be paid from the South Coast Plaza Sale Proceeds (which belong to RDI):

> This means that the commission fee for Huntington Beach will be 7% multiplied by the total sales proceeds of $3,315,300, or $250,960.50 [sic[4]]. The commission fee for Oceanside will be 7% multiplied by the total sales proceeds of $984,700, or $74,539.50 [sic[5]]. The percentage will be approximately 22.9% of the $325,500.00 total commission to Oceanside and 77.1% to Huntington Beach.

Supplemental Declaration, ¶ 3. The Supplemental Declaration proceeds to allocate most of the Hourly Fees between Huntington Beach and Oceanside at 77.1% and 22.9%, respectively, based on GlassRatner's allocation of the Commission between these two entities. *Id.* The Supplemental Declaration does allocate 50% of the Hourly Fees related to D&O claims to RDI, with the remaining D&O Hourly Fees allocated 38.55% to Huntington Beach and 11.45% to Oceanside. *Id.* Neither the Fee Application nor the Supplemental Declaration explain why Huntington Beach or Oceanside should pay any of the Hourly Fees related to D&O claims.

Additionally, the Fee Application requests at least $3,201.50 for at least 12.3 hours billed in preparing a fee application for GlassRatner's services to RDI during the pendency of RDI's Chapter 11 case (i.e., the period before the Trustee was even appointed, let alone before when GlassRatner was employed by the Trustee). This amount, if allowed, can only be paid from RDI's bankruptcy estate because this work related solely to GlassRatner's employment by RDI during the pendency of its Chapter 11 case and provided no benefit whatsoever to the SoCal Debtors.

Next, as stated in the Fee Application, at least $24,500.00 of the Commission relates to the

---

[4] 7% of $3,315,300.00 is $232,071.00.
[5] 7% of $984,700.00 is $68,929.00.

sale of RDI's interest in South Coast Plaza and can only be paid by RDI because the SoCal Debtors had no interest in South Coast Plaza and received no benefit from the sale of RDI's interest in that entity. As stated in the Fee Application, the total amount of the Commission is $325,500.00, which constitutes 7% of the total proceeds from the sales of the Relevant Assets of $4,650,000.00. Fee Application, pg. 8. Of the $4,650,000.00 total proceeds, $4,300,000.00 come from the sale of the assets of Huntington Beach and Oceanside. *See* HB/OS Sale Order, pg. 3. This leaves $350,000.00 in sale proceeds for the sale of RDI's interest in the South Coast Plaza entity, and a 7% commission on this amount comes to the $24,500.00 South Coast Plaza Sale Commission.

Additionally, the remaining $301,000.00 HB/OS Commission attributable to the sale of the assets of Huntington Beach and Oceanside can only be paid by those two debtors' estates in proportion to the amount of the $4,300,000.00 in proceeds that each of those estates actually receives.

## II.    OBJECTION

### A.    Objection to the Commission

The Bank objects to the proposed allocation of the Commission set forth in the Supplemental Declaration. If GlassRatner is to be paid a 7% commission from the $4,300,000.00 in HB/OS Sale Proceeds, that commission can be, at most, $301,000.00—*not* $325,000.00 as stated in the Supplemental Declaration. Payment of the $301,000.00 HB/OS Commission should be split between Huntington Beach and Oceanside according to the amount of the proceeds they receive from the sale of their assets. The Bank objects that the allocation of the HB/OS Sale Proceeds set forth in Supplemental Declaration is not binding. Because the sale of the Huntington Beach Assets and the Oceanside Assets, as approved by the HB/OS Sale Order, has not yet closed and the proceeds have not yet been allocated and received by the Trustee, the Bank objects to GlassRatner making its own allocation and receiving payment of the HB/OS Commission at this time.

If GlassRatner is to be paid a 7% commission from the South Coast Plaza Sale Proceeds, the Bank objects that this South Coast Plaza Commission can only be paid from RDI, since Huntington Beach and Oceanside had no interest in the South Coast Plaza entity.

### B. Objection to the Hourly Fees

The Bank objects to the Fee Application because GlassRatner has not met its burden in showing how and to what extent the services represented by the Hourly Fees benefited Huntington Beach and Oceanside's estates individually. The Bank anticipates that its secured claim against Huntington Beach and Oceanside will not be paid in full and it will have an unsecured deficiency claim against them. Because payment of the Hourly Fees will necessarily reduce the recovery of the Bank and all unsecured creditors, creditors of Huntington Beach and Oceanside should have the opportunity to analyze the basis for and impact of payment of the Hourly Fees related to Huntington Beach and Oceanside individually. Accordingly, the Bank requests that the Court require GlassRatner to provide more specific information about the benefit it provided to Huntington Beach and Oceanside individually before ruling on the Application.

