1  D. EDWARD HAYS, #162507
   ehays@marshackhays.com
2  LAILA MASUD, #311731
   lmasud@marshackhays.com
3  MARSHACK HAYS LLP
   870 Roosevelt
4  Irvine, California 92620
   Telephone: (949) 333-7777
5  Facsimile: (949) 333-7778

6  Attorneys for Chapter 7 Trustee,
   RICHARD A. MARSHACK

7

8              UNITED STATES BANKRUPTCY COURT

9         CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

10

11 | In re                                    | Case No. 8:18-bk-13311-SC

12 | RUBY'S DINER, INC., a California corporation, et al., | Chapter 7

13 |                                          | (Jointly Administered with Case Nos.: 8:18-bk-13197-SC; 8:18-bk-13198-SC; 8:18-bk-13199-SC; 8:18-bk-13200-SC; 8:18-bk-13201-SC; 8:18-bk-13202-SC)

14 |              Debtor.

15 | Affects:

16 | ☐    ALL DEBTORS                          | MOTION TO (1) SET A BAR DATE FOR FILING ADMINISTRATIVE EXPENSE CLAIMS, INCLUDING CLAIMS UNDER 11 U.S.C. § 503(b) AND (2) APPROVE THE FORM, MANNER, AND SUFFICIENCY OF THE NOTICE THEREOF; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF RICHARD A. MARSHACK IN SUPPORT

17 | ☒    RUBY'S DINER, INC., ONLY

18 | ☐    RUBY'S SOCAL, DINERS, LLC, ONLY

19 | ☐    RUBY'S QUALITY DINERS, LLC, ONLY

20 | ☐    RUBY'S HUNTINGTON BEACH, LTD. ONLY

21 | ☐    RUBY'S LAGUNA HILLS, LTD. ONLY      | [NO HEARING REQUIRED]

22 | ☐    RUBY'S OCEANSIDE, LTD, ONLY

23 | ☐    RUBY'S PALM SPRINGS, LTD. ONLY

24 / / /

25 / / /

26 / / /

27

28

TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY COURT

JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL INTERESTED

PARTIES:

Richard A. Marshack, in his capacity as Chapter 7 Trustee ("Trustee") of the Bankruptcy

Estate ("Estate") of Ruby's Diner, Inc., a California corporation, et al. jointly administered on

September 5, 2018, as lead case no. 8:18-bk-1331-SC ("RDI"), with the following associated

bankruptcy cases: (a) 8:18-bk-13197-SC – Ruby's SoCal Diners, LLC, a Delaware limited liability

company ("SoCal"); (b) 8:18-bk-13198-SC - Ruby Quality Diners, LLC., a Delaware limited

liability company ("Quality"); (c) 8:18-bk-13199-SC – Ruby's Huntington Beach, Ltd., a California

limited partnership ("RHB"); (d) 8:18-bk-13200-SC – Ruby's Laguna Hills, Ltd., a California

limited partnership ("RLH"); (e) 8:18-bk-13201-SC – Ruby's Oceanside Ltd., a California limited

partnership ("RO"); and (f) 8:18-bk-13202-SC – Ruby's Palm Springs, Ltd., a California limited

partnership ("RPS") (collectively, RDI, SoCal, Quality, RHB, RO, RLH, and RPS are referred to as

"Debtors") submits the following motion to (1) Set A Bar Date For Filing Administrative Expense

Claims, Including Claims Under 11 U.S.C. § 503(b)(9); and (2) Approve the Form, Manner, and

Sufficiency of the Notice Thereof ("Motion"), as follows:

## 1. Summary of Argument

Administrative claims allowed under Section 503(b) generally have priority over all other

unsecured claims. Trustee has recently entered a proposed settlement of the Estate's D&O claims

that will result in recoveries totaling at least $3,550,000. This amount plus Trustee's other recoveries

is sufficient to pay all anticipated Chapter 7 administrative claims and to make substantial

distributions on account of allowed Chapter 11 administrative claims. To further efforts to make

interim distributions, Trustee needs to determine all administrative claims that may exist. To that

end, this motion seeks an order (1) setting an administrative claims bar date of September 30, 2022

("Bar Date") which bar date will apply to all claimants seeking allowance of an administrative

expense claim, ***excluding*** (a) retained professionals who are currently providing services to the

Chapter 7 Trustee; or (b) chapter 11 administrative professionals with entered orders already

approving their compensation on a *final* basis[1]; and (2) approving a notice of the administrative

claims Bar Date to be served on all creditors. This Court must decide whether to grant the Motion

and approve the proposed deadline and form of notice.

## 2.      Factual Background

### A.      The Bankruptcy Cases

On August 29, 2018, RHB, SoCal, Quality, PS, LH and RO each filed a voluntary petition

for relief under Chapter 11 of Title 11 of the United States Code.

On September 5, 2018, RDI filed a voluntary petition for relief under Chapter 11 of Title 11

of the United States Code. The bankruptcy cases have been ordered jointly administered.

On April 10, 2020, as Dk. No. 571, RDI filed a motion to convert case from Chapter 11 to 7

("Motion to Convert").

