D. EDWARD HAYS, #162507
ehays@marshackhays.com
LAILA MASUD, #311731
lmasud@marshackhays.com
MARSHACK HAYS LLP
870 Roosevelt
Irvine, California 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

Attorneys for Chapter 7 Trustee,
RICHARD A. MARSHACK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re | Case No. 8:18-bk-13311-SC |
| RUBY'S DINER, INC., a California corporation, et al., | Chapter 7 |
| Debtor. | (Jointly Administered with Case Nos.: 8:18-bk-13197-SC; 8:18-bk-13198-SC; 8:18-bk-13199-SC; 8:18-bk-13200-SC; 8:18-bk-13201-SC; 8:18-bk-13202-SC) |
| Affects: | |
| ☐ ALL DEBTORS | MOTION TO (1) SET A BAR DATE FOR FILING ADMINISTRATIVE EXPENSE CLAIMS, INCLUDING CLAIMS UNDER 11 U.S.C. § 503(b) AND (2) APPROVE THE FORM, MANNER, AND SUFFICIENCY OF THE NOTICE THEREOF; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF RICHARD A. MARSHACK IN SUPPORT |
| ☐ RUBY'S DINER, INC., ONLY | |
| ☐ RUBY'S SOCAL, DINERS, LLC, ONLY | |
| ☐ RUBY'S QUALITY DINERS, LLC, ONLY | |
| ☒ RUBY'S HUNTINGTON BEACH, LTD. ONLY | |
| ☐ RUBY'S LAGUNA HILLS, LTD. ONLY | |
| ☐ RUBY'S OCEANSIDE, LTD, ONLY | [NO HEARING REQUIRED] |
| ☐ RUBY'S PALM SPRINGS, LTD. ONLY | |

/ / /

/ / /

/ / /

---

MOTION TO SET A BAR DATE FOR FILING ADMINISTRATIVE EXPENSE CLAIMS
4864-2929-0792v.1-1015-134

TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY COURT JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL INTERESTED PARTIES:

Richard A. Marshack, in his capacity as Chapter 7 Trustee ("Trustee") of the Bankruptcy Estate ("Estate") of Ruby's Diner, Inc., a California corporation, et al. jointly administered on September 5, 2018, as lead case no. 8:18-bk-1331-SC ("RDI"), with the following associated bankruptcy cases: (a) 8:18-bk-13197-SC – Ruby's SoCal Diners, LLC, a Delaware limited liability company ("SoCal"); (b) 8:18-bk-13198-SC - Ruby Quality Diners, LLC., a Delaware limited liability company ("Quality"); (c) 8:18-bk-13199-SC – Ruby's Huntington Beach, Ltd., a California limited partnership ("RHB"); (d) 8:18-bk-13200-SC – Ruby's Laguna Hills, Ltd., a California limited partnership ("RLH"); (e) 8:18-bk-13201-SC – Ruby's Oceanside Ltd., a California limited partnership ("RO"); and (f) 8:18-bk-13202-SC – Ruby's Palm Springs, Ltd., a California limited partnership ("RPS") (collectively, RDI, SoCal, Quality, RHB, RO, RLH, and RPS are referred to as "Debtors") submits the following motion to (1) Set A Bar Date For Filing Administrative Expense Claims, Including Claims Under 11 U.S.C. § 503(b)(9); and (2) Approve the Form, Manner, and Sufficiency of the Notice Thereof ("Motion"), as follows:

## 1. Summary of Argument

Administrative claims allowed under Section 503(b) generally have priority over all other unsecured claims. Trustee has recently entered a proposed settlement of the Estate's D&O claims that will result in recoveries totaling at least $3,550,000. This amount plus Trustee's other recoveries is sufficient to pay all anticipated Chapter 7 administrative claims and to make substantial distributions on account of allowed Chapter 11 administrative claims. To further efforts to make interim distributions, Trustee needs to determine all administrative claims that may exist. To that end, this motion seeks an order (1) setting an administrative claims bar date of September 30, 2022 ("Bar Date") which bar date will apply to all claimants seeking allowance of an administrative expense claim, *excluding* (a) retained professionals who are currently providing services to the Chapter 7 Trustee; or (b) chapter 11 administrative professionals with entered orders already

approving their compensation on a *final* basis[1]; and (2) approving a notice of the administrative claims Bar Date to be served on all creditors. This Court must decide whether to grant the Motion and approve the proposed deadline and form of notice.

