1  D. EDWARD HAYS, #162507
   ehays@marshackhays.com
2  KRISTINE A. THAGARD, #94401
   kthagard@marshackhays.com
3  LAILA MASUD, #311731
   lmasud@marshackhays.com
4  MARSHACK HAYS LLP
   870 Roosevelt
5  Irvine, California 92620
   Telephone: (949) 333-7777
6  Facsimile: (949) 333-7778

7  Attorneys for Chapter 7 Trustee,
   RICHARD A. MARSHACK
8

9              UNITED STATES BANKRUPTCY COURT

10        CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

11

12 | In re | Case No. 8:18-bk-13311-SC |
|---|---|
| 13 | RUBY'S DINER, INC., a California corporation, et al., | Chapter 7 |
| 14 | | (Jointly Administered with Case Nos.: 8:18-bk-13197-SC; 8:18-bk-13198-SC; 8:18-bk-13199-SC; 8:18-bk-13200-SC; 8:18-bk-13201-SC; 8:18-bk-13202-SC) |
| 15 | Debtor. | |
| 16 | Affects: | |
| 17 | ☐ ALL DEBTORS | TRUSTEE'S MOTION FOR APPROVAL OF PROCEDURES TO CONFIRM THE IDENTIFICATION OF AND AMOUNTS OWED TO EACH SECURED NOTEHOLDER; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF RICHARD A. MARSHACK, KRISTINE A. THAGARD, AND KATHLEEN FREDERICK IN SUPPORT |
| 18 | ☒ RUBY'S DINER, INC., ONLY | |
| 19 | ☐ RUBY'S SOCAL, DINERS, LLC, ONLY | |
| 20 | ☐ RUBY'S QUALITY DINERS, LLC, ONLY | |
| 21 | ☐ RUBY'S HUNTINGTON BEACH, LTD. ONLY | |
| 22 | ☐ RUBY'S LAGUNA HILLS, LTD. ONLY | Date: August 16, 2022 |
| 23 | ☐ RUBY'S OCEANSIDE, LTD, ONLY | Time: 11:00 a.m. Courtroom: 5C[1] |
| 24 | ☐ RUBY'S PALM SPRINGS, LTD. ONLY | Location: 411 West Fourth Street, Santa Ana, CA 92701-4593 |

25

26

27

28 _____
[1] This date is designated as Zoom Only on Judge Clarkson's self-calendaring.

TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY COURT

JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL INTERESTED

PARTIES:

Richard A. Marshack, in his capacity as Chapter 7 Trustee ("Trustee") of the Bankruptcy

Estate ("Estate") of Ruby's Diner, Inc., a California corporation ("RDI"),[2] moves this Court for an

order approving procedures to identify all secured noteholders ("Secured Noteholders") and the

amounts owed to each ("Motion"). The purpose of this Motion is to give parties-in-interest the

opportunity to challenge the accuracy of the list of Secured Noteholders and the amount of their

claims as set forth in the attached Exhibit 1. In support of this Motion, Trustee submits as follows:

## 1.    Summary of Argument

In chapter 7 cases, "dividends to creditors shall be paid as promptly as practicable" pursuant

to FRBP 3009.[3] In this case, Trustee obtained $2 million for the sale of certain intellectual property

that served as collateral for approximately 90 individuals holding secured claims ("Secured

Noteholders"), previously defined as Secured Noteholders. Pursuant to the Court's order approving

sale, the liens of the Secured Noteholders attached to the sales proceeds. Trustee files this motion to

provide notice of the identification of, and amounts owed to, each Secured Noteholder.

Credit Managers Association ("CMA") originally served as collateral agent for the Secured

Noteholders. CMA, however, resigned a number of years ago and the Secured Noteholders

apparently are all now individually responsible for protecting their rights. Debtor's records

identifying the Secured Noteholders and their contact information appears incomplete and possibly

outdated. Moreover, because liens generally are unaffected by a bankruptcy case, secured creditors

are not required to, and many did not, file proofs of claim in this case.

---

[2] The RDI case is jointly administered with the following associated bankruptcy cases: (a) 8:18-bk-13197-SC – Ruby's SoCal Diners, LLC, a Delaware limited liability company ("SoCal"); (b) 8:18-bk-13198-SC - Ruby Quality Diners, LLC., a Delaware limited liability company ("Quality"); (c) 8:18-bk-13199-SC – Ruby's Huntington Beach, Ltd., a California limited partnership ("RHB"); (d) 8:18-bk-13200-SC – Ruby's Laguna Hills, Ltd., a California limited partnership ("RLH"); (e) 8:18-bk-13201-SC – Ruby's Oceanside Ltd., a California limited partnership ("RO"); and (f) 8:18-bk-13202-SC – Ruby's Palm Springs, Ltd., a California limited partnership ("RPS").

[3] Federal Rule of Bankruptcy Procedure ("FRBP").

MOTION FOR APPROVAL OF PROCEDURE FOR CONFIRMATION OF LIST OF SECURED NOTEHOLDERS AND
AMOUNTS OWED

4889-6320-5924V.2-1015-134

After completing his investigation, Trustee believes he has done as much as possible to identify all Secured Noteholders, the amount of their claims, and their updated contact information. Trustee, however, is not in a position to know for sure if his investigation contains inaccuracies because the available records appear to contain discrepancies. By this Motion, Trustee seeks to give all parties-in-interest the opportunity to submit evidence to this Court regarding the identity of each Secured Noteholder and the amount of their claims. Trustee requests that the Court establish the following procedures to provide due process to parties that wish to contest the accuracy of the list attached as Exhibit 1:

1.  Any party-in-interest who believes that the Exhibit 1 List of Secured Noteholders does not accurately identify all such secured creditors and the amounts of their claims shall have 60 days from the date of the service of this Motion to serve on Trustee's counsel (listed in the upper left corner of the 1st page) the form attached as Exhibit "2" to the Marshack Decl., together with all supporting evidence;

2.  Trustee requests that the Court schedule a hearing approximately 60 days after expiration of the time set forth in the preceding paragraph at which time the Court will resolve any disputes. At least 14 days prior to the continued hearing, Trustee will file, publish, and serve on all Secured Noteholders, and any others who timely serve the form attached as Exhibit 2 on Trustee's counsel, his proposed resolution for each asserted challenge;

3.  Any party that does not agree with Trustee's proposed resolution of any dispute shall appear at the continued hearing and present their evidence and argument to the Court; and

4.  Once Trustee has a final list of the Secured Noteholders approved by this Court, he will file a separate motion seeking authorization to make interim distributions to such parties.

## 2. Debtor's Bankruptcy

On September 5, 2018, RDI[4] filed a voluntary petition seeking relief under Chapter 11 of Title 11 of the United States Code. On April 15, 2020, RDI's Chapter 11 case was converted to a case under Chapter 7. Richard A. Marshack is the duly appointed and acting Chapter 7 Trustee.

---

[4] *See*, Case No. 8:18-bk-13311-SC

MOTION FOR APPROVAL OF PROCEDURE FOR CONFIRMATION OF LIST OF SECURED NOTEHOLDERS AND AMOUNTS OWED

4889-6320-5924V.2-1015-134

On October 30, 2020, the Court conducted a hearing on Trustee's motion seeking to sell certain assets of RDI's estate including its 50% interest in Ruby's South Coast Plaza, Ltd. ("October Auction"). Steve Craig was the successful purchaser of such interest for the amount of $350,000. On December 16, 2020, as Dk. No. 964, the Order granting the sale of the October Auction was entered. Trustee does not believe that any of the proceeds from this sale were subject to the claims of the Secured Noteholders.

On July 14, 2021, as Dk. No. 1111, Trustee filed a second sale motion to: (1) approve compromise under FRBP 9019; and (2) approve sale of assets of the estate pursuant to 11 U.S.C. § 363 free and clear of all liens, claims, and interests subject to overbid and for determination of good faith purchaser ("Second Sale Motion"). Pursuant to the Second Sale Motion, Trustee sought approval to sell RDI's intellectual property ("IP") which assets were subject to liens in favor of the Secured Noteholders. On September 20, 2021, as Dk No. 1138, the Court entered an order granting the Second Sale Motion and authorizing Trustee to sell the IP for $2 million. The sale was free and clear of the Secured Noteholders' liens which liens attached to the sales proceeds.

Through this Motion, Trustee seeks to confirm the identity of the Secured Noteholders entitled to distributions from the sales proceeds and the amounts owed to each. Once Trustee has a final list approved by the Court, he will file a motion to authorize him to make distributions to the Secured Noteholders less the reasonable, necessary costs and expenses of preserving and disposing of the IP and its proceeds pursuant to 11 U.S. Code § 506.

## 3.    Secured Noteholders

### a.    Background Facts

The Secured Noteholders[5] hold Secured Promissory Notes ("Secured Notes") originally dated as of February 10, 2012. An exemplar copy of one of the Secured Notes is attached to the

---

[5] In approximately February 2012, RDI offered to each holder of its existing outstanding unsecured $10,000 principal amount promissory notes who participated in the Company's Unsecured Note Offering (as defined in the Company's Offering Memorandum dated February 10, 2012 ("Offering Memorandum"), the opportunity to purchase one or more secured promissory notes. The notes were restructured in 2016. It is only the unsecured noteholders who purchased the secured promissory notes who are considered Secured Noteholders entitled to distributions from the IP sales proceeds.

Marshack Decl. as Exhibit 3. Initially, the Secured Noteholders appointed Credit Management

Association, Inc. ("CMA") to serve as their Collateral Agent and to act as liaison with RDI.

Pursuant to a Security Agreement dated as of February 2012, RDI granted the Collateral

Agent, for the benefit of the Secured Noteholders, a continuing security interest in all of its IP. An

exemplar copy of the February 2012 Security Agreement is attached to the Marshack Decl. as

Exhibit 4.

The Secured Notes were restated and amended in July 2016. A copy of the exemplar of an

Amended and Restated Secured Note is attached to the Marshack Decl. as Exhibit 5. Similarly, the

Security Agreement was amended in July 2016. A copy of the First Amendment to Security and

Credit Agreement is attached as Exhibit 6 to the Marshack Decl.

On or about November 21, 2013, a UCC-1 financing statement was filed with the California

Secretary of State perfecting the Secured Noteholders' liens. On January 8, 2018, an amended

financing statement was filed. On May 21, 2018, a continuation statement was filed perfecting the

Secured Noteholders' liens through May 21, 2023. A true and correct copy of the continuation

statement is attached to the Marshack Decl. as Exhibit 7.[6]

Effective May 11, 2019, CMA resigned as Collateral Agent in connection with terminating

its business operations. A true and correct copy of the Notice of Credit Management Association,

Inc's Resignation as Collateral Agent is attached to the Marshack Declaration as Exhibit 8.

Based on his investigation, Trustee believes that the amounts due under the Secured Notes

currently total approximately $2.985 million. Marshack Declaration, ¶18.

---

[6] Trustee notes that the automatic stay does not toll or extend the time for secured creditors to file
continuation statements to maintain their perfected status. Because the Collateral Agent has resigned
and the Secured Noteholders are all now responsible for protecting their rights, it is entirely possible
that continuation statements will not be filed by the May 21, 2023, deadline and their rights as
secured creditors will lapse. Although the lapse of the Secured Noteholders' liens would result in the
Estate recovering an additional $2 million of unencumbered funds, Trustee does not believe that this
would be an equitable result. As such, Trustee seeks authority to confirm the list of secured
noteholders, the amounts owed to each, and make distributions prior to this date.

1  Prior to conversion, RDI proposed a plan of reorganization which attached a list identifying

2 each of the Secured Noteholders and the amount owed to each ("Plan List"). A true and correct copy

3 of the Debtor's Plan List is attached as Exhibit 1 to the Marshack Decl.

4  Trustee has also received a list of the Secured Noteholders from BRiley which had been

5 retained as Debtor's and then Trustee's financial consultant ("BRiley List"). A true and correct copy

6 of the BRiley List[7] is attached to the Marshack Decl. as Exhibit 10. There are several discrepancies

7 between the Plan List and the BRiley List.

8  Many, but not all, of the Secured Noteholders have filed proofs of secured claims "POCs."

9 Some Secured Noteholders who filed POCs included their unsecured notes as part of their secured

10 claim. Several also added interest to their claims which is not payable because the collateral was

11 worth less than the claims. See, 11 U.S.C. § 506(b).

12  A comparison between the Plan List, the BRiley List (as it relates to the secured notes), and

13 the filed proofs of claim is set forth in Exhibit 9 to the Declaration of Kristine A. Thagard.

14 Discrepancies under $20, which are likely inconsequential will not be mentioned here. The larger

15 discrepancies are as follows:

16

| Creditor Name | Plan List | B. Riley | Filed POCs | Difference/Notes |
|---|---|---|---|---|
| Milton & Cora Blevins | $21,591.00 | $10,591.56 | $21,183.12 | Plan List is $10,999.44 higher. Filed two secured POCs adding up to $21,183.12 (probably interest discrepancy) |
| OA Simmons (1) | $41,035.23 | $41,035.23 | None | There is only one listing for OA Simmons on the Plan List |
| OA Simmons (2) | None See Notes for OA Simmons (1) and (2) | $41,035.23 | None | On the BRiley List, there are two listings: one with a reference to Deborah Simmons and the other with a reference to Cynthia Simmons |
| Deborah Simmons | $21,183.11 | | None | In the Plan List : #77 OA Simmon, The Simmon Trust; #181 Deborah Simmons for $21,183.11 |
| Janet & Keith Westerfield | $20,591.56 | $20,591.56 | $24,000.00 | It appears the creditor added additional interest |
| Launa Nuttman | $71,331.00 | $71,331.00 | $124,288.81 | Plan List and BRiley List match. |

---

[7] The BRiley list contains the names of both secured and unsecured noteholders. Trustee has been informed that the notes in the first column starting with a "S" are secured notes. The notes starting with a "U" are unsecured notes.

MOTION FOR APPROVAL OF PROCEDURE FOR CONFIRMATION OF LIST OF SECURED NOTEHOLDERS AND
AMOUNTS OWED
4889-6320-5924V.2-1015-134

| | | | | |
|---|---|---|---|---|
| and Phillip Griffith | | | | POC filed by L Nuttman includes multiple duplicates of the same secured and unsecured notes. However, records show she has an interest via other notes not attached to her POC. |
| Phillip Griffith | $102,366.22 | $102,366.22 | $123,549.36 | Total POC #90 $123,549.36. Attached 12 notes: 10 secured, 2 unsecured. $10,443.67 (x5) secured; $10,000.00 (x4) secured; $10,591.56 (x1) secured; $10,591.56 (x2) unsecured. TOTAL: $102,809.91 secured + $21,183.12 unsecured |
| Roger and Marilyn Riley | $20,591.56 | $20,591.56 | $10,000.00 | Plan List and BRiley List match. POC#113 lists $10,000 secured; POC#114 lists $10,591.56 unsecured- but nothing attached to verify |
| Susan F. White | $20,443.67 | $20,443.67 | $10,000.00 | Plan List and BRiley List match. POC #236 lists a $10,000 secured note and a $10,000 unsecured note BUT the note she listed as unsecured was replaced with a secured note in the paperwork she attached- so correct amount appears to be $20,443.67 |
| Allan E. & Shirley Richardson | $41,035.22 | $41,045.22 | $40,000 Secured; $10,000 Unsecured | $10 difference between Plan List and BRiley List; $1,035.22 between Plan List and POC- probably interest added by Creditor |
| Cathy Campbell | $10,000.00 | $10,000.00 | $10,326.32 | POC adds interest from 1/28/17 to 12/28/18 of $326.32 |
| Clifford & Karen Stember | $41,035.22 | $41,035.22 | $40,000.00 | Secured notes attached to POC add up to correct amount. Creditors inputted incorrect amount on POC form. |
| David P. Wells | $20,591.56 | $20,591.56 | $20,000.00 | $591.56 difference is probably prepetition interest |
| David R. & Arlene A. Belt | $20,369.72 | $20,369.72 | $20,000.00 | $369.72 difference is probably prepetition interest |
| Diana Rainforth | $102,366.22 | $102,366.22 | $101,774.68 | $591.56 difference is probably prepetition interest |
| Joel B. Rothman | $20,443.67 | $20,443.67 | $20,000.00 | $443.67 difference is probably prepetition interest |
| John R. & Jeanne C. Hannah | $102,957.78 | $102,957.78 | $104,084.00 | $1,126.22 difference is post-petition interest |

MOTION FOR APPROVAL OF PROCEDURE FOR CONFIRMATION OF LIST OF SECURED NOTEHOLDERS AND
AMOUNTS OWED

4889-6320-5924V.2-1015-134

1    Further explanation of the discrepancies listed above are contained in the Thagard

2 Declaration and the Declaration of Kathleen Frederick and Exhibit 9.

3 **4.    The Secured Noteholders are Undersecured and Not Entitled to Post-**

4 **Petition Interest**

5    In bankruptcy, interest is generally only payable to fully secured creditors. 11 U.S.C.

6 § 506(b). In this case, the amount of the Secured Notes is approximately $3 million but the value

7 realized from the sale of the IP was only $2 million. As such, post-petition interest is properly

8 excluded from the amount of the secured claims. To minimize costs of administration and because

9 all Secured Notes had the same rate of interest, Trustee proposes that, for purposes of distributions,

10 the amount of each secured claim be the amount as stated on the Plan List unless otherwise ordered

11 by the Court. Trustee believes that the distributions to the Secured Noteholders will be

12 approximately 65% of their claims.

13 **5.    Other Estate Assets and Liabilities**

14    RDI has approximately $6,100,000 in unpaid Chapter 11 administrative claims,[8] $5.5 million

15 in unsecured claims held by Unsecured Noteholders; and approximately $5 million in other

16 unsecured debts.[9] In addition to the $2 million which is subject to the liens held by the Secured

17 Noteholders, the Estate has only approximately $211,130 in other funds currently on hand.

18    Recently, Trustee agreed to a settlement with Douglas Cavanaugh, Ralph Kosmides,

19 Beachcomber Management Crystal Cove, LLC, Lighthouse Café, LLC, Beachcomber At Crystal

20 Cove, LLC ("BCC"), and, Shake Shack Crystal Cove, LLC ("SCCC"), (collectively, "Defendants")

21 in Adv. Case No. 8:21-ap-01014) ("Adversary Action"). Under the settlement, Defendants will pay

22 approximately $3,550,000 to settle the Adversary Action.

23

24

---

25 [8] Other administrative priority claims may exist that Trustee is unaware of at this juncture. To that
end, Trustee is preparing a motion to set an administrative claims bar date to determine whether any
26 further claims exist.
[9] The $10.5 million is based on RDI's Plan dated January 2020 and the best estimate regarding the
27 ultimate allowability of the RDI General Unsecured Claims. If such claims were allowed in their
filed amounts, the amount of claims could increase to as much as $15 million. *See*, Dk. No. 531.

28

MOTION FOR APPROVAL OF PROCEDURE FOR CONFIRMATION OF LIST OF SECURED NOTEHOLDERS AND
AMOUNTS OWED

4889-6320-5924V.2-1015-134

Trustee will also receive (i) a stipulated judgment against BCC and SCCC ("Crystal Cove Restaurant Defendants") in the amount of Twenty Million Dollars ($20,000,000) in the Adversary Action ("Stipulated Judgment"); and, (ii) an assignment ("Assignment of Rights") all of the Crystal Cove Restaurant Defendants' claims against Scottsdale Insurance arising from or related to the Adversary Action, and Scottsdale's denial of the Defendants' prior tender of this matter including, without limitation, all of the Crystal Cove Restaurant Defendants' rights, title, and interest in or to the Restaurant Policy arising from or related to the Adversary Action. The recovery on the Stipulated Judgment is limited to insurance proceeds. At this time, any recovery on account of the Stipulated Judgment remains to be determined.

After payment of attorneys' fees and costs, the net to the Estate from the settlement is projected to be at least $2,000,000. A Motion (1) To Approve Compromise of D&O Litigation; (2); To Authorize Payment of Contingency Fee and Costs to Special Counsel; and (3) To Permit Payment to RFS Estate was filed on May 2, 2022, Docket No. 1206, and is set to be heard on July 12, 2022.

Based on the foregoing, Trustee does not believe that he will have sufficient funds from which to make distributions to holders of general unsecured claims.

## 6.    Legal Authority

### A.    The Court Has Authority to Authorize Interim Distributions to Secured Noteholder Creditors

The Bankruptcy Code imposes a duty upon the Trustee to "collect and reduce to money the property of the estate for which such trustee serves and close the estate as expeditiously as is compatible with the best interests of parties in interest." 11 U.S.C. § 704(1). "In Chapter 7 cases, dividends to creditors shall be paid as promptly as practicable **in the amounts and at the times as ordered by the court**." Rule 3009 of the Federal Rules of Bankruptcy Procedure. Emphasis added. The Advisory Committee Note to Rule 3009 makes clear that the amounts and times of interim distributions are left to the discretion of the Court.

MOTION FOR APPROVAL OF PROCEDURE FOR CONFIRMATION OF LIST OF SECURED NOTEHOLDERS AND AMOUNTS OWED

4889-6320-5924V.2-1015-134

The Court thus has the authority to grant this Motion and establish procedures to give Secured Noteholders an opportunity to challenge the identification of the Secured Noteholders included on the Plan List or the amounts of such claims. Any party-in-interest that believes the Plan List is incomplete or incorrect, must serve on Trustee's counsel (listed in the upper left corner of the 1st page) the form attached as Exhibit "2" to the Marshack Decl., together with all supporting evidence within 60-days from the date of the service of this Motion . Once the final list is approved by the Court, Trustee will file a motion seeking authority make interim distributions to the Secured Noteholders.

## B. Trustee is Authorized to Recover the Expenses Incurred by the Estate in Preserving and Disposing the IP

A Chapter 7 Trustee may surcharge the collateral of secured creditors in order to recover a bankruptcy estate's expenses in preserving and disposing of assets to the extent of the benefit conferred on secured creditors.

> The trustee may recover from property securing an allowed secured claim the reasonable, necessary costs and expenses of preserving, or disposing of, such property to the extent of any benefit to the holder of such claim, including the payment of all ad valorem property taxes with respect to the property.

11 U.S.C. § 506(c).

In his motion for authority to make interim distributions (but not by way of this motion), Trustee will seek to surcharge the $2 million of sales proceeds in order to recover the expenses incurred in preserving and disposing of the IP for the benefit of the Secured Noteholders. Given that the Secured Noteholders are no longer represented by the Collateral Agent, are generally elderly individuals without the means to seek to liquidate their collateral for their benefit, were without the ability to efficiently maximize the realizable value of the IP subject to their liens, and to ensure ratable distributions to all such noteholders, Trustee believes it is appropriate to seek such a surcharge. Moreover, it would be inequitable for such expenses to be borne by the holders of administrative and other unsecured claims.

MOTION FOR APPROVAL OF PROCEDURE FOR CONFIRMATION OF LIST OF SECURED NOTEHOLDERS AND AMOUNTS OWED
4889-6320-5924V.2-1015-134

**C.      Trustee's Proposed Procedures Are Reasonable and Should Be Approved by The Court**

As set forth above, Trustee believes that establishing a procedure for the Secured Noteholders to confirm the list and amounts owed before distributions is in the best interest of creditors. *See* Marshack Decl. at ¶13. Since conversion, Trustee has diligently worked to liquidate assets and prosecute claims, and he has been successful. Indeed, Trustee currently holds $2,000,000 for the benefit of the Secured Noteholders, an additional $211,130 in unencumbered funds, and will receive at least an additional $2 million net recovery if the Insider Settlement is approved.

**7.      Conclusion**

Trustee respectfully requests that the Court enter an Order granting this motion and establishing procedures for confirmation of the identification and amount owed to each of the Secured Noteholders as follows:

A.      Any party-in-interest who believes that the list of Secured Noteholders is incomplete or incorrect in any way shall have 60-days from the date of the service of this Motion to serve on Trustee's counsel (listed in the upper left corner of the 1st page) the form attached as Exhibit 2 to the Marshack Decl., together with supporting evidence;

B.      There will be a continued hearing approximately 60 days thereafter as set by the Court where Trustee will present to the Court any disputes and the proposed resolution for each. At least 14 days prior to the continued hearing, Trustee will file and serve all Secured Noteholders and any others who timely serve Exhibit 2 on Trustee's counsel, his proposed resolution;

C.      Anyone not agreeing with Trustee's proposed resolution shall appear at the continued hearing and present their evidence and argument to the Court; and

D.      For any such other and further relief as the Court deems just and proper.

DATED:  July 26, 2022                    MARSHACK HAYS LLP

                                         By:  /s/ D. Edward Hays
                                             D. EDWARD HAYS
                                             KRISTINE A. THAGARD
                                             LAILA MASUD
                                             Attorneys for Chapter 7 Trustee,
                                             RICHARD A. MARSHACK

MOTION FOR APPROVAL OF PROCEDURE FOR CONFIRMATION OF LIST OF SECURED NOTEHOLDERS AND AMOUNTS OWED

4889-6320-5924V.2-1015-134

# DECLARATION OF RICHARD A. MARSHACK

I, RICHARD A. MARSHACK, declare and state as follows:

1.      I am an individual over the age of 18 and am competent to make this declaration.

2.      I am the Chapter 7 Trustee ("Trustee") of the Bankruptcy Estate ("Estate") of Ruby's Diner, Inc., a California corporation, *et al.*[10]

3.      I have personal knowledge of the facts set forth in this declaration, and if called upon to do so, I could and would competently testify to these facts.

4.      I make this declaration in support of my Motion ("Motion") for an order approving procedures to identify all secured noteholders ("Secured Noteholders") and the amounts owed to each.

5.      On September 5, 2018, RDI filed a voluntary petition seeking relief under Chapter 11 of Title 11 of the United States Code. RDI operated as a debtor-in-possession until conversion to Chapter 7.

6.      On April 15, 2020, the RDI, and related Debtors' Chapter 11 cases were converted to cases under Chapter 7 of the Bankruptcy Code. I am the duly appointed and acting Chapter 7 Trustee for each Chapter 7 case ("Trustee").

7.      In my capacity as Trustee for the Chapter 7 bankruptcy estates of RDI and related Debtors, I began liquidating the assets of the Chapter 7 bankruptcy estates pursuant to an auction held before the Bankruptcy Court on October 30, 2020 ("October Auction").

8.      At the October Auction, I sold RDI's fifty percent (50.0%) interest in Ruby's Diner South Coast Plaza, Ltd. ("SCP") to Steve Craig for the amount of $350,000.

---

[10] Jointly administered on September 5, 2018 as lead case no. 8:18-bk-1331-SC ("RDI"), with the following associated bankruptcy cases: (a) 8:18-bk-13197-SC – Ruby's SoCal Diners, LLC, a Delaware limited liability company ("SoCal"); (b) 8:18-bk-13198-SC - Ruby Quality Diners, LLC., a Delaware limited liability company ("Quality"); (c) 8:18-bk-13199-SC – Ruby's Huntington Beach, Ltd., a California limited partnership ("RHB"); (d) 8:18-bk-13200-SC – Ruby's Laguna Hills, Ltd., a California limited partnership ("RLH"); (e) 8:18-bk-13201-SC – Ruby's Oceanside Ltd., a California limited partnership("RO"); and (f) 8:18-bk-13202-SC – Ruby's Palm Springs, Ltd., a California limited partnership ("RPS") (collectively, RDI, SoCal, Quality, RHB, RO, RLH, and RPS are referred to as "Debtors").

MOTION FOR APPROVAL OF PROCEDURE FOR CONFIRMATION OF LIST OF SECURED NOTEHOLDERS AND AMOUNTS OWED

4889-6320-5924V.2-1015-134

9.      On December 16, 2020, as Dk No. 964, the Order granting the sale of the October Auction was entered.

10.      On July 14, 2021, as Dk. No. 1111, I caused to be filed a second sale motion to: (1) approve compromise under FRBP 9019; and (2) approve sale of assets of the estate pursuant to 11 U.S.C. § 363 free and clear of all liens, claims, and interests subject to overbid and for determination of good faith purchaser ("Second Sale Motion").  Pursuant to the Second Sale Motion, I sought approval to sell RDI's intellectual property ("IP") which assets were subject to liens in favor of the Secured Noteholders.

11.      On September 20, 2021, as Dk No. 1138, the Court entered an order granting the Second Sale Motion and authorizing me to sell the IP for $2 million. The sale was free and clear of the Secured Noteholders' liens which liens attached to the sales proceeds.

12.      Currently, I am holding $2,000,000 in a segregated account for the Secured Noteholders and through this Motion, I seeks to confirm the identity of the Secured Noteholders entitled to distributions from the sales proceeds and the amounts owed to each. Once I have a final list approved by the Court, I will file a motion to authorize me to make distributions to the Secured Noteholders less the reasonable, necessary costs and expenses of preserving and disposing of the IP and its proceeds pursuant to 11 U.S. Code § 506.

13.      I believe that establishing a procedure for the Secured Noteholders to confirm the list and amounts owed before distributions is in the best interest of creditors.

14.      The Secured Noteholders hold Secured Promissory Notes ("Secured Notes") originally dated as of February 10, 2012. An exemplar copy of one of the Secured Notes is attached hereto as Exhibit 3. It is my understanding that initially, the Secured Noteholders appointed Credit Management Association, Inc. ("CMA") to serve as their Collateral Agent and to act as liaison with RDI.

15.      Pursuant to a Security Agreement dated as of February 2012, RDI granted the Collateral Agent, for the benefit of the Secured Noteholders, a continuing security interest in all of its IP. An exemplar copy of the February 2012 Security Agreement is attached hereto as Exhibit 4.

MOTION FOR APPROVAL OF PROCEDURE FOR CONFIRMATION OF LIST OF SECURED NOTEHOLDERS AND AMOUNTS OWED

4889-6320-5924V.2-1015-134

16.     I am informed and believe the Secured Notes were restated and amended in July 2016. A copy of the exemplar of an Amended and Restated Secured Note is attached hereto as Exhibit 5. Similarly, the Security Agreement was amended in July 2016. A copy of the First Amendment to Security and Credit Agreement is attached hereto as Exhibit 6.

17.     On or about November 21, 2013, a UCC-1 financing statement was filed with the California Secretary of State which I have been informed, perfected the Secured Noteholders' liens. On January 8, 2018, an amended financing statement was filed. On May 21, 2018, a continuation statement was filed perfecting the Secured Noteholders' liens through May 21, 2023. A true and correct copy of the continuation statement is attached hereto as Exhibit 7.

18.     In approximately May 2019, CMA resigned as Collateral Agent in connection with terminating its business operations. A true and correct copy of the Notice of Credit Management Association, Inc's Resignation as Collateral Agent is attached hereto as Exhibit 8.

19.     Based on my investigation, I believe believes that the amounts due under the Secured Notes currently total approximately $2.985 million.

20.     Prior to conversion, RDI proposed a plan of reorganization which attached a list identifying each of the Secured Noteholders and the amount owed to each ("Plan List"). A true and correct copy of the Debtor's Plan List is attached as Exhibit 1.

21.     I also received a list of the Secured Noteholders from BRiley which had been retained as Debtor's and then my financial consultant ("BRiley List"). I am informed and believe that the BRiley list contains the names of both secured and unsecured noteholders. I have been informed that the notes in the first column starting with an "S" are secured notes. The notes starting with a "U" are unsecured notes.  A true and correct copy of the BRiley List is attached hereto as Exhibit 10.

22.     Many, but not all, of the Secured Noteholders have filed proofs of secured claims "POCs."

23.     As more specifically explained in the declaration of Kristine A. Thagard, there are several discrepancies between the Plan List, BRiley List and POCs. Some Secured Noteholders who

MOTION FOR APPROVAL OF PROCEDURE FOR CONFIRMATION OF LIST OF SECURED NOTEHOLDERS AND AMOUNTS OWED
4889-6320-5924V.2-1015-134

filed POCs included their unsecured notes as part of their secured claim. Several also added interest to their claims which is not payable because the collateral was worth less than the claims.

24.     It is because of the discrepancies between the Plan List, BRiley List and POCs that I have caused this Motion to be filed and requested that the Court establish the procedures set forth in the Motion to provide due process to parties that wish to contest the accuracy of the Plan list may do so. RDI has approximately $6,200,000 in unpaid Chapter 11 administrative claims, $5.5 million in unsecured claims held by Unsecured Noteholders; and approximately $5 million in other unsecured debts.  In addition to the $2 million which is subject to the liens held by the Secured Noteholders, the Estate has only approximately $211,130 in other funds currently on hand.

25.     I am informed and believe that RDI has approximately $6,100,000 in unpaid Chapter 11 administrative claims, $5.5 million in unsecured claims held by Unsecured Noteholders; and approximately $5 million in other unsecured debts.

26.     Recently, I agreed to a settlement with Douglas Cavanaugh, Ralph Kosmides, Beachcomber Management Crystal Cove, LLC, Lighthouse Café, LLC, Beachcomber At Crystal Cove, LLC ("BCC"), and, Shake Shack Crystal Cove, LLC ("SCCC"), (collectively, "Defendants") in Adv. Case No. 8:21-ap-01014) ("Adversary Action"). Under the settlement, Defendants will pay approximately $3,550,000 to settle the Adversary Action. I will also receive (i) a stipulated judgment against BCC and SCCC ("Crystal Cove Restaurant Defendants") in the amount of Twenty Million Dollars ($20,000,000) in the Adversary Action ("Stipulated Judgment"); and, (ii) an assignment ("Assignment of Rights") all of the Crystal Cove Restaurant Defendants' claims against Scottsdale Insurance arising from or related to the Adversary Action, and Scottsdale's denial of the Defendants' prior tender of this matter including, without limitation, all of the Crystal Cove Restaurant Defendants' rights, title, and interest in or to the Restaurant Policy arising from or related to the Adversary Action. The recovery on the Stipulated Judgment is limited to insurance proceeds. At this time, any recovery on account of the Stipulated Judgment remains to be determined.

/ / /

/ / /

---

14

4889-6320-5924V.2-1015-134

27.     After payment of attorneys' fees and costs, the net to the Estate from the settlement is projected to be at least $2,000,000. A Motion (1) To Approve Compromise of D&O Litigation; (2); To Authorize Payment of Contingency Fee and Costs to Special Counsel; and (3) To Permit Payment to RFS Estate was filed on May 2, 2022, Docket No. 1206, and was heard and granted on July 12, 2022.

28.     Based on the foregoing, I do not believe that I will have sufficient funds from which to make distributions to holders of general unsecured claims.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on July 26, 2022.

RICHARD A. MARSHACK

MOTION FOR APPROVAL OF PROCEDURE FOR CONFIRMATION OF LIST OF SECURED NOTEHOLDERS AND AMOUNTS OWED

4889-6320-5924V.2-1015-134

# Declaration of Kristine A. Thagard

I, KRISTINE A. THAGARD, say and declare as follows:

1.      I am an individual over 18 years of age and competent to make this Declaration.

2.      If called upon to do so, I could and would competently testify as to the facts set forth in this Declaration and the facts set forth below are true of my personal knowledge.

3.      I am an attorney at law duly admitted to practice before this Court and all courts of the State of California.  I am of counsel to the law firm of Marshack Hays LLP, attorneys of record for Chapter 7 Trustee, Richard A. Marshack ("Trustee") of the bankruptcy estate of Ruby's Diner, Inc., a California corporation, et al ("Debtor").

4.      After Kathleen Fredericks prepared the list of noteholders based on the BRiley List, I compared the list of secured noteholders listed as Exhibit G ("Plan List") to Debtor's Third Amended Joint Disclosure Statement Describing Third Amended Joint Chapter 11 Plan Of Reorganization, As Modified [Solicitation Version], filed January 28, 2020 as Dk. No. 531. The Plan List is also attached as Exhibit 1. I then reviewed the proofs of claim. Based upon this review I developed a spreadsheet attached hereto as Exhibit 9, which evidences the differences between the secured noteholders on the BRiley List, the Plan and the proofs of claims ("POC") filed by the Secured Noteholders. Discrepancies under $20, which are likely inconsequential will not be mentioned here. The larger discrepancies are as follows:

| Creditor Name | Plan List | B. Riley | Filed POCs | Difference/Notes |
|---|---|---|---|---|
| Milton & Cora Blevins | $21,591.00 | $10,591.56 | $21,183.12 | Plan List is $10,999.44 higher. Filed two secured POCs adding up to $21,183.12 (probably interest discrepancy) |
| OA Simmons (1) | $41,035.23 | $41,035.23 | None | There is only one listing for OA Simmons on the Plan List |
| OA Simmons (2) | None See Notes for OA Simmons (1) and (2) | $41,035.23 | None | On the BRiley List, there are two listings: one with a reference to Deborah Simmons and the other with a reference to Cynthia Simmons |
|  |  |  |  |  |

MOTION FOR APPROVAL OF PROCEDURE FOR CONFIRMATION OF LIST OF SECURED NOTEHOLDERS AND AMOUNTS OWED

4889-6320-5924V.2-1015-134

| Deborah Simmons | $21,183.11 | | None | In the Plan List : #77 OA Simmon, The Simmon Trust; #181 Deborah Simmons for $21,183.11 |
|---|---|---|---|---|
| Rudy and Eileen Amaya | $61,404.94 | $31,404.95 | $61,404.94 | Plan List is $29,999.99 higher than Briley List. POC and Plan List match |
| Janet & Keith Westerfield | $20,591.56 | $20,591.56 | $24,000.00 | It appears the creditor added additional interest |
| Launa Nuttman and Phillip Griffith | $71,331.00 | $71,331.00 | $124,288.81 | Plan List and BRiley List match. POC filed by L Nuttman includes both secured and unsecured notes although it says 100% secured |
| Phillip Griffith | $102,366.22 | $102,366.22 | $123,549.36 | Two unsecured notes are attached to POC that creditor claimed as secured |
| Roger and Marilyn Riley | $20,591.56 | $20,591.56 | $10,000.00 | Plan List and BRiley List match. POC#113 lists $10,000 secured;  POC#114 lists $10,591.56 unsecured- but nothing attached to verify |
| Susan F. White | $20,443.67 | $20,443.67 | $10,000.00 | Plan List and BRiley List match. POC #236 lists a $10,000 secured note and a $10,000 unsecured note BUT the note she listed as unsecured was replaced with a secured note in the paperwork she attached- so correct amount appears to be  $20,443.67 |
| Allan E. & Shirley Richardson | $41,035.22 | $41,045.22 | $40,000 Secured; $10,000 Unsecured | $10 difference between Plan List and BRiley List; $1,035.22 between Plan List and POC- probably interest added by Creditor |
| Cathy Campbell | $10,000.00 | $10,000.00 | $10,326.32 | POC adds interest from 1/28/17 to 12/28/18 of $326.32 |
| Clifford & Karen Stember | $41,035.22 | $41,035.22 | $40,000.00 | 4 $10,000 notes- $1,035.22 difference is probably prepetition interest |
| David P. Wells | $20,591.56 | $20,591.56 | $20,000.00 | $591.56 difference is probably prepetition interest |
| David R. & Arlene A. Belt | $20,369.72 | $20,369.72 | $20,000.00 | $369.72 difference is probably prepetition interest |
| Diana Rainforth | $102,366.22 | $102,366.22 | $101,774.68 | $591.56 difference is probably prepetition interest |

17

| Joel B. Rothman | $20,443.67 | $20,443.67 | $20,000.00 | $443.67 difference is probably prepetition interest |
| John R. & Jeanne C. Hannah | $102,957.78 | $102,957.78 | $104,084.00 | $1,126.22 difference is post-petition interest |

5.      I noted in the right hand column above what I believed to be the reason for the discrepancies. In several instances the creditor included both secured and unsecured notes, but in the POC claimed all notes as secured. In other instances the Secured Noteholder added interest to their POC. It is the intent of Trustee's Motion to provide an opportunity for the creditors to review the Plan List and contact the Trustee if they do not feel it is accurate.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on July 26, 2022.


KRISTINE A. THAGARD

# Declaration of Kathleen Frederick

I, KATHLEEN FREDERICK, declare as follows:

1. I am an individual over 18 years of age and competent to make this Declaration.

2. If called upon to do so, I could and would competently testify as to the facts set forth in this Declaration.

3. The facts set forth below are true of my personal knowledge.

4. I am a paralegal with the law firm of Marshack Hays LLP ("the Firm"), attorneys of record for Richard A. Marshack, Chapter 7 Trustee for the Bankruptcy Estate of Ruby's Diner, Inc. ("Trustee"). The following matters are true and correct and within my personal knowledge and belief, and if called as a witness, I could and would testify thereto.

5. Part of my duties as a paralegal at Marshack Hays LLP is to maintain the mailing matrixes for the various cases in which the Firm plays a role.

6. When the Firm is retained and begins work in a case, I log in to the Court's PACER website and download the list of creditors associated with the case in raw data format. I then format this list for our own purposes within a spreadsheet, identifying each party's role in the matter according to the LBR 9013-3(d)(1). I compare the Court's matrix with the most recently filed schedules, as well as the claims register and the proofs of claim filed there. I will then maintain this list through the course of the Firm's involvement in the case, marking documents that are returned to us and finding new addresses in these instances as is feasible.

7. For this case in particular, due to the extensive number of creditors combined with the order that had been entered limiting required notice, in April of 2020, one of the paralegals in the case, Cynthia Bastida, reached out to Nancy Lockwood, a paralegal at Pachulski Stang Ziehl & Jones LLP, the firm which represented the Debtor. She provided us with the mail matrix that her firm maintained and made clear, among other things, that Credit Managers Association represented the secured noteholders and so service was completed on that company in lieu of each secured noteholder individually.

8.      At some point in time, Credit Managers Association resigned as agent for the secured noteholders and service began on those secured noteholders which had been represented by Credit Managers Association.

9.      In an effort to reach every entity previously represented by Credit Managers Association, in October 2021, Kristine A. Thagard obtained a spreadsheet of creditors from Wen Tan at B. Riley Financial which included the names, addresses, and principle contribution amounts of the secured noteholders ("BRiley List").

10.      Using this information, I compared and combined the list of secured noteholders from the Firm's mail matrix with the addresses listed in the spreadsheet from BRiley List. I updated addresses where applicable, but when there was a conflict between two different addresses, I included both to ensure service would be completed.

11.      Also using this information, I compared and combined the information regarding contributions with the information on claims of those secured noteholders who had filed proofs of claims.

12.      I have continued to maintain these lists to the best of my ability, updating service addresses as notice of change of addresses are filed with the Court or when creditors reach out to the Firm to alert us to changes in their contact information.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 26, 2022.

KATHLEEN FREDERICK

20

**EXHIBIT "1"**

## SECURED NOTEHOLDERS

| | CLAIMANT(S) | AMOUNT | | CLAIMANT(S) | AMOUNT |
|---|---|---|---|---|---|
| 1. | Rudy and Eileen Amaya, The Amaya Family Trust | $61,404.94 | 22. | Mary Elin and Mark H. Ellis, Ellis Trust | $40,887.33 |
| 2. | Wayne and Joanne Aspinall, The Wayne and Joanne Aspinall Family Trust | $40,961.28 | 23. | Robert Wayne Fairweather | $10,591.56 |
| 3. | David and Arlene Belt | $20,369.72 | 24. | Anne Farber, The Farber Family Trust | $20,369.72 |
| 4. | John J. and Mary L. Blaha, Blaha Family Trust | $20,591.56 | 25. | Pamela L. Farber | $20,591.56 |
| 5. | Milton and Cora Blevins | $20,591.56 | 26. | David and Lois Goren | $20,591.56 |
| 6. | Thomas and Judith Brady, The Brady Family Trust | $41,183.11 | 27. | James L. and Celeste Gray | $10,000.00 |
| 7. | Dorothy Brideweser | $20,443.67 | 28. | Gary and Janet Green, The Green Family Trust | $61,774.67 |
| 8. | Cathy C. Campbell | $10,000.00 | 29. | Phillip Griffith | $102,366.22 |
| 9. | Mark and Kathleen Chiu | $61,552.83 | 30. | Ryan and Sharyl Griffith | $20,591.56 |
| 10. | Anne L. Clark | $20,443.67 | 31. | R. John and Jeanne C. Hannah, The Hannah Living Trust | $102,957.78 |
| 11. | Marsha Clark, Jack M. Clark and Marsha H. Clark Revocable Trust | $20,591.56 | 32. | Richard and Susan Hanson | $20,591.56 |
| 12. | Merrill and Carol Clisby, The Clisby Family Trust | $20,591.56 | 33. | William and Susanne Hardy, William T. Hardy Jr. and Susann Ohlund Hardy Revocable Trust | $41,183.11 |
| 13. | Robert P. and Elaine A. Converse, POA Susan Spoul, The Converse Family Trust | $102,218.33 | 34. | Raymond L. and Maureen Harris | $20,591.56 |
| 14. | Frances Cooper, Cooper Declaration Trust | $10,443.67 | 35. | Raymond and Gayle Haskell, Raymond E. Haskell and Gayle K. Haskell Revocable Trust | $20,369.72 |
| 15. | Alice C. Coury and Thomas Pike | $123,179.61 | 36. | Robert and Jayne Hess, Robert Allen and Jayne R. Hess Trust | $20,443.67 |
| 16. | Julia Ann Davidson, The Davidson Living Trust | $20,480.64 | 37. | John and Rita Holiday | $41,035.22 |
| 17.,§ | Maureen Debeer, The Hans & Maureen Debeer Living Trust | $20,443.67 | 38. | Harvey and Joyce Jensen, Jensen Family Trust | $20,443.67 |
| 18. | Donald and Ann Delaney, Donald and Ann Delaney Revocable Trust | $40,961.28 | 39. | Howard and Carol Jensen, The Jensen Family Trust | $20,369.72 |
| 19. | Michael and Janice Dingillo, Amendment and Restatement of M & J Dingillo Trust | $10,000.00 | 40. | Vernon Lee Johnson, Vernon Lee Johnson Trust | $41,035.22 |
| 20. | Celia Dudley | $21,035.22 | 41. | Thomas and Arlene Jones | $20,591.56 |
| 21. | Christa G. Dyer, The Dyer Family Trust | $61,626.78 | 42.,§ | Wesley and Marcy Kim, The 2002 Kim Family Trust | $40,887.33 |

1

**EXHIBIT "1"**
**PAGE 21**

## SECURED NOTEHOLDERS

| | CLAIMANT(S) | AMOUNT |
|---|---|---|
| 43. | Ronald and Linda Kirkpatrick, Ronald and Linda L. Kirkpatrick Living Trust | $40,961.28 |
| 44. | David and Gretchen Landau | $10,000.00 |
| 45. | James and Mary Lou Lester, The Lester Family Trust | $20,591.56 |
| 46. | Willard and Jutta Loomis, Loomis Family Trust | $20,517.61 |
| 47. | Hope Luedke, Luedeke Family Trust | $10,591.56 |
| 48. | Darlene H. MacDonald, James W. MacDonald Family Trust | $20,591.56 |
| 49. | Kenneth Mailman, Kenneth Charles Mailman and Annie S. Mailman 1996 Trust | $41,035.22 |
| 50. | John and Mary Jane Malmquist, The Malmquist Family Trust | $41,035.22 |
| 51. | Thomas and Sherre May | $20,443.67 |
| 52. | Alexander B. and Irene M. McDonald, McDonald Living Trust | $40,887.33 |
| 53. | Bette McKinney, Terry Miller and Betty McKinney Trust | $41,035.22 |
| 54. | Terence Lee and Rosann McLaughlin, McLaughlin Revocable Trust of 2012 | $20,369.72 |
| 55. | Hal and Hannah Meany, Meany Family Trust | $20,591.56 |
| 56. | David and Maureen Melvold, 1991 Melvold Family Trust | $20,443.67 |
| 57. | Kelly Michelle Mercer | $20,591.56 |
| 58. | Pamela J. Monger | $20,443.67 |
| 59. | Warren and Sheila Newman, Newman Family Trust | $10,369.72 |
| 60. | Launa Nuttman and Phillip Griffith | $71,331.01 |
| 61. | Michael and Candace O'Brien, The O'Brien Trust | $41,035.22 |
| 62. | Myra L. O'Connell, Myra L. O'Connell | $20,443.67 |

| | CLAIMANT(S) | AMOUNT |
|---|---|---|
| 63. | Ronald R. and Patty J. Panico | $20,591.56 |
| 64. | Jerome J. Pearl | $71,626.78 |
| 65. | Norman and Margaret Petrucci | $41,183.11 |
| 66. | William E. Pope, William E. Pope and Anne Pierce Pope Revocable Trust dtd 04/14/2016 | $90,000.00 |
| 67. | William E. Pope, Pope Family By-Pass Trust dtd 04/13/2009 | $95,324.04 |
| 68. | Diana Rainforth | $102,366.22 |
| 69. | Anne K. Relph, The Relph Living Trust | $20,591.56 |
| 70. | Allan and Shirley Richardson | $41,035.22 |
| 71. | Roger and Marilyn Riley | $20,591.56 |
| 72. | Joel B. Rothman | $20,443.67 |
| 73. | Walter and Norma Schulte | $20,369.72 |
| 74. | Kerwin S. and Carolyn S. Secrist, Secrist Living Trust | $20,591.56 |
| 75. | Janet Shields, Shields Family Trust | $41,183.11 |
| 76. | Richard John Silva, Silva Family Trust | $10,000.00 |
| 77. | O.A. Simmon, The Simmon Trust | $41,035.23 |
| 78. | Robert G. Stebe | $20,443.67 |
| 79. | Clifford E. and Karen J. Stember | $41,035.22 |
| 80. | John P. and Kathleen H. Teele, The Teele Family Trust | $40,887.33 |
| 81. | Kevin B. Thomas | $20,591.56 |
| 82. | Cheryl J. Thoreen | $20,591.56 |
| 83. | Gerald and Phyllis Waters, Gerald I. and Phyllis E. Waters Family Trust | $20,443.67 |
| 84. | David Pearson Wells | $20,591.56 |

**EXHIBIT "1"**

**PAGE 22**

**SECURED NOTEHOLDERS**

| | CLAIMANT(S) | AMOUNT |
|---|---|---|
| **85.** | Janet Westerfield, POA Sue Donahoe | $10,591.56 |
| **86.** | Keith Westerfield | $10,000.00 |
| **87.** | Susan F. White | $20,443.67 |
| **88.** | John R. Wilson, Jr. | $20,591.56 |
| **89.** | William S. and Myrna A. Wright | $20,591.56 |
| **90.** | Arthur and Beth Young | $20,591.56 |
| | **TOTAL** | **$2,984,923** |

**EXHIBIT "1"**
**PAGE 23**

**EXHIBIT "2"**

# SECURED CREDITOR STATEMENT

IF YOU AGREE WITH THE NAME AND AMOUNT LISTED FOR YOU IN THE PLAN LIST (EXHIBIT 1 TO THE DECLARATION OF RICHARD MARSHACK) THERE IS NO NEED TO COMPLETE AND SERVE THIS STATEMENT.

**YOU NEED TO COMPLET THIS STATEMENT IF YOU:**
- ARE NOT LISTED IN THE PLAN LIST OF SECURED CREDITORS, EXHIBIT 1 TO THE NOTICE AND MOTION, AND BELIEVE YOU ARE A SECURED CREDITOR;

- ARE LISTED AS A SECURED CREDITOR IN THE PLAN LIST OF SECURED CREDITORS, EXHIBIT 1 TO THE NOTICE AND MOTION, BUT YOU BELIEVE YOU ARE OWED A DIFFERENT AMOUNT;

- HAVE CHANGED YOUR NAME OR INHERITED AN INTEREST;

- BELIEVE ANYTHING IN THE PLAN LIST OF SECURED CREDITORS, EXHIBIT 1 TO THE NOTICE AND MOTION, IS NOT CORRECT.

**IF YOU MEET ONE OF THE CRITERIA ABOVE, YOU MUST COMPLETE THIS FORM AND RETURN IT WITH EVIDENCE OF YOUR CLAIM WITHIN 60 DAYS OF THE SERVICE OF THE NOTICE OF MOTION TO: MARSHACK HAYS, LLP, 870 ROOSEVELT, IRVINE, CA 92620.**

NAME: _____

ADDRESS: _____

CORRECT NAME IF DIFFERENT FROM PLAN LIST (IF DIFFERENT): _____

EVIDENCE OF NAME CHANGE OR INHERITANCE: _____
(i.e. divorce order, assignment, marriage certificate etc.) PLEASE ATTACH COPIES OF EVIDENCE

AMOUNT OF SECURED CLAIM (IF DIFFERENT): _____

EVIDENCE OF SECURED CLAIM _____

_____
(i.e. copies of notes, correspondence etc.) PLEASE ATTACH COPIES OF EVIDENCE

OTHER OJBECTIONS TO THE PLAN LIST ARE AS FOLLOWS: _____

_____

**This Statement Does Not Constitute a Proof of Claim in the Bankruptcy Cases**

**EXHIBIT "2"**

**PAGE 24**

**EXHIBIT "3"**

THIS NOTE AND THE RIGHTS AND OBLIGATIONS EVIDENCED HEREBY ARE SUBJECT IN ALL RESPECTS TO THE TERMS AND CONDITIONS OF (A) THE CREDIT AGREEMENT DATED FEBRUARY 10, 2012 BETWEEN RUBY'S DINER, INC. ("RDI") AND CREDIT MANAGEMENT ASSOCIATION, AS COLLATERAL AGENT ( "CMA" OR "COLLATERAL AGENT") ON BEHALF OF HOLDERS OF ALL SECURED PROMISSORY NOTES DATED FEBRUARY 10, 2012 (THE "SECURED NOTES") ISSUED BY RDI, AS THE SAME MAY BE AMENDED, RESTATED, SUPPLEMENTED OR OTHERWISE MODIFIED FROM TIME TO TIME (THE "CREDIT AGREEMENT"), AND (B) THE COLLATERAL AGENT AND INTERCREDITOR AGREEMENT DATED FEBRUARY 10, 2012, BY AND AMONG CMA AND EACH OF THE INITIAL HOLDERS OF THE SECURED NOTES, AS THE SAME MAY BE AMENDED, RESTATED, SUPPLEMENTED OR OTHERWISE MODIFIED FROM TIME TO TIME (THE "CAIA"). EACH HOLDER OF THIS NOTE, BY ITS ACCEPTANCE HEREOF, IRREVOCABLY AGREES TO BE BOUND BY THE PROVISIONS OF THE CREDIT AGREEMENT AND THE CAIA.

THIS NOTE HAS NOT BEEN REGISTERED UNDER THE SECURITIES ACT OF 1933, AS AMENDED (THE "ACT"), OR THE SECURITIES LAWS OF ANY JURISDICTION. THIS NOTE MAY NOT BE SOLD, TRANSFERRED, OR OTHERWISE DISPOSED OF, DIRECTLY OR INDIRECTLY, UNLESS PURSUANT TO REGISTRATION UNDER THE ACT, OR PURSUANT TO AN EXEMPTION FROM REGISTRATION UNDER THE ACT AND OTHER APPLICABLE SECURITIES LAWS, THE AVAILABILITY OF WHICH IS TO BE ESTABLISHED TO THE SATISFACTION OF RDI.

## SECURED PROMISSORY NOTE
### (Interest Only)

Investment Amount:  $10,000.00
Interest Rate:  10%
Note Term:  2 years
Note Period:  February 10, 2012 to February 9, 2014
Secured Note Number:  _____

FOR VALUE RECEIVED, RUBY'S DINER, INC., a California corporation ("RDI"), promises to pay to the order of _____ (SS#EIN# _____) ("Payee"), or his or her successor in interest, at Ruby's Diner, Inc., 557 Wald, Irvine, CA  92618, or at such other place as Payee may from time to time designate in writing, the principal sum of TEN THOUSAND AND 00/100 DOLLARS ($10,000.00), together with interest thereon as provided herein, until such time as all amounts owing hereunder are paid in full.

     1.    Interest Payments.  Interest shall accrue on the principal balance of this Note at the rate of ten percent (10%) per annum, commencing as of February 10, 2012, payable in arrears in successive monthly installments, with the first interest payment due on March 15, 2012, and each successive monthly interest payment due on the 15th of each month thereafter

14909-7

**EXHIBIT "3"**

**PAGE 25**

until the principal amount of such Note is paid in full.  The calculation of interest due under this Note shall be based on a 360-day year based on actual days elapsed.  Interest payments shall be considered late if not postmarked within ten (10) days of the payment due date, and the Note Holder shall be entitled to a $15.00 late fee on the first default and a $25.00 late fee on all subsequent defaults within each 12-month period commencing February 10, 2012 with such late charges to be paid with the next regularly scheduled monthly interest payment.  RDI has the authority with at least five (5) business days written notice, without the consent of any holder of a Secured Note, and in its sole and absolute discretion, for a single instance during every twelve (12) month period in which the obligations under the Secured Notes are outstanding, to a one (1) month deferral of RDI's payment obligations under the Secured Notes, during which deferral period, RDI shall not be considered in default under the Secured Notes or other Credit Documents (as defined herein).

2.   Maturity Date.  The maturity date of this Note shall be February 9, 2014, at which time a balloon payment of all outstanding principal, interest and late charges shall become fully due and payable.  No notice of this balloon payment shall be required.

3.   Security Interests and Collateral Agent and Intercreditor Agreement.  This Note, along with the other Secured Notes, are secured by substantially all of the assets of RDI (the "Collateral") and are governed by the CAIA and Credit Agreement and related documentation of even date herewith (the "Credit Documents"), pursuant to which the Collateral Agent is the duly-authorized representative of Payee and the other holders of the Secured Notes with respect to the Secured Notes and Credit Documents.

4.   Prepayment.  RDI may voluntarily prepay the obligations under this Note in whole or in part without any premium or penalty.  Any prepayments shall be credited first toward accrued but unpaid interest and then shall reduce the principal amount of the Note.

5.   Default.  Subject to the Cure Provisions (as therein defined) set forth in the Credit Agreement, if RDI fails to make a payment when due or fails to comply with any other term of this Note, or any Credit Document, the Note will be considered in default.

6.   Miscellaneous Payment Provision.  Principal and interest shall be payable in lawful money of the United States.  Should interest not be paid when due, it shall thereafter bear like interest as the principal.

7.   Usury Savings Clause.  In no event shall interest accrue or be payable under this Note or any Credit Document in excess of the maximum applicable amount of interest, if any, permitted on the date hereof by the laws of the State of California.

8.   Governing Law.  The validity of this Note and any Credit Document, the construction, interpretation and enforcement, and the rights of the parties thereunder and concerning the Collateral, shall be determined according to the laws of the State of California. The parties agree that all actions or proceedings arising in connection with this Note and any Credit Document shall be tried and litigated only in the state and federal courts in California.

9.   Attorney's Fees.  If any legal action or proceeding is brought hereunder to enforce or construe a provision of this Agreement or any other Credit Document, the unsuccessful party

14909-7

**EXHIBIT "3"**

**PAGE 26**

in such action or proceeding, whether or not such action or proceeding is settled or prosecuted to final judgment, shall pay all of the reasonable attorney's fees and costs incurred by the prevailing party in the action.

      IN WITNESS WHEREOF, the undersigned has duly executed this Note as of the date first written above.

RUBY'S DINER, INC.


By:_____
      Douglas S. Cavanaugh

Its:  Chairman and Chief Executive Officer

3

**EXHIBIT "3"**

**PAGE 27**

**EXHIBIT "4"**

## SECURITY AGREEMENT
(PERSONAL PROPERTY)

Credit Management Association, as Collateral Agent
40 East Verdugo Ave.
Burbank, California 91502

This Security Agreement (this "**Agreement**"), dated as of February 10, 2012, is made by Ruby's Diner, Inc., a California corporation ("**RDI**") in favor of Credit Management Association ("**Collateral Agent**"), in its capacity as representative of each of the individuals and entities listed on Exhibit "A" hereto (the "**Secured Note Holders**").

Reference is made to the following facts:

## RECITALS

A.      The Secured Note Holders are secured note holders of RDI pursuant to Secured Promissory Notes ("**Notes**") and the Credit Agreement ("**Credit Agreement**"), dated as of February 10, 2012.

B.      Concurrently herewith, Collateral Agent and the Secured Note Holders have entered into a Collateral Agent and Intercreditor Agreement (the "**CAIA**" and, together with the Notes, Credit Agreement and related documentation, the "**Credit Documents**"). Pursuant to the CAIA, the Collateral Agent serves as representative of the Secured Note Holders in accordance with its terms and is authorized to enter into this Agreement on behalf of the Secured Note Holders.

C.      As security for the performance of the obligations of RDI under the Notes and Credit Documents (the "**Obligations**"), RDI does hereby grant to the Collateral Agent, for the benefit of the Secured Note Holders, a continuing security interest in all of the property described in Exhibit "B" attached hereto and made a part hereof (herein called the "**Collateral**").

D.      In this Agreement, the following terms shall have the meanings ascribed thereto in the California Commercial Code (the "**CA UCC**"): account, chattel paper, certificated security, commercial tort claim, deposit account, document, equipment, fixture, goods, general intangible, instrument, inventory, letter-of-credit right, money, proceeds, record, securities account, security certificate, tangible chattel paper and uncertificated security. Terms defined in the CA UCC and not otherwise defined in this Agreement shall have the meanings defined for those terms in the CA UCC.

NOW, THEREFORE, in consideration of the foregoing and for other good and valuable consideration, the receipt and adequacy of which are hereby acknowledged, the parties hereto hereby agree as follows:

14915-4

1

## AGREEMENT

1.    <u>Grant of Security Interest</u>. The Collateral shall be security for the Obligations of RDI under the Notes and Credit Documents in accordance with the terms and conditions herein.

2.    <u>Collateral; Security Interests</u>. RDI shall: (a) file (or authorize the filing of) such financing statements and execute and deliver such other documents and do such other acts and things, all as the Collateral Agent may from time to time require, to establish, maintain and perfect a valid security interest in the Collateral; (b) deliver to the Collateral Agent, substantially concurrently with the execution thereof, an executed endorsement allonge in form and substance satisfactory to the Collateral Agent, relating to any and all promissory notes or other evidences of debt in favor of RDI which are included as a part of the Collateral, (c) pay promptly when due all of the Obligations as provided by the Notes and Credit Documents; (d) furnish the Collateral Agent with such information concerning RDI and the Collateral as RDI has access to and the Collateral Agent may from time to time reasonably request, including but not limited to current financial statements; (e) keep the Collateral separate and identifiable and at the locations listed on <u>Schedule B</u> and permit the Collateral Agent to inspect the Collateral and/or records pertaining thereto from time to time during normal business hours (except that, so long as any Default (as herein defined) has occurred and is continuing, the Collateral Agent may inspect the Collateral and/or records pertaining thereto at any time); (f) except for Permitted Encumbrances, not permit any lien on or security interest in the Collateral in favor of anyone other than the Collateral Agent unless the Collateral Agent consents thereto in writing; (g) pay all charges against the Collateral prior to delinquency including but not limited to taxes, assessments, encumbrances and insurance charges; (h) reimburse the Collateral Agent for any expenses, including but not limited to reasonable attorneys' fees and legal expenses, incurred by the Collateral Agent in seeking to protect, collect or enforce any rights in the Collateral in accordance with the Credit Documents; (i) when required, provide insurance in form and amounts and with companies reasonably acceptable to the Collateral Agent; and (j) maintain the Collateral in good condition and not use the Collateral for any unlawful purpose.

3.    <u>Filing</u>. At any time and from time to time, the Collateral Agent shall be entitled to file and/or record any or all such financing statements, instruments and documents held by it, and any or all such further financing statements, documents and instruments, and to take all such other actions, as the Collateral Agent may deem appropriate to perfect and to maintain perfected the security interests granted above.

4.    <u>Delivery</u>. With respect to any instruments or tangible chattel paper from time to time included in the Collateral, RDI shall deliver to the Collateral Agent all such instruments or tangible chattel paper to the Collateral Agent duly endorsed in blank. With respect to any certificated securities from time to time included in the Collateral and any other securities which become certificated securities, RDI shall deliver to the Collateral Agent the security certificates evidencing such certificated securities duly endorsed by an effective endorsement (within the meaning of Section 8107 of the CA UCC), or accompanied by share transfer powers or other instruments of transfer duly endorsed by such an effective endorsement, in each case, to the Collateral Agent or in blank. In addition, RDI shall cause any certificates evidencing any other equity interests pledged hereunder to be similarly delivered to the Collateral Agent regardless of whether such pledged equity interests constitute certificated securities. With respect to any

14915-4

**EXHIBIT "4"**
**PAGE 29**

intellectual property collateral, RDI shall deliver to the Collateral Agent documents required to acknowledge or register or perfect Collateral Agent's security interest therein.

5.    Default. The occurrence of any Event of Default under the Notes or any other Credit Document (as therein defined) shall constitute a default hereunder (each a "**Default**").

6.    Remedies. Upon the occurrence of any uncured Default, the Collateral Agent shall have the remedies as provided by applicable law and the Credit Documents. If the Collateral Agent elects to foreclose on any asset, it may, in accordance with the terms of the Credit Documents, at its option, (a) without notice, accelerate the maturity of any part or all of the Obligations; (b) sell, lease or otherwise dispose of the Collateral at public or private sale; unless the Collateral is perishable and threatens to decline speedily in value or is a type customarily sold on a recognized market, Collateral Agent will give RDI at least five (5) days prior written notice of the time and place of any public sale or of the time after which any private sale or any other intended disposition may be made; (c) transfer any Collateral into its own name or that of its nominee; (d) retain the Collateral in satisfaction of Obligations secured hereby, with notice of such retention sent to RDI as required by law; (e) notify any parties obligated on any Collateral consisting of accounts, instruments, chattel paper, chooses in action or the like to make payment to Collateral Agent and enforce collection of any Collateral; (f) require RDI to assemble and deliver any Collateral to Collateral Agent at a reasonably convenient place designated by Collateral Agent; (g) apply all sums received or collected from or on account of the Collateral, including the proceeds of any sales thereof, in the manner provided for in the Credit Documents; Collateral Agent shall account to RDI for any surplus remaining thereafter, and shall pay such surplus to RDI; and (h) exercise its lien or right of setoff in the same manner as though the obligations were unsecured. To the extent legally permitted, Collateral Agent shall have all the rights and remedies of a secured party under the CA UCC in any jurisdiction where enforcement is sought, whether in California or elsewhere. All rights, powers and remedies of Collateral Agent hereunder shall be cumulative and not alternative. No delay on the part of Collateral Agent in the exercise of any right or remedy shall constitute a waiver thereof and any exercise, or partial exercise, by Collateral Agent of any right or remedy under this Agreement shall not preclude the exercise of any other right or remedy of Collateral Agent under this Agreement or at law or in equity or the further exercise of the same remedy. Collateral Agent's rights, power and remedies as to the Collateral shall be exercisable as to any part or all of the Collateral as Collateral Agent may elect.

7.    Ownership of Collateral. RDI hereby represents and warrants that it is or will be the lawful owner of the Collateral, free of all claims, liens or encumbrances whatsoever, other than the security interest granted pursuant hereto, and the Permitted Encumbrances.

8.    Consents. RDI hereby consents and agrees that the Collateral Agent shall be under no obligation to marshal any assets in favor of RDI or against or in payment of any or all of the Obligations. The Collateral Agent's rights hereunder shall be reinstated and revived, and the obligations and liability of RDI hereunder shall continue, with respect to any amount at any time paid on account of the Obligations which thereafter shall be required to be restored or returned by the Collateral Agent upon the bankruptcy, insolvency or reorganization of RDI, or otherwise, all as though such amount had not been paid.

14915-4

**EXHIBIT "4"**
**PAGE 30**

9.      Waivers.  RDI hereby represents and warrants that each of the waivers set forth herein are made with RDI's full knowledge of their significance and consequences, and that under the circumstances the waivers are reasonable.  If any of said waivers are determined to be contrary to any applicable law or public policy, such waivers shall be effective only to the maximum extent permitted by law.

10.     Successors and Assigns; No Third Parties Benefited.  This Agreement shall inure to the benefit of and bind the Collateral Agent and RDI and their respective successors and assigns.  Upon transfer by the Collateral Agent of any part of the Collateral in accordance with the Credit Documents, the Collateral Agent shall be fully discharged from all liability with respect to the part of the Collateral so transferred (except as otherwise provided in Section 8 hereof).  Except for the Secured Note Holders, no persons not a party to this Agreement are intended to be third party beneficiaries hereunder or to have any right, benefit, priority, or interest under, or because of the existence of, or to have any right to enforce, this Agreement.

11.     Severability.  Whenever possible, each provision of this Agreement shall be interpreted in such manner as to be effective and valid under applicable law, but, if any provision of this Agreement shall be prohibited or invalid under applicable law, such provisions shall be ineffective to the extent of such prohibition or invalidity without invalidating the remainder of such or the remaining provisions of this Agreement.

12.     Entire Agreement.  This Agreement and the other Credit Documents, including the exhibits hereto and thereto, sets forth the entire understanding of the parties with respect to the within matters and may not be modified or amended except with the consent of the Collateral Agent and RDI in accordance with the terms of the Credit Documents.

13.     Release of Liens.  In the event that RDI is entitled to the release of all or any portion of the Liens on the Collateral under the Credit Documents, in accordance with the terms of the Credit Documents, the Collateral Agent shall execute appropriate documentation to effectuate such release or subordination.

14.     Notices.  All notices, requests, demands, directions and other communications provided for hereunder must be in writing and must be mailed (by registered or certified mail) or hand delivered to the appropriate party at the address set forth on the signature pages of this Agreement or to such other address as may be designated by a party in a written notice sent to all other parties in accordance with this Section.

15.     Counterparts.  This Agreement may be executed in one or more counterparts, each one of which when so executed shall be deemed to be an original, and all of which taken together shall constitute one and the same agreement.

16.     Governing Law.  The validity of any Credit Document, its construction, interpretation and enforcement, and the rights of the parties thereunder and concerning the Notes and Collateral, shall be determined according to the laws of the State of California.  The parties agree that all actions or proceedings arising in connection with any Credit Document shall be tried and litigated only in the state and federal courts in California.

14915-4

**EXHIBIT "4"**
**PAGE 31**

17.    <u>Attorney's Fees</u>.  If any legal action or proceeding is brought hereunder to enforce or construe a provision of this Agreement or any other Credit Document, the unsuccessful party in such action or proceeding, whether or not such action or proceeding is settled or prosecuted to final judgment, shall pay all of the reasonable attorney's fees and costs incurred by the prevailing party in the action.

*[Signatures on Following Page]*

14915-4

**EXHIBIT "4"**
**PAGE 32**

IN WITNESS WHEREOF, the parties hereto have executed this Security Agreement as of the date first written above by their duly authorized representatives.

RUBY'S DINER, INC.

By: _____

Name:  Douglas Cavanaugh

Title:  Chief Executive Officer


Address for notices:

Ruby's Diner, Inc.
Attn:  Douglas Cavanaugh
557 Wald Street
Irvine, California  92618
Telephone:  (949) 644-7829 (ext. 104)
Telecopier: (949)200-4006
Email:  rubyman@rubys.com

RUBY'S DINER, INC.

By: _____

Name:  Ralph Kosmides

Title:  Chief Administative Officer


Ruby's Diner, Inc
Attn:  Ralph Kosmides
557 Wald Street
Irvine, California 92618
Telephone:  (949) 644-7829 (ext. 104)
Telecopier: (949)200-4006
Email:  rkosmides@rubys.com

CREDIT MANAGEMENT ASSOCIATION,
as Collateral Agent


By: _____

Name:  David Macomber

Title:  Vice President & Chief Financial Officer


Address for notices:

Credit Management Association
Attn:  Mike Joncich
40 East Verdugo Ave.
Burbank, California  91502
Telephone:  (818) 972-5315
Telecopier:  (818) 972-5301

6

14915-4

**SCHEDULE B**
**TO**
**SECURITY AGREEMENT**

A.   Ruby's Diner Inc. wholly owned locations:

    1.   Ruby's Diner Seal Beach Pier located at 900-A Ocean Ave, Seal Beach, CA 90740.

    2.   Ruby's Diner 17th Street Costa Mesa, located at 428 E 17th Street, Costa Mesa, CA 92627.

    3.   Ruby's Diner Woodbridge Irvine, located at 4602 Barranca Parkway, Irvine CA 92604.

B.   Ruby's Diner Inc.'s personal property at the Home Office located at 557 Wald Street, Irvine, CA 92618

14915-4

**EXHIBIT "4"**
**PAGE 34**

**EXHIBIT A**
**TO**
**SECURITY AGREEMENT**

LIST OF SECURED NOTEHOLDERS

**EXHIBIT "4"**
**PAGE 35**

**EXHIBIT A**
**INTERIM #1  2-9-12**

| NOTE NUMBER | NAME | AMOUNT | INTEREST RATE | MONTHLY PMT | VENDOR NUMBER |
|---|---|---|---|---|---|
| S001 | TEELE, JOHN & KATHLEEN | 10,000 | 10.0% | 83.33 | 2794 |
| S002 | TEELE, JOHN & KATHLEEN | 10,000 | 10.0% | 83.33 | 2794 |
| S003 | POPE, WILLIAM | 10,000 | 10.0% | 83.33 | 21159 |
| S004 | POPE, WILLIAM | 10,000 | 10.0% | 83.33 | 21159 |
| S005 | POPE, WILLIAM | 10,000 | 10.0% | 83.33 | 21159 |
| S006 | POPE, WILLIAM | 10,000 | 10.0% | 83.33 | 21159 |
| S007 | POPE, WILLIAM | 10,000 | 10.0% | 83.33 | 21159 |
| S008 | POPE, WILLIAM | 10,000 | 10.0% | 83.33 | 21159 |
| S009 | POPE, WILLIAM | 10,000 | 10.0% | 83.33 | 21159 |
| S010 | POPE, WILLIAM | 10,000 | 10.0% | 83.33 | 21159 |
| S011 | POPE, WILLIAM | 10,000 | 10.0% | 83.33 | 21159 |
| S012 | POPE, WILLIAM | 10,000 | 10.0% | 83.33 | 21159 |
| S013 | POPE, WILLIAM | 10,000 | 10.0% | 83.33 | 21159 |
| S014 | PEARL, JEROME & MARIAN | 10,000 | 10.0% | 83.33 | 8110 |
| S015 | PEARL, JEROME & MARIAN | 10,000 | 10.0% | 83.33 | 8110 |
| S016 | PEARL, JEROME & MARIAN | 10,000 | 10.0% | 83.33 | 8110 |
| S017 | PEARL, JEROME & MARIAN | 10,000 | 10.0% | 83.33 | 8110 |
| S018 | BELT, DAVID & ARLENE | 10,000 | 10.0% | 83.33 | 20484 |
| S019 | RICHARDSON, ALLAN & SHIRLEY | 10,000 | 10.0% | 83.33 | 8289 |
| S020 | RICHARDSON, ALLAN & SHIRLEY | 10,000 | 10.0% | 83.33 | 8289 |

| S021 | CONVERSE, ROBERT & ELAINE | 10,000 | 10.0% | 83.33 | 8025 |
| S022 | CONVERSE, ROBERT & ELAINE | 10,000 | 10.0% | 83.33 | 8025 |
| S023 | CONVERSE, ROBERT & ELAINE | 10,000 | 10.0% | 83.33 | 8025 |
| S024 | CONVERSE, ROBERT & ELAINE | 10,000 | 10.0% | 83.33 | 8025 |
| S025 | CONVERSE, ROBERT & ELAINE | 10,000 | 10.0% | 83.33 | 8025 |
| S026 | AMAYA, RAYMUNDO & EILEEN | 10,000 | 10.0% | 83.33 | 8276 |
| S027 | AMAYA, RAYMUNDO & EILEEN | 10,000 | 10.0% | 83.33 | 8276 |
| S028 | AMAYA, RAYMUNDO & EILEEN | 10,000 | 10.0% | 83.33 | 8276 |
| S029 | COOPER, FRANCES | 10,000 | 10.0% | 83.33 | 21307 |
| S030 | GRIFFITH, PHILLIP | 10,000 | 10.0% | 83.33 | 8277 |
| S031 | GRIFFITH, PHILLIP | 10,000 | 10.0% | 83.33 | 8277 |
| S032 | GRIFFITH, PHILLIP | 10,000 | 10.0% | 83.33 | 8277 |
| S033 | GRIFFITH, PHILLIP | 10,000 | 10.0% | 83.33 | 8277 |
| S034 | GRIFFITH, PHILLIP | 10,000 | 10.0% | 83.33 | 8277 |
| S035 | HANNAH, R. JOHN | 10,000 | 10.0% | 83.33 | 8298 |
| S036 | HANNAH, R. JOHN | 10,000 | 10.0% | 83.33 | 8298 |
| S037 | HANNAH, R. JOHN | 10,000 | 10.0% | 83.33 | 8298 |
| S038 | HANNAH, R. JOHN | 10,000 | 10.0% | 83.33 | 8298 |
| S039 | HANNAH, R. JOHN | 10,000 | 10.0% | 83.33 | 8298 |
| S040 | NUTTMAN, LAUNA K. | 10,000 | 10.0% | 83.33 | 8282 |
| S041 | NUTTMAN, LAUNA K. | 10,000 | 10.0% | 83.33 | 8282 |
| S042 | NUTTMAN, LAUNA K. | 10,000 | 10.0% | 83.33 | 8282 |
| S043 | RAINFORTH, DIANE | 10,000 | 10.0% | 83.33 | 20473 |
| S044 | RAINFORTH, DIANE | 10,000 | 10.0% | 83.33 | 20473 |
| S045 | RAINFORTH, DIANE | 10,000 | 10.0% | 83.33 | 20473 |
| S046 | RAINFORTH, DIANE | 10,000 | 10.0% | 83.33 | 20473 |

EXHIBIT "4"
PAGE 37

| S047 | NEAR, JAMES | 10,000 | 10.0% | 83.33 | 8075 |
| S048 | NEAR, JAMES | 10,000 | 10.0% | 83.33 | 8075 |
| S049 | NEAR, JAMES | 10,000 | 10.0% | 83.33 | 8075 |
| S050 | HANSON, RICHARD & SUSAN | 10,000 | 10.0% | 83.33 | 20505 |
| S051 | CHIU, MARK & KATHLEEN | 10,000 | 10.0% | 83.33 | 868 |
| S052 | CHIU, MARK & KATHLEEN | 10,000 | 10.0% | 83.33 | 868 |
| S053 | CHIU, MARK & KATHLEEN | 10,000 | 10.0% | 83.33 | 868 |
| S054 | COURY, ALICE CECELIA | 10,000 | 10.0% | 83.33 | 8269 |
| S055 | COURY, ALICE CECELIA | 10,000 | 10.0% | 83.33 | 8269 |
| S056 | COURY, ALICE CECELIA | 10,000 | 10.0% | 83.33 | 8269 |
| S057 | COURY, ALICE CECELIA | 10,000 | 10.0% | 83.33 | 8269 |
| S058 | COURY, ALICE CECELIA | 10,000 | 10.0% | 83.33 | 8269 |
| S059 | COURY, ALICE CECELIA | 10,000 | 10.0% | 83.33 | 8269 |
| S060 | HARRIS, RAY & MAUREEN | 10,000 | 10.0% | 83.33 | 2367 |
| S061 | MCKINNEY, BETTE | 10,000 | 10.0% | 83.33 | 773 |
| S062 | MCKINNEY, BETTE | 10,000 | 10.0% | 83.33 | 773 |
| S063 | MCLAUGHLIN, TERRY & ROSANN | 10,000 | 10.0% | 83.33 | 2375 |
| S064 | O'BRIEN, MICHAEL & CANDACE | 10,000 | 10.0% | 83.33 | 697 |
| S065 | O'BRIEN, MICHAEL & CANDACE | 10,000 | 10.0% | 83.33 | 697 |
| S066 | PETRUCCI, NORMAN & MARGARET | 10,000 | 10.0% | 83.33 | 8286 |
| S067 | PETRUCCI, NORMAN & MARGARET | 10,000 | 10.0% | 83.33 | 8286 |
| S068 | WHITE, SUE | 10,000 | 10.0% | 83.33 | 2380 |
| S069 | WILSON, JR., JOHN R. | 10,000 | 10.0% | 83.33 | 20517 |
| S070 | YOUNG, ARTHUR & BETH | 10,000 | 10.0% | 83.33 | 774 |

| S071 | BACKHAUS, HELEN | 10,000 | 10.0% | 83.33 | 9093 |
| S072 | BACKHAUS, HELEN | 10,000 | 10.0% | 83.33 | 9093 |
| S073 | BACKHAUS, HELEN | 10,000 | 10.0% | 83.33 | 9093 |
| S074 | DYER, CHRISTA | 10,000 | 10.0% | 83.33 | 8021 |
| S075 | MALMQUIST, JOHN & MARY JANE | 10,000 | 10.0% | 83.33 | 8088 |
| S076 | MALMQUIST, JOHN & MARY JANE | 10,000 | 10.0% | 83.33 | 8088 |
| S077 | PANICO, RONALD & PATTY | 10,000 | 10.0% | 83.33 | 2377 |
| S078 | MELVOLD, DAVID & MAUREEN | 10,000 | 10.0% | 83.33 | 964 |
| S079 | BLEVINS, MILTON & CORA | 10,000 | 10.0% | 83.33 | 581 |
| S080 | GRIFFITH, RYAN | 10,000 | 10.0% | 83.33 | 20509 |
| S081 | LUEDEKE, HOPE | 10,000 | 10.0% | 83.33 | 21245 |
| S082 | MERCER, KELLY MICHELLE | 10,000 | 10.0% | 83.33 | 20540 |
| S083 | THOMAS, KEVIN B | 10,000 | 10.0% | 83.33 | 971 |
| S084 | DELANEY, DON & ANN | 10,000 | 10.0% | 83.33 | 8297 |
| S085 | WATERS, GERALD & PHYLLIS | 10,000 | 10.0% | 83.33 | 745 |
| S086 | DEBEER, HANS & MAUREEN | 10,000 | 10.0% | 83.33 | 2070 |
| S087 | GREEN, GARY & JANEY | 10,000 | 10.0% | 83.33 | 8215 |
| S088 | GREEN, GARY & JANEY | 10,000 | 10.0% | 83.33 | 8215 |
| S089 | MEANY, HAL & HANNAH | 10,000 | 10.0% | 83.33 | 8254 |
| S090 | WRIGHT, WILLIAM & MYRNA | 10,000 | 10.0% | 83.33 | 8291 |
| | Total | 900,000 | | | |

**EXHIBIT B**
**TO**
**SECURITY AGREEMENT**

The following collateral ("Collateral"):

a.    RDI's bank, checking, deposit or securities accounts of any nature and their contents and all cash and cash equivalents, including any form of deposit or prepayment held by a third party;

b.    All of the RDI's accounts receivable and notes receivable of any nature and their associated records, together with any unpaid interest accrued thereon.

c.    All RDI's furniture, fixtures and equipment;

d.    All rights of RDI pursuant to warranties, representations and guarantees made by suppliers, manufacturers and contractors in connection with products or services affecting the Collateral;

e.    All rights and interests of RDI in and to patents and patent applications owned by the RDI or licensed to the RDI by third parties, and all rights and interests of the RDI in and to artwork, processes, marketing material, designs, manuals, schematics, blueprints, drawings, trade secrets, proprietary information, research, know-how, inventions, and manufacturing, engineering and other technical information whether owned by the RDI or licensed from third parties by RDI and all trademarks, trade names and service trade names and service marks, used by RDI, and all rights and interests of RDI in and to software and all copyrights, and registrations and applications for such copyrights;

f.    All rights and interests of RDI in and to the name "Ruby's Diner" and logos and all other names, marks, and logos used by RDI now or in the past to the extent still owned by RDI;

g.    All of RDI's (1) general intangibles; and (2) rights under sale orders, purchase orders, contracts, agreements, leases, licenses, arrangements and commitments of any kind, which relate to the Collateral;

h.    All of RDI's customer and vendor lists, and all files and documents and information including domain name, customer account information, user names, passwords, real names, postal and email addresses, telephone and facsimile numbers, customer credit card information, and billing history relating to such customers and vendors, whether maintained electronically or in hard copy to serve RDI's customers;

i.    All known and unknown, liquidated or unliquidated, contingent or fixed, claims, rights or causes of action which RDI may have against any third party, including, without limitation, any insurance claims and the proceeds thereof;

j.    All of RDI's current inventory books, printed materials and other products;

14915-4

**EXHIBIT "4"**
**PAGE 40**

k.      All of the RDI's inventory of advertising, sales and customer materials, forms, labels, promotional materials, manuals and supplies used in the operation of the business;

l.      All of RDI's books, records, files, documents, computer programs and records and data and proprietary information relating to the Collateral including, without limitation, RDI's accounting and financial books and records;

m.      All capital stock, partnership interests or other interests which the RDI may hold in any corporation, partnership or other entity that relates to the operation of the business of RDI; and

n.      To the extent not included in the foregoing, all rights and properties, tangible and intangible, to which RDI has an interest, right or title.

14915-4

**EXHIBIT "4"**
**PAGE 41**

**EXHIBIT "5"**

THIS AMENDED AND RESTATED SECURED PROMISSORY NOTE (THIS **"NOTE"**) AND THE RIGHTS AND OBLIGATIONS EVIDENCED BY THIS NOTE ARE SUBJECT IN ALL RESPECTS TO THE TERMS AND CONDITIONS OF: (A) THE CREDIT AGREEMENT (SECURED) DATED FEBRUARY 10, 2012 (**"CREDIT AGREEMENT"**), EXECUTED BY RUBY'S DINER, INC., A CALIFORNIA CORPORATION (**"RDI"**) FOR THE BENEFIT OF CREDIT MANAGEMENT ASSOCIATION AS COLLATERAL AGENT (**"COLLATERAL AGENT"**), IN ITS CAPACITY AS THE REPRESENTATIVE OF EACH OF THE SECURED NOTEHOLDERS OF RDI (AS DEFINED THEREIN), AS MODIFIED BY THE FIRST AMENDMENT THERETO DATED JULY 1, 2016, AS THE SAME MAY BE FURTHER AMENDED, RESTATED, SUPPLEMENTED OR OTHERWISE MODIFIED FROM TIME TO TIME; AND (B) THE COLLATERAL AGENT AND INTERCREDITOR AGREEMENT DATED FEBRUARY 10, 2012 (THE **"CAIA"**), EXECUTED BY AND AMONG RDI, COLLATERAL AGENT, AND EACH OF THE SECURED NOTEHOLDERS (AS DEFINED THEREIN), AS MODIFIED BY THE FIRST AMENDMENT THERETO DATED JULY 1, 2016, AS THE SAME MAY BE FURTHER AMENDED, RESTATED, SUPPLEMENTED OR OTHERWISE MODIFIED FROM TIME TO TIME. EACH HOLDER OF THIS NOTE, BY ITS ACCEPTANCE OF THIS NOTE, IRREVOCABLY AGREES TO BE IRREVOCABLY BOUND BY THE PROVISIONS OF THIS NOTE, THE PROVISIONS OF THE CREDIT AGREEMENT AND THE PROVISIONS OF CAIA.

THIS NOTE HAS NOT BEEN REGISTERED UNDER THE SECURITIES ACT OF 1933, AS AMENDED (THE **"ACT"**), OR THE SECURITIES LAWS OF ANY JURISDICTION. THIS NOTE MAY NOT BE SOLD, TRANSFERRED, OR OTHERWISE DISPOSED OF, DIRECTLY OR INDIRECTLY, UNLESS PURSUANT TO REGISTRATION UNDER THE ACT, OR PURSUANT TO AN EXEMPTION FROM REGISTRATION UNDER THE ACT AND OTHER APPLICABLE SECURITIES LAWS, THE AVAILABILITY OF WHICH IS TO BE ESTABLISHED TO THE SATISFACTION OF RDI.

### AMENDED AND RESTATED SECURED PROMISSORY NOTE

| | |
|---|---|
| Principal Loan Amount: | $10, |
| Interest Rate: | Two and 17/100 Percent (2.17%) per annum, compounded semi-annually |
| Initial Maturity Date: | June 30, 2026, subject to extension as contemplated in <u>Section 4</u>, below |
| Note Reference Number: | (as Amended and Restated herein) |
| Payee: | |
| Payee SSN, ITIN or EIN: | |

**FOR VALUE RECEIVED**, Ruby's Diner, Inc., a California corporation (**"RDI"**), promises to pay to the order of the above-identified payee or its successor-in-interest (**"Payee"**), at Ruby's Diner, Inc., 557 Wald, Irvine, California 92618, or at such other place as Payee may from time to time designate in writing, in accordance with the terms of this Note, the CAIA (defined above), and the Credit Agreement (defined above), at the times more particularly set forth in this Note, the above-stated principal loan amount (**"Principal Amount"**), *plus* interest (**"Interest"**) on the Principal Amount at the above-stated interest rate (**"Interest Rate"**), which Interest shall begin to accrue on January 1, 2017 (the **"Interest Commencement Date"**). Initially capitalized terms which are not elsewhere defined in this Note shall have the meanings provided for them as set forth in <u>Section 18</u> to this Note.

**1.** **Restatement of Original Note**. This Note amends, modifies, restates, replaces and supersedes, in its entirety, that certain secured promissory note (the **"Original Note"**) dated February 10, 2012, and identified by the above-stated Note Reference Number, previously executed by RDI, as the payor, borrower and obligor, to and in favor of Payee, as the payee, lender and obligee.

**EXHIBIT "5"**

**PAGE 42**

2.    **Loan Balance; Forgiveness of Previously Accrued but Unpaid Interest**.

(a)    <u>Principal of this Note</u>.  As of the Note Restatement Date the total aggregate outstanding indebtedness evidenced by this Note, which is also the unpaid principal balance of this Note, is equal to the Principal Amount.  Payments of the Principal Amount are more particularly set forth in this Note (*e.g.,* <u>Section 6(b)</u> (respecting scheduled payments of Principal) <u>Section 7</u> (respecting accelerated payments of Principal, in general) and, if applicable, <u>Section 8</u> (respecting accelerated payments upon a Sale of the Business).

(b)    <u>Previously Accrued But Unpaid Interest Respecting the Original Note</u>.  As of the Note Restatement Date all previously accrued but unpaid interest, default interest, late charges and other sums or amounts payable or owed pursuant to the Original Note, which accrued prior the Note Restatement Date are hereby and forever cancelled, extinguished, forgiven and waived.

3.    **Interest Accrual**.  Commencing on the Interest Commencement Date, Interest shall accrue on the unpaid Principal Amount, at the Interest Rate.  Payments of Interest are more particularly set forth in <u>Section 6(a)</u> of this Note.

4.    **Maturity and Related Payments**.  All outstanding principal shall be due and payable in a single lump-sum "balloon" payment, together with all accrued but unpaid Interest, on (i) the Initial Maturity Date or (ii), if applicable pursuant to the definition of Maturity Date, the Extended Maturity Date, or (iii) if a Sale of the Business occurs prior to the Initial Maturity Date or, if applicable the Extended Maturity Date, then notwithstanding the foregoing, all amounts due pursuant and subject to the terms of this Note (including <u>Section 8</u>) shall be due and payable upon the Accelerated Maturity Date. The portion of the Maturity Extension Accelerated Principal Payment contemplated in the definition of Maturity Date, which amount is required to be paid pursuant to this Note in order to extend the Initial Maturity Date to the Extended Maturity Date, shall be treated, for all purposes, as an accelerated pre-payment of the Principal Amount of this Note and shall reduce such Principal Amount, on a dollar-for-dollar basis, to the extent so paid.

5.    **Application of Payments**.  Except as contemplated in <u>Section 7</u> and <u>Section 8(a)</u>, any and all payments made on account of this Note shall be applied: (a) <u>first</u>, to the payment of accrued but unpaid Interest; (b) <u>second</u>, to the payment of any unpaid Principal Amount; and (c) <u>third</u>, to the payment of any other amounts payable pursuant to the terms of this Note.  For purposes of clarification, all amounts paid pursuant to the Notes, regardless of how applied pursuant to this <u>Section 5</u> or otherwise, shall be applied towards the Secured Noteholder's Secured Note Recoupment and the Unsecured Noteholder's Unsecured Note Recoupment, as applicable.

6.    **Scheduled Payments Pursuant to this Note**.  RDI will pay the schedule amounts due pursuant to this Note follows:

(a)    **Interest**.  Interest (as defined in this Note) shall be paid semi-annually, on June 30th and December 31st of each year during which Interest accrues.  Because Interest on the Principal Amount begins to accrue on the Interest Commencement Date (*i.e.,* January 1, 2017), the first payment of accrued Interest respecting this Note shall be on June 30, 2017.  All amounts of Interest paid pursuant to this <u>Section 6(a)</u> to the Secured Noteholders shall apply towards the Secured Note Recoupment, and all amounts paid pursuant to this <u>Section 6(a)</u> to the Unsecured Noteholders shall apply towards the Unsecured Note Recoupment.

(b)     **Principal**.  In addition to the Interest payments contemplated in <u>Section 6(a)</u>, principal shall be due and payable on the Maturity Date, as contemplated in <u>Section 4</u> and <u>Section 8</u>.  Any amounts paid pursuant to this <u>Section 6(b)</u> to the Secured Noteholders shall apply towards the Secured Note Recoupment, and all amounts paid pursuant to this <u>Section 6(b)</u> to the Unsecured Noteholders shall apply towards the Unsecured Note Recoupment.

7.     **Accelerated Principal Payments; Free Cash Flow From Operations**.  Until such time as all Principal has been paid respecting the Secured Notes and Unsecured Notes, Accelerated Principal Payments shall be paid to the Noteholders at the times and in the ratios contemplated in this <u>Section 7</u>.  Payments pursuant to this <u>Section 7</u> shall commence on April 30, 2018, and shall only be made once a year on April 30 of each year thereafter until no further Accelerated Principal Payments are due pursuant to this <u>Section 7</u>.  For purposes of clarification, the amount of Free Cash Flow from Operations not paid pursuant to this <u>Section 7</u> shall be retained by RDI for purposes of operations, working capital, incentive compensation payments to, among others, its employees and independent contractors, and for such other purposes as RDI-management determines to be reasonably appropriate.  Any amounts paid pursuant to this <u>Section 7</u> to the Secured Noteholders shall apply towards the Secured Note Recoupment, and any amounts paid pursuant to this <u>Section 7</u> to the Unsecured Noteholders shall apply towards the Unsecured Note Recoupment.  In addition, assuming all accrued Interest, the due date of which has passed, has been paid, any payment pursuant to this <u>Section 7</u> shall be applied to the applicable Note's principal.

*First-Tier Accelerated Principal Payments – 85% of applicable Free Cash Flow*

(a)     First, commencing on April 30, 2018, and until the Secured Note Recoupment is fully paid, (i) 55.6% of the First Tier Accelerated Principal Payment shall be paid to the Secured Noteholders, *pro rata* based upon the unpaid principal balance owed with respect to each of the Secured Notes, and (ii) 44.4% of the First Tier Accelerated Principal Payment shall be paid to the Unsecured Noteholders, *pro rata* based upon the unpaid principal balance owed with respect to each of the Unsecured Notes;

(b)     Second, until the Unsecured Note Recoupment is fully paid, 100% of the First Tier Accelerated Principal Payments shall be paid to the Unsecured Noteholders, *pro rata* based upon the unpaid principal balance owed with respect to each of the Unsecured Notes;

*Second-Tier Accelerated Principal Payments – 45% of applicable Free Cash Flow*

(c)     Third, until the Secured Notes (including all Principal and accrued but unpaid Interest thereon) are fully paid, (i) 55.6% of the Second Tier Accelerated Principal Payment shall be paid to the Secured Noteholders, *pro rata* based upon the unpaid principal balance owed with respect to each of the Secured Notes, and (ii) 44.4% of the Second Tier Accelerated Principal Payment shall be paid to the Unsecured Noteholders, *pro rata* based upon the unpaid principal balance owed with respect to each of the Unsecured Notes; and

(d)     Thereafter, until the Unsecured Notes (including all Principal and accrued but unpaid Interest thereon) are fully paid, 100% of the Second Tier Accelerated Principal Payments shall be paid to the Unsecured Noteholders, pro rata based upon the unpaid principal balance owed with respect to each of the Unsecured Notes.

8.     **Sale of the Business.**

(a) **Accelerated Principal Payments; Free Cash Flow From Sale of the Business.** Within sixty (60) days following a Sale of the Business, a one-time Accelerated Principal Payment shall be paid to the Noteholders in the ratios contemplated in this <u>Section 8</u>. For purposes of clarification, the amount of Free Cash Flow from Sale of the Business not paid pursuant to this <u>Section 8</u> shall be retained by RDI for purposes of incentive compensation payments to, among others, its employees. Any amounts paid pursuant to this <u>Section 8</u> to the Secured Noteholders shall apply towards the Secured Note Recoupment, and any amounts paid pursuant to this <u>Section 8</u> to the Unsecured Noteholders shall apply towards the Unsecured Note Recoupment. Assuming all accrued Interest, the due date of which has passed, has been paid, any payment pursuant to this <u>Section 8</u> shall be applied to the applicable Note's principal.

(i) If the Secured Note Recoupment has not yet been fully paid, (i) 55.6% of the First Tier Accelerated Principal Payment shall be paid to the Secured Noteholders, *pro rata* based upon the unpaid principal balance owed with respect to each of the Secured Notes, and (ii) 44.4% of the First Tier Accelerated Principal Payment shall be paid to the Unsecured Noteholders, *pro rata* based upon the unpaid principal balance owed with respect to each of the Unsecured Notes;

(ii) Thereafter, until the Unsecured Note Recoupment is fully paid, 100% of the First Tier Accelerated Principal Payments shall be paid to the Unsecured Noteholders, *pro rata* based upon the unpaid principal balance owed with respect to each of the Unsecured Notes;

(iii) Third, until the Secured Notes (including all Principal and accrued but unpaid Interest thereon) are fully paid, (i) 55.6% of the Second Tier Accelerated Principal Payment shall be paid to the Secured Noteholders, *pro rata* based upon the unpaid principal balance owed with respect to each of the Secured Notes, and (ii) 44.4% of the Second Tier Accelerated Principal Payment shall be paid to the Unsecured Noteholders, *pro rata* based upon the unpaid principal balance owed with respect to each of the Unsecured Notes; and

(iv) Thereafter, until the Unsecured Notes (including all Principal and accrued but unpaid Interest thereon) are fully paid, 100% of the Second Tier Accelerated Principal Payments shall be paid to the Unsecured Noteholders, *pro rata* based upon the unpaid principal balance owed with respect to each of the Unsecured Notes.

(b) **Note Cancellation.** Following (i) a Sale of the Business and (ii) the payment of all amounts due pursuant to this <u>Section 8</u> and, if applicable, <u>Section 9</u>, all remaining unpaid amounts respecting this Note, whether of Principal, Interest or otherwise, shall be, automatically and without any action of any Person required to be taken, cancelled, extinguished, forgiven and waived. RDI and the Noteholders acknowledge that as of the Note Restatement Date the likelihood that the provisions of this <u>Section 8(b)</u> will apply are remote and unlikely to occur.

9. **Contingent Additional Payment (Upon Maturity).** If, on, and not before, the Maturity Date, the total Net Equity (defined below) of RDI, as reasonably determined by RDI's accountants and management, is Fifteen Million Dollars ($15,000,000.00) or more, then in addition to any other amounts payable by RDI to Payee pursuant to this Note, on the Maturity Date RDI shall pay Payee, as a contingent additional principal payment (the **"Additional Contingent Payment"**), an amount equal to the product of (i) 1.115%, *multiplied by* (ii) the Principal Loan Amount as of the Note Restatement Date. Payee, by its acceptance of this Note, acknowledges that neither RDI nor any other Person has made any

representation, warranty or other assurance that, as of the Maturity Date, (i) the Net Equity of RDI will be $15,000,000.00 or more, or (ii) RDI will have the ability to pay any such Additional Contingent Payment, or any other payment provided for in this Note.  In addition, Payee acknowledges that as of the Note Restatement Date the likelihood that the Additional Contingent Payment will become due is remote and unlikely to occur.  Payee also acknowledges that the Contingent Payment Debt Instrument rules set forth in the Internal Revenue Code of 1986, as amended, and the Treasury Regulations promulgated thereunder, shall apply to the Additional Contingent Payment.

**10.**    **Credit Agreement, CAIA and Other Credit Documents**.    The Secured Notes, including this Note, are collectively governed by the Credit Agreement (as defined above), as amended from time to time, and the CAIA (as defined above) as amended from time to time, pursuant to which the Collateral Agent (as defined above and in the Credit Agreement) is the duly-authorized representative of Payee and the other Secured Noteholders with respect to the Secured Notes, and by any other documents executed by the Secured Noteholders in connection with the Secured Notes (collectively, the **"Credit Documents"**).

**11.**    **Prepayment**.    RDI may voluntarily prepay the obligations under this Note in whole or in part without any premium or penalty.

**12.**    **Default**.    Subject to the Cure Provisions (as therein defined) set forth in Section 3.7 of the Credit Agreement, and any other applicable cure provisions to which RDI may be entitled, if RDI fails to make a payment when due or fails to comply with any other term of this Note, or any Credit Document, this Note will be considered in default; provided, however, that the failure by RDI to make any payment required pursuant to this Note will not constitute a default unless and until the delinquent payment required pursuant to this Note is more than six (6) months past due.

**13.**    **Conventions**.    This Note incorporates the following conventions:

**(a)**    The words **"include"**, **"includes"** and **"including"** will be deemed and construed to be immediately followed by the words "without limitation".

**(b)**    The words **"will"** and **"shall"** refer to a mandatory act or obligation, unless the context in which the word is used logically prohibits the application of this convention.

**(c)**    The word **"person"** includes human beings, trusts, estates, receiverships, corporations, limited liability companies, partnerships, joint ventures, labor unions, governmental entities and authorities, and other entities of any kind.

**(d)**    The word **"Dollars"** and the symbol **"$"** refer to United States Dollars.

**(e)**    Unless otherwise expressly stated, all references to **"days"** will mean calendar days, and all references to **"years"** will mean calendar years.

**(f)**    Words or phrases denoting the singular will include the plural, words or phrases denoting the plural will include the singular, and words or phrases denoting gender will include all genders, unless the context in which the word or phrase is used logically prohibits the application of this convention.

**EXHIBIT "5"**

**PAGE 46**

**(g)**    A reference to any Party or any party to any other contract or document will include such person's successors and permitted assigns.

**14.    Usury Savings Clause**.  In no event shall interest accrue or be payable under this Note or any Credit Document in excess of the maximum applicable amount of interest, if any, permitted on the date hereof by the laws of the State of California.  Furthermore, if any sum paid pursuant to this Agreement would otherwise constitute a payment of interest in excess of the maximum amount permitted by law, then the amount paid in excess of any such limit shall not constitute a payment of interest, but rather, shall instead constitute a loan by RDI to Payee, which loan shall bear non-compounded interest at the Libor Rate until paid.

**15.    Governing Law**.  The validity of this Note and any Credit Document, the construction, interpretation and enforcement, and the rights of the parties thereunder, shall be determined according to the laws of the State of California.  The parties agree that all actions or proceedings arising in connection with this Note and any Credit Document shall be tried and litigated only in the state and federal courts in California.

**16.    Attorney's Fees**.  If any legal action or proceeding is brought hereunder to enforce or construe a provision of this Agreement or any other Credit Document, the unsuccessful party in such action or proceeding, whether or not such action or proceeding is settled or prosecuted to final judgment, shall pay all of the reasonable attorney's fees and costs incurred by the prevailing party in the action.

**17.    Acceptable Currency.**  All payments required pursuant to this Note shall be payable in lawful money of the United States.

**18**.    **Definitions**.  For purposes of this Agreement, the following initially capitalized terms shall have the following definitions.

"**Accelerated Maturity Date**" means sixty (60) days following the Sale of the Business.

"**Accelerated Principal Payments**" means (i) the First Tier Accelerated Principal Payments, and (ii) the Second Tier Accelerated Principal Payments.

"**Extended Maturity Date**" means June 30, 2031.

"**First Tier Accelerated Principal Payments**" means eighty-five percent (85%) of either (i) Free Cash Flow from Operations or (ii), if applicable, Free Cash Flow from Sale of the Business.

"**Free Cash Flow from Operations**" means the cash revenue actually collected or received by RDI or an RDI Subsidiary (as opposed to income realized or recognized by, or allocated to, RDI or an RDI Subsidiary) for the immediately preceding fiscal year, regardless of source, *reduced by,* the amounts set forth below which were paid or incurred during, or with respect to, such preceding fiscal year, which amounts were paid or incurred by RDI or such RDI Subsidiary:

(1)    any and all cash expenditures including, by way of example only, (i) operating expenses and capital expenditures (which shall be defined broadly to include expenditures not deductible from revenues when calculating income for the year in which the expenditure occurred), (ii) principal payments on any indebtedness, (iii) any and all deductible and non-

**EXHIBIT "5"**

**PAGE 47**

deductible expenses, and (iv) cash outlays and/or expenditures of any kind whatsoever (*e.g.,* deposits, prepaid expenses, etc.);

(2)    any amounts paid, distributed or intended to be paid or distributed by RDI (or an RDI Subsidiary) so as to enable RDI (or such RDI Subsidiary, as applicable), each equity holder of RDI (or each equity holder of an RDI Subsidiary, as applicable) and each ultimate beneficial owner of any such equity holder, to discharge such Person's U.S. federal, state and local Tax liabilities for the applicable year for which a payment or distribution is being made, *provided that* in determining the amount required to be reduced from the definition of Free Cash Flow pursuant to this clause (2), it shall be assumed that:

(A)    with respect to any equity holder of RDI, or of an RDI Subsidiary, or an ultimate beneficial owner of any such equity holder, such Person is subject to taxes at the highest combined marginal federal and state income tax rates applicable to individuals in the State of California for such year, which highest combined rates shall be further increased (but not decreased) to take into account such other taxes and rates as RDI's management and accountants reasonably believe are applicable after taking into account all applicable facts and circumstances, <u>and</u> the only items entering into the computation of tax liability of such Person with respect to such Person's interest in RDI (or such RDI Subsidiary) are:

(i)    the cumulative items of income, gain, loss, deduction and credit allocated (whether from RDI or an RDI Subsidiary) to such Person for the applicable year for which a tax distribution is being made,

(ii)    any then-existing suspended losses of, or respecting, such Person, which suspended losses were not previously taken into account for these purposes, and which relate to such Person's interest in RDI (or in an RDI Subsidiary), and

(iii)    any then-existing loss carryforwards of, or respecting, such Person, which loss carryforwards were not previously taken into account for these purposes, and which relate to such Person's interest in RDI (or in an RDI Subsidiary); and

(B)    RDI (and such RDI Subsidiary) is subject to taxes at a rate and in an amount reasonably estimated by RDI's management and accountants after taking into account all applicable facts and circumstances.

(3)    all payments made by RDI to the Secured Noteholders and Unsecured Noteholders; and

(4)    an amount sufficient, as reasonably determined by the management of RDI after taking into account the overall financial condition of RDI (and any RDI Subsidiary), including the assets, liabilities, projected revenues, and projected expenses and expenditures of RDI (and any RDI Subsidiary), to: (A) pay all obligations and liabilities of RDI (or such RDI Subsidiary), as and when due; and (B) maintain a reasonable and prudent operating reserve for anticipated and unanticipated future expenses and liabilities of RDI (and any RDI Subsidiary) and its equity

**EXHIBIT "5"**

**PAGE 48**

holders and ultimate beneficial owners (*e.g.,* amounts contemplated in <u>clause 2.A</u> of this definition).

For purposes of clarification, no component part of the calculation of Free Cash Flow from Operations shall be taken into account more than once.

"**Free Cash Flow From Sale of the Business**" means an amount equal to the cash revenue actually collected or received by RDI or an RDI Subsidiary (as opposed to income realized or recognized by, or allocated to, RDI or an RDI Subsidiary) from the Sale of the Business, *reduced by* the amounts set forth below which were paid or incurred during, or with respect to, the fiscal year in which such Sale of Business occurs (or shortly thereafter), or the immediately preceding year to the extent not previously taken into account in calculating any payment of Free Cash Flow from Sale of the Business or Free Cash Flow from Operations, which amounts were paid or incurred by RDI or and RDI Subsidiary:

> (1)    any and all cash expenditures including, by way of example only, (i) operating expenses and capital expenditures (which shall be defined broadly to include expenditures not deductible from revenues when calculating income for the year in which the expenditure occurred), (ii) principal payments on any indebtedness, (iii) any and all deductible and non-deductible expenses, and (iv) cash outlays and/or expenditures of any kind whatsoever (*e.g.,* deposits, prepaid expenses, etc.);

> (2)    any amounts distributed or intended to be distributed by RDI (or an RDI Subsidiary) so as to enable RDI (or such RDI Subsidiary, as applicable), each equity holder of RDI (or each equity holder of an RDI Subsidiary, as applicable) and each ultimate beneficial owner of any such equity holder, to discharge such Person's U.S. federal, state and local Tax liabilities for the applicable year(s) for which a distribution is being made, *provided that* in determining the amount required to be reduced from the definition of Free Cash Flow pursuant to this clause (2), it shall be assumed that:

>> (A)    with respect to any equity holder of RDI, or of an RDI Subsidiary, or an ultimate beneficial owner of any such equity holder, such Person is subject to taxes at the highest combined marginal federal and state income tax rates applicable to individuals in the State of California for such year, which highest combined rates shall be further increased (but not decreased) to take into account such other taxes and rates as RDI's management and accountants reasonably believe are applicable after taking into account all applicable facts and circumstances, <u>and</u> the only items entering into the computation of tax liability of such Person with respect to such Person's interest in RDI (or such RDI Subsidiary) are:

>>> (i)    the cumulative items of income, gain, loss, deduction and credit allocated (whether from RDI or an RDI Subsidiary) to such Person for the applicable year(s) for which a tax distribution is being made,

>>> (ii)    any then-existing suspended losses of, or respecting, such Person, which suspended losses were not previously taken into account for these purposes, and which relate to such Person's interest in RDI (or in an RDI Subsidiary), and

(iii)    any then-existing loss carryforwards of, or respecting, such Person, which loss carryforwards were not previously taken into account for these purposes, and which relate to such Person's interest in RDI (or in an RDI Subsidiary); and

(B)    RDI (and such RDI Subsidiary) is subject to taxes at a rate and in an amount reasonably estimated by RDI's management and accountants after taking into account all applicable facts and circumstances.

(3)    all payments made by RDI to the Secured Noteholders and Unsecured Noteholders;

(4)    an amount sufficient, as reasonably determined by the management of RDI after taking into account the overall financial condition of RDI (and any RDI Subsidiary), including the assets, liabilities, projected revenues, and projected expenses and expenditures of RDI (and any RDI Subsidiary), to: (A) pay all obligations and liabilities of RDI (or such RDI Subsidiary), as and when due; and (B) maintain a reasonable and prudent operating reserve for anticipated and unanticipated future expenses and liabilities of RDI (and any RDI Subsidiary) and its equity holders and ultimate beneficial owners (*e.g.,* amounts contemplated in <u>clause 2.A</u> of this definition); and

(5)    any and all (i) transaction costs, (ii) bank debt, (iii) vendor obligations and other liabilities, (iv) management-related or employee bonus or incentive payment, and (v) all other obligations such as professional fees, accruals and accounts payable, in each instance of RDI any RDI Subsidiary, and any equity holder or ultimate beneficial owner of RDI, including but not limited those paid or incurred in connection with a Sale of Business.

For purposes of clarification, no component part of the calculation of Free Cash Flow From Sale of the Business shall be taken into account more than once.

"**Initial Maturity Date**" means June 30, 2026.

"**Interest Rate**" is defined in the opening recitals to this Note.

"**Interest Commencement Date**" is defined in the opening recitals to this Note.

"**Maturity Date**" means:

(a)    the Initial Maturity Date; or

(b)    the Extended Maturity Date if on or before the Initial Maturity Date:

(i)    each of (x) the Secured Noteholders have been paid at least fifty percent (50%), of the Secured Note Recoupment in accordance with the terms of the Secured Notes, and (y) the Unsecured Noteholders have been paid at least fifty percent (50%) of the Unsecured Note Recoupment in accordance with the terms of the Unsecured Notes; *and*

(ii)    RDI causes to be paid, on or before the Initial Maturity Date, in addition to all other amounts payable pursuant the Secured Notes and the Unsecured

Notes which other amounts are due at such time, an aggregate amount equal to One Hundred Thousand Dollars ($100,000) (the "**Maturity Extension Accelerated Principal Payment**"), which Maturity Extension Accelerated Principal Payment shall be paid to, and among, the Secured Noteholders and the Unsecured Noteholders in the relative proportions that each such Noteholder would receive with respect to a payment made pursuant to <u>Section 7</u> as of the time such Maturity Extension Accelerated Principal Payment is made; or

(c)      if a Sale of the Business occurs prior to the Initial Maturity Date or, if applicable, the Extended Maturity Date, then the Accelerated Maturity Date.

"**Net Equity**" means the fair market value of RDI as an enterprise (including its cash and the fair market value of, for example, any goodwill or going concern value), less any indebtedness for borrowed money.

"**Note**" is defined in the opening legend on the first page of this amended and restated promissory note.

"**Noteholders**" means each of the Secured Noteholders and the Unsecured Noteholders.

"**Note Restatement Date**" is July 1, 2016.

"**Original Note**" is defined in <u>Section 1</u> of this Note.

"**Payee**" is defined in the opening recitals to this Note.

"**Person**" means any individual, firm, corporation, partnership, limited liability company, trust, estate, association or other legal entity.

"**Principal Amount**" is defined in the opening recitals to this Note.

"**RDI**" is defined in the opening recitals to this Note.

"**RDI Subsidiary**" means any direct or indirect wholly owned subsidiary of RDI, and not including any subsidiary of RDI which, after taking into account direct and indirect ownership, is only partially owned by RDI.

"**Sale of the Business**" means a taxable sale or other taxable disposition of all of RDI's assets, including a taxable sale or other taxable disposition of all of the assets indirectly held by RDI through one or more RDI Subsidiaries.

"**Second Tier Accelerated Principal Payments**" means forty-five percent (45%) of either (i) Free Cash Flow from Operations, or (ii), if applicable, Free Cash Flow from Sale of the Business.

"**Secured Notes**" means all Amended and Restated Secured Promissory Notes dated July 1, 2016, in a form substantially similar to the form of this Note, including this Note, executed by RDI substantially contemporaneously herewith, in the total aggregate Principal Amount of $2,985,016.64

"**Secured Noteholders**" means all holders of Secured Notes, including Payee.

**"Secured Note Recoupment"** means the payment by RDI to the Secured Noteholders, in accordance with provisions set forth in <u>Section 7</u>, of the total aggregate cash sum of $2,985,016.64 (regardless of how such sum is applied for purposes of <u>Section 5</u> hereof or otherwise).

**"Taxes"** means any and all federal, state, provincial, local or non-U.S. income, gross receipts, franchise, estimated, alternative minimum, add-on minimum, ad valorem, sales, use, production, lease, transaction privilege, transfer, registration, value added, excise, service, service use, documentary or documentation, severance, stamp, occupation, premium, windfall profit, profit, environmental, escheat and unclaimed property, customs, duties, tariffs, imposts, real property, personal property, capital stock, social security (or similar tax, including Federal Insurance Contribution Act (FICA) tax), employment, unemployment, disability, worker's compensation, payroll, license, employee withholding, withholding, backup withholding, or other tax, charge, levy, assessment, or fee of any kind whatsoever, including any interest, penalties, additions to tax, or additional amounts in respect of the foregoing, or in respect of such interest, penalties, additions to tax or additional amounts, in each instance whether disputed or not.

**"Unsecured Notes"** means all Amended and Restated (Unsecured) Promissory Notes dated July 1, 2016, executed by RDI substantially contemporaneously herewith, in the total aggregate Principal Amount of $5,540,527.72.

**"Unsecured Noteholders"** means all holders of Unsecured Notes

**"Unsecured Note Recoupment"** means the payment by RDI to the Unsecured Noteholders, in accordance with the terms of the Unsecured Notes, of the total aggregate cash sum of $5,540,527.72 (regardless of how such sum is applied for purposes of <u>Section 5</u> hereof or otherwise).

**IN WITNESS WHEREOF**, the undersigned has duly executed this Note as of the date first written above.

RUBY'S DINER, INC., a California corporation

By:     _____

Douglas S. Cavanaugh
Its:    Chairman and Chief Executive Officer

**EXHIBIT "5"**

**PAGE 52**

**EXHIBIT "6"**

**FIRST AMENDMENT TO SECURITY AGREEMENT,
CREDIT AGREEMENT (SECURED),
COLLATERAL AGENT AND INTERCREDITOR AGREEMENT (SECURED),
CREDIT AGREEMENT (UNSECURED), AND
REPRESENTATIVE AND INTERCREDITOR AGREEMENT (UNSECURED),
AND AGREEMENT REGARDING RESTATEMENT OF PROMISSORY NOTES**

This First Amendment to Security Agreement, Credit Agreement (Secured), Collateral Agent and Intercreditor Agreement (Secured), Credit Agreement (Unsecured), and Representative and Intercreditor Agreement (Unsecured), and Agreement Regarding Restatement of Promissory Notes (this "**Amendment**"), is made, executed, entered into effective as of July 1, 2016, by and among:

Ruby's Diner, Inc., a California corporation ("**RDI**");

Credit Management Association, Inc., a California corporation (the "**Collateral Agent**"), acting solely in a representative capacity as more particularly discussed below; and

The Steering Committee (as defined below), acting solely in a representative capacity as more particularly discussed below;

(each, individually, a "**Party**", and all, collectively, the "**Parties**"), with regard to the following facts, circumstances, understandings, beliefs and desires (the "**Recitals**"):

**R E C I T A L S:**

**A.**      Section 1.1 sets forth word and phrases which, we capitalized and used in this Amendment, have specifically assigned meanings for purposes of this Amendment.

**B.**      The Collateral Agent is authorized to act, and is hereby acting, solely in a representative capacity, for and on behalf of the Secured Creditors, pursuant to the Original CAIA, the Original Credit Agreement (Secured), and the written consent of the Required Secured Noteholders obtained pursuant to the Consent Solicitation, for all purposes relating to this Amendment and the amendment and restatement of the Original Secured Notes as provided for in Section 3.1.

**C.**      The Steering Committee is authorized to act, and is hereby acting, solely in a representative capacity, for and on behalf of the Unsecured Creditors, pursuant to the Original RIA, the Original Credit Agreement (Secured), and the written consent of the Required Unsecured Noteholders obtained pursuant to the Consent Solicitation, for all purposes relating to this Amendment and the amendment and restatement of the Original Unsecured Notes as provided for in Section 3.2.

**D.**      The Parties desire pursuant to this Amendment and the Consent Solicitation, to:

(1)      Amend and restate the Original Secured Notes, through the cancellation of the Original Secured Notes and the issuance of the Restated Secured Notes;

(2)      Amend and restate the Original Unsecured Notes, through the cancellation of the Original Unsecured Notes and the issuance of the Restated Unsecured Notes;

(3)      Amend the Original Security Agreement as set forth in this Amendment;

(4)      Amend the Original Credit Agreement (Secured) as set forth in this Amendment;

Omnibus First Amendment                                                                                      Ruby's Diner, Inc.

**EXHIBIT "6"
PAGE 53**

(5)    Amend the Original CAIA as set forth in this Amendment; and

(6)    Amend the Original RIA as set forth in this Amendment.

**PURSUANT TO THE RECITALS**, which are incorporated into this Amendment, and in consideration of the covenants, agreements, representations, warranties and declarations set forth in this Amendment, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties, intending to bind themselves and the Noteholders, hereby covenant, agree, warrant, represent and declare as follows:

**ARTICLE 1**
**DEFINITIONS, CONVENTIONS AND RULES OF CONSTRUCTION**

**1.1    Definitions.** The following words or phrases, when capitalized and used in this Amendment or any other document incorporating by reference the definitions in this Amendment, will have the following meaning, unless the context reasonably prohibits the application of such definition:

**"Amendment"** means this document (as also defined in the Preamble).

**"CAIA"** means the Original CAIA, as amended by this Amendment.

**"Claim"** means and will be construed broadly to include debts, obligations, agreements, contracts, covenants, representations, warranties, guaranties, indemnities, breaches, acts, errors, omissions, defaults, damages, injuries, losses, demands, causes of action, actions, orders, judgments, encumbrances, liens, levies, writs, charges, costs, expenses, liabilities and claims of any kind, whether at law or in equity and whether known or unknown.

**"Collateral Agent"** is defined in the Preamble.

**"Consent Solicitation"** means the Consent Solicitation Statement and Solicitation by RDI of Consents to Amendments of its Secured Promissory Notes and Unsecured Promissory Notes dated May __, 2016, including all Exhibits, Schedules and Annexes thereto.

**"Credit Agreement (Secured)"** means the Original Credit Agreement (Secured), as amended by this Amendment and any subsequent amendments thereto.

**"Credit Agreement (Unsecured)"** means Original Credit Agreement (Unsecured), as amended by this Amendment and any subsequent amendments thereto.

**"Noteholders"** means the Secured Noteholders and the Unsecured Noteholders.

**"Notes"** means the Secured Notes and the Unsecured Notes

**"Original CAIA"** means the Collateral Agent and Intercreditor Agreement dated as of February 10, 2012, executed by RDI, the Collateral Agent, and the holders at that time of all of the Original Secured Notes.

**"Original Credit Agreement (Secured)** means the Credit Agreement (Secured), dated as of February 10, 2012, executed by RDI and the Collateral Agent.

Omnibus First Amendment                                Ruby's Diner, Inc.

**EXHIBIT "6"**
**PAGE 54**

**"Original Credit Agreement (Unsecured)** means the Credit Agreement (Unsecured), dated as of July 16, 2012, executed by RDI and the persons comprising the Steering Committee as of said date.

**"Original RIA"** means the Representative and Intercreditor Agreement dated July 16, 2012, executed by RDI, the Steering Committee as then comprised, and the holders at that time of all of the Original Unsecured Notes.

**"Original Secured Note"** means any Secured Promissory Note issued by RDI dated February 10, 2012, and **"Original Secured Notes"** means all Secured Promissory Notes issued by RDI dated February 10, 2012, in the in the total aggregate Principal Amount of $2,985,016.64.

**"Original Security Agreement"** means the Security Agreement (Personal Property), executed by RDI in favor of the Collateral Agent, for the benefit of the Secured Noteholders, dated as of February 10, 2012.

**"Original Unsecured Note"** means any Unsecured Promissory Note issued by RDI dated July 16, 2012, and **"Original Unsecured Notes"** means all Secured Promissory Notes issued by RDI dated July 16, 2012, in the in the total aggregate Principal Amount of $5,540,533.37.

**"Party"** and **"Parties"** are defined in the Preamble.

**"Preamble"** means the first paragraph of this Amendment.

**"Principal Amount"**, means, with respect to any Note, the unpaid principal indebtedness evidenced by the Note, exclusive of accrued but unpaid interest, default interest, late fees, enforcement costs, or any other sums (other than principal) owed pursuant to the Note.

**"RDI"** is defined in the Preamble.

**"Recitals"** is defined in the Preamble.

**"Required Secured Noteholders"** means Secured Noteholders holding, in the aggregate, 51.00% or more of the total aggregate Principal Amount of the Secured Notes, with said definition to be construed as being effectively identical to the definition of *"Required Secured Noteholders"* set forth in Section 1 of the Credit Agreement (Secured).

**"Required Unsecured Noteholders"** means Unsecured Noteholders holding, in the aggregate, 67.70% or more of the total aggregate Principal Amount of the Unsecured Notes, with said definition to be construed as being effectively identical to the definition of *"Required Unsecured Noteholders"* set forth in Section 1 of the Credit Agreement (Unsecured).

**"Restatement Date"** means July 1, 2016.

**"Restated Notes"** means the Restated Secured Notes and Restated Unsecured Notes.

**"Restated Secured Notes"** means the Secured Notes dated as of the Restatement Date, issued by RDI in replacement of the Original Secured Notes.

Omnibus First Amendment                                      Ruby's Diner, Inc.

"**Restated Unsecured Notes**" means the Unsecured Notes dated as of the Restatement Date, issued by RDI in replacement of the Original Unsecured Notes.

"**RIA**" means the Original RIA, as amended by this Amendment.

"**Secured Noteholders**" means all holders of the Secured Notes.

"**Secured Notes**" means, prior to the Restatement Date, all of the Original Secured Notes, and following the Restatement Date, all of the Restated Secured Notes, in the total aggregate Principal Amount of $2,985,016.64.

"**Security Agreement**" means the Original Security Agreement, as amended by this Amendment and any subsequent amendments thereof.

"**Steering Committee**" means the committee formed pursuant to, and acting solely in a representative capacity for and on behalf of the Unsecured Noteholders accordance with, the Original RIA and the Original Credit Agreement (Unsecured), both as hereby amended, with said committee presently consisting of Don Lavoie, Maureen Melvold, Mike Munz, William Pope, Dick Silva, and John Teel, each of whom is an Unsecured Noteholder.

"**Unsecured Noteholders**" means all holders of Unsecured Notes

"**Unsecured Notes**" means, prior to the Restatement Date, all of the Original Unsecured Notes, and following the Restatement Date, all of the Restated Unsecured Notes, in the total aggregate Principal Amount of $5,540,527.72.

**1.2**   **Conventions.**   This Amendment incorporates the following conventions:

(a)   The words "**include**", "**includes**" and "**including**" will be deemed and construed to be immediately followed by the words "without limitation".

(b)   The words "**will**" and "**shall**" refer to a mandatory act or obligation, unless the context in which the word is used logically prohibits the application of this convention.

(c)   The word "**person**" includes human beings, trusts, estates, receiverships, corporations, limited liability companies, partnerships, joint ventures, labor unions, and governmental entities.

(d)   The word "**Dollars**" and the symbol "**$**" refer to United States Dollars.

(e)   Unless otherwise expressly stated, all references to "**days**" will mean calendar days, and all references to "**years**" will mean calendar years.

(f)   Words or phrases denoting the **singular** will include the plural, words or phrases denoting the **plural** will include the singular, and words or phrases denoting **gender** will include all genders, unless applying this convention would be contrary to the obvious intent of this Amendment.

(g)   A reference to any Party or any party to any other contract or document will include such person's **successors and permitted assigns**.

Ruby's Diner, Inc.

**EXHIBIT "6"
PAGE 56**

**1.3    Rules of Construction.** This Amendment will be liberally construed to effectuate the amendment of the various credit documents described in this Amendment and the release of Claims provided for in this Amendment. Article and Section headings are for convenience only and will not be considered in resolving questions of construction or interpretation. Each Party to this Amendment will be deemed to have had equal bargaining strength in the negotiation of this Amendment and equal responsibility for the preparation of this document, such that neither this document, nor any uncertainty or ambiguity herein, will be arbitrarily construed or resolved against any Party pursuant to any Law or rule of construction to the effect that ambiguities in documents are to be construed against the drafter of the document.

**ARTICLE 2**
**THE AMENDMENTS**

**2.1    Restatement of the Original Secured Notes.** Effective as of the Restatement Date, the Original Secured Notes are amended and restated by the Restated Secured Notes. Accordingly: (a) the Original Secured Notes are hereby cancelled and replaced by the Restated Secured Notes; (b) RDI shall issue a Restated Secured Note properly completed in the form attached as Exhibit "A", in amendment, substitution and replacement of each Original Secured Note, and deliver each such Restated Secured Note to its respective Noteholder; (c) each Secured Noteholder shall surrender to RDI each such cancelled Original Secured Note held by the Secured Noteholder; and (d) the sole right of any Secured Noteholder regarding its cancelled Original Secured Note shall be to exchange its cancelled Original Secured Note for a Restated Secured Note.

**2.2    Restatement of the Original Unsecured Notes.** Effective as of the Restatement Date, the Original Unsecured Notes are amended and restated by the Restated Unsecured Notes. Accordingly: (a) the Original Unsecured Notes are hereby cancelled and replaced by the Restated Unsecured Notes; (b) RDI shall issue a Restated Unsecured Note properly completed in the form attached as Exhibit "B", in amendment, substitution and replacement of each Original Unsecured Note, and deliver each such Restated Unsecured Note to its respective Noteholder; (c) each Unsecured Noteholder shall surrender to RDI each such cancelled Original Unsecured Note held by the Secured Noteholder; and (d) the sole right of any Unsecured Noteholder regarding its cancelled Original Unsecured Note shall be to exchange its cancelled Original Unsecured Note for a Restated Unsecured Note.

**2.3    Omnibus Amendment of the Credit Documents.** Effective as of the Restatement Date, the Original Security Agreement, the Original Credit Agreement (Secured), the Original CAIA, the Original Credit Agreement (Unsecured), and the Original RIA, are hereby amended as set forth in this Amendment; provided, however, that except as expressly amended by this Amendment, those documents remain unchanged and in full force and effect. In the event of any inconsistency between any term or provision set forth in the Restated Notes or this Amendment, and any term or provision set forth in any of such other documents, the terms and provisions set forth in the Restated Notes and this Amendment will govern and control.

**2.4    Amended References.** Effective as of the Restatement Date, any and all references in any of the Original Security Agreement, the Original Credit Agreement (Secured), the Original CAIA, the Original Credit Agreement (Unsecured), or the Original RIA, to: (a) the Secured Notes shall hereafter mean and refer to the Restated Secured Notes; (b) the Unsecured Notes shall hereafter mean and refer to the Restated Unsecured Notes; (c) the Security Agreement shall hereafter mean and refer to the Security Agreement as amended by this Amendment; (d) the Credit Agreement (Secured) shall hereafter mean and refer to the Credit Agreement (Secured) as amended by this Amendment; (e) the CAIA shall hereafter mean and refer to the CAIA as amended by this Amendment; (f) the

Omnibus First Amendment                                                                                    Ruby's Diner, Inc.

**EXHIBIT "6"**
**PAGE 57**

Credit Agreement (Unsecured) shall hereafter mean and refer to the Credit Agreement (Unsecured) as amended by this Amendment; and (g) the RIA shall hereafter mean and refer to the RIA as amended by this Amendment.

**2.5    Board of Directors.**  Until all of the Restated Secured Notes and Restated Unsecured Notes are fully paid or terminated, the Board of Directors of RDI shall consist of a total of five (5) members, the Steering Committee shall have the right to appoint two (2) of the five (5) members of the Board, and the shareholders of RDI shall have the right to appoint three (3) of the five (5) members of the Board; provided, however, that any persons appointed to the Board by the Steering Committee must be acceptable to RDI in its sole and absolute discretion.  The Steering Committee hereby appoints Dick Silva and Bill Pope to the Board, as its two (2) members, and RDI hereby approves and accepts their appointment.

**2.6    Sale of Restaurants.**  RDI and its subsidiaries are hereby authorized to sell any restaurants owned by RDI or any of its subsidiaries.  Any and all prohibitions against any such sales, including any prohibitions set forth in the Original Secured Notes, the Original Security Agreement, the Original Credit Agreement (Secured), the Original CAIA, the Original Unsecured Notes, the Original Credit Agreement (Unsecured), the Original RIA, or any other document executed by RDI in connection with the Original Secured Notes or Original Unsecured Notes, are hereby waived and terminated, such that a sale of any such restaurants will not constitute a breach or default of any such document.  Any restaurant sales agreements entered into by RDI in anticipation of this Amendment, and any resulting restaurant sales, are hereby approved.  Any such restaurant sales shall be deemed to be free and clear of any security interest, lien or encumbrance existing under the Security Agreement, and this Amendment will constitute a termination and release of any such security interest, lien or encumbrance upon the consummation of any such sales.  Furthermore, upon the request of RDI, the Collateral Agent will promptly execute and deliver to RDI on behalf of the Secured Noteholders, a written release and termination of any such security interests, liens and encumbrances.

**2.7    Authorization of Shareholder Distributions To Facilitate Shareholder Tax Payments.**  RDI is authorized to distribute to each shareholder of RDI an amount sufficient to enable each shareholder (and each beneficial owner thereof (each shareholder and beneficial owner referred to in this Section 2.7 as a "Taxpayer")), to discharge such Taxpayer's U.S. federal, state and local tax liabilities, provided that in determining the amount to be distributed as contemplated in this Section 2.7, it shall be assumed that: (i) such Taxpayer is subject to taxes at the highest combined marginal federal and state income tax rates applicable to individuals in the State of California for such tax year, which highest combined rates shall be further increased (but not decreased) to take into account such other taxes and rates as RDI's management and accountants reasonably believe are applicable after taking into account all applicable facts and circumstances, and (ii) the items entering into the computation of tax liability of such Taxpayer include, but are not limited to,: (A) the cumulative items of RDI-related income, gain, loss, deduction and credit allocated to such Taxpayer for the applicable tax year(s) for which a distribution is being made, (B) any then-existing suspended losses of, or respecting, such Taxpayer, which suspended losses were not previously taken into account for these purposes, and which relate to such Taxpayer's interest in RDI, and (C) any then-existing loss carryforwards of, or respecting, such Taxpayer, which loss carryforwards were not previously taken into account for these purposes, and which relate to such Taxpayer's interest in RDI.  The distribution contemplated in this Section 2.7 is more particularly addressed in the definition of "Free Cash Flow from Operations" and Free Cash Flow from Sale of the Business," each of which is defined in the Restated Notes.

**2.8    Authorization of Payment of Certain Management Incentives.**  RDI is hereby authorized to pay to the management of RDI, as a performance incentive and paid compensation, any and all

Omnibus First Amendment                                                                      Ruby's Diner, Inc.

**EXHIBIT "6"**
**PAGE 58**

*"Free Cash Flow From Operations"* and *"Free Cash Flow From Sale of Business"*, as such terms are defined in the Restated Notes, not payable to the Noteholders pursuant to the Restated Notes.

**2.9    RDI Quality Assurance Program.** Certain of the Noteholders are participants in a quality assurance program operated by RDI, pursuant to which those certain Noteholders are encouraged by RDI to frequently and anonymously dine at RDI restaurants and provide RDI with comments, criticisms and other informational feedback regarding their dining experiences, to assist RDI in maintaining and improving the quality of its food, service, and overall customer satisfaction, including by providing those certain Noteholders with certain meal credits or reimbursements paid by RDI. Nothing in this Amendment, the Restated Secured Notes or the Restated Unsecured Notes will be deemed or construed to have amended, modified, revised, extended, terminated or cancelled any such quality assurance program.

**2.10    Required Legends.** The Original Credit Agreement (Secured) is hereby revised to substitute the legend appearing on the first page of the form of Restated Secured Note attached as Exhibit "A" for the legend set forth in Section 8 of the Original Credit Agreement (Secured). The Original Credit Agreement (Unsecured) is hereby revised to substitute the legend appearing on the first page of the form of Restated Unsecured Note attached as Exhibit "B" for the legend set forth in Section 9 of the Original Credit Agreement (Unsecured).

**2.11    Steering Committee Membership and Action.** Mike Dingillo and John Overdevest, each of whom was a member of the Steering Committee, recently gave notice to RDI of their resignations from the Steering Committee. The Parties hereby accept said resignations and hereby waive, with respect only to those two (2) resignations, the requirement for a thirty (30) day notice of resignation set forth in Section 10(k) of the Original RIA. Notwithstanding anything in the Original RIA or any other document to the contrary: (a) the Steering Committee shall be comprised of a total of not more than nine (9) members, each of whom must be an Unsecured Noteholder; (b) all actions taken by the Steering Committee prior to the Restatement Date are hereby ratified an approved, regardless of the number of persons serving on the Steering Committee at the time such action was taken; (c) the Steering Committee shall act pursuant to the vote, approval or consent of a simple majority of the members of the Steering Committee; and (d) a vacancy on the Steering Committee may be filled pursuant to the written consent of the Required Unsecured Noteholders; provided, however, that if, despite a good faith effort by the seated members of the Steering Committee, a vacancy is not filled pursuant to the written consent of the Required Secured Noteholders, then instead, the vacancy may be filed pursuant to the vote of the Unsecured Noteholders responding to an election request, based on the Principal Amount of the Notes held by the responding Unsecured Noteholders, with the candidate receiving the most votes, based on Principal Amount, being appointed .

**2.12    Cure Periods.** Any cure provisions set forth in the Original Security Agreement, the Original Credit Agreement (Secured), the Original CAIA, the Original Credit Agreement (Unsecured), or the Original RIA, are hereby affirmed, and any additional cure provisions, including with respect to any payment default thresholds, set forth in the Restated Notes, are hereby incorporated by reference into this Amendment, as though fully set forth herein.

**2.13    Representations by RDI.** RDI hereby warrants and represents that: (a) RDI has the power, authority and legal capacity to make, execute and enter into this Amendment and perform its obligations pursuant to this Amendment, (b) any person executing this Amendment on behalf of RDI is authorized to do so; and (3) neither this Amendment nor the performance by RDI of any obligation of RDI pursuant to this Amendment will violate any provision of any operating agreement, contract, agreement, covenant, condition, restriction, or order by which RDI is bound. This Amendment does not constitute a reaffirmation of any representation made by RDI prior to the Restatement Date.

**EXHIBIT "6"
PAGE 59**

## ARTICLE 3
## RELEASE OF CLAIMS

**3.1     Release of Certain Claims by Payee.**  Except for the obligations of RDI set forth in the Security Agreement, the Credit Agreement (Secured), the CAIA, the Credit Agreement (Unsecured), or the RIA, as such documents are amended by this Amendment, or in the Restated Secured Notes or Restated Unsecured Notes, none of which are waived, released or compromised by reason of this release of Claims, the Collateral Agent, for and on behalf of the Secured Noteholders, the Steering Committee, for and on behalf of the Unsecured Noteholders, each Secured Noteholder, by its acceptance of a Restated Secured Note, and each Unsecured Noteholder, by its acceptance of a Restated Unsecured Note, for and on behalf of themselves and their respective successors, assigns, heirs, beneficiaries, executors, administrators, receivers and trustees, hereby now and forever waives and releases any and all Claims existing as of the Note Restatement Date resulting from, relating to, or arising by reason of or in connection with, any breach, default, failed payment, or other failed performance, by RDI or any other person of any duty or obligation under the Original Secured Notes, the Original Credit Agreement, the Original Credit Agreement (Secured), the Original CAIA, the Original Unsecured Notes, the Original Credit Agreement (Unsecured), or the Original RIA, or any other document relating to the Original Secured Notes or the Original Unsecured Notes, including any and all Claims against RDI, the directors, officers, employees, agents, representatives, attorneys, accountants and advisors of RDI, the Collateral Agent, the directors, officers, employees, agents, representatives, attorneys, accountants and advisors of the Collateral Agent, and all current or former members of the Steering Committee, and all of their respective successors, assigns, heirs, beneficiaries, executors, administrators, receivers and trustees.

**3.2     Civil Code Section 1542 Waiver.**  After careful consideration of the consequences this waiver, the Collateral Agent, for and on behalf of each Secured Noteholder, the Steering Committee, for and on behalf of each Unsecured Noteholder, each Secured Noteholder, by its acceptance of a Restated Secured Note, and each Unsecured Noteholder, by its acceptance of a Restated Unsecured Note, for and on behalf of themselves and their respective successors, assigns, heirs, beneficiaries, executors, administrators, receivers and trustees, hereby waives all rights and benefits conferred or intended pursuant to California Civil Code Section 1542, which states as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH, IF KNOWN BY HIM OR HER, MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

**3.3     No Prior Assignment of Released Claims.**  the Collateral Agent, for and on behalf of each Secured Noteholder, the Steering Committee, for and on behalf of each Unsecured Noteholder, each Secured Noteholder, by its acceptance of a Restated Secured Note, and each Unsecured Noteholder, by its acceptance of a Restated Unsecured Note, for and on behalf of themselves and their respective successors, assigns, heirs, beneficiaries, executors, administrators, receivers and trustees, hereby warrants and represents that it has not made or authorized, and is not aware of any, transfer, assignment, conveyance, pledge, hypothecation or encumbrance of any Claim purportedly released pursuant to Section 4.1.

Omnibus First Amendment                                                      Ruby's Diner, Inc.

**EXHIBIT "6"**
**PAGE 60**

**ARTICLE 4**
**GENERAL PROVISIONS**

**4.1    Integration.** This Amendment, together with the Restated Secured Notes and the Restated Unsecured Notes, sets forth the entire agreement of the Parties and the Secured Noteholders and Unsecured Noteholders regarding amendment and restatement of the Original Secured Notes and Original Unsecured Notes, and the amendment of the Original Security Agreement, the Original Credit Agreement (Secured), the Original CAIA, the Original Credit Agreement (Unsecured), and the Original RIA, and the release of claims set forth in Section 3.1. All prior and contemporaneous negotiations, understandings and agreements, between or among such persons, oral or written, regarding any such matters, are hereby superseded. No person may orally modify this Amendment, or make any oral representation regarding this Amendment.

**4.2    Amendment.** No modification of, deletion from, or addition to this Amendment will be effective unless made in writing and executed RDI, the Collateral Agent, and the Steering Committee as comprised at the time of any such amendment.

**4.3    Further Assurances.** Each Party will promptly execute and deliver all documents and take all actions reasonably required to perform its duties pursuant to this Amendment and any document amended by this Amendment.

**4.4    Governing Law, Jurisdiction and Venue.** This Amendment is made under and will be construed in accordance with and governed by the substantive laws of the State of California, without giving effect to the principles of conflicts of law. RDI, the Collateral Agent on behalf of the Secured Noteholders, and the Steering Committee on behalf of the Unsecured Noteholders, hereby consent to the jurisdiction of the civil courts of the State of California and to venue in Orange County, California, for the purpose of resolving any controversy or disagreement regarding this Amendment.

**4.5    Waiver.** The failure by any Party to enforce any provision of this Amendment will not constitute a waiver of the right to enforce the same provision, or any other provision of this Amendment, thereafter. No waiver by any Party of any provision of this Amendment will be deemed or constitute a waiver of any other provision of this Amendment, whether or not similar, nor will any such waiver constitute a continuing waiver unless otherwise expressly provided in writing.

**4.6    Severability.** If any provision of this Amendment is held by a court of competent jurisdiction to be illegal, invalid or unenforceable for any reason, then the remaining portions of this Amendment will nonetheless remain in force and effect, unless the portion of this Amendment found to be illegal, invalid or unenforceable is so material and significant that its deletion would violate the obvious primary purpose and intent of the Parties.

**4.7    Execution.** This Amendment be executed in any number of identical counterparts, each of which is an original, and all of which together will constitute one and the same instrument. The delivery of an executed counterpart of a signature page to this Amendment by electronic means will be as effective as the physical delivery of an executed counterpart of this Amendment.

**4.8    Inurement.** This Amendment will inure to the benefit of and be binding upon the Parties and the Noteholders, and their respective successors, assigns, grantees, administrators and trustees, including any successor holder of a Restated) Secured Note or Restated) Unsecured Note.

**[SIGNATURE PAGE(S) ATTACHED]**

- 9 of 10 -

Omnibus First Amendment                                                    Ruby's Diner, Inc.

**EXHIBIT "6"**
**PAGE 61**

**[SIGNATURE PAGE(S) ATTACHED]**

**THE UNDERSIGNED PERSONS** made, executed, entered into and delivered this Amendment effective as of the Restatement Date (as defined in Section 1.1).

**RDI:**

Ruby's Diner, Inc.,
a California corporation

By:    _____

   Douglas Cavanaugh

Its:    Chief Executive Officer

**COLLATERAL AGENT:**

Credit Managers Association, Inc.,
a California corporation

By:    _____

   Michael G. Mitchell

Its:    President

**STEERING COMMITTEE:**

_____            _____
Don Lavole                         Maureen Melvold

_____            _____
Mike Munz                          William Pope

_____            _____
Dick Silva                         John Teele

Omnibus First Amendment                                    Ruby's Diner, Inc.

**EXHIBIT "6"**
**PAGE 62**

**THE UNDERSIGNED PERSONS** made, executed, entered into and delivered this Amendment effective as of the Restatement Date (as defined in Section 1.1).

**RDI:**

Ruby's Diner, Inc.,
a California corporation

By: _____
     Douglas Cavanaugh

Its:    Chief Executive Officer

**COLLATERAL AGENT:**

Credit Managers Association, Inc.,
a California corporation

By: _____
     Michael G. Mitchell

Its:    President

**STEERING COMMITTEE:**

_____     _____
Don Lavoie                    Maureen Melvold

_____     _____
Mike Munz                     William Pope

_____     _____
Dick Silva                     John Teel

Omnibus First Amendment                     Ruby's Diner, Inc.

**EXHIBIT "6"**
**PAGE 63**

**EXHIBIT "7"**

## UCC FINANCING STATEMENT AMENDMENT

FOLLOW INSTRUCTIONS

| | |
|---|---|
| **A. NAME & PHONE OF CONTACT AT FILER (optional)**<br>Michael J. Petersen Esq.<br>949-340-3400 | |
| **B. E-MAIL CONTACT AT FILER (optional)** | |
| **C. SEND ACKNOWLEDGMENT TO: (Name and Address)**<br>Shulman Hodges & Bastian LLP<br>100 Spectrum Center Drive<br>Irvine, CA 92618<br>USA | **DOCUMENT NUMBER:** 70223600002<br>**FILING NUMBER:** 18-76497190<br>**FILING DATE:** 05/21/2018 14:02<br><br>IMAGE GENERATED ELECTRONICALLY FOR WEB FILING<br>THE ABOVE SPACE IS FOR CA FILING OFFICE USE ONLY |

| | |
|---|---|
| **1a. INITIAL FINANCING STATEMENT FILE NUMBER**<br>13-7387818864 | **1b.** ☐ This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. Filer: Attach Amendment Addendum (Form UCC3Ad) and provide Debtor's name in item 13 |

**2.** ☐ **TERMINATION:** Effectiveness of the Financing Statement identified above is terminated with respect to the security interest(s) of Secured Party authorizing this Termination Statement

**3.** ☐ **ASSIGNMENT (full or partial):** Provide name of Assignee in item 7a or 7b, and address of Assignee in item 7c and name of Assignor in item 9
For partial assignment, complete items 7 and 9 and also indicate affected collateral in item 8

**4.** ☑ **CONTINUATION:** Effectiveness of the Financing Statement identified above with respect to the security interest(s) of Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law

**5.** ☐ **PARTY INFORMATION CHANGE:**
Check one of these two boxes:   **AND** Check one of these three boxes to:

This Change affects ☐ Debtor or ☐ Secured Party of record.   ☐ CHANGE name and/or address: Complete item 6a or 6b; and item 7a or 7b and item 7c   ☐ ADD name: Complete item 7a or 7b, and item 7c   ☐ DELETE name: Give record name to be deleted in item 6a or 6b

**6. CURRENT RECORD INFORMATION:** Complete for Party Information Change - provide only one name (6a or 6b)

| | 6a. ORGANIZATION'S NAME | | | |
|---|---|---|---|---|
| OR | | | | |
| | 6b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |

**7. CHANGED OR ADDED INFORMATION:** Complete for Assignment or Party Information Change - provide only one name (7a or 7b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name)

| | 7a. ORGANIZATION'S NAME | | |
|---|---|---|---|
| OR | 7b. INDIVIDUAL'S SURNAME | | |
| | INDIVIDUAL'S FIRST PERSONAL NAME | | |
| | INDIVIDUAL'S ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |

| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

**8.** ☐ **COLLATERAL CHANGE:** Also check one of these four boxes: ☐ ADD collateral   ☐ DELETE collateral   ☐ RESTATE covered collateral   ☐ ASSIGN collateral
Indicate collateral:

**9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT:** Provide only one name (9a or 9b) (name of Assignor, if this is an Assignment)
If this is an Amendment authorized by a DEBTOR, check here ☐ and provide name of authorizing Debtor

| | a. ORGANIZATION'S NAME<br>CREDIT MANAGEMENT ASSOCIATION as Collateral Agent for the Secured Note Holders | | | |
|---|---|---|---|---|
| OR | b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |

**10. OPTIONAL FILER REFERENCE DATA:**
2194-024

FILING OFFICE COPY

**EXHIBIT "7"**

**PAGE 64**

**EXHIBIT "8"**

# CLARK HILL

Tracy M. O'Steen
T (702) 697-7511
F (702) 862-8400
Email:tosteen@ClarkHill.com

Clark Hill PLC
3800 Howard Hughes Parkway, Suite 500
Las Vegas, NV 89169
T (702) 862-8300
F (702) 862-8400

clarkhill.com

April 10, 2019

## NOTICE OF CREDIT MANAGEMENT ASSOCIATION, INC.'S RESIGNATION AS COLLATERAL AGENT

To the Secured Note Holders of Ruby's Diner Inc.:

This office serves as counsel to Credit Management Association, Inc. ("CMA"). On October 31, 2018, CMA filed a petition for relief in the United States Bankruptcy Court for the District of Nevada under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), designated as Case No. BK-18-16487-mkn (the "CMA's Chapter 11 Case").

On September 5, 2018, Ruby's Diner, Inc., a California corporation ("RDI"), filed a petition for relief in the United States Bankruptcy Court for the Central District of California, under Chapter 11 of the Bankruptcy Code, designated as Case No 18-bk-13311-CB.

On or about February 10, 2012, RDI, CMA, as collateral agent (the "Collateral Agent"), and each of the individuals and entities listed as Secured Noted Holders (defined below), entered into that certain Collateral Agent and Intercreditor Agreement (the "Agreement"). Pursuant to the Agreement, CMA serves as the Collateral Agent for each of the individuals and entities listed on Exhibit A to the Agreement in  their capacity as secured note holders of RDI pursuant to Secured Promissory Notes (the "Notes") dated as of February 10, 2012 (the "Secured Note Holders"). The Notes are secured by substantially all assets of RDI (the "Collateral"). The Agreement also sets forth the agreements between the Secured Note Holders and CMA, in its capacity as Collateral Agent, with regard to matters involving the Notes and the Collateral, including, but not limited to: (i) the role of the Collateral Agent; (ii) the security interests in the Collateral, which serve as repayment of the Notes; and (iii) the proportion of the Secured Note Holders' respective claims.

Pursuant to Section 8(k) of the Agreement, the Collateral Agent may resign from the performance of all further duties under the Agreement by giving the Secured Note Holders thirty (30) days' notice in writing, provided that such resigning Collateral Agent is entitled to receive payment in full of all amounts due and owing to it under the Agreement either prior to or upon its resignation taking effect, which entitlement shall continue after resignation until paid in full.

**EXHIBIT "8"
PAGE 65**

April 10, 2019
Page 2

This letter shall serve as CMA's written notice of its resignation as Collateral Agent for the Secured Note Holders (the "Resignation Notice"). In accord with Section 8(k), CMA's resignation as Collateral Agent will be deemed effective no later than May 11, 2019, the date which is thirty (30) days from the date the Resignation Notice is being served. Furthermore, this Resignation Notice is being sent via registered or certified mail to each of the Secured Note Holders as required by Section 12 of the Agreement.

Should you have any questions regarding the content of this Resignation Notice, please do not hesitate to contact the undersigned.

Sincerely,

CLARK HILL PLC

Tracy M. O'Steen

CREDIT MANAGEMENT ASSOCIATION, INC.

By:
Its:    President

CLARK HILL

**EXHIBIT "9"**

| CREDITOR | Plan Discl. $ | Plan Discl. # | BRILEY LIST $ | POC # | POC SECURED $ | Notes |
|---|---|---|---|---|---|---|
| Alexander B. and Irene M. McDonald | $40,887.33 | 52 | $ 40,887.33 | 258 | $40,887.33 | |
| Alice Coury and Thomas Pike | $123,179.61 | 15 | $ 123,179.61 | 101 | $123,179.61 | POC #8 lists identical amount with identical notes but does not note them as secured. |
| Allan E. & Shirley Richardson | $41,035.22 | 70 | $ 41,045.22 | 58 | $40,000.00 | $10 difference between Plan List Riley; $1,035.22 between Plan List and POC- probably interest added by Creditor $40,000 Secured + $10,000 Unsecured |
| Anne K. Relph | $20,591.56 | 69 | $ 20,591.56 | – | – | |
| Anne L. & Ed S. Farber | $20,369.72 | 24 | $ 20,369.72 | 311 | $20,369.72 | |
| Anne L. Clark | $20,443.67 | 10 | $ 20,443.67 | – | – | |
| Arthur and Beth Young | $20,591.56 | 90 | $ 20,591.56 | – | – | |
| Bette McKinney | $41,035.22 | 53 | $ 41,035.22 | 50, 51 | $40,000.00 | Each POC lists $20,000 secured. $1,035.22 difference is probably prepetition interest. |
| Candace and Michael O'Brien | $41,035.22 | 61 | $ 41,035.22 | – | – | Connie OBrien/OBrien Family Trust filed 3 unsecured claims - #111 for $10,443.67 and #110 & #109 for $10,594.56. Persons probably are familial relations, however notes listed in above claims do not match those listed here. |
| Cathy Campbell | $10,000.00 | 8 | $ 10,000.00 | 127 | $10,326.32 | POC adds interest from 1/28/17 to 12/28/18 of $326.32 |
| Cheryl Thoreen | $20,591.56 | 82 | $ 20,591.56 | 305 | $20,591.56 | |
| Christa G. Dyer | $61,626.78 | 21 | $ 61,626.78 | 95 | $61,626.78 | Also filed POC #43 for $52,846.88 unsecured. |
| Clifford & Karen Stember | $41,035.22 | 79 | $ 41,035.22 | 273 | $40,000.00 | Secured Notes attached to POC #273 add up to $41,035.23. Creditors listed incorrect amount in total. |
| Darlene H. MacDonald | $20,591.56 | 48 | $ 20,591.56 | 96 | $20,591.56 | Total POC #96 $41,774.68. $20,591.56 listed as secured; $21,183.12 listed as unsecured. |
| David and Gretchen Landau | $10,000.00 | 44 | $ 10,000.00 | 149 | $10,000.00 | |
| David and Lois Goren | $20,591.56 | 26 | $ 20,591.56 | 154 | $21,346.04 | Also filed POC #153 for $32,785.57 unsecured. $754.38 difference is probably interest. |
| David J. and Maureen L. Melvold | $20,443.67 | 56 | $ 20,443.67 | 232 | $20,443.67 | Also filed POC #233 for $10,591.56 unsecured. Also filed POC #234 for $63,105.67 unsecured in name of Estate of Emmy Quinn. |
| David P. Wells | $20,591.56 | 84 | $ 20,591.56 | 104 | $20,000.00 | $591.56 difference is probably prepetition interest. |
| David R. & Arlene A. Belt | $20,369.72 | 3 | $ 20,369.72 | 86, 88 | $20,000.00 | POC #86 $10,000 secured S018; POC #88 $10,000 secured S448-S. POC #30 is duplicate of POC #86 and secured S018. POC #31 is $10,591.56 unsecured from note U140. |
| Deborah Simmons | $21,183.11 | | | – | – | |
| Diana Rainforth | $102,366.22 | 68 | $ 102,366.22 | 156 | $101,774.68 | Interest calculation discrepency. POC filed as unsecured, but she lists 10 secured notes. $591.56 difference is probably prepetition interest |
| Don and Ann Delaney | $40,961.28 | 18 | $ 40,961.28 | – | – | |

**EXHIBIT "1"**

**PAGE 67**

| Name | Amount | Claim # | | Amount | POC # | Amount | Notes |
|---|---|---|---|---|---|---|---|
| Dorothy J. Brideweser | $20,443.67 | 7 | $ | 20,443.67 | 197 | $20,443.67 | Total POC #197 $41,626.78. $20,443.67 listed as secured; $21,183.11 listed as unsecured. |
| Frances (Myron) Cooper | $10,443.67 | 14 | $ | 10,443.67 | 181 | $10,443.67 | Also filed POC #182 for $10,591.56 unsecured. |
| Gary M. & Janet Green | $61,774.67 | 28 | $ | 61,774.67 | -- | -- | |
| Gerald and Phyllis Waters | $20,443.67 | 83 | $ | 20,443.67 | -- | -- | |
| Harold E. and Hannah J. Meany | $20,591.56 | 55 | $ | 20,591.56 | -- | -- | |
| Harvey and Joyce Jensen | $20,443.67 | 38 | $ | 20,442.67 | -- | -- | |
| Hope G. Luedeke, Trustee of the Marita Trust | $10,591.56 | 47 | $ | 10,591.56 | 225 | $10,151.96 | |
| Howard and Carol Jensen | $20,369.72 | 39 | $ | 20,369.72 | 306 | $20,369.72 | Total POC #306 $62,735.96. $20,369.72 listed as secured; $42,366.24 listed as unsecured. |
| Jack M. & Marsha H. Clark | $20,591.56 | 11 | $ | 20,591.56 | -- | -- | |
| James and Mary Lou Lester | $20,591.56 | 48 | $ | 20,591.56 | -- | -- | |
| James L and Celeste Gray | $10,000.00 | 27 | $ | 10,000.00 | 122 | $10,000.00 | |
| Janet & Keith Westerfield | $20,591.56 | 85,86 | $ | 20,591.56 | 117, 213 | $24,000.00 | Interest calculated and added by creditor. |
| Jerome and Marian Pearl | $71,626.78 | 64 | $ | 71,626.78 | -- | -- | |
| Jim and Janet Shields | $41,183.11 | 75 | $ | 41,183.11 | 77 | $41,183.12 | POC #76 has unsecured claim for $20,961.28. Probably a different Shields and unrelated. Persons, Trusts, and Addresses do not match. |
| Joel B. Rothman | $20,443.67 | 72 | $ | 20,443.67 | 230 | $20,000.00 | $443.67 is probably interest |
| John & Rita Holliday | $41,035.22 | 37 | $ | 41,035.22 | 266 | $41,035.23 | Total POC #266 $62,218.35. $41,035.23 listed as secured; $21,183.12 listed as unsecured. ($.01 difference) |
| John C. & Mary Jane Malmquist | $41,035.22 | 50 | $ | 41,035.22 | 235 | $41,035.23 | |
| John J and Mary L Blaha | $20,591.56 | 4 | $ | 20,591.56 | -- | -- | |
| John P and Kathleen H. Teele | $40,887.33 | 80 | $ | 40,887.33 | -- | -- | |
| John R. & Jeanne C. Hannah | $102,957.78 | 31 | $ | 102,957.78 | 137 | $104,084.05 | Difference of $1,127 is probably interest |
| John R. Wilson, Jr. | $20,591.56 | 88 | $ | 20,591.56 | 251 | $20,591.56 | POC #251 filed by Constance Wilson for Secured Notes S163-S and S069 acquired from John R. Wilson, Jr. She also filed POC #166 for S163-S and POC #165 for S069. POC #166 and POC #165 are then duplicative of POC #251. |
| Julia Davidson | $20,480.64 | 16 | $ | 20,480.64 | -- | -- | POC #105 $74,000.00 unsecured; no notes attached. |
| Kelly Michelle Mercer | $20,591.56 | 57 | $ | 20,591.56 | 148 | $20,591.56 | |
| Kenneth Mailman | $41,035.22 | 49 | $ | 41,035.22 | -- | -- | |
| Kerwin D. and Carolyn S. Secrist | $20,591.56 | 74 | $ | 20,591.56 | 310 | $20,591.56 | POC #310 marked as unsecured, but notes attached are secured. |
| Kevin Thomas | $20,591.56 | 81 | $ | 20,591.56 | -- | -- | |
| Launa Nuttman and Phillip Griffith | $71,331.00 | 60 | $ | 71,331.00 | 91 | $124,288.81 | Attached 12 notes: 7 secured, 5 unsecured. $10,591.56 (x5) unsecured; (These may be duplicates. All carry the Note Reference Number of U114); $10,000.00 (x7) secured. (These may be duplicates. All carry the Note Reference Number of S042). **TOTAL:** $70,000.00 secured + $52,957.80 unsecured). |
| Mark & Kathleen Chiu | $61,552.80 | 9 | $ | 61,552.80 | -- | -- | |
| Mary Ellen and Mark H Ellis | $40,887.33 | 22 | $ | 40,887.33 | -- | -- | |
| Maureen (and Hans) DeBeer | $20,443.67 | 17 | $ | 20,443.67 | 238 | $20,443.67 | Total POC #238 $83,845.14. $20,443.67 listed as secured; $63,401.47 listed as unsecured. |

| Name | Amount | # | | Amount | POC # | Amount | Notes |
|---|---|---|---|---|---|---|---|
| Merrill and Carol Clisby | $20,591.56 | 12 | $ | 20,591.56 | 214 | $20,591.56 | Total POC #214 $31,183.12. $20,591.56 listed as secured; $10,591.56 listed as unsecured. |
| Michael and Janice Dingillo | $10,000.00 | 19 | $ | 10,000.00 | 261 | $10,000.00 | Total POC #261 $73,253.58. (Incorrectly inputted as $63,253.58 on register and #7 on POC.) $10,000.00 listed as secured; $63,253.58 listed as unsecured. |
| Milton & Cora Blevins | $21,591.00 | 5 | $ | 10,591.56 | 93, 94 | $21,183.12 | POC #93 $10,591.56 secured by note S269-S. POC #94 $10,000.00 secured by note S079. Creditor either included interest in POC#94 or made clerical error. |
| Myra L O'Connell | $20,443.67 | 62 | $ | 20,443.67 | 267 | $20,443.67 | Total POC #267 $41,626.79. $20,443.67 listed as secured; $21,183.12 listed as unsecured. |
| Norman D. & Margaret A. Petrucci | $41,183.11 | 65 | $ | 41,183.11 | – | – | |
| O A Simmon | $41,035.23 | 77 | $ | 41,035.23 | – | – | Listed as Deborah Simmons on BRiley List. Same address. In Exhibit G #77  OA Simmon, The Simmon Trust and #181 Deborah Simmons for $21,183.11 |
| O. A.  Simmons | only one listed | | $ | 41,035.23 | – | – | Listed as Cynthia Simmons on BRiley. Same address. |
| Pamela Farber-Leigh | $20,591.56 | 25 | $ | 20,591.56 | 312 | $20,591.56 | POC #312 marked as unsecured, but exhibit attached names secured note. |
| Pamela J. Monger | $20,443.67 | 58 | $ | 20,443.67 | 62 | $20,443.67 | Total POC #62 $62,665.08. $20,443.67 listed as secured, $42,221.41 listed as unsecured. POC #215 includes same notes (identical). |
| Phillip Griffith | $102,366.22 | 29 | $ | 102,366.22 | 90 | $123,549.36 | Total POC #90 $123,549.36. Attached 12 notes: 10 secured, 2 unsecured. $10,443.67 (x5) secured; $10,000.00 (x4) secured; $10,591.56 (x1) secured; $10,591.56 (x2) unsecured. **TOTAL:** $102,809.91 secured + $21,183.12 unsecured |
| Ralph W. and Celia W. Dudley | $21,035.22 | 20 | $ | 21,035.22 | 221 | $21,035.23 | |
| Raymond & Gayle Haskell | $20,369.72 | 35 | $ | 20,369.72 | 223 | $20,369.72 | Total POC # 223 $30,961.28. $20,369.72 listed as secured; $10,591.56 listed as unsecured. |
| Raymond & Maureen Harris | $20,591.56 | 34 | $ | 20,591.56 | 300 | $20,591.56 | Total POC #300 $41,774.68. $20,591.56 listed as secured; $21,183.12 listed as unsecured. |
| Richard & Susan Hanson | $20,591.56 | 32 | $ | 20,591.56 | – | – | |
| Richard Silva, Trustee | $10,000.00 | 76 | $ | 10,000.00 | 294 | $10,000.00 | Total POC #294-3 $147,024.72. $10,000.00 listed as secured; $137,024.72 listed as unsecured. |
| Robert Allen & Jayne R. Hess | $20,443.67 | 36 | $ | 20,443.67 | 304 | $20,443.67 | Total POC #304 $62,440.17. $20,443.67 listed as secured; $41,996.50 listed as unsecured. |
| Robert G Stebe | $20,443.67 | 78 | $ | 20,443.67 | – | – | |
| Robert P. and Elaine A Converse | $102,218.33 | 13 | $ | 102,218.33 | – | – | |
| Robert Wayne Fairweather | $10,591.56 | 23 | $ | 10,591.56 | – | – | |

| Name | Amount | # | $ Amount | POC # | Secured | Notes |
|---|---|---|---|---|---|---|
| Roger and Marilyn Riley | $20,591.56 | 71 | $ 20,591.56 | 113, 114 | $10,000.00 | POC #113 lists $10,000 secured; POC #114 lists $10,591.56 unsecured. Neither POC have notes attached to verify. |
| Ronald and Linda L. Kirkpatrick | $40,961.28 | 43 | $ 40,961.28 | 55 | $40,961.28 | |
| Ronald R and Patty J Panico | $40,961.28 | 63 | $ 40,961.28 | – – | | |
| Rudy and Eileen Amaya | $61,404.94 | 1 | $ 61,404.95 | 178 | $61,404.95 | |
| Ryan S. and Sharyl L Griffith | $20,591.56 | 30 | $ 20,591.56 | 194 | $20,591.56 | |
| Susan F. White | $20,443.67 | 87 | $ 20,443.67 | 236 | $10,000.00 | POC #236 lists $10,000 secured and $10,000 unsecured. Note she listed as unsecured (U559-S) was replaced with a secured note in the paperwork she attached. Correct amount is $20,443.67 secured. |
| Terrence Lee & Rosann McLaughlin | $20,369.72 | 54 | $ 20,369.72 | 299 | $20,369.72 | Total POC #299 $51,996.50. $20,369.72 listed as secured; $31,626.78 listed as unsecured. |
| Thomas & Judith Brady | $41,183.11 | 6 | $ 41,183.11 | 78, 79 | $41,183.12 | POC #78 $20,000.00 secured; POC #79 $21,183.12 unsecured but attached notes are secured. |
| Thomas A and Sheree K May | $20,443.67 | 51 | $ 20,443.67 | 193 | $20,443.67 | Total POC #193 $31,035.23. $20,443.67 listed as secured; $10,591.56 listed as unsecured. |
| Thomas and Arlene Jones | $20,591.56 | 41 | $ 20,591.56 | – – | | |
| Vern Johnson | $20,591.56 | 40 | $ 20,591.56 | – – | | |
| Walter B. and Norma G. Schulte | $20,369.72 | 73 | $ 20,369.72 | 75 | $20,369.72 | Total POC #75 $30,961.28. $20,369.72 listed as secured, $10,591.56 listed as unsecured. |
| Warren and Sheila Newman | $10,369.72 | 59 | $ 10,369.72 | 180 | $10,369.72 | Total POC #180 $104,880.36. $10,369.72 listed as secured; $94,510.64 listed as unsecured. |
| Wayne and Joanne Aspinall | $40,961.28 | 2 | $ 40,961.28 | 138, 139, 140, 141 | $40,961.28 | The 4 POCs add up to $40,961.28 and match secured note numbers. |
| Wesley & Marcia Kim | $40,887.33 | 42 | $ 40,887.33 | – – | | |
| Willard and Jutta Loomis | $20,517.61 | 46 | $ 20,517.61 | – – | | |
| William & Susan Hardy | $41,183.11 | 33 | $ 41,183.11 | – – | | |
| William and Myrna Wright | $20,591.56 | 89 | $ 20,591.56 | – – | | |
| William E. and Anne Pierce | $90,000.00 | 66 | $ 90,000.00 | 203 | $90,000.00 | POC #203 is in the name of the Trust for $90,000. Believe name should be William E. Pope and Anne Pierce Pope |
| William E. Pope, Trustee | $95,324.04 | 67 | $ 95,324.00 | 202 | $95,324.04 | 4 cent difference |
| | | | | | | Pope also has POC #204 for $116,507.11 unsecured |
| | | | | | | |
| | | | | | | |
| | $3,007,125.38 | | $ 3,015,987.03 | | | |

**EXHIBIT "10"**

| NOTE # | Full Name | FIRST | LAST | TRUST | PRINCIPLE | Name |
|---|---|---|---|---|---|---|
| U152 | Gary Lee and Shirley Allen | Gary Lee and Shirley | Allen | The Allen Revocable Trust | 10,591.56 | The Allen Revocable Trust |
| U153 | Gary Lee and Shirley Allen | Gary Lee and Shirley | Allen | The Allen Revocable Trust | 10,591.56 | The Allen Revocable Trust |
| U631 | Gary Lee and Shirley Allen | Gary Lee and Shirley | Allen | The Allen Revocable Trust | 10,443.67 | The Allen Revocable Trust |
| U632 | Gary Lee and Shirley Allen | Gary Lee and Shirley | Allen | The Allen Revocable Trust | 10,443.67 | The Allen Revocable Trust |
| U127 | Anthony A, and Jill A. Alvarez, Jr. | Anthony A, and Jill A. | Alvarez, Jr. | | 10,591.56 | Anthony A, and Jill A., Alvarez, Jr. |
| S013-S | Rudy and Eileen Amaya | Rudy and Eileen | Amaya | The Amaya Family Trust | 10,591.56 | The Amaya Family Trust |
| S026 | Rudy and Eileen Amaya | Rudy and Eileen | Amaya | The Amaya Family Trust | 10,000.00 | The Amaya Family Trust |
| S027 | Rudy and Eileen Amaya | Rudy and Eileen | Amaya | The Amaya Family Trust | 10,000.00 | The Amaya Family Trust |
| S028 | Rudy and Eileen Amaya | Rudy and Eileen | Amaya | The Amaya Family Trust | 10,000.00 | The Amaya Family Trust |
| S499-S | Rudy and Eileen Amaya | Rudy and Eileen | Amaya | The Amaya Family Trust | 10,369.72 | The Amaya Family Trust |
| S535-S | Rudy and Eileen Amaya | Rudy and Eileen | Amaya | The Amaya Family Trust | 10,443.67 | The Amaya Family Trust |
| U167 | Donna D. Andrews | Donna D. | Andrews | Mort And Patty Memorial Fund | 10,591.56 | Mort And Patty Memorial Fund |
| U174 | Donna D. Andrews | Donna D. | Andrews | Mort And Patty Memorial Fund | 10,591.56 | Mort And Patty Memorial Fund |
| U175 | Donna D. Andrews | Donna D. | Andrews | Mort And Patty Memorial Fund | 10,591.56 | Mort And Patty Memorial Fund |
| U176 | Donna D. Andrews | Donna D. | Andrews | Mort And Patty Memorial Fund | 10,591.56 | Mort And Patty Memorial Fund |
| S094 | Wayne and Joanne Aspinall | Wayne and Joanne | Aspinall | The Wayne and Joanne Aspinall Family Trust | 10,000.00 | The Wayne and Joanne Aspinall Family Trust |
| S095 | Wayne and Joanne Aspinall | Wayne and Joanne | Aspinall | The Wayne and Joanne Aspinall Family Trust | 10,000.00 | The Wayne and Joanne Aspinall Family Trust |
| S440-S | Wayne and Joanne Aspinall | Wayne and Joanne | Aspinall | The Wayne and Joanne Aspinall Family Trust | 10,517.61 | The Wayne and Joanne Aspinall Family Trust |
| S503-S | Wayne and Joanne Aspinall | Wayne and Joanne | Aspinall | The Wayne and Joanne Aspinall Family Trust | 10,443.67 | The Wayne and Joanne Aspinall Family Trust |
| U162 | Richard and Donna Bashor | Richard and Donna | Bashor | | 10,591.56 | Richard and Donna, Bashor |
| U130 | Eileen  Baumel | Eileen | Baumel | Eileen R. Baumel Family Trust | 10,591.56 | Eileen R. Baumel Family Trust |
| | Baumel's Daughter Karen Pressman | Baumel's Daughter Karen | Pressman | | | Baumel's Daughter Karen, Pressman |
| U131 | Mildred Beaver | Mildred | Beaver | Beaver Family Trust | 10,591.56 | Beaver Family Trust |
| U257 | Mildred Beaver | Mildred | Beaver | Beaver Family Trust | 10,591.56 | Beaver Family Trust |
| S018 | David and Arlene Belt | David and Arlene | Belt | | 10,000.00 | David and Arlene, Belt |
| S448-S | David and Arlene Belt | David and Arlene | Belt | | 10,369.72 | David and Arlene, Belt |
| U140 | David and Arlene Belt | David and Arlene | Belt | | 10,591.56 | David and Arlene, Belt |
| S132-S | John J and Mary L Blaha | John J and Mary L | Blaha | Blaha Family Trust | 10,591.56 | Blaha Family Trust |
| S142 | John J and Mary L Blaha | John J and Mary L | Blaha | Blaha Family Trust | 10,000.00 | Blaha Family Trust |
| S079 | Milton and Cora Blevins | Milton and Cora | Blevins | | 10,000.00 | Milton and Cora, Blevins |
| S269-S | Milton and Cora Blevins | Milton and Cora | Blevins | | 10,591.56 | Milton and Cora, Blevins |
| U059 | Judy Bonilla | Judy | Bonilla | Judy Bonilla Living Trust | 10,591.56 | Judy Bonilla Living Trust |
| U204 | Judy Bonilla | Judy | Bonilla | Judy Bonilla Living Trust | 10,591.56 | Judy Bonilla Living Trust |
| U222 | Judy Bonilla | Judy | Bonilla | Judy Bonilla Living Trust | 10,591.56 | Judy Bonilla Living Trust |
| U268 | Judy Bonilla | Judy | Bonilla | Judy Bonilla Living Trust | 10,591.56 | Judy Bonilla Living Trust |
| U414 | Judy Bonilla | Judy | Bonilla | Judy Bonilla Living Trust | 10,591.56 | Judy Bonilla Living Trust |
| U258 | Georgia Borland | Georgia | Borland | The Georgia Bentley Trust | 10,591.56 | The Georgia Bentley Trust |
| U588 | Georgia Borland | Georgia | Borland | The Georgia Bentley Trust | 10,443.67 | The Georgia Bentley Trust |
| U168 | Robert Borland | Robert | Borland | The Borland Exemption Trust of the Borland Trust | 10,591.56 | The Borland Exemption Trust of the Borland Trust |
| U644 | Robert Borland | Robert | Borland | The Borland Exemption Trust of the Borland Trust | 10,591.56 | The Borland Exemption Trust of the Borland Trust |
| S121 | Thomas and Judith Brady | Thomas and Judith | Brady | The Brady Family Trust | 10,000.00 | The Brady Family Trust |
| S122 | Thomas and Judith Brady | Thomas and Judith | Brady | The Brady Family Trust | 10,000.00 | The Brady Family Trust |
| S221-S | Thomas and Judith Brady | Thomas and Judith | Brady | The Brady Family Trust | 10,591.56 | The Brady Family Trust |
| S545-S | Thomas and Judith Brady | Thomas and Judith | Brady | The Brady Family Trust | 10,591.56 | The Brady Family Trust |
| S108 | Dorothy Brideweser | Dorothy | Brideweser | | 10,000.00 | Dorothy, Brideweser |
| S536-S | Dorothy Brideweser | Dorothy | Brideweser | | 10,443.67 | Dorothy, Brideweser |
| U158 | Dorothy Brideweser | Dorothy | Brideweser | | 10,591.56 | Dorothy, Brideweser |
| U216 | Dorothy Brideweser | Dorothy | Brideweser | | 10,591.56 | Dorothy, Brideweser |
| U236 | Kathleen & Robert Burnham | Kathleen & Robert | Burnham | | 10,591.56 | Kathleen & Robert, Burnham |
| U141 | Vivien K. and Madeleine S. Burt and Kleinman | Vivien K. and Madeleine S. | Burt and Kleinman | | 10,591.56 | Vivien K. and Madeleine S., Burt and Kleinman |
| U181 | Timothy J.and/or Brook D. Butler | Timothy J.and/or Brook D. | Butler | Timothy and Brook Butler Trust | 10,591.56 | Timothy and Brook Butler Trust |
| U558 | Timothy J.and/or Brook D. Butler | Timothy J.and/or Brook D. | Butler | Timothy and Brook Butler Trust | 10,443.67 | Timothy and Brook Butler Trust |
| U641 | Richard Steven & Catherine Call | Richard Steven & Catherine | Call | | 10,591.56 | Richard Steven & Catherine, Call |
| U673 | Richard Steven & Catherine Call | Richard Steven & Catherine | Call | | 10,443.67 | Richard Steven & Catherine, Call |
| S140 | Cathy C. Campbell | Cathy C. | Campbell | | 10,000.00 | Cathy C., Campbell |

EXHIBIT "10"

PAGE 71

| NOTE # | Full Name | FIRST | LAST | TRUST | PRINCIPLE | Name |
|--------|-----------|-------|------|-------|-----------|------|
| U133 | Jeannne Cannine-Cox | Jeannne | Cannine-Cox | The Jeanne Cannine-Cox Separate Property Trust | 10,591.56 | The Jeanne Cannine-Cox Separate Property Trust |
| U237 | Jeannne Cannine-Cox | Jeannne | Cannine-Cox | The Jeanne Cannine-Cox Separate Property Trust | 10,591.56 | The Jeanne Cannine-Cox Separate Property Trust |
| U372 | Douglas S Cavanaugh | Douglas S | Cavanaugh | | 10,591.56 | Douglas S, Cavanaugh |
| U373 | Douglas S Cavanaugh | Douglas S | Cavanaugh | | 10,591.56 | Douglas S, Cavanaugh |
| U607 | Douglas S Cavanaugh | Douglas S | Cavanaugh | | 10,591.56 | Douglas S, Cavanaugh |
| U608 | Douglas S Cavanaugh | Douglas S | Cavanaugh | | 10,591.56 | Douglas S, Cavanaugh |
| U634 | Douglas S Cavanaugh | Douglas S | Cavanaugh | | 10,443.67 | Douglas S, Cavanaugh |
| U635 | Douglas S Cavanaugh | Douglas S | Cavanaugh | | 10,443.67 | Douglas S, Cavanaugh |
| U642 | Douglas S Cavanaugh | Douglas S | Cavanaugh | | 10,591.56 | Douglas S, Cavanaugh |
| U643 | Douglas S Cavanaugh | Douglas S | Cavanaugh | | 10,591.56 | Douglas S, Cavanaugh |
| U193 | Dennis C Chatton | Dennis C | Chatton | The Dennis C. Chatton Living Trust | 10,591.56 | The Dennis C. Chatton Living Trust |
| U483 | John Chiu | John | Chiu | John Chiu Revocable Inter Vivos Trust | 10,369.72 | John Chiu Revocable Inter Vivos Trust |
| S051 | Mark and Kathleen Chiu | Mark and Kathleen | Chiu | | 10,000.00 | Mark and Kathleen, Chiu |
| S052 | Mark and Kathleen Chiu | Mark and Kathleen | Chiu | | 10,000.00 | Mark and Kathleen, Chiu |
| S053 | Mark and Kathleen Chiu | Mark and Kathleen | Chiu | | 10,000.00 | Mark and Kathleen, Chiu |
| S117-S | Mark and Kathleen Chiu | Mark and Kathleen | Chiu | | 10,591.56 | Mark and Kathleen, Chiu |
| S344-S | Mark and Kathleen Chiu | Mark and Kathleen | Chiu | | 10,591.56 | Mark and Kathleen, Chiu |
| S461-S | Mark and Kathleen Chiu | Mark and Kathleen | Chiu | | 10,369.72 | Mark and Kathleen, Chiu |
| S123 | Anne L. Clark | Anne L. | Clark | | 10,000.00 | Anne L., Clark |
| S505-S | Anne L. Clark | Anne L. | Clark | | 10,443.67 | Anne L., Clark |
| U270 | Anne L. Clark | Anne L. | Clark | | 10,591.56 | Anne L., Clark |
| U333 | Anne L. Clark | Anne L. | Clark | | 10,591.56 | Anne L., Clark |
| U401 | Anne L. Clark | Anne L. | Clark | | 10,591.56 | Anne L., Clark |
| U442 | Anne L. Clark | Anne L. | Clark | | 10,517.61 | Anne L., Clark |
| S008-S | Marsha Clark | Marsha | Clark | Jack M. Clark and Marsha H. Clark Revocable Trust | 10,591.56 | Jack M. Clark and Marsha H. Clark Revocable Trust |
| S146 | Marsha Clark | Marsha | Clark | Jack M. Clark and Marsha H. Clark Revocable Trust | 10,000.00 | Jack M. Clark and Marsha H. Clark Revocable Trust |
| S128 | Merrill and Carol Clisby | Merrill and Carol | Clisby | The Clisby Family Trust | 10,000.00 | The Clisby Family Trust |
| S640-S | Merrill and Carol Clisby | Merrill and Carol | Clisby | The Clisby Family Trust | 10,591.56 | The Clisby Family Trust |
| U660 | Merrill and Carol Clisby | Merrill and Carol | Clisby | The Clisby Family Trust | 10,591.56 | The Clisby Family Trust |
| U395 | John R. Concar | John R. | Concar | John R. and Judith L. Concar Trust, August 13, 1999 | 10,591.56 | John R. and Judith L. Concar Trust, August 13, 1999 |
| U452 | John R. Concar | John R. | Concar | John R. and Judith L. Concar Trust, August 13, 1999 | 10,480.64 | John R. and Judith L. Concar Trust, August 13, 1999 |
| U507 | John R. Concar | John R. | Concar | John R. and Judith L. Concar Trust, August 13, 1999 | 10,443.67 | John R. and Judith L. Concar Trust, August 13, 1999 |
| U671 | Dianne Connor | Dianne | Connor | Mary Gustafson and Jean Ann Gustafson | 10,591.56 | Mary Gustafson and Jean Ann Gustafson |
| S021 | Robert P. and Elaine A. Converse | Robert P. and Elaine A. | Converse | The Converse Family Trust | 10,000.00 | The Converse Family Trust |
| S022 | Robert P. and Elaine A. Converse | Robert P. and Elaine A. | Converse | The Converse Family Trust | 10,000.00 | The Converse Family Trust |
| S023 | Robert P. and Elaine A. Converse | Robert P. and Elaine A. | Converse | The Converse Family Trust | 10,000.00 | The Converse Family Trust |
| S024 | Robert P. and Elaine A. Converse | Robert P. and Elaine A. | Converse | The Converse Family Trust | 10,000.00 | The Converse Family Trust |
| S025 | Robert P. and Elaine A. Converse | Robert P. and Elaine A. | Converse | The Converse Family Trust | 10,000.00 | The Converse Family Trust |
| S569-S | Robert P. and Elaine A. Converse | Robert P. and Elaine A. | Converse | The Converse Family Trust | 10,443.67 | The Converse Family Trust |
| S570-S | Robert P. and Elaine A. Converse | Robert P. and Elaine A. | Converse | The Converse Family Trust | 10,443.67 | The Converse Family Trust |
| S571-S | Robert P. and Elaine A. Converse | Robert P. and Elaine A. | Converse | The Converse Family Trust | 10,443.67 | The Converse Family Trust |
| S572-S | Robert P. and Elaine A. Converse | Robert P. and Elaine A. | Converse | The Converse Family Trust | 10,443.67 | The Converse Family Trust |
| S573-S | Robert P. and Elaine A. Converse | Robert P. and Elaine A. | Converse | The Converse Family Trust | 10,443.67 | The Converse Family Trust |
| U211 | Robert P. and Elaine A. Converse | Robert P. and Elaine A. | Converse | The Converse Family Trust | 10,591.56 | The Converse Family Trust |
| U345 | Robert P. and Elaine A. Converse | Robert P. and Elaine A. | Converse | The Converse Family Trust | 10,591.56 | The Converse Family Trust |
| U346 | Robert P. and Elaine A. Converse | Robert P. and Elaine A. | Converse | The Converse Family Trust | 10,591.56 | The Converse Family Trust |
| U574 | Robert P. and Elaine A. Converse | Robert P. and Elaine A. | Converse | The Converse Family Trust | 10,443.67 | The Converse Family Trust |
| U575 | Robert P. and Elaine A. Converse | Robert P. and Elaine A. | Converse | The Converse Family Trust | 10,443.67 | The Converse Family Trust |
| U007 | Frances Cooper | Frances | Cooper | Cooper Declaration Trust | 10,591.56 | Cooper Declaration Trust |
| S529-S | Frances Cooper | Frances | Cooper | Cooper Declaration Trust | 10,443.67 | Cooper Declaration Trust |
| S054 | Alice C. and Thomas Coury, Pike | Alice C. and Thomas | Coury, Pike | | 10,000.00 | Alice C. and Thomas, Coury, Pike |
| S055 | Alice C. and Thomas Coury, Pike | Alice C. and Thomas | Coury, Pike | | 10,000.00 | Alice C. and Thomas, Coury, Pike |
| S056 | Alice C. and Thomas Coury, Pike | Alice C. and Thomas | Coury, Pike | | 10,000.00 | Alice C. and Thomas, Coury, Pike |
| S057 | Alice C. and Thomas Coury, Pike | Alice C. and Thomas | Coury, Pike | | 10,000.00 | Alice C. and Thomas, Coury, Pike |
| S058 | Alice C. and Thomas Coury, Pike | Alice C. and Thomas | Coury, Pike | | 10,000.00 | Alice C. and Thomas, Coury, Pike |
| S059 | Alice C. and Thomas Coury, Pike | Alice C. and Thomas | Coury, Pike | | 10,000.00 | Alice C. and Thomas, Coury, Pike |

| NOTE # | Full Name | FIRST | LAST | TRUST | PRINCIPLE | Name |
|---|---|---|---|---|---|---|
| S135-S | Alice C. and Thomas Coury, Pike | Alice C. and Thomas | Coury, Pike | | 10,591.56 | Alice C. and Thomas, Coury, Pike |
| S347-S | Alice C. and Thomas Coury, Pike | Alice C. and Thomas | Coury, Pike | | 10,591.56 | Alice C. and Thomas, Coury, Pike |
| S348-S | Alice C. and Thomas Coury, Pike | Alice C. and Thomas | Coury, Pike | | 10,591.56 | Alice C. and Thomas, Coury, Pike |
| S349-S | Alice C. and Thomas Coury, Pike | Alice C. and Thomas | Coury, Pike | | 10,591.56 | Alice C. and Thomas, Coury, Pike |
| S462-S | Alice C. and Thomas Coury, Pike | Alice C. and Thomas | Coury, Pike | | 10,369.72 | Alice C. and Thomas, Coury, Pike |
| S506-S | Alice C. and Thomas Coury, Pike | Alice C. and Thomas | Coury, Pike | | 10,443.67 | Alice C. and Thomas, Coury, Pike |
| U567 | Gary and Judith Cox | Gary and Judith | Cox | | 10,443.67 | Gary and Judith, Cox |
| U215 | Daniel and Dawn Craig | Daniel and Dawn | Craig | | 10,591.56 | Daniel and Dawn, Craig |
| U552 | Joseph Scott Crosby | Joseph Scott | Crosby | | 10,591.56 | Joseph Scott, Crosby |
| U589 | Joseph Scott Crosby | Joseph Scott | Crosby | | 10,591.56 | Joseph Scott, Crosby |
| U287 | William M. Crosby | William M. | Crosby | | 10,591.56 | William M., Crosby |
| U289 | William M. Crosby | William M. | Crosby | | 10,591.56 | William M., Crosby |
| S450-S | Julia Ann Davidson | Julia Ann | Davidson | The Davidson Living Trust | 10,480.64 | The Davidson Living Trust |
| S072 | Julia Ann Davidson | Julia Ann | Davidson | The Davidson Living Trust | 10,000.00 | The Davidson Living Trust |
| U125 | Julia Ann Davidson | Julia Ann | Davidson | The Davidson Living Trust | 10,591.56 | The Davidson Living Trust |
| U316 | Julia Ann Davidson | Julia Ann | Davidson | The Davidson Living Trust | 10,591.56 | The Davidson Living Trust |
| U317 | Julia Ann Davidson | Julia Ann | Davidson | The Davidson Living Trust | 10,591.56 | The Davidson Living Trust |
| U465 | Julia Ann Davidson | Julia Ann | Davidson | The Davidson Living Trust | 10,369.72 | The Davidson Living Trust |
| U516 | Julia Ann Davidson | Julia Ann | Davidson | The Davidson Living Trust | 10,443.67 | The Davidson Living Trust |
| U367 | Joseph and Christina Deaton | Joseph and Christina | Deaton | Deaton Family Revocable Trust | 10,591.56 | Deaton Family Revocable Trust |
| S086 | Maureen Debeer | Maureen | Debeer | The Hans & Maureen Debeer Living Trust | 10,000.00 | The Hans & Maureen Debeer Living Trust |
| S605-S | Maureen Debeer | Maureen | Debeer | The Hans & Maureen Debeer Living Trust | 10,443.67 | The Hans & Maureen Debeer Living Trust |
| U118 | Maureen Debeer | Maureen | Debeer | The Hans & Maureen Debeer Living Trust | 10,591.56 | The Hans & Maureen Debeer Living Trust |
| U119 | Maureen Debeer | Maureen | Debeer | The Hans & Maureen Debeer Living Trust | 10,591.56 | The Hans & Maureen Debeer Living Trust |
| U126 | Maureen Debeer | Maureen | Debeer | The Hans & Maureen Debeer Living Trust | 10,591.56 | The Hans & Maureen Debeer Living Trust |
| U247 | Maureen Debeer | Maureen | Debeer | The Hans & Maureen Debeer Living Trust | 10,591.56 | The Hans & Maureen Debeer Living Trust |
| U248 | Maureen Debeer | Maureen | Debeer | The Hans & Maureen Debeer Living Trust | 10,591.56 | The Hans & Maureen Debeer Living Trust |
| U606 | Maureen Debeer | Maureen | Debeer | The Hans & Maureen Debeer Living Trust | 10,443.67 | The Hans & Maureen Debeer Living Trust |
| S084 | Donald and Ann Delaney | Donald and Ann | Delaney | Donald and Ann Delaney Revocable Trust | 10,000.00 | Donald and Ann Delaney Revocable Trust |
| S147 | Donald and Ann Delaney | Donald and Ann | Delaney | Donald and Ann Delaney Revocable Trust | 10,000.00 | Donald and Ann Delaney Revocable Trust |
| S430-S | Donald and Ann Delaney | Donald and Ann | Delaney | Donald and Ann Delaney Revocable Trust | 10,517.61 | Donald and Ann Delaney Revocable Trust |
| S637-S | Donald and Ann Delaney | Donald and Ann | Delaney | Donald and Ann Delaney Revocable Trust | 10,443.67 | Donald and Ann Delaney Revocable Trust |
| U052 | Donald and Ann Delaney | Donald and Ann | Delaney | Donald and Ann Delaney Revocable Trust | 10,591.56 | Donald and Ann Delaney Revocable Trust |
| U053 | Donald and Ann Delaney | Donald and Ann | Delaney | Donald and Ann Delaney Revocable Trust | 10,591.56 | Donald and Ann Delaney Revocable Trust |
| U071 | Donald and Ann Delaney | Donald and Ann | Delaney | Donald and Ann Delaney Revocable Trust | 10,591.56 | Donald and Ann Delaney Revocable Trust |
| U334 | Donald and Ann Delaney | Donald and Ann | Delaney | Donald and Ann Delaney Revocable Trust | 10,591.56 | Donald and Ann Delaney Revocable Trust |
| U638 | Donald and Ann Delaney | Donald and Ann | Delaney | Donald and Ann Delaney Revocable Trust | 10,443.67 | Donald and Ann Delaney Revocable Trust |
| U005 | Susan P. Demille | Susan P. | Demille | | 10,591.56 | Susan P., Demille |
| U266 | Susan P. Demille | Susan P. | Demille | | 10,591.56 | Susan P., Demille |
| U335 | Arlen Robert and Vivien Burt Diamond | Arlen Robert and Vivien Burt | Diamond | Arlen Diamond and Vivien Burt Diamond Family Trust | 10,591.56 | Arlen Diamond and Vivien Burt Diamond Family Trust |
| U336 | Arlen Robert and Vivien Burt Diamond | Arlen Robert and Vivien Burt | Diamond | Arlen Diamond and Vivien Burt Diamond Family Trust | 10,591.56 | Arlen Diamond and Vivien Burt Diamond Family Trust |
| U337 | Arlen Robert and Vivien Burt Diamond | Arlen Robert and Vivien Burt | Diamond | Arlen Diamond and Vivien Burt Diamond Family Trust | 10,591.56 | Arlen Diamond and Vivien Burt Diamond Family Trust |
| U111 | Donato M. and Nancy G. Dingillo | Donato M. and Nancy G. | Dingillo | The Dingillo Family 1994 Trust | 10,591.56 | The Dingillo Family 1994 Trust |
| S081 | Michael and Janice Dingillo | Michael and Janice | Dingillo | Amendment and Restatement of M & J Dingillo Trust | 10,000.00 | Amendment and Restatement of M & J Dingillo Trust |
| U022 | Michael and Janice Dingillo | Michael and Janice | Dingillo | Amendment and Restatement of M & J Dingillo Trust | 10,591.56 | Amendment and Restatement of M & J Dingillo Trust |
| U396 | Michael and Janice Dingillo | Michael and Janice | Dingillo | Amendment and Restatement of M & J Dingillo Trust | 10,591.56 | Amendment and Restatement of M & J Dingillo Trust |
| U397 | Michael and Janice Dingillo | Michael and Janice | Dingillo | Amendment and Restatement of M & J Dingillo Trust | 10,591.56 | Amendment and Restatement of M & J Dingillo Trust |
| U398 | Michael and Janice Dingillo | Michael and Janice | Dingillo | Amendment and Restatement of M & J Dingillo Trust | 10,591.56 | Amendment and Restatement of M & J Dingillo Trust |
| U517 | Michael and Janice Dingillo | Michael and Janice | Dingillo | Amendment and Restatement of M & J Dingillo Trust | 10,443.67 | Amendment and Restatement of M & J Dingillo Trust |
| U518 | Michael and Janice Dingillo | Michael and Janice | Dingillo | Amendment and Restatement of M & J Dingillo Trust | 10,443.67 | Amendment and Restatement of M & J Dingillo Trust |
| U540 | Rocco and Deborah Dingillo | Rocco and Deborah | Dingillo | | 10,369.72 | Rocco and Deborah, Dingillo |
| U468 | John Doerr | John | Doerr | The John Nelson Doerr & Betty Jean Doerr 1998 Revocable Trust | 10,369.72 | The John Nelson Doerr & Betty Jean Doerr 1998 Revocable Trust |
| U218 | Roy and Janet Dohner | Roy and Janet | Dohner | Dohner Trust | 10,591.56 | Dohner Trust |
| U576 | Roy and Janet Dohner | Roy and Janet | Dohner | Dohner Trust | 10,443.67 | Dohner Trust |
| U577 | Roy and Janet Dohner | Roy and Janet | Dohner | Dohner Trust | 10,443.67 | Dohner Trust |
| U182 | Mason Donahoe | Mason | Donahoe | c/o Traci Donahoe | 10,591.56 | c/o Traci Donahoe |

EXHIBIT "10"
PAGE 73

| NOTE # | Full Name | FIRST | LAST | TRUST | PRINCIPLE | Name |
|---|---|---|---|---|---|---|
| U183 | Preston Donahoe | Preston | Donahoe | c/o Traci Donahoe | 10,591.56 | c/o Traci Donahoe |
| S307-S | Ralph and Celia Dudley | Ralph and Celia | Dudley | | 10,591.56 | Ralph and Celia, Dudley |
| S619-S | Ralph and Celia Dudley | Ralph and Celia | Dudley | | 10,443.67 | Ralph and Celia, Dudley |
| U350 | Floranne Dunning | Floranne | Dunning | The Ronald A. Dunning and Floranne F. Dunning Family Trust | 10,591.56 | The Ronald A. Dunning and Floranne F. Dunning Family Trust |
| U351 | Floranne Dunning | Floranne | Dunning | The Ronald A. Dunning and Floranne F. Dunning Family Trust | 10,591.56 | The Ronald A. Dunning and Floranne F. Dunning Family Trust |
| U352 | Richard Durette | Richard | Durette | Durette Family Trust, Carol A Raftery POA | 10,591.56 | Durette Family Trust, Carol A Raftery POA |
| U421 | Richard Durette | Richard | Durette | Durette Family Trust, Carol A Raftery POA | 10,591.56 | Durette Family Trust, Carol A Raftery POA |
| S049 | Christa G. Dyer | Christa G. | Dyer | The Dyer Family Trust | 10,000.00 | The Dyer Family Trust |
| S074 | Christa G. Dyer | Christa G. | Dyer | The Dyer Family Trust | 10,000.00 | The Dyer Family Trust |
| S479-S | Christa G. Dyer | Christa G. | Dyer | The Dyer Family Trust | 10,369.72 | The Dyer Family Trust |
| S501-S | Christa G. Dyer | Christa G. | Dyer | The Dyer Family Trust | 10,443.67 | The Dyer Family Trust |
| S528-S | Christa G. Dyer | Christa G. | Dyer | The Dyer Family Trust | 10,369.72 | The Dyer Family Trust |
| S614-S | Christa G. Dyer | Christa G. | Dyer | The Dyer Family Trust | 10,443.67 | The Dyer Family Trust |
| U146 | Christa G. Dyer | Christa G. | Dyer | The Dyer Family Trust | 10,591.56 | The Dyer Family Trust |
| U201 | Christa G. Dyer | Christa G. | Dyer | The Dyer Family Trust | 10,591.56 | The Dyer Family Trust |
| U214 | Christa G. Dyer | Christa G. | Dyer | The Dyer Family Trust | 10,591.56 | The Dyer Family Trust |
| U400 | Christa G. Dyer | Christa G. | Dyer | The Dyer Family Trust | 10,591.56 | The Dyer Family Trust |
| U453 | Christa G. Dyer | Christa G. | Dyer | The Dyer Family Trust | 10,480.64 | The Dyer Family Trust |
| S137 | Mary Elin and Mark H Ellis | Mary Elin  and Mark H | Ellis | Ellis Survivors Trust | 10,000.00 | Ellis Survivors Trust |
| S138 | Mary Elin and Mark H Ellis | Mary Elin  and Mark H | Ellis | Ellis Survivors Trust | 10,000.00 | Ellis Survivors Trust |
| S520-S | Mary Elin and Mark H Ellis | Mary Elin  and Mark H | Ellis | Ellis Survivors Trust | 10,443.67 | Ellis Survivors Trust |
| S521-S | Mary Elin and Mark H Ellis | Mary Elin  and Mark H | Ellis | Ellis Survivors Trust | 10,443.67 | Ellis Survivors Trust |
| U189 | Mary Elin and Mark H Ellis | Mary Elin  and Mark H | Ellis | Ellis Survivors Trust | 10,591.56 | Ellis Survivors Trust |
| U353 | Mary Elin and Mark H Ellis | Mary Elin  and Mark H | Ellis | Ellis Survivors Trust | 10,591.56 | Ellis Survivors Trust |
| U354 | Mary Elin and Mark H Ellis | Mary Elin  and Mark H | Ellis | Ellis Survivors Trust | 10,591.56 | Ellis Survivors Trust |
| U355 | Mary Elin and Mark H Ellis | Mary Elin  and Mark H | Ellis | Ellis Survivors Trust | 10,591.56 | Ellis Survivors Trust |
| U387 | Mary Elin and Mark H Ellis | Mary Elin  and Mark H | Ellis | Ellis Survivors Trust | 10,591.56 | Ellis Survivors Trust |
| U388 | Mary Elin and Mark H Ellis | Mary Elin  and Mark H | Ellis | Ellis Survivors Trust | 10,591.56 | Ellis Survivors Trust |
| U519 | Mary Elin and Mark H Ellis | Mary Elin  and Mark H | Ellis | Ellis Survivors Trust | 10,443.67 | Ellis Survivors Trust |
| S112-S | Robert Wayne Fairweather | Robert Wayne | Fairweather | | 10,591.56 | Robert Wayne, Fairweather |
| S093 | Anne Farber | Anne | Farber | The Farber Family Trust | 10,000.00 | The Farber Family Trust |
| S484-S | Anne Farber | Anne | Farber | The Farber Family Trust | 10,369.72 | The Farber Family Trust |
| S119 | Pamela L Farber | Pamela L. | Farber | | 10,000.00 | Pamela L., Farber |
| S165-S | Pamela L. Farber | Pamela L. | Farber | | 10,591.56 | Pamela L., Farber |
| U106 | Frank L. and Shirley Feller | Frank L. and Shirley | Feller | Feller Family Trust | 10,591.56 | Feller Family Trust |
| U308 | Frank L. and Shirley Feller | Frank L. and Shirley | Feller | Feller Family Trust | 10,591.56 | Feller Family Trust |
| U159 | Pat Feller | Pat | Feller | | 10,591.56 | Pat, Feller |
| U590 | Maria Qing Feng | Maria Qing | Feng | | 10,443.67 | Maria Qing, Feng |
| U615 | Thomas Ferguson | Thomas | Ferguson | | 10,369.72 | Thomas , Ferguson |
| U105 | Cedric C. and Elizabeth A. Fields | Cedric C. and Elizabeth A. | Fields | The Fields Living Trust | 10,591.56 | The Fields Living Trust |
| U208 | Cedric C. and Elizabeth A. Fields | Cedric C. and Elizabeth A. | Fields | The Fields Living Trust | 10,591.56 | The Fields Living Trust |
| U209 | Cedric C. and Elizabeth A. Fields | Cedric C. and Elizabeth A. | Fields | The Fields Living Trust | 10,591.56 | The Fields Living Trust |
| U338 | Cedric C. and Elizabeth A. Fields | Cedric C. and Elizabeth A. | Fields | The Fields Living Trust | 10,591.56 | The Fields Living Trust |
| U426 | Joan A Finn-Hanson | Joan A | Finn-Hanson | Joan Adrian Finn-Hanson Trust | 10,517.61 | Joan Adrian Finn-Hanson Trust |
| U455 | Joan A Finn-Hanson | Joan A | Finn-Hanson | Joan Adrian Finn-Hanson Trust | 10,480.64 | Joan Adrian Finn-Hanson Trust |
| U595 | Joan A Finn-Hanson | Joan A | Finn-Hanson | Joan Adrian Finn-Hanson Trust | 10,443.67 | Joan Adrian Finn-Hanson Trust |
| U084 | Virginia L. Franks | Virginia L. | Franks | Virginia L. Franks Trust  (Daughter - Tammy Halen) | 10,591.56 | Virginia L. Franks Trust  (Daughter - Tammy Halen) |
| U412 | Virginia L. Franks | Virginia L. | Franks | Virginia L. Franks Trust | 10,591.56 | Virginia L. Franks Trust |
| U591 | Virginia L. Franks | Virginia L. | Franks | Virginia L. Franks Trust | 10,443.67 | Virginia L. Franks Trust |
| U009 | Richard & Patricia Freeman | Richard & Patricia | Freeman | Richard and Patricia Freeman Revocable Living Trust | 10,591.56 | Richard and Patricia Freeman Revocable Living Trust |
| U210 | William G. Freitag | William G. | Freitag | William G. Freitag Revocable Trust | 10,591.56 | William G. Freitag Revocable Trust |
| U274 | William G. Freitag | William G. | Freitag | William G. Freitag Revocable Trust | 10,591.56 | William G. Freitag Revocable Trust |
| U472 | William G. Freitag | William G. | Freitag | William G. Freitag Revocable Trust | 10,369.72 | William G. Freitag Revocable Trust |
| U522 | William G. Freitag | William G. | Freitag | William G. Freitag Revocable Trust | 10,443.67 | William G. Freitag Revocable Trust |
| U645 | William G. Freitag | William G. | Freitag | William G. Freitag Revocable Trust | 10,591.56 | William G. Freitag Revocable Trust |
| U276 | Lynn A. Friedman | Lynn A. | Friedman | | 10,591.56 | Lynn A., Friedman |

EXHIBIT "10"
PAGE 74

| NOTE # | Full Name | FIRST | LAST | TRUST | PRINCIPLE | Name |
|---|---|---|---|---|---|---|
| U422 | John E. and Mary E. Fritz | John E. and Mary E. | Fritz | | 10,591.56 | John E. and Mary E., Fritz |
| U294 | Chihiro Fujikawa | Chihiro | Fujikawa | | 10,591.56 | Chihiro, Fujikawa |
| U343 | Mary B Garver | Mary B | Garver | Mary B. Garver Survivor's Trust created under the Garver Living Trust | 10,591.56 | Mary B. Garver Survivor's Trust created under the Garver Living Trust |
| U085 | Betty J Gefell | Betty J | Gefell | The Betty J. Gefell 1990 Trust | 10,591.56 | The Betty J. Gefell 1990 Trust |
| U286 | Betty J Gefell | Betty J | Gefell | The Betty J. Gefell 1990 Trust | 10,591.56 | The Betty J. Gefell 1990 Trust |
| U386 | Betty J Gefell | Betty J | Gefell | The Betty J. Gefell 1990 Trust | 10,591.56 | The Betty J. Gefell 1990 Trust |
| U639 | Betty J Gefell | Betty J | Gefell | The Betty J. Gefell 1990 Trust | 10,443.67 | The Betty J. Gefell 1990 Trust |
| U110 | Emanuel and Jean Glass | Emanuel and Jean | Glass | | 10,591.56 | Emanuel and Jean, Glass |
| U207 | Emanuel and Jean Glass | Emanuel and Jean | Glass | | 10,591.56 | Emanuel and Jean, Glass |
| U225 | Emanuel and Jean Glass | Emanuel and Jean | Glass | | 10,591.56 | Emanuel and Jean, Glass |
| U275 | Emanuel and Jean Glass | Emanuel and Jean | Glass | | 10,591.56 | Emanuel and Jean, Glass |
| U393 | Emanuel and Jean Glass | Emanuel and Jean | Glass | | 10,591.56 | Emanuel and Jean, Glass |
| U541 | Emanuel and Jean Glass | Emanuel and Jean | Glass | | 10,443.67 | Emanuel and Jean, Glass |
| U657 | Emanuel and Jean Glass | Emanuel and Jean | Glass | | 10,591.56 | Emanuel and Jean, Glass |
| U003 | Murray Glass | Murray | Glass | | 10,591.56 | Murray, Glass |
| U290 | Murray Glass | Murray | Glass | | 10,591.56 | Murray, Glass |
| U360 | Mary Glenane | Mary | Glenane | Peter J. & Mary Glenane Family Trust | 10,591.56 | Peter J. & Mary Glenane Family Trust |
| U435 | Mary Glenane | Mary | Glenane | Peter J. & Mary Glenane Family Trust | 10,517.61 | Peter J. & Mary Glenane Family Trust |
| U661 | Mary Glenane | Mary | Glenane | Peter J. & Mary Glenane Family Trust | 10,591.56 | Peter J. & Mary Glenane Family Trust |
| U339 | Ruben Roberto and Lynne Alana Gomez, Delaney | Ruben Roberto and Lynne Alana | Gomez, Delaney | | 10,591.56 | Ruben Roberto and Lynne Alana, Gomez, Delaney |
| U340 | Ruben Roberto and Lynne Alana Gomez, Delaney | Ruben Roberto and Lynne Alana | Gomez, Delaney | | 10,591.56 | Ruben Roberto and Lynne Alana, Gomez, Delaney |
| U341 | Ruben Roberto and Lynne Alana Gomez, Delaney | Ruben Roberto and Lynne Alana | Gomez, Delaney | | 10,591.56 | Ruben Roberto and Lynne Alana, Gomez, Delaney |
| U458 | Ruben Roberto and Lynne Alana Gomez, Delaney | Ruben Roberto and Lynne Alana | Gomez, Delaney | | 10,369.72 | Ruben Roberto and Lynne Alana, Gomez, Delaney |
| U331 | Virginia M. Gordon | Virginia M. | Gordon | The Gordon Trust | 10,591.56 | The Gordon Trust |
| S141 | David and Lois Goren | David and Lois | Goren | | 10,000.00 | David and Lois, Goren |
| S597-S | David and Lois Goren | David and Lois | Goren | | 10,591.56 | David and Lois, Goren |
| U069 | David and Lois Goren | David and Lois | Goren | | 10,591.56 | David and Lois, Goren |
| U070 | David and Lois Goren | David and Lois | Goren | | 10,591.56 | David and Lois, Goren |
| U512 | David and Lois Goren | David and Lois | Goren | | 10,443.67 | David and Lois, Goren |
| S048 | James L. & Celeste  Gray | James L. & Celeste | Gray | | 10,000.00 | James L. & Celeste , Gray |
| S023-S | Gary and Janet Green | Gary and Janet | Green | The Green Family Trust | 10,591.56 | The Green Family Trust |
| S024-S | Gary and Janet Green | Gary and Janet | Green | The Green Family Trust | 10,591.56 | The Green Family Trust |
| S071 | Gary and Janet Green | Gary and Janet | Green | The Green Family Trust | 10,000.00 | The Green Family Trust |
| S079-S | Gary and Janet Green | Gary and Janet | Green | The Green Family Trust | 10,591.56 | The Green Family Trust |
| S087 | Gary and Janet Green | Gary and Janet | Green | The Green Family Trust | 10,000.00 | The Green Family Trust |
| S088 | Gary and Janet Green | Gary and Janet | Green | The Green Family Trust | 10,000.00 | The Green Family Trust |
| U080 | Gary and Janet Green | Gary and Janet | Green | The Green Family Trust | 10,591.56 | The Green Family Trust |
| U377 | Gary and Janet Green | Gary and Janet | Green | The Green Family Trust | 10,591.56 | The Green Family Trust |
| U378 | Gary and Janet Green | Gary and Janet | Green | The Green Family Trust | 10,591.56 | The Green Family Trust |
| S030 | Phillip Griffith | Phillip | Griffith | | 10,000.00 | Phillip, Griffith |
| S031 | Phillip Griffith | Phillip | Griffith | | 10,000.00 | Phillip, Griffith |
| S032 | Phillip Griffith | Phillip | Griffith | | 10,000.00 | Phillip, Griffith |
| S033 | Phillip Griffith | Phillip | Griffith | | 10,000.00 | Phillip, Griffith |
| S034 | Phillip Griffith | Phillip | Griffith | | 10,000.00 | Phillip, Griffith |
| S244-S | Phillip Griffith | Phillip | Griffith | | 10,591.56 | Phillip, Griffith |
| S489-S | Phillip Griffith | Phillip | Griffith | | 10,443.67 | Phillip, Griffith |
| S592-S | Phillip Griffith | Phillip | Griffith | | 10,443.67 | Phillip, Griffith |
| S593-S | Phillip Griffith | Phillip | Griffith | | 10,443.67 | Phillip, Griffith |
| S594-S | Phillip Griffith | Phillip | Griffith | | 10,443.67 | Phillip, Griffith |
| U113 | Phillip Griffith | Phillip | Griffith | | 10,591.56 | Phillip, Griffith |
| U243 | Phillip Griffith | Phillip | Griffith | | 10,591.56 | Phillip, Griffith |
| S080 | Ryan and Sharyl Griffith | Ryan and Sharyl | Griffith | | 10,000.00 | Ryan and Sharyl, Griffith |
| S154-S | Ryan and Sharyl Griffith | Ryan and Sharyl | Griffith | | 10,591.56 | Ryan and Sharyl, Griffith |
| U200 | Carol P. Gruber | Carol P. | Gruber | Gruber Family Trust | 10,591.56 | Gruber Family Trust |
| U226 | Carol P. Gruber | Carol P. | Gruber | Gruber Family Trust | 10,591.56 | Gruber Family Trust |
| U474 | Carol P. Gruber | Carol P. | Gruber | Gruber Family Trust | 10,369.72 | Gruber Family Trust |

| NOTE # | Full Name | FIRST | LAST | TRUST | PRINCIPLE | Name |
|---|---|---|---|---|---|---|
| U475 | Carol P. Gruber | Carol P. | Gruber | Gruber Family Trust | 10,369.72 | Gruber Family Trust |
| U014 | Joel Gruber | Joel | Gruber | | 10,591.56 | Joel, Gruber |
| U578 | Terry Gruber | Terry | Gruber | | 10,443.67 | Terry, Gruber |
| U384 | Larry and Theresa Hambleton | Larry and Theresa | Hambleton | | 10,591.56 | Larry and Theresa, Hambleton |
| U383 | Larry and Theresa Hambleton | Larry and Theresa | Hambleton | | 10,591.56 | Larry and Theresa, Hambleton |
| S035 | R. John and Jeanne C. Hannah | R. John and Jeanne C. | Hannah | The Hannah Living Trust | 10,000.00 | The Hannah Living Trust |
| S036 | R. John and Jeanne C. Hannah | R. John and Jeanne C. | Hannah | The Hannah Living Trust | 10,000.00 | The Hannah Living Trust |
| S037 | R. John and Jeanne C. Hannah | R. John and Jeanne C. | Hannah | The Hannah Living Trust | 10,000.00 | The Hannah Living Trust |
| S038 | R. John and Jeanne C. Hannah | R. John and Jeanne C. | Hannah | The Hannah Living Trust | 10,000.00 | The Hannah Living Trust |
| S039 | R. John and Jeanne C. Hannah | R. John and Jeanne C. | Hannah | The Hannah Living Trust | 10,000.00 | The Hannah Living Trust |
| S074-S | R. John and Jeanne C. Hannah | R. John and Jeanne C. | Hannah | The Hannah Living Trust | 10,591.56 | The Hannah Living Trust |
| S075-S | R. John and Jeanne C. Hannah | R. John and Jeanne C. | Hannah | The Hannah Living Trust | 10,591.56 | The Hannah Living Trust |
| S254-S | R. John and Jeanne C. Hannah | R. John and Jeanne C. | Hannah | The Hannah Living Trust | 10,591.56 | The Hannah Living Trust |
| S255-S | R. John and Jeanne C. Hannah | R. John and Jeanne C. | Hannah | The Hannah Living Trust | 10,591.56 | The Hannah Living Trust |
| S259-S | R. John and Jeanne C. Hannah | R. John and Jeanne C. | Hannah | The Hannah Living Trust | 10,591.56 | The Hannah Living Trust |
| S050 | Richard and Susan Hanson | Richard and Susan | Hanson | | 10,000.00 | Richard and Susan, Hanson |
| S144-S | Richard and Susan Hanson | Richard and Susan | Hanson | | 10,591.56 | Richard and Susan, Hanson |
| S018-S | William & Susanne Hardy | William & Susanne | Hardy | William T. Hardy Jr. & Susann Ohlund Hardy Revocable Trust | 10,591.56 | William T. Hardy Jr. & Susann Ohlund Hardy Revocable Trust |
| S019-S | William & Susanne Hardy | William & Susanne | Hardy | William T. Hardy Jr. & Susann Ohlund Hardy Revocable Trust | 10,000.00 | William T. Hardy Jr. & Susann Ohlund Hardy Revocable Trust |
| S132 | William & Susanne Hardy | William & Susanne | Hardy | William T. Hardy Jr. & Susann Ohlund Hardy Revocable Trust | 10,000.00 | William T. Hardy Jr. & Susann Ohlund Hardy Revocable Trust |
| S133 | William & Susanne Hardy | William & Susanne | Hardy | William T. Hardy Jr. & Susann Ohlund Hardy Revocable Trust | 10,000.00 | William T. Hardy Jr. & Susann Ohlund Hardy Revocable Trust |
| U012 | William Harnacker | William | Harnacker | | 10,591.56 | William , Harnacker |
| U164 | William Harnacker | William | Harnacker | | 10,591.56 | William , Harnacker |
| U562 | William Harnacker | William | Harnacker | | 10,443.67 | William , Harnacker |
| S060 | Raymond L. & Maureen Harris | Raymond L. & Maureen | Harris | | 10,000.00 | Raymond L. & Maureen, Harris |
| S356-S | Raymond L. & Maureen Harris | Raymond L. & Maureen | Harris | | 10,591.56 | Raymond L. & Maureen, Harris |
| U172 | Raymond L. & Maureen Harris | Raymond L. & Maureen | Harris | | 10,591.56 | Raymond L. & Maureen, Harris |
| U342 | Raymond L. & Maureen Harris | Raymond L. & Maureen | Harris | | 10,591.56 | Raymond L. & Maureen, Harris |
| U150 | Rose M Hartman | Rose M | Hartman | | 10,591.56 | Rose M, Hartman |
| S092 | Raymond and Gayle Haskell | Raymond and Gayle | Haskell | Raymond E. Haskell & Gayle K. Haskell Revocable Trust | 10,000.00 | Raymond E. Haskell & Gayle K. Haskell Revocable Trust |
| S463-S | Raymond and Gayle Haskell | Raymond and Gayle | Haskell | Raymond E. Haskell & Gayle K. Haskell Revocable Trust | 10,369.72 | Raymond E. Haskell & Gayle K. Haskell Revocable Trust |
| U142 | Raymond and Gayle Haskell | Raymond and Gayle | Haskell | Raymond E. Haskell & Gayle K. Haskell Revocable Trust | 10,591.56 | Raymond E. Haskell & Gayle K. Haskell Revocable Trust |
| U145 | David and Claire Hecht | David and Claire | Hecht | Hecht Family Trust | 10,591.56 | Hecht Family Trust |
| U408 | David and Claire Hecht | David and Claire | Hecht | Hecht Family Trust | 10,591.56 | Hecht Family Trust |
| U192 | Cory Helms | Cory | Helms | | 10,591.56 | Cory, Helms |
| U197 | Cory Helms | Cory | Helms | | 10,591.56 | Cory, Helms |
| U648 | Cory Helms | Cory | Helms | | 10,591.56 | Cory, Helms |
| U076 | Harris R Henningsen | Harris R | Henningsen | Declaration of Trust of Harris Henningsen & Lorraine Viola Henningsen | 10,591.56 | Declaration of Trust of Harris Henningsen & Lorraine Viola Henningsen |
| U089 | Harris R Henningsen | Harris R | Henningsen | Declaration of Trust of Harris Henningsen & Lorraine Viola Henningsen | 10,591.56 | Declaration of Trust of Harris Henningsen & Lorraine Viola Henningsen |
| S091 | Robert and Jayne Hess | Robert and Jayne | Hess | Robert Allen and Jayne R. Hess Trust | 10,000.00 | Robert Allen and Jayne R. Hess Trust |
| S603-S | Robert and Jayne Hess | Robert and Jayne | Hess | Robert Allen and Jayne R. Hess Trust | 10,443.67 | Robert Allen and Jayne R. Hess Trust |
| U436 | Robert and Jayne Hess | Robert and Jayne | Hess | Robert Allen and Jayne R. Hess Trust | 10,517.61 | Robert Allen and Jayne R. Hess Trust |
| U437 | Robert and Jayne Hess | Robert and Jayne | Hess | Robert Allen and Jayne R. Hess Trust | 10,517.61 | Robert Allen and Jayne R. Hess Trust |
| U438 | Robert and Jayne Hess | Robert and Jayne | Hess | Robert Allen and Jayne R. Hess Trust | 10,517.61 | Robert Allen and Jayne R. Hess Trust |
| U604 | Robert and Jayne Hess | Robert and Jayne | Hess | Robert Allen and Jayne R. Hess Trust | 10,443.67 | Robert Allen and Jayne R. Hess Trust |
| S097 | Myra L. O'Connell | Myra L. | O'Connell | | 10,000.00 | Myra L., O'Connell |
| S579-S | Myra L. O'Connell | Myra L. | O'Connell | | 10,443.67 | Myra L., O'Connell |
| U169 | Myra L. O'Connell | Myra L. | O'Connell | | 10,591.56 | Myra L., O'Connell |
| U170 | Myra L. O'Connell | Myra L. | O'Connell | | 10,591.56 | Myra L., O'Connell |
| U227 | Robert and Patricia Holler | Robert and Patricia | Holler | Holler Family Trust | 10,591.56 | Holler Family Trust |
| U596 | Robert and Patricia Holler | Robert and Patricia | Holler | Holler Family Trust | 10,443.67 | Holler Family Trust |
| S114 | John and Rita Holliday | John and Rita | Holliday | | 10,000.00 | John and Rita, Holliday |
| S115 | John and Rita Holliday | John and Rita | Holliday | | 10,000.00 | John and Rita, Holliday |
| S407-S | John and Rita Holliday | John and Rita | Holliday | | 10,591.56 | John and Rita, Holliday |
| S620-S | John and Rita Holliday | John and Rita | Holliday | | 10,443.67 | John and Rita, Holliday |

| NOTE # | Full Name | FIRST | LAST | TRUST | PRINCIPLE | Name |
|---|---|---|---|---|---|---|
| U004 | John and Rita Holliday | John and Rita | Holliday | | 10,591.56 | John and Rita, Holliday |
| U406 | John and Rita Holliday | John and Rita | Holliday | | 10,591.56 | John and Rita, Holliday |
| U067 | Edward and Joyce Horowitz | Edward and Joyce | Horowitz | | 10,591.56 | Edward and Joyce, Horowitz |
| U602 | Thomas and Kristen Hylton | Thomas and Kristen | Hylton | | 10,591.56 | Thomas and Kristen, Hylton |
| U171 | Shirley E Jacobs | Shirley E | Jacobs | and/or Carol J. Dalton | 10,591.56 | and/or Carol J. Dalton |
| U199 | Shirley E Jacobs | Shirley E | Jacobs | and/or Robert M. Donahue, Jr. | 10,591.56 | and/or Robert M. Donahue, Jr. |
| S107 | Harvey and Joyce Jensen | Harvey and Joyce | Jensen | Jensen Family Trust | 10,000.00 | Jensen Family Trust |
| S539-S | Harvey and Joyce Jensen | Harvey and Joyce | Jensen | Jensen Family Trust | 10,443.67 | Jensen Family Trust |
| U195 | Harvey and Joyce Jensen | Harvey and Joyce | Jensen | Jensen Family Trust | 10,591.56 | Jensen Family Trust |
| U271 | Harvey and Joyce Jensen | Harvey and Joyce | Jensen | Jensen Family Trust | 10,591.56 | Jensen Family Trust |
| S110 | Howard and Carol Jensen | Howard and Carol | Jensen | The Jensen Family Trust | 10,000.00 | The Jensen Family Trust |
| S480-S | Howard and Carol Jensen | Howard and Carol | Jensen | The Jensen Family Trust | 10,369.72 | The Jensen Family Trust |
| U260 | Howard and Carol Jensen | Howard and Carol | Jensen | The Jensen Family Trust | 10,591.56 | The Jensen Family Trust |
| U318 | Howard and Carol Jensen | Howard and Carol | Jensen | The Jensen Family Trust | 10,591.56 | The Jensen Family Trust |
| U319 | Howard and Carol Jensen | Howard and Carol | Jensen | The Jensen Family Trust | 10,591.56 | The Jensen Family Trust |
| U320 | Howard and Carol Jensen | Howard and Carol | Jensen | The Jensen Family Trust | 10,591.56 | The Jensen Family Trust |
| U083 | Charles and Gloria Johnson | Charles and Gloria | Johnson | Johnson Family Trust dated March 6, 1989 | 10,591.56 | Johnson Family Trust dated March 6, 1989 |
| U128 | Charles and Gloria Johnson | Charles and Gloria | Johnson | Johnson Family Trust dated March 6, 1989 | 10,591.56 | Johnson Family Trust dated March 6, 1989 |
| U188 | Charles and Gloria Johnson | Charles and Gloria | Johnson | Johnson Family Trust dated March 6, 1989 | 10,591.56 | Johnson Family Trust dated March 6, 1989 |
| U321 | Charles and Gloria Johnson | Charles and Gloria | Johnson | Johnson Family Trust dated March 6, 1989 | 10,591.56 | Johnson Family Trust dated March 6, 1989 |
| U416 | Charles and Gloria Johnson | Charles and Gloria | Johnson | Johnson Family Trust dated March 6, 1989 | 10,591.56 | Johnson Family Trust dated March 6, 1989 |
| U417 | Charles and Gloria Johnson | Charles and Gloria | Johnson | Johnson Family Trust dated March 6, 1989 | 10,591.56 | Johnson Family Trust dated March 6, 1989 |
| U256 | James and Stephanie Johnson | James and Stephanie | Johnson | | 10,591.56 | James and Stephanie, Johnson |
| U297 | James and Stephanie Johnson | James and Stephanie | Johnson | | 10,591.56 | James and Stephanie, Johnson |
| U523 | James and Stephanie Johnson | James and Stephanie | Johnson | | 10,443.67 | James and Stephanie, Johnson |
| S105 | Vernon Lee Johnson | Vernon Lee | Johnson | Vernon Lee Johnson Trust | 10,000.00 | Vernon Lee Johnson Trust |
| S106 | Vernon Lee Johnson | Vernon Lee | Johnson | Vernon Lee Johnson Trust | 10,000.00 | Vernon Lee Johnson Trust |
| S428-S | Vernon Lee Johnson | Vernon Lee | Johnson | Vernon Lee Johnson Trust | 10,517.61 | Vernon Lee Johnson Trust |
| S429-S | Vernon Lee Johnson | Vernon Lee | Johnson | Vernon Lee Johnson Trust | 10,517.61 | Vernon Lee Johnson Trust |
| U272 | Vernon Lee Johnson | Vernon Lee | Johnson | Vernon Lee Johnson Trust | 10,591.56 | Vernon Lee Johnson Trust |
| U322 | Vernon Lee Johnson | Vernon Lee | Johnson | Vernon Lee Johnson Trust | 10,591.56 | Vernon Lee Johnson Trust |
| S145 | Thomas and Arlene Jones | Thomas and Arlene | Jones | | 10,000.00 | Thomas and Arlene, Jones |
| S180-S | Thomas and Arlene Jones | Thomas and Arlene | Jones | | 10,591.56 | Thomas and Arlene, Jones |
| U072 | Lon Roy Kavanaugh III | Lon Roy | Kavanaugh III | | 10,591.56 | Lon Roy, Kavanaugh III |
| U298 | Scott F. Kavanaugh | Scott F. | Kavanaugh | | 10,591.56 | Scott F., Kavanaugh |
| U366 | Melvin and Jean Keleman | Melvin and Jean | Keleman | Keleman Family Trust | 10,591.56 | Keleman Family Trust |
| U389 | Melvin and Jean Keleman | Melvin and Jean | Keleman | Keleman Family Trust | 10,591.56 | Keleman Family Trust |
| U508 | William L and Judy Kelly | William L and Judy | Kelly | | 10,369.72 | William L and Judy, Kelly |
| U278 | Richard and Eleanor Kichline | Richard and Eleanor | Kichline | The Kichline 1992 Family Trust | 10,591.56 | The Kichline 1992 Family Trust |
| S073 | Wesley and Marcy Kim | Wesley and Marcy | Kim | The 2002 Kim Family Trust | 10,000.00 | The 2002 Kim Family Trust |
| S103 | Wesley and Marcy Kim | Wesley and Marcy | Kim | The 2002 Kim Family Trust | 10,000.00 | The 2002 Kim Family Trust |
| S504-S | Wesley and Marcy Kim | Wesley and Marcy | Kim | The 2002 Kim Family Trust | 10,443.67 | The 2002 Kim Family Trust |
| S553-S | Wesley and Marcy Kim | Wesley and Marcy | Kim | The 2002 Kim Family Trust | 10,443.67 | The 2002 Kim Family Trust |
| U361 | Wesley and Marcy Kim | Wesley and Marcy | Kim | The 2002 Kim Family Trust | 10,591.56 | The 2002 Kim Family Trust |
| U413 | Wesley and Marcy Kim | Wesley and Marcy | Kim | The 2002 Kim Family Trust | 10,591.56 | The 2002 Kim Family Trust |
| S112 | Ronald and Linda Kirkpatrick | Ronald and Linda | Kirkpatrick | Ronald and Linda L. Kirpatrick Living Trust | 10,000.00 | Ronald and Linda L. Kirpatrick Living Trust |
| S113 | Ronald and Linda Kirkpatrick | Ronald and Linda | Kirkpatrick | Ronald and Linda L. Kirpatrick Living Trust | 10,000.00 | Ronald and Linda L. Kirpatrick Living Trust |
| S481-S | Ronald and Linda Kirkpatrick | Ronald and Linda | Kirkpatrick | Ronald and Linda L. Kirpatrick Living Trust | 10,369.72 | Ronald and Linda L. Kirpatrick Living Trust |
| S651-S | Ronald and Linda Kirkpatrick | Ronald and Linda | Kirkpatrick | Ronald and Linda L. Kirpatrick Living Trust | 10,591.56 | Ronald and Linda L. Kirpatrick Living Trust |
| U121 | John F. and Elizabeth Knight | John F. and Elizabeth | Knight | John and Elizabeth Knight Trust dtd 01/06/16 | 10,591.56 | John and Elizabeth Knight Trust dtd 01/06/16 |
| U212 | John F. and Elizabeth Knight | John F. and Elizabeth | Knight | John and Elizabeth Knight Trust dtd 01/06/16 | 10,591.56 | John and Elizabeth Knight Trust dtd 01/06/16 |
| U233 | John F. and Elizabeth Knight | John F. and Elizabeth | Knight | John and Elizabeth Knight Trust dtd 01/06/16 | 10,591.56 | John and Elizabeth Knight Trust dtd 01/06/16 |
| U263 | John F. and Elizabeth Knight | John F. and Elizabeth | Knight | John and Elizabeth Knight Trust dtd 01/06/16 | 10,591.56 | John and Elizabeth Knight Trust dtd 01/06/16 |
| U299 | John F. and Elizabeth Knight | John F. and Elizabeth | Knight | John and Elizabeth Knight Trust dtd 01/06/16 | 10,591.56 | John and Elizabeth Knight Trust dtd 01/06/16 |
| U300 | John F. and Elizabeth Knight | John F. and Elizabeth | Knight | John and Elizabeth Knight Trust dtd 01/06/16 | 10,591.56 | John and Elizabeth Knight Trust dtd 01/06/16 |
| U301 | John F. and Elizabeth Knight | John F. and Elizabeth | Knight | John and Elizabeth Knight Trust dtd 01/06/16 | 10,591.56 | John and Elizabeth Knight Trust dtd 01/06/16 |

| NOTE # | Full Name | FIRST | LAST | TRUST | PRINCIPLE | Name |
|---|---|---|---|---|---|---|
| U302 | John F. and Elizabeth Knight | John F. and Elizabeth | Knight | John and Elizabeth Knight Trust dtd 01/06/16 | 10,591.56 | John and Elizabeth Knight Trust dtd 01/06/16 |
| U323 | John F. and Elizabeth Knight | John F. and Elizabeth | Knight | John and Elizabeth Knight Trust dtd 01/06/16 | 10,591.56 | John and Elizabeth Knight Trust dtd 01/06/16 |
| U324 | John F. and Elizabeth Knight | John F. and Elizabeth | Knight | John and Elizabeth Knight Trust dtd 01/06/16 | 10,591.56 | John and Elizabeth Knight Trust dtd 01/06/16 |
| U674 | John F. and Elizabeth Knight | John F. and Elizabeth | Knight | John and Elizabeth Knight Trust dtd 01/06/16 | 10,480.64 | John and Elizabeth Knight Trust dtd 01/06/16 |
| U675 | John F. and Elizabeth Knight | John F. and Elizabeth | Knight | John and Elizabeth Knight Trust dtd 01/06/16 | 10,480.64 | John and Elizabeth Knight Trust dtd 01/06/16 |
| U090 | Mildred G Kosmides | Mildred G | Kosmides | | 10,591.56 | Mildred G, Kosmides |
| U136 | Ralph L. Kosmides | Ralph L. | Kosmides | | 10,591.56 | Ralph L., Kosmides |
| U368 | Ralph L. Kosmides | Ralph L. | Kosmides | | 10,591.56 | Ralph L., Kosmides |
| U369 | Ralph L. Kosmides | Ralph L. | Kosmides | | 10,591.56 | Ralph L., Kosmides |
| U370 | Ralph L. Kosmides | Ralph L. | Kosmides | | 10,591.56 | Ralph L., Kosmides |
| U371 | Ralph L. Kosmides | Ralph L. | Kosmides | | 10,591.56 | Ralph L., Kosmides |
| U017 | Sharon M Kouma | Sharon M | Kouma | Kouma Family Trust | 10,591.56 | Kouma Family Trust |
| U261 | Sharon M Kouma | Sharon M | Kouma | Kouma Family Trust | 10,591.56 | Kouma Family Trust |
| U277 | Sharon M Kouma | Sharon M | Kouma | Kouma Family Trust | 10,591.56 | Kouma Family Trust |
| U280 | Randall Kroha | Randall | Kroha | | 10,591.56 | Randall, Kroha |
| U281 | Randall Kroha | Randall | Kroha | | 10,591.56 | Randall, Kroha |
| U404 | Frances (Jackie Riegel POA) Lambert | Frances (Jackie Riegel POA) | Lambert | | 10,591.56 | Frances (Jackie Riegel POA), Lambert |
| U554 | Frances (Jackie Riegel POA) Lambert | Frances (Jackie Riegel POA) | Lambert | | 10,591.56 | Frances (Jackie Riegel POA), Lambert |
| U385 | Ronald and Sandra Lamperts | Ronald and Sandra | Lamperts | | 10,591.56 | Ronald and Sandra, Lamperts |
| U560 | Ronald and Sandra Lamperts | Ronald and Sandra | Lamperts | | 10,591.56 | Ronald and Sandra, Lamperts |
| S047 | David and Gretchen Landau | David and Gretchen | Landau | | 10,000.00 | David and Gretchen, Landau |
| U139 | Donald Lavoie | Donald | Lavoie | | 10,591.56 | Donald, Lavoie |
| U160 | Penny Lavoie | Penny | Lavoie | | 10,591.56 | Penny, Lavoie |
| U431 | Penny Lavoie | Penny | Lavoie | | 10,517.61 | Penny, Lavoie |
| U485 | Penny Lavoie | Penny | Lavoie | | 10,369.72 | Penny, Lavoie |
| U002 | Penny Lavoie | Penny | Lavoie | Martha Blackburn Living Trust | 10,591.56 | Martha Blackburn Living Trust |
| U157 | Penny Lavoie | Penny | Lavoie | Martha Blackburn Living Trust | 10,591.56 | Martha Blackburn Living Trust |
| U568 | Penny Lavoie | Penny | Lavoie | Martha Blackburn Living Trust | 10,443.67 | Martha Blackburn Living Trust |
| U444 | Gerald L and Diane Lenning | Gerald L and Diane | Lenning | Gerald L and Diane A Lenning Revocable Trust | 10,480.64 | Gerald L and Diane A Lenning Revocable Trust |
| U445 | Gerald L and Diane Lenning | Gerald L and Diane | Lenning | Gerald L and Diane A Lenning Revocable Trust | 10,480.64 | Gerald L and Diane A Lenning Revocable Trust |
| S096 | James and Mary Lou Lester | James and Mary Lou | Lester | The Lester Family Trust | 10,000.00 | The Lester Family Trust |
| S312-S | James and Mary Lou Lester | James and Mary Lou | Lester | The Lester Family Trust | 10,591.56 | The Lester Family Trust |
| U313 | James and Mary Lou Lester | James and Mary Lou | Lester | The Lester Family Trust | 10,591.56 | The Lester Family Trust |
| S102 | Willard and Jutta Loomis | Willard and Jutta | Loomis | Loomis Family Trust | 10,000.00 | Loomis Family Trust |
| S432-S | Willard and Jutta Loomis | Willard and Jutta | Loomis | Loomis Family Trust | 10,517.61 | Loomis Family Trust |
| U433 | Willard and Jutta Loomis | Willard and Jutta | Loomis | Loomis Family Trust | 10,517.61 | Loomis Family Trust |
| U652 | Willard and Jutta Loomis | Willard and Jutta | Loomis | Loomis Family Trust | 10,591.56 | Loomis Family Trust |
| S198-S | Hope Luedke | Hope | Luedke | Luedeke Family Trust | 10,591.56 | Luedeke Family Trust |
| U500 | Barbara Lyons | Barbara | Lyons | Lyons Family Trust | 10,369.72 | Lyons Family Trust |
| U555 | Barbara Lyons | Barbara | Lyons | Lyons Family Trust | 10,443.67 | Lyons Family Trust |
| S134 | Darlene H. Macdonald | Darlene H. | Macdonald | James W. MacDonald Family Trust | 10,000.00 | James W. MacDonald Family Trust |
| S325-S | Darlene H. Macdonald | Darlene H. | Macdonald | James W. MacDonald Family Trust | 10,591.56 | James W. MacDonald Family Trust |
| U326 | Darlene H. Macdonald | Darlene H. | Macdonald | James W. MacDonald Family Trust | 10,591.56 | James W. MacDonald Family Trust |
| U327 | Darlene H. Macdonald | Darlene H. | Macdonald | James W. MacDonald Family Trust | 10,591.56 | James W. MacDonald Family Trust |
| U451 | Afred Price Macnair | Afred Price | Macnair | | 10,480.64 | Afred Price, Macnair |
| S126 | Kenneth Mailman | Kenneth | Mailman | Kenneth Charles Mailman and Annie S. Mailman 1996 Trust | 10,000.00 | Kenneth Charles Mailman and Annie S. Mailman 1996 Trust |
| S127 | Kenneth Mailman | Kenneth | Mailman | Kenneth Charles Mailman and Annie S. Mailman 1996 Trust | 10,000.00 | Kenneth Charles Mailman and Annie S. Mailman 1996 Trust |
| S415-S | Kenneth Mailman | Kenneth | Mailman | Kenneth Charles Mailman and Annie S. Mailman 1996 Trust | 10,591.56 | Kenneth Charles Mailman and Annie S. Mailman 1996 Trust |
| S524-S | Kenneth Mailman | Kenneth | Mailman | Kenneth Charles Mailman and Annie S. Mailman 1996 Trust | 10,443.67 | Kenneth Charles Mailman and Annie S. Mailman 1996 Trust |
| U103 | Kenneth Mailman | Kenneth | Mailman | Kenneth Charles Mailman and Annie S. Mailman 1996 Trust | 10,591.56 | Kenneth Charles Mailman and Annie S. Mailman 1996 Trust |
| U104 | Kenneth Mailman | Kenneth | Mailman | Kenneth Charles Mailman and Annie S. Mailman 1996 Trust | 10,591.56 | Kenneth Charles Mailman and Annie S. Mailman 1996 Trust |
| U328 | Kenneth Mailman | Kenneth | Mailman | Kenneth Charles Mailman and Annie S. Mailman 1996 Trust | 10,591.56 | Kenneth Charles Mailman and Annie S. Mailman 1996 Trust |
| S075 | John and Mary Jane Malmquist | John and Mary Jane | Malmquist | The Malmquist Family Trust | 10,000.00 | The Malmquist Family Trust |
| S076 | John and Mary Jane Malmquist | John and Mary Jane | Malmquist | The Malmquist Family Trust | 10,000.00 | The Malmquist Family Trust |
| S077-S | John and Mary Jane Malmquist | John and Mary Jane | Malmquist | The Malmquist Family Trust | 10,591.56 | The Malmquist Family Trust |
| S566-S | John and Mary Jane Malmquist | John and Mary Jane | Malmquist | The Malmquist Family Trust | 10,443.67 | The Malmquist Family Trust |

| NOTE # | Full Name | FIRST | LAST | TRUST | PRINCIPLE | Name |
|---|---|---|---|---|---|---|
| U273 | Geoffrey and Kimberly Maloney | Geoffrey and Kimberly | Maloney | | 10,591.56 | Geoffrey and Kimberly, Maloney |
| U491 | Geoffrey and Kimberly Maloney | Geoffrey and Kimberly | Maloney | | 10,369.72 | Geoffrey and Kimberly, Maloney |
| U492 | Geoffrey and Kimberly Maloney | Geoffrey and Kimberly | Maloney | | 10,369.72 | Geoffrey and Kimberly, Maloney |
| U493 | Geoffrey and Kimberly Maloney | Geoffrey and Kimberly | Maloney | | 10,369.72 | Geoffrey and Kimberly, Maloney |
| U494 | Geoffrey and Kimberly Maloney | Geoffrey and Kimberly | Maloney | | 10,369.72 | Geoffrey and Kimberly, Maloney |
| U382 | Lyn B Maloney | Lyn B | Maloney | | 10,591.56 | Lyn B, Maloney |
| U495 | Lyn B Maloney | Lyn B | Maloney | | 10,369.72 | Lyn B, Maloney |
| U496 | Lyn B Maloney | Lyn B | Maloney | | 10,369.72 | Lyn B, Maloney |
| U497 | Lyn B Maloney | Lyn B | Maloney | | 10,369.72 | Lyn B, Maloney |
| U498 | Lyn B Maloney | Lyn B | Maloney | | 10,369.72 | Lyn B, Maloney |
| U102 | Karen E. Marbach | Karen E. | Marbach | | 10,591.56 | Karen E., Marbach |
| S131 | Thomas and Sherre May | Thomas and Sherre | May | | 10,000.00 | Thomas and Sherre, May |
| S525-S | Thomas and Sherre May | Thomas and Sherre | May | | 10,443.67 | Thomas and Sherre, May |
| U190 | Thomas and Sherre May | Thomas and Sherre | May | | 10,591.56 | Thomas and Sherre, May |
| U120 | Richard George Mcclellan, Jr. | Richard George | Mcclellan, Jr. | | 10,591.56 | Richard George, Mcclellan, Jr. |
| U469 | Gilbert and Maureen McCutchan | Gilbert and Maureen | McCutchan | McCutchan Family Trust | 10,369.72 | McCutchan Family Trust |
| U470 | Gilbert and Maureen McCutchan | Gilbert and Maureen | McCutchan | McCutchan Family Trust | 10,369.72 | McCutchan Family Trust |
| U598 | Gilbert and Maureen McCutchan | Gilbert and Maureen | McCutchan | McCutchan Family Trust | 10,443.67 | McCutchan Family Trust |
| U633 | Gilbert and Maureen McCutchan | Gilbert and Maureen | McCutchan | McCutchan Family Trust | 10,443.67 | McCutchan Family Trust |
| U147 | Lloyd McDaniel | Lloyd | McDaniel | The Lloyd D. McDaniel Living Trust | 10,591.56 | The Lloyd D. McDaniel Living Trust |
| U476 | Lloyd McDaniel | Lloyd | McDaniel | The Lloyd D. McDaniel Living Trust | 10,591.56 | The Lloyd D. McDaniel Living Trust |
| U609 | Lloyd McDaniel | Lloyd | McDaniel | The Lloyd D. McDaniel Living Trust | 10,443.67 | The Lloyd D. McDaniel Living Trust |
| S135 | Alexander B & Irene M. McDonald | Alexander B & Irene M. | McDonald | McDonald Living Trust | 10,000.00 | McDonald Living Trust |
| S136 | Alexander B & Irene M. McDonald | Alexander B & Irene M. | McDonald | McDonald Living Trust | 10,000.00 | McDonald Living Trust |
| S616-S | Alexander B & Irene M. McDonald | Alexander B & Irene M. | McDonald | McDonald Living Trust | 10,443.67 | McDonald Living Trust |
| S617-S | Alexander B & Irene M. McDonald | Alexander B & Irene M. | McDonald | McDonald Living Trust | 10,443.67 | McDonald Living Trust |
| U672 | Paul Brian McDonald | Paul Brian | McDonald | | 10,665.50 | Paul Brian, McDonald |
| U148 | Mary and James McKennon | Mary and James | McKennon | | 10,591.56 | Mary and James, McKennon |
| U419 | Mary and James McKennon | Mary and James | McKennon | | 10,591.56 | Mary and James, McKennon |
| U420 | Mary and James McKennon | Mary and James | McKennon | | 10,369.72 | Mary and James, McKennon |
| S061 | Bette McKinney | Bette | McKinney | Terry Miller and Betty McKinney Trust | 10,000.00 | Terry Miller and Betty McKinney Trust |
| S062 | Bette McKinney | Bette | McKinney | Terry Miller and Betty McKinney Trust | 10,000.00 | Terry Miller and Betty McKinney Trust |
| S409-S | Bette McKinney | Bette | McKinney | Terry Miller and Betty McKinney Trust | 10,591.56 | Terry Miller and Betty McKinney Trust |
| S610-S | Bette McKinney | Bette | McKinney | Terry Miller and Betty McKinney Trust | 10,443.67 | Terry Miller and Betty McKinney Trust |
| U166 | Michael and Jennell McKinzie | Michael and Jennell | McKinzie | | 10,591.56 | Michael and Jennell, McKinzie |
| S063 | Terence Lee and Rosann McLaughlin | Terence Lee and Rosann | McLaughlin | McLaughlin Revocable Trust of 2012 | 10,000.00 | McLaughlin Revocable Trust of 2012 |
| S482-S | Terence Lee and Rosann McLaughlin | Terence Lee and Rosann | McLaughlin | McLaughlin Revocable Trust of 2012 | 10,369.72 | McLaughlin Revocable Trust of 2012 |
| U374 | Terence Lee and Rosann McLaughlin | Terence Lee and Rosann | McLaughlin | McLaughlin Revocable Trust of 2012 | 10,591.56 | McLaughlin Revocable Trust of 2012 |
| U375 | Terence Lee and Rosann McLaughlin | Terence Lee and Rosann | McLaughlin | McLaughlin Revocable Trust of 2012 | 10,591.56 | McLaughlin Revocable Trust of 2012 |
| U581 | Terence Lee and Rosann McLaughlin | Terence Lee and Rosann | McLaughlin | McLaughlin Revocable Trust of 2012 | 10,443.67 | McLaughlin Revocable Trust of 2012 |
| U490 | Hal Meade | Hal | Meade | Catherine Meade Welt (POA) | 10,369.72 | Catherine Meade Welt (POA) |
| U390 | Hal Meade | Hal | Meade | Catherine Meade Welt (POA) | 10,591.56 | Catherine Meade Welt (POA) |
| U391 | Hal Meade | Hal | Meade | Catherine Meade Welt (POA) | 10,591.56 | Catherine Meade Welt (POA) |
| U292 | Catherine C. Mealer | Catherine C. | Mealer | | 10,591.56 | Catherine C., Mealer |
| U293 | Catherine C. Mealer | Catherine C. | Mealer | | 10,591.56 | Catherine C., Mealer |
| S089 | Hal and Hannah Meany | Hal and Hannah | Meany | Meany Family Trust | 10,000.00 | Meany Family Trust |
| S423-S | Hal and Hannah Meany | Hal and Hannah | Meany | Meany Family Trust | 10,591.56 | Meany Family Trust |
| U646 | Hal and Hannah Meany | Hal and Hannah | Meany | Meany Family Trust | 10,591.56 | Meany Family Trust |
| S078 | David and Maureen Melvold | David and Maureen | Melvold | 1991 Melvold Family Trust | 10,000.00 | 1991 Melvold Family Trust |
| S587-S | David and Maureen Melvold | David and Maureen | Melvold | 1991 Melvold Family Trust | 10,443.67 | 1991 Melvold Family Trust |
| U241 | David and Maureen Melvold | David and Maureen | Melvold | 1991 Melvold Family Trust | 10,591.56 | 1991 Melvold Family Trust |
| S082 | Kelly Michelle Mercer | Kelly Michelle | Mercer | | 10,000.00 | Kelly Michelle, Mercer |
| S194-S | Kelly Michelle Mercer | Kelly Michelle | Mercer | | 10,591.56 | Kelly Michelle, Mercer |
| U096 | Marjorie Reed Meyer | Marjorie Reed | Meyer | | 10,591.56 | Marjorie Reed, Meyer |
| U502 | Marjorie Reed Meyer | Marjorie Reed | Meyer | | 10,369.72 | Marjorie Reed, Meyer |
| U459 | Dennis H. Miller | Dennis H. | Miller | | 10,369.72 | Dennis H., Miller |

EXHIBIT "10"

PAGE 79

| NOTE # | Full Name | FIRST | LAST | TRUST | PRINCIPLE | Name |
|---|---|---|---|---|---|---|
| U285 | Stephen John Misch | Stephen John | Misch | | 10,591.56 | Stephen John, Misch |
| U291 | Stephen John Misch | Stephen John | Misch | | 10,591.56 | Stephen John, Misch |
| U249 | Maria Suzette L Moates | Maria Suzette L | Moates | The Moates Trust | 10,591.56 | The Moates Trust |
| U250 | Maria Suzette L Moates | Maria Suzette L | Moates | The Moates Trust | 10,591.56 | The Moates Trust |
| U251 | Maria Suzette L Moates | Maria Suzette L | Moates | The Moates Trust | 10,591.56 | The Moates Trust |
| U526 | Maria Suzette L Moates | Maria Suzette L | Moates | The Moates Trust | 10,443.67 | The Moates Trust |
| S537-S | Pamela J. Monger | Pamela J. | Monger | | 10,443.67 | Pamela J. , Monger |
| U015 | Pamela J. Monger | Pamela J. | Monger | | 10,591.56 | Pamela J. , Monger |
| U228 | Pamela J. Monger | Pamela J. | Monger | | 10,591.56 | Pamela J. , Monger |
| U538 | Pamela J. Monger | Pamela J. | Monger | | 10,443.67 | Pamela J. , Monger |
| U664 | Pamela J. Monger | Pamela J. | Monger | | 10,591.56 | Pamela J. , Monger |
| S118 | Pamela J. Monger | Pamela J. | Monger | | 10,000.00 | Pamela J. , Monger |
| U173 | Kenneth Scott & Deborah John Morgan | Kenneth Scott & Deborah John | Morgan | Trustees of Keneth S. & Deborah J. Morgan Family Trust - 2002 | 10,591.56 | Trustees of Keneth S. & Deborah J. Morgan Family Trust - 2002 |
| U202 | Kenneth Scott & Deborah John Morgan | Kenneth Scott & Deborah John | Morgan | Trustees of Keneth S. & Deborah J. Morgan Family Trust - 2002 | 10,591.56 | Trustees of Keneth S. & Deborah J. Morgan Family Trust - 2002 |
| U621 | Kenneth Scott & Deborah John Morgan | Kenneth Scott & Deborah John | Morgan | Trustees of Keneth S. & Deborah J. Morgan Family Trust - 2002 | 10,443.67 | Trustees of Keneth S. & Deborah J. Morgan Family Trust - 2002 |
| U094 | Linda Marie Morgan | Linda Marie | Morgan | Linda Marie Morgan Separate Property Trust Established 4/28/2000 | 10,591.56 | Linda Marie Morgan Separate Property Trust Established 4/28/2000 |
| U124 | Linda Marie Morgan | Linda Marie | Morgan | Linda Marie Morgan Separate Property Trust Established 4/28/2000 | 10,591.56 | Linda Marie Morgan Separate Property Trust Established 4/28/2000 |
| U187 | Linda Marie Morgan | Linda Marie | Morgan | Linda Marie Morgan Separate Property Trust Established 4/28/2000 | 10,591.56 | Linda Marie Morgan Separate Property Trust Established 4/28/2000 |
| U238 | Linda Marie Morgan | Linda Marie | Morgan | Linda Marie Morgan Separate Property Trust Established 4/28/2000 | 10,591.56 | Linda Marie Morgan Separate Property Trust Established 4/28/2000 |
| U184 | Neva and Willita Morrill & Hussey | Neva and Willita | Morrill & Hussey | | 10,591.56 | Neva and Willita, Morrill & Hussey |
| U653 | Neva and Willita Morrill & Hussey | Neva and Willita | Morrill & Hussey | | 10,591.56 | Neva and Willita, Morrill & Hussey |
| U064 | Larry Martin Munz | Larry Martin | Munz | | 10,591.56 | Larry Martin, Munz |
| U466 | Larry Martin Munz | Larry Martin | Munz | | 10,369.72 | Larry Martin, Munz |
| U467 | Michael and Kathryn Munz | Michael and Kathryn | Munz | Munz Family Trust | 10,369.72 | Munz Family Trust |
| U065 | Michael and Kathryn Munz | Michael and Kathryn | Munz | Munz Family Trust | 10,591.56 | Munz Family Trust |
| U509 | Michael and Kathryn Munz | Michael and Kathryn | Munz | Munz Family Trust | 10,443.67 | Munz Family Trust |
| U510 | Michael and Kathryn Munz | Michael and Kathryn | Munz | Munz Family Trust | 10,443.67 | Munz Family Trust |
| U511 | Michael and Kathryn Munz | Michael and Kathryn | Munz | Munz Family Trust | 10,443.67 | Munz Family Trust |
| U654 | Michael and Kathryn Munz | Michael and Kathryn | Munz | Munz Family Trust | 10,591.56 | Munz Family Trust |
| U655 | Michael and Kathryn Munz | Michael and Kathryn | Munz | Munz Family Trust | 10,591.56 | Munz Family Trust |
| U656 | Michael and Kathryn Munz | Michael and Kathryn | Munz | Munz Family Trust | 10,591.56 | Munz Family Trust |
| U020 | Pat M Murphy | Pat M | Murphy | Murphy Family Trust | 10,591.56 | Murphy Family Trust |
| U185 | Pat M Murphy | Pat M | Murphy | Murphy Family Trust | 10,591.56 | Murphy Family Trust |
| U265 | Pat M Murphy | Pat M | Murphy | Murphy Family Trust | 10,591.56 | Murphy Family Trust |
| U443 | Pat M Murphy | Pat M | Murphy | Murphy Family Trust | 10,517.61 | Murphy Family Trust |
| U551 | Pat M Murphy | Pat M | Murphy | Murphy Family Trust | 10,443.67 | Murphy Family Trust |
| U088 | Leon and Nancy Nadolski | Leon and Nancy | Nadolski | The Leon R & Nancy A. Nadolski Revocable Trust | 10,591.56 | The Leon R & Nancy A. Nadolski Revocable Trust |
| U332 | Leon and Nancy Nadolski | Leon and Nancy | Nadolski | The Leon R & Nancy A. Nadolski Revocable Trust | 10,591.56 | The Leon R & Nancy A. Nadolski Revocable Trust |
| U622 | Leon and Nancy Nadolski | Leon and Nancy | Nadolski | The Leon R & Nancy A. Nadolski Revocable Trust | 10,443.67 | The Leon R & Nancy A. Nadolski Revocable Trust |
| S486-S | Warren and Sheila Newman | Warren and Sheila | Newman | Newman Family Trust | 10,369.72 | Newman Family Trust |
| U060 | Warren and Sheila Newman | Warren and Sheila | Newman | Newman Family Trust | 10,591.56 | Newman Family Trust |
| U149 | Warren and Sheila Newman | Warren and Sheila | Newman | Newman Family Trust | 10,591.56 | Newman Family Trust |
| U234 | Warren and Sheila Newman | Warren and Sheila | Newman | Newman Family Trust | 10,591.56 | Newman Family Trust |
| U235 | Warren and Sheila Newman | Warren and Sheila | Newman | Newman Family Trust | 10,591.56 | Newman Family Trust |
| U487 | Warren and Sheila Newman | Warren and Sheila | Newman | Newman Family Trust | 10,369.72 | Newman Family Trust |
| U599 | Warren and Sheila Newman | Warren and Sheila | Newman | Newman Family Trust | 10,443.67 | Newman Family Trust |
| U600 | Warren and Sheila Newman | Warren and Sheila | Newman | Newman Family Trust | 10,443.67 | Newman Family Trust |
| U601 | Warren and Sheila Newman | Warren and Sheila | Newman | Newman Family Trust | 10,443.67 | Newman Family Trust |
| U611 | Warren and Sheila Newman | Warren and Sheila | Newman | Newman Family Trust | 10,443.67 | Newman Family Trust |
| U114 | Launa and Phillip Nuttman and Griffith | Launa and Phillip | Nuttman and Griffith | | 10,591.56 | Launa and Phillip, Nuttman and Griffith |
| U115 | Launa and Phillip Nuttman and Griffith | Launa and Phillip | Nuttman and Griffith | | 10,591.56 | Launa and Phillip, Nuttman and Griffith |
| U155 | Launa and Phillip Nuttman and Griffith | Launa and Phillip | Nuttman and Griffith | | 10,591.56 | Launa and Phillip, Nuttman and Griffith |
| U245 | Launa and Phillip Nuttman and Griffith | Launa and Phillip | Nuttman and Griffith | | 10,591.56 | Launa and Phillip, Nuttman and Griffith |
| U246 | Launa and Phillip Nuttman and Griffith | Launa and Phillip | Nuttman and Griffith | | 10,591.56 | Launa and Phillip, Nuttman and Griffith |
| S029 | Launa and Phillip Nuttman and Griffith | Launa and Phillip | Nuttman and Griffith | | 10,000.00 | Launa and Phillip, Nuttman and Griffith |
| S040 | Launa and Phillip Nuttman and Griffith | Launa and Phillip | Nuttman and Griffith | | 10,000.00 | Launa and Phillip, Nuttman and Griffith |

**EXHIBIT "10"**
**PAGE 80**

| NOTE # | Full Name | FIRST | LAST | TRUST | PRINCIPLE | Name |
|---|---|---|---|---|---|---|
| S041 | Launa and Phillip Nuttman and Griffith | Launa and Phillip | Nuttman and Griffith | | 10,000.00 | Launa and Phillip, Nuttman and Griffith |
| S042 | Launa and Phillip Nuttman and Griffith | Launa and Phillip | Nuttman and Griffith | | 10,000.00 | Launa and Phillip, Nuttman and Griffith |
| S623-S | Launa and Phillip Nuttman and Griffith | Launa and Phillip | Nuttman and Griffith | | 10,443.67 | Launa and Phillip, Nuttman and Griffith |
| S624-S | Launa and Phillip Nuttman and Griffith | Launa and Phillip | Nuttman and Griffith | | 10,443.67 | Launa and Phillip, Nuttman and Griffith |
| S625-S | Launa and Phillip Nuttman and Griffith | Launa and Phillip | Nuttman and Griffith | | 10,443.67 | Launa and Phillip, Nuttman and Griffith |
| U056 | Connie R. O'Brien | Connie R. | O'Brien | O'Brien Family Trust | 10,591.56 | O'Brien Family Trust |
| U223 | Connie R. O'Brien | Connie R. | O'Brien | O'Brien Family Trust | 10,591.56 | O'Brien Family Trust |
| U546 | Connie R. O'Brien | Connie R. | O'Brien | O'Brien Family Trust | 10,443.67 | O'Brien Family Trust |
| S064 | Michael and Candace O'Brien | Michael and Candace | O'Brien | The O'Brien Trust | 10,000.00 | The O'Brien Trust |
| S065 | Michael and Candace O'Brien | Michael and Candace | O'Brien | The O'Brien Trust | 10,000.00 | The O'Brien Trust |
| S289-S | Michael and Candace O'Brien | Michael and Candace | O'Brien | The O'Brien Trust | 10,591.56 | The O'Brien Trust |
| S530-S | Michael and Candace O'Brien | Michael and Candace | O'Brien | The O'Brien Trust | 10,443.67 | The O'Brien Trust |
| U282 | Ronald and Bobbie Olsen | Ronald and Bobbie | Olsen | Olsen Family Trust | 10,591.56 | Olsen Family Trust |
| U547 | Ronald and Bobbie Olsen | Ronald and Bobbie | Olsen | Olsen Family Trust | 10,443.67 | Olsen Family Trust |
| U636 | Pamela Ann O'Shea | Pamela Ann | O'Shea | Pamela A O'Shea 1998 Living Trust | 10,591.56 | Pamela A O'Shea 1998 Living Trust |
| U100 | Scott & Katie O'Shea | Scott & Katie | O'Shea | Michael O'Shea & Katie A O'Shea Trust | 10,591.56 | Michael O'Shea & Katie A O'Shea Trust |
| U122 | Francis And Jean Rita O'Toole | Francis And Jean Rita | O'Toole | Decedent's Trust of the O'Toole Family Trust dtd 5/26/89 | 10,591.56 | Decedent's Trust of the O'Toole Family Trust dtd 5/26/89 |
| U191 | Francis And Jean Rita O'Toole | Francis And Jean Rita | O'Toole | Decedent's Trust of the O'Toole Family Trust dtd 5/26/89 | 10,591.56 | Decedent's Trust of the O'Toole Family Trust dtd 5/26/89 |
| U314 | Francis And Jean Rita O'Toole | Francis And Jean Rita | O'Toole | Decedent's Trust of the O'Toole Family Trust dtd 5/26/89 | 10,591.56 | Decedent's Trust of the O'Toole Family Trust dtd 5/26/89 |
| U315 | Francis And Jean Rita O'Toole | Francis And Jean Rita | O'Toole | Decedent's Trust of the O'Toole Family Trust dtd 5/26/89 | 10,591.56 | Decedent's Trust of the O'Toole Family Trust dtd 5/26/89 |
| U010 | Moira O'Toole | Moira | O'Toole | Moira G. O'Toole Trust | 10,591.56 | Moira G. O'Toole Trust |
| U011 | Moira O'Toole | Moira | O'Toole | Moira G. O'Toole Trust | 10,591.56 | Moira G. O'Toole Trust |
| U477 | John Overdevest | John | Overdevest | | 10,369.72 | John, Overdevest |
| U143 | Thomas and Colleen Paddock | Thomas and Colleen | Paddock | | 10,591.56 | Thomas and Colleen, Paddock |
| U229 | Vincent S. and Marion L Pallotta | Vincent S. and Marion L | Pallotta | | 10,591.56 | Vincent S. and Marion L, Pallotta |
| S077 | Ronald R. and Patty J. Panico | Ronald R. and Patty J. | Panico | | 10,000.00 | Ronald R. and Patty J., Panico |
| S108-S | Ronald R. and Patty J. Panico | Ronald R. and Patty J. | Panico | | 10,591.56 | Ronald R. and Patty J., Panico |
| U109 | Ronald R. and Patty J. Panico | Ronald R. and Patty J. | Panico | | 10,591.56 | Ronald R. and Patty J., Panico |
| U626 | Edythe B Pearce | Edythe B | Pearce | Pearce Family Trust | 10,443.67 | Pearce Family Trust |
| U627 | Edythe B Pearce | Edythe B | Pearce | Pearce Family Trust | 10,443.67 | Pearce Family Trust |
| U329 | Lauretta M Pearce | Lauretta M | Pearce | GLP Family Trust Dated 12/18/90 | 10,591.56 | GLP Family Trust Dated 12/18/90 |
| U563 | Lauretta M Pearce | Lauretta M | Pearce | GLP Family Trust Dated 12/18/90 | 10,591.56 | GLP Family Trust Dated 12/18/90 |
| S014 | Jerome J Pearl | Jerome J | Pearl | | 10,000.00 | Jerome J, Pearl |
| S015 | Jerome J Pearl | Jerome J | Pearl | | 10,000.00 | Jerome J, Pearl |
| S016 | Jerome J Pearl | Jerome J | Pearl | | 10,000.00 | Jerome J, Pearl |
| S017 | Jerome J Pearl | Jerome J | Pearl | | 10,000.00 | Jerome J, Pearl |
| S205-S | Jerome J Pearl | Jerome J | Pearl | | 10,591.56 | Jerome J, Pearl |
| S513-S | Jerome J Pearl | Jerome J | Pearl | | 10,443.67 | Jerome J, Pearl |
| S544-S | Jerome J Pearl | Jerome J | Pearl | | 10,591.56 | Jerome J, Pearl |
| U441 | Barbara J Pebbles | Barbara J | Pebbles | | 10,517.61 | Barbara J, Pebbles |
| U478 | Barbara J Pebbles | Barbara J | Pebbles | | 10,369.72 | Barbara J, Pebbles |
| U047 | Barbara J Pebbles | Barbara J | Pebbles | | 10,591.56 | Barbara J, Pebbles |
| U048 | Barbara J Pebbles | Barbara J | Pebbles | | 10,591.56 | Barbara J, Pebbles |
| U063 | Barbara J Pebbles | Barbara J | Pebbles | | 10,591.56 | Barbara J, Pebbles |
| U224 | Barbara J Pebbles | Barbara J | Pebbles | | 10,591.56 | Barbara J, Pebbles |
| U662 | Barbara J Pebbles | Barbara J | Pebbles | | 10,591.56 | Barbara J, Pebbles |
| U078 | Mike and Ina Petokas | Mike and Ina | Petokas | | 10,591.56 | Mike and Ina, Petokas |
| U582 | Mike and Ina Petokas | Mike and Ina | Petokas | | 10,443.67 | Mike and Ina, Petokas |
| S021-S | Norman and Margaret Petrucci | Norman and Margaret | Petrucci | | 10,591.56 | Norman and Margaret, Petrucci |
| S066 | Norman and Margaret Petrucci | Norman and Margaret | Petrucci | | 10,000.00 | Norman and Margaret, Petrucci |
| S067 | Norman and Margaret Petrucci | Norman and Margaret | Petrucci | | 10,000.00 | Norman and Margaret, Petrucci |
| S177-S | Norman and Margaret Petrucci | Norman and Margaret | Petrucci | | 10,591.56 | Norman and Margaret, Petrucci |
| U283 | Rene M. Piazza | Rene M. | Piazza | Piazza Trust dated July 2, 1997 - Trust A | 10,591.56 | Piazza Trust dated July 2, 1997 - Trust A |
| U362 | Rene M. Piazza | Rene M. | Piazza | Piazza Trust dated July 2, 1997 - Trust A | 10,591.56 | Piazza Trust dated July 2, 1997 - Trust A |
| U095 | Gregory Carl Pommerenk | Gregory Carl | Pommerenk | (Contact Lynne Weiss) | 10,591.56 | (Contact Lynne Weiss) |
| S003 | William E. Pope | William E. | Pope | William E. Pope and Anne Pierce Pope Revocable Trust dtd 04/14/2016 | 10,000.00 | William E. Pope and Anne Pierce Pope Revocable Trust dtd 04/14/2016 |

EXHIBIT "10"
PAGE 81

| NOTE # | Full Name | FIRST | LAST | TRUST | PRINCIPLE | Name |
|---|---|---|---|---|---|---|
| S004 | William E. Pope | William E. | Pope | William E. Pope and Anne Pierce Pope Revocable Trust dtd 04/14/2016 | 10,000.00 | William E. Pope and Anne Pierce Pope Revocable Trust dtd 04/14/2016 |
| S005 | William E. Pope | William E. | Pope | William E. Pope and Anne Pierce Pope Revocable Trust dtd 04/14/2016 | 10,000.00 | William E. Pope and Anne Pierce Pope Revocable Trust dtd 04/14/2016 |
| S006 | William E. Pope | William E. | Pope | William E. Pope and Anne Pierce Pope Revocable Trust dtd 04/14/2016 | 10,000.00 | William E. Pope and Anne Pierce Pope Revocable Trust dtd 04/14/2016 |
| S007 | William E. Pope | William E. | Pope | William E. Pope and Anne Pierce Pope Revocable Trust dtd 04/14/2016 | 10,000.00 | William E. Pope and Anne Pierce Pope Revocable Trust dtd 04/14/2016 |
| S008 | William E. Pope | William E. | Pope | William E. Pope and Anne Pierce Pope Revocable Trust dtd 04/14/2016 | 10,000.00 | William E. Pope and Anne Pierce Pope Revocable Trust dtd 04/14/2016 |
| S009 | William E. Pope | William E. | Pope | William E. Pope and Anne Pierce Pope Revocable Trust dtd 04/14/2016 | 10,000.00 | William E. Pope and Anne Pierce Pope Revocable Trust dtd 04/14/2016 |
| S010 | William E. Pope | William E. | Pope | William E. Pope and Anne Pierce Pope Revocable Trust dtd 04/14/2016 | 10,000.00 | William E. Pope and Anne Pierce Pope Revocable Trust dtd 04/14/2016 |
| S011 | William E. Pope | William E. | Pope | William E. Pope and Anne Pierce Pope Revocable Trust dtd 04/14/2016 | 10,000.00 | William E. Pope and Anne Pierce Pope Revocable Trust dtd 04/14/2016 |
| S035-S | William E. Pope | William E. | Pope | Pope Family By-Pass Trust dtd 04/13/2009 | 10,591.56 | Pope Family By-Pass Trust dtd 04/13/2009 |
| S036-S | William E. Pope | William E. | Pope | Pope Family By-Pass Trust dtd 04/13/2009 | 10,591.56 | Pope Family By-Pass Trust dtd 04/13/2009 |
| S037-S | William E. Pope | William E. | Pope | Pope Family By-Pass Trust dtd 04/13/2009 | 10,591.56 | Pope Family By-Pass Trust dtd 04/13/2009 |
| S038-S | William E. Pope | William E. | Pope | Pope Family By-Pass Trust dtd 04/13/2009 | 10,591.56 | Pope Family By-Pass Trust dtd 04/13/2009 |
| S039-S | William E. Pope | William E. | Pope | Pope Family By-Pass Trust dtd 04/13/2009 | 10,591.56 | Pope Family By-Pass Trust dtd 04/13/2009 |
| S040-S | William E. Pope | William E. | Pope | Pope Family By-Pass Trust dtd 04/13/2009 | 10,591.56 | Pope Family By-Pass Trust dtd 04/13/2009 |
| S041-S | William E. Pope | William E. | Pope | Pope Family By-Pass Trust dtd 04/13/2009 | 10,591.56 | Pope Family By-Pass Trust dtd 04/13/2009 |
| S042-S | William E. Pope | William E. | Pope | Pope Family By-Pass Trust dtd 04/13/2009 | 10,591.56 | Pope Family By-Pass Trust dtd 04/13/2009 |
| S043-S | William E. Pope | William E. | Pope | Pope Family By-Pass Trust dtd 04/13/2009 | 10,591.56 | Pope Family By-Pass Trust dtd 04/13/2009 |
| U027 | William E. Pope | William E. | Pope | Pope Family By-Pass Trust dtd 04/13/2009 | 10,591.56 | Pope Family By-Pass Trust dtd 04/13/2009 |
| U028 | William E. Pope | William E. | Pope | Pope Family By-Pass Trust dtd 04/13/2009 | 10,591.56 | Pope Family By-Pass Trust dtd 04/13/2009 |
| U029 | William E. Pope | William E. | Pope | Pope Family By-Pass Trust dtd 04/13/2009 | 10,591.56 | Pope Family By-Pass Trust dtd 04/13/2009 |
| U030 | William E. Pope | William E. | Pope | Pope Family By-Pass Trust dtd 04/13/2009 | 10,591.56 | Pope Family By-Pass Trust dtd 04/13/2009 |
| U031 | William E. Pope | William E. | Pope | Pope Family By-Pass Trust dtd 04/13/2009 | 10,591.56 | Pope Family By-Pass Trust dtd 04/13/2009 |
| U032 | William E. Pope | William E. | Pope | Pope Family By-Pass Trust dtd 04/13/2009 | 10,591.56 | Pope Family By-Pass Trust dtd 04/13/2009 |
| U033 | William E. Pope | William E. | Pope | Pope Family By-Pass Trust dtd 04/13/2009 | 10,591.56 | Pope Family By-Pass Trust dtd 04/13/2009 |
| U034 | William E. Pope | William E. | Pope | Pope Family By-Pass Trust dtd 04/13/2009 | 10,591.56 | Pope Family By-Pass Trust dtd 04/13/2009 |
| U044 | William E. Pope | William E. | Pope | Pope Family By-Pass Trust dtd 04/13/2009 | 10,591.56 | Pope Family By-Pass Trust dtd 04/13/2009 |
| U045 | William E. Pope | William E. | Pope | Pope Family By-Pass Trust dtd 04/13/2009 | 10,591.56 | Pope Family By-Pass Trust dtd 04/13/2009 |
| U046 | William E. Pope | William E. | Pope | Pope Family By-Pass Trust dtd 04/13/2009 | 10,591.56 | Pope Family By-Pass Trust dtd 04/13/2009 |
| U129 | Devin Pourian | Devin | Pourian | | 10,591.56 | Devin, Pourian |
| U310 | Devin Pourian | Devin | Pourian | | 10,591.56 | Devin, Pourian |
| U311 | Devin Pourian | Devin | Pourian | | 10,591.56 | Devin, Pourian |
| U082 | Elaine Proko | Elaine | Proko | | 10,591.56 | Elaine, Proko |
| U381 | Elaine Proko | Elaine | Proko | | 10,591.56 | Elaine, Proko |
| U628 | Elaine Proko | Elaine | Proko | | 10,591.56 | Elaine, Proko |
| U101 | Evangeline V Provost | Evangeline V | Provost | Provoust Family Trust | 10,591.56 | Provoust Family Trust |
| U203 | Evangeline V Provost | Evangeline V | Provost | Provoust Family Trust | 10,591.56 | Provoust Family Trust |
| U363 | Evangeline V Provost | Evangeline V | Provost | Provoust Family Trust | 10,591.56 | Provoust Family Trust |
| U531 | Evangeline V Provost | Evangeline V | Provost | Provoust Family Trust | 10,443.67 | Provoust Family Trust |
| U668 | Evangeline V Provost | Evangeline V | Provost | Provoust Family Trust | 10,591.56 | Provoust Family Trust |
| U092 | Barbara Quick | Barbara | Quick | Quick Family Trust dtd 4/23/15 | 10,591.56 | Quick Family Trust dtd 4/23/15 |
| U093 | Barbara Quick | Barbara | Quick | Quick Family Trust dtd 4/23/15 | 10,591.56 | Quick Family Trust dtd 4/23/15 |
| U230 | Barbara Quick | Barbara | Quick | Quick Family Trust dtd 4/23/15 | 10,591.56 | Quick Family Trust dtd 4/23/15 |
| U231 | Barbara Quick | Barbara | Quick | Quick Family Trust dtd 4/23/15 | 10,591.56 | Quick Family Trust dtd 4/23/15 |
| U583 | Barbara Quick | Barbara | Quick | Quick Family Trust dtd 4/23/15 | 10,443.67 | Quick Family Trust dtd 4/23/15 |
| U066 | Emmy Quinn | Emmy | Quinn | | 10,591.56 | Emmy, Quinn |
| U379 | Emmy Quinn | Emmy | Quinn | | 10,591.56 | Emmy, Quinn |
| U380 | Emmy Quinn | Emmy | Quinn | | 10,591.56 | Emmy, Quinn |
| U434 | Emmy Quinn | Emmy | Quinn | | 10,517.61 | Emmy, Quinn |
| U471 | Emmy Quinn | Emmy | Quinn | | 10,369.72 | Emmy, Quinn |
| U629 | Emmy Quinn | Emmy | Quinn | | 10,443.67 | Emmy, Quinn |
| S043 | Diana Rainforth | Diana | Rainforth | | 10,000.00 | Diana, Rainforth |
| S044 | Diana Rainforth | Diana | Rainforth | | 10,000.00 | Diana, Rainforth |
| S045 | Diana Rainforth | Diana | Rainforth | | 10,000.00 | Diana, Rainforth |
| S046 | Diana Rainforth | Diana | Rainforth | | 10,000.00 | Diana, Rainforth |
| S116-S | Diana Rainforth | Diana | Rainforth | | 10,591.56 | Diana, Rainforth |
| S124 | Diana Rainforth | Diana | Rainforth | | 10,000.00 | Diana, Rainforth |

| NOTE # | Full Name | FIRST | LAST | TRUST | PRINCIPLE | Name |
|---|---|---|---|---|---|---|
| S125 | Diana Rainforth | Diana | Rainforth | | 10,000.00 | Diana, Rainforth |
| S309-S | Diana Rainforth | Diana | Rainforth | | 10,591.56 | Diana, Rainforth |
| S410-S | Diana Rainforth | Diana | Rainforth | | 10,591.56 | Diana, Rainforth |
| S411-S | Diana Rainforth | Diana | Rainforth | | 10,591.56 | Diana, Rainforth |
| U330 | Malcolm and Julie Read | Malcolm and Julie | Read | The Read Family Trust | 10,591.56 | The Read Family Trust |
| U427 | Malcolm and Julie Read | Malcolm and Julie | Read | The Read Family Trust | 10,517.61 | The Read Family Trust |
| U137 | James W And Jann Lea Reinke | James W And Jann Lea | Reinke | Reinke Family Trust | 10,591.56 | Reinke Family Trust |
| S143 | Anne K Relph | Anne K | Relph | The Relph Living Trust | 10,000.00 | The Relph Living Trust |
| S284-S | Anne K Relph | Anne K | Relph | The Relph Living Trust | 10,591.56 | The Relph Living Trust |
| S050-S | Allan and Shirley Richardson | Allan and Shirley | Richardson | | 10,591.56 | Allan and Shirley , Richardson |
| S584-S | Allan and Shirley Richardson | Allan and Shirley | Richardson | | 10,443.67 | Allan and Shirley , Richardson |
| U049 | Allan and Shirley Richardson | Allan and Shirley | Richardson | | 10,591.56 | Allan and Shirley , Richardson |
| S019 | Allan and Shirley Richardson | Allan and Shirley | Richardson | | 10,000.00 | Allan and Shirley , Richardson |
| S020 | Allan and Shirley Richardson | Allan and Shirley | Richardson | | 10,000.00 | Allan and Shirley , Richardson |
| U196 | Jacquelyn Riegel | Jacquelyn | Riegel | The Jacquelyn G.F.S. Riegel Living Trust | 10,591.56 | The Jacquelyn G.F.S. Riegel Living Trust |
| S098 | Roger and Marilyn Riley | Roger and Marilyn | Riley | | 10,000.00 | Roger and Marilyn, Riley |
| S267-S | Roger and Marilyn Riley | Roger and Marilyn | Riley | | 10,591.56 | Roger and Marilyn, Riley |
| U548 | Kenneth B. Roath | Kenneth B. | Roath | Roath Family Trust | 10,591.56 | Roath Family Trust |
| U630 | Kenneth Roath | Kenneth | Roath | Roath Family Trust | 10,591.56 | Roath Family Trust |
| U073 | Marc S. Rogers | Marc S. | Rogers | The Rogers Trust dtd 12/8/08 | 10,591.56 | The Rogers Trust dtd 12/8/08 |
| U098 | Marc S. Rogers | Marc S. | Rogers | The Rogers Trust dtd 12/8/08 | 10,591.56 | The Rogers Trust dtd 12/8/08 |
| U097 | Laura Lynn Rosales | Laura Lynn | Rosales | | 10,591.56 | Laura Lynn, Rosales |
| S144 | Joel B Rothman | Joel B | Rothman | | 10,000.00 | Joel B, Rothman |
| S557-S | Joel B Rothman | Joel B | Rothman | | 10,443.67 | Joel B, Rothman |
| S099 | Walter and Norma Schulte | Walter and Norma | Schulte | The Walter B. Schulte & Norma G. Schulte Living Trust dtd 9/19/90; Amended 10/2/14 | 10,000.00 | The Walter B. Schulte & Norma G. Schulte Living Trust dtd 9/19/90; Amended 10/2/14 |
| S473-S | Walter and Norma Schulte | Walter and Norma | Schulte | The Walter B. Schulte & Norma G. Schulte Living Trust dtd 9/19/90; Amended 10/2/14 | 10,369.72 | The Walter B. Schulte & Norma G. Schulte Living Trust dtd 9/19/90; Amended 10/2/14 |
| U405 | Walter and Norma Schulte | Walter and Norma | Schulte | The Walter B. Schulte & Norma G. Schulte Living Trust dtd 9/19/90; Amended 10/2/14 | 10,591.56 | The Walter B. Schulte & Norma G. Schulte Living Trust dtd 9/19/90; Amended 10/2/14 |
| S109 | Kerwin S. and Carolyn S. Secrist | Kerwin S. and Carolyn S. | Secrist | Secrist Living Trust | 10,000.00 | Secrist Living Trust |
| S161-S | Kerwin S. and Carolyn S. Secrist | Kerwin S. and Carolyn S. | Secrist | Secrist Living Trust | 10,591.56 | Secrist Living Trust |
| S104 | Janet Shields | Janet | Shields | Shields Family Trust | 10,000.00 | Shields Family Trust |
| S139 | Janet Shields | Janet | Shields | Shields Family Trust | 10,000.00 | Shields Family Trust |
| S252-S | Janet Shields | Janet | Shields | Shields Family Trust | 10,591.56 | Shields Family Trust |
| S253-S | Janet Shields | Janet | Shields | Shields Family Trust | 10,591.56 | Shields Family Trust |
| U446 | Mary Ann Shields | Mary Ann | Shields | Shields Family Trust, Feb. 10, 2014 | 10,480.64 | Shields Family Trust, Feb. 10, 2014 |
| U456 | Mary Ann Shields | Mary Ann | Shields | Shields Family Trust, Feb. 10, 2014 | 10,480.64 | Shields Family Trust, Feb. 10, 2014 |
| U068 | Roland L.and Deanna J. Shorter | Roland L.and Deanna J. | Shorter | | 10,591.56 | Roland L.and Deanna J., Shorter |
| U585 | Roland L.and Deanna J. Shorter | Roland L.and Deanna J. | Shorter | | 10,591.56 | Roland L.and Deanna J., Shorter |
| U061 | Richard Silva | Richard | Silva | Richard Silva Profit Sharing Plan | 10,591.56 | Richard Silva Profit Sharing Plan |
| U062 | Richard Silva | Richard | Silva | Richard Silva Profit Sharing Plan | 10,591.56 | Richard Silva Profit Sharing Plan |
| U239 | Richard Silva | Richard | Silva | Richard Silva Profit Sharing Plan | 10,591.56 | Richard Silva Profit Sharing Plan |
| U240 | Richard Silva | Richard | Silva | Richard Silva Profit Sharing Plan | 10,591.56 | Richard Silva Profit Sharing Plan |
| U262 | Richard Silva | Richard | Silva | Richard Silva Profit Sharing Plan | 10,591.56 | Richard Silva Profit Sharing Plan |
| U357 | Richard Silva | Richard | Silva | Richard Silva Profit Sharing Plan | 10,591.56 | Richard Silva Profit Sharing Plan |
| U358 | Richard Silva | Richard | Silva | Richard Silva Profit Sharing Plan | 10,591.56 | Richard Silva Profit Sharing Plan |
| U454 | Richard Silva | Richard | Silva | Richard Silva Profit Sharing Plan | 10,591.56 | Richard Silva Profit Sharing Plan |
| U612 | Richard Silva | Richard | Silva | Richard Silva Profit Sharing Plan | 10,443.67 | Richard Silva Profit Sharing Plan |
| U564 | Richard Silva | Richard | Silva | Richard Silva Profit Sharing Plan | 10,443.67 | Richard Silva Profit Sharing Plan |
| U565 | Richard Silva | Richard | Silva | Richard Silva Profit Sharing Plan | 10,443.67 | Richard Silva Profit Sharing Plan |
| U447 | Richard Silva | Richard | Silva | Richard Silva Profit Sharing Plan | 10,480.64 | Richard Silva Profit Sharing Plan |
| U448 | Richard Silva | Richard | Silva | Richard Silva Profit Sharing Plan | 10,480.64 | Richard Silva Profit Sharing Plan |
| S120 | Richard John Silva | Richard John | Silva | | 10,591.56 | Silva Family Trust |
| U134 | William and Jeannette M. Simek | William and Jeannette M. | Simek | The William J. and Jeannette M. Simek Family Trust | 10,591.56 | The William J. and Jeannette M. Simek Family Trust |
| U376 | William and Jeannette M. Simek | William and Jeannette M. | Simek | The William J. and Jeannette M. Simek Family Trust | 10,591.56 | The William J. and Jeannette M. Simek Family Trust |

| NOTE # | Full Name | FIRST | LAST | TRUST | PRINCIPLE | Name |
|---|---|---|---|---|---|---|
| U613 | William and Jeannette M. Simek | William and Jeannette M. | Simek | The William J. and Jeannette M. Simek Family Trust | 10,443.67 | The William J. and Jeannette M. Simek Family Trust |
| S001-S | O.A. Simmon | O.A. | Simmon | The Simmon Trust | 10,591.56 | The Simmon Trust |
| S116 | O.A. Simmon | O.A. | Simmon | The Simmon Trust | 10,000.00 | The Simmon Trust |
| S117 | O.A. Simmon | O.A. | Simmon | The Simmon Trust | 10,000.00 | The Simmon Trust |
| S618-S | O.A. Simmon | O.A. | Simmon | The Simmon Trust | 10,443.67 | The Simmon Trust |
| U016 | Deborah Simmons | Deborah | Simmons | | 10,591.56 | Deborah, Simmons |
| U663 | Deborah Simmons | Deborah | Simmons | | 10,591.56 | Deborah, Simmons |
| U264 | Patricia A Stanley | Patricia A | Stanley | | 10,591.56 | Patricia A, Stanley |
| S111 | Robert G. Stebe | Robert G. | Stebe | | 10,000.00 | Robert G., Stebe |
| S542-S | Robert G. Stebe | Robert G. | Stebe | | 10,443.67 | Robert G., Stebe |
| U242 | Robert G. Stebe | Robert G. | Stebe | | 10,591.56 | Robert G., Stebe |
| U295 | Robert G. Stebe | Robert G. | Stebe | | 10,591.56 | Robert G., Stebe |
| U296 | Robert G. Stebe | Robert G. | Stebe | | 10,591.56 | Robert G., Stebe |
| U425 | Robert G. Stebe | Robert G. | Stebe | | 10,591.56 | Robert G., Stebe |
| S025-S | Clifford E. and Karen J. Stember | Clifford E. and Karen J. | Stember | | 10,591.56 | Clifford E. and Karen J., Stember |
| S129 | Clifford E. and Karen J. Stember | Clifford E. and Karen J. | Stember | | 10,000.00 | Clifford E. and Karen J., Stember |
| S130 | Clifford E. and Karen J. Stember | Clifford E. and Karen J. | Stember | | 10,000.00 | Clifford E. and Karen J., Stember |
| S543-S | Clifford E. and Karen J. Stember | Clifford E. and Karen J. | Stember | | 10,443.67 | Clifford E. and Karen J., Stember |
| U026 | Kelli Stember | Kelli | Stember | | 10,591.56 | Kelli, Stember |
| U394 | Henry and Elaine Stemke | Henry and Elaine | Stemke | Stemke Family Trust | 10,591.56 | Stemke Family Trust |
| U439 | Henry and Elaine Stemke | Henry and Elaine | Stemke | Stemke Family Trust | 10,517.61 | Stemke Family Trust |
| U054 | Norma Strother | Norma | Strother | Strother Family Trust | 10,591.56 | Strother Family Trust |
| U178 | Steve and Sandra Sultanoff | Steve and Sandra | Sultanoff | Steven M. Sultanoff Trust | 10,591.56 | Steven M. Sultanoff Trust |
| U460 | Steve and Sandra Sultanoff | Steve and Sandra | Sultanoff | Steven M. Sultanoff Trust | 10,369.72 | Steven M. Sultanoff Trust |
| U669 | Steve and Sandra Sultanoff | Steve and Sandra | Sultanoff | Steven M. Sultanoff Trust | 10,591.56 | Steven M. Sultanoff Trust |
| U670 | Steve and Sandra Sultanoff | Steve and Sandra | Sultanoff | Steven M. Sultanoff Trust | 10,591.56 | Steven M. Sultanoff Trust |
| U580 | Ron Suneri | Ron | Suneri | | 10,591.56 | Ron, Suneri |
| U449 | Richard O. Tanny | Richard O. | Tanny | Tanny Revocable Inter Vivos Trust | 10,480.64 | Tanny Revocable Inter Vivos Trust |
| U514 | Richard O. Tanny | Richard O. | Tanny | Tanny Revocable Inter Vivos Trust | 10,443.67 | Tanny Revocable Inter Vivos Trust |
| U515 | Richard O. Tanny | Richard O. | Tanny | Tanny Revocable Inter Vivos Trust | 10,443.67 | Tanny Revocable Inter Vivos Trust |
| U658 | Richard O. Tanny | Richard O. | Tanny | Tanny Revocable Inter Vivos Trust | 10,591.56 | Tanny Revocable Inter Vivos Trust |
| U279 | Stacy Teagno | Stacy | Teagno | | 10,591.56 | Stacy, Teagno |
| S001 | John P. and Kathleen H. Teele | John P. and Kathleen H. | Teele | The Teele Family Trust | 10,000.00 | The Teele Family Trust |
| S002 | John P. and Kathleen H. Teele | John P. and Kathleen H. | Teele | The Teele Family Trust | 10,000.00 | The Teele Family Trust |
| S532-S | John P. and Kathleen H. Teele | John P. and Kathleen H. | Teele | The Teele Family Trust | 10,443.67 | The Teele Family Trust |
| S533-S | John P. and Kathleen H. Teele | John P. and Kathleen H. | Teele | The Teele Family Trust | 10,443.67 | The Teele Family Trust |
| U006 | John P. and Kathleen H. Teele | John P. and Kathleen H. | Teele | The Teele Family Trust | 10,591.56 | The Teele Family Trust |
| U051 | John P. and Kathleen H. Teele | John P. and Kathleen H. | Teele | The Teele Family Trust | 10,591.56 | The Teele Family Trust |
| U057 | John P. and Kathleen H. Teele | John P. and Kathleen H. | Teele | The Teele Family Trust | 10,591.56 | The Teele Family Trust |
| U086 | John P. and Kathleen H. Teele | John P. and Kathleen H. | Teele | The Teele Family Trust | 10,591.56 | The Teele Family Trust |
| U087 | John P. and Kathleen H. Teele | John P. and Kathleen H. | Teele | The Teele Family Trust | 10,591.56 | The Teele Family Trust |
| U151 | John P. and Kathleen H. Teele | John P. and Kathleen H. | Teele | The Teele Family Trust | 10,591.56 | The Teele Family Trust |
| U213 | John P. and Kathleen H. Teele | John P. and Kathleen H. | Teele | The Teele Family Trust | 10,591.56 | The Teele Family Trust |
| U219 | John P. and Kathleen H. Teele | John P. and Kathleen H. | Teele | The Teele Family Trust | 10,591.56 | The Teele Family Trust |
| U220 | John P. and Kathleen H. Teele | John P. and Kathleen H. | Teele | The Teele Family Trust | 10,591.56 | The Teele Family Trust |
| U303 | John P. and Kathleen H. Teele | John P. and Kathleen H. | Teele | The Teele Family Trust | 10,591.56 | The Teele Family Trust |
| U304 | John P. and Kathleen H. Teele | John P. and Kathleen H. | Teele | The Teele Family Trust | 10,591.56 | The Teele Family Trust |
| U305 | John P. and Kathleen H. Teele | John P. and Kathleen H. | Teele | The Teele Family Trust | 10,591.56 | The Teele Family Trust |
| U364 | John P. and Kathleen H. Teele | John P. and Kathleen H. | Teele | The Teele Family Trust | 10,591.56 | The Teele Family Trust |
| U534 | John P. and Kathleen H. Teele | John P. and Kathleen H. | Teele | The Teele Family Trust | 10,443.67 | The Teele Family Trust |
| S083 | Kevin B. Thomas | Kevin B. | Thomas | | 10,000.00 | Kevin B., Thomas |
| S359-S | Kevin B. Thomas | Kevin B. | Thomas | | 10,591.56 | Kevin B., Thomas |
| U659 | Kevin B. Thomas | Kevin B. | Thomas | | 10,591.56 | Kevin B., Thomas |
| S091-S | Cheryl J. Thoreen | Cheryl J. | Thoreen | | 10,591.56 | Cheryl J., Thoreen |
| S148 | Cheryl J. Thoreen | Cheryl J. | Thoreen | | 10,000.00 | Cheryl J., Thoreen |
| U549 | Jeff and Joan Tyner | Jeff and Joan | Tyner | | 10,443.67 | Jeff and Joan, Tyner |

| NOTE # | Full Name | FIRST | LAST | TRUST | PRINCIPLE | Name |
|---|---|---|---|---|---|---|
| U179 | Jeff and Joan Tyner | Jeff and Joan | Tyner | | 10,591.56 | Jeff and Joan, Tyner |
| U217 | Jeff and Joan Tyner | Jeff and Joan | Tyner | | 10,591.56 | Jeff and Joan, Tyner |
| U665 | Jeff and Joan Tyner | Jeff and Joan | Tyner | | 10,591.56 | Jeff and Joan, Tyner |
| U666 | Jeff and Joan Tyner | Jeff and Joan | Tyner | | 10,591.56 | Jeff and Joan, Tyner |
| U667 | Jeff and Joan Tyner | Jeff and Joan | Tyner | | 10,591.56 | Jeff and Joan, Tyner |
| S085 | Gerald and Phyllis Waters | Gerald and Phyllis | Waters | Gerald I. and Phyllis E. Waters Family Trust | 10,000.00 | Gerald I. and Phyllis E. Waters Family Trust |
| S527-S | Gerald and Phyllis Waters | Gerald and Phyllis | Waters | Gerald I. and Phyllis E. Waters Family Trust | 10,443.67 | Gerald I. and Phyllis E. Waters Family Trust |
| U099 | Gerald and Phyllis Waters | Gerald and Phyllis | Waters | Gerald I. and Phyllis E. Waters Family Trust | 10,591.56 | Gerald I. and Phyllis E. Waters Family Trust |
| U399 | Gerald and Phyllis Waters | Gerald and Phyllis | Waters | Gerald I. and Phyllis E. Waters Family Trust | 10,591.56 | Gerald I. and Phyllis E. Waters Family Trust |
| U418 | Gerald and Phyllis Waters | Gerald and Phyllis | Waters | Gerald I. and Phyllis E. Waters Family Trust | 10,591.56 | Gerald I. and Phyllis E. Waters Family Trust |
| U081 | Lynne Weiss | Lynne | Weiss | | 10,591.56 | Lynne, Weiss |
| S100 | David Pearson Wells | David Pearson | Wells | | 10,000.00 | David Pearson, Wells |
| S232-S | David Pearson Wells | David Pearson | Wells | | 10,591.56 | David Pearson, Wells |
| U457 | Alexis Westerfield | Alexis | Westerfield | Troy Westerfield - Guardian | 10,480.64 | Troy Westerfield - Guardian |
| S058-S | Keith and Janet Westerfield | Keith and Janet | Westerfield | | 10,591.56 | Keith and Janet, Westerfield |
| S101 | Keith and Janet Westerfield | Keith and Janet | Westerfield | | 10,000.00 | Keith and Janet, Westerfield |
| U647 | Samantha Westerfield | Samantha | Westerfield | Troy Westerfield - Guardian | 10,591.56 | Troy Westerfield - Guardian |
| S068 | Susan F. White | Susan F. | White | | 10,000.00 | Susan F., White |
| S559-S | Susan F. White | Susan F. | White | | 10,443.67 | Susan F., White |
| U306 | Merideth Wiberg | Merideth | Wiberg | The Wiberg Family Trust | 10,591.56 | The Wiberg Family Trust |
| U424 | Patricia Wilhite | Patricia | Wilhite | | 10,591.56 | Patricia, Wilhite |
| S069 | John R. Wilson, Jr. | John R. | Wilson, Jr. | | 10,000.00 | John R., Wilson, Jr. |
| S163-S | John R. Wilson, Jr. | John R. | Wilson, Jr. | | 10,591.56 | John R., Wilson, Jr. |
| U123 | Louise Powell Wilson | Louise Powell | Wilson | | 10,591.56 | Louise Powell, Wilson |
| U138 | Louise Powell Wilson | Louise Powell | Wilson | | 10,591.56 | Louise Powell, Wilson |
| U586 | Louise Powell Wilson | Louise Powell | Wilson | | 10,443.67 | Louise Powell, Wilson |
| U365 | Nan Wilson | Nan | Wilson | and/or Simona J. Wilson | 10,591.56 | and/or Simona J. Wilson |
| U464 | Katharine E. Winebrenner | Katharine E. | Winebrenner | | 10,369.72 | Katharine E., Winebrenner |
| U392 | Barbara L Wood | Barbara L | Wood | | 10,591.56 | Barbara L, Wood |
| S055-S | William S.and Myrna A. Wright | William S.and Myrna A. | Wright | | 10,591.56 | William S.and Myrna A., Wright |
| S090 | William S.and Myrna A. Wright | William S.and Myrna A. | Wright | | 10,000.00 | William S.and Myrna A., Wright |
| U107 | Bonnie C Wylie | Bonnie C | Wylie | | 10,591.56 | Bonnie C, Wylie |
| U206 | Janet Morgan Wylie | Janet Morgan | Wylie | | 10,591.56 | Janet Morgan, Wylie |
| U556 | Janet Morgan Wylie | Janet Morgan | Wylie | | 10,443.67 | Janet Morgan, Wylie |
| S070 | Arthur and Beth Young | Arthur and Beth | Young | | 10,000.00 | Arthur and Beth, Young |
| S402-S | Arthur and Beth Young | Arthur and Beth | Young | | 10,591.56 | Arthur and Beth, Young |
| U403 | Arthur and Beth Young | Arthur and Beth | Young | | 10,591.56 | Arthur and Beth, Young |
| U550 | Arthur and Beth Young | Arthur and Beth | Young | | 10,591.56 | Arthur and Beth, Young |

8,525,544.39

8,525,544.39

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
870 Roosevelt, Irvine, CA 92620.

A true and correct copy of the foregoing document entitled: **TRUSTEE'S MOTION FOR APPROVAL OF PROCEDURES TO CONFIRM THE IDENTIFICATION OF AND AMOUNTS OWED TO EACH SECURED NOTEHOLDER; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF RICHARD A. MARSHACK, KRISTINE A. THAGARD, AND KATHLEEN FREDERICK IN SUPPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **July 26, 2022**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**: On **July 26, 2022**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **July 26, 2022**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**VIA PERSONAL DELIVERY:**
**PRESIDING JUDGE'S COPY**
HONORABLE SCOTT C. CLARKSON
UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
RONALD REAGAN FEDERAL BUILDING AND COURTHOUSE
411 WEST FOURTH STREET, SUITE 5130 / COURTROOM 5C
SANTA ANA, CA 92701-4593

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| July 26, 2022 | Cynthia Bastida | */s/ Cynthia Bastida* |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: CONTINUED:
- **ATTORNEY FOR DEFENDANTS BEACHCOMBER MANAGEMENT CRYSTAL COVE, LLC; DEFENDANT DOUGLAS CAVANAUGH; AND DEFENDANT RALPH KOSMIDES:** Leo A Bautista leo.bautista@lewisbrisbois.com, Sondra.Sweeney@lewisbrisbois.com
- **ATTORNEY FOR PLAINTIFF TRUSTEE RICHARD A MARSHACK (TR):** Christopher Dale Beatty cbeatty@millerbarondess.com, aransom@millerbarondess.com, docket@millerbarondess.com, jvogel@millerbarondess.com
- **ATTORNEY FOR DEFENDANT BEACHCOMBER AT CRYSTAL COVE LLC; DEFENDANT LIGHTHOUSE CAFÉ LLC; AND DEFENDANT SHAKE SHACK CRYSTAL COVE LLC:** Stephen C Biggs sbiggs@smith-lc.com, kdavenport@smith-lc.com
- **ATTORNEY GEORGE B BLACKMAR**: George B Blackmar gblackmar@bpslaw.net
- **ATTORNEY FOR CREDITOR STAR-WEST PARKWAY MALL, LP:** Dustin P Branch branchd@ballardspahr.com, carolod@ballardspahr.com; hubenb@ballardspahr.com
- **INTERESTED PARTY COURTESY NEF:** Jeffrey W Broker jbroker@brokerlaw.biz
- **ATTORNEY FOR INTERESTED PARTY PETER MASTAN:** Christopher Celentino chris.celentino@dinsmore.com, caron.burke@dinsmore.com
- **ATTORNEY FOR INTERESTED PARTY DOUGLAS CAVANAUGH AND INTERESTED PARTY RALPH KOSMIDES:** Carol Chow carol.chow@ffslaw.com, easter.santamaria@ffslaw.com
- **ATTORNEY FOR DEFENDANT BEACHCOMBER AT CRYSTAL COVE LLC; DEFENDANT LIGHTHOUSE CAFÉ LLC; AND DEFENDANT SHAKE SHACK CRYSTAL COVE LLC:** John S Clifford jclifford@smith-lc.com
- **ATTORNEY FOR INTERESTED PARTIES DOUGLAS CAVANAUGH and RALPH KOSMIDES:** David P Crochetiere dcrochetiere@bautelaw.com, hwells@bautelaw.com
- **ATTORNEY FOR INTERESTED PARTY PETER MASTAN:** Ashleigh A Danker adanker731@gmail.com
- **ATTORNEY FOR CREDITOR US FOODS, INC:** Aaron Davis aaron.davis@bryancave.com, kat.flaherty@bryancave.com
- **INTERESTED PARTY COURTESY NEF:** Caroline Djang cdjang@buchalter.com, docket@buchalter.com; lverstegen@buchalter.com
- **ATTORNEY FOR CREDITOR SAN DIEGO COUNTY TREASURER-TAX COLLECTOR:** Laura E Dolan laura.blome@sdcounty.ca.gov, odette.ortega@sdcounty.ca.gov; kristen.howard@sdcounty.ca.gov
- **ATTORNEY ALAN FRIEDMAN and ATTOREY FOR CREDITOR STEVEN L CRAIG:** Alan J Friedman afriedman@shulmanbastian.com, lgauthier@shulmanbastian.com
- **ATTORNEY FOR INTERESTED PARTY RUBY'S FANCHISE SYSTEMS, INC., A CALIFORNIA CORPORATION:** Eric J Fromme efromme@tocounsel.com, stena@tocounsel.com
- **ATTORNEY FOR DEFENDANTS BEACHCOMBER MANAGEMENT CRYSTAL COVE LLC; DEFENDANT DOUGLAS CAVANAUGH; AND DEFENDANT RALPH KOSMIDES:** Maria L Garcia Maria.L.Garcia@lewisbrisbois.com, Nancy.jasso@lewisbrisbois.com
- **ATTORNEY FOR CREDITOR COMMITTEE WINTHROP COUCHOT GOLUBOW HOLLANDER LLP:** Alastair M Gesmundo agesmundo@wghlawyers.com, jmartinez@wghlawyers.com
- **ATTORNEY FOR CREDITOR COMMITTEE WINTHROP COUCHOT GOLUBOW HOLLANDER LLP:** Richard H Golubow rgolubow@wghlawyers.com, jmartinez@wghlawyers.com; svillegas@wghlawyers.com
- **INTERESTED PARTY COURTESY NEF:** Steven T Gubner sgubner@bg.law, ecf@bg.law
- **ATTORNEY FOR CREDITOR OPUS BANK:** David M. Guess dguess@buchalter.com, david-guess-9268@ecf.pacerpro.com
- **ATTORNEY FOR U.S. TRUSTEE UNITED STATES TRUSTEE (SA):** Michael J Hauser michael.hauser@usdoj.gov
- **ATTORNEY FOR TRUSTEE RICHARD A MARSHACK (TR):** D Edward Hays ehays@marshackhays.com, ehays@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com; cmendoza@marshackhays.com; cmendoza@ecf.courtdrive.com
- **ATTORNEY FOR CREDITOR MARVI LAND:** Samy Henein samyhenein@aol.com, az@suppalaw.com
- **ATTORNEY FOR CREDITOR COMMITTEE WINTHROP COUCHOT GOLUBOW HOLLANDER LLP:** Garrick A Hollander ghollander@wghlawyers.com, jmartinez@wghlawyers.com; svillegas@wghlawyers.com
- **ATTORNEY FOR OTHER PROFESSIONAL DONLIN RECANO & COMPANY, INC.:** Lillian Jordan ENOTICES@DONLINRECANO.COM, RMAPA@DONLINRECANO.COM

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                                 **F 9013-3.1.PROOF.SERVICE**

4819-2935-5410, v. 1

- **ATTORNEY FOR CREDITOR STEVEN L CRAIG:** Rika Kido rkido@shulmanbastian.com, avernon@shulmanbastian.com
- **INTERESTED PARTY COURTESY NEF:** David S Kupetz David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com
- **ATTORNEY FOR PACHULSKI STANG ZIELH & JONES LLP, CREDITOR OPUS BANK, DEBTOR RUBY'S DINER, INC., A CALIFORNIA CORPORATION; DEBTOR RUBY'S HUNTINGTON BEACH, LTD., A CALIFORNIA LIMITED PARTNERSHIP; DEBTOR'S RUBY'S LAGUNA HILLS, LTD., A CALIFORNIA LIMITED PARTNERSHIP; DEBTOR RUBY'S OCEANSIDE LTD., A CALIFORNIA LIMITED PARTNERSHIP; DEBTOR RUBY'S PALM SPRINGS, LTD., A CALIFORNIA LIMITED PARTNERSHIP; DEBTOR RUBY'S QUALITY DINERS, LLC, A DELAWARE LIMITED LIABILITY COMPANY; DEBTOR RUBY'S SOCAL DINERS, LLC, A DELAWARE LIMITED LIABILITY COMPANY:** William N Lobel wlobel@tocounsel.com, stena@tocounsel.com; sschuster@tocounsel.com
- **ATTORNEY FOR TRUSTEE RICHARD A MARSHACK (TR):** Tinho Mang tmang@marshackhays.com, tmang@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com; cmendoza@ecf.courtdrive.com
- **ATTORNEY FOR INTERESTED PARTY CASBURE MANAGEMENT, LLC:** Craig G Margulies Craig@MarguliesFaithlaw.com, Vicky@MarguliesFaithlaw.com; Helen@MarguliesFaithlaw.com; Angela@MarguliesFaithlaw.com
- **TRUSTEE RICHARD A MARSHACK (TR):** Richard A Marshack (TR) pkraus@marshackhays.com, rmarshack@iq7technology.com; ecf.alert+Marshack@titlexi.com
- **ATTORNEY FOR CREDITOR FAMILY TREE PRODUCE, INC.; CREDITOR SUNRISE PRODUCE, INC.; INTERESTED PARTY LOWEY ENTERPRISES dba SUNRISE PRODUCE, A CALIFORNIA CORPORATION:** Robert S Marticello Rmarticello@swelawfirm.com, gcruz@swelawfirm.com; lgarrett@swelawfirm.com; jchung@swelawfirm.com
- **ATTORNEY FOR TRUSTEE RICHARD A MARSHACK:** Laila Masud lmasud@marshackhays.com, lmasud@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com
- **ATTORNEY FOR CREDITOR OPUS BANK:** Jessica G McKinlay mckinlay.jessica@dorsey.com
- **ATTORNEY FOR INTERESTED PARTY PILLSBURY WINTHROP SHAW PITTMAN LLP:** Malcolm D Minnick dminnick@pillsburylaw.com, m.minnick@comcast.net
- **ATTORNEY FOR DEFENDANT BEACHCOMBER MANAGEMENT CRYSTAL COVE LLC; DEFENDANT DOUGLAS CAVANAUGH; AND DEFENDANT RALPH KOSMIDES:** Aviram Edward Muhtar aviram.muhtar@lewisbrisbois.com, Nancy.Jasso@lewisbrisbois.com
- **ATTORNEY FOR DEBTOR RUBY'S DINER, INC., A CALIFORNIA CORPORATION:** Jeffrey P Nolan jnolan@pszjlaw.com
- **ATTORNEY FOR CREDITOR THE IRVINE COMPANY:** Ernie Zachary Park ernie.park@bewleylaw.com
- **ATTORNEY FOR CREDITOR GRIT DEVELOPMENT, AGENT FOR PLAZA MERCADO, LLC:** Thomas J Polis tom@polis-law.com, paralegal@polis-law.com; r59042@notify.bestcase.com
- **INTERESTED PARTY COURTESY NEF:** Todd C Ringstad becky@ringstadlaw.com, arlene@ringstadlaw.com
- **ATTORNEY FOR INTERESTED PARTY CASBURE MANAGEMENT, LLC:** Samuel A Schwartz saschwartz@nvfirm.com, ECF@nvfirm.com
- **ATTORNEY FOR DEFENDANT BEACHCOMBER AT CRYSTAL COVE LLC; DEFENDANT LIGHTHOUSE CAFÉ LLC; AND DEFENDANT SHAKE SHACK CRYSTAL COVE LLC:** Steven C Smith ssmith@smith-lc.com, kcanaan@smith-lc.com
- **INTERESTED PARTY COURTESY NEF:** Valerie Smith claims@recoverycorp.com
- **ATTORNEY FOR DEFENDANT DOUGLAS CAVANAUGH AND DEFENDANT RALPH KOSMIDES:** Lawrence Treglia Jr ltreglia@murtaughlaw.com, lhull@murtaughlaw.com
- **UNITED STATES TRUSTEE (SA):** United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov
- **ATTORNEY FOR CREDITOR PILLSBURY WINTHROP SHAW PITTMAN LLP:** Matthew S Walker matthewswalker1@gmail.com, renee.evans@pillsburylaw.com,
- **ATTORNEY FOR CREDITOR CITY OF HUNTINGTON BEACH:** Corey R Weber cweber@bg.law, ecf@bg.law
- **ATTORNEY FOR CREDITOR US FOODS, INC.:** Sharon Z. Weiss sharon.weiss@bclplaw.com, raul.morales@bclplaw.com, REC_KM_ECF_SMO@bclplaw.com
- **INTERESTED PARTY COURTESY NEF:** Christopher K.S. Wong christopher.wong@arentfox.com, yvonne.li@arentfox.com

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

4819-2935-5410, v. 1

- **ATTORNEY FOR CREDITOR PILLSBURY WINTHROP SHAW PITTMAN LLP:** Claire K Wu
  claire.wu@pillsburylaw.com, irene.hooper@pillsburylaw.com; docket@pillsburylaw.com

2. **SERVED BY UNITED STATES MAIL**: CONTINUED:

**MAIL REDIRECTED TO TRUSTEE
DEBTOR**
RUBY'S DINER, INC., A
CALIFORNIA CORPOR
~~4100 MACARTHUR BLVD.~~
~~SUITE 310~~
~~NEWPORT BEACH, CA 92660-2050~~

**RTD 12/29/20 UTF
SECURED CREDITOR**
C & C PARTNERSHIP
~~RONALD CLEAR, PARTNER~~
~~56 TESLA~~
~~IRVINE, CA 92618-4603~~

**NEW ADDR USPS 06/05/20
SECURED CREDITOR**
CREDIT MANAGEMENT
ASSOCIATION
PO BOX 750114
LAS VEGAS NV 89136-0114

**RTD 09/22/20 UTF
SECURED CREDITOR**
CREDIT MANAGEMENT
ASSOCIATION DBA CREDIT
MANAGERS ASSOCIATION
~~JULIET CHURCHILL, CALIFORNIA~~
~~REGISTERED AGENT~~
~~111 N MARYLAND AVE, SUITE 200~~
~~GLENDALE, CA 91206~~

**RTD 06/05/20 SEE NEW ADDR
SECURED CREDITOR**
CREDIT MANAGEMENT ASSOCIATION
DBA CREDIT MANAGERS
ASSOCIATION
~~KIMBERLY A. LAMBERTY, NEVADA~~
~~REGISTERED AGENT~~
~~3110 W CHEYENNE AVE, SUITE 100~~
~~N LAS VEGAS, NV 89032~~

**SECURED CREDITOR**
CREDIT MANAGERS ASSOCIATION
KIMBERLY LAMBERTY, PRESIDENT
303 NORTH GLEN OAK BLVD, SUITE
200
BURBANK, CA 91502

**RDI - SECURED
CREDITOR/INVESTOR/POC
ADDRESS**
ALEXANDER B. AND IRENE M.
MCDONALD
MCDONALD LIVING TRUST
24076 GOURAMI BAY
DANA POINT CA 92629

**RDI - SECURED
CREDITOR/INVESTOR/POC ADDRESS**
ALICE COURY AND THOMAS PIKE
22682 LEDANA
MISSION VIEJO CA 92691

**RDI - SECURED
CREDITOR/INVESTOR**
ALLAN AND SHIRLEY RICHARDSON
23815 VILLENA
MISSION VIEJO, CA 92692-1823

**RDI - SECURED
CREDITOR/INVESTOR**
ALLAN E. & SHIRLEY
RICHARDSON
1673 MISSION MEADOWS DRIVE
OCEANSIDE CA 92057

**RDI - SECURED CREDITOR/INVESTOR**
ANNE L. CLARK
2330 VIA MARIPOSA WEST, APT. Q
LAGUNA WOODS CA 92637

**RDI - SECURED
CREDITOR/INVESTOR**
ARTHUR AND BETH YOUNG
4051 SHOREBREAK DR.
HUNTINGTON BEACH CA 92649

**RDI - SECURED
CREDITOR/INVESTOR/POC
ADDRESS**
BETTE MCKINNEY
3719 EAST FIFTH STREET
LONG BEACH CA 90814

**SEE NEW ADDR
RDI - SECURED CREDITOR/INVESTOR**
CANDACE AND MICHAEL O'BRIEN
~~13600 MARINA POINTE DR., #1702~~
~~MARINA DEL REY CA 90292~~

**NEW ADDR PER TC 08/12/21
RDI - SECURED
CREDITOR/INVESTOR**
CANDACE AND MICHAEL O'BRIEN
321 COMPASS ROSE DRIVE
DAYTONA BEACH, FL 32124

**RDI - SECURED
CREDITOR/INVESTOR/POC
ADDRESS**
CATHY CAMPBELL
180 FRANKLIN CORNER RD K15
LAWRENCEVILLE, NJ 08648

**RDI - SECURED
CREDITOR/INVESTOR/POC ADDRESS**
CHERYL THOREEN
19 SHADE TREE
IRVINE CA 92603

**RDI - SECURED
CREDITOR/INVESTOR/POC
ADDRESS**
CHRISTI G. DYER, TRUSTEE
DYER FAMILY TRUST
24292 TOPONAS COURT
LAGUNA NIGUEL CA 92677

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**RDI - SECURED CREDITOR/INVESTOR/POC ADDRESS**
CLIFFORD & KAREN STEMBER
906 CARSON STREET
UPLAND CA 91784

**RTD 07/22/21 UTF**
**RDI - SECURED CREDITOR/INVESTOR/POC ADDRESS**
DAVID AND GRETCHEN LANDAU
~~730 W DORAN ST~~
~~GLENDALE CA 91203~~

**NEW ADDR PER 12/09/20 EMAIL**
**RDI - SECURED CREDITOR/INVESTOR**
DAVID J. AND MAUREEN L. MELVOLD
29911 OSPREY COURT
TAVARES, FL 32778

**RDI - SECURED CREDITOR/INVESTOR/POC ADDRESS**
DAVID P. WELLS
5704 GRANITE BEND CT
GRANITE BAY CA 95746

**RDI - SECURED CREDITOR/INVESTOR**
DAVID WELLS
8430 BRIDGEWATER COURT
GRANITE BAY CA 95746

**RDI - SECURED CREDITOR/INVESTOR/POC ADDRESS**
DOROTHY J. BRIDEWESER
24326 PARKPLACE DRIVE
LAGUNA NIGUEL CA 92677

**RDI - SECURED CREDITOR/INVESTOR**
GARY M. & JANET GREEN
925 FLAGSTONE DRIVE
SANTA MARIA CA 93455-4181

**RDI - SECURED CREDITOR/INVESTOR/POC ADDRESS**
CONSTANCE D WILSON
ACQUIRED FROM JOHN RAYMOND WILSON JR.
1290 BIRMINGHAM DR
ENCINITAS CA 92024

**RDI - SECURED CREDITOR/INVESTOR/POC ADDRESS**
DAVID AND LOIS GOREN
C/O DONALD W. SIEVEKE
1113 N. SPURGEON STREET
SANTA ANA, CA 92701

**SEE NEW ADDR 12/09/20**
**RDI - SECURED CREDITOR/INVESTOR/POC ADDRESS**
DAVID J. AND MAUREEN L. MELVOLD
~~24 SONRISA~~
~~IRVINE CA 92620~~

**RTD 11/04/20 UTF**
**RDI - SECURED CREDITOR/INVESTOR/POC ADDRESS**
DAVID R. & ARLENE A. BELT
~~3455 ROYAL ROAD~~
~~VISTA CA 92084~~

**RDI - SECURED CREDITOR/INVESTOR/POC ADDRESS**
DIANA RAINFORTH
33651 FLYING JIB DRIVE
MONARCH BEACH CA 92629

**RDI - SECURED CREDITOR/INVESTOR**
ED S. & ANNE L. FARBER
16311 FANTASIA LANE
HUNTINGTON BEACH CA 92649

**RDI - SECURED CREDITOR/INVESTOR/POC ADDRESS**
HANS AND MAUREEN DEBEER
21261 MANZANILLO
MISSION VIEJO CA 92692

**RDI - SECURED CREDITOR/INVESTOR**
CREDIT MANAGEMENT ASSOCIATION
ATTN:  MIKE JONCICH
40 EAST VERDUGO AVENUE
BURBANK, CA 91502-1931

**RDI - SECURED CREDITOR/INVESTOR/POC ADDRESS**
DAVID AND LOIS GOREN
24 JUPITER HILLS DRIVE
NEWPORT BEACH, CA 92660-9206

**RDI - SECURED CREDITOR/INVESTOR**
DAVID MELVOLD
EXECUTOR, ESTATE OF EMMY QUINN
29911 ESPREY COURT
TAVARES, FL 32778

**RDI - SECURED CREDITOR/INVESTOR/POC ADDRESS**
DAVID R. & ARLENE A. BELT
8975 LAWRENCE WELK DR APT 395
ESCONDIDIO, CA 92026

**RDI - SECURED CREDITOR/INVESTOR**
DON AND ANN DELANEY
3721 DAFFODIL AVENUE
CORONA DEL MAR CA 92625

**RDI - SECURED CREDITOR/INVESTOR/POC ADDRESS**
FRANCES (MYRON) COOPER
28399 BORGONA
MISSION VIEJO CA 92692

**RDI - SECURED CREDITOR/INVESTOR**
HAROLD E. AND HANNAH J. MEANY
601 CARNATION AVENUE
CORONA DEL MAR CA 92625

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**

4819-2935-5410, v. 1

**RDI - SECURED CREDITOR/INVESTOR**
HARVEY AND JOYCE JENSEN
33102 BIG SUR STREET
DANA POINT CA 92629

**RDI - SECURED CREDITOR/INVESTOR/POC ADDRESS**
HOPE G. LUEDEKE, TRUSTEE OF THE MARITA TRUST
3 PURSUIT, UNIT 312
ALISO VIEJO CA 92656

**RDI - SECURED CREDITOR/INVESTOR/POC ADDRESS**
HOWARD AND CAROL JENSEN
10651 OVERMAN AVENUE
CHATSWORTH CA 91311

**RDI - SECURED CREDITOR/INVESTOR**
JACK M. & MARSHA H. CLARK
256 MAYFLOWER DRIVE
NEWPORT BEACH CA 92660

**RDI - SECURED CREDITOR/INVESTOR**
JAMES AND JANET SHIELDS
22921 PALENCIA LANE
LAGUNA NIGUEL, CA 92677-2742

**RDI - SECURED CREDITOR/INVESTOR**
JAMES AND MARY LOU LESTER
THE LESTER FAMILY TRUST
28 DRAKES BAY DRIVE
CORONA DEL MAR, CA 92625-1008

**RDI - SECURED CREDITOR/INVESTOR**
JAMES C. & MARY LOU LESTER
2936 ALTA VISTA
NEWPORT BEACH CA 92660

**RDI - SECURED CREDITOR/INVESTOR/POC ADDRESS**
JAMES L AND CELESTE GRAY
24901 BUTTERCUP DRIVE
LAGUNA NIGUEL, CA 92677

**RDI - SECURED CREDITOR/INVESTOR/POC ADDRESS**
JAMES W MACDONALD FAMILY TRUST
DARLENE H. MACDONALD
835 W. SOUTH LINKS DRIVE
WASHINGTON UT 84780

**RTD 12/29/20 UTF**
**RDI - SECURED CREDITOR/INVESTOR**
JEROME AND MARIAN PEARL
~~33441 COCKLESHELL DRIVE~~
~~DANA POINT CA 92629~~

**RDI - SECURED CREDITOR/INVESTOR**
JIM AND JANET SHIELDS
29632 ALTA TERRA
LAGUNA NIGUEL CA 92677

**RDI - SECURED CREDITOR/INVESTOR**
JOAN STEBE (C/O ROBERT STEBE (SON))
7 RED OAK CIRCLE
POMONA CA 91766

**RDI - SECURED CREDITOR/INVESTOR/POC ADDRESS**
JOEL B. ROTHMAN
27 CARMEL BAY DRIVE
CORONA DEL MAR CA 92625

**RDI - SECURED CREDITOR/INVESTOR/POC ADDRESS**
JOHN C. & MARY JANE MALMQUIST
371 ESTER STREET
COSTA MESA CA 92627

**RDI - SECURED CREDITOR/INVESTOR/POC ADDRESS**
JOHN HOLLIDAY
12 PINEWOOD
IRVINE CA 92604

**RTD 11/04/20 UTF**
**RDI - SECURED CREDITOR/INVESTOR**
JOHN R. WILSON, JR.
~~2077 SEA VILLAGE CIRCLE~~
~~CARDIFF CA 92007~~

**RDI - SECURED CREDITOR/INVESTOR/POC ADDRESS**
JULIA DAVIDSON & LAWRENCE DAVIDSON
340 ELECTRIC AVENUE
SEAL BEACH CA 90740

**RDI - SECURED CREDITOR/INVESTOR**
KATHLEEN H. TEELE
1917 YACHT PURITAN
NEWPORT BEACH CA 92660

**RDI - SECURED CREDITOR/INVESTOR/POC ADDRESS**
KEITH & JANET WESTERFIELD
26 SAGITTA WAY
COTO DE CAZA CA 92679

**RDI - SECURED CREDITOR/INVESTOR/POC ADDRESS**
KELLY MICHELLE MERCER
3259 FRANCES AVENUE
LA CRESCENTA CA 91214

**RDI - SECURED CREDITOR/INVESTOR**
KENNETH MAILMAN
6912 VISTA DEL SOL
HUNTINGTON BEACH CA 92647

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

**RDI - SECURED CREDITOR/INVESTOR/POC ADDRESS**
KERWIN D. AND CAROLYN S. SECRIST
872 N. KINTYRE DRIVE
ORANGE CA 92869

**RDI - SECURED CREDITOR/INVESTOR**
KEVIN THOMAS
PO BOX 8263
NEWPORT BEACH CA 92658-8263

**RDI - SECURED CREDITOR/INVESTOR/POC ADDRESS**
LAUNA NUTTMAN AND PHILLIP GRIFFITH
5310 CALLE DE RICARDO
TORRANCE CA 90505-6219

**RDI - SECURED CREDITOR/INVESTOR**
MARK & KATHLEEN CHIU
6632 MARILYN DRIVE
HUNTINGTON BEACH CA 92647

**DO NOT USE PER EMAIL 06-24-20**
**RDI - SECURED CREDITOR/INVESTOR**
MARY ANN SHIELDS
SHIELDS FAMILY TRUST
~~6446 FORESTER DRIVE~~
~~HUNTINGTON BEACH, CA 92648-6613~~

**RDI - SECURED CREDITOR/INVESTOR/POC ADDRESS**
MARY ANN SHIELDS TRUSTEE
SHIELDS FAMILY TRUST
MARY ANN AND DENNIS SHIELDS
23042 CASSANO DR
LAGUNA NIGUEL, CA 92677-2707

**NEW ADDR PER DK 930**
**RDI - SECURED CREDITOR/INVESTOR/POC ADDRESS**
MAUREEN HARRIS
1180 W DESERT SPARROW DR
ST. GEORGE UT 84790

**RTD 07/27/21 UTF**
**RDI - SECURED CREDITOR/INVESTOR**
MERRILL AND CAROL CLISBY
~~29 VILLAMOURA~~
~~LAGUNA NIGUEL CA 92677~~

**RDI - SECURED CREDITOR/INVESTOR/POC ADDRESS**
MERRILL AND CAROL CLISBY
THE CLISBY FAMILY TRUST
2 LAS ESTRELLAS LOOP, UNIT 412
RANCHO MISSION VIEJO, CA 92694-2416

**RDI - SECURED CREDITOR/INVESTOR/POC ADDRESS**
MICHAEL AND JANICE DINGILLO
2019 VIA AGUILA
SAN CLEMENTE CA 92673

**RDI - SECURED CREDITOR/INVESTOR/POC ADDRESS**
MILTON & CORA BLEVINS
1009 LOCKLAYER ST.
SAN DIMAS CA 91773

**RTD 07/22/21 UTF**
**RDI - SECURED CREDITOR/INVESTOR**
MYRA L O'CONNELL
ROBERT W HILKER
~~29822 RUNNING DEER LANE~~
~~LAGUNA NIGUEL, CA 92677-2027~~

**RDI - SECURED CREDITOR/INVESTOR/POC ADDRESS**
MYRA L. O'CONNELL
30782 CALLE MORAGA
LAGUNA NIGUEL, CA 92677-5503

**RDI - SECURED CREDITOR/INVESTOR**
NORMAN D. & MARGARET A. PETRUCCI
23500 BENDING OAK COURT
MURRIETA CA 92562

**RDI - SECURED CREDITOR/INVESTOR**
O A SIMMON
THE SIMMON TRUST
11847 GORHAM AVENUE, #302
LOS ANGELES, CA 90049

**RDI - SECURED CREDITOR/INVESTOR**
O. A.  SIMMONS
33282 ACAPULCO DR.
DANA POINT CA 92629

**NEW ADDR DK 1046 03-09-21**
**RDI - SECURED CREDITOR/INVESTOR**
O'BRIEN FAMILY TRUST DATED 7/4/2005
MICHAEL J. O'BRIEN, TRUSTEE
321 COMPASS ROSE DRIVE
DAYTONA, FL 32124

**RDI - SECURED CREDITOR/INVESTOR**
PAMELA FARBER-LEIGH
1830 STONER AVE. UNIT #3
LOS ANGELES CA 90025

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

4819-2935-5410, v. 1

**RDI - SECURED CREDITOR/INVESTOR/POC ADDRESS**
PAMELA J. MONGER
304 W. LAKE SAMMAMISH PKY NE
BELLEVUE, WA 98008

**RDI - SECURED CREDITOR/INVESTOR**
PHYLLIS AND GERALD WATERS
19232 BECKONRIDGE LANE
HUNTINGTON BEACH CA 9268

**RDI - SECURED CREDITOR/INVESTOR/POC ADDRESS**
POPE FAMILY BY-PASS TRUST
WILLIAM E. POPE, TRUSTEE
80721 CHERRY HILLS DR
LA QUINTA, CA 92253

**RDI - SECURED CREDITOR/INVESTOR/POC ADDRESS**
R. JOHN & JEANNE C. HANNAH
5314 CALLE DE RICARDO
TORRANCE CA 90505

**RDI - SECURED CREDITOR/INVESTOR/POC ADDRESS**
RALPH W. AND CELIA W. DUDLEY
4905 ALICANTE WAY
OCEANSIDE CA 92056

**RDI - SECURED CREDITOR/INVESTOR/POC ADDRESS**
RAYMOND & GAYLE HASKELL
RAYMOND E. HASKELL AND GAYLE K. HASKELL REVOCABLE TRUST
2036 COMMODORE ROAD
NEWPORT BEACH CA 92660

**RTD 08/03/20 UTF**
**RDI - SECURED CREDITOR/INVESTOR**
RAYMOND & MAUREEN HARRIS
~~13 DESTINY WAY~~
~~ALISO VIEJO CA 92656~~

**RTD 08/05/21 UTF**
**RDI - SECURED CREDITOR/INVESTOR**
RAYMOND L AND MAUREEN HARRIS
~~3840 LAKESHORE BLVD.~~
~~LAKEPORT, CA 95453-6617~~

**RDI - SECURED CREDITOR/INVESTOR**
RICHARD & SUSAN HANSON
15 CHELSE PT.
DANA POINT CA 92629-2750

**RTD 12/29/20 UTF**
**RDI - SECURED CREDITOR/INVESTOR**
RICHARD SILVA
~~15 EASTBOURNE BAY~~
~~LAGUNA NIGUEL CA 92677~~

**RDI - SECURED CREDITOR/INVESTOR**
RICHARD SILVA
RICHARD SILVA PROFIT SHARING PLAN
4012 FLOWERWOOD LANE
FALLBROOK CA 92028-8042

**RDI - SECURED CREDITOR/INVESTOR/POC ADDRESS**
ROBERT ALLEN & JAYNE R. HESS
ROBERT ALLEN AND JAYNE R HESS TRUST
79447 S. SUNRISE RIDGE DRIVE
LA QUINTA CA 92253

**RDI - SECURED CREDITOR/INVESTOR**
ROBERT P. AND ELAINE A CONVERSE
33701 MARLINSPIKE DRIVE
MONARCH BEACH CA 92629

**RDI - SECURED CREDITOR/INVESTOR/POC ADDRESS**
ROGER AND MARILYN RILEY
200 VIA BARCELONA
NEWPORT BEACH CA 92663

**RDI - SECURED CREDITOR/INVESTOR/POC ADDRESS**
RONALD AND LINDA L. KIRKPATRICK
3301 RUTH ELAINE DRIVE
LOS ALAMITOS CA 90720

**RDI - SECURED CREDITOR/INVESTOR**
RONALD R. & PATTY J. PANICO
20912 SKIMMER LANE
HUNTINGTON BEACH CA 92646

**RDI - SECURED CREDITOR/INVESTOR**
RUDY AMAYA
26851 ZAPATA CIRCLE
MISSION VIEJO CA 92691

**RDI - SECURED CREDITOR/INVESTOR**
RUDY AND EILEEN AMAYA
RAYMUNDO R AMAYA
AMAYA FAMILY TRUST
23842 WARDLOW CIRCLE
LAGUNA NIGUEL, CA 92677-1710

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**RDI - SECURED CREDITOR/INVESTOR/POC ADDRESS**
RYAN S. AND SHARYL L GRIFFITH
3119 MARWICK
LONG BEACH CA 90808-3610

**RDI - SECURED CREDITOR/INVESTOR/POC ADDRESS**
SHIELDS FAMILY TRUST
JANET SHIELDS
22921 PALENCIA LN
LAGUNA NIGUEL, CA 92667

**RDI - SECURED CREDITOR/INVESTOR/POC ADDRESS**
SUSAN F. WHITE
64 EMERALD BAY
LAGUNA BEACH CA 92651

**RDI - SECURED CREDITOR/INVESTOR/POC ADDRESS**
TERRENCE LEE & ROSANN MCLAUGHLIN
MCLAUGHLIN REVOCABLE TRUST 2012
33871 MANTA COURT
DANA POINT CA 92629

**RDI - SECURED CREDITOR/INVESTOR/POC ADDRESS**
THE AMAYA FAMILY TRUST
RUDY AND EILEEN AMAYA
23842 WARDLOW CIR
LAGUNA NIGUEL, CA 92677

**RDI - SECURED CREDITOR/INVESTOR/POC ADDRESS**
THE NEWMAN FAMILY TRUST
PARVIZ M HARIRI, TRUSTEE
6338 WILSHIRE BLVD
LOS ANGELES, CA 90048

**RDI - SECURED CREDITOR/INVESTOR/POC ADDRESS**
THE SILVA FAMILY TRUST
RICHARD SILVA, TRUSTEE
4012 FLOWERWOOD LANE
FALLBROOK, CA 92028

**RDI - SECURED CREDITOR/INVESTOR/POC ADDRESS**
THOMAS & JUDITH BRADY
33101 BIG SUR STREET
DANA POINT CA 92629

**RDI - SECURED CREDITOR/INVESTOR/POC ADDRESS**
THOMAS A AND SHEREE K MAY
1420 BAY OAKS DRIVE
LOS OSOS, CA 93402

**RDI - SECURED CREDITOR/INVESTOR**
VERN JOHNSON
870 W. JANE CT.
UPLAND CA 91786

**SEE NEW ADDR 06-24-20**
**RDI - SECURED CREDITOR/INVESTOR/POC ADDRESS**
WALTER AND NORMA SCHULTE LIVING TRUST
~~WALTER AND NORMA SCHULTE~~
~~13872 UNIVERSITY ST~~
~~WESTMINSTER, CA 92683-2760~~

**NEW ADDR PER EMAIL 06-24-20**
**RDI - SECURED CREDITOR/INVESTOR/POC ADDRESS**
WALTER AND NORMA SCHULTE LIVING TRUST
WALTER AND NORMA SCHULTE
23042 CASSANO DRIVE
LAGUNA NIGUEL, CA 92677

**SEE NEW ADDR 06-24-20**
**RDI - SECURED CREDITOR/INVESTOR**
WALTER B. AND NORMA G. SCHULTE
~~13872 UNIVERSITY ST.~~
~~WESTMINSTER CA 92683~~

**NEW ADDR PER EMAIL 06-24-20**
**RDI - SECURED CREDITOR/INVESTOR/POC ADDRESS**
WALTER B. AND NORMA G. SCHULTE
23042 CASSANO DRIVE
LAGUNA NIGUEL, CA 92677

**RTD 08/12/21 RESENT**
**RDI - SECURED CREDITOR/INVESTOR**
WARREN AND SHEILA NEWMAN
~~11911 LAWLER STREET~~
~~LOS ANGELES CA 90066~~

**NEW ADDR PER USPS**
**RDI - SECURED CREDITOR/INVESTOR**
WARREN AND SHEILA NEWMAN
6338 WILSHIRE BLVD
LOS ANGELES, CA 90048-5002

**RDI - SECURED CREDITOR/INVESTOR/POC ADDRESS**
WAYNE AND JOANNE ASPINALL FAMILY TRUST
WAYNE AND JOANNE ASPINALL
21534 CANARIA
MISSION VIEJO CA 92692-4977

**RDI - SECURED CREDITOR/INVESTOR**
WESLEY & MARCIA KIM
P.O. BOX 97
CORONA DEL MAR CA 92625

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**RDI - SECURED CREDITOR/INVESTOR**
WILLARD AND JUTTA LOOMIS
5642 KINGSFORD TERRACE
IRVINE CA 92603

**RDI - SECURED CREDITOR/INVESTOR**
WILLIAM & SUSAN HARDY
635 W. FERN AVENUE
REDLANDS CA 92373

**RDI - SECURED CREDITOR/INVESTOR**
WILLIAM AND MYRNA WRIGHT
3900 TOPSIDE LANE
CORONA DEL MAR CA 92625

**RDI - SECURED CREDITOR/INVESTOR/POC ADDRESS**
WILLIAM E POPE
WILLIAM E POPE AND ANNE PIERCE
POPE REVOCABLE TRUST DTD 4/14/2016
80721 CHERRY HILLS DRIVE
LA QUINTA, CA 92253-5600

**RDI - SECURED CREDITOR/INVESTOR/POC ADDRESS**
WILLIAM E. AND JOYCE A. POPE
P.O. BOX 173871
DENVER CO 80229

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

4819-2935-5410, v. 1