1 | D. EDWARD HAYS, #162507
ehays@marshackhays.com
2 | LAILA MASUD, # 311731
lmasud@marshackhays.com
3 | MARSHACK HAYS LLP
870 Roosevelt
4 | Irvine, California 92620
Telephone: (949) 333-7777
5 | Facsimile: (949) 333-7778

6 | Attorneys for Chapter 7 Trustee,
RICHARD A. MARSHACK

**FILED & ENTERED**

**AUG 19 2022**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bolte    DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re | Case No. 8:18-bk-13311-SC |
| RUBY'S DINER, INC., a California corporation, et al., | Chapter 7 |
| Debtor. | (Jointly Administered with Case Nos.: 8:18-bk-13197-SC; 8:18-bk-13198-SC; **8:18-bk-13199-SC**; 8:18-bk-13200-SC; 8:18-bk-13201-SC; 8:18-bk-13202-SC) |
| Affects: | |
| ☐ ALL DEBTORS | ORDER GRANTING MOTION TO (1) SET A BAR DATE FOR FILING ADMINISTRATIVE EXPENSE CLAIMS, INCLUDING CLAIMS UNDER 11 U.S.C. SECTION 503(B) AND (2) APPROVE THE FORM, MANNER, AND SUFFICIENCY OF THE NOTICE THEREOF |
| ☒ RUBY'S DINER, INC., ONLY | |
| ☐ RUBY'S SOCAL, DINERS, LLC, ONLY | |
| ☐ RUBY'S QUALITY DINERS, LLC, ONLY | |
| ☐ RUBY'S HUNTINGTON BEACH, LTD. ONLY | |
| ☐ RUBY'S LAGUNA HILLS, LTD. ONLY | [NO HEARING REQUIRED] |
| ☐ RUBY'S OCEANSIDE, LTD, ONLY | [UNOPPOSED MOTION – NO SERVICE OF PROPOSED JUDGMENT OR LODGMENT PERIOD REQUIRED PURSUANT TO LBR 9021-1(b)(4)] |
| ☐ RUBY'S PALM SPRINGS, LTD. ONLY | |

The Court has read and considered Richard A. Marshack, in his capacity as Chapter 7 Trustee ("Trustee") for the lead bankruptcy case Ruby's Diner, Inc., 8:18-bk-13311-SC ("RDI"), Ruby's Huntington Beach, Ltd.-8:18-bk-13199 ("RHB"); and Ruby's Oceanside, Ltd.-8:18-bk-13201 ("RO") motion ("Motion") to (1) Set a Bar Date for Filing Administrative Expense Claims, Including Claims Under 11 U.S.C. Section 503(b) and (2) Approve the Form, Manner, and

1

4892-9394-2319v.1-1015-134

Sufficiency of the Notice thereof, filed on July 11, 2022, as Dk. No. 1226 ("Motion"). The Court finds, based upon the Declaration that no Party Requested a Hearing on Motion, filed by Laila Masud, Esq. on August 19, 2022, as Dk. No. 1244, that proper notice of the Motion, filed on July 11, 2022, as Dk. No. 1227, has been given. Accordingly, the Court finds good cause to grant the Motion, and the Court enters its Order as follows:

IT IS ORDERED:

1. The Motion is granted;[1]

2. September 30, 2022, is the last day by which any potential administrative priority claimant must file and set for hearing a motion seeking allowance of said administrative claim. This deadline will also apply to professionals retained by the Estate whose compensation is subject to 11 U.S.C. §§ 328 and 330, excluding (a) retained professionals who are currently providing services to the Chapter 7 Trustee; or (b) chapter 11 administrative professionals with entered orders already approving their compensation on a final basis;

3. September 30, 2022, ("Bar Date") is the last day by which creditors must file and set for hearing requests for allowance of administrative claims commencing after the Order on April 15, 2020 ("Conversion Date") converting the Case to Chapter 7 ("C7 Admin Claims");

4. The form and sufficiency of the Notice of Administrative Claim Bar Date substantially in the form attached as Exhibit 1 to the Motion is approved;

5. Service of the Notice attached as Exhibit 1 to the Motion is approved and authorized either via the Court's Notice of Electronic Filing system or by first-class United States mail, postage prepaid as soon as practicable after entry of this Order approving the Motion and, in any event, no later than 30 days prior to the Bar Date, on (a) all scheduled creditors of the Debtor, (b) all parties requesting special notice, if any, (c) all parties with whom Trustee has done business on behalf of the Estate as of the filing date of the Motion, (d) all persons or entities that have filed claims against the Debtor, (e) all scheduled parties to executory contracts and unexpired leases of the Debtor, if any, (f) counsel for all known parties to litigation by or against the Debtor, if any, (g) the Internal Revenue

---

[1] All terms not defined herein are used as they are defined in the Motion.

Service, (h) the California Franchise Tax Board, (i) the Los Angeles County Tax Collector, (j) the Debtor's professionals employed by Court order in this Case, and (k) the U.S. Trustee (collectively, "Notice Parties");

6. The Bar Date will not apply to: (a) any Chapter 7 Admin Claim of the Trustee or any professional employed by Trustee, (b) any Chapter 11 Admin Claim (such as an ordinary course of business payment) that has been previously paid by Debtor or Trustee or that has otherwise been satisfied; (c) any Chapter 11 Admin Claim that has already been allowed by a prior order of the Court and on a final basis; and (d) any fees payable to the U.S. Trustee under 28 U.S.C. § 1930 or accrued interest arising under 31 U.S.C. § 3717.

7. All motions seeking administrative claim allowance: (a) must have a hearing for approval set on or before the Bar Date; (b) will be deemed filed only when actually calendared by the Court for hearing; and (c) which motion shall be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant, written in English, denominated in United States currency, have attached any documents on which the claim is based (or, if such documents are voluminous, attach a summary) or an explanation as to why the documents are not available. All motions for administrative claim allowance shall be filed on the main case docket (i.e. RDI).

8. The filing or allowance of late administrative claims is prohibited, excluding retained professionals who are currently providing services to the Chapter 7 Trustee, without leave of Court.

9. Adequate notice of the Motion, procedures, and proposed deadlines have been given.

###

Date: August 19, 2022

Scott C. Clarkson
United States Bankruptcy Judge