D. EDWARD HAYS, #162507
ehays@marshackhays.com
LAILA MASUD, #311731
lmasud@marshackhays.com
MARSHACK HAYS LLP
870 Roosevelt
Irvine, California 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

Attorneys for Chapter 7 Trustee,
RICHARD A. MARSHACK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>RUBY'S DINER, INC., a California corporation, et al.,<br><br>    Debtor.<br><br>Affects:<br><br>☐    ALL DEBTORS<br>☒    RUBY'S DINER, INC., ONLY<br>☐    RUBY'S SOCAL, DINERS, LLC, ONLY<br>☐    RUBY'S QUALITY DINERS, LLC, ONLY<br>☐    RUBY'S HUNTINGTON BEACH, LTD. ONLY<br>☐    RUBY'S LAGUNA HILLS, LTD. ONLY<br>☐    RUBY'S OCEANSIDE, LTD, ONLY<br>☐    RUBY'S PALM SPRINGS, LTD. ONLY | Case No. 8:18-bk-13311-SC<br><br>Chapter 7<br><br>(Jointly Administered with Case Nos.: 8:18-bk-13197-SC; 8:18-bk-13198-SC; 8:18-bk-13199-SC; 8:18-bk-13200-SC; 8:18-bk-13201-SC; 8:18-bk-13202-SC)<br><br>CHAPTER 7 TRUSTEE'S MOTION TO APPROVE DISTRIBUTION SCHEME AND INTERIM DISTRIBUTIONS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF RICHARD A. MARSHACK IN SUPPORT<br><br>Date:   November 1, 2022<br>Time:   11:00 a.m.<br>Ctrm:   5C<br>Location: ZoomGov[1] |

/ / /

---

[1] Notwithstanding the opening of the Courthouse to in-person proceedings, in light of the overwhelming support by the Bar for continued virtual appearances, Judge Clarkson will continue utilizing ZoomGov in a hybrid format, holding the majority of hearings by video, with an option for in-person hearings. Please see the calendaring instructions which may be located in the Self-Calendaring section of Judge Clarkson's page for more details and effective dates.

TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY COURT JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL INTERESTED PARTIES:

RICHARD A. MARSHACK, in his capacity as Chapter 7 Trustee ("Trustee") of the Bankruptcy Estate ("Estate") of Ruby's Diner, Inc., a California corporation, et al. jointly administered on September 5, 2018, as lead case no. 8:18-bk-1331-SC ("Lead Debtor" or "RDI"), with the following associated bankruptcy cases: (a) 8:18-bk-13197-SC – Ruby's SoCal Diners, LLC, a Delaware limited liability company; (b) 8:18-bk-13198-SC - Ruby Quality Diners, LLC., a Delaware limited liability company; (c) 8:18-bk-13199-SC – Ruby's Huntington Beach, Ltd., a California limited partnership ("RHB"); (d) 8:18-bk-13200-SC – Ruby's Laguna Hills, Ltd., a California limited partnership; (e) 8:18-bk-13201-SC – Ruby's Oceanside Ltd., a California limited partnership ("RO"); and (f) 8:18-bk-13202-SC – Ruby's Palm Springs, Ltd., a California limited partnership ("RPS") (collectively with Lead Debtor, referred to as "Debtors"), respectfully files this Motion for entry of an order authorizing (1) distribution to Chapter 7 administrative professionals; (2) Chapter 11 administrative professionals; and (3) other unpaid Chapter 11 expenses ("Motion").

## 1. Summary of Argument

A Chapter 7 Trustee has a duty to make distributions as soon as is practicable. Administrative claims may be paid upon order of the court. Currently, due to Trustee's successful administration of this case, he is holding $4,231,718.39.[2] Trustee believes good cause exists to authorize him to pay $1,630,000[3] in administrative and priority claims as detailed below and on the proposed distribution report attached to the Declaration of Richard A. Marshack as Exhibit "1," from the unencumbered portion of the funds on hand.

---

[2] $2,000,000 of these funds are segregated for payment to the secured noteholders (subject to a possible surcharge pursuant to 11 U.S.C. §506(c)).

[3] Trustee will keep approximately $600,000 in the Estate account to cover any unexpected administrative expenses.

## 2. Factual Background

### A. Bankruptcy Filings and Conversion to Chapter 7

On August 29, 2018, RHB, SoCal, Quality, PS, LH, and RO each filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code.

On September 5, 2018, RDI filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code. The bankruptcy cases have been ordered jointly administered.

On April 10, 2020, as Dk. No. 571, RDI filed a motion to convert case from Chapter 11 to 7 ("Motion to Convert").

Similar motions to convert were filed in the RHB, SoCal, PS, Quality, and RO cases.

On April 15, 2020, as Dk. No. 577, the Court entered an order granting Lead Debtor's Motion to Convert.

