| Fill in this information to identify the case: | | | FILED |
|---|---|---|---|

**Debtor 1**  Ruby's Diner, LLC
             First Name        Middle Name        Last Name

**Debtor 2**
(Spouse, if filing) First Name    Middle Name        Last Name

United States Bankruptcy Court for the Central District of California

Case number:  8:18-bk-13311-SC

FILED
APR 15 2025
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:                          Deputy Clerk

---

Form 1340 (12/23)

## APPLICATION FOR PAYMENT OF UNCLAIMED FUNDS

### 1.  Claim Information

For the benefit of the Claimant(s)[1] named below, application is made for the payment of unclaimed funds on deposit with the court. I have no knowledge that any other party may be entitled to these funds, and I am not aware of any dispute regarding these funds.

Note: If there are joint Claimants, complete the fields below for both Claimant

| Amount: | $6,544.60 |
|---|---|
| Claimant's Name: | Adams & Cohen, LLC as Assignee of The Estate of Ronald R Panico |
| Claimant's Current Mailing Address, Telephone Number, and Email Address: | P O Box 2784<br>Auburn, AL 36831<br>Tel.: 334-246-0642<br>Email: admin@adamscohen.com |

### 2.  Claimant Information

Applicant[2] represents the following:

[  ]  The Claimant is the Owner of Record[3] entitled to the unclaimed funds appearing on the records of the court.

[X]  The Claimant (Successor Claimant) is entitled to the unclaimed funds by transfer, assignment, purchase, merger, acquisition, or succession by other means, and below are the name(s) of the Owner of Record and all previous owner(s) of the claim:
Ronald R & Patty J Panico

[  ]  If the Claimant is a Successor Claimant, Applicant has sent a copy of the application to the Owner of Record and all other previous owner(s) of the claim at their current address or Applicant has enclosed a statement explaining why Applicant was not able to do so or an explanation of why doing so is not necessary.

### 3.  Applicant Information

Applicant represents the following:

[X]  Applicant is the Claimant.
[  ]  Applicant is Claimant's representative (e.g., attorney or unclaimed funds locator).
[  ]  Applicant is a representative of the deceased Claimant's estate.

---

[1] The Claimant is the party entitled to the unclaimed funds.
[2] The Applicant is the party filing the application. The Applicant and Claimant may be the same.
[3] The Owner of Record is the original payee.

**4.  Supporting Documentation**

[X]  Applicant has read the court's instructions for filing an Application for Unclaimed Funds and is providing the required supporting documentation with this application.

**5.  Notice to United States Attorney**

[X]  Applicant has sent a copy of this application and supporting documentation to the United States Attorney, pursuant to 28 U.S.C. § 2042, at the following address:

Office of the United States Attorney
Central District of California
*Civil Process Clerk-Federal Building*
*300 North Los Angeles Street, Room 7516*
*Los Angeles, CA 90012*

| 6. Applicant Declaration | 6. Co-Applicant Declaration (if applicable) |
|---|---|
| Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and any fraud in the application or supplemental materials may result in criminal penalties, see, e.g, 18 U.S.C. § 152. | Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and any fraud in the application or supplemental materials may result in criminal penalties, see, e.g. 18 U.S.C. § 152. |
| Date: April 1, 2025 | Date: |
| _____ | _____ |
| Signature of Applicant | Signature of Co-Applicant (if applicable) |
| Jairo Camargo for Adams & Cohen, LLC | |
| Printed Name of Applicant | Printed Name of Co-Applicant (if applicable) |
| Address: P O Box 2784<br>Auburn, AL 36831 | Address: |
| Telephone:  334-246-0642 | Telephone: |
| Email: admin@adamscohen.com | Email: |

**7.  Notarization**

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF Alabama _____

COUNTY OF Tallapoosa _____

This Application for Unclaimed Funds, dated ___4/1/25___ was subscribed and sworn to (or affirmed) before me on this _1st_ day of April _____, 20 _25_ by

Jairo Camargo _____

who proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

(SEAL)          Notary Public Sheeia leutin

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

In Re: Ruby's Diner, Inc.                    )        Case No.: 8:18-bk-13311-SC
                                             )
                                             )
                                             )        Chapter 7
           Debtor(s)                         )
                                             )
_____)

**AFFIDAVIT OF EDY PANICO'S IDENTITY VERIFICATION**

I, Jairo Camargo, Managing Partner of Adams & Cohen, LLC state the following:

   (1) I have attached Ms. Edy Panico's current Driver's License to this Application.

   (2) Her identity was also verified by the State of California notary, when her Assignment
       was notarized.

The above statement is the truth to the best of my knowledge.

Dated: 4-1-25

                                             _____
                                             Jairo Camargo, Managing Partner
                                             Adams & Cohen, LLC
                                             P O Box 2784
                                             Auburn, AL 36831
                                             Tel.: 334-246-0642

State of Alabama
Tallapoosa County

SWORN and SUBSCRIBED before me on 4/1/2025 .

_____  My Commission Expires: March 21, 2028
State of Alabama Notary Public

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

In Re: Ruby's Diner, Inc.                          )          Case No.: 8:18-bk-13311-SC
                                                   )
                                                   )
                                                   )          Chapter 7
            Debtor(s)                              )
                                                   )
_____)

### CERTIFICATE OF SERVICE

I hereby certify that on ___4-1-25___, I mailed a copy of this foregoing Application and
all the attachments via U. S. Postal Service to the following:

Office of the U. S. Attorney                       Office of the U. S. Trustee
Federal Building, Room 7516 300                    915 Wilshire Blvd., Suite 1850
North Los Angeles Street                           Los Angeles, CA 90017
Los Angeles, CA 90012

U. S. Trustee
Richard A Marshack
870 Roosevelt
Irvine, CA 92620

Ruby's Diner, Inc. (Debtor)                        Leo A Batista (Debtor's Attorney)
4100 MacArthur Blvd., Suite 310                    633 W 5th Street, Suite 4000
Newport Beach, CA 92660                            Los Angeles, CA 90071

Vincent Panico (The Estate of Patty Panico)        Edy Panico (The Estate of Ronald Panico)
2973 Harbor Blvd., Box 167                          1715 San Benito Drive
Costa mesa, CA 92626                               Hemet, CA 92543

Dated: _4-1-25_

                                                   Jairo Camargo, Managing Partner
                                                   Adams & Cohen, LLC
                                                   P O Box 2784
                                                   Auburn, AL 36831
                                                   Tel.: 334-246-0642

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

In Re: Ruby's Diner, Inc.                    )        Case No.: 8:18-bk-13311-SC
                                             )
                                             )
                                             )        Chapter 7
            Debtor(s)                        )
                                             )
_____)

### STATEMENT

The total of the unclaimed funds filed by the Trustee for Ronald and Patty Panico is $13,089.19.