Section 330(a)(1) of the Bankruptcy Code provides that the Court may award "reasonable compensation for actual, necessary services rendered by" GlassRatner and "reimbursement for actual, necessary expenses." Section 330(a)(3)(C) specifies that, to determine whether GlassRatner's fees are "reasonable," the Court must consider whether GlassRatner's services were "beneficial at the time at which the service was rendered toward the completion of" the each of the Debtors' individual cases. Section 330(4)(A)(ii)(I) explicitly prohibits awarding fees for "services that were not reasonably likely to benefit the debtor's estate." Further, GlassRatner "bears the burden of proving the reasonableness of [its] fees, which can only be done by presentation of carefully detailed applications and supporting documentation." *In re Dalessio*, 74 B.R. 721, 724 (B.A.P. 9th Cir. 1987); *see also In re Eliapo*, 298 B.R. 392, 402 (B.A.P. 9th Cir. 2003) (same); *In re Lok Redwood Empire Props.*, 2010 Bankr. LEXIS 4254, at *2 (Bankr. N.D. Cal. Nov. 6, 2010) (same).

GlassRatner has not met its burden to show how the Hourly Fees benefited Huntington Beach and Oceanside individually. Huntington Beach and Oceanside each have their own creditors and different assets from which their creditors can be paid. Without more information about how GlassRatner's services benefited Huntington Beach and Oceanside individually, creditors cannot adequately analyze the basis for the Hourly Fees as to Huntington Beach and Oceanside or whether the Hourly Fees are reasonable.

The Bank requests that a ruling on the Fee Application as to the Hourly Fees be deferred until GlassRatner has provided more specific information about how its services represented by the Hourly Fees benefited Huntington Beach and Oceanside individually. That deferral will provide all parties time to analyze that information and whether the Hourly Fees allocated to Huntington Beach and Oceanside are reasonable and for sufficient benefit and to file oppositions and argue at a further hearing about GlassRatner's proposed allocation of the Hourly Fees. If the Court is inclined to rule on Hourly Fees immediately, the Bank requests that compensation for any such services which are found to meet the standard of Section 330 should be carefully allocated between the SoCal Debtors according to the benefit each received based on the information currently available.

As to GlassRatner's fees related to its preparation a fee application for its services to RDI during RDI's Chapter 11 bankruptcy case, however, no deferral is required. The Bank objects that those fees must be paid from RDI's bankruptcy estate, not the SoCal Debtors' estates.

### III.    CONCLUSION

WHEREFORE, the Bank requests: (i) if GlassRatner is to receive a commission on the sale of the Huntington Beach Assets and the Oceanside Assets, such commission be limited to $301,000.00; (ii) if Glass Ratner is to receive a commission on the sale of the South Coast Plaza Assets, such commission be paid by RDI from the South Coast Plaza Sale Proceeds, and not be paid by any other Debtor; (iii) a ruling on the Hourly Fees in the Fee Application be deferred until GlassRatner provides further information about how its services benefited Huntington Beach and Oceanside individually and all parties have had time to analyze this information and the reasonableness of GlassRatner's requested Hourly Fees and to file oppositions and argue at a further hearing about GlassRatner's proposed allocation of its Hourly Fees among the Debtors; and (iv) that GlassRatner's Hourly Fees in the Fee Application for preparation of a fee application for its services to RDI during RDI's Chapter 11 bankruptcy case be disallowed.

| | |
|---|---|
| Dated: February 3, 2021 | GREENBERG TRAURIG, LLP |
| | |
| | */s/ David M. Guess* |
| | Annette W. Jarvis |
| | David M. Guess |
| | *Attorneys for Pacific Premier Bank, fka Opus Bank* |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
1840 Century Park East, Suite 1900, Los Angeles, California 90067.