Similar motions to convert were filed in the RHB, SoCal, PS, Quality and RO cases.

On April 15, 2020, as Dk. No. 577, the Court entered an order granting Lead Debtor's

Motion to Convert.

Similar orders were entered in the RHB, SoCal, PS, Quality and RO cases

Richard A. Marshack is the duly appointed and acting Chapter 7 Trustee ("Trustee") for the

bankruptcy estates of RDI, SoCal, Quality, PS, RHB and RO.

## 3.      Legal Authority

### A.      The Court can set an administrative claims bar date, approve the manner and form of notice.

Bankruptcy courts have the power to set bar dates for prepetition claims. The bankruptcy

court also has the power to set and enforce bar dates for postpetition administrative expense claims

(i.e., those liabilities that arise after the petition date but before the debtor emerges from

bankruptcy). *Boeing N. Am., Inc. v. Ybarra (In re Ybarra)*, 424 F.3d 1018, 1025 (9th Cir.

2005)(internal citations omitted).

---

[1] The Bar Date will apply to all Chapter 11 administrative claimants who do not have orders approving their fees on a final basis, such that these professionals must file their final fee applications by the Bar Date and have their fees and costs approved by the Court after notice and a hearing.

1  Specifically, Federal Rule of Bankruptcy Procedure 3003(c)(3) provides:

2      "The court shall fix and for cause shown may extend the time within which proofs of

3      claim or interest may be filed. Notwithstanding the expiration of such time, a proof of

4      claim may be filed to the extent and under the conditions stated in Rule 3002(c)(2),

5      (c)(3), (c)(4) and (c)(6)."

6  Fed. R. Bankr. P. 3003(c)(3).

7      While FRBP 3003(c)(3) is directed to prepetition claims in Chapter 9 and 11 cases, Section

8  503(a) provides for "[a]n entity to timely file a request for payment of an administrative expense,"

9  there is no deadline set by the Code or the Rules. Section 105, however, empowers the Court to

10  make whatever orders are "necessary or appropriate to carry out the provisions of this title." Trustee

11  believes this permits the Court to set an administrative claims bar date.

12      For pre-petition unsecured claims, FRBP 2002(a)(7) provides that creditors must be afforded

13  *at least 21 days'* notice by mail of the time fixed for filing proofs of claims pursuant to FRBP

14  3003(c)(3). In this case, and upon entry of an order approving this Motion, Trustee will promptly

15  serve notice of the Bar Date such that it is no less than 30 days' notice of the Bar Date which should

16  be sufficient due process.

17      Next, Trustee believes that Sections 105 and 502, together with FRBP 9007, permit the Court

18  to approve the proposed form, manner of service, and sufficiency of a bar date notice along with the

19  proposed procedures for filing Admin Claims as set forth in the proposed Bar Date Notice attached

20  as **Exhibit 1**. Section 503 provides that administrative claims may be allowed after notice and a

21  hearing. 11 U.S.C. § 503(a), 503(b). By this Motion, Trustee proposes to provide notice to all

22  potential administrative claimants of the deadline by which they must have their Motion for

23  allowance of an administrative claim heard.

24      There may not be sufficient funds in the Estate to pay all Chapter 7 and 11 administrative

25  claims in full. Regardless, knowing the extent of administrative claims will aid Trustee in the

26  administration of the case. Therefore, Trustee submits that good cause exists to set the Chapter 11

27  administrative claims Bar Date as **September 30, 2022**.

28

**4.      Conclusion**

Trustee requests entry of an Order granting this Motion that:

1.      Setting September 30, 2022, as the last day by which any potential administrative priority claimant must file and set for hearing a motion seeking allowance of said administrative claim. This deadline will also apply to professionals retained by the Estate whose compensation is subject to 11 U.S.C. §§ 328 and 330, ***excluding*** (a) retained professionals who are currently providing services to the Chapter 7 Trustee; or (b) chapter 11 administrative professionals with entered orders already approving their compensation on a *final* basis;

2.      2.      Sets September 30, 2022, ("Bar Date") as the last day by which creditors must file and set for hearing requests for allowance of administrative claims commencing after the Order on April 15, 2020 ("Conversion Date") converting the Case to Chapter 7 ("C7 Admin Claims");

3.      Approving the form and sufficiency of the Notice of Administrative Claim Bar Date substantially in the form attached as **Exhibit 1**;

4.      Approving and authorizing service of the Notice attached as Exhibit 1 either via the Court's Notice of Electronic Filing system or by first-class United States mail, postage prepaid as soon as practicable after entry of an Order approving this Motion and, in any event, no later than 30 days prior to the Bar Date, on (a) all scheduled creditors of the Debtor, (b) all parties requesting special notice, if any, (c) all parties with whom Trustee has done business on behalf of the Estate as of the filing date of this Motion, (d) all persons or entities that have filed claims against the Debtor, (e) all scheduled parties to executory contracts and unexpired leases of the Debtor, if any, (f) counsel for all known parties to litigation by or against the Debtor, if any, (g) the Internal Revenue Service, (h) the California Franchise Tax Board, (i) the Los Angeles County Tax Collector, (j) the Debtor's professionals employed by Court order in this Case, and (k) the U.S. Trustee (collectively, "Notice Parties");