## 2. Factual Background

### A. The Bankruptcy Cases

On August 29, 2018, RHB, SoCal, Quality, PS, LH and RO each filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code.

On September 5, 2018, RDI filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code. The bankruptcy cases have been ordered jointly administered.

On April 10, 2020, as Dk. No. 571, RDI filed a motion to convert case from Chapter 11 to 7 ("Motion to Convert").

Similar motions to convert were filed in the RHB, SoCal, PS, Quality and RO cases.

On April 15, 2020, as Dk. No. 577, the Court entered an order granting Lead Debtor's Motion to Convert.

Similar orders were entered in the RHB, SoCal, PS, Quality and RO cases

Richard A. Marshack is the duly appointed and acting Chapter 7 Trustee ("Trustee") for the bankruptcy estates of RDI, SoCal, Quality, PS, RHB and RO.

## 3. Legal Authority

### A. The Court can set an administrative claims bar date, approve the manner and form of notice.

Bankruptcy courts have the power to set bar dates for prepetition claims. The bankruptcy court also has the power to set and enforce bar dates for postpetition administrative expense claims (i.e., those liabilities that arise after the petition date but before the debtor emerges from bankruptcy). *Boeing N. Am., Inc. v. Ybarra (In re Ybarra)*, 424 F.3d 1018, 1025 (9th Cir. 2005)(internal citations omitted).

---

[1] The Bar Date will apply to all administrative claimants who do not have orders approving their fees on a final basis, such that these professionals must file their final fee applications by the Bar Date and have their fees and costs approved by the Court after notice and a hearing.

Specifically, Federal Rule of Bankruptcy Procedure 3003(c)(3) provides:

> "The court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed. Notwithstanding the expiration of such time, a proof of claim may be filed to the extent and under the conditions stated in Rule 3002(c)(2), (c)(3), (c)(4) and (c)(6)."

Fed. R. Bankr. P. 3003(c)(3).

While FRBP 3003(c)(3) is directed to prepetition claims in Chapter 9 and 11 cases, Section 503(a) provides for "[a]n entity to timely file a request for payment of an administrative expense," there is no deadline set by the Code or the Rules. Section 105, however, empowers the Court to make whatever orders are "necessary or appropriate to carry out the provisions of this title." Trustee believes this permits the Court to set an administrative claims bar date.

For pre-petition unsecured claims, FRBP 2002(a)(7) provides that creditors must be afforded *at least 21 days'* notice by mail of the time fixed for filing proofs of claims pursuant to FRBP 3003(c)(3). In this case, and upon entry of an order approving this Motion, Trustee will promptly serve notice of the Bar Date such that it is no less than 30 days' notice of the Bar Date which should be sufficient due process.

Next, Trustee believes that Sections 105 and 502, together with FRBP 9007, permit the Court to approve the proposed form, manner of service, and sufficiency of a bar date notice along with the proposed procedures for filing Admin Claims as set forth in the proposed Bar Date Notice attached as **Exhibit 1**. Section 503 provides that administrative claims may be allowed after notice and a hearing. 11 U.S.C. § 503(a), 503(b). By this Motion, Trustee proposes to provide notice to all potential administrative claimants of the deadline by which they must have their Motion for allowance of an administrative claim heard.

There may not be sufficient funds in the Estate to pay all Chapter 7 and 11 administrative claims in full. Regardless, knowing the extent of administrative claims will aid Trustee in the administration of the case. Therefore, Trustee submits that good cause exists to set the Chapter 11 administrative claims Bar Date as **September 30, 2022**.