Similar orders were entered in the RHB, SoCal, PS, Quality, and RO cases.

Richard A. Marshack is the duly appointed and acting Chapter 7 Trustee ("Trustee") for the bankruptcy estates of RDI, SoCal, Quality, PS, RHB and RO.

### B. Assets Liquidated to Date

On October 9, 2020, as Dk. No. 886, counsel on behalf of Trustee filed a sale motion to sell substantially all assets of all estates and to extend the use of cash collateral with regard to RDI ("All Assets Sale Motion").

On December 16, 2020, as Dk. No. 964, the Court entered an order granting the All Assets Sale Motion as to RDI's 50% interest in Ruby's Diner South Coast Plaza, Ltd ("SCP") to purchaser Steven Craig for the sum of $350,000.

Separately, on January 22, 2021, as Dk. No. 998, the Court entered a further order granting the All Assets Sale Motion as to certain assets of RHB and RO that were sold to purchaser RAV, LLC. Specifically, in RHB the asset sold was the real property lease pursuant to which RHB was the lessee and the City of Huntington Beach was lessor for the sale price of $3,315,300. Moreover, in RO, the asset sold a real property lease pursuant to which RO was the lessee and the City of Oceanside was lessor for a sale price of $984,700.

On April 9, 2021, as Dk. No. 1054, Trustee filed a statement of property sold relating to RDI, RHB, and RO.

On July 14, 2021, as Dk. No. 1111, counsel for Chapter 7 Trustee, filed a motion to approve a compromise and sale of the intellectual property ("IP") of RDI ("IP Sale Motion").

On September 2, 2021, as Dk. No. 1138, the Court entered an order granting Trustee's IP Sale Motion. $2 million of these funds plus specified future royalties are subject to a security interest held by various secured noteholders.

On October 1, 2021, as Dk. No. 1145, Trustee filed a statement of property sold regarding intellectual property.[4]

On May 2, 2022, as Dk. No. No. 1206, special litigation counsel on behalf of Trustee filed a motion to approve compromise ("9019 Motion") relating to the litigation of Directors & Officers of RDI; (2) To authorize payment of contingency fee and costs to special counsel; and (3) to permit payment to the Ruby's Franchise Systems, Inc. estate. The settlement resulted in an immediate cash payment to the RDI estate in the amount of $3,550,000, as well as assistance from defendant-insureds in obtaining further payment from Scottsdale Insurance Company.[5]

On July 20, 2022, as Dk. No. 1236, the Court entered an order granting the 9019 Motion.

**3.    Case Status**

   **A.    Funds on Hand**

Trustee is currently holding $4,231,718.39 of funds on hand[6] of which $2,231,718.38 of which is unencumbered. Marshack Decl. at ¶14. Through this Motion, Trustee seeks to distribute the unencumbered funds as follows:

---

[4] Recoveries totaled $3,000,000; less $24,484.57 in payments previously made directly to DeNovo Legal PC. Upon closing of the transaction on September 15, 2021, Trustee received $2,975,515.43.

[5] Details can be found in 9019 Motion.

[6] Prior to the end of the year, Trustee is endeavoring to make a distribution to secured noteholders pursuant to the procedures approved by the court. *See*, Dk. Nos. 1242, 1243. The funds segregated for payment to the secured noteholders is $2,000,000 (subject to a possible surcharge pursuant to 11 U.S.C. §506(c)). On July 26, 2022, as Dk. No. 1238, counsel for Trustee filed a motion for approval of procedures to confirm the identification of and amounts owed to each secured noteholder ("Procedure Motion"). On August 17, 2022, as Dk. No. 1242, the Court entered an order granting

| CHAPTER 7 ADMIN | Request/Allowed | Proposed Dist | Running Balance |
|---|---|---|---|
| Trustee (pay 70%)[7] | $ 238,656.30 | $ 167,059.41 | |
| Marshack Hays LLP[8] | $ 162,558.21 | $ 162,558.21 | |
| Grobstein Teeple[9] | $ 9,596.73 | $ 9,596.73 | |
| GlassRatner[10] | $ 15,413.00 | $ 15,413.00 | |
| United States Trustee Claim 293[11] | $ 21,526.56 | $,526.56 | |
| Franchise Tax Board (admin. claims 207-208; 2019-20) [12] | $ 1,796.46 | $ 1,796.46 | |
| **Total Chapter 7 Admin** | **$ 449,547.26** | **$ 377,950.37** | **$1,252,049.63** |
| | | | |
| **Ch 11 - 1019 and Wages (80%)** | | | |
| Abraham Olivares - Morongo | $ 1,009.44 | $ 807.55 | |
| Jose Antonio Mendoza - Morongo | $ 2,300.00 | $ 1,840.00 | |
| Beth Whiteside - Palm Springs | $ 2,396.64 | $ 1,917.31 | |
| Raul Velasquez - Palm Springs | $ 4,725.00 | $ 3,780.00 | |
| Steven L. Craig - 1019 Report/Claim | $ 2,066.67 | $ 1,653.34 | |
| | **$ 12,497.75** | **$ 9,998.20** | **$1,242,051.43** |
| | | | |
| **CH 11 Professionals** | | | |
| **Pro-rata distribution** | **17.619%** | | |
| Winthrop Golubow Hollander, LLP("WGH")[13] | $ 862,533.00 | $ 151,967.99 | |
| Force 10[14] | $ 338,123.00 | $ 59,573.23 | |

---

the Procedure Motion.