We are filing this Application on behalf of the Estate of Ronald Panico for half the amount of the unclaimed funds because of the following facts:

(1) Ms. Patty Panico passed away on February 16, 2011. See attached copy of death certificate.

(2) At the time of her death Ms. Panico was married to Ronald Panico, joint-claimant.

(3) Mr. Ronald Panico then married Edy Panico.

(4) Mr. Panico passed away on February 26, 2022. See attached copy of death certificate.

(5) At the time of his death he was married to Edy Panico, current Claimant.

(6) Mr. Vincent Patino, Mr. Ronald & Patty Panico's only child will be claiming the other half of the unclaimed funds on behalf of the Estate of his mother, Patty Panico.

(7) We will file Mr. Vincent Panico's Application as soon as we receive the claim forms from him.

I certify that the above statement is the truth to the best of my knowledge.

Dated: 4-1-25

                                    Jairo Camargo, Managing Partner
                                    Adams & Cohen, LLC
                                    P O Box 2784
                                    Auburn, AL 36831
                                    Tel.: 334-246-0642

## ASSIGNMENT

This Assignment Agreement ("Agreement") is entered into on this 27 day of March, 2025 by and between **Edy Panico, Surviving Spouse and beneficiary of the Estate of Ronald R Panico, 8038 Hazeltine Lane, Hemet, CA 92545 ("Assignor")** and **Adams & Cohen, LLC, an Alabama Limited Liability Company, 2100 Southbridge Pkwy, Suite 650, Birmingham, AL 35209 ("Assignee").**

1. Assignor is/ was a creditor in Bankruptcy Case # 8:18-13311 Debtor(s): Ruby's Diner, Inc. and was filed in U. S. Bankruptcy Court of the Central District of California ("Bankruptcy Case"). In his/ her capacity as creditor, Assignor was entitled to a distribution of funds in the amount of $6,544.60 ("Funds"), which remittance was attempted by the Trustee at the Assignor's last known address. Such remittance was never negotiated, however, and pursuant to Federal Rule of Bankruptcy Procedure 3011 and 11 U.S.C. 347, the trustee remitted the funds to the Clerk of the Court for payment on to the Registry of Unclaimed Funds. Such Funds are subject to withdrawal as provided by 28 U.S.C. 2042.

2. Rather than attempting to collect the Funds- and in an effort to both save the expense of such a collection, as well as to expedite the liquidating of their interest in the Funds- Assignor desires to legally assign his/ her interest in such Funds and Assignee desires to purchase and obtain such interest in the Funds. Therefore, with both parties being of sound mind, and operating in the manner in which they deem to be in their mutual best interest, Assignor shall convey all rights, title and interest that Assignor has in the Funds and the Claim which generated same, and Assignee shall purchase all rights, title and interest that Assignor has in the funds and such Claim as generated same.

3. For Good and valuable consideration, the Assignor does hereby irrevocably transfer and assign to Assignee and assigns, all of his/ her rights, title and interest to Assignee in reference to this Claim/ Funds.

4. **Consideration:** The consideration herein given by Assignee to Assignor shall be the sum of $4,363.07, which sum shall be remitted to Assignor. A check will be issue to the Assignor for the amount stated above in this paragraph when the unclaimed funds are approved. Assignor will receive 100% of any additional funds.

5. This assignment shall be deemed an absolute and unconditional assignment of Claim for the purpose of collection and satisfaction and shall not be deemed to create a security interest.

6. Assignor represents and warrants to Assignee that no payment or other distribution has been received by or on behalf of Assignor in full or partial satisfaction of the assigned rights; that Assignor has not previously sold or assigned the rights, in whole or in part, to any party.

7. Assignor hereby irrevocably appoints Assignee, Adams & Cohen, LLC, as its true and lawful attorney-in-fact to act in Assignor's stead with respect to the Claim/ Funds assigned.

8. This Agreement constitutes the entire agreement and understanding between the parties with respect to the subject matter above.

IN WITNESS WHEHEOF, the undersigned have duly executed this Agreement by their duly authorized representatives as of the above Date of this Agreement.

ASSIGNOR: Edy Panico

Signature: Edy Panico

ASSIGNEE: Jairo Camargo for Adams & Cohen, LLC

Signature: Jairo Camargo

Sworn and Subscribed before me on this
_____ day of _____, 2025.

_____
Notary Public

— See attached jurat —
(JO) 3/28/2025

**CALIFORNIA JURAT WITH AFFIANT STATEMENT**                    GOVERNMENT CODE § 8202

☒ See Attached Document (Notary to cross out lines 1–6 below)
☐ See Statement Below (Lines 1–6 to be completed only by document signer[s], not Notary)

1 _____

2 _____

3 _____

4 _____

5 _____

6 _____

_____          _____
*Signature of Document Signer No. 1*          *Signature of Document Signer No. 2 (if any)*

---

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

---

State of California

County of RIVERSIDE

Subscribed and sworn to (or affirmed) before me

on this __27__ day of __MARCH__ , 20 __25__
by          *Date*          *Month*          *Year*

(1) EDU PANICO

(and (2) _____ ),
                    *Name(s) of Signer(s)*

proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

JENNIFER CASTO
Notary Public - California
Riverside County
Commission # 2413129
My Comm. Expires Aug 17, 2026

Signature _____
                    *Signature of Notary Public*

*Place Notary Seal and/or Stamp Above*

---

──────────── OPTIONAL ────────────

*Completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document.*

**Description of Attached Document**

Title or Type of Document: Adams & Cohen Notice of Assignment

Document Date: 3/27/25                    Number of Pages: 1

Signer(s) Other Than Named Above: N/A

---

©2019 National Notary Association

M1304-08 (09/19)

# ADAMS & COHEN

---

## NOTICE OF ASSIGNMENT

For good and valuable consideration, receipt of which is hereby acknowledged, the undersigned, **Edy Panico, Surviving Spouse and beneficiary of the Estate of Ronald R Panico** ("Assignor") hereby assigns, conveys, and transfers over and unto Adams & Cohen, LLC ("Assignee"), any and all of right, title, and interest in and to the below reference claim/ funds:

The Assigned claim/ funds:

| | |
|---|---|
| Court: | U.S. Bankruptcy Court Central District of California |
| Debtor(s); | Ruby's Diner, Inc. |
| Case Number: | 8:18-13311 |
| Claim #: | No Claim Number (Scheduled Secured Claim) |

CLAIM IS ASSIGN "AS IS", WHERE IS" WITH NO WARRANTIES OR REPRESENTATIONS WHATSOEVER, EXCEPT AS EXPRESSLY PROVIDED IN THE ASSIGNMENT AGREEMENT, INCLUDING, WITHOUT LIMITATION, WARRANTIES OF MERCHANT ABILITY OR FITNESS FOR A PARTICULAR PURPOSE.