A true and correct copy of the foregoing document entitled (*specify*): **OBJECTION OF PACIFIC PREMIER BANK TO THE FIRST INTERIM APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF GLASSRATNER ADVISORY & CAPITAL GROUP LLC AS FINANCIAL ADVISOR FOR THE DEBTOR AND DEBTOR IN POSSESSION FOR THE PERIOD APRIL 15, 2020 THROUGH DECEMBER 31, 2020** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On February 3, 2021, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Leo A Bautista    leo.bautista@lewisbrisbois.com, mona.jackson@lewisbrisbois.com;Chris.Rodriguez@lewisbrisbois.com,ralphk@cox.net,dcavanaugh@bcccmgmt.com
- George B Blackmar    gblackmar@bpslaw.net
- Ori S Blumenfeld    Ori@MarguliesFaithLaw.com, Helen@MarguliesFaithLaw.com;Angela@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.com
- Dustin P Branch    branchd@ballardspahr.com, carolod@ballardspahr.com;hubenb@ballardspahr.com
- Christopher Celentino    chris.celentino@dinsmore.com, caron.burke@dinsmore.com;SDCMLFiles@DINSMORE.COM
- Carol Chow    carol.chow@ffslaw.com, easter.santamaria@ffslaw.com
- Ashleigh A Danker    Ashleigh.danker@dinsmore.com, SDCMLFiles@DINSMORE.COM;Katrice.ortiz@dinsmore.com
- Aaron Davis    aaron.davis@bryancave.com, kat.flaherty@bryancave.com
- Caroline Djang    caroline.djang@bbklaw.com, laurie.verstegen@bbklaw.com;wilma.escalante@bbklaw.com
- Laura E Dolan    LAURA.DOLAN@SDCOUNTY.CA.GOV, odette.ortega@sdcounty.ca.gov;kristen.howard@sdcounty.ca.gov
- Alan J Friedman    afriedman@shulmanbastian.com, lgauthier@shulmanbastian.com
- Eric J Fromme    efromme@tocounsel.com, stena@tocounsel.com
- Maria L Garcia    Maria.L.Garcia@lewisbrisbois.com, Nancy.jasso@lewisbrisbois.com
- Alastair M Gesmundo    agesmundo@wghlawyers.com, jmartinez@wghlawyers.com
- Richard H Golubow    rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;Meir@virtualparalegalservices.com
- Steven T Gubner    sgubner@bg.law, ecf@bg.law
- David M. Guess    guessd@gtlaw.com
- Michael J Hauser    michael.hauser@usdoj.gov
- D Edward Hays    ehays@marshackhays.com, ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com
- Samy Henein    samyhenein@aol.com, az@suppalaw.com
- Garrick A Hollander    ghollander@wghlawyers.com, jmartinez@wghlawyers.com;Meir@virtualparalegalservices.com
- Lillian Jordan    ENOTICES@DONLINRECANO.COM, RMAPA@DONLINRECANO.COM
- David S Kupetz    dkupetz@sulmeyerlaw.com, dperez@sulmeyerlaw.com;dperez@ecf.courtdrive.com;dkupetz@ecf.courtdrive.com
- William N Lobel    wlobel@tocounsel.com, jokeefe@tocounsel.com
- Tinho Mang    tmang@marshackhays.com, tmang@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@ecf.courtdrive.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012
ACTIVE 55127139v1

**F 9013-3.1.PROOF.SERVICE**

- Craig G Margulies    Craig@MarguliesFaithlaw.com, Vicky@MarguliesFaithlaw.com;Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com
- Richard A Marshack (TR)    pkraus@marshackhays.com, rmarshack@iq7technology.com;ecf.alert+Marshack@titlexi.com
- Robert S Marticello    Rmarticello@swelawfirm.com, gcruz@swelawfirm.com;lgarrett@swelawfirm.com;jchung@swelawfirm.com
- Laila Masud    lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com
- Jessica G McKinlay    mckinlay.jessica@dorsey.com
- Malcolm D Minnick    dminnick@pillsburylaw.com, m.minnick@comcast.net
- Jeffrey P Nolan    jnolan@pszjlaw.com
- Ernie Zachary Park    ernie.park@bewleylaw.com
- Thomas J Polis    tom@polis-law.com, paralegal@polis-law.com;r59042@notify.bestcase.com
- SAMUEL A. SCHWARTZ    saschwartz@nvfirm.com, ECF@nvfirm.com
- Lovee D Sarenas    lsarenas@sklarkirsh.com
- Valerie Smith    claims@recoverycorp.com
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov
- Matthew S Walker    matthew.walker@pillsburylaw.com, renee.evans@pillsburylaw.com,docket@pillsburylaw.com
- Corey R Weber    cweber@bg.law, ecf@bg.law
- Sharon Z. Weiss    sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com
- Christopher K.S. Wong    christopher.wong@arentfox.com, yvonne.li@arentfox.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On February 3, 2021, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

D. EDWARD HAYS
LAILA MASUD,
MARSHACK HAYS LLP
870 Roosevelt
Irvine, California 92620-5749
*General Counsel for Trustee*

J. Michael Issa
GlassRatner Advisory & Capital Group, LLC
19800 MacArthur Blvd., Ste 820
Irvine, CA 92612
*Financial Advisor to Trustee*

Michael J Hauser
411 W Fourth St Suite 7160
Santa Ana, CA 92701-4593
*Office of the United States Trustee*

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on February 3, 2021, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**Served via email:**
D. EDWARD HAYS: ehays@marshackhays.com
LAILA MASUD: lmasud@marshackhays.com
*General Counsel for Trustee*

**Served via email:**
J. Michael Issa: missa@brileyfin.com
*Financial Advisor to Trustee*

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**
*ACTIVE 55127139v1*

**Served via email:**
Michael J Hauser: michael.hauser@usdoj.gov
*Office of the United States Trustee*

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| February 3, 2021 | Kathy Lai | /s/ Kathy Lai |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*
*ACTIVE 55127139v1*

**F 9013-3.1.PROOF.SERVICE**