5.      Providing that the Bar Date will not apply to: (a) any Chapter 7 Admin Claim of the Trustee or any professional employed by Trustee, (b) any Chapter 11 Admin Claim (such as an ordinary course of business payment) that has been previously paid by Debtor or Trustee or that has

MOTION TO SET A BAR DATE FOR FILING ADMINISTRATIVE EXPENSE CLAIMS
4822-1207-2690v.5-1015-134

otherwise been satisfied; (c) any Chapter 11 Admin Claim that has already been allowed by a prior order of the Court and on a final basis; and (d) any fees payable to the U.S. Trustee under 28 U.S.C. § 1930 or accrued interest arising under 31 U.S.C. § 3717.

6.      Requiring that all motions seeking administrative claim allowance: (a) must having a hearing for approval set on or before the Bar Date; (b) will be deemed filed only when actually calendared by the Court for hearing; and (c) which motion shall be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant, written in English, denominated in United States currency, have attached any documents on which the claim is based (or, if such documents are voluminous, attach a summary) or an explanation as to why the documents are not available. All motions for administrative claim allowance shall be filed on the main case docket (i.e. RDI).

7.      Prohibiting the filing or allowance of late administrative claims, excluding retained professionals who are currently providing services to the Chapter 7 Trustee, without leave of Court.

8.      Determining that adequate notice of the Motion, procedures, and proposed deadlines were given.

9.      Granting such other and further relief as the Court deems just and proper.

DATED: July 11, 2022                    MARSHACK HAYS LLP

By:   */s/ D. Edward Hays*
        D. EDWARD HAYS
        LAILA MASUD
        Attorneys for Chapter 7 Trustee,
        RICHARD A. MARSHACK

# DECLARATION OF RICHARD A. MARSHACK

I, RICHARD A. MARSHACK, declare and state as follows:

1.      I am an individual over the age of 18 and am competent to make this declaration.

2.      I am the Chapter 7 Trustee ("Trustee") of the Bankruptcy Estate ("Estate") of Ruby's Diner, Inc., a California corporation, *et al.*[2]

3.      I have personal knowledge of the facts set forth in this declaration, and if called upon to do so, I could and would competently testify to these facts.

4.      I make this declaration in support of my Motion to (1) Set a Bar Date for Filing Administrative Expense Claims, Including Claims Under 11 U.S.C. § 503(B), and (2) Approve the Form, Manner, and Sufficiency of the Notice Thereof.

5.      On August 29, 2018, RHB, SoCal, Quality, PS, LH and RO each filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code.

6.      On September 5, 2018, RDI filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code. The bankruptcy cases have been ordered jointly administered.

7.      On April 10, 2020, as Dk. No. 571, RDI filed a motion to convert case from Chapter 11 to 7 ("Motion to Convert").

8.      Similar motions to convert were filed in the RHB, SoCal, PS, Quality and RO cases.

9.      On April 15, 2020, as Dk. No. 577, the Court entered an order granting Lead Debtor's Motion to Convert.

10.      Similar orders were entered in the RHB, SoCal, PS, Quality and RO cases.

11.      I am the duly appointed and acting Chapter 7 Trustee ("Trustee") for the bankruptcy estates of RDI, SoCal, Quality, PS, RHB and RO.

---

[2] Jointly administered on September 5, 2018 as lead case no. 8:18-bk-1331-SC ("RDI"), with the following associated bankruptcy cases: (a) 8:18-bk-13197-SC – Ruby's SoCal Diners, LLC, a Delaware limited liability company ("SoCal"); (b) 8:18-bk-13198-SC - Ruby Quality Diners, LLC., a Delaware limited liability company ("Quality"); (c) 8:18-bk-13199-SC – Ruby's Huntington Beach, Ltd., a California limited partnership ("RHB"); (d) 8:18-bk-13200-SC – Ruby's Laguna Hills, Ltd., a California limited partnership ("RLH"); (e) 8:18-bk-13201-SC – Ruby's Oceanside Ltd., a California limited partnership("RO"); and (f) 8:18-bk-13202-SC – Ruby's Palm Springs, Ltd., a California limited partnership ("RPS") (collectively, RDI, SoCal, Quality, RHB, RO, RLH, and RPS are referred to as "Debtors").

DECLARATION OF RICHARD A. MARSHACK
4822-1207-2690v.1-1015-134

12.     I am in the process of filing a motion to authorize me to make interim distributions to creditors. I anticipate that the estate will have sufficient funds to pay all Chapter 7 administrative claims in full and to make substantial distributions on account of allowed Chapter 11 administrative claims.

13.     I understand that there may be administrative claims some of which have not yet been filed or approved.

14.     To facilitate my ability to make interim distributions, I propose that the Court set September 30, 2022, as the deadline for the filing of any administrative priority claims excluding retained professionals who are currently providing services to me.

I declare under penalty of perjury that the foregoing is true and correct. Executed on July 11, 2022.