## 4. Conclusion

Trustee requests entry of an Order granting this Motion that:

1. Setting September 30, 2022, as the last day by which any potential administrative priority claimant must file and set for hearing a motion seeking allowance of said administrative claim. This deadline will also apply to professionals retained by the Estate whose compensation is subject to 11 U.S.C. §§ 328 and 330, *excluding* (a) retained professionals who are currently providing services to the Chapter 7 Trustee; or (b) chapter 11 administrative professionals with entered orders already approving their compensation on a *final* basis;

2. Sets September 30, 2022, ("Bar Date") as the last day by which creditors must file and set for hearing requests for allowance of administrative claims commencing after the Order on April 15, 2020 ("Conversion Date") converting the Case to Chapter 7 ("C7 Admin Claims");

3. Approving the form and sufficiency of the Notice of Administrative Claim Bar Date substantially in the form attached as **Exhibit 1**;

4. Approving and authorizing service of the Notice attached as Exhibit 1 either via the Court's Notice of Electronic Filing system or by first-class United States mail, postage prepaid as soon as practicable after entry of an Order approving this Motion and, in any event, no later than 30 days prior to the Bar Date, on (a) all scheduled creditors of the Debtor, (b) all parties requesting special notice, if any, (c) all parties with whom Trustee has done business on behalf of the Estate as of the filing date of this Motion, (d) all persons or entities that have filed claims against the Debtor, (e) all scheduled parties to executory contracts and unexpired leases of the Debtor, if any, (f) counsel for all known parties to litigation by or against the Debtor, if any, (g) the Internal Revenue Service, (h) the California Franchise Tax Board, (i) the Los Angeles County Tax Collector, (j) the Debtor's professionals employed by Court order in this Case, and (k) the U.S. Trustee (collectively, "Notice Parties");

5. Providing that the Bar Date will not apply to: (a) any Chapter 7 Admin Claim of the Trustee or any professional employed by Trustee, (b) any Chapter 11 Admin Claim (such as an ordinary course of business payment) that has been previously paid by Debtor or Trustee or that has

otherwise been satisfied; (c) any Chapter 11 Admin Claim that has already been allowed by a prior order of the Court and on a final basis; and (d) any fees payable to the U.S. Trustee under 28 U.S.C. § 1930 or accrued interest arising under 31 U.S.C. § 3717.

6. Requiring that all motions seeking administrative claim allowance: (a) must having a hearing for approval set on or before the Bar Date; (b) will be deemed filed only when actually calendared by the Court for hearing; and (c) which motion shall be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant, written in English, denominated in United States currency, have attached any documents on which the claim is based (or, if such documents are voluminous, attach a summary) or an explanation as to why the documents are not available. All motions for administrative claim allowance shall be filed on the main case docket (i.e. RDI).

7. Prohibiting the filing or allowance of late administrative claims, excluding retained professionals who are currently providing services to the Chapter 7 Trustee, without leave of Court.

8. Determining that adequate notice of the Motion, procedures, and proposed deadlines were given.

9. Granting such other and further relief as the Court deems just and proper.

DATED: July 11, 2022         MARSHACK HAYS LLP

By:   */s/ D. Edward Hays*
    D. EDWARD HAYS
    LAILA MASUD
    Attorneys for Chapter 7 Trustee,
    RICHARD A. MARSHACK

# DECLARATION OF RICHARD A. MARSHACK

I, RICHARD A. MARSHACK, declare and state as follows:

1. I am an individual over the age of 18 and am competent to make this declaration.

2. I am the Chapter 7 Trustee ("Trustee") of the Bankruptcy Estate ("Estate") of Ruby's Diner, Inc., a California corporation, *et al.*[2]

3. I have personal knowledge of the facts set forth in this declaration, and if called upon to do so, I could and would competently testify to these facts.

4. I make this declaration in support of my Motion to (1) Set a Bar Date for Filing Administrative Expense Claims, Including Claims Under 11 U.S.C. § 503(B), and (2) Approve the Form, Manner, and Sufficiency of the Notice Thereof.

5. On August 29, 2018, RHB, SoCal, Quality, PS, LH and RO each filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code.

6. On September 5, 2018, RDI filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code. The bankruptcy cases have been ordered jointly administered.

7. On April 10, 2020, as Dk. No. 571, RDI filed a motion to convert case from Chapter 11 to 7 ("Motion to Convert").

8. Similar motions to convert were filed in the RHB, SoCal, PS, Quality and RO cases.

9. On April 15, 2020, as Dk. No. 577, the Court entered an order granting Lead Debtor's Motion to Convert.

10. Similar orders were entered in the RHB, SoCal, PS, Quality and RO cases.

11. I am the duly appointed and acting Chapter 7 Trustee ("Trustee") for the bankruptcy estates of RDI, SoCal, Quality, PS, RHB and RO.