[7] Application being filed concurrently with this Motion.

[8] Application being filed concurrently with this Motion.

[9] Application filed on October 7, 2022, as Docket No. 1262 and set for hearing on concurrently with this motion.

[10] Application will be filed concurrently with this Motion.

[11] On August 26, 2020, the United States Trustee filed Proof of Claim No. 293-1 in the amount of $21,526.56, for fees under Chapter 123 of Title 28, Unites States Code.

[12] On May 28, 2020, the FTB filed Proof of Claim 207 in the amount of $800 for request for payment of administrative expenses. On May 3, 2022, FTB filed amended Proof of Claim 208-3, in the amount of $996.49 for request for payment of administrative expenses.

[13] On December 17, 2020, as Dk. No. 966, the Court entered an order approving WGH final application for fees and costs, for a total amount of $862,533.22.

[14] On December 17, 2020, as Dk. No. 966, the Court entered an order approving F10's final

| | | | |
|---|---|---|---|
| GlassRatner[15] | $ 865,688.00 | $ 152,523.86 | |
| Donlin (hrg 10/25) [16] | $ 131,266.84 | $ 23,127.65 | |
| Pachulski (hrg 11/1) [17] | $ 4,663,968.08 | $ 821,735.35 | |
| US Foods (per order 6/8/22)[18] | $ 188,000.00 | $ 33,123.35 | |
| | **$ 7,049,578.92** | **$ 1,242,051.43** | **$0.00** |

### B.  Chapter 7 Administrative Professionals

First, Trustee seeks court authorization to pay approximately $377,950.37 to chapter 7 administrative claims, as indicated above.

### C.  Chapter 11 1019 Report Claimants and Employee Wage Claimants

Second, Trustee seeks court authorization to pay approximately $9,998.20 to vendors and certain employees entitled to priority as chapter 11 administrative claimants. By way of background:

On June 14, 2022, as Dk. No. 1222, Pachulski, Stang, Ziehl & Jones ("PSZJ") filed a notice of submission of Chapter 7 Trustee's Schedule of Unpaid Debts of Ruby's Diner, Inc., pursuant to F.R.B.P. 1019(5)(a)(i) ("1019 Report").

On July 11, 2022, as Dk. No. 1226, counsel for Trustee filed a Motion to (1) Set a Bar Date for Filing Administrative Expense Claims, Including Claims Under 11 U.S.C. § 503(B) and (2) Approve the Form, Manner, and Sufficiency of the Notice Thereof ("Bar Date Motion"). The

---

application for fees and costs, for a total amount of $338,123.33.

[15] On May 17, 2022, as Dk. No. 1215, the Court entered an order approving GR's final application for fees and costs, for a total amount of $865,688.

[16] On September 29, 2022, as Dk. No. 1256, Smiley Wang-Ekvall, LLP, counsel for Donlin, Recano & Company, Inc. ("DRC"), filed its motion for allowance and payment of Chapter 11 administrative expense claim of DR&C as claims, noticing and balloting agent for the Debtors in the amount of $131,266.84 for its services as the claims agent in all Debtor cases, and directing payment.

[17] On September 27, 2022, as Dk. No. 1253, PSZJ, filed its application for payment of final fees and/or expenses. PSZJ is request for period of August 29, 2018 through and including April 15, 2020, for a total final award with respect to the (1) RDI representation and fees in the amount of $4,053,170.50 and costs in the amount of $51,495.21; (2) for the SoCal representation and fees in the amount of $547,971.50 and costs in the amount of $11,330.87; along with allowing a priority claim pursuant to a Subordination Agreement.

[18] On May 11, 2022, as Dk. No. 1213, Trustee filed a motion to approve compromise with US Foods. On June 8, 2022, as Dk. No. 1219, the Court entered an order granting the motion to approve compromise with US Foods, Inc.

purpose of the Bar Date Motion was for Trustee to determine all administrative claims that may exist. To that end, the motion sought an order (1) setting an administrative claims bar date of September 30, 2022 ("Bar Date") which bar date applied to all claimants seeking allowance of an administrative expense claim, excluding (a) retained professionals who are currently providing services to the Chapter 7 Trustee; or (b) chapter 11 administrative professionals with entered orders already.[25] On August 25, 2022, as Dk. No. 1249, a notice of setting bar date for filing administrative expense claims under 11 U.S.C. § 503(b) was filed and mailed to all interested parties.