IN WITNESS WHEREOF, the parties hereto have caused this notice of assignment to be executed as of: 3-27-25

Signature; Edy Panico

---

*2100 Southbridge Parkway, Suite 650*
*Birmingham, AL 35209*
*Email admin@adamscohen.com*

*Tel 334.246.0642*
*Fax 888.978.2226*
*Text Number 305.788.9772*

# COUNTY OF RIVERSIDE
### RIVERSIDE, CALIFORNIA
### CERTIFICATE OF DEATH

STATE FILE NUMBER: 3052022056393
LOCAL REGISTRATION NUMBER: 3202233003697

| 1. NAME OF DECEDENT—FIRST (Given) | 2. MIDDLE | 3. LAST (Family) |
|---|---|---|
| RONALD | ROY | PANICO |

AKA, ALSO KNOWN AS —

| 4. DATE OF BIRTH mm/dd/ccyy | 5. AGE Yrs. | 6. SEX |
|---|---|---|
| 1936 | 85 | M |

7. DATE OF DEATH: 2022  | HOUR: 1120

| 8. BIRTH STATE/FOREIGN COUNTRY | 9. SOCIAL SECURITY NUMBER | 10. EVER IN U.S. ARMED FORCES? | 11. MARITAL STATUS |
|---|---|---|---|
| WV | ...5612 | [X] YES  NO | MARRIED |

| 12. EDUCATION | 13. WAS DECEDENT HISPANIC/LATINO/SPANISH? | 14. RACE |
|---|---|---|
| BACHELOR | NO [X] | CAUCASIAN |

| 15. USUAL OCCUPATION | 16. KIND OF BUSINESS | 17. YEARS IN OCCUPATION |
|---|---|---|
| DISTRICT MANAGER | TELECOMMUNICATIONS | 35 |

| 19. DECEDENT'S RESIDENCE (Street and number, or location) |
|---|
| 513 GARCIA DRIVE |

| 20. CITY | 21. COUNTY/PROVINCE | 22. ZIP CODE | 23. YEARS IN COUNTY | 24. STATE/FOREIGN COUNTRY |
|---|---|---|---|---|
| HEMET | RIVERSIDE | 92545 | 9 | CA |

| 25. INFORMANT'S NAME, RELATIONSHIP | 26. INFORMANT'S MAILING ADDRESS (Street and number or rural route number, city or town, state and zip) |
|---|---|
| EDY PANICO, SPOUSE | 513 GARCIA DRIVE, HEMET, CA 92545 |

| 27. NAME OF SURVIVING SPOUSE—FIRST | 28. MIDDLE | 29. LAST (BIRTH NAME) |
|---|---|---|
| ETHEL | ELAINE | MCREE |

| 30. NAME OF FATHER/PARENT—FIRST | 31. MIDDLE | 32. LAST | 33. BIRTH STATE |
|---|---|---|---|
| JOHN | | PANICO | ITALY |

| 34. NAME OF MOTHER/PARENT—FIRST | 35. MIDDLE | 36. LAST (BIRTH NAME) | 37. BIRTH STATE |
|---|---|---|---|
| FRANCES | | DILICATI | ITALY |

| 38. DISPOSITION DATE mm/dd/ccyy | 39. PLACE OF FINAL DISPOSITION |
|---|---|
| 03/07/2022 | RIVERSIDE NATIONAL CEMETERY 22495 VAN BUREN BLVD, RIVERSIDE, CA 92518 |

| 40. TYPE OF DISPOSITION(S) | 42. SIGNATURE OF EMBALMER | 43. LICENSE NUMBER |
|---|---|---|
| CREMATE/BURIAL | NOT EMBALMED | |

| 44. NAME OF FUNERAL ESTABLISHMENT | 45. LICENSE NUMBER | 46. SIGNATURE OF LOCAL REGISTRAR | 47. DATE mm/dd/ccyy |
|---|---|---|---|
| TRIDENT SOCIETY | FD1902 | GEOFFREY LEUNG, M.D., Ed.M | 03/07/2022 |

| 101. PLACE OF DEATH | 102. IF OTHER THAN HOSPITAL, SPECIFY ONE |
|---|---|
| HEMET GLOBAL MEDICAL CENTER | |

| 103. COUNTY | 104. FACILITY ADDRESS OR LOCATION WHERE FOUND (Street and number, or location) | CITY |
|---|---|---|
| RIVERSIDE | 1117 E DEVONSHIRE AVE | HEMET |

| 107. CAUSE OF DEATH | Approximate interval: Onset to death |
|---|---|
| IMMEDIATE CAUSE (A) ACUTE RESPIRATORY FAILURE | DAYS |
| (B) CHRONIC INFLAMMATORY LUNG DISEASE | YRS |
| (C) | |

| 112. OTHER SIGNIFICANT CONDITIONS CONTRIBUTING TO DEATH BUT NOT RESULTING IN THE UNDERLYING CAUSE GIVEN IN 107 |
|---|
| CHRONIC HEART FAILURE |

| 113. WAS AN AUTOPSY PERFORMED? | NO |
|---|---|

| 115. I CERTIFY... DEATH OCCURRED... | 116. SIGNATURE AND TITLE OF CERTIFIER | 118. LICENSE NUMBER | 117. DATE mm/dd/ccyy |
|---|---|---|---|
| | LYSA THI HO, DO | 20A17607 | 03/07/2022 |