RICHARD A. MARSHACK

DECLARATION OF RICHARD A. MARSHACK

4822-1207-2690v.1-1015-134

**EXHIBIT "1"**

1  D. EDWARD HAYS, #162507
   ehays@marshackhays.com
2  LAILA MASUD, #311731
   lmasud@marshackhays.com
3  MARSHACK HAYS LLP
   870 Roosevelt
4  Irvine, California 92620
   Telephone: (949) 333-7777
5  Facsimile: (949) 333-7778

6  Attorneys for Chapter 7 Trustee,
   RICHARD A. MARSHACK
7

8              UNITED STATES BANKRUPTCY COURT

9        CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

10

11  In re                                          Case No. 8:18-bk-13311-SC

12  RUBY'S DINER, INC., a California corporation,   Chapter 7
    et al.,
13                                                  (Jointly Administered with Case Nos.:
                     Debtor.                        8:18-bk-13197-SC; 8:18-bk-13198-SC;
14                                                  8:18-bk-13199-SC; 8:18-bk-13200-SC;
    Affects:                                        8:18-bk-13201-SC; 8:18-bk-13202-SC)
15
    ☐    ALL DEBTORS                                NOTICE OF SETTING BAR DATE
16                                                  FOR FILING ADMINISTRATIVE
    ☒    RUBY'S DINER, INC., ONLY                   EXPENSE CLAIMS, INCLUDING
17                                                  CLAIMS UNDER 11 U.S.C. § 503(b)
    ☐    RUBY'S SOCAL, DINERS, LLC, ONLY
18                                                  **ADMINISTRATIVE CLAIM BAR
    ☐    RUBY'S QUALITY DINERS, LLC, ONLY           DATE:**
19                                                  **SEPTEMBER 30, 2022**
    ☐    RUBY'S HUNTINGTON BEACH, LTD.
20       ONLY

21  ☐    RUBY'S LAGUNA HILLS, LTD. ONLY

22  ☐    RUBY'S OCEANSIDE, LTD, ONLY

23  ☐    RUBY'S PALM SPRINGS, LTD. ONLY

24  / / /

25  / / /

26  / / /

27  / / /

28

---

NOTICE OF SETTING A BAR DATE FOR FILING CHAPTER 11 ADMINISTRATIVE EXPENSE CLAIMS
4821-3126-7570v.3-1015-134

**EXHIBIT "1"
PAGE 8**

1  TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY COURT

2  JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL INTERESTED

3  PARTIES:

4      **NOTICE IS HEREBY GIVEN THAT** the United States Bankruptcy Court for the Central

5  District of California ("Court") has fixed **September 30, 2022** as the last date ("Bar Date") by which

6  all entities, including individuals, partnerships, corporations, estates, trusts, and governmental units

7  (collectively, a "Person") holding a Postpetition Claim (as defined below) or a 20-Day Claim (as

8  defined below), or both, or a C7 Admin Claim against the above-captioned debtor or its estate

9  (collectively, the "Debtor"), must file a request for allowance of such claims. Postpetition Claims,

10  20-Day Claims, and C7 Admin Claims are referred to herein collectively as "Admin Claims."

11      Any Person who asserts such an Admin Claim and wishes to have such Admin Claim

12  allowed by the Court and, if possible, paid by Richard A. Marshack, in his capacity as Chapter 7

13  Trustee ("Trustee") of the Bankruptcy Estate ("Estate") of Ruby's Diner, Inc., a California

14  corporation, et al. jointly administered on September 5, 2018, as lead case no. 8:18-bk-1331-SC

15  ("RDI"), with the following associated bankruptcy cases: (a) 8:18-bk-13197-SC – Ruby's SoCal

16  Diners, LLC, a Delaware limited liability company ("SoCal"); (b) 8:18-bk-13198-SC - Ruby Quality

17  Diners, LLC., a Delaware limited liability company ("Quality"); (c) 8:18-bk-13199-SC – Ruby's

18  Huntington Beach, Ltd., a California limited partnership ("RHB"); (d) 8:18-bk-13200-SC – Ruby's

19  Laguna Hills, Ltd., a California limited partnership ("RLH"); (e) 8:18-bk-13201-SC – Ruby's

20  Oceanside Ltd., a California limited partnership ("RO"); and (f) 8:18-bk-13202-SC – Ruby's Palm

21  Springs, Ltd., a California limited partnership ("RPS") (collectively, RDI, SoCal, Quality, RHB, RO,

22  RLH, and RPS are referred to as "Debtors"), must file a motion seeking allowance of their purported

23  administrative expense claim and have it set for hearing by the Bar Date.

24  **1.    DEFINITION OF A POSTPETITION CLAIM:**

25      For purposes of this *Notice*, a Postpetition Claim is a Claim (defined below) for payment of

26  an administrative expense of a kind specified in Section[1] 503(b) and entitled to priority pursuant to

27

28  _____
[1] Unless otherwise noted all section references are to Title 11 of the United States Code.