---

[2] Jointly administered on September 5, 2018 as lead case no. 8:18-bk-1331-SC ("RDI"), with the following associated bankruptcy cases: (a) 8:18-bk-13197-SC – Ruby's SoCal Diners, LLC, a Delaware limited liability company ("SoCal"); (b) 8:18-bk-13198-SC - Ruby Quality Diners, LLC., a Delaware limited liability company ("Quality"); (c) 8:18-bk-13199-SC – Ruby's Huntington Beach, Ltd., a California limited partnership ("RHB"); (d) 8:18-bk-13200-SC – Ruby's Laguna Hills, Ltd., a California limited partnership ("RLH"); (e) 8:18-bk-13201-SC – Ruby's Oceanside Ltd., a California limited partnership("RO"); and (f) 8:18-bk-13202-SC – Ruby's Palm Springs, Ltd., a California limited partnership ("RPS") (collectively, RDI, SoCal, Quality, RHB, RO, RLH, and RPS are referred to as "Debtors").

1  12.  I am in the process of filing a motion to authorize me to make interim distributions to creditors. I anticipate that the estate will have sufficient funds to pay all Chapter 7 administrative claims in full and to make substantial distributions on account of allowed Chapter 11 administrative claims.

13.  I understand that there may be administrative claims some of which have not yet been filed or approved.

14.  To facilitate my ability to make interim distributions, I propose that the Court set September 30, 2022, as the deadline for the filing of any administrative priority claims excluding retained professionals who are currently providing services to me.

I declare under penalty of perjury that the foregoing is true and correct. Executed on July 11, 2022.

                                                                                        RICHARD A. MARSHACK

7
DECLARATION OF RICHARD A. MARSHACK
4822-1207-2690v.1-1015-134

**EXHIBIT "1"**

D. EDWARD HAYS, #162507
ehays@marshackhays.com
LAILA MASUD, #311731
lmasud@marshackhays.com
MARSHACK HAYS LLP
870 Roosevelt
Irvine, California 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

Attorneys for Chapter 7 Trustee,
RICHARD A. MARSHACK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>RUBY'S DINER, INC., a California corporation, et al.,<br><br>             Debtor.<br><br>Affects:<br><br>☐   ALL DEBTORS<br>☐   RUBY'S DINER, INC., ONLY<br>☐   RUBY'S SOCAL, DINERS, LLC, ONLY<br>☐   RUBY'S QUALITY DINERS, LLC, ONLY<br>☒   RUBY'S HUNTINGTON BEACH, LTD. ONLY<br>☐   RUBY'S LAGUNA HILLS, LTD. ONLY<br>☐   RUBY'S OCEANSIDE, LTD, ONLY<br>☐   RUBY'S PALM SPRINGS, LTD. ONLY | Case No. 8:18-bk-13311-SC<br><br>Chapter 7<br><br>(Jointly Administered with Case Nos.: 8:18-bk-13197-SC; 8:18-bk-13198-SC; 8:18-bk-13199-SC; 8:18-bk-13200-SC; 8:18-bk-13201-SC; 8:18-bk-13202-SC)<br><br>NOTICE OF SETTING BAR DATE FOR FILING CHAPTER 11 ADMINISTRATIVE EXPENSE CLAIMS, INCLUDING CLAIMS UNDER 11 U.S.C. § 503(b)(9)<br><br>**CHAPTER 11 BAR DATE:<br>SEPTEMBER 30, 2022** |

/ / /

/ / /

/ / /

/ / /

---

NOTICE OF SETTING A BAR DATE FOR FILING CHAPTER 11 ADMINISTRATIVE EXPENSE CLAIMS
4881-5891-97170v.1-1015-134

**EXHIBIT "1"**
**PAGE 8**

TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY COURT JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL INTERESTED PARTIES:

**NOTICE IS HEREBY GIVEN THAT** the United States Bankruptcy Court for the Central District of California ("Court") has fixed **September 30, 2022** as the last date ("Chapter 11 Bar Date") by which all entities, including individuals, partnerships, corporations, estates, trusts, and governmental units (collectively, a "Person") holding a Postpetition Claim (as defined below) or a 20-Day Claim (as defined below), or both, against the above-captioned debtor or its estate (collectively, the "Debtor"), must file a request for allowance of such claims. Postpetition Claims and 20-Day Claims are referred to herein collectively as "Chapter 11 Admin Claims." Any Person who asserts such a Chapter 11 Admin Claim and wishes to have such Chapter 11 Admin Claim allowed by the Court and, if possible, paid by Richard A. Marshack, in his capacity as Chapter 7 Trustee ("Trustee") of the Bankruptcy Estate ("Estate") of Ruby's Diner, Inc., a California corporation, et al. jointly administered on September 5, 2018, as lead case no. 8:18-bk-1331-SC ("RDI"), with the following associated bankruptcy cases: (a) 8:18-bk-13197-SC – Ruby's SoCal Diners, LLC, a Delaware limited liability company ("SoCal"); (b) 8:18-bk-13198-SC - Ruby Quality Diners, LLC., a Delaware limited liability company ("Quality"); (c) 8:18-bk-13199-SC – Ruby's Huntington Beach, Ltd., a California limited partnership ("RHB"); (d) 8:18-bk-13200-SC – Ruby's Laguna Hills, Ltd., a California limited partnership ("RLH"); (e) 8:18-bk-13201-SC – Ruby's Oceanside Ltd., a California limited partnership ("RO"); and (f) 8:18-bk-13202-SC – Ruby's Palm Springs, Ltd., a California limited partnership ("RPS") (collectively, RDI, SoCal, Quality, RHB, RO, RLH, and RPS are referred to as "Debtors"), must file a Chapter 11 administrative proof of claim using the form attached hereto ("Administrative Proof of Claim").

1. **DEFINITION OF A POSTPETITION CLAIM:**

For purposes of this *Notice*, a Postpetition Claim is a Claim (defined below) for payment of an administrative expense of a kind specified in Section[1] 503(b) and entitled to priority pursuant to

---

[1] Unless otherwise noted all section references are to Title 11 of the United States Code.

Section 507(a)(2) arising during the period *after* the filing of the Debtor's petition on August 29, 2018 ("Petition Date") and *before* entry of the *Order* (the "Conversion Order") on April 15, 2020 ("Conversion Date"), converting the bankruptcy case to Chapter 7, including, but not limited to, the actual, necessary costs and expenses, that were incurred, or which accrued or arose, *after* the filing of the Debtor's petition on the Petition Date and *before* entry of the *Conversion Order* on the Conversion Date for preserving the Debtor's estate and operating the business of the Debtor, including wages, salaries, or commissions. Claims or causes of action arising *after* the filing of the Debtor's petition on the Petition Date and *before* entry of the *Conversion Order* on the Conversion Date from alleged personal injuries are Postpetition Claims whether or not such claim is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured. The administrative expense claims of professionals and staff retained by the Debtor and the Trustee for the Postpetition Period, including professionals retained pursuant to *Orders* of the Court who may seek fees and expenses for their services pursuant to 11 U.S.C. §§ 330 and 331 ("Professionals") are Postpetition Claims; however, as provided in Section 3, below, the Trustee's Professionals are excluded from the Chapter 11 Bar Date and the requirement to file an Administrative Proof of Claim. This definition is for illustration purposes only and without prejudice to the Trustee's right to assert that any claim or cause of action entitled to priority pursuant to Section 507(a)(2) was required to be filed by the Chapter 11 Bar Date.

**2.    DEFINITION OF 20-DAY CLAIM AND CLAIM:**

For purposes of this *Notice*, a "20-Day Claim" is a Claim entitled to treatment in accordance with Section 503(b)(9). Specifically, 20-Day Claims are those claims for the "value of any goods received by the debtor within 20 days before [August 29, 2018 — or on or after August 9, 2018] in which the goods have been sold to the debtor in the ordinary course of such debtor's business." For purposes of this *Notice*, a "Claim" means (a) the right to payment whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, legal, equitable, secured or unsecured or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to receive payment, whether or not such right to an equitable remedy

is reduced to judgment, fixed, contingent, matured, unmatured (including potential and unmatured tort and contract claims), fully accrued, disputed, undisputed, secured or unsecured.