As a result of the 1019 Report, Bar Date Motion, and notices that were served, creditors contacted Trustee with the required information to assert a claim. The chart above is a breakdown of the proposed distribution to these chapter 11 1019 Report Claimants and Employee wage claimants.

### D. Chapter 11 Professionals – Pro Rata Distribution

Thirdly, Trustee has proposed $1,242,051.43 to be distributed on a pro rata share to the Chapter 11 professionals. The chart above is a breakdown of the distribution for the Chapter 11 Professionals Pro Rata Distribution

## 4. Legal Argument

### A. The Court Has Authority to Authorize Interim Distributions to Chapter 7 Professionals, 1019 and Wage Claims, and Chapter 11 Professionals

The Bankruptcy Code imposes a duty upon the Trustee to "collect and reduce to money the property of the estate for which such trustee serves, and close the estate as expeditiously as is compatible with the best interests of parties in interest." 11 U.S.C. § 704(1). The priority and manner of distributions to creditors and parties in interest are set forth in 11 U.S.C. §§ 507 and 726. A trustee is further charged with the duty to pay creditors as expeditiously as possible. "In Chapter 7

---

[25] On August 19, 2022, as Dk. No. 1245, the Court entered an order granting the Bar Date Motion and setting September 30, 2022, as the last day by which potential administrative priority claimants to file and set for hearing a motion seeking allowance of said administrative claim.

cases, dividends to creditors shall be paid as promptly as practicable in the amounts **and at the times as ordered by the court**. Rule 3009 of the Federal Rules of Bankruptcy Procedure. Emphasis added.

The Advisory Committee Note ("Note") to Rule 3009 makes clear that the amounts and times of interim distributions are left to the discretion of the Court. The Note states, in relevant part, "Although the rule leaves to the discretion of the court the amount and times of dividend payments, it recognizes the creditors' rights to as prompt payment as practicable."

### B.    Trustee's Proposed Distributions to Chapter 7 Professionals, 1019 and Wage Claims, and Chapter 11 Professionals Are Reasonable and Should Be Approved by the Court

Bankruptcy courts should authorize interim distributions if a trustee's proposal is reasonable:

> We agree with the Trustee's position that a 20% distribution is appropriate at this time. As discussed above, the Trustee has performed a diligent, extensive analysis concerning the best interests of the Estate and the respective claims at issue. A 25% distribution, as suggested by the Member-Owners/Banks, would be too ambitious at this juncture, particularly in light of voiced concerns regarding the possibility of future administrative and litigation costs.

*In re Energy Cooperative, Inc.*, 173 B.R. 363, 372 (N.D.Ill. 1994).

As set forth above, Trustee believes that making the proposed interim distributions is in the best interest of the Estate. *See* Marshack Dec. at ¶14. Trustee is holding approximately $2.2 million in unencumbered funds. As such, he has more than sufficient funds to pay the approximate $1.3 million in distributions to Chapter 7 Professionals, 1019 and Wage Claims, and Chapter 11 Professionals. Moreover, all claimants have either obtained court approval of their fees or are in the process of doing so such that it is appropriate that these professionals – some of whom have never seen payment – be compensated now.

### C.    Trustee's Proposed Distributions Are Actual, Necessary Costs and Expenses of Preserving the Estate and Should Be Approved by the Court.

After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including—

>> (1)(A) the actual, necessary costs and expenses of preserving the estate including—
>> 
>> (i) wages, salaries, and commissions for services rendered after the commencement of the case

11 U.S.C. 503(b)(1)(A)(i).

Most courts apply a two-part test to determine whether a claim is entitled to administrative expense priority under Section 503(b)(1)(A). *Microsoft Corp. v. DAK Indus., Inc. (In re DAK Indus., Inc.*), 66 F.3d 1091, 1094 (9th Cir. 1995). First, it must arise from a transaction with the bankruptcy estate, and second, it must have directly and substantially benefitted the estate. *Id*. Moreover, wages and for services rendered after the commencement of a case may be paid to employees that could even include an individual debtor. 4 Collier on Bankruptcy P 503.06 (16th 2022). In this case, the vendors and employees that provided valuable services to RDI deserve to be paid on account of their claims. Operating a restaurant entity at any level during a pandemic and while a bankruptcy pending is difficult. Yet, these claimants were up to the task and provided the labor and means necessary for the estate to monetize its assets for the benefit of creditors. Moreover, the proposed distribution to these claimants who properly asserted such claims is under $10,000. As a result payment to these claimants is appropriate.