| 119. DATES | 120. ATTENDING PHYSICIAN'S NAME, MAILING ADDRESS |
|---|---|
| 02/26/2022 — 02/26/2022 | LYSA THI HO, DO  1117 E DEVONSHIRE AVE, HEMET, CA 92543 |

| 121. MANNER OF DEATH | Natural | 122. INJURED AT WORK? | 123. INJURY DATE mm/dd/ccyy | 123. HOUR |
|---|---|---|---|---|

| 133. PLACE OF INJURY |
|---|

| 134. DESCRIBE HOW INJURY OCCURRED |
|---|

| 135. LOCATION OF INJURY (Street and number or location, and city and zip) |
|---|

| 136. SIGNATURE OF CORONER / DEPUTY CORONER | 137. DATE mm/dd/ccyy | 138. TYPE NAME, TITLE OF CORONER / DEPUTY CORONER |
|---|---|---|

| STATE REGISTRAR | A | B | C | D | FAX AUTH # | CENSUS TRACT |
|---|---|---|---|---|---|---|

## CERTIFIED COPY OF VITAL RECORD

STATE OF CALIFORNIA
COUNTY OF RIVERSIDE } SS.

This is a true and exact reproduction of the document officially registered and placed on file by the Riverside University Health System, Department of Public Health.

* 002069639 *

DATE ISSUED  **Apr 11, 2022**

Dr. Geoffrey Leung, M.D., Ed.M., County Health Officer
RIVERSIDE COUNTY, CALIFORNIA

This copy is not valid unless prepared on an engraved border, displaying the date, seal, and signature of the Registrar.

ANY ALTERATION OR ERASURE VOIDS THIS CERTIFICATE



# RONALD AND EDY PANICO REVOCABLE TRUST OF 7-1-2020

## TABLE OF CONTENTS

I.  TRUST FORMATION ........................................................................................................... 2

II.  DISTRIBUTION OF INCOME AND PRINCIPAL DURING TRUSTORS' LIFETIME .......................................... 2

III.  TRUST REVOCABLE BY TRUSTORS ............................................................................................. 4

IV.  POWERS OF TRUSTEES ........................................................................................................... 4

V.  TRUST DISTRIBUTIONS UPON DEATH OF TRUSTORS ...................................................................... 7

VI.  MAXIMUM PERIOD OF TRUST TERM ......................................................................................... 9

VII.  ANTICIPATION AND ASSIGNMENT PROHIBITED ........................................................................... 9

VIII.  SUCCESSOR TRUSTEES ........................................................................................................ 10

IX.  GOVERNING LAW .................................................................................................................. 11

SCHEDULE "A" ............................................................................................................................. 12

1

# RONALD AND EDY PANICO REVOCABLE TRUST OF 7-1-2020

## I. TRUST FORMATION

RONALD PANICO AND EDY PANICO, hereby declare that RONALD PANICO AND EDY PANICO, as Trustors, have transferred, or will transfer to RONALD PANICO and EDY PANICO, TRUSTEES of the RONALD AND EDY PANICO REVOCABLE TRUST OF 7-1-2020, the property described in the attached Schedule "A", all of which is the property of Trustors, to hold subject to the terms and conditions of this Declaration of Trust.  All property now or hereafter subject to this Trust shall constitute the Trust Estate, and shall be held, managed and distributed as hereinafter provided.  This Trust shall be known as the "RONALD AND EDY PANICO REVOCABLE TRUST OF 7-1-2020".

NOW, THEREFORE, in consideration of the promises and of the mutual covenants herein contained, the Trustees agree to execute such further instruments as shall be necessary to vest the Trustees with full title to the property, and the Trustees agree to hold the Trust Estate, IN TRUST, NEVERTHELESS, for the following uses and purposes and subject to the terms and conditions hereinafter set forth.

## II. DISTRIBUTION OF INCOME AND PRINCIPAL DURING TRUSTORS' LIFETIME

The Trustees shall hold, manage, invest and reinvest the Trust Estate (if any requires such management and investment) and shall collect the income, if any, therefrom and shall dispose of the net income and principal as follows:

(1)    During the lifetime of the Trustors, the Trustees shall pay to or apply for the benefit of the Trustors, monthly or in other convenient installments, all of the net income from the Trust or such lesser amounts thereof as the Trustors may direct the Trustees, in writing, to pay to Trustors. The undistributed balance shall be added to the principal of the Trust Estate.

2

(2)    During the lifetime of the Trustors, the Trustees may pay to or apply for the benefit of the Trustors such sums from the principal of this Trust as in Trustees' sole discretion shall be necessary or advisable from time to time for the medical care, comfortable maintenance and welfare of the Trustors, taking into consideration to the extent the Trustees deem advisable, any other income or resources of the Trustors known to the Trustees.

(3)    The Trustors may at any time during their lifetime and from time to time, withdraw all or part of the principal of this Trust, free of trust, by delivering an instrument in writing duly signed by them to the Trustees, describing the property or portion thereof desired to be withdrawn.  Upon receipt of such instrument, the Trustees shall thereupon convey and deliver to the Trustors, free of trust, the property described in such instrument.

(4)    In the event that the Trustors are adjudicated to be incompetent or in the event that the Trustors are not adjudicated incompetent, but by reason of illness or mental or physical disability are, in the opinion of the Trustees, unable to properly handle their own affairs, then and in that event the Trustees may during the Trustors' lifetime, in addition to the payments of income and principal for the benefit of the Trustors, pay to or apply for the benefit of the Trustors such sums from the net income and from the principal of this trust in such amount as in his sole discretion the Trustees shall determine to be necessary or advisable from time to time for the medical care, comfortable maintenance and welfare of the Trustors.

(5)    The interests of the Trustors shall be considered primary and superior to the interests of any beneficiary.

## III.  TRUST REVOCABLE BY TRUSTORS

The Trustors reserve and shall have the exclusive right any time and from time to during their lifetimes by instrument in writing signed by the Trustors and delivered to the Trustees to modify or alter this Agreement, in whole or in part, without the consent of any Trustees or any beneficiary provided that the duties, powers and liabilities of the Trustees shall not be changed without their consent; and the Trustors reserve and shall have the right during their lifetime, by instrument in writing, signed by the Trustors and delivered to the Trustees, to cancel and annul this Agreement without the consent of the Trustees or any beneficiary hereof.  Trustors expressly reserve the right to appoint successor trustees, replace present trustees and change the beneficiaries or the rights to property due any beneficiary.