**EXHIBIT "1"
PAGE 9**

1  Section 507(a)(2) arising during the period *after* the filing of the Debtor's petition on September 6,

2  2018 ("Petition Date") and *before* entry of the *Order* (the "Conversion Order") on April 15, 2020

3  ("Conversion Date"), converting the bankruptcy case to Chapter 7, including, but not limited to, the

4  actual, necessary costs and expenses, that were incurred, or which accrued or arose, *after* the filing

5  of the Debtor's petition on the Petition Date and *before* entry of the *Conversion Order* on the

6  Conversion Date for preserving the Debtor's estate and operating the business of the Debtor,

7  including wages, salaries, or commissions. Claims or causes of action arising *after* the filing of the

8  Debtor's petition on the Petition Date and *before* entry of the *Conversion Order* on the Conversion

9  Date from alleged personal injuries are Postpetition Claims whether or not such claim is reduced to

10  judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed,

11  legal, equitable, secured or unsecured. The administrative expense claims of professionals and staff

12  retained by the Debtor and the Trustee for the Postpetition Period, including professionals retained

13  pursuant to *Orders* of the Court who may seek fees and expenses for their services pursuant to 11

14  U.S.C. §§ 330 and 331 ("Professionals") are Postpetition Claims; however, as provided in Section 3,

15  below, the Trustee's Professionals are excluded from the Bar Date and the requirement to file an

16  Administrative Proof of Claim. This definition is for illustration purposes only and without prejudice

17  to the Trustee's right to assert that any claim or cause of action entitled to priority pursuant to

18  Section 507(a)(2) was required to be filed by the Chapter 11 Bar Date.

19  **2.      DEFINITION OF 20-DAY CLAIM AND CLAIM:**

20          For purposes of this *Notice*, a "20-Day Claim" is a Claim entitled to treatment in accordance

21  with Section 503(b)(9). Specifically, 20-Day Claims are those claims for the "value of any goods

22  received by the debtor within 20 days before [September 6, 2018 — or on or after August 17, 2018]

23  in which the goods have been sold to the debtor in the ordinary course of such debtor's business."

24  For purposes of this *Notice*, a "Claim" means (a) the right to payment whether or not such right is

25  reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, legal,

26  equitable, secured or unsecured or (b) a right to an equitable remedy for breach of performance if

27  such breach gives rise to a right to receive payment, whether or not such right to an equitable remedy

28

**EXHIBIT "1"**

**PAGE 10**

1  is reduced to judgment, fixed, contingent, matured, unmatured (including potential and unmatured

2  tort and contract claims), fully accrued, disputed, undisputed, secured or unsecured.

3  **3.     ADMIN CLAIMS THAT NEED *NOT* BE FILED BY BAR DATE:**

4          Notwithstanding the foregoing, the following Admin Claims need **not** be filed prior to the

5  Bar Date: (a) any Chapter 7 Admin Claim of the Trustee or any professional employed by Trustee,

6  (b) any Chapter 11 Admin Claim (such as an ordinary course of business payment) that has been

7  previously paid by Debtor or Trustee or that has otherwise been satisfied; (c) any Chapter 11 Admin

8  Claim that has already been allowed by a prior order of the Court and on a final basis; and (d) any

9  fees payable to the U.S. Trustee under 28 U.S.C. § 1930 or accrued interest arising under 31 U.S.C.

10 § 3717. .

11         The above Bar Date does not apply to any claims arising *before* the relief date of September

12 6, 2018, except the 20-Day Claims.

13 **4.     PROCEDURES FOR FILING MOTIONS SEEKING ALLOWANCE AND**

14 **PAYMENT OF CLAIMS AS ADMINISTRATIVE EXPENSES**

15         (i) Admin Claims should be asserted by filing a motion seeking allowance and payment of

16 such claim on a final basis ("Admin. Motion").

17         (ii) *Admin. Motions* must be filed with the Clerk of the United States Bankruptcy Court,

18 Central District of California, Santa Ana Division, 411 W. Fourth Street, Santa Ana, California

19 92701. A *copy* of such Motions must be sent to counsel for the Trustee, D. Edward Hays and Laila

20 Masud, Marshack Hays LLP, 870 Roosevelt, Irvine, CA 92620.

21         (iii) *Admin Motions* will be deemed timely filed when (a) set for hearing on or before the Bar

22 Date; (b) when actually calendared by the Court for hearing on or before the ; and (c) which motion

23 shall be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the

24 claimant, written in English, denominated in United States currency, have attached any documents

25 on which the claim is based (or, if such documents are voluminous, attach a summary) or an

26 explanation as to why the documents are not available. All motions for administrative claim

27 allowance shall be filed on the main case docket (i.e. RDI).

28

NOTICE OF SETTING A BAR DATE FOR FILING CHAPTER 11 ADMINISTRATIVE EXPENSE CLAIMS
4821-3126-7570v.3-1015-134

**EXHIBIT "1"**

**PAGE 11**

1    (iv) *Admin Motions.* must (i) be signed; (ii) include supporting documentation (if

2    voluminous, attach a summary) or an explanation as to why documentation is not available; (iii) be

3    in the English language; and (iv) be denominated in United States currency. All *Administrative*

4    *Proofs of Claim* shall be filed on the Claims Register for the Case, *not* the main case docket. No

5    initial hearings shall be set.