**3.    CHAPTER 11 ADMIN CLAIMS THAT NEED *NOT* BE FILED BY BAR DATE:**

Notwithstanding the foregoing, the following Chapter 11 Admin Claims need **not** be filed prior to the Chapter 11 Bar Date: (a) any Chapter 11 Admin Claim of the Trustee or any Professional employed by the Trustee, (b) any Chapter 11 Admin Claim that has been previously paid by the Debtor or the Trustee, or that has otherwise been satisfied; (c) any Chapter 11 Admin Claim of a party that has already properly filed a proof (or request for payment) of Chapter 11 Admin Claim with the Clerk of the Bankruptcy Court, located at 411 W. Fourth Street, Santa Ana, CA 92701; (d) any Chapter 11 Admin Claim that has been allowed by a prior final order of the Court; and (e) any fees payable to the U.S. Trustee under 28 U.S.C. § 1930 or accrued interest thereon arising under 31 U.S.C. § 3717.

The above Chapter 11 Bar Date does not apply to any claims arising *before* the relief date of August 29, 2018, except the 20-Day Claims.

**4.    PROCEDURES FOR FILING ADMINISTRATIVE EXPENSE CLAIMS**

(i) Chapter 11 Admin Claims should be asserted using the attached *Administrative Proof of Claim* form.

(ii) Original *Administrative Proofs of Claim* must be filed with the Clerk of the United States Bankruptcy Court, Central District of California, Santa Ana Division, 411 W. Fourth Street, Santa Ana, California 92701. A *copy* of such claim must be sent to counsel for the Trustee, D. Edward Hays and Laila Masud, Marshack Hays LLP, 870 Roosevelt, Irvine, CA 92620. Do not send the *original Administrative Proof of Claim* to counsel for the Trustee.

(iii) *Administrative Proof of Claims* will be deemed filed only when received by the Court on or before the Chapter 11 Bar Date.

(iv) *Administrative Proof of Claims* must (i) be signed; (ii) include supporting documentation (if voluminous, attach a summary) or an explanation as to why documentation is not available; (iii) be in the English language; and (iv) be denominated in United States currency. All *Administrative*

*Proofs of Claim* shall be filed on the Claims Register for the Case, *not* the main case docket. No initial hearings shall be set.

(v) 20-Day Claim claimants must include all documents that purport to establish that such claimant supplied and that the Debtor or the Trustee received "goods" within the 20-day period before August 29, 2018 (i.e., on or after August 9, 2018), the "value" of such goods, and that such goods were "sold to the debtor in the ordinary course of the debtor's business."

(vi) Administrative *Proofs of Claim* sent in any other manner such as by facsimile, telecopy or other electronic submission, including electronic mail transmission, will not be accepted.

If you are a (non-Trustee) Professional, file your Chapter 11 Admin Claim using the *Administrative Proof of Claim* form, attach your final fee application, including all of the information required under the Bankruptcy Rules, Local Bankruptcy Rules, Guidelines of the United States Trustee, and supporting documentation, and file it on the Claims Register. Do not file it on the main case docket or otherwise set a hearing on your fee application. The Trustee reserves the right to object to any Chapter 11 Admin Claim and, upon such objection, seek a hearing with respect to the disallowance of the claim.

**5.    CONSEQUENCES OF FAILURE TO FILE A CHAPTER 11 ADMIN CLAIM**

**ANY HOLDER OF A CHAPTER 11 ADMIN CLAIM THAT IS REQUIRED TO FILE, BUT FAILS TO FILE, AN ADMINISTRATIVE PROOF OF CLAIM IN ACCORDANCE WITH THE PROCEDURES SET FORTH HEREIN ON OR BEFORE THE CHAPTER 11 BAR DATE: (A) WILL BE FOREVER BARRED AND ESTOPPED FROM ASSERTING THEIR ADMINISTRATIVE EXPENSE CLAIM(S) AGAINST THE DEBTOR AND/OR ITS ESTATE UNLESS SUCH CLAIMANT OBTAINS AN ORDER FROM THE BANKRUPTCY COURT AUTHORIZING SUCH LATE FILING; AND (B) UNLESS A LATE FILING IS AUTHORIZED BY BANKRUPTCY COURT ORDER, WILL NOT BE PERMITTED TO RECEIVE PAYMENT FROM THE DEBTOR'S ESTATE OR PARTICIPATE IN ANY DISTRIBUTION IN THE DEBTOR'S CASE ON ACCOUNT OF SUCH CHAPTER 11 ADMIN CLAIM.**

**6.    RESERVATION OF RIGHTS**

The Trustee reserves the right to object to (i) any claim, whether filed or scheduled (e.g., as contingent, unliquidated or disputed), and (ii) any Chapter 11 Admin Claim and any *Administrative Proof of Claim* on any ground, or to dispute, or to assert offsets against or defenses to, any claim, as to amount, liability, classification, or otherwise, and to subsequently designate any claim as disputed, contingent and/or unliquidated.