## 5. Conclusion

Based on the foregoing, Trustee respectfully requests that the Court enter an order:

1. Granting the Motion;

2. Authorizing the Trustee to make interim distributions in the amount of $1,630,000 set forth on Exhibit 1 and as approved by this Court on the fee applications heard concurrently with this Motion;

3. Authorizing the Trustee to immediately disburse funds as set forth herein; and

4. For such other relief as the Court deems just and proper.

Dated: October 11, 2022        MARSHACK HAYS LLP

By: */s/ Laila Masud*
D. EDWARD HAYS
LAILA MASUD
Attorneys for Chapter 7 Trustee,
RICHARD A. MARSHACK

**Declaration of Richard A. Marshack**

I, RICHARD A. MARSHACK, say and declare as follows:

1. I am an individual over 18 years of age and competent to make this declaration.

2. I am the duly appointed, qualified, and acting chapter 7 Trustee ("Trustee") for the bankruptcy estate ("Estate") of Ruby's Diner, Inc., a California corporation, et al. jointly administered on September 5, 2018, as lead case no. 8:18-bk-1331-SC ("Lead Debtor" or "RDI"), with the following associated bankruptcy cases: (a) 8:18-bk-13197-SC – Ruby's SoCal Diners, LLC, a Delaware limited liability company; (b) 8:18-bk-13198-SC - Ruby Quality Diners, LLC., a Delaware limited liability company; (c) 8:18-bk-13199-SC – Ruby's Huntington Beach, Ltd., a California limited partnership ("RHB"); (d) 8:18-bk-13200-SC – Ruby's Laguna Hills, Ltd., a California limited partnership; (e) 8:18-bk-13201-SC – Ruby's Oceanside Ltd., a California limited partnership ("RO"); and (f) 8:18-bk-13202-SC – Ruby's Palm Springs, Ltd., a California limited partnership ("RPS") (collectively with Lead Debtor, referred to as "Debtors").

3. Unless otherwise stated, the facts set forth in this declaration are personally known to me and if called as a witness, I could and would competently testify thereto.

4. All terms not otherwise defined herein are used as they are defined in the Motion.

5. I make this declaration in support of my Motion to Approve Distribution Scheme and Interim Distributions ("Motion").

6. All terms not defined herein are used as they are defined in the Motion.

7. On August 29, 2018, RHB, SoCal, Quality, PS, LH and RO each filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code.

8. On September 5, 2018, RDI filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code. The bankruptcy cases have been ordered jointly administered.

9. On April 10, 2020, as Dk. No. 571, RDI filed a motion to convert case from Chapter 11 to 7 ("Motion to Convert").

10. Similar motions to convert were filed in the RHB, SoCal, PS, Quality and RO cases.

11. On April 15, 2020, as Dk. No. 577, the Court entered an order granting Lead Debtor's Motion to Convert. Similar orders were entered in the RHB, SoCal, PS, Quality and RO cases.

12. I am the duly appointed and acting Chapter 7 Trustee ("Trustee") for the bankruptcy estates of RDI, RHB and RO.

13. Through this Motion, I seek authority to disburse $1,630,000 as set forth on the proposed distribution report attached hereto as Exhibit "1."

14. I am currently holding $4,231,718.39 in funds[19] of which $2,231,718.38 of which is unencumbered in the Estate's bank account and will keep a reserve of approximately $601,000. I believe it is in the best interests of creditors to make a distribution to creditors. Importantly, I believe the amounts specified were reasonable and necessary for an effective and efficient administration of the bankruptcy estate.

I declare under penalty of perjury that the foregoing is true and correct. Executed on October 10, 2022.

RICHARD A. MARSHACK

---

[19] $2,000,000 of these funds are segregated for payment to the secured noteholders (subject to a possible surcharge pursuant to 11 U.S.C. §506(c)).