## IV.  POWERS OF TRUSTEES

In addition to any powers granted under applicable law or otherwise, and not in limitation of such powers, but subject to any rights and powers which may be reserved expressly by the Trustors in this Agreement, the Trustees are authorized to exercise the following powers to the Trustees' sole and absolute discretion.

a. To hold and retain any and all property, real, personal, or mixed, received from the Trustors' estate, or from any other source, regardless of any law or rule of court relating to diversification, or non-productivity, for such time as the Trustees shall deem best, and to dispose of such property by sale, exchange, or otherwise, as and when they shall deem advisable; not withstanding this provision or any other contained herein.

b. To sell, assign, exchange, transfer, partition and convey, or otherwise dispose of, any property, real, personal or mixed, which may be included in or may at any time become part of the Trust Estate, upon such terms and conditions as deemed advisable, at either public or private sale, including options and sales on credit and for the purpose of selling, assigning, exchanging, transferring,

4

partitioning or conveying the same, to make, execute, acknowledge, and deliver any and all instruments of conveyance, deeds of trust, and assignments in such form and with such warranties and covenants as they may deem expedient and proper; and in the event of any sale, conveyance or other disposition of any Trust Estate, the purchaser shall not be obligated in any way to see the application of the purchase money or other consideration passing in connection therewith.

c.  To lease or rent and manage any or all of the real estate, which may be included in or at any time become a part of the Trust Estate, upon such terms and conditions deemed advisable, irrespective of whether the term of the lease shall exceed the period permitted by law or the probable period of any trust created hereby, and to review and modify such leases; and for purpose of leasing said real estate, to make, execute, acknowledge and deliver any and all instruments in such form and with such covenants and warranties as they may deem expedient and proper; and to make repairs, replacements, and improvements, structural and otherwise, of any property, and to charge the expense thereof in an equitable manner to principal or income, as deemed proper.

d.  To borrow money for any purpose in connection with said Trust created hereby, and to execute promissory notes or other obligations for amounts so borrowed, and to secure the payment of any such amounts by mortgage or pledge or any real or personal property, and to renew or extend the time of payment of any obligation, secured or unsecured, payable to or by any trust created hereby, for such periods of time as deemed advisable.

e.  To invest and reinvest or leave temporarily uninvested any or all of the funds of the Trust Estate as said Trustees in the Trustees' sole discretion may deem best, including investments in stocks, common and preferred, and common trust fund, without being restricted to those investments expressly approved by

5

statute for investment by fiduciaries, and to change investments from realty to personality, and vice versa.

f.  To compromise, adjust, arbitrate, sue, defend, abandon, or otherwise deal with and settle claims, in favor of or against the Trust Estate as the Trustees shall deem best and the Trustees' decision shall be conclusive.

g.  To determine in a fair and reasonable manner whether any part of the Trust Estate, or any addition or increment thereto be income or principal, or whether any cost, charge, expense, tax, or assessment shall be charged against income or principal, or partially against income and partially against principal.

h.  To engage and compensate, out of principal or income or both, as equitably determined, agents, accountants, brokers, attorneys-in-fact, attorneys-at-law, tax specialists, realtors, custodians, investment counsel, and other assistants and advisors, and to do so without liability for any neglect, omission, misconduct, or default of any such agent or professional representative, provided he or she was selected and retained with reasonable care.

i.  To vote any stock, bonds, or other securities held by the Trust at any meetings of stockholders, bondholders, or other security holders and to delegate the power so to vote to attorneys-in-fact or proxies under power of attorney, restricted or unrestricted, and to join in or become a party to any organization, readjustment, voting trust, consideration or exchange, and to deposit securities with any persons, and to pay any fees incurred in connection therewith, and to charge the same to principal or income, as deemed proper, and to exercise all of the rights with regard to such securities.

j.  To purchase securities, real estate, or other property from the executor or other personal representatives of the Trustors' estate, or the executor or other personal representative of any related party's estate, and the Trustees of any

6

agreement or declaration executed by the Trustors during their lifetimes under their last wills in case their executors or Trustees are in need of cash, liquid assets, or income-producing assets with which to pay taxes, claims, or other estate or trust indebtedness, or in case such executors or Trustors are in need of such property to properly exercise and discharge their discretion with respect to distributions to beneficiaries as provided for under such bills, declarations, or agreements. Such purchase may be in cash or may be in exchange for other property of this Trust, and the Trustees shall not be liable in any way for any loss resulting to the Trust Estate by reason of the exercise of said authority.

k. To undertake such further acts as are incidental to any of the foregoing or are reasonably required to carry out the tenor, purpose and intent of the Trust.

l. To make loans or advancements to the executor or other personal representative of the Trustors' estates and the Trustees of any agreement or declaration executed by the Trustors during their lifetimes or under their last wills in case such executors or Trustees are in need of cash for any reason. Such loans or advancements may be secured or unsecured, and the Trustees shall not be liable in any way for any loss resulting to the Trust Estate by reason of the exercise of this authority.

## V. TRUST DISTRIBUTIONS UPON DEATH OF TRUSTORS

Upon death of the last surviving Trustor, all of the debts of the Trustors shall be paid and the remaining Trust assets shall be distributed as follows:

If Edy Panico is the last surviving Trustor, then the remaining trust assets shall be distributed free of trust in equal shares to Edy Panico's daughters, Andrea Lane Kirkenslager and Gina Ann Jones. Andrea Lane Kirkenslager resides in Huntington Beach, California as of the date of creation of this trust.  Gina Ann Jones resides in Peoria, Arizona as of the date of creation of this trust.

If Gina Ann Jones should not survive to receive the distribution upon the death of Edy Panico, then the share that would go to Gina Ann Jones shall go in equal shares to Gina Ann Jones' four children in equal shares per stirpes.

If Ronald Panico is the last surviving Trustor, then one hundred percent (100%) of all Trust Assets shall be distributed to Ronald Panico's niece, Debbie Cooper of Pennsville, New Jersey.

If any beneficiary and the Trustors should die under such circumstances as would render it doubtful whether the beneficiary or the Trustors died first, then it shall be conclusively presumed for the purposes of this Trust that said beneficiary predeceased the Trustors.