6    (v) 20-Day Claim claimants must include all documents that purport to establish that such

7    claimant supplied and that the Debtor or the Trustee received "goods" within the 20-day period

8    before September 6, 2018 (i.e., on or after August 17, 2018), the "value" of such goods, and that

9    such goods were "sold to the debtor in the ordinary course of the debtor's business."

10   **5.     CONSEQUENCES OF FAILURE TO FILE A CHAPTER 11 ADMIN CLAIM**

11   **ANY HOLDER OF A CHAPTER 11 ADMIN CLAIM THAT IS REQUIRED TO FILE, BUT**

12   **FAILS TO FILE, AN ADMINISTRATIVE PROOF OF CLAIM IN ACCORDANCE WITH**

13   **THE PROCEDURES SET FORTH HEREIN ON OR BEFORE THE CHAPTER 11 BAR**

14   **DATE: (A) WILL BE FOREVER BARRED AND ESTOPPED FROM ASSERTING THEIR**

15   **ADMINISTRATIVE EXPENSE CLAIM(S) AGAINST THE DEBTOR AND/OR ITS**

16   **ESTATE UNLESS SUCH CLAIMANT OBTAINS AN ORDER FROM THE BANKRUPTCY**

17   **COURT AUTHORIZING SUCH LATE FILING; AND (B) UNLESS A LATE FILING IS**

18   **AUTHORIZED BY BANKRUPTCY COURT ORDER, WILL NOT BE PERMITTED TO**

19   **RECEIVE PAYMENT FROM THE DEBTOR'S ESTATE OR PARTICIPATE IN ANY**

20   **DISTRIBUTION IN THE DEBTOR'S CASE ON ACCOUNT OF SUCH CHAPTER 11**

21   **ADMIN CLAIM.**

22   **6.     RESERVATION OF RIGHTS**

23   The Trustee reserves the right to object to (i) any claim, whether filed or scheduled (e.g., as

24   contingent, unliquidated or disputed), and (ii) any Admin Claim on any ground, or to dispute, or to

25   assert offsets against or defenses to, any claim, as to amount, liability, classification, or otherwise,

26   and to subsequently designate any claim as disputed, contingent and/or unliquidated.

27

28

---

4

NOTICE OF SETTING A BAR DATE FOR FILING CHAPTER 11 ADMINISTRATIVE EXPENSE CLAIMS

4821-3126-7570v.3-1015-134

**EXHIBIT "1"**

**PAGE 12**

1    **This *Notice* is being sent to many persons and entities that have had some relationship**

2    **with or have done business with the Debtor or the Trustee but may not have an unpaid claims**

3    **against the Debtor or its estate. THE FACT THAT YOU HAVE RECEIVED THIS *NOTICE***

4    **DOES NOT MEAN THAT YOU HAVE AN ADMIN CLAIM, OR THAT THE TRUSTEE OR**

5    **THE COURT BELIEVE THAT YOU HAVE AN ADMIN CLAIM. YOU SHOULD NOT**

6    **FILE AN ADMINISTRATIVE PROOF OF CLAIM IF YOU DO NOT HAVE A CLAIM**

7    **AGAINST THE DEBTOR OR ITS ESTATE. YOU SHOULD CONSULT AN ATTORNEY IF**

8    **YOU HAVE ANY QUESTIONS, INCLUDING WHETHER YOU SHOULD FILE AN**

9    **ADMINISTRATIVE PROOF OF CLAIM. THE ATTORNEYS FOR THE CHAPTER 7**

10   **TRUSTEE ARE NOT AUTHORIZED TO PROVIDE YOU WITH ANY LEGAL ADVICE.**

11          If you have any questions relating to this *Notice*, please contact counsel to the Trustee,

12   Marshack Hays LLP, Attention: D. Edward Hays and Laila Masud, at 949-333-7777 or by e-mail at

13   ehays@marshackhays.com and lmasud@marshackhays.com.

14   DATED:  July 11, 2022                    MARSHACK HAYS LLP

15                                            By: _____

16                                               D. EDWARD HAYS
                                                 LAILA MASUD
17                                               Attorneys for Chapter 7 Trustee,
                                                 RICHARD A. MARSHACK

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF SETTING A BAR DATE FOR FILING CHAPTER 11 ADMINISTRATIVE EXPENSE CLAIMS
4821-3126-7570v.3-1015-134

**EXHIBIT "1"**

**PAGE 13**

**EXHIBIT "2"**

1  Name (Print): _____

2  Address (Print): _____

3  _____

4  Telephone (Print): _____

5  Email (Print): _____

6

7                 UNITED STATES BANKRUPTCY COURT

8        CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

9  In re                                    Case No. 8:18-bk-13311-SC

10 RUBY'S DINER, INC., a California corporation,    Chapter 7
   et al.,
11                                          (Jointly Administered with Case Nos.:
                                            8:18-bk-13197-SC; 8:18-bk-13198-SC;
12            Debtor.                        8:18-bk-13199-SC; 8:18-bk-13200-SC;
                                            8:18-bk-13201-SC; 8:18-bk-13202-SC)
13 Affects:

14 ☐    ALL DEBTORS                          **ADMINISTRATIVE PROOF OF**
                                            **CLAIM FOR**
15 ☒    RUBY'S DINER, INC., ONLY
                                            (Print Name): _____
16 ☐    RUBY'S SOCAL, DINERS, LLC, ONLY
                                            _____
17 ☐    RUBY'S QUALITY DINERS, LLC, ONLY
                                            **CHAPTER 11 BAR DATE:**
18 ☐    RUBY'S HUNTINGTON BEACH, LTD.        **SEPTEMBER 30, 2022**
        ONLY
                                            [To Be Filed on the Claims Register, Not
19 ☐    RUBY'S LAGUNA HILLS, LTD. ONLY        the Main Case Docket. No Hearing Should
                                            Be Set.]
20 ☐    RUBY'S OCEANSIDE, LTD, ONLY

21 ☐    RUBY'S PALM SPRINGS, LTD. ONLY

22
         I, _____ (print name), am the duly authorized representative of (print
23
   name)_____ ("Chapter 11 Admin Claimant"). On behalf of the Chapter 11 Admin Claimant,
24
   I hereby submit this *Administrative  Proof of Claim* against the Bankruptcy Estate ("Estate") of Ruby's
25
   Diner, Inc., a California corporation[1], et al. jointly administered on September 5, 2018, as lead case no.
26
   8:18-bk-1331-SC ("RDI"), with the following associated bankruptcy cases: (a) 8:18-bk-13197-SC –
27

28 _____

[1] This proof of claim is specific to Ruby's Diner, Inc. only.

                                            1

4811-6225-9698v.2-1015-134

                                                        **EXHIBIT "2"**

                                                        **PAGE 14**

1  Ruby's SoCal Diners, LLC, a Delaware limited liability company ("SoCal"); (b) 8:18-bk-13198-SC -

2  Ruby Quality Diners, LLC., a Delaware limited liability company ("Quality"); (c) 8:18-bk-13199-SC –

3  Ruby's Huntington Beach, Ltd., a California limited partnership ("RHB"); (d) 8:18-bk-13200-SC –

4  Ruby's Laguna Hills, Ltd., a California limited partnership ("RLH"); (e) 8:18-bk-13201-SC – Ruby's

5  Oceanside Ltd., a California limited partnership ("RO"); and (f) 8:18-bk-13202-SC – Ruby's Palm

6  Springs, Ltd., a California limited partnership ("RPS") (collectively, RDI, SoCal, Quality, RHB, RO,

7  RLH, and RPS are referred to as "Debtors") for the following type of Chapter 11 Admin Claim (check

8  box):

9  ☐  Postpetition Claim

10  ☐  20-Day Claim

11  The Chapter 11 Admin Claim described below was incurred, accrued or arose during either

12  (check box):

13  ☐  On or after August 17, 2018 and *is* entitled to priority under 11 U.S.C. § 503(b)(9) [i.e., a
14  20-Day Claim]

15  ☐  *After* the filing of the Debtor's petition of September 6, 2018 and *before* conversion of
   the case on April 15, 2020 and is entitled to priority as an administrative expense under
16  11 U. S. C. § 503(b) [i.e., a Postpetition Claim]

17  in the amount of $_____.

18  The basis of such Chapter 11 Admin Claim is (insert discussion of the Chapter 11 Admin Claim

19  and attach copies of documents supporting or evidencing the date your Chapter 11 Admin Claim arose

20  and the validity, priority, and amount of your Chapter 11 Admin Claim; non-Trustee Professionals,

21  attach your final fee application with supporting exhibits):

22  _____

23  _____

24  _____

25  (use attachments if more space is needed).

26  DATED: _____, 2022

By: _____

27

28  Authorized Representative
   for Chapter 11 Admin Claimant

2

**EXHIBIT "2"
PAGE 15**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
870 Roosevelt, Irvine, CA 92620

A true and correct copy of the foregoing document entitled (*specify*): **MOTION BY CHAPTER 7 TRUSTEE FOR ORDER SETTING ADMINISTRATIVE CLAIMS BAR DATE; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF RICHARD A. MARSHACK IN SUPPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On  **July 11, 2022**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On  **July 11, 2022**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

| **MAIL REDIRECTED TO TRUSTEE DEBTOR** | **MAIL REDIRECTED TO TRUSTEE DEBTOR** | **MAIL REDIRECTED TO TRUSTEE DEBTOR** |
|---|---|---|
| RUBY'S DINER, INC., A CALIFORNIA CORPOR ~~4100 MACARTHUR BLVD. SUITE 310~~ ~~NEWPORT BEACH, CA 92660-2050~~ | RUBY'S HUNTINGTON BEACH, LTD., A CALIF ~~4100 MACARTHUR BLVD STE 310~~ ~~NEWPORT BEACH, CA 92660-2050~~ | RUBY'S OCEANSIDE LTD, A CALIFORNIA ~~4100 MACARTHUR BLVD. STE 310~~ ~~NEWPORT BEACH, CA 92660-2050~~ |