**This *Notice* is being sent to many persons and entities that have had some relationship with or have done business with the Debtor or the Trustee but may not have an unpaid claims against the Debtor or its estate. THE FACT THAT YOU HAVE RECEIVED THIS *NOTICE* DOES NOT MEAN THAT YOU HAVE A CHAPTER 11 ADMIN CLAIM, OR THAT THE TRUSTEE OR THE COURT BELIEVE THAT YOU HAVE A CHAPTER 11 ADMIN CLAIM. YOU SHOULD NOT FILE AN ADMINISTRATIVE PROOF OF CLAIM IF YOU DO NOT HAVE A CLAIM AGAINST THE DEBTOR OR ITS ESTATE. YOU SHOULD CONSULT AN ATTORNEY IF YOU HAVE ANY QUESTIONS, INCLUDING WHETHER YOU SHOULD FILE AN ADMINISTRATIVE PROOF OF CLAIM. THE ATTORNEYS FOR THE CHAPTER 11 TRUSTEE ARE NOT AUTHORIZED TO PROVIDE YOU WITH ANY LEGAL ADVICE.**

If you have any questions relating to this *Notice*, please contact counsel to the Trustee, Marshack Hays LLP, Attention: D. Edward Hays and Laila Masud, at 949-333-7777 or by e-mail at ehays@marshackhays.com and lmasud@marshackhays.com.

DATED: July 11, 2022                    MARSHACK HAYS LLP

By: _____
   D. EDWARD HAYS
   LAILA MASUD
   Attorneys for Chapter 7 Trustee,
   RICHARD A. MARSHACK

**EXHIBIT "2"**

1  Name (Print): _____

2  Address (Print): _____

3  _____

4  Telephone (Print): _____

5  Email (Print): _____

6

7  UNITED STATES BANKRUPTCY COURT

8  CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| 9  In re | Case No. 8:18-bk-13311-SC |
| 10  RUBY'S DINER, INC., a California corporation, et al., | Chapter 7 |
| 11 | (Jointly Administered with Case Nos.: 8:18-bk-13197-SC; 8:18-bk-13198-SC; 8:18-bk-13199-SC; 8:18-bk-13200-SC; 8:18-bk-13201-SC; 8:18-bk-13202-SC) |
| 12  Debtor. | |
| Affects: | |
| 13  ☐  ALL DEBTORS | **ADMINISTRATIVE PROOF OF CLAIM FOR** |
| 14  ☐  RUBY'S DINER, INC., ONLY | (Print Name): _____ |
| 15  ☐  RUBY'S SOCAL, DINERS, LLC, ONLY | |
| 16  ☐  RUBY'S QUALITY DINERS, LLC, ONLY | **CHAPTER 11 BAR DATE: SEPTEMBER 30, 2022** |
| 17  ☒  RUBY'S HUNTINGTON BEACH, LTD. ONLY | [To Be Filed on the Claims Register, Not the Main Case Docket. No Hearing Should Be Set.] |
| 18  ☐  RUBY'S LAGUNA HILLS, LTD. ONLY | |
| 19  ☐  RUBY'S OCEANSIDE, LTD, ONLY | |
| 20  ☐  RUBY'S PALM SPRINGS, LTD. ONLY | |

22     I, _____ (print name), am the duly authorized representative of (print

23  name)_____ ("Chapter 11 Admin Claimant"). On behalf of the Chapter 11 Admin Claimant,

24  I hereby submit this *Administrative Proof of Claim* against the Bankruptcy Estate ("Estate") of Ruby's

25  Diner, Inc., a California corporation, et al. jointly administered on September 5, 2018, as lead case no.

26  8:18-bk-1331-SC ("RDI"), with the following associated bankruptcy cases: (a) 8:18-bk-13197-SC –