EXHIBIT 1

|  | RDI |  | $1,630,000 |
|---|---|---|---|
|  |  |  |  |
| **CHAPTER 7 ADMIN** | Request/Allowed | Proposed Dist | Running Balance |
| Trustee (pay 70%) | $ 238,656.30 | $ 167,059.41 |  |
| MH | $ 162,558.21 | $ 162,558.21 |  |
| GT | $ 9,596.73 | $ 9,596.73 |  |
| B Riley | $ 15,413.00 | $ 15,413.00 |  |
| UST Claim 293 | $ 21,526.56 | $ 21,526.56 |  |
| FTB (admin claims 207-208; 2019-20) | $ 1,796.46 | $ 1,796.46 |  |
| **Total Chapter 7 Admin** | $ 449,547.26 | $ 377,950.37 | $1,252,049.63 |
|  |  |  |  |
| **Ch 11 - 1019 and Wages (80%)** |  |  |  |
|  |  |  |  |
| Abraham Olivares - Morongo | $ 1,009.44 | $ 807.55 |  |
| Jose Antonio Mendoza - Morongo | $ 2,300.00 | $ 1,840.00 |  |
| Beth Whiteside - Palm Springs | $ 2,396.64 | $ 1,917.31 |  |
| Raul Velasquez - Palm Springs | $ 4,725.00 | $ 3,780.00 |  |
| Steven L. Craig - 1019 Report/Claim | $ 2,066.67 | $ 1,653.34 |  |
|  | $ 12,497.75 | $ 9,998.20 | $1,242,051.43 |
|  |  |  |  |
| **CH 11 Professionals** |  |  |  |
| **Pro-rata distribution** | 17.619% |  |  |
| WGH | $ 862,533.00 | $ 151,967.99 |  |
| F10 | $ 338,123.00 | $ 59,573.23 |  |
| GR | $ 865,688.00 | $ 152,523.86 |  |
| Donlin (hrg 10/25) | $ 131,266.84 | $ 23,127.65 |  |
| Pachulski (hrg 11/1) | $ 4,663,968.08 | $ 821,735.35 |  |
| US Foods (per order 6/8/22) | $ 188,000.00 | $ 33,123.35 |  |
|  | $ 7,049,578.92 | $ 1,242,051.43 | $0.00 |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
870 Roosevelt, Irvine, CA 92620.

A true and correct copy of the foregoing document entitled: **CHAPTER 7 TRUSTEE'S MOTION TO APPROVE DISTRIBUTION SCHEME AND INTERIM DISTRIBUTIONS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF RICHARD A. MARSHACK IN SUPPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **October 11, 2022**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On **October 11, 2022**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

> **MAIL REDIRECTED TO TRUSTEE**
> **DEBTOR**
> RUBY'S DINER, INC., A CALIFORNIA CORPORATION
> ~~4100 MACARTHUR BLVD. STE 310~~
> ~~NEWPORT BEACH, CA 92660-2050~~

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **October 11, 2022**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**VIA PERSONAL DELIVERY:**
**PRESIDING JUDGE'S COPY**
HONORABLE SCOTT C. CLARKSON
UNITED STATES BANKRUPTCY COURT, CENTRAL DISTRICT OF CALIFORNIA
RONALD REAGAN FEDERAL BUILDING AND COURTHOUSE
411 WEST FOURTH STREET, 5-097
SANTA ANA, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| October 11, 2022 | Cynthia Bastida | */s/ Cynthia Bastida* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