Trustors have intentionally omitted to provide for any heirs who are not specifically mentioned herein, and, except as otherwise set forth in this Declaration of Trust, do hereby generally and specifically disinherit each, any and all persons whomever claiming to be or who may be lawfully determined to be Trustors' heirs at law for purposes of challenging any provision of this trust.  If any beneficiary under this Declaration of Trust, or any trust created hereunder, any person claiming under or through any such devisee, legatee, or beneficiary, or any other person whomsoever, singly or in conjunction with any other person, who, if Trustors died wholly or partly intestate would be entitled to share in the Trust Estate, shall singly or in conjunction with any other person or persons, bring a direct contest (as that term is defined in California Probate Code Section 21310) without probably cause (as that term is defined in California Probate Code Section 21311) in any court seeking to invalidate this Declaration, or the Will of Trustors, or any provisions thereof, or any Trust, or any provisions thereof, receiving property under this Declaration of Trust or Trustors' Wills, or shall seek to obtain an adjudication in any proceeding in any court that this Declaration of Trust or Trustors' Wills or any of its dispositive provisions are void, or otherwise seek to void, nullify, or set aside any of the provisions of this Declaration of Trust or Trustors' Wills, then the right of that person to take any property under this Declaration of Trust or Trustors' Wills shall be determined had the

8

person predeceased Trustors without surviving issue, and any other bequests, devises and interest in this Declaration of Trust or Trustors' Wills give to such person or persons shall be forfeited and shall be distributed pro rata among such devisees and legatees as shall not in any manner have participated in and as shall have opposed such acts or proceedings.  The Trustees are authorized to defend, at the expense of the Trust Estate, any contest or other attack of any nature on this Declaration of Trust or Trustors' Will or any of its provisions.

Notwithstanding the foregoing, this paragraph shall NOT apply so as to cause a forfeiture of any distribution otherwise qualifying for the federal estate tax charitable deduction.

## VI.  MAXIMUM PERIOD OF TRUST TERM

If it shall be determined that any provisions of the Trust created herein violates any rule against perpetuities or remoteness of vesting now or hereafter in effect in a governing jurisdiction, that portion of the Trust herein created shall be administered as herein provided until the termination of the maximum period allowed by law at which time and forthwith such part of the Trust shall be distributed in fee simple to the beneficiaries then entitled to receive income there from, and for the purpose, it shall be presumed that any beneficiary entitled to receive support or education from the income or principal or any particular fund is entitled to receive the income therefrom.

## VII.  ANTICIPATION AND ASSIGNMENT PROHIBITED

Neither the principal of any trust created hereunder nor the income therefrom while in the hands of the Trustees shall be subject to assignment, alienation, pledge, attachment, execution or claims of creditors of any beneficiary or beneficiaries whomsoever through legal process, bankruptcy, operation of law or otherwise.  Any attempted sale, assignment, alienation, pledge or attachment of the principal or

income held in any trust hereunder shall be null and void and shall not be recognized under any circumstances by Trustees.

In the event of any attempted sale, assignment, alienation, pledge, attachment, execution or claim resulting from an act of a beneficiary or beneficiaries, voluntarily, involuntarily, by operation of law, by bankruptcy, or otherwise with respect to the principal or income of the Trust, the Trustees are authorized to withhold from such beneficiary or beneficiaries all or any part of any distribution otherwise payable thereunder to such beneficiary or beneficiaries until such attempted anticipation, voluntary transfer or involuntary transfer is completely removed, during which time the Trustees may apply such distribution, or any part thereof, for use and benefit of such beneficiary or beneficiaries in such amount or amounts and in such manner as the Trustees, in the Trustees' sole discretion, may determine is necessary for such beneficiary's health, education, maintenance and support, taking into consideration all financial resources of which the Trustees have actual knowledge.

## VIII.  SUCCESSOR TRUSTEES

In the event of the resignation, inability to act as Trustee, or death of any Trustee, the remaining Trustee or Trustees shall continue to act as Trustee. In the event none of the original Trustees are able to act as Trustee due to resignation, inability to act as Trustee, or death of any Trustee, then Andrea Lane Kirkenslager shall be the successor trustee of this trust.

The Trustees shall be entitled to reasonable compensation for services rendered.  Such compensation of the Trustees shall be paid wholly from principal or wholly from income or partly from each as the Trustees deems proper.  The determination of the Trustees shall be conclusive.

There shall be no qualification or bond required of any trustee or named successor trustee of this trust.

10

## IX.  GOVERNING LAW

This Trust Agreement shall be construed, regulated and governed by and in accordance with the laws of the State of California.

We certify that we have read the foregoing Trust Agreement and it correctly states the terms and conditions under which the Trust Estate is to be held, managed and disposed of by the Trustees.

Dated:  July 27, 2020.

**TRUSTORS:**

RONALD PANICO, Trustor

EDY PANICO, Trustor

**TRUSTEES:**

RONALD PANICO, Trustee

EDY PANICO, Trustee

11

# SCHEDULE "A"

## INITIAL ASSETS TRANSFERRED TO

## RONALD AND EDY PANICO REVOCABLE TRUST OF 7-1-2020

1.    Cash ................................................................................. $100.00

2.    The Trustors assign and transfer to Trustees all of the right, title and interest in and to all of the property owned by Trustors that would otherwise be subject to probate on the death of Trustors, to be held, administered, and distributed according to the terms of the Trust.  This property includes, without limitation, any and all stocks, bonds, mutual funds and other financial investments, promissory notes, unsecured or secured by deeds of trust or otherwise; cash, business interests; and tangible personal property  The term "tangible personal property" refers, without limitation, to Trustors' interest in such items as furniture, furnishings, clothing, equipment, automobiles, motorcycles and other tangible personal property normally kept at Trustors' residence.  The term "tangible personal property" includes any insurance policies on this tangible personal property and any proceeds of these policies.