☒ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on  **July 11, 2022**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Honorable Scott C. Clarkson  – via personal delivery
United States Bankruptcy Court - Central District of California
411 West Fourth Street, Suite 5-097
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| July 11, 2022 | Cynthia Bastida | /s/  Cynthia Bastida |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

- Leo A Bautista    leo.bautista@lewisbrisbois.com, Sondra.Sweeney@lewisbrisbois.com
- Christopher Dale Beatty    cbeatty@millerbarondess.com, aransom@millerbarondess.com,docket@millerbarondess.com,jvogel@millerbarondess.com
- Stephen C Biggs    sbiggs@smith-lc.com, kdavenport@smith-lc.com
- George B Blackmar    gblackmar@bpslaw.net
- Dustin P Branch    branchd@ballardspahr.com, carolod@ballardspahr.com;hubenb@ballardspahr.com
- Jeffrey W Broker    jbroker@brokerlaw.biz
- Christopher Celentino    chris.celentino@dinsmore.com, caron.burke@dinsmore.com
- Carol Chow    carol.chow@ffslaw.com, easter.santamaria@ffslaw.com
- John S Clifford    JCLIFFORD@SMITH-LC.COM
- David P Crochetiere    dcrochetiere@bautelaw.com, hwells@bautelaw.com
- David P Crochetiere    , hwells@bautelaw.com
- Ashleigh A Danker    adanker731@gmail.com
- Aaron Davis    aaron.davis@bryancave.com, kat.flaherty@bryancave.com
- Caroline Djang    cdjang@buchalter.com, docket@buchalter.com;lverstegen@buchalter.com
- Laura E Dolan    laura.blome@sdcounty.ca.gov, odette.ortega@sdcounty.ca.gov;kristen.howard@sdcounty.ca.gov
- Alan J Friedman    afriedman@shulmanbastian.com, lgauthier@shulmanbastian.com
- Eric J Fromme    efromme@tocounsel.com, stena@tocounsel.com
- Maria L Garcia    Maria.L.Garcia@lewisbrisbois.com, Nancy.jasso@lewisbrisbois.com
- Alastair M Gesmundo    agesmundo@wghlawyers.com, jmartinez@wghlawyers.com
- Richard H Golubow    rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com
- Steven T Gubner    sgubner@bg.law, ecf@bg.law
- David M. Guess    dguess@buchalter.com, david-guess-9268@ecf.pacerpro.com
- Michael J Hauser    michael.hauser@usdoj.gov
- D Edward Hays    ehays@marshackhays.com, ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com
- Samy Henein    samyhenein@aol.com, az@suppalaw.com
- Garrick A Hollander    ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com
- Lillian Jordan    ENOTICES@DONLINRECANO.COM, RMAPA@DONLINRECANO.COM
- Rika Kido    rkido@shulmanbastian.com, avernon@shulmanbastian.com
- David S Kupetz    David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com
- William N Lobel    wlobel@tocounsel.com, stena@tocounsel.com;sschuster@tocounsel.com
- Tinho Mang    tmang@marshackhays.com, tmang@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@ecf.courtdrive.com
- Craig G Margulies    Craig@MarguliesFaithlaw.com, Vicky@MarguliesFaithlaw.com;Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com
- Richard A Marshack (TR)    pkraus@marshackhays.com, rmarshack@iq7technology.com;ecf.alert+Marshack@titlexi.com
- Robert S Marticello    Rmarticello@swelawfirm.com, gcruz@swelawfirm.com;lgarrett@swelawfirm.com;jchung@swelawfirm.com
- Laila Masud    lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com
- Jessica G McKinlay    mckinlay.jessica@dorsey.com
- Malcolm D Minnick    dminnick@pillsburylaw.com, m.minnick@comcast.net
- Aviram Edward Muhtar    aviram.muhtar@lewisbrisbois.com, Nancy.Jasso@lewisbrisbois.com
- Jeffrey P Nolan    jnolan@pszjlaw.com
- Ernie Zachary Park    ernie.park@bewleylaw.com
- Thomas J Polis    tom@polis-law.com, paralegal@polis-law.com;r59042@notify.bestcase.com
- Todd C. Ringstad    becky@ringstadlaw.com, arlene@ringstadlaw.com
- SAMUEL A. SCHWARTZ    saschwartz@nvfirm.com, ECF@nvfirm.com
- Steven C Smith    ssmith@smith-lc.com, kcanaan@smith-lc.com
- Valerie Smith    claims@recoverycorp.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

- Lawrence Treglia    ltreglia@murtaughlaw.com, lhull@murtaughlaw.com
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov
- Matthew S Walker    matthewswalker1@gmail.com, renee.evans@pillsburylaw.com,
- Corey R Weber    cweber@bg.law, ecf@bg.law
- Sharon Z. Weiss    sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com
- Christopher K.S. Wong    christopher.wong@arentfox.com, yvonne.li@arentfox.com
- Claire K Wu    claire.wu@pillsburylaw.com, irene.hooper@pillsburylaw.com;docket@pillsburylaw.com

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**