27  Ruby's SoCal Diners, LLC, a Delaware limited liability company ("SoCal"); (b) 8:18-bk-13198-SC -

28  Ruby Quality Diners, LLC., a Delaware limited liability company ("Quality"); (c) 8:18-bk-13199-SC –

1

4869-7926-8901v.1-1015-134

Ruby's Huntington Beach, Ltd., a California limited partnership ("RHB"); (d) 8:18-bk-13200-SC – Ruby's Laguna Hills, Ltd., a California limited partnership ("RLH"); (e) 8:18-bk-13201-SC – Ruby's Oceanside Ltd., a California limited partnership ("RO"); and (f) 8:18-bk-13202-SC – Ruby's Palm Springs, Ltd., a California limited partnership ("RPS") (collectively, RDI, SoCal, Quality, RHB, RO, RLH, and RPS are referred to as "Debtors") for the following type of Chapter 11 Admin Claim (check box):

☐    Postpetition Claim

☐    20-Day Claim

The Chapter 11 Admin Claim described below was incurred, accrued or arose during either (check box):

☐    On or after August 9, 2018 and *is* entitled to priority under 11 U.S.C. § 503(b)(9) [i.e., a 20-Day Claim]

☐    *After* the filing of the Debtor's petition of August 29, 2018 and *before* conversion of the case on April 15, 2020 and is entitled to priority as an administrative expense under 11 U.S.C. § 503(b) [i.e., a Postpetition Claim]

in the amount of $_____.

The basis of such Chapter 11 Admin Claim is (insert discussion of the Chapter 11 Admin Claim and attach copies of documents supporting or evidencing the date your Chapter 11 Admin Claim arose and the validity, priority, and amount of your Chapter 11 Admin Claim; non-Trustee Professionals, attach your final fee application with supporting exhibits):

_____

_____

_____

(use attachments if more space is needed).

DATED: _____, 2022

By: _____
Authorized Representative
for Chapter 11 Admin Claimant

2

4869-7926-8901v.1-1015-134

**EXHIBIT "2"**
**PAGE 15**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
870 Roosevelt, Irvine, CA 92620

A true and correct copy of the foregoing document entitled (*specify*): **MOTION BY CHAPTER 7 TRUSTEE FOR ORDER SETTING ADMINISTRATIVE CLAIMS BAR DATE; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF RICHARD A. MARSHACK IN SUPPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **July 11, 2022**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On **July 11, 2022**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

| MAIL REDIRECTED TO TRUSTEE DEBTOR | MAIL REDIRECTED TO TRUSTEE DEBTOR | MAIL REDIRECTED TO TRUSTEE DEBTOR |
|---|---|---|
| RUBY'S DINER, INC., A CALIFORNIA CORPOR<br>~~4100 MACARTHUR BLVD. SUITE 310~~<br>~~NEWPORT BEACH, CA 92660-2050~~ | RUBY'S HUNTINGTON BEACH, LTD., A CALIF<br>~~4100 MACARTHUR BLVD STE 310~~<br>~~NEWPORT BEACH, CA 92660-2050~~ | RUBY'S OCEANSIDE LTD, A CALIFORNIA<br>~~4100 MACARTHUR BLVD. STE 310~~<br>~~NEWPORT BEACH, CA 92660-2050~~ |

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **July 11, 2022**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Honorable Scott C. Clarkson – via personal delivery
United States Bankruptcy Court - Central District of California
411 West Fourth Street, Suite 5-097
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| July 11, 2022 | Cynthia Bastida | /s/ Cynthia Bastida |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

- Alan J Friedman    afriedman@shulmanbastian.com, lgauthier@shulmanbastian.com
- Michael J Hauser    michael.hauser@usdoj.gov
- D Edward Hays    ehays@marshackhays.com, ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com
- Lillian Jordan    ENOTICES@DONLINRECANO.COM, RMAPA@DONLINRECANO.COM
- William N Lobel    wlobel@tocounsel.com, stena@tocounsel.com;sschuster@tocounsel.com
- Richard A Marshack (TR)    pkraus@marshackhays.com, rmarshack@iq7technology.com;ecf.alert+Marshack@titlexi.com
- Jessica G McKinlay    mckinlay.jessica@dorsey.com
- Valerie Smith    claims@recoverycorp.com
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov
- Matthew S Walker    matthewswalker1@gmail.com, renee.evans@pillsburylaw.com,
- Corey R Weber    cweber@bg.law, ecf@bg.law

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**