4856-6000-3640, v. 1

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: CONTINUED:
   - **ATTORNEY FOR OTHER PROFESSIONAL DONLIN RECANO & COMPANY, INC.:** Kyra E Andrassy kandrassy@swelawfirm.com, lgarrett@swelawfirm.com; gcruz@swelawfirm.com; jchung@swelawfirm.com
   - **ATTORNEY FOR INTERESTED PARTY DOUGLAS CAVANAUGH and INTERESTED PARTY RALPH KOSMIDES:** Leo A Bautista leo.bautista@lewisbrisbois.com, Sondra.Sweeney@lewisbrisbois.com
   - **ATTORNEY FOR PLAINTIFF TRUSTEE RICHARD A MARSHACK (TR):** Christopher Dale Beatty cbeatty@millerbarondess.com, aransom@millerbarondess.com, docket@millerbarondess.com, jvogel@millerbarondess.com
   - **ATTORNEY FOR DEFENDANT BEACHCOMBER AT CRYSTAL COVE LLC and DEFENDANT SHAKE SHACK CRYSTAL COVE LLC:** Stephen C Biggs sbiggs@smith-lc.com, kdavenport@smith-lc.com
   - **ATTORNEY GEORGE B BLACKMAR**: George B Blackmar gblackmar@bpslaw.net
   - **ATTORNEY FOR CREDITOR STAR-WEST PARKWAY MALL, LP:** Dustin P Branch branchd@ballardspahr.com, carolod@ballardspahr.com; hubenb@ballardspahr.com
   - **INTERESTED PARTY COURTESY NEF:** Jeffrey W Broker jbroker@brokerlaw.biz
   - **ATTORNEY FOR INTERESTED PARTY PETER MASTAN:** Christopher Celentino chris.celentino@dinsmore.com, caron.burke@dinsmore.com
   - **ATTORNEY FOR INTERESTED PARTY DOUGLAS CAVANAUGH and INTERESTED PARTY RALPH KOSMIDES:** Carol Chow carol.chow@ffslaw.com, easter.santamaria@ffslaw.com
   - **ATTORNEY FOR DEFENDANT BEACHCOMBER AT CRYSTAL COVE LLC and DEFENDANT SHAKE SHACK CRYSTAL COVE LLC:** John S Clifford jclifford@smith-lc.com
   - **ATTORNEY FOR INTERESTED PARTY DOUGLAS CAVANAUGH and INTERESTED PARTY RALPH KOSMIDES:** David P Crochetiere dcrochetiere@bautelaw.com, hwells@bautelaw.com
   - **ATTORNEY FOR INTERESTED PARTY PETER MASTAN:** Ashleigh A Danker adanker731@gmail.com
   - **ATTORNEY FOR CREDITOR US FOODS, INC:** Aaron Davis aaron.davis@bryancave.com, kat.flaherty@bryancave.com
   - **INTERESTED PARTY COURTESY NEF:** Caroline Djang cdjang@buchalter.com, docket@buchalter.com; lverstegen@buchalter.com
   - **ATTORNEY FOR CREDITOR SAN DIEGO COUNTY TREASURER-TAX COLLECTOR:** Laura E Dolan laura.blome@sdcounty.ca.gov, odette.ortega@sdcounty.ca.gov; kristen.howard@sdcounty.ca.gov
   - **ATTORNEY ALAN FRIEDMAN and ATTOREY FOR CREDITOR STEVEN L CRAIG:** Alan J Friedman afriedman@shulmanbastian.com, lgauthier@shulmanbastian.com
   - **ATTORNEY FOR INTERESTED PARTY RUBY'S FANCHISE SYSTEMS, INC., A CALIFORNIA CORPORATION:** Eric J Fromme efromme@tocounsel.com, stena@tocounsel.com
   - **ATTORNEY FOR INTERESTED PARTY DOUGLAS CAVANAUGH and INTERESTED PARTY RALPH KOSMIDES:** Maria L Garcia Maria.L.Garcia@lewisbrisbois.com, Nancy.jasso@lewisbrisbois.com
   - **ATTORNEY FOR CREDITOR COMMITTEE WINTHROP COUCHOT GOLUBOW HOLLANDER LLP:** Alastair M Gesmundo agesmundo@wghlawyers.com, jmartinez@wghlawyers.com
   - **ATTORNEY FOR CREDITOR COMMITTEE WINTHROP COUCHOT GOLUBOW HOLLANDER LLP:** Richard H Golubow rgolubow@wghlawyers.com, jmartinez@wghlawyers.com; svillegas@wghlawyers.com
   - **INTERESTED PARTY COURTESY NEF:** David M Goodrich dgoodrich@go2.law, kadele@wgllp.com; lbracken@wgllp.com; wgllp@ecf.courtdrive.com; gestrada@wgllp.com
   - **INTERESTED PARTY COURTESY NEF:** Steven T Gubner sgubner@bg.law, ecf@bg.law
   - **ATTORNEY FOR CREDITOR OPUS BANK:** David M. Guess dguess@buchalter.com, david-guess-9268@ecf.pacerpro.com
   - **ATTORNEY FOR U.S. TRUSTEE UNITED STATES TRUSTEE (SA):** Michael J Hauser michael.hauser@usdoj.gov
   - **ATTORNEY FOR TRUSTEE RICHARD A MARSHACK (TR):** D Edward Hays ehays@marshackhays.com, ehays@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com; cmendoza@marshackhays.com; cmendoza@ecf.courtdrive.com
   - **ATTORNEY FOR CREDITOR MARVI LAND:** Samy Henein samyhenein@aol.com, az@suppalaw.com
   - **ATTORNEY FOR CREDITOR COMMITTEE WINTHROP COUCHOT GOLUBOW HOLLANDER LLP:** Garrick A Hollander ghollander@wghlawyers.com, jmartinez@wghlawyers.com; svillegas@wghlawyers.com
   - **ATTORNEY FOR OTHER PROFESSIONAL DONLIN RECANO & COMPANY, INC.:** Lillian Jordan nefrecipients@donlinrecano.com, rmapa@donlinrecano.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                              F 9013-3.1.PROOF.SERVICE