TRUSTORS:


RONALD PANICO


EDY PANICO

12

# STATE OF CALIFORNIA

## CERTIFICATION OF VITAL RECORD

# COUNTY OF ORANGE

## HEALTH CARE AGENCY

### 1200 N. MAIN STREET, SUITE 100-A
### SANTA ANA, CA 92701

3052011029954          **CERTIFICATE OF DEATH**          3201130002375

| Field | Value |
|---|---|
| 1. NAME OF DECEDENT—FIRST (Given) | PATTY |
| 2. MIDDLE | JANE |
| 3. LAST (Family) | PANICO |
| AKA, ALSO KNOWN AS | |
| 5. DATE OF BIRTH | 936 |
| 6. AGE YRS | 74 |
| 7. SEX | F |
| 8. BIRTH STATE/FOREIGN COUNTRY | WV |
| 9A. SOCIAL SECURITY NUMBER | 3231 |
| 12. MARITAL STATUS | MARRIED |
| 7. DATE OF DEATH | 2011 |
| 8. HOUR | 0055 |
| 13. EDUCATION | HS GRADUATE |
| 16. DECEDENT'S RACE | WHITE |
| 17. USUAL OCCUPATION | HOMEMAKING |
| OWN HOME | |
| 18. YEARS IN OCCUPATION | 66 |
| 20. DECEDENT'S RESIDENCE | 20912 SKIMMER LANE |
| 21. CITY | HUNTINGTON BEACH |
| 22. COUNTY/PROVINCE | ORANGE |
| 23. ZIP CODE | 92646 |
| 24. YEARS IN COUNTY | 32 |
| 25. STATE/FOREIGN COUNTRY | CA |
| 26. INFORMANT'S NAME, RELATIONSHIP | RONALD PANICO, HUSBAND |
| 27. INFORMANT'S MAILING ADDRESS | 20912 SKIMMER LANE, HUNTINGTON BEACH, CA 92646 |
| 28. NAME OF SURVIVING SPOUSE—FIRST | RONALD |
| 29. MIDDLE | |
| 30. LAST | PANICO |
| 31. NAME OF FATHER/PARENT—FIRST | JEFFERSON |
| 32. MIDDLE | |
| 33. LAST | HESS |
| 34. BIRTH STATE | WV |
| 35. NAME OF MOTHER/PARENT—FIRST | WILDA |
| 36. MIDDLE | |
| 37. LAST | BELL |
| 38. BIRTH STATE | WV |

| Field | Value |
|---|---|
| 39. DISPOSITION DATE | 02/18/2011 |
| 40. PLACE OF FINAL DISPOSITION | RES RONALD PANICO 20912 SKIMMER LANE, HUNTINGTON BEACH, CA 92646 |
| 41. TYPE OF DISPOSITION | CR/RES |
| 42. SIGNATURE OF EMBALMER | NOT EMBALMED |
| 43. LICENSE NUMBER | |
| 44. NAME OF FUNERAL ESTABLISHMENT | NEPTUNE SOCIETY OF ORANGE CO |
| 45. LICENSE NUMBER | FD1305 |
| 46. SIGNATURE OF LOCAL REGISTRAR | ERIC G. HANDLER, M.D. |
| 47. DATE | 02/18/2011 |

| Field | Value |
|---|---|
| 101. PLACE OF DEATH | HOAG HOSPITAL |
| 102. IF HOSPITAL, SPECIFY ONE | ER/OP |
| 103. IF OTHER THAN HOSPITAL, SPECIFY ONE | |
| 104. CAUSE OF DEATH | |
| 105. FACILITY ADDRESS OR LOCATION WHERE FOUND | 1 HOAG DR. |
| 106. CITY | NEWPORT BEACH |
| 107. COUNTY | ORANGE |

| 107. CAUSE OF DEATH | | | |
|---|---|---|---|
| IMMEDIATE CAUSE (A) | RESPIRATORY FAILURE | | DAYS |
| (B) | ACUTE RENAL FAILURE | | DAYS |
| (C) | CHRONIC RENAL INSUFFICIENCY | | YRS |
| (D) | CHRONIC OBSTRUCTIVE PULMONARY DISEASE | | YRS |

| Field | Value |
|---|---|
| 112. OTHER SIGNIFICANT CONDITIONS CONTRIBUTING TO DEATH | NONE |
| 108. BIOPSY PERFORMED? | NO |
| 109. AUTOPSY PERFORMED? | NO |
| 110. USED IN DETERMINING CAUSE? | |
| 113. WAS OPERATION PERFORMED FOR ANY CONDITION IN ITEM 107 OR 111? | NO |
| 114A. IF FEMALE, PREGNANT IN LAST YEAR? | UNK |

| Field | Value |
|---|---|
| 116. I CERTIFY THAT TO THE BEST OF MY KNOWLEDGE DEATH OCCURRED | |
| Deaths Attended Since 01/29/2011 | Deceased Last Seen Alive 02/16/2011 |
| 115. SIGNATURE AND TITLE OF CERTIFIER | SCOTT ADRIAN DERKUM M.D. |
| 117. LICENSE NUMBER | C64344 |
| 117. DATE | 02/17/2011 |
| 118. TYPE ATTENDING PHYSICIAN'S NAME, MAILING ADDRESS, ZIP CODE | SCOTT ADRIAN DERKUM M.D. 1 HOAG DR., NEWPORT BEACH, CA 92618 |

| Field | Value |
|---|---|
| 119. MANNER OF DEATH | Natural |
| 120. INJURED AT WORK? | UNK |
| 121. INJURY DATE | |
| 122. HOUR | |
| 123. PLACE OF INJURY | |
| 124. DESCRIBE HOW INJURY OCCURRED | |
| 125. LOCATION OF INJURY | |
| 126. SIGNATURE OF CORONER / DEPUTY CORONER | |
| 127. DATE | |
| 128. TYPE NAME, TITLE OF CORONER / DEPUTY CORONER | |

STATE REGISTRAR          FAX AUTH #          CENSUS TRACT

*01000100171201 2*

FEB 28 2011          *002875571*

### CERTIFIED COPY OF VITAL RECORDS

STATE OF CALIFORNIA
COUNTY OF ORANGE } SS          DATE ISSUED

This is a true and exact reproduction of the document officially registered and placed on file in the office of the VITAL RECORDS SECTION, ORANGE COUNTY HEALTH CARE AGENCY.



ERIC G. HANDLER, M.D.
HEALTH OFFICER
ORANGE COUNTY, CALIFORNIA

This copy not valid unless prepared on engraved border displaying seal and signature of Registrar.