4856-6000-3640, v. 1

- **ATTORNEY FOR CREDITOR STEVEN L CRAIG:** Rika Kido rkido@shulmanbastian.com, avernon@shulmanbastian.com
- **INTERESTED PARTY COURTESY NEF:** David S Kupetz David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com
- **ATTORNEY FOR PACHULSKI STANG ZIELH & JONES LLP, CREDITOR OPUS BANK, DEBTOR RUBY'S DINER, INC., A CALIFORNIA CORPORATION; DEBTOR RUBY'S HUNTINGTON BEACH, LTD., A CALIFORNIA LIMITED PARTNERSHIP; DEBTOR'S RUBY'S LAGUNA HILLS, LTD., A CALIFORNIA LIMITED PARTNERSHIP; DEBTOR RUBY'S OCEANSIDE LTD., A CALIFORNIA LIMITED PARTNERSHIP; DEBTOR RUBY'S PALM SPRINGS, LTD., A CALIFORNIA LIMITED PARTNERSHIP; DEBTOR RUBY'S QUALITY DINERS, LLC, A DELAWARE LIMITED LIABILITLY COMPANY; DEBTOR RUBY'S SOCAL DINERS, LLC, A DELAWARE LIMITED LIABILITY COMPANY:** William N Lobel wlobel@tocounsel.com, stena@tocounsel.com; sschuster@tocounsel.com
- **ATTORNEY FOR TRUSTEE RICHARD A MARSHACK (TR):** Tinho Mang tmang@marshackhays.com, tmang@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com; cmendoza@ecf.courtdrive.com
- **ATTORNEY FOR INTERESTED PARTY CASBURE MANAGEMENT, LLC:** Craig G Margulies Craig@MarguliesFaithlaw.com, Vicky@MarguliesFaithlaw.com; Helen@MarguliesFaithlaw.com; Angela@MarguliesFaithlaw.com
- **TRUSTEE RICHARD A MARSHACK (TR):** Richard A Marshack (TR) pkraus@marshackhays.com, rmarshack@iq7technology.com; ecf.alert+Marshack@titlexi.com
- **ATTORNEY FOR CREDITOR FAMILY TREE PRODUCE, INC.; CREDITOR SUNRISE PRODUCE, INC.; AND INTERESTED PARTY LOWEY ENTERPRISES dba SUNRISE PRODUCE, A CALIFORNIA CORPORATION:** Robert S Marticello Rmarticello@swelawfirm.com, gcruz@swelawfirm.com; lgarrett@swelawfirm.com; jchung@swelawfirm.com
- **ATTORNEY FOR TRUSTEE RICHARD A MARSHACK:** Laila Masud lmasud@marshackhays.com, lmasud@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com
- **ATTORNEY FOR CREDITOR OPUS BANK:** Jessica G McKinlay mckinlay.jessica@dorsey.com
- **ATTORNEY FOR INTERESTED PARTY PILLSBURY WINTHROP SHAW PITTMAN LLP:** Malcolm D Minnick dminnick@pillsburylaw.com, m.minnick@comcast.net
- **INTERESTED PARTY COURTESY NEF:** Aviram Edward Muhtar aviram.muhtar@lewisbrisbois.com, Nancy.Jasso@lewisbrisbois.com
- **ATTORNEY FOR DEBTOR RUBY'S DINER, INC., A CALIFORNIA CORPORATION:** Jeffrey P Nolan jnolan@pszjlaw.com
- **ATTORNEY FOR CREDITOR THE IRVINE COMPANY:** Ernie Zachary Park ernie.park@bewleylaw.com
- **ATTORNEY FOR CREDITOR GRIT DEVELOPMENT, AGENT FOR PLAZA MERCADO, LLC:** Thomas J Polis tom@polis-law.com, paralegal@polis-law.com; r59042@notify.bestcase.com
- **INTERESTED PARTY COURTESY NEF:** Todd C Ringstad becky@ringstadlaw.com, arlene@ringstadlaw.com
- **ATTORNEY FOR INTERESTED PARTY CASBURE MANAGEMENT, LLC:** Samuel A Schwartz saschwartz@nvfirm.com, ECF@nvfirm.com
- **ATTORNEY FOR DEFENDANT BEACHCOMBER AT CRYSTAL COVE LLC and DEFENDANT SHAKE SHACK CRYSTAL COVE LLC:** Steven C Smith ssmith@smith-lc.com, kcanaan@smith-lc.com
- **INTERESTED PARTY COURTESY NEF:** Valerie Smith claims@recoverycorp.com
- **ATTORNEY FOR TRUSTEE RICHARD A MARSHACK (TR):** Kristine A Thagard kthagard@marshackhays.com, kthagard@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com
- **UNITED STATES TRUSTEE (SA):** United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov
- **ATTORNEY FOR CREDITOR PILLSBURY WINTHROP SHAW PITTMAN LLP:** Matthew S Walker matthewswalker1@gmail.com, renee.evans@pillsburylaw.com,
- **ATTORNEY FOR CREDITOR CITY OF HUNTINGTON BEACH:** Corey R Weber cweber@bg.law, ecf@bg.law
- **ATTORNEY FOR CREDITOR US FOODS, INC.:** Sharon Z. Weiss sharon.weiss@bclplaw.com, raul.morales@bclplaw.com, REC_KM_ECF_SMO@bclplaw.com
- **INTERESTED PARTY COURTESY NEF:** Christopher K.S. Wong christopher.wong@afslaw.com, yvonne.li@arentfox.com
- **ATTORNEY FOR CREDITOR PILLSBURY WINTHROP SHAW PITTMAN LLP:** Claire K Wu claire.wu@pillsburylaw.com, irene.hooper@pillsburylaw.com; docket@pillsburylaw.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                                              **F 9013-3.1.PROOF.SERVICE**

4856-6000-3640, v. 1