1  Richard A. Marshack
   rmarshack@marshackhays.com
2  MARSHACK HAYS WOOD LLP
   870 Roosevelt
3  Irvine, CA 92620
   Telephone:  (949) 333-7777
4  Facsimile:  (949) 333-7778

5  Chapter 7 Trustee

6

7

8              UNITED STATES BANKRUPTCY COURT

9        CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

10

11  In re                                    Case No.  8:18-bk-13311-SC

12  RUBY'S DINER, INC., a California          Chapter  7
    corporation, et al.,
13                                            REPORT OF UNDISTRIBUTED BALANCE
                                              UNDER FEDERAL BANKRUPTCY RULE 3011
14              Debtor.
                                              [No Hearing Required]
15

16

17  TO THE CLERK OF THE UNITED STATES BANKRUPTCY COURT:

18       Please find annexed hereto check number  60304 , in the amount of $ 13,089.19

19  representing the total undistributed balance in the above-entitled Debtor's estate. Said sum is

20  paid over to you pursuant to Bankruptcy Rule 3011.  The name(s) and address(es) of the Parties

21  entitled to said unclaimed funds is as follows. See Attachment.

22  Dated: March 4, 2025              /s/ Richard A. Marshack
                                      Richard A. Marshack, Trustee
23

24

25

26

27

28

                              1

1

ATTACHMENT

2

DEBTOR: RUBY'S DINER INC.
CASE NO.: 8:18-bk-13311-SC

3

4

| Claim # | Name | Address | Amount |
|---|---|---|---|
| | | | |
| No claim number (Scheduled Secured Claim) | Ronald R. & Patty J. Panico | 513 Garcia Drive, Hemet, CA 92545 | $13,089.19 |
| | | Total Unclaimed Dividends | $13,089.19 |

2



# ADAMS & COHEN

## CORPORATE RESOLUTION

I, **Jairo Camargo,** as Managing Member of ADAMS & COHEN, LLC, an

LLC corporation organized and existing under the laws of the State of Alabama

(the "LLC") DO HEREBY certify that the following is true and correct copy of a

resolution duly adopted by Jairo Camargo, Managing Member of the LLC on

February 17, 2023, and that such resolution has not been modified, rescinded or

revoked, and is at present in full force and effect:

   **RESOLVED:** That Jairo Camargo, as Managing Member of Adams &

Cohen, LLC is empowered and authorized to execute all types of legal

documentation, filings, and contracts on behalf of the LLC.

   I hereby certify that I am the sole officer and only Managing Member of

Adams & Cohen, LLC.

   **IN WITNESS WHEREOF,** the undersigned has affixed his signature and
the corporate seal of the LLC this 17th day of February 2025.

                                                              Corporate Seal

Jairo Camargo
Managing Member of Adams & Cohen, LLC

SWORN and SUBSCRIBED before me this
17th day of February 2025.

Notary Public

*2100 Southbridge Parkway, Suite 650*            *Tel 334.246.0642*
*Birmingham, AL 35209*                           *Fax 888.978.2226*
*Email admin@adamscohen.com*                     *Text Number 305.788.9772*

| Adams & Cohen, LLC | |
|---|---|
| Entity ID Number | 001 - 063 - 964 |
| Entity Type | Domestic Limited Liability Company |
| Principal Address | Not Provided |
| Principal Mailing Address | Not Provided |
| Status | Exists |
| Place of Formation | Alabama |
| Formation Date | 02/17/2023 |
| Registered Agent Name | Camargo, Jairo |
| Registered Office Street Address | 2100 Southbridge Parkway, Suite 650 Birmingham, AL 35209 |
| Registered Office Mailing Address | P O Box 2784 Auburn, AL 36831 |
| Nature of Business | |
| Scanned Documents | |
| Purchase Document Copies | |
| Document Date / Type / Pages | 02/17/2023    Certificate of Formation    4 pgs. |
| | |

Browse Results        New Search

STATE OF ALABAMA

**DOMESTIC LIMITED LIABILITY COMPANY (LLC)**
**CERTIFICATE OF FORMATION**

PURPOSE: In order to form a Limited Liability Company (LLC) under Section 10A-5A-2.01 of the *Code of Alabama 1975*, this Certificate of Formation and the appropriate filing fees must be filed with the Office of the Secretary of State. **The information required in this form is required by Title 10A.**

1. The name of the limited liability company (must contain the words "Limited Liability Company" or the abbreviation "L.L.C." or "LLC," and comply with *Code of Alabama*, Section 10A-1-5.06. You may use Professional or Series before Limited Liability Company or LLC (or PLLC or SLLC) if they apply:

   Adams & Cohen, LLC

2. **A copy of the Name Reservation Certificate from the Office of the Secretary of State must be attached.**

3. The name of the registered agent (only one agent):    Jairo Camargo

   Street (**no PO Boxes**) address of registered office (must be located in Alabama):

   2100 Southbridge Parkway, Suite 650 Birmingham, AL 35209

   **\*COUNTY of above address:**    JEFFERSON

   Mailing address in Alabama of registered office (if different from street address):

   P O Box 2784 Auburn, AL 36831 LEE

4. The undersigned certify that there is at least one member of the limited liability company.

---

**(For SOS Office Use Only)**

Alabama
Sec. Of State

001-063-964      DLL

Date    02/17/2023
Time    10:55:00
File      $100.00
County    $100.00
--------
Total    $200.00

---

LLC Cert of Formation – 11/2021              Page 1 of 2

**DOMESTIC LIMITED LIABILITY COMPANY (LLC)  CERTIFICATE OF FORMATION**

5. Check **only** if the type applies to the Limited Liability Company being formed:

   ◯ Series LLC complying with Title 10A, Chapter 5A, Article 11

   ◯ Professional LLC complying with Title 10A, Chapter 5A, Article 8

   ◯ Non-Profit LLC complying with Section 10A-5A-1.04(c)

6. The filing of the limited liability company is effective immediately on the date received by the office of the Secretary of State, Business Services Division or at the delayed filing date (cannot be prior to the filing date) specified in this filing complying with Section 10A-1-4.12
   The undersigned specify __2__ / __17__ / __2023__ as the effective date (must be on or after the date filed in the office of the Secretary of State, but no later than the 90th day after the date this instrument was signed) and the time of filing to be __10__ ; __55__  ⦿ AM or ◯ PM. (cannot be noon or midnight – 12:00)

   [X]  Attached are any other matters the members determine to include herein (if this item is checked there must be attachments with the filing).

   __2__ / __17__ / __2023__                     Jairo Camargo
   Date    (MM/DD/YYYY)                     Signature as required by 10A-5A-2.04

                                           Managing Member
                                           Typed title (organizer or attorney-in-fact)

\*County of Registered Agent is requested in order to determine distribution of County filing fees.

Jairo Camargo
Managing Member

Address:
2100 Southbridge Parkway, Suite 650
Birmingham, AL 35209